UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re Google Assistant Privacy Litigation | Case No. 19-cv-04286-BLF   (SVK)<br><br>**ORDER ON DISCOVERY LETTER BRIEF**<br><br>Re: Dkt. No. 94 |

Before the Court is the Parties' dispute regarding section 7.4(a)(2) of the Model Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets ("MPO"). Dkt. 94. In relevant part, section 7.4(a)(2) requires a party to provide certain identifying information for any retained expert before showing the expert another party's Highly Confidential information. The party whose documents are at issue then has fourteen days to file an objection to the expert seeing the party's Highly Confidential information. Section 7.4(b). The objection process is detailed in section 7.4(c).

Plaintiffs object to section 7.4(a)(2) to the extent it requires the disclosure of the identity of retained experts, both testifying and non-testifying. Plaintiffs argue that section 7.4(a)(2) invades the attorney client privilege and the attorney work product doctrine, that there is no substantial need for section 7.4(a)(2) disclosures in this case and that the requirements of section 7.4(a)(2) are prejudicial to Plaintiffs. Defendants argue that the provisions of section 7.4(a)(2) are warranted in this case for the protection of extremely sensitive confidential information. Defendant has also indicated a willingness to agree to modest modifications as to the identifying information to be provided.

The Court finds, in concurrence with innumerable decisions in this District, that section 7.4

1  is inherently reasonable and further, that it is appropriate to adopt, with modest modifications, in
2  this case.
3        Plaintiffs suggest that section 7.4(a)(2) is contrary to cited decisions restricting discovery
4  as to the identity of experts. Dkt. 94 at 2-3. This Court finds the cases cited distinguishable from
5  the case at hand in significant ways. In *Todd v. Tempur-Sealy Int'l, Inc.,* No. 13-CV-04984-JST
6  (MEJ), 2015 WL 1022886 (N.D. Cal. Mar. 6, 2015), the discovery dispute concerned the
7  identification of a former employee of defendant who had been contacted by plaintiff's counsel.
8  In that context, the court engaged in a general discussion of Rule 26 protections as they relate to
9  "informal consultants." *Id.* at *3. Notably the court did not address the MPO or the specific
10  situation addressed by section 7.4(a)(2): the identification of experts before they receive a party's
11  highly confidential information. Similarly, in *Burt v. AVCO Corp.*, No. CV-15-3355-MWF-
12  PJWX, 2015 WL 12912366 (C.D. Cal. Nov. 17, 2015), the Central District addressed unique facts
13  of whether production of documents might violate the Arms Export Control Act (AECA). It was
14  that potential for violation of the statute that was the basis for the defendant's proposed protective
15  order providing for disclosure of the identity of experts. Without the benefit of this District's
16  MPO, the court conducted an "exceptional circumstances" analysis and found that defendant's
17  concerns arising under AECA did not meet that standard. It was in this narrow context that the
18  Central District expressed its concern regarding attorney-client and attorney work product
19  doctrine. *Id*. at *4. As a result, this Court is not persuaded that those facts in a case from another
20  jurisdiction undermine the inherent reasonableness of section 7.4(a)(2) of this District's MPO.
21        Plaintiffs cite only one case from this District that addresses section 7.4(a)(2) of the MPO,
22  *Corley v. Google*, Inc., No. 16-cv-00473-LHK (HRL), 2016 WL 3421402 (N.D. Cal. June 22,
23  2016). In *Corley*, the plaintiff proposed several modifications to the MPO, and the court agreed to
24  modify the provision requiring the pre-disclosure identification of experts. *Id*. at *3. This Court
25  does not find *Corley* instructive in the instant case for the following reasons. First, this Court
26  disagrees that Rule 26 prohibits the discovery of the identity of experts. A plain reading of Rule
27  26 is that it restricts the discovery of facts and opinions. Fed. R. Civ. P. 26(b)(4)(D); *Ibrahim v.*
28  *Dep't of Homeland Sec.*, 669 F.3d 983, 999 (9th Cir. 2012). Further, there is no support in this

United States District Court
Northern District of California

case for an argument that identification of an expert pursuant to section 7.4(a)(2) would somehow reveal the facts and opinions known to that expert, which appeared to be a concern of the court in *Corley*. *Corley*, at *3.

Another significant reason for rejecting the reasoning of *Corley* in this case is a fundamental point worth highlighting. To the extent that "substantial need"[1] should be demonstrated before requiring the disclosure of the identity of expert witnesses, the MPO anticipates and satisfies that requirement. The MPO distinguishes between merely Confidential materials and Highly Confidential– Attorneys Eyes Only materials.[2] Only the latter calls for identification of an expert before disclosure. Underpinning the MPO is the logic, which this Court adopts, that Highly Confidential information, as defined in the MPO, provides a substantial need for pre-disclosure identification of an expert. A party should have an opportunity to vet someone who is going to have access to their "extremely sensitive" confidential information, the disclosure of which creates a substantial risk of harm. Under such circumstances a party should not have to rely on an opponent's expert's self-evaluation of conflicts. *See Ibrahim*, 669 F.3d at 999. Hence, section 7.4(a)(2) allows for vetting by the party at risk. Importantly, the MPO also provides multiple opportunities for a party, in this case Plaintiffs, to challenge first the designation of information as "Highly Confidential" (MPO, section 6) and second to respond to objections to an expert raised by Defendant. MPO, section 7.4(c). The Court further notes that the objection process places the burden of challenging the expert on the moving party. *Id*.

The Court agrees that Defendants' concern of potential substantial harm in this case is

---

[1] *Todd v. Tempur-Sealy Int'l, Inc.,* No. 13-CV-04984-JST(MEJ), 2015 WL 1022886 (N.D. Cal. Mar. 6, 2015); *In re Pizza Time Theatre Securities Litigation*, 113 F.R.D. 94, 98 (N.D. Cal. 1986).

[2] Section 2.2 of the MPO defines "CONFIDENTIAL" Information or Items as "information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c)."
Section 2.8 of the MPO defines "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items as "extremely sensitive 'Confidential Information or Items,' disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means."

legitimate for the reasons set forth in Dkt. 94 at 4.  The Court is not persuaded that section 7.4(a)(2) puts Plaintiffs at a disadvantage in the litigation.  Should Defendants challenge an expert, Plaintiffs' counsel will not face that challenge unarmed; rather they will have the assistance of the subject expert in responding to any issues Defendants may raise.  Accordingly, Plaintiffs' motion to exclude or modify the identification requirements of section 7.4(a)(2) of the MPO is **DENIED**.

Finally, the Court notes that in the meet and confer process Defendants offered a compromise as to what identification information should be provided.  The Court finds this compromise reasonable and **ORDERS** that section 7.4(a)(2) be modified to require the disclosure of only the following:  (i) the full name of the Expert and the city and state of his or her primary residence, and (ii) a copy of the Expert's current resume, which shall account for at least the past five years of the Expert's work.  The Court also notes that in the draft protective order provided to the Court at Dkt. 94-3 there is a typographical error in section 7.3(b) to be corrected.

The parties are to submit a protective order to the undersigned in accordance with this Court's order within seven days of the date of this order.  Either party may seek relief from this order within 14 days by filing a motion for relief with the District Judge in this case.

**SO ORDERED.**

Dated: August 13, 2020

SUSAN VAN KEULEN
United States Magistrate Judge