UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

IN RE GOOGLE ASSISTANT PRIVACY LITIGATION

Case No. 19-cv-04286-BLF

**ORDER DENYING MOTION FOR APPOINTMENT OF INTERIM CO-LEAD COUNSEL; VACATING JANUARY 14, 2021 MOTION HEARING**

Before the Court is a Motion for Appointment of Interim Co-Lead Counsel by Asif Kumandan, Melissa Spurr, Melissa Spurr, as guardian of B.S., a minor, Lourdes Galvan, and Eleeanna Galvan ("the moving Plaintiffs"). Mot., ECF 113. Moving Plaintiffs seek to appoint Lowey Dannenberg, P.C. and Scott+Scott Attorneys at Law LLP as co-lead interim counsels. *Id*. at 1. Plaintiffs Edward Brekhus and Jon Hernandez ("the *Brekhus* Plaintiffs") oppose this motion and, in the alternative, request that their preferred counsel, Gutride Safier LLP, be appointed interim class counsel. Opp., ECF 114. For the reasons set forth below, the Court DENIES WITHOUT PREJUDICE the motion to appoint interim co-class counsel.

By way of background, the moving Plaintiffs filed two separate suits on July 25, 2019 and July 30, 2019. ECF 1; *Galvan v. Google LLC, et al*., 5:19-cv-04360-VDK. The Court consolidated the moving Plaintiffs' cases on September 25, 2019 (the "*Kumandan* action"). ECF 42. On August 7, 2020, Plaintiffs Brekhus and Hernandez filed their complaint (the "*Brekhus* action"). *See Brekhus et al. v. Google LLC et al*., No. 5:20-cv-5488-BLF. On September 10, 2020, the Court consolidated the *Brekhus* action with the *Kumandan* action and set a new schedule for filing a

third consolidated amended complaint. ECF 109. The complaint was filed on November 9, 2020. ECF 118.

Under Federal Rule of Civil Procedure 23(g)(3), the district court may appoint interim counsel to act on behalf of a putative class before determining whether to certify a class. The appointment of interim class counsel is discretionary and is particularly suited to complex actions, as explained in the Manual for Complex Litigation (Fourth):

> If the lawyer who filed the suit is likely to be the only lawyer seeking appointment as class counsel, appointing interim class counsel may be unnecessary. If, however, there are a number of overlapping, duplicative, or competing suits pending in other courts, and some or all of those suits may be consolidated, a number of lawyers may compete for class counsel appointment. In such cases, designation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities . . . .

Manual for Complex Litigation (Fourth) § 21.11 (2004). Further, the commentary to Rule 23 notes that "[i]n some cases . . . there may be rivalry or uncertainty that makes formal designation of interim counsel appropriate." Fed. R. Civ. P. 23 advisory committee's note (discussing former subdivision (g)(2)(A), now renumbered to (g)(3)). This rule "authorizes [a] court to designate interim counsel during the pre-certification period if necessary to protect the interests of the putative class." *Azpeitia v. Tesoro Refining & Marketing Co. LLC,* 2017 WL 4071368, at *1 (N.D. Cal. Sept. 14, 2017).

This is not the type of case that warrants appointment of interim class counsel, at least at the current stage of litigation. As the Court discussed above, the *Kumandan* action originated as two separate cases in this district with similar complaints, which the Court consolidated. The attorneys for those Plaintiffs have successfully worked together since consolidation. More recently, the Court consolidated the *Brekhus* action, also filed in this district, with the *Kumandan* action. There is now a single consolidated action with a single consolidated complaint. *See* ECF 118. The parties have not identified any other related lawsuits or the potential for additional

attorneys to enter the fray. Under these circumstances, the Court sees no danger to the interests of the putative class that appointment of interim counsel will remedy. *See Huynh v. Quora, Inc.*, No. 5:18-cv-7597-BLF, ECF 45 (finding the appointment of interim lead plaintiff inappropriate where three original actions and complaints were consolidated into one). Thus, "[t]his action as it currently stands . . . does not present special circumstances warranting the appointment of interim class counsel." *In re Nest Labs Litig.*, No. 14-cv-01363-BLF, 2014 U.S. Dist. LEXIS 115596, *4 (N.D. Cal. Aug. 18, 2014) (quoting *Donaldson v. Pharmacia Pension Plan*, No. CIV. 06-3-GPM, 2006 WL 1308582, at *1-2 (S.D. Ill. May 10, 2006) (noting that typical situation requiring appointment of interim class counsel is one "where a large number of putative class actions have been consolidated or otherwise are pending in a single court")); *see also Kristin Haley v. Macy's, Inc.*, No. 15-CV-06033-HSG, 2016 WL 4676617, at *3 (N.D. Cal. Sept. 7, 2016) ("at present, there is only one consolidated action with one consolidated complaint").

The Court is unconvinced by the moving Plaintiffs' argument that interim appointment is necessary to "protect the interests of the class and to resolve rivalry and uncertainty" among the moving Plaintiffs and the *Brekhus* Plaintiffs. Reply, ECF 117 at 2-4. First, the Court notes that the moving Plaintiffs only raised this issue in their reply brief. *Nathanson v. Polycom, Inc.*, No. 13-3476 SC, 2015 WL 12964727, at *1 (N.D. Cal. Apr. 16, 2015) ("As numerous courts (including the Ninth Circuit) have concluded, [i]t is inappropriate to consider arguments raised for the first time in a reply brief.") (internal quotation marks omitted, alteration in original)). If this conflict was truly material, Plaintiffs should have properly raised it in their opening brief. Even considering this argument, the moving Plaintiffs fail to explain why this supposed conflict requires the appointment of interim counsel. Indeed, to the extent the *Brekhus* plaintiffs seek to include different claims within the consolidated complaint, the Court does not find those claims to be averse to the interests of the moving Plaintiffs or the putative class—a fact which is further illustrated by the fact the Plaintiffs have successfully filed a third amended consolidated complaint

3

since the instant motion was filed. The Court does not wish to invite future parties to manufacture conflict in an attempt to get an early bite at the apple for motions for the appointment of lead plaintiff and selection of lead counsel.

Because appointment of interim class counsel at this time is not necessary to protect the interests of Plaintiffs or the class, the motion is DENIED WITHOUT PREJDUICE. The Court VACATES the January 14, 2021 hearing on this motion.

**IT IS SO ORDERED.**

Dated: December 14, 2020

_____
BETH LABSON FREEMAN
United States District Judge