Bobbie J. Wilson, Bar No. 148317
BWilson@perkinscoie.com
Sunita Bali, Bar No. 274108
SBali@perkinscoie.com
**PERKINS COIE LLP**
505 Howard Street, Suite 1000
San Francisco, CA 94105-3204
Telephone: 415.344.7000
Facsimile: 415.344.7050

Attorneys for Defendants Alphabet Inc.
and Google LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE GOOGLE ASSISTANT PRIVACY LITIGATION | Case No. 5:19-cv-04286-BLF<br><br>**DEFENDANTS ALPHABET INC. AND GOOGLE LLC'S MOTION TO DISMISS COUNTS 8 AND 9 OF THE FOURTH AMENDED CONSOLIDATED CLASS ACTION COMPLAINT**<br><br>Date: January 6, 2022<br>Time: 9:00 a.m.<br>Dept.: Courtroom 3, 5th Floor<br>Judge: Hon. Beth Labson Freeman |

**TO THE COURT, ALL PARTIES AND COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on January 6, 2022, at 9:00 a.m. in Courtroom 3 of the United States District Court for the Northern District of California, located at 280 South 1st Street, San Jose, California 95113, Defendants Alphabet Inc. and Google LLC (collectively, "Google") move, under Federal Rule of Civil Procedure 12(b)(6), to dismiss with prejudice Counts 8 and 9 of the Fourth Amended Consolidated Class Action Complaint ("4AC") for failure to state a claim upon which relief may be granted.

**STATEMENT OF ISSUES**

1. Have Plaintiffs Edward Brekhus and Jon Hernandez ("Plaintiffs") alleged sufficient facts to plausibly state a claim for violations of California's Consumer Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.* ("CLRA") (Count 8) or for common law fraud (Count 9)?

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.     INTRODUCTION**

The Court has already dismissed Counts 8 and 9 once, and in doing so, noted that it "remains skeptical that Plaintiffs can fix the identified defects." Order on Defs.' Mot. to Dismiss the Third Consolidated Am. Compl. ("Order") at 27, (July 1, 2021), ECF No. 138. The Court's skepticism was justified—Plaintiffs' amended allegations do not come close to stating a claim under the CLRA, or for fraud. Both of these claims are premised on a software update that inadvertently caused some Google Home devices to activate based on alarm events (i.e., a "bug"), and that was "rolled back" promptly after discovery. And Plaintiffs do not even allege that they experienced the bug. Plaintiffs cannot allege fraud based on a bug experienced by others. The Court should dismiss Counts 8 and 9 with prejudice.

**II.    REQUEST FOR JUDICIAL NOTICE**

Google requests that the Court consider Exhibits A and B attached to the declaration of Sunita Bali ("Bali Decl."). Exhibit A is properly incorporated by reference into the 4AC because Plaintiffs refer to it extensively to support Counts 8 and 9. Order at 6; *see, e.g.*, 4AC ¶¶ 118-122, 281. Because Exhibit B is a publicly available blog post, its existence is a judicially noticeable fact. *See* Order at 7; *see also Opperman v. Path, Inc.*, 84 F. Supp. 3d 962, 976 (N.D. Cal. 2015).

## III. STATEMENT OF FACTS

Counts 8 and 9 are premised on a software bug. Google's paid subscription service, Nest Aware, includes an optional sound sensing feature that sends an alert to a user's phone if their device, including Nest and Google Home speakers and displays, detects "critical sounds" like a smoke alarm or breaking glass. Bali Decl., Ex. B.

In late July 2020, a bug in a software update accidentally enabled these alerts for some Google Home users who either had not subscribed to Nest Aware or had subscribed but not enabled the sound sensing feature. *See* 4AC ¶¶ 116-120; *see also* Bali Decl., Ex. A ("'A recent software update enabled these alerts on some of our speakers that didn't have a subscription, but we've since rolled that back,' a Google spokesperson told Protocol last week."). Plaintiffs do not allege that they were affected by this bug. Instead, they allege that two users of the online forum Reddit claimed to have experienced the bug. 4AC ¶¶ 116-117.

Plaintiffs contend that Google deceived them by representing that users controlled when their Google Home devices were activated, such as by saying a hotword like "Hey Google" or manually activating their device, and failing to inform them that Home devices could be "reprogrammed" to activate "when they detect alarm events such as breaking glass." 4AC ¶¶ 275-279, 285-289. Plaintiffs further contend that Google intended to add this capability to Home devices at the time of Google's alleged misrepresentations, as Google "had already begun planning to configure its Google Home Devices to record and transmit audio when the devices detected shattered glass," filed various patent applications for related technology as early as 2016, and also entered into a partnership with home-security company ADT in 2018. 4AC ¶¶ 108-115.

## III. ARGUMENT

This is Plaintiffs' second attempt to plead facts sufficient to state a claim under the CLRA and for fraud, and Plaintiffs again fall short. As with their last complaint, Plaintiffs contend that Google violated the CLRA by making "improper representations" about Google Home devices, or advertising them "with intent not to sell them as advertised." 4AC ¶ 280; Order at 25. Similarly, Plaintiffs' fraud claim is premised on the allegation that Google "informed Plaintiffs that the user is in control of the circumstances under which the Google Home Product would

activate, record, and transmit audio" and failed to disclose that Google "had the capability to reprogram the devices to detect alarm events such as breaking glass." 4AC ¶¶ 285-289. But Plaintiffs again do not come close to pleading their fraud allegations "with particularity" as required by Rule 9(b). *See* Order at 25. Their claims should be dismissed with prejudice.

To state a claim for fraud, Plaintiffs must allege "a false representation, knowledge of its falsity, intent to defraud, justifiable reliance, and damages." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1105 (9th Cir. 2003) (internal citation omitted). To the extent Plaintiffs also base their claims on alleged omissions, *see, e.g.*, 4AC ¶¶ 290-294, they must show: (1) Google "concealed or suppressed a material fact;" (2) Google was "under a duty to disclose the fact to the plaintiff;" (3) Google "intentionally concealed or suppressed the fact with intent to defraud [them];" (4) Plaintiffs were "unaware of the fact and would have acted otherwise if [they] had known of the concealed or suppressed fact; and (5) as a result of the concealment or suppression of the fact, [Plaintiffs] sustained damage." *Browning v. Am. Honda Motor Co.*, No. 20-CV-05417-BLF, 2021 WL 3022007, at *11 (N.D. Cal. July 16, 2021). Plaintiffs do not plead any of these elements, much less "with particularity." Order at 25 (quoting Fed. R. Civ. P. 9(b)).

***First***, and most importantly, Plaintiffs have not alleged with particularity a single misrepresentation or actionable omission by Google, in advertising materials or otherwise. Plaintiffs allege that Google represented that Home devices would activate when they detect a hotword or manual activation, *see* 4AC ¶¶ 46, 62, 107, 252, but even Plaintiffs do not contend those representations were false. Rather, they contend that Google concealed its alleged "capability to reprogram the devices to detect alarm events," *i.e.*, that Google could update the software. *Id.* ¶¶ 278, 289. But Google *did* notify Plaintiffs in its Terms of Service that it could automatically update software. *See* ECF No. 121 at 55. Thus, Plaintiffs have not plausibly pled a misrepresentation or actionable omission.

***Second,*** Plaintiffs have not alleged that Google *knew* that any alleged misrepresentations were false when made. Even if the alleged misrepresentations were particularly alleged (they were not), Plaintiffs cannot plausibly allege that when they obtained their Home devices in 2018 and 2019, Google had knowledge that a software bug would occur in 2020.

***Third***, as to their fraud by omission theory, Plaintiffs do not allege facts showing that Google had a duty to disclose that it could update the software on Google Home devices to detect alarm events. Under California law, a duty to disclose may arise when (1) the parties are in a fiduciary relationship; (2) "defendant has exclusive knowledge of material facts not known or reasonably accessible to the plaintiff"; (3) "defendant actively conceals a material fact from the plaintiff"; and (4) "defendant makes partial representations that are misleading because some other material fact has not been disclosed." *In Re Samsung Galaxy Smartphone Mktg. & Sales Pracs. Litig.*, No. 16-CV-06391-BLF, 2020 WL 7664461, at *6 (N.D. Cal. Dec. 24, 2020). Although Plaintiffs parrot the elements of this test in their allegations, *see* 4AC ¶ 290, they fail to plead any facts sufficient to trigger this duty. That Google allegedly knew it could release sound sensing technology, 4AC ¶ 278, but had no intent to do so for non-subscribing Home users, is not a material fact that Google had a duty to disclose to all Home device purchasers.

***Fourth***, Plaintiffs do not allege any facts showing any intent to defraud Plaintiffs. To plead intent, they must allege that "Google, *at the time of the alleged misrepresentations*, had the intent to mislead or omit material information about the future circumstances under which the [Home device] would record audio." Order at 27. They have not done so. At most, Plaintiffs' allegations show that Google developed sound sensing technology, and that it intended to (and did) launch that optional feature as part of its paid subscription service Nest Aware. 4AC ¶¶ 108-115; *see* Exs. A, B. Plaintiffs have not plausibly alleged that at the time they obtained their devices in 2018 and 2019, Google intended to activate that feature on *Plaintiffs'* devices, or any other devices that were not subscribed to Nest Aware with that feature enabled, and that Google intentionally induced Plaintiffs to obtain those devices by concealing that putative intent. Indeed, their theory is implausible: why would Google deceive Plaintiffs into obtaining Home devices with the end goal of providing them a paid service for free, only to roll it back a few days later? And given that the entire purpose of the feature is to alert users when an alarm event occurs, it is implausible to believe Google intended to somehow keep that activation secret. 4AC ¶¶ 116-17. The "obvious alternative explanation"—indeed, the only plausible interpretation—is that Google developed the feature to offer it as part of a paid Nest Aware subscription, and not to release it to

other Home users who did not subscribe to or pay for the service or enable the feature. *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014).

***Fifth,*** the 4AC still is "void of facts that so much as suggest that [Plaintiffs] justifiably and detrimentally relied on Defendants' alleged misrepresentations," Order at 26-27, or that they "would have acted otherwise if [they] had known of the concealed or suppressed fact." *Browning*, 2021 WL 3022007, at *11. Plaintiffs only allege that they saw the alleged representations and obtained the devices "[b]ased on [their] reasonable reliance on these representations." 4AC ¶¶ 46-50, 63-66; 276, 287. But it is implausible that Plaintiffs would change their behavior had they known that Google had the capability to perform software updates (which was disclosed in the Terms of Service), or that Google had the ability to enable devices to detect alarm events and intended to offer that optional feature as part of a paid service.[1] Plaintiffs' conclusory allegations of reliance cannot support a claim for fraud. *See Ferrari v. Mercedes Benz USA, LLC*, No. 17-CV-00018-YGR, 2019 WL 2103438, at *4 (N.D. Cal. May 14, 2019).

***Finally***, Plaintiffs do not allege that they were affected, let alone injured, by the alleged fraud: significantly, they do not even allege that *their* Home devices were activated by alarm events. "[N]amed plaintiffs who represent a class must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class . . . ." Order re Defs.' Mot. to Dismiss at 11, May 6, 2020, ECF No. 80 (internal citation omitted). Counts 8 and 9 are entirely based on Reddit reports from *other* users. 4AC ¶¶ 116-118. Plaintiffs cannot bring fraud claims based on a bug that they never experienced. *See, e.g.*, *Ferrari*, 2019 WL 2103438, at *4; *Rojas-Lozano v. Google, Inc.*, 159 F. Supp. 3d 1101, 1114 (N.D. Cal. 2016).

**IV.   CONCLUSION**

Defendants respectfully request that this Court dismiss Counts 8 and 9 with prejudice.

---

[1] Brekhus's CLRA claim also fails because he obtained his Home device for free through a Spotify promotion, so he is not a "consumer" under the CLRA. 4AC ¶ 46; Cal. Civ. Code § 1761(d); *Schauer v. Mandarin Gems of Cal.*, Inc., 125 Cal. App. 4th 949, 960 (2005).

| | | |
|---|---|---|
| 1 | DATED: August 16, 2021 | **PERKINS COIE LLP** |
| 2 | | |
| 3 | | By: /s/ Sunita Bali |
| 4 | |     Bobbie J. Wilson<br>    Sunita Bali |
| 5 | | Attorneys for Defendants Alphabet Inc. and Google LLC |

6