Seth A. Safier (Bar No. 197427)
Hayley A. Reynolds (Bar No. 306427)
**GUTRIDE SAFIER LLP**
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 789-6390
Facsimile: (415) 449-6469
hayley@gutridesafier.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

IN RE GOOGLE ASSISTANT PRIVACY LITIGATION

This Document Relates to:

ALL ACTIONS

Master Docket No.: 19-cv-04286-BLF

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' COUNT 8 AND 9 OF THE FOURTH AMENDED CONSOLIDATED CLASS ACTION COMPLAINT**

Judge: Beth Labson Freeman
Date: January 6, 2022
Time: 9:00 a.m.
Dept.: Courtroom 3 – 5th Floor

## TABLE OF CONTENTS

I. INTRODUCTION & FACTUAL BACKGROUND .......... 1

II. LEGAL STANDARD .......... 1

III. ARGUMENT .......... 2

A. Plaintiffs Allege That They Relied on Representations that Google Knew Were Misleading When They Were Made at the Time of Purchase. .......... 2

B. Plaintiffs Allege Defendant Was Under A Duty To Disclose Material Facts To Plaintiffs. .......... 3

C. Plaintiffs Have Alleged They Were Injured as a Result of Misrepresentations Made by Google at the Time of Purchase. .......... 4

D. Google Intended to Defraud Plaintiffs by Luring Purchasers to Rely on The Statement That the Product Would Be Voice-Activated in Order to Get Their Devices and Its Many Homes as Possible Before Expanding into Home Security. .......... 5

IV. CONCLUSION .......... 5

## I. INTRODUCTION & FACTUAL BACKGROUND

Plaintiffs' theory is clean and simple: Plaintiffs purchased Google Home devices in 2018, relying on representations that the devices were voice activated speakers that could be activated with "OK Google." Plaintiffs understood these representations to mean that they controlled when the speakers were activated, which provided necessary privacy reassurances when placing devices in their homes that had the capability to record and transmit audio inside their homes. Indeed, Defendants intended that the representations be understood in this way as evidenced by Google's repeated reassurances that the user controlled the device activation, and thus the devices safeguarded the users' privacy. *See*, *e.g*., 4AC ¶ 93.

However, as alleged, these representations were misleading. Google knew as early as 2016 that it could and would change the capabilities of the speaker to activate when the user did nothing, manually or otherwise. 4AC ¶¶ 108-112. As Plaintiffs' new allegations make clear, Google's patent applications from as early as 2017 reveal that its Google Assistant software could be used to record and transmit audio upon the sound of breaking glass, and then turn that transmission into an alert on the users' mobile devices. 4AC ¶¶ 109-110. Google's intent to implement the software on the Google Home devices is evident from its partnership with ADT announced in January 2018, promoting that "your home will hear you." 4AC ¶ 113. Moreover, as Plaintiffs allege, Google's intent to implement the change is evident by its competition with Amazon, which had already entered the home security realm, offering "Alexa Guard" to be used with its voice-activated speaker. 4AC ¶ 114. Google attempts to escape liability by framing the software change that rendered the representations misleading as a harmless "software update," however regardless of the mechanism that changed the function of the speakers to invade users' privacy, Google knew it had the ability to change the function of the speakers in the manner alleged, and did not disclose that material fact to purchasers. Plaintiffs' allegations are sufficient to state claims for fraud and violations of the CLRA.

## II. LEGAL STANDARD

The elements of a California fraud claim are: (1) misrepresentation (false representation, concealment or nondisclosure); (2) knowledge of the falsity (or "scienter"); (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage. *Lazar v. Superior Court*,

12 Cal.4th 631, 638 (1996). Plaintiffs' also assert an omission-based fraud theory, the elements of which are: (1) the defendant concealed or suppressed a material fact, (2) the defendant was under a duty to disclose that fact to the plaintiff, (3) the defendant intentionally concealed or suppressed the fact with the intent to defraud the plaintiff, (4) the plaintiff was unaware of the fact and would not have acted as he did if he had known of the concealed or suppressed fact, and (5) as a result of the concealment or suppression of the fact, the plaintiff sustained damage. *Banh v. Am. Honda Motor Co.*, No. 2:19-cv-05984-RGK-AS, 2019 U.S. Dist. LEXIS 230700, at *16 (C.D. Cal. Dec. 17, 2019) (citations omitted). A duty to disclose may arise: (1) when the defendant is in a fiduciary relationship with the plaintiff; (2) when the defendant had exclusive knowledge of material facts not known to the plaintiff; (3) when the defendant actively conceals a material fact from the plaintiff; or (4) when the defendant makes partial representations but also suppresses some material fact. *Falk v. GMC*, 496 F. Supp. 2d 1088, 1094-1095 (N.D. Cal. 2007) (citing *LiMandri v. Judkins*, 52 Cal. App. 4th 326, 337 (Cal. Ct. App. 1997)).

## III. ARGUMENT

### A. Plaintiffs Allege That They Relied on Representations that Google Knew Were Misleading When They Were Made at the Time of Purchase.

Plaintiffs have alleged they relied on Defendants' misrepresentations that were misleading by omission. See 4AC ¶¶ 275, 276, 287. Specifically, Plaintiffs relied on representations that the voice-activated speakers would be activated only by the phrase "ok Google." 4AC ¶¶ 49, 63, 94. These representations were material to Plaintiffs given the privacy concerns inherent with bringing into one's home a device that has the ability to record and transmit audio recordings to a third party. 4AC ¶¶ 68, 74, 85, 88, 90-101. Defendants argue that it is "implausible that Plaintiffs would have changed their behavior had they known that Google Home had the ability to perform software updates." ECF 144 at 6. However, such specious argument is belied by Plaintiffs' allegation that they relied on the representation that reasonable consumers understood Defendants to be safeguarding Plaintiffs' privacy and would not have purchased any of the devices had they known a software update could render their privacy settings futile. *See* 4AC, ¶ 74. Moreover, such argument goes to weight of evidence and is inapplicable at this motion to dismiss stage.

To the extent Plaintiffs consented to software updates, the consent was limited by the bounds of the representations upon which Plaintiffs relied at the time of purchase. Google contends that consent to its terms provided it carte blanche to invade a consumer's privacy in a way that was not initially disclosed. That is simply not a reasonable reading of its terms. *See In re Facebook, Inc.*, 402 F. Supp. 3d 767, 789-90 (N.D. Cal. 2019).

**B. Plaintiffs Allege Defendant Was Under a Duty to Disclose Material Facts.**

Defendants are not in a fiduciary relationship with Plaintiffs. However, Defendants had exclusive knowledge of the fact that the software in the Google Home devices was designed to allow the devices to be activated outside the user's control. Defendants actively concealed this fact and instead made only partial representations that Plaintiffs relied on to their detriment.

**Exclusive Knowledge:** "A defendant has exclusive knowledge giving rise to a duty to disclose when 'according to the complaint, [defendant] knew of this defect while plaintiffs did not, and, given the nature of the defect, it was difficult to discover.'" *Herron v. Best Buy Co. Inc.*, 924 F. Supp. 2d 1161, 1175 (E.D. Cal. 2013) (citations omitted).

Here, Plaintiffs allege that Defendant had exclusive knowledge of its ability to change the function of voice-activated Google Home devices in a way that would render the representations on which Plaintiffs relied misleading. Plaintiffs have alleged these facts both with regard to the time of purchase and the exclusivity of knowledge. Plaintiffs purchased the devices in 2018, but as they allege, Google knew as early as 2016 that its software updates could change the function of the devices to no longer be exclusively voice-activated. *See 4AC*, ¶¶ 108 – 114. This knowledge, as plaintiffs allege, is evident by its patent applications and competition with Amazon in the home security sphere. *Id*. Plaintiffs had no reason to know that facts existed that would render the representations false or misleading at the time of purchase. *In re Toyota Motor Corp. Unintended Accel. Mktg., Sales Practices & Prod. Liab. Litig.*, 754 F. Supp. 2d 1208, 1227-28 (C.D. Cal. 2010).

**Active Concealment:** To state a claim for active concealment, Plaintiff must allege specific "affirmative acts on the part of the [D]efendants in hiding, concealing or covering up the matters complained of." *Herron v. Best Buy Co.*, 924 F. Supp. 2d 1161, 1176 (E.D. Cal. 2013) (quoting *Lingsch v. Savage*, 213 Cal. App. 2d 729, 734 (1963).)

Here, Plaintiffs allege Defendant affirmatively concealed the material facts described herein. Plaintiffs allege the representations on the package and seven other instances where Google described the Google Home devices and Google Assistant, repeatedly assuring consumers that they control when the Google Home is activated. See 4AC, ¶¶ 94 – 99. Plaintiffs allege Google intentionally concealed its intent to change the function of the Google Home devices to persuade consumers that Google Home guards their privacy. See 4AC, ¶ 100, 125, 139, 290.

**Partial Misrepresentation:** "A partial representation claim may arise when 'the defendant makes representations but does not disclose facts which materially qualify the facts disclosed, or which render his disclosure likely to mislead.'" *In re Samsung Galaxy Smartphone Mktg. & Sales Practices Litig.*, No. 16-cv-06391-BLF, 2020 U.S. Dist. LEXIS 242300, at *30-31 (N.D. Cal. Dec. 24, 2020) (internal citations omitted). Here, Defendants' product packaging stated "just start with, 'Ok Google'" and is marketed as a voice-activated speaker. 4AC ¶ 94. The Product packaging provides a link to articles that perpetuate the representations that the user is in control of how the devices activate. 4AC ¶¶ 95-99. However, "Google has never informed users that the Google Home can be activated, record and/or transmit everything in a user's home even when the user does not manually activate the device or use an activation phrase, and even when there were no sounds in the house that sounded anything remotely like the activation phrase." 4AC ¶ 100. There was no disclaimer, qualifier, or other language disclosing the material fact that Google could change the device in such a fundamental way to invade users' privacy. *See* 4AC ¶ 101.

### C. Plaintiffs Have Alleged They Were Injured as a Result of Misrepresentations Google Made at the Time of Purchase.

Plaintiffs allege they were injured by Defendants' misrepresentations. See 4AC, ¶¶ 65, 66, 74, 75, 280, 291, 294. To the extent Defendant argues that Plaintiffs must allege they experienced the software update, Plaintiffs' allegations support the inference that their devices did change in function, and to the extent there is further evidence to support those allegations, that information is "peculiarly" within the Defendants' knowledge. "[A] 'reasonable' inference is one that is supported by a chain of logic." *United States v. Del Toro-Barboza*, 673 F.3d 1136, 1144 (9th Cir. 2012). Here, that chain of logic is as follows. The major premise is that Google reconfigured its Google Home

devices through a software update based on "alarm events." 4AC ¶¶ 118, 119. The minor premise is that Plaintiffs use those same Google Home devices. 4AC ¶¶ 9, 47, 62. The logical conclusion (and reasonable inference) therefore, is that Plaintiffs devices also received the software update.

Moreover, Plaintiffs do not have access to the specific software that runs their devices, making it a matter "peculiarly" within the Defendants knowledge, and thus one that it is appropriate for Plaintiffs to allege generally, as they have done. *Chose v. Accor Hotels & Resorts (Md.) LLC*, No. 19-cv-06174-HSG, 2020 U.S. Dist. LEXIS 26243, at *8 (N.D. Cal. Feb. 14, 2020); *see also Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 964-65 (9th Cir. 2018) (holding the that plaintiff could challenge whether products were "flushable" even though she never personally experience them clogging her own plumbing).

### D. Google Intended to Defraud Plaintiffs by Luring Purchasers to Rely on The Statement That the Product Would Be Voice-Activated in Order to Get Their Devices and Its Many Homes as Possible Before Expanding into Home Security.

Under Rule 9(b), "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). Plaintiffs allege that "Defendants had the capability to reprogram the devices to detect alarm events such as breaking glass but did not disclose that to consumers. Defendants intended consumers rely on the misrepresentation that the devices were voice activated to get their devices in as many homes as possible before expanding into home security and changing the function of the devices." 4AC, ¶¶ 278, 289. These allegations are bolstered by the circumstantial allegations regarding Google's budding relationship with ADT and its competition with Amazon, already active in the home security space. See 4AC ¶¶ 113 – 116; *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1547 (9th Cir.1994) (en banc) ("We conclude that plaintiffs may aver scienter generally, just as the rule states-that is, simply by saying that scienter existed*."), superseded on other grounds as stated in Ronconi v. Larkin*, 253 F.3d 423, 429 (9th Cir. 2001)); *Just Film, Inc. v. Merchant Services, Inc.*, 2011 U.S. Dist. LEXIS 96613, (N.D. Cal. Aug. 29, 2011) ("Scienter may be averred generally, simply by saying that it existed.") (citation omitted).

## IV. CONCLUSION

Plaintiffs respectfully request that this Court deny Defendants' Motion to Dismiss.

DATED: August 30, 2021

GUTRIDE SAFIER LLP

By: */s/ Hayley Reynolds*

Seth A. Safier (Bar No. 197427)
Hayley A. Reynolds (Bar No. 306427)
**GUTRIDE SAFIER LLP**
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 789-6390
Facsimile: (415) 449-6469
hayley@gutridesafier.com

*Attorneys for Plaintiffs Hernandez and Brekhus*