1  Bobbie J. Wilson, Bar No. 148317
   BWilson@perkinscoie.com
2  Sunita Bali, Bar No. 274108
   SBali@perkinscoie.com
3  **PERKINS COIE LLP**
   505 Howard Street, Suite 1000
4  San Francisco, CA  94105-3204
   Telephone: 415.344.7000
5  Facsimile: 415.344.7050

6  Attorneys for Defendants Alphabet Inc.
   and Google LLC
7

8                UNITED STATES DISTRICT COURT

9               NORTHERN DISTRICT OF CALIFORNIA

10                      SAN JOSE DIVISION

11

12 | IN RE GOOGLE ASSISTANT PRIVACY LITIGATION | Case No. 5:19-cv-04286-BLF |
|---|---|
13 | | **DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS COUNTS 8 AND 9 OF THE FOURTH AMENDED CONSOLIDATED CLASS ACTION COMPLAINT** |
14 | | |
15 | | |
16 | | Date:    January 6, 2022 |
   | | Time:    9:00 a.m. |
17 | | Dept.:   Courtroom 3, 5th Floor |
   | | Judge:   Hon. Beth Labson Freeman |

## I. INTRODUCTION

Plaintiffs Brekhus and Hernandez are trying to characterize a straightforward software bug as fraud. But they can't. Fraud requires justifiable reliance on an intentional misrepresentation or omission, and Plaintiffs simply do not and cannot allege that. Moreover, Plaintiffs' Opposition fails to engage with the obvious alternative explanation: an inadvertent bug in a software update briefly enabled the optional sound sensing feature offered to paid Nest Aware subscribers, for others with Home devices. This is not fraud. Counts 8 and 9 should be dismissed with prejudice.

## II. ARGUMENT

Importantly, Plaintiffs do not point to a single false representation by Google. Rather, they contend that Google's representations were "misleading by omission" because Google failed to disclose its ability to cause Home devices "to no longer be exclusively voice activated." Opp. at 2-3. But Plaintiffs do not allege facts sufficient to state a claim under this theory for common law fraud by omission, or violations of the CLRA.

***Plaintiffs do not allege that Google concealed or suppressed a material fact.*** Plaintiffs' theory is that Google misled them by not disclosing its *unreleased* sound sensing technology at the time of their alleged purchase. But the mere existence of that technology (which Google had not even released at the time of Plaintiffs' purchase) was not a material fact that Google was required to disclose, particularly because Google never intended to enable it for all Home users. *See In re Apple Inc. Device Performance Litig.*, 386 F. Supp. 3d 1155, 1177 (N.D. Cal. 2019).

***Plaintiffs do not allege a duty to disclose.*** An omission is only actionable if the defendant had a duty to disclose the fact at issue. *Browning v. Am. Honda Motor Co.*, No. 20-CV-05417-BLF, 2021 WL 3022007, at *11 (N.D. Cal. July 16, 2021). There is no such duty here.

First, Plaintiffs fail to show that Google had "exclusive knowledge" of a material fact. Google's Terms of Service expressly disclosed that Google could automatically update its software. *See* ECF No. 121, at 55. And Google had no way of knowing, at the time Plaintiffs acquired their devices in 2018 and 2019, that a 2020 software update would have a bug.

Second, Plaintiffs fail to allege that Google made a partial representation by not "disclos[ing] facts which materially qualify the facts disclosed, or which render [the] disclosure

likely to mislead." *In Re Samsung Galaxy Smartphone Mktg. & Sales Pracs. Litig.*, No. 16-CV-06391-BLF, 2020 WL 7664461, at *10 (N.D. Cal. Dec. 24, 2020). Marketing the Home as a voice-activated speaker is not misleading, and the sound sensing technology does not materially qualify Google's statements or make them misleading. *See In re Apple*, 386 F. Supp. 3d at 1177.

Third, Plaintiffs cannot establish a duty from "active concealment" because they fail to allege *any* "affirmative acts" of concealment, such as affirmative denials. *Herron v. Best Buy Co. Inc.*, 924 F. Supp. 2d 1161, 1176 (E.D. Cal. 2013) (cited in Opp. at 3) ("[m]ere nondisclosure does not constitute active concealment" and "conclusory assertions" are not enough).

***Plaintiffs do not allege intent to defraud.*** Plaintiffs argue that Rule 9(b) permits them to allege intent through a conclusory allegation that "Defendants intended consumers rely on the" alleged misrepresentation that Home devices were voice activated. Opp. at 5. Again, this is not a misrepresentation—Home devices *are* voice activated. Also, "[a]fter [*Ashcroft v.*] *Iqbal* it is no longer sufficient . . . to plead scienter 'simply by saying that scienter existed.'" *Eclectic Props. East, LLC v. Marcus & Millichap Co.*, No. C-09-00511 RMW, 2012 WL 713289, at *11 (N.D. Cal. Mar. 5, 2012) (quoting *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1547 (9th Cir. 1994) (en banc) (quoted in Opp. at 5)), *aff'd*, 751 F.3d 990 (9th Cir. 2014); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 686-87 (2009). Plaintiffs must "plead[] facts sufficient to support an inference that" Google acted with intent to defraud, which they failed to do. *See Perez v. Auto Tech. Co.*, No. 13-06728 MMM (VBKX), 2014 WL 12588644, at *5 (C.D. Cal. July 14, 2014).

Plaintiffs point to "circumstantial allegations regarding Google's budding relationship with ADT" (which Google *publicly* announced); "its competition with Amazon" (which was widely known); and patent applications related to sound sensing (which Google *publicly* filed). Opp. at 1, 5 (citing 4AC ¶¶ 113-116). But that does not establish fraudulent intent. Indeed, at launch, Google *publicly* announced the sound sensing feature for paying Nest Aware subscribers who opted in, Bali Decl., Ex. A, and promptly "rolled back" the software update when it learned of the bug. 4AC ¶ 118. And Plaintiffs acknowledge that the very *purpose* of the feature is to alert the user if the device detects a triggering sound—a strangely visible feature if its purpose was to fraudulently facilitate surreptitious recordings. 4AC ¶¶ 116-117, 261. All of these alleged facts

undermine any inference of fraudulent intent by supporting the "obvious alternative explanation" that Google intended to offer sound sensing as an opt-in feature for paid Nest Aware subscribers, but a bug inadvertently pushed it to other Home users. *Eclectic Props.*, 751 F.3d at 996.

***Plaintiffs fail to allege justifiable reliance.*** Plaintiffs now argue they relied on statements that Home devices "would be activated *only* by the phrase 'ok Google.'" Opp. at 2 (emphasis added) (citing 4AC ¶¶ 49, 63, 94). But that is not what Plaintiffs allege. They allege that Google represented that a Home device "was to be" or "is to be" activated by saying "Ok Google" and/or "Hey Google." 4AC ¶ 49, 63; *see also* 4AC ¶ 94. Stating that Home devices *can* be activated by a hotword is not the same as stating that Home devices can *only* be activated by a hotword. Plaintiffs do not allege a single instance of Google saying the latter. Plaintiffs cannot reasonably rely on statements that were never made. At most, Plaintiffs allege that they relied on *truthful* representations that their devices can be activated by a hotword, which does not give rise to a claim for fraud. And Plaintiffs' contention that they would not have purchased their devices had they known that a future software update might have the sound sensing bug is implausible and need not be accepted by the Court. *See Ferrari v. Mercedes Benz USA, LLC*, No. 17-CV-00018-YGR, 2019 WL 2103438, at *4 (N.D. Cal. May 14, 2019).

***Plaintiffs have not alleged injury.*** Plaintiffs seek to bring fraud claims based on a bug that they do not even allege they experienced. They argue that the Court should infer that their devices "chang[ed] in function," and that any further evidence of impact is "peculiarly" within Google's knowledge. Opp. at 5. But the very function of the feature is to *send a notification to the user* when a triggering noise is detected. 4AC ¶¶ 9, 116-117. Thus, if Plaintiffs received such a notification, they would know about it and could easily allege it. But they do not. Even viewing all allegations in the light most favorable to Plaintiffs, there is *no* permissible inference that their devices were ever activated by "alarm events." *Cf. Lassen v. Nissan N. Am., Inc.*, 211 F. Supp. 3d 1267, 1283 (C.D. Cal. 2016) (dismissing consumer claims where "claim of defect [was] theoretical" and "plaintiffs did not actually experience" it) (internal quotations omitted).

### III. CONCLUSION

Defendants respectfully request that this Court dismiss Counts 8 and 9 with prejudice.

DATED: September 7, 2021                    **PERKINS COIE LLP**

By: /s/ Sunita Bali
    Bobbie J. Wilson, Bar No. 148317
    BWilson@perkinscoie.com
    Sunita Bali, Bar No. 274108
    SBali@perkinscoie.com

Attorneys for Defendants Alphabet Inc. and Google LLC