Bobbie J. Wilson, Bar No. 148317
BWilson@perkinscoie.com
Sunita Bali, Bar No. 274108
SBali@perkinscoie.com
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, California 94105
Telephone: +1.415.344.7000
Facsimile: +1.415.344.7050

Attorneys for Defendants
GOOGLE LLC and ALPHABET INC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE GOOGLE ASSISTANT PRIVACY LITIGATION | Case No. 5:19-cv-04286-BLF<br><br>**MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED**<br><br>Judge:   Beth Labson Freeman |

Pursuant to Civil Local Rule 79-5, Defendants Google LLC and Alphabet Inc. (collectively "Google") move the Court for an order to file under seal the personal email addresses of non-parties Steven Spurr and Frank Aguiar, and Plaintiff Asif Kumandan, Melissa Spurr, Lourdes Galvan, Eleeanna Galvan, Edward Brekhus and Jon Hernandez (collectively, the "Account Holders") as they appear in the [Proposed] Consent Orders (the "Consent Orders") attached as Exhibits A–H  to the Parties' Joint Stipulation for Entry of [Proposed] Consent Orders (the "Stipulation").  The personal email addresses will be redacted from the public versions of the

Consent Orders.

## I. Plaintiffs Seek to Keep Their Personal Email Addresses Out of Public Documents.

Plaintiffs have sought the production of documents, including audio files and transcripts, associated with the Google accounts of the Account Holders that Plaintiffs in good faith believe may be subject to the Stored Communications Act ("SCA"), 18 U.S.C. § 2701, *et seq*. The Parties agree that no production of SCA Content shall be required or made until (1) lawful consent for the disclosure and review of the SCA Content has been provided to Defendants by each Account Holder, and (2) the Consent Orders for each Account Holder finding that the consent obtained is sufficient under the SCA are entered in the docket. The personal email address of each Account Holder appears on their respective Consent Order. The Account Holders wish to prevent their email addresses from appearing in the public docket by redacting them from public versions of the filings. Google does not object to this request.

The parties seek to file under seal the following material:

| ECF or Exhibit Number | Document | Portion(s) to Seal | Reasons for Sealing |
|---|---|---|---|
| Ex. A to the Stipulation | [PROPOSED] CONSENT ORDER REGARDING PRODUCTION OF DOCUMENTS FROM ASIF KUMANDAN | The highlighted email address on page 2, row 5. | The material discloses personally identifying information: the Account Holder's email address. |
| Ex. B to the Stipulation | [PROPOSED] CONSENT ORDER REGARDING PRODUCTION OF DOCUMENTS FROM ELEEANNA GALVAN | The highlighted email address on page 2, row 5. | The material discloses personally identifying information: the Account Holder's email address. |
| Ex. C to the Stipulation | [PROPOSED] CONSENT ORDER | The highlighted email address on page 2, | The material discloses personally |

| | | | |
|---|---|---|---|
| | REGARDING PRODUCTION OF DOCUMENTS FROM FRANK AGUIAR | row 5. | identifying information: the Account Holder's email address. |
| Ex. D to the Stipulation | [PROPOSED] CONSENT ORDER REGARDING PRODUCTION OF DOCUMENTS FROM LOURDES GALVAN | The highlighted email address on page 2, row 5. | The material discloses personally identifying information: the Account Holder's email address. |
| Ex. E to the Stipulation | [PROPOSED] CONSENT ORDER REGARDING PRODUCTION OF DOCUMENTS FROM MELISSA SPURR | The highlighted email addresses on page 2, row 6. | The material discloses personally identifying information: the Account Holder's email address. |
| Ex. F to the Stipulation | [PROPOSED] CONSENT ORDER REGARDING PRODUCTION OF DOCUMENTS FROM STEVEN SPURR | The highlighted email address on page 2, row 5. | The material discloses personally identifying information: the Account Holder's email address. |
| Ex. G to the Stipulation | [PROPOSED] CONSENT ORDER REGARDING PRODUCTION OF DOCUMENTS FROM EDWARD BREKHUS | The highlighted email addresses on page 2, rows 5-6. | The material discloses personally identifying information: the Account Holder's email address. |
| Ex. H to the Stipulation | [PROPOSED] CONSENT ORDER REGARDING PRODUCTION OF DOCUMENTS FROM JON HERNANDEZ | The highlighted email address on page 2, row 5. | The material discloses personally identifying information: the Account Holder's email address. |

**II.   There Is Good Cause to Seal Plaintiffs' Personal Email Addresses.**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Palantir Techs. Inc. v. Abramowitz*,

No. 19-CV-06879-BLF, 2021 WL 1925459, at *1 (N.D. Cal. Mar. 5, 2021) (quoting *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)).  In the Northern District of California, requests to seal should be "narrowly tailored" to seal only the "truly sensitive information in a document." Civil L.R. 79-5(a), (c)(3).  When a document is only tangentially related to the merits, information in it may be sealed upon a showing of "good cause." *Id.* (quoting *Chrysler Grp*, 809 F.3d at 1101-02). Information in filings that are "more than tangentially related to the merits of a case" may be sealed upon a showing of "compelling reasons." *Id.* (quoting *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101-02 (9th Cir. 2016)).

Plaintiffs' request to seal their personal email addresses in the Consent Orders meets these standards.

***First***, Plaintiffs' request is narrowly tailored because they seek to seal only their email addresses.  The rest of the Consent Orders will be public.

***Second***, the Consent Orders are only tangentially related to the merits of Plaintiffs' case; they just establish that Google has obtained adequate consent to produce and review Plaintiffs' SCA Content.

***Third***, because the Consent Orders are only "tangentially related" to the merits,  the Parties need only show "good cause" for the email addresses to be sealed..

***Fourth***, courts in this district routinely seal personal email addresses under the more stringent "compelling reasons" standard. *See, e.g.*, *Snapkeys, Ltd. v. Google LLC*, No. 19-CV-02658-LHK, 2021 WL 1951250, at *3 (N.D. Cal. May 14, 2021); *Benedict v. Hewlett-Packard Co.*, No. 13-CV-00119-BLF, 2016 WL 4943007, at *2 (N.D. Cal. Sept. 16, 2016) (applying the "compelling reasons" standard and granting motion to file under seal the parties' email addresses).

Therefore, there is good cause to seal the email addresses.

For the reasons set forth above, Google respectfully requests that the Court grant this motion.

Dated: April 27, 2022

**PERKINS COIE LLP**

By: *Sunita Bali*
Bobbie J. Wilson, Bar No. 148317
Sunita Bali, Bar No. 274108