Vincent Briganti (*pro hac vice*)
Christian Levis (*pro hac vice*)
Margaret MacLean (*pro hac vice*)
Andrea Farah (*pro hac vice*)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: (914) 997-0500
Facsimile: (914) 997-0035
vbriganti@lowey.com
clevis@lowey.com
mmaclean@lowey.com
afarah@lowey.com

*Attorney for Plaintiffs*

[Additional counsel on signature page.]

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

| | |
|---|---|
| IN RE GOOGLE ASSISTANT PRIVACY LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No.: 5:19-cv-04286-BLF<br><br>**PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER DEFENDANTS' MATERIAL SHOULD BE SEALED PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5(f)**<br><br>Judge: Hon. Beth L. Freeman |

### I. INTRODUCTION

Pursuant to Civil Local Rules 7-11 and 79-5(f), Plaintiffs hereby respectfully move the Court to consider whether certain portions of Plaintiffs'' Administrative Motion for Relief from Case Management Schedule (ECF No. 171) ("Administrative Motion") filed concurrently herewith should remain under seal.

The portions of the Administrative Motion listed below reflect deposition testimony that

Google designated as "Highly Confidential" pursuant to the Stipulated Protective Order (ECF No. 104). The deposition testimony quoted in the Administrative Motion discusses certain technical details regarding Google's practices of utilizing users' audio and describes Google's proprietary process of capturing and processing audio and transcripts associated with users' use of Google's services.

Accordingly, Plaintiffs hereby request that the Court enter and order sealing the information identified in the table below:

| Ex. | Document | Portion(s) to Seal | Reason(s) for Sealing |
| --- | --- | --- | --- |
| A | Plaintiffs' Administrative Motion for Relief from Case Management Schedule | Highlighted portions at 3:11-16, 3:21-23, 3:24-4:2, 4:14-17 | Material designated by Google as Confidential or Highly Confidential pursuant to the Protective Order |

**II.    LEGAL STANDARD**

As this motion relates to a non-dispositive discovery motion, and thus the good cause standard applies here. *See, e.g., Pieterson v. Wells Fargo Bank, N.A.*, No. 17-cv-02306-EDL, 2018 WL 10362631, at *2 (N.D. Cal. Nov. 8, 2018) ("Because the sealing requests were made in conjunction with a nondispositive discovery motion, a showing under the good cause standard will suffice."); *Calhoun v. Google,* Case No. 20-cv-05146, ECF No. 327 at 2 (N.D. Cal. Sept. 30, 2021) (finding the "good cause" standard applies "because the information the parties seek to seal was submitted to the Court in connection with discovery-related motions, rather than a motion that concerns the merits of the case"); *Id.* at ECF No. 386 (sealing hearing transcripts related to discovery dispute under "good cause" standard."). Notably, "[r]ecords attached to nondispositive motions are not subject to the strong presumption of access." *TVIIM, LLC v. McAfee, Inc.*, No. 13-cv-04545-HSG, 2015 WL 5116721, at *1 (N.D. Cal. Aug. 28, 2015) (citation omitted).

### III. GOOD CAUSE WARRANTS SEALING OF PORTIONS OF PLAINTIFFS' ADMINISTRATIVE MOTION

Plaintiffs ask this Court to seal portions of Plaintiffs' Administrative Motion which contains excerpts from the deposition transcript containing proprietary information that has been designated "Highly Confidential" by Google in discovery pursuant to the parties' Protective Order. Pursuant to the good cause standard, Plaintiffs' sealing request is warranted.

As noted above, the portions of the Administrative Motion that Plaintiffs seek to redact contain confidential information and technical details regarding Google's practice of logging and utilizing certain audio and transcriptions derived from users' use of Google Assistant as well as Google's proprietary process of capturing, processing, and storing audio and transcripts associated with the users' interaction with Google devices. *See* Declaration of Andrea Farah, ¶ 5.

The proposed redactions are narrowly tailored to redact only the specific portions of the Administrative Motion that Plaintiffs believe reflect confidential information, and thus do not "unduly limit[] public access." *ASUS Computer Int'l v. Round Rock Research, LLC*, No. 12-CV-02099 JST (NC), 2014 WL 2810193, at *2 (N.D. Cal. June 20, 2014). Courts in this district have regularly sealed this kind of information when presented with similar requests. *Huawei Techs., Co. v. Samsung Elecs. Co.,* No. 3:16-cv-02787-WHO, Dkt. No. 446, at 19 (N.D. Cal. Jan. 30, 2019) (sealing confidential sales data because "disclosure would harm their competitive standing by giving competitors insight they do not have").

Because Civil Local Rule 79-5(c) prohibits the sealing of a document by agreement of the Parties, the Parties are unable to enter into such a stipulation. See Civ. L. R. 7-11(a) (requiring explanation of lack of stipulation).

### IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request the Court seal the aforementioned portions of the Administrative Motion, reflecting the concurrently filed redactions, the public disclosure of which could cause significant competitive harm to Google.

| | |
|---|---|
| Dated:  May 2, 2022 | /s/ Andrea Farah |
| | Vincent Briganti (*pro hac vice*) |
| | Christian Levis (*pro hac vice*) |
| | Margaret MacLean (*pro hac vice*) |
| | Andrea Farah (*pro hac vice*) |
| | **LOWEY DANNENBERG, P.C.** |
| | 44 South Broadway, Suite 1100 |
| | White Plains, NY 10601 |
| | Telephone: (914) 997-0500 |
| | Facsimile: (914) 997-0035 |
| | vbriganti@lowey.com |
| | clevis@lowey.com |
| | mmaclean@lowey.com |
| | afarah@lowey.com |
| | |
| | Mark N. Todzo (Bar No. 168389) |
| | Eric S. Somers (Bar No. 139050) |
| | **LEXINGTON LAW GROUP** |
| | 503 Divisadero Street |
| | San Francisco, CA 94117 |
| | Telephone: (415) 913-7800 |
| | Facsimile: (415) 759-4112 |
| | mtodzo@lexlawgroup.com. |
| | |
| | Joseph P. Guglielmo (pro hac vice) |
| | Erin Green Comite (pro hac vice) |
| | **SCOTT+SCOTT ATTORNEYS AT LAW LLP** |
| | The Helmsley Building |
| | 230 Park Avenue, 17th Floor |
| | New York, NY 10169-1820 |
| | Telephone: (212) 223-6444 |
| | Facsimile: (212) 223-6334 |
| | jguglielmo@scott-scott.com |
| | ecomite@scott-scott.com |
| | |
| | John T. Jasnoch (Bar No. 281605) |
| | **SCOTT+SCOTT ATTORNEYS AT LAW LLP** |
| | 600 W. Broadway, Suite 3300 |
| | San Diego, CA 92101 |
| | Telephone: (619) 233-4565 |
| | Facsimile: (619) 233-0508 |
| | jjasnoch@scott-scott.com |
| | |
| | *Attorneys for Plaintiffs* |

PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER DEFENDANTS' MATERIAL SHOULD BE SEALED CASE NO. 5:19-cv-04286-BLF

3