Bobbie J. Wilson, Bar No. 148317
*BWilson@perkinscoie.com*
Sunita Bali, Bar No. 274108
*SBali@perkinscoie.com*
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, CA 94105
Telephone: 415.344.7000
Facsimile: 415.344.7050

Attorneys for Defendants
GOOGLE LLC and ALPHABET INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE GOOGLE ASSISTANT PRIVACY LITIGATION | Case No. 5:19-cv-04286-BLF<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFFS' STATEMENT RE: PLAINTIFFS' ADMINISTRATIVE MOTION FOR RELIEF FROM CASE MANAGEMENT SCHEDULE**<br><br>Judge: Hon. Beth Labson Freeman |

The Court should deny Plaintiffs' new proposal to continue the class certification briefing deadlines by two months (the "New Proposal") because it is unworkable in light of other case deadlines and would severely prejudice Defendants Alphabet Inc. and Google LLC ("Google"). Although Google requests that the Court deny Plaintiffs' Administrative Motion for Relief from the Case Management Schedule in its entirety for the reasons stated in Google's Opposition, Dkt. No. 175, if the Court is inclined to extend Plaintiffs' deadline to move for class certification, Google requests that the Court also continue the trial date, vacate all other pretrial deadlines, and direct the parties to meet and confer to jointly propose a workable pretrial schedule.

*First*, under the New Proposal, the class certification deadline (July 18, 2022) would come after the close of fact discovery (July 8, 2022), which would deprive Google of the opportunity to depose the named Plaintiffs on the representations they make in support of class certification. Dkt. No. 179-1; *cf. Moreno v. Autozone, Inc.*, No. 05-CV-4432, 2007 WL 2288165, at *1 (N.D. Cal. Aug. 3, 2007) ("Reasonable cross examination of the declarants as to facts asserted [in support of class certification] is reasonably necessary to Defendant's preparation of its opposition to the class certification motion."). Every case schedule that the Court has entered to date has required Plaintiffs to file their class certification motion before the fact discovery cut-off, and that should remain in any amended schedule. Dkt. Nos. 123, 140, 148, 161.

*Second*, the New Proposal would require simultaneous briefing of class certification and dispositive motions, which is inefficient and a waste of party and judicial resources. All schedules to date have permitted the parties to resolve class certification prior to briefing dispositive motions. *See, e.g.*, Dkt. Nos. 123, 140, 148, 161. The New Proposal would prejudice Google by forcing it to draft its two most important briefs—its opposition to class certification and its motion for summary judgment—simultaneously, while Plaintiffs face no comparable burden.

For the foregoing reasons, Google respectfully requests that the Court deny Plaintiffs' New Proposal, or—if the Court is inclined to grant Plaintiffs an extension to the class certification deadline—continue the trial date, vacate all other pretrial deadlines, and direct the parties to meet and confer to jointly propose a workable pretrial schedule.

| | | |
|---|---|---|
| 1 | Dated: May 11, 2022 | **PERKINS COIE LLP** |
| 2 | | |
| 3 | | |
| 4 | | By: */s/ Sunita Bali* |
| | | Bobbie J. Wilson, Bar No. 148317 |
| 5 | | Sunita Bali, Bar No. 274108 |
| 6 | | |
| 7 | | Attorneys for Defendants |
| | | ALPHABET INC. AND GOOGLE LLC |

-2-