UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ASIF KUMANDAN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> GOOGLE LLC, et al., <br><br> Defendants. | Case No. 19-cv-04286-BLF <br><br> **ORDER GRANTING DEFENDANTS GOOGLE LLC AND ALPHABET INC.'S SEALING MOTIONS; GRANTING IN PART AND DENYING IN PART PLAINTIFFS' SEALING MOTION** <br><br> [Re: ECF Nos. 168, 170, 174] |

Before the Court are three sealing motions filed by the parties in the above-captioned action. First, Defendants Google LLC and Alphabet Inc.'s (collectively, "Google") filed two Motions to Consider Whether Another Party's Material Should Be Sealed (ECF Nos. 168, 174), pertaining to information filed with the parties' Joint Stipulation for Entry of Consent Orders (ECF Nos. 167, 173). Second, Plaintiffs filed a Motion to Consider Whether Defendants' Material Should Be Sealed (ECF No. 170), pertaining to information in Plaintiffs' Administrative Motion for Relief from Case Management Schedule (ECF No. 171). All three motions are unopposed.

Based on the below reasoning, the Court GRANTS Google's motions. Further, the Court GRANTS IN PART and DENIES IN PART Plaintiffs' motion.

I. **LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Consequently, access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling

1  reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101–02 (9th Cir. 2016). Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause." *Id.* at 1097.

In addition, in this district, all parties requesting sealing must comply with Civil Local Rule 79-5. That rule requires, inter alia, the moving party to provide "the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient." Civ. L.R. 79-5(c)(1)(i). Further, Civil Local Rule 79-5 requires the moving party to provide "evidentiary support from declarations where necessary." Civ. L.R. 79-5(c)(1)(ii).

Furthermore, when a party (the "Moving Party") seeks to seal a document that has been designated as confidential by another party or non-party (the "Designating Party"), the Moving Party must file a Motion to Consider Whether Another Party's Material Should Be Sealed under Local Rule 79-5(f). The Moving Party must file a motion "identify[ing] each document or portions thereof for which sealing is sought." Civ. L.R. 79-5(f)(1). "Within 7 days of the motion's filing, the Designating Party must file a statement and/or declaration as described in [Civil Local Rule 79-5(c)(1)]." Civ. L.R. 79-5(f)(3). "If any party wishes to file a response, it must do so no later than 4 days after the Designating Party files its statement and/or declaration." Civ. L.R. 79-5(f)(4).

## II. DISCUSSION

Because the parties' sealing motions pertain to a stipulation for entry of consent orders related to document production and a motion regarding the case schedule, the Court finds that the "good cause" standard applies. *Ctr. for Auto Safety*, 809 F.3d at 1097.

The Court rules as follows on the parties' sealing motions:

| Sealing Motion | Document Sought to Be Sealed | Portions Sought to Be Sealed | Decl. ISO Sealing | Ruling |
|---|---|---|---|---|
| ECF No. 168, Google's Motion to Consider Whether Another Party's Material Should Be Sealed | ECF No. 167, Exs. A–H. | Highlighted personal email addresses of non-parties Steven Spurr and Frank Aguiar and Plaintiffs Asif Kumandan, Melissa Spurr, Lourdes Galvan, Eleeanna Galvan, Edward Brekhus, and Jon Hernandez on page 2 of the exhibits. | | GRANTED, as personally identifiable information. *See Snapkeys, Ltd. v. Google LLC*, No. 19–CV–02658–LHK, 2021 WL 1951250, at *3 (N.D. Cal. May 14, 2021). |
| ECF No. 170, Plaintiffs' Motion to Consider Whether Another Party's Material Should Be Sealed | Plaintiffs' Administrative Motion for Relief from Case Management Schedule, ECF No. 171. | Highlighted portions at 3:14–19, 3:25–3:26, 4:1–5, 4:17–20. | Beaufays Decl., ECF No. 178 (as to highlighted portions at 3:14–19, 4:1–5). | GRANTED as to the highlighted portions at 3:14–19 and 4:1–5, as confidential product development information the disclosure of which could case Google competitive harm. *See In re Electronic Arts*, 298 Fed.Appx. 568, 569 (9th Cir. 2008); *Kowalsky v. Hewlett-Packard Co.*, No. 5:10–cv–02176–LHK, 2012 WL 892427, at *2 (N.D. Cal. Mar. 14, 2012) (finding sealable defendant's "confidential product testing and evaluation process"); *Netlist Inc. v. Smart Storage Sys. Inc.*, No. 13–cv–05889– |

| Sealing Motion | Document Sought to Be Sealed | Portions Sought to Be Sealed | Decl. ISO Sealing | Ruling |
|---|---|---|---|---|
| | | | | YGR (JSC), 2015 WL 13723141, at *2 (N.D. Cal. March 19, 2015) (finding exhibits properly filed under seal that discuss "internal product development, the disclosure of which could harm the company"); *see also In re Google Location Hist. Litig.*, 514 F.Supp.3d 1147, 1162 (N.D. Cal. 2021).<br><br>DENIED, as to the highlighted portions at 3:25–26 and 4:17–20, since Google does not request for these excerpts to be sealed. |
| ECF No. 174, Google's Motion to Consider Whether Another Party's Material Should Be Sealed | ECF No. 173, Exs. A–H. | Highlighted personal email addresses of non-parties Steven Spurr and Frank Aguiar and Plaintiffs Asif Kumandan, Melissa Spurr, Lourdes Galvan, Eleeanna Galvan, Edward Brekhus, and Jon Hernandez on page 2 of the exhibits. | | GRANTED, as personally identifiable information. *See Snapkeys, Ltd. v. Google LLC*, No. 19–CV–02658–LHK, 2021 WL 1951250, at *3 (N.D. Cal. May 14, 2021). |

/ / /

/ / /

4

**III.   ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Google's Motion to Consider Whether Another Party's Material Should Be Sealed at ECF No. 168 is GRANTED;

2. Plaintiffs' Motion to Consider Whether Another Party's Material Should Be Sealed at ECF No. 170 is GRANTED IN PART and DENIED IN PART, as outlined in the table above.  Since Plaintiffs have already filed a newly redacted version of their Administrative Motion for Relief from Case Management Statement, which publicly discloses the portions of the motion as to which the Court denies Plaintiffs' sealing motion, *see* ECF No. 177, the Court will not require Plaintiffs to file a newly redacted version of the administrative motion; and

3. Google's Motion to Consider Whether Another Party's Material Should Be Sealed at ECF No. 174 is GRANTED.

Dated:  May 12, 2022

BETH LABSON FREEMAN
United States District Judge

5