UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ASIF KUMANDAN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC, et al.,<br><br>Defendants. | Case No. 19-cv-04286-BLF<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO EXTEND FILING DEADLINE FOR CLASS CERTIFICATION MOTION**<br><br>[Re: ECF Nos. 171, 179] |

This is a privacy class action pertaining to Defendants Alphabet Inc. and Google LLC's (collectively, "Google") alleged collection and use of sound recording data through their Google Assistant software platform. Plaintiffs' allegations include that Google collects and uses data from "false accepts," where Google Assistant-enabled devices automatically begin recording conversations without detecting a voice command. *See* Fourth Amended Complaint, ECF No. 141 ¶ 252. Based on a recent production of documents related to "false accepts," Plaintiffs seek to extend the class certification motion filing deadline by two months—from May 18, 2022 to July 18, 2022. *See* Administrative Motion, ECF No. 171; ECF No. 179. Plaintiffs argue that Google's March 29, 2022 and April 5, 2022 productions of thousands of documents with millions of pages, the majority of which are reports reflecting Google's testing of "false accepts," justifies extending the class certification deadline. *See* Motion, ECF No. 171 at 2–3.

Google opposes, arguing that (1) a Rule 16 motion—not an administrative motion—is the proper vehicle for a request to modify the scheduling order; (2) it is Plaintiffs' delays and conduct during search term negotiations that led to Google's production of documents; and (3) Plaintiffs have not shown that the reports in question are relevant to class certification. *See* Opposition, ECF No. 175 at 2–5. Further, Google argues that if the class certification deadline were extended,

1    it would cause prejudice to Google because (1) the class certification deadline would be after the
2    close of fact discovery, depriving Google of the ability to depose the named Plaintiffs on their
3    representations in support of class certification and (2) class certification and dispositive motions
4    would be briefed simultaneously.  *See* ECF No. 180.

5    Under Federal Rule of Civil Procedure 16, a party seeking to amend a scheduling order must
6    show "good cause" for such relief.  Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for
7    good cause and with the judge's consent.").  Rule 16(b)'s "good cause" standard primarily considers
8    the diligence of the party seeking the amendment.  *See In re Western States Wholesale Natural Gas*
9    *Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013) (citing *Johnson v. Mammoth Recs., Inc.*,
10   975 F.2d 604, 609 (9th Cir. 1992)).

11   Construing Plaintiffs' motion under Rule 16 of the Federal Rules of Civil Procedure, the
12   Court finds that Plaintiffs have shown good cause for extending the class certification deadline.  *See*
13   Fed. R. Civ. P. 16(b)(4).  Plaintiffs have shown diligence—they filed the present motion shortly
14   after discovering that Google's March 29 and April 5 productions were potentially material to their
15   motion for class certification and required additional time to process.  *See In re Western States*,
16   715 F.3d at 737.  While Google argues that Plaintiffs are responsible for production delays, the facts
17   suggest Google played a significant role.  *See, e.g.,* Motion, ECF No. 171 at 1 ("Google refused to
18   make a counter-proposal to Plaintiffs' search terms[.]").  Further, the Court finds that Plaintiffs have
19   adequately articulated the relevance of Google's March 29 and April 5 productions to class
20   certification.  *See* Motion, ECF No. 171 at 4 ("Identifying the utterances that were impermissibly
21   used for Google's own benefit and/or reviewed by human vendors goes to the heart of Plaintiffs'
22   claims as well as issues of ascertainability on class certification.").

23   Courts additionally consider prejudice to the opposing party in considering whether to
24   modify the scheduling order under Rule 16.  *See In re Western States*, 715 F.3d at 737.
25   Simultaneous dispositive motion and class certification briefing is insufficient to show prejudice to
26   Google here.  *See* ECF No. 180.  However, if fact discovery closes before Plaintiffs' class
27   certification motion is filed, this could cause prejudice to Google.  *See id.*

28   Accordingly, the Court hereby GRANTS Plaintiffs' motion to modify the scheduling order

provided the parties agree to a reopening of fact discovery for a reasonable time after the motion for class certification is filed. The parties SHALL file a stipulation to such a limited reopening of fact discovery within 5 days of this Order being issued. Conditional on that stipulation being filed, the Court hereby RESETS the following deadlines:

| Deadline | Current Date | New Date |
| --- | --- | --- |
| Deadline for Plaintiffs to Move for Class Certification | 5/18/2022 | 7/18/2022 |
| Class Certification Opposition | 7/13/2022 | 9/13/2022 |
| Class Certification Reply | 8/3/2022 | 10/3/2022 |

**IT IS SO ORDERED.**

Dated: May 13, 2022

_____
BETH LABSON FREEMAN
United States District Judge

3