Ian C. Ballon (SBN CA 141819)
GREENBERG TRAURIG, LLP
1900 University Avenue, 5th Floor
East Palo Alto, California 94303
Telephone: (650) 328.7881
Facsimile: (650) 289.7881
ballon@gtlaw.com

Rebekah S. Guyon (SBN CA 291037)
GREENBERG TRAURIG, LLP
1840 Century Park East, Suite 1900
Los Angeles, California 90067-2121
Telephone: (310) 586.7700
Facsimile: (310) 586.7800
guyonr@gtlaw.com

Attorneys for Non-Party APPEN BUTLER HILL INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| IN RE GOOGLE ASSISTANT PRIVACY LITIGATION | CASE NO.  5:19-cv-04286-BLF |
| | **NON-PARTY APPEN BUTLER HILL INC.'S MOTION TO QUASH PLAINTIFFS' DEPOSITION SUBPOENA** |
| | Hon. Beth Labson Freeman |
| | Magistrate Judge Susan Van Keulen |

## I.       Introduction

Rule 26 of the Federal Rules of Civil Procedure requires a court to "limit the frequency of extent of discovery" that "can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i). Appen Butler Hill, Inc. ("Appen") is a non-party to this litigation. On January 6, 2022, plaintiffs served Appen with a deposition subpoena requiring Appen to produce a witness to testify on a host of topics related to Appen's services previously performed for defendants Alphabet, Inc. or Google, LLC (collectively, "defendants") as well as Appen's business operations in general (wholly unrelated to defendants or the Google Assistant software). Over the following six months, counsel for Appen repeatedly attempted to confer with plaintiffs' counsel regarding the subpoena. Counsel for Appen consistently informed plaintiffs' counsel that a deposition would be unduly burdensome to Appen because any information plaintiffs sought to obtain from Appen relating to the Google Assistant software was available to plaintiffs from defendants, owners of the software and parties to the transactions that plaintiffs sought to explore with a non-party deposition. Plaintiffs' counsel never denied this fact. Indeed, plaintiffs' counsel has confirmed that they have *not* sought deposition testimony from Google into the topics on which they seek to depose Appen.

The Federal Rules of Civil Procedure were designed to protect non-parties from the burden of producing a witness for a deposition in precisely these circumstances, where the information sought from a non-party is readily available through regular discovery channels from a party to the suit. The Court should quash plaintiffs' unduly burdensome deposition subpoena to Appen.

## II.      Background

### A.  Plaintiffs' Subpoenas to Appen

On January 6, 2022 plaintiffs served Appen with two subpoenas, one for the production of documents and one for appearance at a deposition on February 25, 2022 at 9:30 a.m. Declaration of Rebekah S. Guyon ("Guyon Decl.") ¶ 2.  Appen timely objected to plaintiffs' document subpoena. *Id.* ¶ 3, Ex. A. Among other objections, Appen objected on the grounds that the documents plaintiffs sought could be obtained from defendants, were protected by the attorney-client privilege, work-product doctrine, common interest doctrine or privilege, constituted trade secrets, confidential research,

development, and commercial information, and were not relevant to any matter in dispute because they requested materials unrelated to the Google Assistant software or Appen's relationship with Google. *Id.* ¶ 3, Ex. A.

Plaintiffs' deposition subpoena similarly seeks testimony from Appen on topics that are within defendants' knowledge or records, to the extent the deposition subpoena seeks any information relevant to this case. The deposition subpoena requires Appen to produce a witness to testify to: Appen's contractual relationship and negotiations with defendants—not limited to services connected to the Google Assistant software (topics 2 and 3); all "data or information"—undefined terms—that Appen receives for its "services"—not limited to services for defendants (topic 7); the "valuation" of Appen's services—not limited to services for defendants (topic 17); identification and location of employees who perform work for defendants—not limited to work for the Google Assistant software (topics 4 and 5); the "purpose and use" of the work Appen performs "relating to" Google audio recordings (topic 6); how (if at all) Appen accesses, deletes, or analyzes Google audio recording (topics 8-11, 15, 16); "false accepts" and how Appen handles such files (assuming any exist) (topics 13-14); and defendants' instructions to Appen "relating to" audio recordings (topic 12). Guyon Decl. ¶ 4, Ex. B at 49.

### B.  Appen's Attempts To Confer With Plaintiffs

On February 11, 2022, counsel for Appen contacted plaintiffs' counsel to discuss the deposition subpoena. Guyon Decl. ¶ 5. Plaintiffs' counsel agreed to table the subpoena pending his review of Appen's objections to the document subpoena, served eight days prior. *Id.* ¶ 5, Ex. C at 65. Counsel for the parties conferred on February 22, 2022. At the February 22 conference, counsel for plaintiffs offered to withdraw the deposition subpoena in exchange for a production from Appen of "low hanging fruit." *Id.* ¶ 6. However, counsel for plaintiffs identified no documents that constituted "low hanging fruit." *Id.* ¶ 6. Counsel for Appen stated that Appen continued to object to producing documents that were within the possession of defendants, which appeared to encompass all relevant documents requested by plaintiffs, because of the burdens that such a document production poses. *Id.* ¶ 7. Counsel for plaintiffs failed to identify any category of documents in plaintiffs' document subpoena that were in the sole possession of Appen—as opposed to defendants—at the parties' February 22 conference.  *Id.* ¶ 7. The parties agreed to

APPEN'S MOTION TO QUASH PLAINTIFFS' DEPOSITION SUBPOENA

extend the deadline for Appen to file a motion in response to the deposition subpoena until Friday, April 8, 2022. *Id.* ¶ 7, Ex. C at 64.

Plaintiffs' counsel did not contact counsel for Appen between February 22, 2022 and March 21, 2022. Guyon Decl. ¶ 8. On March 21, 2022, counsel for Appen contacted plaintiffs' counsel regarding the deposition subpoena. During the parties' March 21, 2022 conference, counsel for Appen reiterated Appen's request that plaintiffs withdraw the deposition subpoena because the information that plaintiffs sought, to the extent it was relevant, could be obtained from defendants. Plaintiffs' counsel again proposed that Appen produce "low hanging fruit" in exchange for withdrawing the deposition subpoena, but when asked what documents that would constitute, plaintiffs' counsel identified none. *Id.* ¶ 9. However, plaintiffs' counsel stated he would send an email identifying "low hanging fruit" documents, the production of which from Appen would resolve plaintiffs' need for a deposition. *Id.* ¶ 9. The parties agreed to extend the deadline for Appen to file a motion in connection with the deposition subpoena until May 9, 2022. *Id.* ¶ 9, Ex. C at 63.

Plaintiffs' counsel never sent the promised email identifying "low hanging fruit." Guyon Decl. ¶ 10, Ex. C at 61-63. Nor did plaintiffs' counsel contact counsel for Appen between March 21, 2022 and May 4, 2022. *Id.* ¶ 11. On May 4, 2022, counsel for Appen emailed plaintiffs' counsel to again request that plaintiffs either withdraw the deposition subpoena or extend Appen's deadline to file a motion, since plaintiffs' counsel had failed to identify a universe of documents that Appen could produce in lieu of producing a witness to testify. *Id.* ¶ 12, Ex. C at 63. Counsel for Appen called plaintiffs' counsel regarding the deposition subpoena on May 5, 2022. *Id.* ¶ 13. On May 5, 2022, at 8:45 p.m., less than four days before the date the parties had agreed upon as the deadline for Appen to move to quash plaintiffs' deposition subpoena, counsel for plaintiffs informed counsel for Appen that plaintiffs would neither withdraw the deposition subpoena nor further extend the date for Appen to file a motion in response. *Id.* ¶ 14, Ex. C at 62-63.[1] On May 7, 2022, counsel for Appen advised plaintiffs' counsel that Appen would proceed with a motion to quash the deposition subpoena. *Id.* ¶ 15, Ex. C at 61-62. In response, plaintiffs'

---

[1]    The deposition subpoena to Appen specifies no location for appearance but states that "Instructions to access remote deposition will be provided." Guyon Decl. Ex. B at 42. Plaintiffs' counsel have never provided instructions for remote access. *Id*. ¶ 4.

counsel offered to extend the deadline for Appen to file a motion to quash by an additional 30 days, to allow the parties time to further confer. *Id.* ¶ 15, Ex. C at 61.

Counsel for the parties conferred again on May 18, 2022. Guyon Decl. ¶ 16. At that conference, counsel for Appen urged plaintiffs' counsel to review the underlying statements of work, contracts, or other discovery materials produced by Google that related to Appen to confirm plaintiffs' theories for serving third-party discovery on Appen. *Id.* ¶ 16. Counsel for plaintiffs could not address any underlying discovery pertaining to Appen during the parties' May 18, 2022 conference. *Id.* ¶ 16. For this reason, counsel for the parties agreed to confer again on May 25, 2022, after plaintiffs' counsel reviewed materials pertaining to Appen that were produced in discovery. *Id.* ¶ 16.

Plaintiffs' counsel did not call counsel for Appen as agreed on May 25, 2022. Guyon Decl. ¶ 17. Instead, at counsel for Appen's prompting, counsel for the parties conferred on May 26, 2022, at which time plaintiffs' counsel referred to a July 1, 2016 statement of work between Appen and Google as the basis for plaintiffs' subpoena to Appen. *Id.* ¶ 18. Plaintiffs' counsel would neither provide the statement of work nor the document's bates numbers to Appen. *Id.* ¶ 18. Plaintiffs' counsel represented that the statement of work referred to "audio transcription." *Id.* ¶ 18. However, plaintiffs' counsel confirmed that plaintiffs had ***not*** pursued discovery from Google confirming that this statement of work pertained to their allegations against Google (eavesdropping or recording of the putative class's confidential telephone conversations, or similar conduct). *Id.* ¶ 18. Instead, plaintiffs' counsel stated that they required discovery from Appen to show that Appen had misused information obtained from Google—breached its agreement with Google—which plaintiffs' counsel believed would be information that Google would not possess. *Id.* ¶ 18. Plaintiffs' counsel conceded that they could explore the scope of any audits Google performed pertaining to Appen's work for the Google Assistant Software through Google, and that they had failed to do so as of the parties' May 26, 2022 conference. *Id.* ¶ 18. Plaintiffs' counsel additionally asserted that they required discovery from Appen to identify additional third-party witnesses—employees of Appen—who could be the subjects of further subpoenas, which counsel for Appen insisted would be an improper use of third-party discovery. *Id.* ¶ 18. The parties agreed to extend Appen's deadline to file a motion to quash the deposition subpoena until June 15, 2022. *Id.* ¶ 18.

Counsel for the parties conferred a final time on June 14, 2022. Guyon Decl. ¶ 19. Despite counsel for Appen's urging that plaintiffs' counsel pursue discovery from Google to confirm their theories for serving a subpoena on Appen, plaintiffs' counsel refused to withdraw the deposition subpoena, necessitating the instant motion. *Id.* ¶ 19. Plaintiffs' counsel agreed that Appen's motion could be filed by no later than July 15, 2022, or one week after the fact discovery cut-off (indicating that they do not intend to take Appen's deposition as noticed). *Id.* ¶ 19; Docket No.: 5:19-cv-04286-BLF, March 29, 2022 Order on Stipulation to Adjust Pre-Trial Schedule (ECF No. 161).

## III.    Argument

Federal Rule of Civil Procedure 45 provides that a court "*must* quash or modify a subpoena that . . . subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv) (emphasis added).

> In determining whether [a] subpoena should be enforced, the Court is guided by not only Federal Rule of Civil Procedure 45(c)(3)(A)(iv) which protects subpoenaed parties from "undue burden" but also Rule 26, which provides, *inter alia,* that a court may limit discovery if "the discovery sought . . . is obtainable from some other source that is more convenient, less burdensome, or less expensive" or if "the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2)(C).

*Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007). Under Rule 45(c)(3)(A), "[a]n evaluation of undue burden requires the court to weigh the burden to the subpoenaed party against the value of the information to the serving party and, in particular, requires the court to consider: such factors as relevance, . . . the time period covered by it, . . . and the burden imposed." *Moon v. SCP Pool Corp.,* 232 F.R.D. 633, 636 (C.D. Cal. 2005).  Plaintiffs' deposition subpoena to Appen must be quashed because of the undue burden that it poses on Appen.

First, none of plaintiffs' deposition topics are limited in time, which is alone basis to find the subpoena unduly burdensome. *Free Stream Media Corp. v. Alphonso Inc.*, No. 17-CV-02107-RS (KAW), 2017 WL 6209309, at *5 (N.D. Cal. Dec. 8, 2017) (concluding *"the scope and breadth of the discovery requests favor quashing the subpoena, as the original scope and time period were unlimited"* and "whether narrowed or not, the scope and time period of the subpoena is disproportionate to what Plaintiff appears to actually be seeking"); *Moon,* 232 F.R.D. at 637-638 (holding the subpoena requests imposed an "undue burden" and were "overbroad on [their] face and exceed[] the bounds of fair

discovery" as they broadly sought any and all documents over a ten year or greater period relating to defendant and the nonparty).

Second, the information that plaintiffs seek through testimony from Appen can be obtained from defendants, parties to the litigation, to the extent it is relevant to this case. Plaintiffs seek testimony from Appen detailing Appen's contractual relationship with defendants, its negotiations with defendants, the value of its services for defendants, the data it receives from defendants, the purpose of its work for defendants, its handling of defendants' audio recordings, and defendants' instructions to Appen regarding the same. Guyon Decl., Ex. B (topics 2, 3, 6, 7, 8-17).[2] All of this information is readily available from defendants—since any information that Appen has regarding the Google Assistant software and the services it performs for the software is derived from its contractual relationship with defendants and the parties' transactions pursuant to that contract. Defendants' employees or executives with personal knowledge of the parties' relationship are fully capable of testifying to these matters at a 30(b)(6) or fact witness deposition. Indeed, plaintiffs' counsel has confirmed that they have made no attempt to obtain this information from defendants. Guyon Decl. ¶ 18, Ex. C.  Because "the vast majority of the discovery sought from [Appen] is discovery obtainable from a source more direct, convenient, and less burdensome-namely, from Defendant[], . . . [t]here is simply no reason to burden nonparties when documents sought are in possession of the party defendant." *Nidec Corp.*, 249 F.R.D. at 577.

Third, to the extent defendants lack knowledge of any of the topics identified in plaintiffs' deposition subpoena to Appen, the topics are plainly irrelevant. For example, defendants may not know the identity and location of all Appen employees who have performed work for defendants in any capacity, not limited to work for the Assistant software, which is the subject of topics four (4) and five (5). Guyon Decl., Ex. B at 49. But those requests are not tied to the software that is the subject of plaintiffs' claims, and even if they were, plaintiffs have no need of identifying every past or present

---

[2]        Topics two, four, five, seven, and seventeen are additionally unduly burdensome because they are not limited to the subject matter of plaintiffs' claims against defendants—the Google Assistant software—which requires that the Court at least modify, if not quash, plaintiffs' subpoena seeking testimony into these irrelevant matters.  *Moon*, 232 F.R.D. at 636 (unduly burdensome under Fed. R. Civ. P. 45(d)(3)(A)(iv) includes subpoenas seeking discovery of matters unrelated to the case).

APPEN'S MOTION TO QUASH PLAINTIFFS' DEPOSITION SUBPOENA

Appen employee with any experience with the product. During the conferences of counsel, plaintiffs' counsel stated that they sought this information to attempt to identify additional witnesses who they could subpoena or otherwise seek discovery from, which is a classic example of an impermissible fishing expedition. Guyon Decl. ¶ 18, Ex. C; *Belling v. DDP Holdings, Inc.*, No. EDCV121855MMMOPX, 2013 WL 12140986, at *3 (C.D. Cal. May 30, 2013) (quashing subpoena to produce "all personnel records" as overbroad on its face and amounting to a "fishing expedition"). Topics three (3), six (6), and twelve (12) use the omnibus terms "relating to" or "regarding," which courts have found are facially overbroad and "outside the scope of permissible discovery under Rule 26(b)(1). *Porteous v. Avila*, 121CV00529SABPC, 2022 WL 1751173, at *2 (E.D. Cal. May 31, 2022). Plaintiffs' counsel have also represented that they desire testimony to confirm that Appen has handled materials obtained from Google in a manner inconsistent with Google's instructions to Appen pursuant to the parties' contracts. Guyon Decl. ¶ 18, Ex. C. Such testimony could only be used to support a breach of contract claim against Appen by Google—it has no relation to plaintiffs' claims. While plaintiffs' counsel have expressed that they hoped to show Google's "audits" of Appen were insufficient, plaintiffs' counsel has conceded that they have failed to explore the scope and nature of any "audits" Google has performed through discovery with defendants—which again warrants quashing the deposition subpoenas unduly burdensome. *Id.*

Fourth, plaintiffs' deposition subpoena must be quashed because plaintiffs seek testimony into matters covered by the attorney-client and attorney work product privilege. *See* Fed. R. Civ. P. 45(d)(3)(a)(iii) (requiring a court to quash a subpoena that requires disclosure of "privileged or other protected matter"). Topics two (2) and three (3) seek testimony into the course of Appen's contractual negotiations with defendants, which would encompass disclosure of the privileged attorney-client advice that Appen received in connection with entering into a contractual relationship with defendants. *See Loop AI Labs Inc v. Gatti*, No. 15-CV-00798-HSG(DMR), 2016 WL 730211, at *3-4 (N.D. Cal. Feb. 24, 2016) (holding a third party's communications made in confidence for the purpose of obtaining or giving legal advice in connection with defending against a subpoena and lawsuit were protected from production based on attorney-client privilege); *Unigene Lab'ys, Inc. v. Apotex*, Inc., No. C 07-80218SI, 2007 WL 2972931, at *2-3 (N.D. Cal. Oct. 10, 2007) (concluding "that circumstances here do not justify piercing

the attorney-client privilege and . . . the Court must quash the subpoena" for the deposition of a third party because deposing the party would require her to disclose privileged attorney-client communications regarding the circumstances surrounding the drafting of the Certification Letter); *In re Insogna*, No. 3:19-CV-1589-LAB-AHG, 2020 WL 85487, at *7-8 (S.D. Cal. Jan. 3, 2020) (recognizing that attorney-client privilege "protects the confidentiality of communications between attorney and client made for the purpose of obtaining legal advice" where a third party argued their depositions should be quashed because Defendants sought testimony protected by attorney-client privilege). Topic thirteen (13) asks for Appen's undefined "understanding" of "false accepts," which would similarly encompass attorney-client advice given to Appen, including in connection with responding to plaintiffs' subpoenas. Topic eighteen (18) requires Appen to divulge its "process" in responding to plaintiffs' document subpoena, which would likewise entail a disclosure of attorney work product and attorney-client privileged advice. *Insogna,* No. 3:19-cv-1589-LAB-AHG at *18-24 (granting motion to quash defendants' subpoena for the deposition of two non-parties in a patent case because the testimony sought violated both attorney-client and work product privilege as it involved how the inventor's declarations were prepared and the prosecutorial process). Plaintiffs' subpoena seeking disclosure of these privileged matters must be quashed.[3]

## IV.    Conclusion

For the foregoing reasons, non-party Appen Butler Hill, Inc. requests an order quashing plaintiffs' deposition subpoena served on January 6, 2022.

DATED:  July 8, 2022                    GREENBERG TRAURIG, LLP

---

[3]    If the Court does not quash the deposition subpoena entirely pursuant to Fed. R. Civ. P. 45(d)(3)(A) on the grounds listed in this motion, Appen requests in the alternative that the Court issue an order modifying the subpoena in light of its objections set forth in this motion and to protect Appen from disclosing trade secrets and confidential research, development, or commercial information in connection with the services it provides to defendants pursuant to Fed. R. Civ. P. 45(d)(3)(B)(i). *Waymo LLC v. Uber Techs., Inc.*, No. 17-CV-00939-WHA(JSC), 2017 WL 2929439, at *3 (N.D. Cal. July 7, 2017) (citing Fed. R. Civ. P. 45(d)(3)(B)(i)).

By   /s/ Rebekah S. Guyon
Ian C. Ballon
Rebekah S. Guyon

Attorneys for Non-Party
APPEN BUTLER HILL INC.

APPEN'S MOTION TO QUASH PLAINTIFFS' DEPOSITION SUBPOENA