Bobbie J. Wilson, Bar No. 148317
BWilson@perkinscoie.com
Sunita Bali, Bar No. 274108
SBali@perkinscoie.com
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, California 94105
Telephone: +1.415.344.7000
Facsimile:  +1.415.344.7050


Attorneys for Defendants
ALPHABET INC. and GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE GOOGLE ASSISTANT PRIVACY LITIGATION | Case No. 5:19-cv-04286-BLF<br><br>**GOOGLE LLC AND ALPHABET INC.'S STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER DEFENDANTS' MATERIAL SHOULD BE SEALED**<br><br>Judge:   Hon. Susan van Keulen |

# STATEMENT

Pursuant to Civil Local Rules 7-11 and 79-5, Defendants Google LLC and Alphabet Inc. (collectively "Google") submit this statement in support of Plaintiffs' Administrative Motion to Consider Whether Defendants' Material Should be Sealed (ECF No. 219). Google seeks an order to file under seal narrowly tailored redactions to certain discrete, sealable portions of the parties' certain narrow portions of Plaintiffs' Discovery Letter Brief and Exhibit A thereto (ECF Nos. 219-2 and 219-3, collectively "the Sealed Materials").

Specifically, Google requests to seal the following:

| Document | Text to be Sealed | Basis for Sealing Portion of Document |
|---|---|---|
| July 15, Discovery Letter Brief (ECF No. 219-2) | Highlighted portions on page 1 | Confidential and highly sensitive proprietary and commercial information about the operation of Google Assistant. (*see* Declaration of Hailey Crowel ("Crowel Decl."), filed concurrently, ¶ 5). |
| | Highlighted portions on page 2 | Confidential and highly sensitive proprietary and commercial information about (1) the operation of Google Assistant; and (2) details of Google's understanding of the profits or losses associated with Google Assistant. (*see* Crowel Decl. ¶ 5). |
| | Highlighted portions on page 3 | Confidential and highly sensitive proprietary and commercial information about (1) the operation of Google Assistant; and (2) details of Google's understanding of the profits or losses associated with Google Assistant. (*see* Crowel Decl. ¶ 5). |
| | Highlighted portions on page 4 | Confidential and highly sensitive proprietary and commercial information about (1) the operation of Google Assistant; and (2) details of Google's understanding of the profits or losses associated with Google Assistant. (*see* Crowel Decl. ¶ 5). |
| | Highlighted portions on page 5 | Confidential and highly sensitive proprietary and commercial information about details of Google's understanding of the profits or losses associated with Google Assistant. (*see* Crowel Decl. ¶ 5). |

| Exhibit A to July 15, Discovery Letter Brief (ECF No. 219-3) | Highlighted portions of Exhibit A, pages 31, 32-33, and 35 | Confidential and highly sensitive proprietary and commercial information about details of the operation of Google Assistant. (*see* Crowel Decl. ¶ 5). |

## LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

However, "while protecting the public's interest in access to the courts, [courts] must remain mindful of the parties' right to access those same courts upon terms which will not unduly harm their competitive interest." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1228–29 (Fed. Cir. 2013). Records attached to motions that are "not related, or only tangentially related, to the merits of a case" therefore are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action."). Parties moving to seal the documents attached to such motions must meet the lower "good cause" standard of Rule 26(c). *Kamakana*, 447 F.3d at 1179 (internal quotations and citations omitted).

## ARGUMENT

Good cause exists for sealing the Sealed Materials.

*First*, information about the operation of Google Assistant is sealable because it is "confidential information regarding [Google's] research and development of its business." *Newmark Realty Cap., Inc. v. BGC Partners, Inc.*, 2018 WL 10701610, at *3 (N.D. Cal. Apr. 11, 2018) (Freeman, J.); *see also*, *e.g.*, *Space Data*, 2018 WL 10455199, at *2 (Freeman, J.) (sealing "technical, business planning and financial information, disclosure of which could cause economic harm to Space Data and provide an unfair advantage to competitors"); Crowel Decl. ¶ 5.

*Second*, Google's understanding of the profits or losses associated with Google Assistant is sealable because it is "sensitive, confidential financial information, the disclosure of which would cause competitive and business harm to [Google] because a competitor might use it to, for example, gain insight into [Google's] margins, commercial strategies, and internal operating procedures." *City of Birmingham Relief & Ret. Sys. v. Hastings*, 2019 WL 3815720, at *1 (N.D. Cal. Mar. 4, 2019), redacted opinion issued, 2019 WL 3815722 (N.D. Cal. Feb. 13, 2019) (Freeman, J.); *see also*, *e.g.*, *Space Data* 2018 WL 10455199, at *2 (N.D. Cal. Feb. 27, 2018); Crowel Decl. ¶ 5.

*Third*, the Sealed Materials are sealable because they are presented without context and in many cases selected by Plaintiffs to present an incomplete and misleading picture of Google business practices related to Google Assistant and the operation of Google Assistant. "[D]isclosure of this information without context could cause harm to Google by providing an incomplete and misleading picture of Google's practices and capabilities." *Adtrader, Inc. v. Google LLC*, No. 17-CV-07082-BLF, 2020 WL 6389186, at *2 (N.D. Cal. Feb. 24, 2020) (Freeman, J.) (sealing information on this basis).

For the reasons identified above, there is good cause for the Sealed Materials to be sealed.

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated: July 22, 2022 | **Perkins Coie LLP** |
| 3 | | By: *Sunita Bali* |
| 4 | | Bobbie J. Wilson, Bar No. 148317<br>Sunita Bali, Bar No. 274108 |

Attorneys for Defendants Alphabet Inc. and Google LLC

-4-