UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE GOOGLE ASSISTANT PRIVACY LITIGATION | Case No. 19-cv-04286-BLF (SVK)<br><br>**ORDER FOLLOWING JULY 26, 2022 DISCOVERY HEARING**<br><br>Re: Dkt. Nos. 217, 218 |

The Court held a discovery hearing by Zoom on July 26, 2022 on: (1) the Parties' joint letter brief regarding Google's Request for Production ("RFP") No. 10 (Dkt. 217); and (2) the Parties' joint letter brief regarding certain of Plaintiffs' RFPs, interrogatories, and Rule 30(b)(6) deposition of Google (Dkt. 218). For the reasons discussed at the hearing, the Court **ORDERS** as follows:

1. The Court's rulings on the dispute concerning Google's RFP No. 10 are contained in **Exhibit A.**
2. On Plaintiffs' request for a further Rule 30(b)(6) deposition of Google, the Court **ORDERS** as follows:
   a. By **July 28, 2022**, Plaintiffs must identify to Google the precise area of overlap between PROD018 and Topic 8 that Plaintiffs contend was not addressed by the witness on July 21, 2022.
   b. By **August 1, 2022**, Google must identify a Rule 30(b)(6) witness to testify on the topic identified by Plaintiffs.
   c. The Parties must then promptly meet and confer to schedule a 2-hour deposition to be completed on a weekday during normal business hours no later than **August 15, 2022.**

3. On the remaining disputes contained in Dkt. 218, the Court **ORDERS** as follows:

    a. The Parties must conduct a further, robust, good-faith meet and confer on the discovery disputes, which must be concluded by **August 12, 2022**.

    b. The first step in the meet and confer will be for Plaintiffs to respond to Google's position as set forth in its supplemental response or in the "proposed compromise" column in Ex. A to Dkt. 218.  The Court notes that Plaintiffs' existing proposed compromise is, for the most part, not sufficiently tied to Plaintiffs' RFPs.

    c. Participants in the meet and confer must include:  (1) for Google, all necessary team members with knowledge whether documents/information responsive to each disputed discovery request exist and have been provided to Plaintiffs; and (2) for Plaintiffs, all necessary team members who can explain their position that documents/information responsive to each disputed discovery request do exist and have not yet been received by Plaintiffs.

    d. Each meet and confer team must include at least one attorney for each side who is <u>fully authorized to negotiate and compromise on the discovery disputes</u>.

    e. The meet and confer may require more than one session, and each session must be conducted in person or by Zoom, not by phone or email.  Meet and confer sessions may be preceded by the exchange of lists of documents or identification of material, as helpful.

    f. The Court fully expects that this effort will substantially resolve most, if not all, of the discovery disputes.  Any remaining disputes must be submitted to the Court by **August 19, 2022.**  The submission will be joint, with each side allowed up to 5 pleading pages in support of their position.  The Parties will exchange positions in advance of the submission to the Court.  <u>All positions reflected in the joint submission must have been discussed in the meet and</u>

confer process. No position may appear for the first time in the submission. The Parties must also provide an updated Exhibit A. The Court encourages the Parties to organize their statements and revised Exhibit A by category of dispute to the extent possible. The Court will set a hearing if necessary, but any hearing likely will not take place before Labor Day.

**SO ORDERED.**

Dated: July 26, 2022

_____
SUSAN VAN KEULEN
United States Magistrate Judge