UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE GOOGLE ASSISTANT PRIVACY LITIGATION.

Case No. 19-cv-04286-BLF (SVK)

**ORDER ON ADMINISTRATIVE MOTION FOR LEAVE TO FILE UNDER SEAL**

Re: Dkt. No. 219

Before the Court is an administrative motion to file under seal materials associated with A discovery dispute in this case. Dkt. 219; *see also* Dkt. 225.

Courts recognize a "general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City & Cnty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Communs., Inc.*, 435 U.S. 589, 597 & n.7 (1978)). A request to seal court records therefore starts with a "strong presumption in favor of access." *Kamakana*, 447 F.3d at 1178 (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). The standard for overcoming the presumption of public access to court records depends on the purpose for which the records are filed with the court. A party seeking to seal court records relating to motions that are "more than tangentially related to the underlying cause of action" must demonstrate "compelling reasons" that support secrecy. *Ctr. For Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016). For records attached to motions that re "not related, or only tangentially related, to the merits of the case," the lower "good cause" standard of Rule 26(c) applies. *Id.*; *see also Kamakana*, 447 F.3d at 1179. A party moving to seal court records must also comply with the procedures established by Civil Local Rule 79-5.

Here, the "good cause" standard applies because the information the parties seek to seal was submitted to the Court in connection with a discovery-related motion, rather than a motion that concerns the merits of the case. The Court may reach different conclusions regarding sealing

these documents under different standards or in a different context. Having considered the motion to seal, supporting declaration, and the pleadings on file, and good cause appearing, the Court **GRANTS** the administrative motion for leave to file under seal as follows:

| Document | Text to be Sealed | Basis for Sealing Portion of Document |
|---|---|---|
| July 15, Discovery Letter Brief (ECF No. 219-2) | Highlighted portions on page 1 | Confidential and sensitive proprietary and commercial information about the operation of Google Assistant. |
| | Highlighted portions on page 2 | Confidential and sensitive proprietary and commercial information about (1) the operation of Google Assistant; and (2) details of Google's understanding of the profits or losses associated with Google Assistant. |
| | Highlighted portions on page 3 | Confidential and sensitive proprietary and commercial information about (1) the operation of Google Assistant; and (2) details of Google's understanding of the profits or losses associated with Google Assistant. |
| | Highlighted portions on page 4 | Confidential and sensitive proprietary and commercial information about (1) the operation of Google Assistant; and (2) details of Google's understanding of the profits or losses associated with Google Assistant. |
| | Highlighted portions on page 5 | Confidential and sensitive proprietary and commercial information about details of Google's understanding of the profits or losses associated with Google Assistant. |
| Exhibit A to July 15, Discovery Letter Brief (ECF No. 219-3) | Highlighted portions of Exhibit A, pages 31, 32-33, and 35 | Confidential and sensitive proprietary and commercial information about details of the operation of Google Assistant. |

**SO ORDERED.**

Dated: July 26, 2022

                                                                                                      _____
                                                                                                      SUSAN VAN KEULEN
                                                                                                      United States Magistrate Judge