UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ASIF KUMANDAN, et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>GOOGLE LLC, et al.,<br><br>        Defendants. | Case No. 19-cv-04286-BLF<br><br>**ORDER DENYING NON-PARTY APPEN BUTLER HILL INC.'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE VAN KEULEN WITHOUT PREJUDICE TO FILING A MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION**<br><br>[Re: ECF No. 236] |

Before the Court is non-party Appen Butler Hill Inc.'s ("Appen") motion for relief from Judge van Keulen's order granting in part and denying in part Appen's motion to quash Plaintiffs' subpoena of Appen in this privacy class action against Defendants Google LLC and Alphabet, Inc. (collectively, "Google"). *See* Motion, ECF No. 236.

Based on the below reasoning, the Court DENIES Appen's motion WITHOUT PREJUDICE to Appen filing a motion for leave to file a motion for reconsideration before Judge van Keulen.

**I.    BACKGROUND**

On January 6, 2022, Plaintiffs served Appen with subpoenas that included document requests and topics for a deposition. *See* Guyon Decl., ECF No. 236-1 ¶ 2. The document requests and deposition topics sought information regarding Appen's work transcribing audio recordings for Google. Appen moved to quash the subpoena seeking deposition testimony, arguing that (1) it was unlimited in time; (2) any relevant information it sought could be obtained from Google directly; and (3) it sought privileged information. *See* Joint Discovery Statement, ECF No. 221 at 2–3.

1    Judge van Keulen granted Appen's motion in part and denied it in part, finding that "[t]here
2    are a number of subpoenaed topics that are clearly within the exclusive knowledge, custody and
3    control of Appen and for which neither production of documents nor preparation of a witness would
4    be unduly burdensome." *See* Discovery Order, ECF No. 235 at 1–2. Judge van Keulen further
5    modified the deposition topics and requests for production, given that "some of [the] topics are not
6    relevant to the limited third-party role of Appen in this action." *See id.* at 2. Judge van Keulen
7    ordered that document production pursuant to the modified subpoena must be completed by August
8    19, 2022, and the deposition must take place by August 31, 2022. *See id.*

9    Appen now challenges portions of Judge van Keulen's order, arguing that it is erroneous and
10   contrary to law because it seeks information available from Google after the close of fact discovery
11   and in excess of the ten depositions allowed under Federal Rule of Civil Procedure 30(a)(2)(A)(i).
12   *See* Motion, ECF No. 236. The Court declined to request an opposition from Plaintiffs under
13   Civil Local Rule 72-2(d).

**II.  LEGAL STANDARD**

15   A magistrate judge's non-dispositive pretrial order may be modified or set aside if it is
16   "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "[T]he magistrate's factual
17   determinations are reviewed for clear error, and the magistrate's legal conclusions are reviewed to
18   determine whether they are contrary to law." *Perry v. Schwarzenegger*, 268 F.R.D. 344, 348
19   (N.D. Cal. 2010).

**III.  DISCUSSION**

21   Appen argues that Judge van Keulen's order "of hardly one page and with no reasoning" is
22   "erroneous and contrary to law." *See* Motion, ECF No. 236 at 1. First, Appen provides a declaration
23   from an employee indicating that Appen has no documents or information indicating that Appen
24   has accessed audio obtained with the Google Assistant Software at issue in this case. *See* Larusson
25   Decl., ECF No. 236-2 ¶ 4. Second, Appen argues that Judge van Keulen's order is erroneous
26   because it compels Appen to provide information that is available from Google. *See id.* at 3–5.
27   Appen provides evidence that it contracted with Google to transcribe audio recordings through a
28   proprietary Google tool, so even the information Judge van Keulen considered to be exclusively

2

1  within Appen's knowledge or custody could have been sought from Google. *See id.*;
2  ECF No. 237-6. Third, Appen argues that Judge van Keulen's order requires Appen to testify to
3  irrelevant topics, *i.e.*, the locations and number of Appen personnel that "work for or on behalf of
4  Google." *See* Motion, ECF No. 236 at 5. Appen argues that these topics are part of Plaintiffs'
5  fishing expedition to seek Appen employee deponents. *See id.* Fourth, Appen argues that Judge van
6  Keulen's order requires a deposition in excess of the ten allowed under Federal Rule of Civil
7  Procedure 30(a)(2). *See id.*

8      The Court disagrees with Appen. As a threshold matter, the Court notes that Appen
9  mischaracterizes Judge van Keulen's order as consisting of "hardly one page" and containing "no
10 reasoning." *See id.* at 1. Appen completely ignores the six pages Judge van Keulen provides
11 containing detailed alterations to Plaintiffs' document requests and deposition topics served on
12 Appen. *See* ECF Nos. 235-1, 235-2. Further, Appen ignores the reasoning in Judge van Keulen's
13 order. *See, e.g.*, Order, ECF No. 235 at 1–2 ("There are a number of subpoenaed topics that are
14 clearly within the exclusive knowledge, custody and control of Appen and for which neither
15 production of documents nor preparation of a witness would be unduly burdensome.");
16 ECF Nos. 235-1, 235-2. Accordingly, Judge van Keulen's order is far more than "hardly one page,"
17 and it is untrue that it contains "no reasoning."

18     Otherwise, Appen's motion appears to be based on mere disagreements with
19 Judge van Keulen's findings that are insufficient to meet Appen's burden on its motion. Appen's
20 quibbles regarding the relevance of the information sought by Plaintiffs' subpoena as modified by
21 Judge van Keulen fail to show that Judge van Keulen's order was contrary to law. Relevance
22 findings are legal conclusions that the Court reviews to determine whether they are contrary to law.
23 *See AMEC Environment & Infrastructure, Inc. v. Integral Consulting, Inc.*, No. 12–cv–01735–SC,
24 2014 WL 6601960, at *2 (N.D. Cal. Nov. 19, 2014); *Perry*, 268 F.R.D. at 348. Appen contends that
25 the locations and number of Appen personnel who perform work for or on behalf of Google is
26 relevant only as the basis for an improper "fishing expedition" to find Appen employee deponents.
27 *See* Motion, ECF No. 236 at 5. But this information also speaks to the scope of the relationship
28 between Appen and Google, which Judge van Keulen found "may be addressed in deposition." *See*

3

ECF No. 235-1 at 1. Accordingly, the Court finds that Appen's relevance challenges fail to show that any of Judge van Keulen's findings were contrary to law.

Appen's argument that the information at issue in Judge van Keulen's order is equally accessible to Google is also unavailing. Appen's argument, which pertains to the burden of Plaintiffs' document requests and deposition topics, is based on a challenge to Judge van Keulen's factual finding that "[t]here are a number of subpoenaed topics that are clearly within the exclusive knowledge, custody and control of Appen[.]" *See* Order, ECF No. 235 at 1–2. The Court reviews Judge van Keulen's factual determinations for clear error. *See Perry*, 268 F.R.D. at 348. Appen's argument appears to be based merely in a disagreement as to whether certain information is available to Google. Appen argued in its motion to quash that certain information sought from Appen was equally available to Google. *See* Joint Discovery Statement, ECF No. 221 at 2. Nonetheless, Judge van Keulen disagreed, finding that certain deposition topics are "clearly within the exclusive knowledge, custody and control of Appen." *See* Order, ECF No. 235 at 1–2. Appen fails to show that Judge van Keulen's disagreement was clear error. For example, Appen fails to show that information regarding Appen's "policies and practices"—something clearly in Appen's exclusive knowledge and custody, regardless of any arrangement with Google—is equally accessible to Google. *See* ECF Nos. 235-1, 235-2.

In support of its challenges to Judge van Keulen's relevance and burden findings, Appen provides new evidence that it did not present to Judge van Keulen regarding the relationship between Appen and Google. *See* Motion, ECF No. 236 at 3 ("Had Appen been allowed to submit declarations in support of its motion to quash it would have affirmed to the Magistrate Judge that it lacked any documents or other information evidencing that it *ever* transcribed audio recorded with the Google Assistant Software."); Larusson Decl., ECF No. 236-2; ECF No. 237-6. The Court does not see how it can consider such evidence on a motion for relief from a nondispositive pretrial order of Judge van Keulen. Appen appears to be covertly moving for reconsideration of Judge van Keulen's order based on newly offered evidence. *See Synopsys v. Atoptech*, No. 13–cv–02965–MMC, ECF No. 861 (N.D. Cal. Oct. 5, 2016) ("Plaintiff's motion for relief . . . based on evidence not previously submitted to [the magistrate judge] . . . is, in essence, a motion for

reconsideration based on newly-offered evidence."). If Appen wishes for Judge van Keulen to reconsider her prior order based on new evidence, this Order will be without prejudice to Appen filing a motion for leave to file a motion for reconsideration before Judge van Keulen. But the Court will not take Appen's improper invitation to grant relief from Judge van Keulen's order based on evidence that was not before her. Moreover, if Appen does not have responsive documents, it is free to say so in a properly verified response to the subpoena or at a deposition.

Appen also argues that any deposition in response to Plaintiffs' subpoena will be in excess of the ten depositions Plaintiffs are allowed under Federal Rule of Civil Procedure 30(a)(2)—a fact Plaintiffs "withheld" and "conceal[ed]" from Appen and Judge van Keulen. *See* Motion, ECF No. 236 at 5. Again, this appears to be new evidence appropriate to raise in a motion for reconsideration before Judge van Keulen—not a motion for relief from Judge van Keulen's nondispositive pretrial order. And it is not clear why a third party would be harmed by a presumptive limit intended to protect the litigants.

## IV. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Appen's motion is DENIED WITHOUT PREJUDICE to Appen filing a motion for leave to file a motion for reconsideration, to be presented to Magistrate Judge van Keulen.

Dated: August 25, 2022

BETH LABSON FREEMAN
United States District Judge