UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE GOOGLE ASSISTANT PRIVACY LITIGATION | Case No. 19-cv-04286-BLF<br><br>**ORDER GRANTING NON-PARTY APPEN BUTLER HILL INC.'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL**<br><br>[Re: ECF No. 237] |

Before the Court is non-party Appen Butler Hill Inc.'s ("Appen") administrative motion to file under seal documents filed in support of its motion for relief from nondispositive pretrial order of Judge van Keulen (ECF No. 236; "Motion for Relief"). *See* Motion, ECF No. 237. Appen seeks to seal in its entirety a July 1, 2016 Statement of Work ("Statement of Work") between Appen and Defendants Google LLC and Alphabet, Inc. (collectively, "Google"). Further, Appen seeks to seal portions of its Motion for Relief that quote from or summarize the Statement of Work. No opposition to Appen's sealing motion has been filed.

Based on the below reasoning, the Court GRANTS the parties' sealing motions.

**I. LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Consequently, access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101–102 (9th Cir. 2016). Filings that are only tangentially related to the merits may be sealed upon a lesser showing

of "good cause." *Id.* at 1097.

In addition, in this district, all parties requesting sealing must comply with Civil Local Rule 79-5. That rule requires, inter alia, the moving party to provide "the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient." Civ. L.R. 79-5(c)(1)(i). Further, Civil Local Rule 79-5 requires the moving party to provide "evidentiary support from declarations where necessary." Civ. L.R. 79-5(c)(1)(ii).

## II.   DISCUSSION

Appen's sealing motion pertains to filings related to non-party Appen's Motion for Relief. Since that motion is only tangentially related to the merits of the claims in the above-captioned lawsuit, the filings at issue may be sealed upon a showing of "good cause." *See Ctr. for Auto Safety*, 809 F.3d at 1097.

Appen seeks to have the Statement of Work and related portions of Motion for Relief sealed because they contain "extensive detail regarding Appen's proprietary tools and customized services performed for Google" and "detailed pricing information regarding the services that Appen provided to Google." *See* Sealing Motion, ECF No. 237 at 2. Appen provides a declaration from Director of Client Services Birkir Larusson indicating that such information is "non-public and competitively sensitive" to Appen, because it would give insight into Appen's "proprietary tools and customized workflows" as well as its "price point" in the "fierce" new industry space of "providing tools to help clients improve their artificial intelligence products." *See* Larusson Decl., ECF No. 237-1 ¶ 3. The Court finds that Appen has met the "good cause" standard for sealing the information at issue. *See, e.g.*, *In re Electronic Arts*, 298 Fed.Appx. 568, 569 (9th Cir. 2008) (finding compelling reasons for sealing "pricing terms, royalty rates, and guaranteed minimum payment terms"); *Nicolosi Distributing, Inc. v. Finishmaster, Inc.*, No. 18–cv–03587–BLF, 2018 WL 10758114, at *2 (N.D. Cal. Aug. 28, 2018) ("[C]ompelling reasons exist [to seal three contracts] because they contain proprietary and confidential business information, including potential trade secrets and business practices, such as product rates and purchase requirements."). Accordingly, the Court rules as

1  follows on Appen's sealing requests:

| ECF No. | Document | Portions to Seal | Ruling |
|---|---|---|---|
| 237-6 | July 1, 2016 Statement of Work between Appen and Google | Entirety of document | GRANTED, as confidential business and financial information of Appen. |
| 236 | Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge | Highlighted portions at:<br>• 2:2–2:4<br>• 2:6–2:7<br>• 4:3–4:8<br>• 4:12<br>• 4:18–4:23<br>• 5:7–5:10 | GRANTED, as confidential business and financial information of Appen. |

## III. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Appen's sealing motion is GRANTED.

Dated: August 26, 2022

_____
BETH LABSON FREEMAN
United States District Judge