1

2

3                    **UNITED STATES DISTRICT COURT**

4                  **NORTHERN DISTRICT OF CALIFORNIA**

5                          **SAN JOSE DIVISION**

6

7     ASIF KUMANDAN, et al.,                 Case No.  19-cv-04286-BLF

8                    Plaintiffs,
                                             **ORDER GRANTING IN PART AND**
9          v.                                **DENYING IN PART PLAINTIFFS'**
                                             **ADMINISTRATIVE MOTION TO FILE**
10    GOOGLE LLC, et al.,                     **DOCUMENTS UNDER SEAL**

11                   Defendants.              [Re: ECF No. 223]

12

13          Before the Court is Plaintiffs' administrative motion seeking to seal documents submitted

14    with Plaintiffs' Motion for Class Certification.  *See* ECF No. 223.  Defendants Google LLC and

15    Alphabet Inc. (together "Google") submitted a statement in support.  *See* ECF No. 226.  Plaintiffs

16    did not respond to Defendants' statement.  For the reasons stated below, the motion is GRANTED

17    IN PART and DENIED IN PART.

18    **I.      LEGAL STANDARD**

19          "Historically, courts have recognized a 'general right to inspect and copy public records and

20    documents, including judicial records and documents.'"  *Kamakana v. City and Cnty. of Honolulu*,

21    447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597

22    & n.7 (1978)).  Consequently, filings that are "more than tangentially related to the merits of a case"

23    may be sealed only upon a showing of "compelling reasons" for sealing.  *Ctr. for Auto Safety v.*

24    *Chrysler Grp., LLC*, 809 F.3d 1092, 1101-02 (9th Cir. 2016).  Filings that are only tangentially

25    related to the merits may be sealed upon a lesser showing of "good cause."  *Id.* at 1097.

26          "Under the compelling reasons standard, a district court must weigh relevant factors, base

27    its decision on a compelling reason, and articulate the factual basis for its ruling, without relying on

28    hypothesis or conjecture."  *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 679 (9th Cir.

*United States District Court*
*Northern District of California*

2010) (internal quotation marks omitted).  "In general, compelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might . . . become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets."  *Algarin v. Maybelline, LLC*, No. 12CV3000 AJB DHB, 2014 WL 690410, at *2 (S.D. Cal. Feb. 21, 2014) (internal quotation marks omitted).  "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records."  *Kamakana*, 447 F.3d at 1179. Courts have found that a party has demonstrated compelling reasons warranting sealing where "confidential business material, marketing strategies, product development plans could result in improper use by business competitors seeking to replicate [the company's] business practices and circumvent the time and resources necessary in developing their own practices and strategies."  *Algarin*, 2014 WL 690410, at *3.

Sealing motions filed in this district also must be "narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)."  Civil L.R. 79-5(b).  Under Civil Local Rule 79-6(d), the submitting party must attach a "proposed order that is narrowly tailored to seal only the sealable material" which "lists in table format each document or portion thereof that is sought to be sealed."  In addition, a party moving to seal a document in whole or in part must file a declaration establishing that the identified material is "sealable."  Civ. L.R. 79-5(d)(1)(A). "Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable."  *Id.* Where the moving party requests sealing of documents because they have been designated confidential by another party or a non-party under a protective order, the burden of establishing adequate reasons for sealing is placed on the designating party or non-party. Civ. L.R. 79-5(e).  The moving party must file a proof of service showing that the designating party or non-party has been given notice of the motion to seal.  *Id.*  "Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration . . . establishing that all of the designated material is sealable." Civ. L.R. 79-5(e)(1). "If the Designating Party does not file a

2

1   responsive declaration . . . and the Administrative Motion to File Under Seal is denied, the
2   Submitting Party may file the document in the public record no earlier than 4 days, and no later than
3   10 days, after the motion is denied."  Civ. L.R. 79-5(e)(2).

## II.   DISCUSSION

This Court follows numerous other district courts within the Ninth Circuit in concluding that the compelling reasons standard applies to motions to seal documents relating to class certification. *See, e.g., Yan Mei Zheng v. Toyota Motor Corp.*, No. 17-CV-06591-BLF, 2019 WL 6841324, at *1 (N.D. Cal. Dec. 16, 2019); *Wetzel v. CertainTeed Corp.*, No. C16-1160JLR, 2019 WL 1236859, at *3 (W.D. Wash. Mar. 18, 2019) ("[S]ince Chrysler, district courts that have addressed the issue have regularly found that the compelling reasons standard applies to motions to seal exhibits attached to motions for class certification."); *McCurley v. Royal Seas Cruises*, Inc., No. 17-CV-00986-BAS-AGS, 2018 WL 3629945, at *2 (S.D. Cal. July 31, 2018) ("[C]ourts apply the compelling reasons standard to a motion to seal a document filed in connection with a motion for class certification."); *In re Seagate Tech. LLC*, 326 F.R.D. 223, 246 (N.D. Cal. 2018) (applying compelling reasons standard to documents relating to class certification); *Weisberg v. Takeda Pharm. U.S.A., Inc.*, No. CV 18-784 PA (JCX), 2018 WL 6252458, at *2 (C.D. Cal. July 3, 2018) ("Because the Motion for Class Certification is more than tangentially related to the merits of the case, the compelling reasons standard applies in determining whether to grant the Application to Seal.").

Plaintiffs move to file documents or portions of documents under seal as part of its motion for class certification because Google has designated these documents as "Confidential" or "Highly Confidential" pursuant to the parties' protective order.  *See* ECF No. 223 ¶¶ 5-7.  Plaintiffs also state that one of the documents contains proprietary analysis and study design."  *Id.* ¶ 6.

Google argues that compelling reasons exist for sealing portions of the submitted materials. ECF No. 226, at 8.  Google argues that portions of documents containing (1) information about the operation of Google Assistant are sealable because, if disclosed, could be a source of non-public technical and business information that competitors could use to harm Google's competitive standing; (2) details of business opportunities and risks are sealable because they contain technical business planning and financial information that, if disclosed, could cause economic harm to Google

United States District Court
Northern District of California

3

1  and provide an unfair advantage to competitors; and (3) information concerning the profits and

2  losses associated with Google Assistant are sealable because they contain sensitive, confidential

3  financial information that, if disclosed, could cause Google competitive harm.  *Id.* at 8-9.  Google

4  further argues that the portions of the documents Google seeks to seal are sealable because their

5  disclosure without context could cause harm to Google by providing an incomplete and misleading

6  picture of Google's practices and capabilities.  *Id.* at 9.

7          The Court finds that Google has demonstrated compelling reasons for sealing the portions

8  of documents as set forth below.

9

| ECF No. | Document | Portions to Seal | Result and Reasoning |
|---|---|---|---|
| ECF No. 223-3 | Plaintiffs' Memorandum of Law ISO Motion for Class Certification | Highlighted portions on pages i, 2, 4-13, 15, 17-22 | GRANTED.  These portions of the document contain confidential and commercial information about (1) the operation of Google Assistant; (2) business opportunities and risk; and (3) details of Google's understanding of the profits or losses associated with Google assistant.  Decl. of Nino Tasca ("Tasca Decl.") ¶¶ 3, 5, ECF No. 226-1. |
| ECF No. 223-4 | Declaration of Margaret MacLean, Exhibit 2 (GOOG-ASST-00232470) | Document | GRANTED.  This document contains confidential and highly sensitive proprietary and commercial information about the operation of Google Assistant.  Tasca Decl. ¶¶ 3, 5. |
| ECF No. 223-4 | Declaration of Margaret MacLean, Exhibit 3 (GOOG-ASST-03004766) | Document | GRANTED.  This document contains confidential and highly sensitive proprietary and commercial information about the operation of Google Assistant.  Tasca Decl. ¶¶ 3, 5. |
| ECF No. 223-4 | Declaration of Margaret MacLean, Exhibit 4 (GOOG-ASST-00236429) | Document | GRANTED.  This document contains confidential and highly sensitive proprietary and commercial information about the operation of Google Assistant.  Tasca Decl. ¶¶ 3, 5. |
| ECF No. 223-4 | Declaration of Margaret MacLean, | Document | GRANTED.  This document contains confidential and |

| | | | |
|---|---|---|---|
| | Exhibit 5 (GOOG-ASST-00245866) | | highly sensitive proprietary and commercial information about the operation of Google Assistant.  Tasca Decl. ¶¶ 3, 5. |
| ECF No. 223-4 | Declaration of Margaret MacLean, Exhibit 6 (GOOG-ASST-00245987) | Document | GRANTED.  This document contains confidential and highly sensitive proprietary and commercial information about the operation of Google Assistant.  Tasca Decl. ¶¶ 3, 5. |
| ECF No. 223-4 | Declaration of Margaret MacLean, Exhibit 7 (GOOG-ASST-00256229) | Document | GRANTED.  This document contains confidential and highly sensitive proprietary and commercial information about the operation of Google Assistant.  Tasca Decl. ¶¶ 3, 5. |
| ECF No. 223-4 | Declaration of Margaret MacLean, Exhibit 8 (GOOG-ASST-02981998) | Document | GRANTED.  This document contains confidential and highly sensitive proprietary and commercial information about the operation of Google Assistant.  Tasca Decl. ¶¶ 3, 5. |
| ECF No. 223-4 | Declaration of Margaret MacLean, Exhibit 9 (GOOG-ASST-00221881) | Document | GRANTED.  This document contains confidential and highly sensitive proprietary and commercial information about the operation of Google Assistant.  Tasca Decl. ¶¶ 3, 5. |
| ECF No. 223-4 | Declaration of Margaret MacLean, Exhibit 10 (GOOG-ASST-00001303) | Document | GRANTED.  This document contains confidential and highly sensitive proprietary and commercial information about the operation of Google Assistant.  Tasca Decl. ¶¶ 3, 5. |
| ECF No. 223-4 | Declaration of Margaret MacLean, Exhibit 11 (GOOG-ASST-00257457) | Document | GRANTED.  This document contains confidential and highly sensitive proprietary and commercial information about the operation of Google Assistant.  Tasca Decl. ¶¶ 3, 5. |
| ECF No. 223-4 | Declaration of Margaret MacLean, Exhibit 12 (GOOG-ASST-00228874) | Document | GRANTED.  This document contains confidential and highly sensitive proprietary information about business opportunities and risks.  Tasca Decl. ¶¶ 3, 5. |
| ECF No. 223-4 | Declaration of Margaret MacLean, | Document | GRANTED.  This document contains confidential and |

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

|  |  |  |  |
|---|---|---|---|
|  | Exhibit 13 (GOOG-ASST-03045622) |  | highly sensitive proprietary and commercial information about the profits or losses of Google Assistant.  Tasca Decl. ¶¶ 3, 5. |
| ECF No. 223-4 | Declaration of Margaret MacLean, Exhibit 14 (GOOG-ASST-03045632) | Document | GRANTED.  This document contains confidential and highly sensitive proprietary and commercial information about the profits or losses of Google Assistant.  Tasca Decl. ¶¶ 3, 5. |
| ECF No. 223-4 | Declaration of Margaret MacLean, Exhibit 15 (GOOG-ASST-00233284) | Document | GRANTED.  This document contains confidential and highly sensitive proprietary and commercial information about the operation of Google Assistant.  Tasca Decl. ¶¶ 3, 5. |
| ECF No. 223-4 | Declaration of Margaret MacLean, Exhibit 16 (GOOG-ASST-00244130) | Document | GRANTED.  This document contains confidential and highly sensitive proprietary and commercial information about the operation of Google Assistant.  Tasca Decl. ¶¶ 3, 5. |
| ECF No. 223-4 | Declaration of Margaret MacLean, Exhibit 17 (GOOG-ASST-03026660) | Document | GRANTED.  This document contains confidential and highly sensitive proprietary and commercial information about the operation of Google Assistant.  Tasca Decl. ¶¶ 3, 5. |
| ECF No. 223-4 | Declaration of Margaret MacLean, Exhibit 18 (GOOG-ASST-00231206) | Document | GRANTED.  This document contains confidential and highly sensitive proprietary and commercial information about the operation of Google Assistant.  Tasca Decl. ¶¶ 3, 5. |
| ECF No. 223-4 | Declaration of Margaret MacLean, Exhibit 19 (GOOG-ASST-00003331) |  | DENIED.  Google did not request the sealing of this document. |
| ECF No. 223-4 | Declaration of Margaret MacLean, Exhibit 20 (GOOG-ASST-00031411) | Document | GRANTED.  This document contains confidential and highly sensitive proprietary and commercial information about the operation of Google Assistant.  Tasca Decl. ¶¶ 3, 5. |
| ECF No. 223-4 | Declaration of Margaret MacLean, | Document | GRANTED.  This document contains confidential and |

United States District Court
Northern District of California

| | | | |
|---|---|---|---|
| | Exhibit 21 (GOOG-ASST-03026477) | | highly sensitive proprietary and commercial information about the operation of Google Assistant.  Tasca Decl. ¶¶ 3, 5. |
| ECF No. 223-4 | Declaration of Margaret MacLean, Exhibit 22 (GOOG-ASST-03026503) | Document | GRANTED.  This document contains confidential and highly sensitive proprietary and commercial information about the operation of Google Assistant.  Tasca Decl. ¶¶ 3, 5. |
| ECF No. 223-4 | Declaration of Margaret MacLean, Exhibit 23 (GOOG-ASST-03026518) | Document | GRANTED.  This document contains confidential and highly sensitive proprietary and commercial information about the operation of Google Assistant.  Tasca Decl. ¶¶ 3, 5. |
| ECF No. 223-4 | Declaration of Margaret MacLean, Exhibit 24 (GOOG-ASST-00003555) | Document | GRANTED.  This document contains confidential and highly sensitive proprietary and commercial information about the operation of Google Assistant.  Tasca Decl. ¶¶ 3, 5. |
| ECF No. 223-4 | Declaration of Margaret MacLean, Exhibit 28 (GOOG-ASST-03036619) | Document | DENIED.  Google states that the document "[c]ontains information considered confidential by Plaintiffs Melissa Spurr."  ECF No. 226, at 4.  Plaintiffs state that the document was "[d]esignated by Google as 'Confidential' pursuant to the Protective Order."  ECF No. 223, at 3.  Neither statement provides adequate justification to seal the document. |
| ECF No. 223-4 | Declaration of Margaret MacLean, Exhibit 29 (GOOG-ASST-03026521) | Document | GRANTED.  This document contains confidential and highly sensitive proprietary and commercial information about the operation of Google Assistant.  Tasca Decl. ¶¶ 3, 5. |
| ECF No. 223-4 | Declaration of Margaret MacLean, Exhibit 30 (GOOG-ASST-03026522) | Document | GRANTED.  This document contains confidential and highly sensitive proprietary and commercial information about the operation of Google Assistant.  Tasca Decl. ¶¶ 3, 5. |
| ECF No. 223-4 | Declaration of | Document | GRANTED.  This document |

7

United States District Court
Northern District of California

|  |  |  |  |
|---|---|---|---|
|  | Margaret MacLean, Exhibit 31 (GOOG-ASST-03034181) |  | contains confidential and highly sensitive proprietary and commercial information about the operation of Google Assistant.  Tasca Decl. ¶¶ 3, 5. |
| ECF No. 223-4 | Declaration of Margaret MacLean, Exhibit 32 (GOOG-ASST-03037485) | Document | GRANTED.  This document contains confidential and highly sensitive proprietary and commercial information about the operation of Google Assistant.  Tasca Decl. ¶¶ 3, 5. |
| ECF No. 223-4 | Declaration of Margaret MacLean, Exhibit 33 (GOOG-ASST-00001403) | Document | GRANTED.  This document contains confidential and highly sensitive proprietary and commercial information about the operation of Google Assistant.  Tasca Decl. ¶¶ 3, 5. |
| ECF No. 223-4 | Declaration of Margaret MacLean, Exhibit 34 (GOOG-ASST-00217138) | Document | GRANTED.  This document contains confidential and highly sensitive proprietary and commercial information about the operation of Google Assistant.  Tasca Decl. ¶¶ 3, 5. |
| ECF No. 223-4 | Declaration of Margaret MacLean, Exhibit 35 (GOOG-ASST-03030779) | Document | GRANTED.  This document contains confidential and highly sensitive proprietary and commercial information about the operation of Google Assistant and contains personally identifiable information of Plaintiff Robert Spurr.  Tasca Decl. ¶¶ 3, 5. |
| ECF No. 223-4 | Declaration of Margaret MacLean, Exhibit 36 (GOOG-ASST-00023627) | Document | GRANTED.  This document contains confidential and highly sensitive proprietary and commercial information about the operation of Google Assistant.  Tasca Decl. ¶¶ 3, 5. |
| ECF No. 223-4 | Declaration of Margaret MacLean, Exhibit 37 (GOOG-ASST-03030863) | Document | DENIED.  Google states that the document "[c]ontains information considered confidential by Plaintiff Steven Robert Spurr."  ECF No. 226, at 5.  Plaintiffs state that the document was "[d]esignated by Google as 'Confidential' pursuant to the Protective Order."  ECF No. 223, at 4. |

United States District Court
Northern District of California

| | | | Neither statement provides adequate justification to seal the document. |
|---|---|---|---|
| ECF No. 223-4 | Declaration of Margaret MacLean, Exhibit 38 (GOOG-ASST-03030950) | Document | DENIED.  Google states that the document "[c]ontains information considered confidential by Plaintiff Steven Robert Spurr."  ECF No. 226, at 5.  Plaintiffs state that the document was "[d]esignated by Google as 'Confidential' pursuant to the Protective Order."  ECF No. 223, at 4.  Neither statement provides adequate justification to seal the document. |
| ECF No. 223-4 | Declaration of Margaret MacLean, Exhibit 39 (GOOG-ASST-00232904) | Document | GRANTED.  This document contains confidential and highly sensitive proprietary and commercial information about business opportunities and risks.  Tasca Decl. ¶¶ 3, 5. |
| ECF No. 223-4 | Declaration of Margaret MacLean, Exhibit 40 (GOOG-ASST-00025679) | Document | GRANTED.  This document contains confidential and highly sensitive proprietary and commercial information about the operation of Google Assistant.  Tasca Decl. ¶¶ 3, 5. |
| ECF No. 223-4 | Declaration of Margaret MacLean, Exhibit 41 (GOOG-ASST-00022753) | Document | GRANTED.  This document contains confidential and highly sensitive proprietary and commercial information about the operation of Google Assistant.  Tasca Decl. ¶¶ 3, 5. |
| ECF No. 223-4 | Declaration of Margaret MacLean, Exhibit 43 (GOOG-ASST-00217177) | Document | GRANTED.  This document contains confidential and highly sensitive proprietary information about business opportunities and risks.  Tasca Decl. ¶¶ 3, 5. |
| ECF No. 223-4 | Declaration of Margaret MacLean, Exhibit 44 (GOOG-ASST-02989251) | Document | GRANTED.  This document contains confidential and highly sensitive proprietary and commercial information about the operation of Google Assistant.  Tasca Decl. ¶¶ 3, 5. |
| ECF No. 223-4 | Declaration of Margaret MacLean, | Document | GRANTED.  This document contains confidential and |

United States District Court
Northern District of California

| | | | |
|---|---|---|---|
| | Exhibit 45 (GOOG-ASST-00256167) | | highly sensitive proprietary information about business opportunities and risks.  Tasca Decl. ¶¶ 3, 5. |
| ECF No. 223-4 | Declaration of Margaret MacLean, Exhibit 46 (GOOG-ASST-00244117) | Document | GRANTED.  This document contains confidential and highly sensitive proprietary and commercial information about the operation of Google Assistant.  Tasca Decl. ¶¶ 3, 5. |
| ECF No. 223-4 | Declaration of Margaret MacLean, Exhibit 47 (Excerpts from the deposition of Francoise Beaufays dated April 22, 2022) | Document | GRANTED.  This document contains confidential and highly sensitive proprietary and commercial information about the operation of Google Assistant.  Tasca Decl. ¶¶ 3, 5. |
| ECF No. 223-4 | Declaration of Margaret MacLean, Exhibit 48 (Excerpts from the deposition of Francoise Beaufays dated April 12, 2022) | Document | GRANTED.  This document contains confidential and highly sensitive proprietary and commercial information about the operation of Google Assistant.  Tasca Decl. ¶¶ 3, 5. |
| ECF No. 223-4 | Declaration of Margaret MacLean, Exhibit 49 (Excerpts from the deposition of Francoise Beaufays dated April 22, 2022) | Document | GRANTED.  This document contains confidential and highly sensitive proprietary and commercial information about the operation of Google Assistant.  Tasca Decl. ¶¶ 3, 5. |
| ECF No. 223-4 | Declaration of Margaret MacLean, Exhibit 50 (Excerpts from the deposition of Brian Horling) | Document | GRANTED.  This document contains confidential and highly sensitive proprietary and commercial information about the operation of Google Assistant.  Tasca Decl. ¶¶ 3, 5. |
| ECF No. 223-4 | Declaration of Margaret MacLean, Exhibit 51 (Excerpts from the deposition of Caroline Kenny) | Document | GRANTED.  This document contains confidential and highly sensitive proprietary and commercial information about the operation of Google Assistant.  Tasca Decl. ¶¶ 3, 5. |
| ECF No. 223-4 | Declaration of Margaret MacLean, Exhibit 52 (Excerpts from the deposition of Terry Tai) | Document | GRANTED.  This document contains confidential and highly sensitive proprietary and commercial information about the operation of Google |

| | | | Assistant.  Tasca Decl. ¶¶ 3, 5. |
|---|---|---|---|
| ECF No. 223-4 | Declaration of Margaret MacLean, Exhibit 53 (Excerpts from the deposition of Mary Ioannidis) | Document | GRANTED.  This document contains confidential and highly sensitive proprietary and commercial information about the operation of Google Assistant.  Tasca Decl. ¶¶ 3, 5. |
| ECF No. 223-4 | Declaration of Margaret MacLean, Exhibit 54 (Excerpts from the deposition of Nino Tasca) | Document | GRANTED.  This document contains confidential and highly sensitive proprietary and commercial information about the operation of Google Assistant.  Tasca Decl. ¶¶ 3, 5. |
| ECF No. 223-4 | Declaration of Margaret MacLean, Exhibit 57 (Declaration of F. Torres in Support of Plaintiffs' Motion for Class Certification) | Highlighted portion on pages 9-10, 15, 20-21, 26, 30-36 | GRANTED.  This highlighted portions reflect confidential and highly sensitive proprietary and commercial information about (1) the operation of Google Assistant' and (2) details of Google's understanding of the profits or losses associated with Google Assistant.  Tasca Decl. ¶¶ 3, 5. |
| ECF No. 223-4 | Declaration of Margaret MacLean, Exhibit 58 (Declaration of Rebecca Reed-Arthurs in Support of Plaintiffs' Motion for Class Certification) | Document | GRANTED.  This highlighted portions reflect confidential and highly sensitive proprietary and commercial information about (1) the operation of Google Assistant' (2) business opportunities and risks; and (3) details of Google's understanding of the profits or losses associated with Google Assistant.  Tasca Decl. ¶¶ 3, 5. |

///
///
///
///
///
///
///
///
///
///

United States District Court
Northern District of California

### III.    CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART Plaintiff's Administrative Motion to Seal (ECF No. 223).  Within ten (10) days of this order, Plaintiffs SHALL file public, non-redacted versions of Exhibits 19, 28, 37, and 38 to the Declaration of Margaret MacLean filed at ECF No. 223-4, except that Plaintiffs SHALL redact information consistent with Federal Rule of Civil Procedure 5.2.

**IT IS SO ORDERED.**

Dated:  September 16, 2022

BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California

12