Mark N. Todzo (Bar No. 168389)
Eric S. Somers (Bar No. 139050)
LEXINGTON LAW GROUP
503 Divisadero Street
San Francisco, CA 94117
Telephone: 415-913-7800
mtodzo@lexlawgroup.com
somers@lexlawgroup.com

*Attorney for Plaintiffs*
ASIF KUMANDAN, MELISSA SPURR,
MELISSA SPURR, as guardian of B.S., a minor,
LOURDES GALVAN, and ELEEANNA GALVAN

[Additional counsel on signature page.]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE GOOGLE ASSISTANT PRIVACY LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Master Docket No.: 5:19-cv-04286-BLF<br><br>**PLAINTIFFS' OPPOSITION TO MOTION FOR RECONSIDERATION OF THIRD-PARTY DISCOVERY ORDER OF MAGISTRATE JUDGE**<br><br>COMPLAINT FILED: July 25, 2019<br><br>Dept.: Courtroom 3-5th Floor<br>Judge: Honorable Beth Labson Freeman<br>Magistrate Judge: Susan Van Keulen |

Plaintiffs Asif Kumandan, Melissa Spurr, Melissa Spurr as guardian of B.S. a minor, Lourdes Galvan, and Eleeanna Galvan ("Plaintiffs") hereby respond to the Motion for Reconsideration of Third-Party Discovery Order of Magistrate Judge by third-party Appen Butler Hill ("Appen") to the Order on Joint Discovery Submission entered on July 28, 2022 (ECF No. 235) (the "Order"). Plaintiffs respectfully submit the Order was correct in all regards, and Appen's Motion for Reconsideration should be denied.

## BACKGROUND

This dispute arises out of a third-party subpoena issued to Appen. During discovery in this action, Plaintiffs identified Appen as a Google contractor involved in the analysis, processing, and/or review of users' audio recordings made by Google Assistant enabled devices. Despite its status as a percipient witness to the circumstances giving rise to this action, Appen objected to all aspects of the subpoena, broadly arguing that it should not have to produce any documents or provide any testimony.

Following a lengthy meet and confer on the propriety of the subpoena, this dispute initially came before the Court via joint discovery submission (ECF No. 212). In addition to reviewing the parties' joint submission, the Court also reviewed the challenged subpoena itself, including the actual requests for production and topics for deposition contained therein. After the joint discovery submission was filed, Plaintiffs were ordered to provide Word versions of the document requests and deposition topics so the Court could incorporate its modifications into the Order. ECF No. 233. Following its close review of the record, the Court issued the Order, setting forth appropriate parameters for a limited document production and narrow deposition.

The Order correctly ruled that Plaintiffs' subpoena requests information that is "within the exclusive knowledge, custody and control of Appen and for which neither production of documents nor preparation of a witness would be unduly burdensome." Order at 2. The Court also ruled, however, that some of the subpoenaed topics are not relevant to the limited third-party role of Appen. In so ruling, the Court modified the language of the requests for production and topics for deposition to make them far narrower than the original subpoena. This ruling was fully within the Court's broad discretion to make discovery rulings.

1

PLAINTIFFS' OPPOSITION TO MOTION FOR RECONSIDERATION OF THIRD-PARTY DISCOVERY ORDER OF MAGISTRATE JUDGE – CASE NO.: 5:19-cv-04286-BLF

Following the Order, Appen filed objections with Judge Freeman. Judge Freeman overruled the objections, rejected every argument asserted by Appen, but allowed Appen to file a motion for reconsideration with the Magistrate. *See* ECF No. 250.

**ARGUMENT**

Motions for reconsideration are generally disfavored and "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (per curiam). Moreover, motions for reconsideration are "'to be used sparingly in the interests of finality and conservation of judicial resources.'" *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003).[1] Similarly, motions for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

Appen fails to identify any intervening change in governing law. Nor does Appen identify any "newly discovered" evidence. Instead, Appen now presents evidence that it had when the parties briefed the original discovery dispute. Indeed, Appen impermissibly uses its motion for reconsideration to present new arguments and present new evidence when it reasonably could have presented such evidence during the initial briefing. *See* ECF No. 250 at 4 ("Appen appears to be covertly moving for reconsideration of Judge van Keulen's order based on newly offered evidence."). If Appen wanted to submit its Statement of Work in connection with the discovery dispute, it should have sought leave of Court. *See* Civil and Discovery Referral Matters Standing Order Magistrate Judge Susan van Keulen, ¶8.

The Court here did not commit clear error. Ordering Appen to comply with a narrowly tailored set of document requests and deposition topics was within the Court's broad discretion to make discovery rulings. Indeed, given Appen's status as a percipient witness with knowledge of the facts and circumstances giving rise to this action, Appen faces a "heavy burden" under "the liberal discovery

---

[1] Unless otherwise indicated, citations are omitted and emphasis is added.

principles of the Federal Rules" if it is to completely avoid sitting for a deposition. *See Phase Four Indus., Inc. v. Marathon Coach, Inc.*, No. C-04-4801 JW PVT, 2007 WL 2429448, at *1 (N.D. Cal. Aug. 23, 2007); *Cannon v. Austal USA LLC*, No. 15CV2582-CAB (BLM), 2017 WL 2908772, at *6 (S.D. Cal. July 7, 2017) (allowing depositions over objections based on burden and duplication); *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975) ("[A] strong showing is required before a party will be denied entirely the right to take a deposition."); *see also Apple Inc. v. Samsung Elecs. Co., Ltd*, 282 F.R.D. 259, 263 (N.D. Cal. 2012) ("it is very unusual for a 'court to prohibit the taking of a deposition altogether absent extraordinary circumstances'").

Here, Appen has not come close to demonstrating that the Court committed "clear error." The Court reviewed the relevant record and made a fair ruling well within its discretion. The Court even edited the Word versions of the document requests and deposition topics to make them substantially narrower, taking into account Appen's role as a third-party. Indeed, Judge Freeman correctly summarized Appen's motion as "based on mere disagreements with Judge van Keulen's findings that are insufficient to meet Appen's burden[.]" ECF No. 250 at 3.

Although Appen broadly argues Plaintiffs should just obtain evidence from Google, Plaintiffs are within their right to subpoena relevant third-party witnesses. Without insight into the sources of documentation that Appen has, Plaintiffs are unable to judge the accuracy of Appen's claims of burden or overlap. And, as confirmed by Judge Freeman, "Appen fails to show that information regarding Appen's 'policies and practices'—something clearly in Appen's exclusive knowledge and custody, regardless of any arrangement with Google—is equally accessible to Google." ECF No. 250 at 4.

While Appen makes much of the procedural posture of this case, fact discovery is reopened while Plaintiffs prepare their reply in support of class certification. And although summary judgment proceedings have been temporarily adjourned, Plaintiffs are still in the process of preparing their opposition Google's anticipated motion for summary judgment and otherwise preparing for trial. Finally, while Plaintiffs never withheld or concealed the number of depositions that have been taken in this case, "it is not clear why a third party would be harmed by a presumptive limit intended to protect the litigants." ECF No. 250 at 5.

3

PLAINTIFFS' OPPOSITION TO MOTION FOR RECONSIDERATION OF THIRD-PARTY DISCOVERY ORDER OF MAGISTRATE JUDGE – CASE NO.: 5:19-cv-04286-BLF

# CONCLUSION

The Court correctly applied the legal standards pertaining to third party discovery in finding that a limited set of documents be produced and that a deposition be held with narrow topics. Appen identifies no clear error, no intervening change in law, nor any newly discovered evidence. For the foregoing reasons, Plaintiffs respectfully request that the Court deny Appen's Motion for Reconsideration of the Third-Party Discovery Order.

Dated: September 19, 2022     Respectfully submitted,

 *s/ John T. Jasnoch*
John T. Jasnoch (Bar No. 281605)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
600 W. Broadway, Suite 3300
San Diego, CA 92101
Telephone: (619) 233-4565
jjasnoch@scott-scott.com

Joseph P. Guglielmo (*pro hac vice*)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169-1820
Telephone: (212) 223-6444
jguglielmo@scott-scott.com

Erin Green Comite (*pro hac vice*)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
156 South Main Street
P.O. Box 192
Colchester, CT 06415
Telephone: (860) 537-5537
ecomite@scott-scott.com

Mark N. Todzo (Bar No. 168389)
Eric S. Somers (Bar No. 139050)
**LEXINGTON LAW GROUP**
503 Divisadero Street
San Francisco, CA 94117
Telephone: (415) 913-7800
mtodzo@lexlawgroup.com

|   |   |
|---|---|
| 1 | Vincent Briganti (*pro hac vice*) |
|   | Christian Levis (*pro hac vice*) |
| 2 | Margaret MacLean (*pro hac vice*) |
|   | Andrea Farah (*pro hac vice*) |
| 3 | **LOWEY DANNENBERG, P.C.** |
|   | 44 South Broadway, Suite 1100 |
| 4 | White Plains, NY 10601 |
|   | Telephone: (914) 997-0500 |
| 5 | vbriganti@lowey.com |
| 6 | clevis@lowey.com |
|   | mmaclean@lowey.com |
| 7 | afarah@lowey.com |

*Attorneys for Plaintiffs*

5

PLAINTIFFS' OPPOSITION TO MOTION FOR RECONSIDERATION OF THIRD-PARTY DISCOVERY ORDER
OF MAGISTRATE JUDGE  –  Case No.: 5:19-cv-04286-BLF

**CERTIFICATE OF SERVICE**

I hereby certify that on September 19, 2022, I electronically filed the foregoing Plaintiffs' Opposition to Motion for Reconsideration of Third-Party Discovery Order of Magistrate Judge using the CM/ECF system, which will send notification of such filing to all counsel of record registered in the CM/ECF system. I also caused a copy of the foregoing document to be served via email on counsel of record for all parties.

                         s/ *John T. Jasnoch*
                         JOHN T. JASNOCH