1  Bobbie J. Wilson, Bar No. 148317
   BWilson@perkinscoie.com
2  Sunita Bali, Bar No. 274108
   SBali@perkinscoie.com
3  PERKINS COIE LLP
   505 Howard Street, Suite 1000
4  San Francisco, California 94105
   Telephone: +1.415.344.7000
5  Facsimile:  +1.415.344.7050

6
   Attorneys for Defendants,
7  Alphabet Inc. and Google LLC

8                           UNITED STATES DISTRICT COURT

9                          NORTHERN DISTRICT OF CALIFORNIA

10                                   SAN JOSE DIVISION

11

12

13 | IN RE GOOGLE ASSISTANT PRIVACY LITIGATION | Case No. 5:19-cv-04286-BLF
14 | | **DEFENDANTS' MOTION FOR CLARIFICATION AND FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OF ORDER VACATING TRIAL; TERMINATING MOTION FOR SUMMARY JUDGMENT WITHOUT PREJUDICE (DKT. 267)**
15 | |
16 | |
17 | |
18 | | Judge:    Hon. Beth Labson Freeman

Defendants Google LLC and Alphabet Inc. (collectively "Google") respectfully request:

(1) Clarification of the Court's September 13, 2022 Order Vacating Trial; Terminating Motion for Summary Judgment Without Prejudice (Dkt. 267, "Order"), as to whether it vacates *Daubert* motion deadlines; and

(2) Leave to file a Motion for Reconsideration of the portion of the Order terminating Google's Motion for Summary Judgment, in the form attached as Exhibit A.

## BACKGROUND

On March 29, 2022, the Court entered a scheduling order (Dkt. 161) setting these dispositive motion and *Daubert* motion deadlines:

| | |
|---|---|
| Deadline to File Dispositive Motions | 08/22/2022 |
| Opposition to Dispositive Motions | 9/15/2022 |
| Deadline to File *Daubert* Motions | 9/30/2022 |
| Reply for Dispositive Motions | 10/6/2022 |
| Hearing on Dispositive Motions | 10/20/2022 |
| Opposition to *Daubert* Motions | 10/21/2022 |
| Reply for *Daubert* Motions | 11/3/2022 |
| Hearing on *Daubert* Motions | TBD |

While the Court subsequently granted Plaintiffs' motion to continue the class certification briefing over Google's objections, *see* Ex. A at 2:3-17 and Dkts. 171, 175, 176, 179, 180, 199, and 205, the summary judgment and *Daubert* motion deadlines remained in place.

In compliance with this schedule, Google filed its Motion for Summary Judgment ("MSJ") on August 22, 2022. Dkt. 245 (corresponding administrative motions to seal filed at Dkts. 244 and 246). On September 13, two days before Plaintiffs' opposition to the MSJ was due, the Court issued its Order, (1) "vacat[ing] the trial date and final pretrial date" and (2) terminating Google's MSJ and corresponding administrative motions to seal (Dkts. 244 and 246). Dkt. 267 1:23-24.

**ARGUMENT**

First, Google respectfully requests that the Court clarify whether the deadline to file *Daubert* motions, and concomitantly the deadlines to file oppositions to and replies for such motions, have been vacated under the Order. Dkt. 267 1:23-24. Although the Order is silent with respect to *Daubert* motions, given that such motions are typically filed closer to trial, and the prior trial date has been vacated, Google requests that the Court confirm whether *Daubert* deadlines have also been vacated.

Second, under Local Rule 7-9(b), Google respectfully requests leave to file a Motion for Reconsideration of the Court's Order, only to seek reconsideration of the portion of that Order that terminates Google's motion for summary judgment (Dkt. 245) and corresponding administrative motions to seal (Dkts. 244 and 246). Google's proposed Motion for Reconsideration is attached as Exhibit A. Leave should be granted because Google has been diligent in seeking leave, filing its request only six days after the Order issued, and because material facts may not have been considered by the Court before it *sua sponte* issued the Order. *See* Civil L.R. 7-9(b)(3).

Specifically, there will be prejudice to Google arising from the termination of its MSJ before briefing is complete. Google has invested time and effort preparing the MSJ pursuant to the schedule set by the Court. As a result, it has now disclosed the combination of evidence and argument at the core of its defense, and identified the factual and legal defects in Plaintiffs' case. *See generally* Dkt. 245. Because the MSJ was terminated before Plaintiffs filed their opposition, this disclosure is one-way, giving Plaintiffs an unfair advantage. Plaintiffs now have months, at least, to consider Google's arguments before they respond. Dkt. 267 1:27-28 (setting case management conference for October 20, 2022 to "reset the remainder of the schedule"). To avoid prejudice to Google, the termination should be lifted and briefing on the MSJ completed. The Court can then hold a hearing at a later date, take the motion under submission, or take any other action that suits the interests of judicial economy.

## CONCLUSION

For the foregoing reasons, Google respectfully requests (1) clarification of whether *Daubert* motion deadlines are vacated under the Order; and (2) leave to file the Motion for Reconsideration attached as Exhibit A.

Dated: September 19, 2022                    **PERKINS COIE LLP**

By: */s/ Sunita Bali*
   Bobbie J. Wilson, Bar No. 148317
   Sunita Bali, Bar No. 274108

Attorneys for Defendants,
Alphabet Inc. and Google LLC