# Exhibit A

Bobbie J. Wilson, Bar No. 148317
BWilson@perkinscoie.com
Sunita Bali, Bar No. 274108
SBali@perkinscoie.com
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, California 94105
Telephone: +1.415.344.7000
Facsimile:  +1.415.344.7050

Attorneys for Defendants
Alphabet Inc. and Google LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE GOOGLE ASSISTANT PRIVACY LITIGATION | Case No. 5:19-cv-04286-BLF<br><br>**DEFENDANTS' MOTION FOR RECONSIDERATION OF ORDER VACATING TRIAL; TERMINATING MOTION FOR SUMMARY JUDGMENT WITHOUT PREJUDICE (DKT. 267)**<br><br>Before: Hon. Beth Labson Freeman |

Pursuant to Civil Local Rule 7-9, Defendants Google LLC and Alphabet Inc. (collectively "Google") respectfully request reconsideration of the portion of the Court's September 13, 2022 Order Vacating Trial; Terminating Motion for Summary Judgment Without Prejudice (Dkt. 267, "Order") that terminates Google's motion for summary judgment (Dkt. 245, "MSJ") and corresponding motions to seal (Dkts. 244, 246). For the avoidance of doubt, Google is not requesting reconsideration of any other aspect of the Order, including the portion vacating the trial date, final pretrial date, or MSJ hearing date, nor is it requesting any change to the class certification briefing deadlines, or the October 20, 2022 hearing date for Plaintiffs' Motion for Class Certification and case management conference.

Specifically, Google requests that the Court order briefing on Google's MSJ to be completed, with (1) Plaintiffs' opposition to be filed within seven days after the Court's order on this Motion for Reconsideration; and (2) Google's reply to be filed within twenty-one days of Plaintiffs' filing of their opposition.

## BACKGROUND

On March 29, 2022, the Court entered a scheduling order (Dkt. 161) setting these pretrial deadlines, among others, as stipulated by the parties:

| | |
|---|---|
| Deadline for Plaintiffs to Move for Class Certification | 05/18/2022 |
| Close of Fact Discovery | 07/08/2022 |
| Expert Disclosure Deadline | 07/15/2022 |
| Close of Expert Discovery | 08/19/2022 |
| Deadline to File Dispositive Motions | 08/22/2022 |
| Opposition to Dispositive Motions | 9/15/2022 |
| Reply for Dispositive Motions | 10/6/2022 |
| Deadline to File *Daubert* Motions | 9/30/2022 |
| Hearing on Dispositive Motions | 10/20/2022 |

October 20, 2022 was, at the time, the last date on which the Court would hear summary judgment motions. *See* Dkt. 267 1:13-14.

In May 2022, Plaintiffs filed an administrative motion for leave to extend the class certification briefing deadlines, Dkt. 171, which Google opposed, Dkt. 175. The Court ordered Plaintiffs to clarify whether their request also sought to continue the rest of the schedule, including the trial date, noting that "if the Court were to continue those dates, it would have to continue the trial date to 2025 based on its current schedule." Dkt. 176. In response, Plaintiffs stated that they sought to continue "the deadlines for class certification briefing only," and to do so "by two months instead of three," Dkt. 179. Google opposed such request on the grounds that Plaintiffs' modified proposal was "unworkable in light of other case deadlines," including because it "would require simultaneous briefing of class certification and dispositive motions, which is inefficient and a waste of party and judicial resources," Dkt. 180 at 1. Google asked that the Court either deny Plaintiffs' requested extension, or "continue the trial date, vacate all other pretrial deadlines, and direct the parties to meet and confer to jointly propose a workable pretrial schedule." *Id*. Nonetheless, the Court granted Plaintiffs' motion to extend the class certification briefing schedule only, leaving the dispositive motion and other pretrial deadlines and trial date intact, subject to a limited reopening of fact discovery. Dkt. 199.

In compliance with this schedule, Google filed its MSJ on August 22, 2022. Dkt. 245. On September 13, two days before Plaintiffs' opposition was due, the Court issued its Order, terminating Google's MSJ and vacating the trial date and final pretrial date. Dkt. 267 1:23-26.

## ARGUMENT

Google respectfully requests reconsideration of the portion of the Court's Order that terminates Google's MSJ (Dkt. 245) and corresponding administrative motions to seal (Dkts. 244, 246) under Local Rule 7-9(b). Reconsideration should be granted because Google has been diligent in seeking leave, filing its request only six days after the Order issued, and because material facts may not have been considered by the Court before it *sua sponte* issued the Order. *See* Civil L.R. 7-9(b)(3).

Specifically, there will be prejudice to Google arising from the termination of its MSJ before briefing is complete. Google has invested time and effort preparing the MSJ pursuant to the schedule set by the Court. As a result, it has now disclosed the combination of evidence and argument at the core of its defense, and identified the factual and legal defects in Plaintiffs' case. *See generally* Dkt. 245. Because the MSJ was terminated before Plaintiffs filed their opposition, this disclosure is one-way, giving Plaintiffs an unfair advantage. Plaintiffs now have months, at least, to consider Google's arguments and evidence before they respond. Dkt. 267 1:27-28 (setting case management conference for October 20, 2022 to "reset the remainder of the schedule"). That extra time gives them an unfair opportunity to develop factual and legal arguments, effectively providing an indefinite extension to the deadline for their opposition, during which they can prepare their response without any reciprocation of the time pressure or other concerns that applied to Google in crafting the MSJ in the first instance. That the termination is without prejudice to refiling (Dkt. 267 1:25) does not cure Plaintiffs' advantage. When Google eventually refiles, Plaintiffs will still have had months to use their unfair peek at Google's case in preparing their opposition. In other words, Google has shown its cards—and the Court's Order lets Plaintiffs delay showing theirs for months at least.

That prejudice can be cured, without burden to the Court, by lifting the termination, reinstating the MSJ and accompanying administrative motions to seal, and ordering the parties to complete briefing of the Motion. Completing briefing may, in fact, serve the interests of judicial efficiency. As Google noted in its Opposition to Plaintiffs' Motion for Class Certification ("Class Certification Opposition," Dkt. 268) several arguments raised in the Motion may resolve issues on class certification as well. *Compare* Class Certification Opposition 10:8-11:10 (addressing standing) *with* MSJ 15:4-16:10 (also addressing standing); *see also* Class Certification Opposition 23:8-15 (pointing out that defenses raised in motion for summary judgment may relate to typicality concerns). The Court has "discretion to address Google's motion for summary judgment before [Plaintiffs'] motion for class certification." *Svenson v. Google Inc.*, 2016 WL 8943301, at *3 (N.D. Cal. Dec. 21, 2016); *see also, e.g., Khasin v. Hershey Co.*, 2014 WL 1779805, at *2 (N.D. Cal. May 5, 2014) ("When early resolution of a motion for summary

1 | judgment is likely to protect both the parties and the court from needless and costly litigation, it is
2 | reasonable to consider such a motion before class certification").

3 |       Google therefore respectfully requests that (1) Plaintiffs be ordered to file their opposition within seven days after the Court's order on this Motion for Reconsideration; and (2) Google be ordered to file its reply in support of its MSJ within twenty-one days of Plaintiffs' filing of their opposition. This schedule permits both sides at least as much time to prepare their briefs as contemplated under the original schedule set forth in Dkt. 161.

      Once briefing is complete, the Court retains its discretion to set a hearing at an appropriate time in light of the modified trial date, to take the MSJ under submission, or to take any other action dictated by the interest of judicial efficiency. *See, e.g, Cunningham v. Medtronic Inc.*, 2018 WL 4053446, at *1 (N.D. Cal. Aug. 24, 2018) (terminating pending motion for summary judgment as moot in light of dismissal of claims on other basis); *Foley v. Kennedy*, 2004 WL 1243899, at *11 (N.D. Cal. May 27, 2004) (same).

Dated: September 19, 2022

**PERKINS COIE LLP**

By: */s/ Sunita Bali*
Bobbie J. Wilson, Bar No. 148317
Sunita Bali, Bar No. 274108

Attorneys for Defendants
Alphabet Inc. and Google LLC