Ian C. Ballon (SBN CA 141819)
GREENBERG TRAURIG, LLP
1900 University Avenue, 5th Floor
East Palo Alto, California 94303
Telephone: (650) 328.7881
Facsimile: (650) 289.7881
ballon@gtlaw.com

Rebekah S. Guyon (SBN CA 291037)
GREENBERG TRAURIG, LLP
1840 Century Park East, Suite 1900
Los Angeles, California 90067-2121
Telephone: (310) 586.7700
Facsimile: (310) 586.7800
guyonr@gtlaw.com

Attorneys for Non-Party APPEN BUTLER HILL INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE GOOGLE ASSISTANT PRIVACY LITIGATION | CASE NO. 5:19-cv-04286-BLF <br><br> **NON-PARTY APPEN BUTLER HILL INC.'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OF THIRD-PARTY DISCOVERY ORDER OF MAGISTRATE JUDGE** <br><br> Hon. Beth Labson Freeman <br> Magistrate Judge Susan Van Keulen |

## I. INTRODUCTION

Plaintiffs entirely ignore the evidence that the Court <u>ordered</u> Appen to provide with its motion, which under well-established law is a concession that reconsideration is warranted based on the SOW and Larusson and Guyon Declarations, as Appen argued. *Netgear, Inc. v. Redzone Wireless, LLC*, No. 16-cv-06974-BLF, 2017 U.S. Dist. LEXIS 58475, *4 (N.D. Cal. 2017) (Freeman, J.) ("Netgear does not contest this assertion. Accordingly, the Court deems this argument conceded."). The SOW and Appen's declarations conclusively demonstrate that it is *not true* that Appen is in "exclusive[] knowledge, custody, and control" of documents or information pertaining to audio recorded with the Google Assistant Software, the rationale for the Court's Order on Joint Discovery Submission (ECF No. 235) ("Order"). Reconsideration is appropriate based on the "entire record" now before the Court, whether or not plaintiffs acknowledge the substance of evidence within their possession for months (the SOW), or information they would have learned had they explored Appen's relationship with Google through Google (the Larusson Declaration). *Smith v. Clark Cnty.. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013).

## II. ARGUMENT

### A. Reconsideration Based On The SOW And Appen's Declarations Is Proper

Plaintiffs ignore Appen's evidence, which is improper because the Court *ordered* Appen to provide the SOW and authorized the filing of the Larusson and Guyon Declarations. The Court is not bound when ruling on Appen's Motion by the few pages of argument in the prior Joint Statement. A "[c]ourt's determination that Defendant's evidentiary proffer is not 'newly-discovered' does not foreclose it from exercising its discretion and reconsidering its prior ruling." *United States v. Quintanilla*, No. CR 09-01188 SBA, 2011 WL 4502668, at *7 (N.D. Cal. 2011). Moreover, the Local Rules governing reconsideration are to be "construed . . . to promote the just, efficient, speedy, and economical determination of every action and proceeding." N.D. Cal. Civ. LR 1-2(b). Consideration of Appen's evidence furthers this goal because it shows that the discovery ordered is unduly burdensome.

While plaintiffs quibble that Appen could have requested leave to file the SOW before, plaintiffs do not dispute that when Appen's counsel asked plaintiffs to provide the SOW so that they could discuss its substance, they flatly <u>refused</u>. Guyon Declaration in Support of Motion to Quash ¶ 18 (July 8, 2022) (ECF No. 212-1). Appen attempted to submit evidence with its Motion to Quash, but was directed by

the Court to file a joint discovery statement without evidence. ECF No. 214. Plaintiffs cite Judge Freeman's order denying review of the Order as ostensible grounds for denial of reconsideration, but they overlook the fact that Judge Freeman declined to consider the very evidence that the Court has ordered Appen to submit and upon which reconsideration is proper. ECF No. 250.

A court has discretion to reconsider and modify an "interlocutory decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of controlling law." *Abada v. Charles Schwab & Co.*, 127 F. Supp. 2d 1101, 1102 (S.D. Cal. 2000). Appen respectfully submits that reconsideration based on the evidence it has provided is warranted.

### B. Plaintiffs Do Not Dispute That The Discovery They Seek Is Available From Google

Plaintiffs do not dispute that the Federal Rules of Civil Procedure require the Court to consider whether the "discovery sought . . . is obtainable from some other source that is more convenient, less burdensome, or less expensive" such as a "Defendant" when ruling on a motion to compel. *Nidec Corp. v. Victor Co.*, 249 F.R.D. 575, 577 (N.D. Cal. 2007). Plaintiffs also fail to address Appen's authority showing that Courts regularly deny motions to compel against third parties where, as here, the "burden" to the third party "outweighs the likely benefit of the subpoena" because plaintiffs fail to show that the "subpoena is likely to yield unique and material evidence from the third party." *Id.* at 577; *see U.S. EEOC v. Chipotle Mexican Grill, Inc.*, No. 17-CV-05382-BLF, 2019 WL 3811890, at *2, *4 (N.D. Cal. Aug. 1, 2019); *Exxon Shipping Co. v. U.S. Dep't of Interior*, 34 F.3d 774, 779 n.10 (9th Cir. 1994).

Tellingly, plaintiffs fail to provide <u>any</u> evidence whatsoever in their Opposition. By refusing to address the SOW, they <u>concede</u> that it indisputably demonstrates that Requests Nos. 1, 5, 6, 7, 8, 10, 12, 13, 14, 15, 17, 21, and Topics Nos. 6, 7, 8, 9, 10, 12, 15 17 can and should be explored through Google. *E.g.*, *In re Google Assistant Privacy Litig.*, 457 F. Supp. 3d 797, 842 (N.D. Cal. May 6, 2020) (Freeman, J.) ("Based on Plaintiffs' lack of response, the Court considers the . . . argument conceded."). Because the discovery is available from a party, it is an undue burden to Appen. *Nidec Corp.*, 249 F.R.D. at 477.

Plaintiffs argue that Appen must satisfy an undefined "heavy burden" to avoid its deposition, but no authority, including the cases cited by plaintiff, applies that ambiguous standard to third-party discovery. *Phase Four Indus., Inc. v. Marathon Coach, Inc.*, No. C-04-4801, 2007 WL 2429448, at *1 (N.D. Cal. Aug. 23, 2007) (denying motion to compel party deposition); *Blankenship v. Hearst Corp.*,

519 F.2d 418, 429 (9th Cir. 1975) (remanding order denying deposition of party witness); *Apple Inc. v. Samsung Elecs. Co.*, 282 F.R.D. 259, 263 (N.D. Cal. 2012) (addressing propriety of "apex" party deposition). *Cannon v. Austal USA LLC*, No. 15CV2582, 2017 WL 2908772 (S.D. Cal. July 7, 2017) actually supports reconsideration because the Court declined to order a deposition of an official with "no knowledge of th[e] alleged incident" that the plaintiffs failed to show a need for based on anything "other than generalities and speculation," and declined to order the deposition of an employee whose knowledge was covered by a prior deposition. *Id.* at *6. As in *Cannon*, plaintiffs have repeatedly failed to provide anything other than "generalities and speculation" for wanting Appen's deposition, and the Larusson Declaration confirms that Appen has "no knowledge" of relevant information unavailable from Google. *Id.* at *6. Plaintiffs have failed to provide any <u>facts</u> that counsel against reconsideration.

### C. Plaintiffs Concede That Appen's Unique Knowledge Does Not Pertain To Their Claims

The <u>only</u> information that plaintiffs argue may be within Appen's unique knowledge are "policies and practices," Opp. at 3, but Appen showed that the only "policies and procedures" subject to the Court's Order (Doc. Request 7 and Topic 15) are within Google's knowledge, an argument that plaintiffs concede. *See* Mot. at 3-5; *Chubbuck v. Indus. Indem.*, 953 F.2d 1386 (9th Cir. 1992) (party conceded an argument by failing to respond to it).

Plaintiffs also do not dispute that Appen lacks information on files allegedly obtained with the Google Assistant Software—the definition of "Audio Recordings." Larusson Decl. ¶ 4. They have conceded, therefore, that Appen has <u>no</u> relevant information unavailable from Google. *Chubbuck*, 953 F.2d 1386. Plaintiffs' new theory that Appen was ambiguously "involved" with users' audio recordings is not based on evidence and does not show that Appen has relevant information that Google does not.

### D. Plaintiffs Do Not Dispute That Appen's Deposition Violates FRCP 30's Limit

Plaintiffs do not dispute that they have already taken 10 depositions. Opp. at 3. While plaintiffs claim that Rule 30's limit does not apply to third-parties, the advisory committee notes state to the contrary. Appen's deposition would cause an undue burden contrary to Rule 26 and should be denied.

### III. CONCLUSION

Appen respectfully requests that the Court quash plaintiffs' deposition subpoena and deny their request to compel documents.

DATED:  September 22, 2022        GREENBERG TRAURIG, LLP

By  /s/  *Ian C. Ballon*
   Ian C. Ballon
   Rebekah S. Guyon

Attorneys for Non-Party
APPEN BUTLER HILL INC.