Mark N. Todzo (Bar No. 168389)
Eric S. Somers (Bar No. 139050)
LEXINGTON LAW GROUP
503 Divisadero Street
San Francisco, CA 94117
Telephone: 415-913-7800
mtodzo@lexlawgroup.com
somers@lexlawgroup.com

*Attorney for Plaintiffs*
ASIF KUMANDAN, MELISSA SPURR,
MELISSA SPURR, as guardian of B.S., a minor,
LOURDES GALVAN, and ELEEANNA GALVAN

[Additional counsel on signature page.]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE GOOGLE ASSISTANT PRIVACY LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Master Docket No.: 5:19-cv-04286-BLF<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION**<br><br>Judge: Honorable Beth Labson Freeman |

Pursuant to this Court's Order dated September 20, 2022 (ECF No. 285), Plaintiffs Asif Kumandan, Melissa Spurr, and Melissa Spurr, as guardian of B.S., a minor, Lourdes Galvan, and Eleeanna Galvan ("Plaintiffs") respectfully submit this opposition to Defendants' Google LLC and Alphabet Inc.'s ("Google") request for reconsideration of this Court's September 13, 2022 Order (ECF No. 267). This Court's order terminating summary judgment until after decision on class certification correctly observed that litigating the two motions in parallel would result in "inherent inefficiency" and would not allow sufficient time to notify any class certified. ECF No. 267 at 1. Google's request for reconsideration does not identify any material factual or legal issue that the Court overlooked in making that decision and should be denied.

## **BACKGROUND**

After extensive negotiation, the parties agreed to modify the case schedule setting dates for class certification and dispositive motions though trial. The parties submitted a joint scheduling order on March 28, 2022 (ECF No. 160), which the Court entered on March 29, 2022. ECF No.161. Immediately after the Court entered the scheduling order, Google dumped more than 3 million pages on Plaintiffs on March 29 and April 5, 2022. Accordingly, Plaintiffs promptly filed a motion to extend their deadline for class certification on May 2, 2022 to allow them time for a meaningful review of the production. ECF Nos. 171, 179. Google opposed this request. ECF No. 175, 180. The Court granted Plaintiffs' motion to extend the class certification deadline over Google's objection while keeping other deadlines set by the March 29, 2022 schedule the same. ECF No. 199. Consistent with the newly set schedule, Plaintiffs filed their class certification motion on July 18, 2022 (ECF No. 222) and Google filed its motion for summary judgment on August 22, 2022. ECF No. 245. Google filed its opposition to the class certification motion on September 13, 2022. ECF No. 268. On the same day, this Court *sua sponte* and without prejudice vacated the trial dates and terminated the motion for summary judgment and other corresponding motions. ECF No. 267. Three days later, on September 16, 2022, Magistrate Judge van Keulen issued an order

ECF No. 278.

**ARGUMENT**

Reconsideration of a prior order is only "appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Reconsideration is generally disfavored and is only called for in cases of clear error. *Kona Enters. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). It is *not* intended for the purpose that Google uses it: asking the Court to change its mind on an already decided matter. *Garcia v. City of Napa*, No. C-13-03886 EDL, 2014 WL 342085, at *1 (N.D. Cal. Jan. 28, 2014).

### I. The Court's Order Terminating Google's Summary Judgment Motion Correctly Promotes Efficiency and Preserves the Rights of Class Members.

Google itself was the first to point out what the Court observed in its Order: when Google opposed Plaintiffs' request to extend the class certification deadline to allow time to review its multi-million-page document dump, Google argued that "simultaneous briefing of class certification and dispositive motions [] is inefficient and a waste of party and judicial resources." ECF No. 180 at 1. The reason for that is obvious: knowing which classes are certified for which claims will heavily impact the parties' arguments at summary judgment. Accordingly, the usual practice is to delay summary judgment until after class certification, just as this Court's order does. *Darrington v. Assessment Recovery of Wash., LLC*, No. C13-0286-JCC, 2014 WL 3858363, at *3 (W.D. Wash. Aug. 5, 2014) ("It is well established that "district courts generally do not grant summary judgment on the merits of a class action until the class has been properly certified and notified."" (citing *Schwarzschild v. Tse*, 69 F.3d 293, 295 (9th Cir.1995)); *Gomez v. Rossi Concrete Inc.*, No. 08CV1442 BTM CAB, 2011 WL 666888, at *1 (S.D. Cal. Feb. 17, 2011) (it is appropriate to postpone ruling on a motion for summary judgment until after class definition issues are settled, notice has been given, and the period for class members to exclude themselves has expired).

While the parties had stipulated and complied with the prior schedule (and Plaintiffs had prepared to oppose summary judgment before the deadline was moved just two days before their brief was due), Google's proposal to force the parties to complete briefing a summary judgment motion filed without the benefit of the Court's class certification ruling makes no sense. It will not restore to Google any of the "time and effort" it expended on its initial brief; indeed, it will only cause Google to sink *more* resources into briefing a reply that similarly lacks the guidance of the Court's ruling. Defs. Mot. at 3. Nor will it address Google's claim that in filing its motion for summary judgment, it prematurely "show[ed] its cards." *Id*. With the Court's class certification ruling in hand, Google will almost certainly want to play a different hand. In any event, almost all of the arguments raised in its summary judgment motion appeared in its class certification opposition. *Compare* ECF No. 246-2 at 3-5, 5-6, 7 with ECF No. 271-2 at 3-4, 5-6, 10-11. The significant overlap here only reinforces the Court's reasoning for modifying the schedule, as it is clear the two motions relate to each other. It also eliminates any perceived "strategic advantage" that Google claims Plaintiffs now enjoy as a result of seeing its summary judgment motion.

Google also wholly ignores the Court's other basis for vacating the trial date and terminating its summary judgment motion: the need to notify class members and obtain any opt-outs. *See* ECF No. 267 at 1. The certified class must be informed before dispositive motions can be considered. *See Schwarzchild*, 69 F.3d at 296 ("The language of Rule 23(c)(2) supports the view that notice must be sent *before* a judgment has been granted.") (emphasis in original). Google's frustration at having spent time briefing summary judgment certainly does not justify depriving class members of their right to decide whether to opt out. *See, e.g., Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985) (due process requires that absent class members be given notice and opportunity to opt out). In short, the Court's order was correct and appropriate, and Google's motion for reconsideration should be denied.

II. **Magistrate Judge Van Keulen's Recent Discovery Order Further Supports Denial of Google's Motion.**

Yet another reason not to alter the Court's Order is that Magistrate Judge van Keulen issued her own order shortly thereafter that was ███████████████

1  ███████████████████████████████████████████████

2  ██████████████████████████████ ECF No. 278. For the past two months, the parties

3  have been hotly litigating Plaintiffs' motion to compel Google to produce ████████████

4  ████████████████████████████████████████████████████████

5  ████████████████████████████████—the very heart of Plaintiffs' claims. Following two

6  joint letters and two hearings, Magistrate Judge van Keulen ordered the parties ████████

7  ████████████████████████████████████████████████████████

8  ████████████████████████████████████████████████████████

9  ████████████████████████████████████████████████ ECF No.

10  278 at 4-5. The results of this ████████ will bear directly on the merits of Plaintiffs' claims and

11  response to any summary judgment motion. To take just one example ███████████

12  ████████████████████████████████████████████████████████

13  ████████████████████████████████████████ ECF No. 246-2 at 10.

14  ████████████████████████████████████████████████████████

15  ██. Neither the parties nor the Court will benefit from artificially rushing summary judgment

16  briefing forward without the ability to take this ███ into account.

17       For all the foregoing reasons, Plaintiffs respectfully request that the Court deny Google's

18  motion for reconsideration.

19  Dated: September 23, 2022               /s/ *Mark N. Todzo*

20                                     Mark N. Todzo (Bar No. 168389)
                                   Eric S. Somers (Bar No. 139050)
                                   **LEXINGTON LAW GROUP**
                                   503 Divisadero Street
                                   San Francisco, CA 94117
                                   Telephone: (415) 913-7800
                                   mtodzo@lexlawgroup.com

|   |   |
|---|---|
| 1 | Vincent Briganti (*pro hac vice*) |
|   | Christian Levis (*pro hac vice*) |
| 2 | Margaret MacLean (*pro hac vice*) |
|   | Andrea Farah (*pro hac vice*) |
| 3 | **LOWEY DANNENBERG, P.C.** |
|   | 44 South Broadway, Suite 1100 |

Vincent Briganti (*pro hac vice*)
Christian Levis (*pro hac vice*)
Margaret MacLean (*pro hac vice*)
Andrea Farah (*pro hac vice*)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: (914) 997-0500
vbriganti@lowey.com
clevis@lowey.com
mmaclean@lowey.com
afarah@lowey.com

Joseph P. Guglielmo (*pro hac vice*)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169-1820
Telephone: (212) 223-6444
jguglielmo@scott-scott.com

Erin Green Comite (*pro hac vice*)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
156 South Main Street
P.O. Box 192
Colchester, CT 06415
Telephone: (860) 537-5537
ecomite@scott-scott.com

John T. Jasnoch (Bar No. 281605)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
600 W. Broadway, Suite 3300
San Diego, CA 92101
Telephone: (619) 233-4565
jjasnoch@scott-scott.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on September 23, 2022, I electronically filed the foregoing Plaintiffs' Opposition to Defendants' Motion for Reconsideration using the CM/ECF system, which will send notification of such filing to all counsel of record registered in the CM/ECF system. I also caused a copy of the foregoing document to be served via email on counsel of record for all parties.

                                             s/ *Mark. N. Todzo*
                                             Mark N. Todzo