Bobbie J. Wilson, Bar No. 148317
BWilson@perkinscoie.com
Sunita Bali, Bar No. 274108
SBali@perkinscoie.com
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, California 94105
Telephone: +1.415.344.7000
Facsimile: +1.415.344.7050

Attorneys for Defendants Alphabet Inc. and Google LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| IN RE GOOGLE ASSISTANT PRIVACY LITIGATION | Case No. 5:19-cv-04286-BLF (SVK) **ADMINISTRATIVE MOTION TO FILE UNDER SEAL** Magistrate Judge: Hon. Susan van Keulen |
|---|---|

Pursuant to Civil Local Rules 7-11 and 79-5 and the Court's Redaction Order, Dkt. 280, Defendants Google LLC and Alphabet Inc. (collectively "Google") submit this Administrative Motion to File Under Seal portions of the Court's sealed Order re: Joint Discovery Submission ("Order," Dkt. 278). Google seeks an order to file under seal narrowly tailored redactions to certain discrete, sealable portions of the Order that contain Google's confidential and highly sensitive proprietary and confidential information (the "Sealed Materials"). The Sealed Materials have been jointly identified through the meet-and-confer process contemplated in the Court's Redaction Order (Dkt. 280). *See* Declaration of Eric Evans ¶¶ 2-3.

///

///

Specifically, Google requests to seal the following:

| Document | Text to be Sealed | Basis for Sealing Portion of Document |
|---|---|---|
| Order, Dkt. 278 | Highlighted portions of the Order shown in Exhibit A hereto, filed provisionally under seal. | Confidential and highly sensitive proprietary and technical information about the operation of Google Assistant (*See* Paragraph 5 of Declaration of Nino Tasca ("Tasca Decl.") filed concurrently with this Statement). |

A version of the Order with the Sealed Materials redacted is attached to this Motion to Seal as Exhibit B.

**LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id*. (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

However, "while protecting the public's interest in access to the courts, [courts] must remain mindful of the parties' right to access those same courts upon terms which will not unduly harm their competitive interest." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1228–29 (Fed. Cir. 2013). Records attached to motions that are "not related, or only tangentially related, to the merits of a case" therefore are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action."). Parties moving to seal the documents attached to or relating to such motions must meet the lower "good cause" standard of Rule 26(c). *Kamakana*, 447 F.3d at 1179 (internal quotations and citations omitted).

## ARGUMENT

Good cause exists for sealing the Sealed Materials.

The confidential and highly sensitive proprietary and technical information about the operation of Google Assistant contained in the Sealed Materials is sealable because "[p]ublic disclosure of [the Sealed Materials] would result in significant competitive harm to Google by giving third parties, including other companies that make virtual assistants, direct insight into confidential and sensitive aspects of Google's development and operation of the Google Assistant." Tasca Decl. ¶ 5. Courts in this district recognize that proprietary and technical information of this kind is sealable because, if disclosed, it would be a source of non-public technical and business information that competitors might use to harm Google's competitive standing. *See*, *e.g.*, *Darisse v. Nest Labs, Inc.*, 2016 WL 11474174, at *1 (N.D. Cal. June 2, 2016) (sealing material on motion for class certification on finding that disclosure might harm competitive standing); *see also*, *e.g.*, *Connor v. Quora, Inc.*, No. 18-CV-07597, 2020 WL 8474751, at *1 (N.D. Cal. Oct. 26, 2020) (Freeman, J.); ("Documents containing commercially sensitive information have been held sealable in this Circuit."); *Space Data Corp. v. Alphabet Inc.*, 2018 WL 10455199, at *2 (N.D. Cal. Feb. 27, 2018) (Freeman, J.) (sealing "technical, business planning and financial information, disclosure of which could cause economic harm to Space Data and provide an unfair advantage to competitors" under compelling reasons standard).

Further, the Sealed Materials are narrowly tailored to seal only Google's confidential and highly sensitive proprietary and commercial information that would otherwise appear on the public docket; accordingly, any less restrictive alternative to sealing would not be sufficient.

For the reasons expressed above, Google respectfully requests that the Court grant this Administrative Motion to File Under Seal.

Dated:  September 26, 2022

**PERKINS COIE LLP**

By: *Sunita Bali*
Bobbie J. Wilson, Bar No. 148317
Sunita Bali, Bar No. 274108

Attorneys for Defendants Alphabet Inc. and Google LLC