Ian C. Ballon (SBN CA 141819)
GREENBERG TRAURIG, LLP
1900 University Avenue, 5th Floor
East Palo Alto, California 94303
Telephone: (650) 328.7881
Facsimile: (650) 289.7881
ballon@gtlaw.com

Rebekah S. Guyon (SBN CA 291037)
GREENBERG TRAURIG, LLP
1840 Century Park East, Suite 1900
Los Angeles, California 90067-2121
Telephone: (310) 586.7700
Facsimile: (310) 586.7800
guyonr@gtlaw.com

Attorneys for Non-Party APPEN BUTLER HILL INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE GOOGLE ASSISTANT PRIVACY LITIGATION | CASE NO. 5:19-cv-04286-BLF<br><br>**NON-PARTY APPEN BUTLER HILL INC.'S ADMINISTRATIVE MOTION TO SEAL HEARING ON MOTION FOR RECONSIDERATION OF THIRD-PARTY DISCOVERY ORDER OF MAGISTRATE JUDGE**<br><br>Hon. Beth Labson Freeman<br>Magistrate Judge Susan Van Keulen |

CASE NO. 5:19-cv-04286-BLF
APPEN'S ADMINISTRATIVE MOTION TO SEAL HEARING ON MOTION FOR RECONSIDERATION

Pursuant to Civil Local Rules 7-11 and 79-5, Non-Party Appen Butler Hill, Inc. ("Appen") hereby moves the Court for administrative relief to seal the September 28, 2022 hearing set for 10:00 a.m. on Appen's Motion for Reconsideration of Third-Party Discovery Order of Magistrate Judge ("Motion for Reconsideration") (ECF No. 262).

## I.   LEGAL STANDARD

Courts have "broad latitude to grant protective orders to prevent disclosure of materials for many types of information." *Phillips ex rel. Estates of Bryd v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002). Further, it is settled that "courts have refused to permit" public access to files that serve "as sources of business information that might harm a litigant's competitive standing . . . ." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1228-29 (Fed. Cir. 2013) ("while protecting the public's interest in access to the courts, [courts] must remain mindful of the parties' right to access those same courts upon terms which will not unduly harm their competitive interest."). A "'good cause' showing under Rule 26(c) will suffice to keep sealed records attached to nondispositive motions." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (citing *Foltz v. State Farm Mutual Auto Insurance Company*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

Further, while there is a "presumption of public access to civil proceedings," the right of access "'is not of constitutional dimension, is not absolute, and is not entitled to the same level of protection afforded constitutional rights.'" *Frye v. Warden, San Quentin State Prison*, 2010 WL 3855178, at *3 (E.D. Cal. 2010) (quoting *Valley Broadcasting Co. v. U.S. Dist. Court for Dist. of Nevada*, 798 F.2d 1289, 1293 (9th Cir. 1986)). That right to access "must be weighed with interests advanced by the parties," including the interest to prevent disclosure of "'sources of business information that could harm a litigant's competitive standing.'" *Valley Broadcasting Co.*, 798 F.2d at 1293 (quoting *Nixon*, 435 U.S. at 598).

## II.   ARGUMENT

Appen seeks an order sealing the hearing on Appen's Motion for Reconsideration (ECF No. 262). Central to that Motion—and any hearing on that Motion—is a July 1, 2016 Statement of Work ("Statement of Work") between Appen and Google, Inc. ("Google") attached as Exhibit 1 to the

Declaration of Birkir Larusson in Support of Appen's Administrative Motion to File Under Seal In Support of the Motion for Reconsideration ("Larusson Declaration"), ECF No. 263, that the District Court previously held should be sealed. *See* Order of Aug. 26, 2022 (ECF No. 252). Specifically, the Court has held that the Statement of Work contains confidential information that is sensitive to Appen, the public disclosure of which would cause Appen competitive harm. *See* Order of Aug. 26, 2022 (ECF No. 252) ("The Court finds that Appen has met the 'good cause' standard for sealing the [Statement of Work].").

Although Appen cannot predict the exact course of argument at the hearing on Appen's Motion, Appen anticipates that it will need to discuss, and the Court may inquire regarding, the subject matter of the Statement of Work. Appen therefore requests that the Court seal the hearing from the public so that the proprietary and sensitive information in the Statement of Work is not publicly disclosed, which would cause Appen harm. Appen proposes that the parties be granted leave to submit proposed revisions to the transcript of the hearing within thirty (30) days of the hearing, so that portions of the hearing that do not discuss the Statement of Work can be made publicly available.

### III.  CONCLUSION

For the foregoing reasons, Appen respectfully requests the Court order that the September 28, 2022 hearing on Appen's Motion for Reconsideration be sealed, and Appen be granted thirty (30) days from the date the transcript of the hearing is made available to submit redactions to remove references to proprietary and/or confidential matters in the Statement of Work from the public record.

DATED: September 26, 2022                 GREENBERG TRAURIG, LLP

                                                     By:  */s/ Rebekah S. Guyon*
                                                         Ian C. Ballon
                                                         Rebekah S. Guyon
                                                         Attorneys for non-party Appen Butler Hill Inc.