1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Bobbie J. Wilson, Bar No. 148317
BWilson@perkinscoie.com
Sunita Bali, Bar No. 274108
SBali@perkinscoie.com
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, California 94105
Telephone: +1.415.344.7000
Facsimile:  +1.415.344.7050

Attorneys for Defendants
ALPHABET INC. and GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

IN RE GOOGLE ASSISTANT PRIVACY
LITIGATION

Case No. 5:19-cv-04286-BLF

**GOOGLE LLC AND ALPHABET INC.'S
STATEMENT IN SUPPORT OF
PLAINTIFFS' ADMINISTRATIVE
MOTION TO CONSIDER WHETHER
ANOTHER PARTY'S MATERIAL
SHOULD BE SEALED (ECF No. 291)**

Judge:     Hon. Beth Labson Freeman

**STATEMENT**

Pursuant to Civil Local Rules 7-11 and 79-5, Defendants Google LLC and Alphabet Inc. (collectively "Google") submit this statement in support of Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should be Sealed. ECF No. 291. Google seeks an order to file under seal narrowly tailored redactions to certain discrete, sealable portions of Plaintiffs' Opposition to Defendants' Motion for Reconsideration (ECF No. 290, "the Sealed Materials"). This statement is supported by the Declaration of Nino Tasca ("Tasca Decl.") filed concurrently.

Specifically, Google requests to seal the following:

| ECF No. | Document | Text to be Sealed | Basis for Sealing Portion of Document |
|---------|----------|-------------------|----------------------------------------|
| ECF No. 291-3 | Plaintiffs' Opposition to Defendants' Motion for Reconsideration, filed under seal | Highlighted portions on pages 1 and 3–4 | Confidential and highly sensitive proprietary and technical information about the operation of Google Assistant. *See* Tasca Decl. ¶ 5. |

**LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

-1-

1    However, "while protecting the public's interest in access to the courts, [courts] must

2  remain mindful of the parties' right to access those same courts upon terms which will not unduly

3  harm their competitive interest." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1228–29

4  (Fed. Cir. 2013). Filings that are "not related, or only tangentially related, to the merits of a case"

5  therefore are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809 F.3d at

6  1097, 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to

7  court records attached only to non-dispositive motions because those documents are often

8  unrelated, or only tangentially related, to the underlying cause of action."). Parties moving to seal

9  the documents attached to such motions must meet the lower "good cause" standard of Rule

10  26(c). *Kamakana*, 447 F.3d at 1179 (internal quotations and citations omitted).

11                                   **ARGUMENT**

12    Good cause exists for sealing the Sealed Materials.

13    ***First***, the Sealed Materials contain confidential and highly sensitive proprietary and

14  commercial information about the operation of Google Assistant. Tasca Decl. ¶ 5. Public

15  disclosure of the Sealed Materials would result in significant competitive harm to Google. *Id.*

16  This information is sealable because it is "confidential information regarding [Google's] research

17  and development of its business." *Newmark Realty Cap., Inc. v. BGC Partners, Inc.*, 2018 WL

18  10701610, at *3 (N.D. Cal. Apr. 11, 2018) (Freeman, J.); *see also*, *e.g.*, *Space Data*, 2018 WL

19  10455199, at *2 (Freeman, J.) (sealing "technical, business planning and financial information,

20  disclosure of which could cause economic harm to Space Data and provide an unfair advantage to

21  competitors"); Tasca Decl. ¶ 5.

22    ***Second***, the Sealed Materials are sealable because they are presented without context and

23  in many cases selected by Plaintiffs to present an incomplete and misleading picture of Google's

24  business practices related to Google Assistant and the operation of Google Assistant.

25  "[D]isclosure of this information without context could cause harm to Google by providing an

26  incomplete and misleading picture of Google's practices and capabilities." *Adtrader, Inc. v.*

27  *Google LLC*, 2020 WL 6389186, at *2 (N.D. Cal. Feb. 24, 2020) (Freeman, J.) (sealing

28                                        -2-

1 | information on this basis).

2 |      For the reasons identified above, there is good cause for the Sealed Materials to be sealed.

3

4 | Dated:  September 30, 2022           **Perkins Coie LLP**

5 |           By: /s/ *Sunita Bali*

6 |              Bobbie J. Wilson, Bar No. 148317
             Sunita Bali, Bar No. 274108

7

8 |           Attorneys for Defendants Alphabet Inc. and
          Google LLC

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28 |                  -3-