Vincent Briganti (*pro hac vice*)
Christian Levis (*pro hac vice*)
Margaret MacLean (*pro hac vice*)
Andrea Farah (*pro hac vice*)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: (914) 997-0500
Facsimile: (914) 997-0035
vbriganti@lowey.com
clevis@lowey.com
mmaclean@lowey.com
afarah@lowey.com

*Attorney for Plaintiffs*

[Additional counsel on signature page.]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE GOOGLE ASSISTANT PRIVACY LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No.: 19-cv-04286-BLF<br><br>**PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL AND TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED PURSUANT TO CIVIL LOCAL RULES 7-11, 79-5(c) AND 79-5(f)**<br><br>Judge: Hon. Beth L. Freeman |

1.      Pursuant to Civil Local Rules 7-11, 79-5(c) and 79-5(f), Plaintiffs hereby move the Court to consider whether the entirety of the following materials filed as Exhibits to the Declaration of Margaret MacLean in Support of Plaintiffs' Reply Brief in Support of Motion for Class Certification (the "Reply") should be sealed:

| Ex. No. | Document | Basis for Sealing Portion of Document |
|---|---|---|

| Ex. 1 | Excerpts of deposition transcript of Terry Tai, dated June 30, 2020 | Entirety of deposition designated by Google as Highly Confidential pursuant to the Protective Order. |
| --- | --- | --- |
| Ex. 2 | SPURR000023-28 | Contains references to personal and identifying information of Plaintiff Melissa Spurr and unnamed Class members |
| Ex. 3 | GOOG-ASST-03034181 | Designated by Google as "Confidential" pursuant to the Protective Order. |
| Ex. 4 | GOOG-ASST-00221071 | Designated by Google as "Highly Confidential" pursuant to the Protective Order. |
| Ex. 5 | GOOG-ASST-03026521 | Designated by Google as "Confidential" pursuant to the Protective Order. |
| Ex. 6 | GOOG-ASST-00027643 | Designated by Google as "Highly Confidential" pursuant to the Protective Order. |
| Ex. 9 | GOOG-ASST-00238568 | Designated by Google as "Highly Confidential" pursuant to the Protective Order. |
| Ex. 10 | GOOG-ASST-00213485 | Designated by Google as "Highly Confidential" pursuant to the Protective Order. |
| Ex. 21 | Excerpts of deposition transcript of Lourdes Galvan, dated August 4, 2022 | Contains testimony regarding audio recordings |
| Ex. 30 | Excerpts of deposition of Fernando Torres, dated September 7, 2022 | Contains testimony regarding reference/analysis of material designated by Google as Confidential or Highly Confidential pursuant to Protective Order |
| Ex. 31 | Excerpts of deposition of Hailey Crowel, dated July 21, 2022 | Entirety of deposition designated by Google as Highly Confidential pursuant to the Protective Order. |
| Ex. 32 | GOOG-ASST-03045589 | Designated by Google as "Highly Confidential" pursuant to the Protective Order. |
| Ex. 33 | GOOG-ASST-03045632 | Designated by Google as "Highly Confidential" pursuant to the Protective Order. |
| Ex. 34 | Reply Report to the Expert Report of Jesse David, PhD by Fernando | Contains reference/analysis of material designated by Google as Confidential or Highly Confidential |

|  | Torres, MSc | pursuant to Protective Order. |
| --- | --- | --- |
| Ex. 35 | GOOG-ASST-03026959 | Designated by Google as "Confidential" pursuant to the Protective Order. |
| Ex. 36 | GOOG-ASST-03026660 | Designated by Google as "Confidential" pursuant to the Protective Order. |
| Ex. 37 | GOOG-ASST-03029199 | Designated by Google as "Confidential" pursuant to the Protective Order. |
| Ex. 38 | Expert Reply Report of Rebecca Reed-Arthurs, Ph.D | Contains reference/analysis of material designated by Google as Confidential or Highly Confidential pursuant to Protective Order |
| Ex. 39 | Opening Expert Report of Rebecca Reed-Arthurs, Ph.D | Contains reference/analysis of material designated by Google as Confidential or Highly Confidential pursuant to Protective Order |

2. Plaintiffs further move the Court to consider whether certain portions of the following material filed as in connection with their Reply should be sealed:

| Ex. No. | Document | Portion(s) to Seal | Basis for Sealing Portion of Document |
| --- | --- | --- | --- |
| ECF No. 303 | Plaintiffs' Reply Brief in support of Motion for Class Certification | Highlighted portion on pages 2-6, 12-13 | Contains reference/analysis of material designated by Google as Confidential or Highly Confidential pursuant to Protective Order |
| Ex. 29 | Declaration of F. Torres in Support of Plaintiffs' Motion for Class Certification | Highlighted portion on pages 9-10, 15, 20-21, 26, 30-36 | Contains reference/analysis of material designated by Google as Confidential or Highly Confidential pursuant to Protective Order |

3. This motion is supported by the Declaration of Margaret MacLean in Support of Plaintiffs' Administrative Motion to Seal and to Consider Whether Another Party's Material Should be Sealed Pursuant to Local Rules 7-11, 79-5(c) and 79-5(f) (MacLean Decl.), dated October 3, 2022. *See* Civ. L. R. 79-5(c)(2) (stating that an administrative motion to seal must include "evidentiary support from declarations where necessary").

4. To satisfy the standard for confidential treatment, the designated materials must be

"information . . . or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c)." Protective Order, § 2.2. To satisfy the standard for Highly Confidential treatment, the designated materials must be "extremely sensitive 'Confidential Information or Items', disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means. Protective Order § 2.8.

5. As set forth in the MacLean Decl., Exhibits 1, 3-6, 9-10, and 29-37, contain material or references to or analysis of material designated by Google LLC pursuant to the Protective Order as "Confidential" or "Highly Confidential." *See* MacLean Decl. ¶ 5.

6. In addition, Exhibit 2 and contain personal information of Plaintiff Spurr and unnamed Class members, namely their email address and the unique device identification number associated with their Google Assistant Enabled Devices. Courts in this circuit have routinely sealed similar information due to privacy concerns. *See* MacLean Decl. ¶ 6. See e.g., Nursing Home Pension Fund v. Oracle Corp., No. C01-00988 MJJ, 2007 WL 3232267, at *2 (N.D. Cal. Nov. 1, 2007) ("The Ninth Circuit has found compelling reasons exist to keep personal information confidential to protect an individual's privacy interest and to prevent exposure to harm or identity theft."); O'Connor v. Uber Techs., Inc., No. C-13-3826 EMC, 2015 WL 355496, at *3 (N.D. Cal. Jan. 27, 2015) (finding compelling reasons to redact email address for privacy concerns); Darisse v. Nest Labs, Inc., No. 14-cv-01363-BLF, 2016 WL 11474174, at *2 (N.D. Cal. June 2, 2016) (finding compelling reasons to seal device serial numbers and Plaintiff's email address) (Freeman, J.).

7. Furthermore, Exhibit 21 contains testimony regarding audio recordings of private conversations that occurred between Plaintiffs and third parties or unnamed class members. *See* MacLean Decl. ¶ 6. Plaintiffs had reason to believe these conversations would remain confidential and the revelation of same could result in the recording being used "as a vehicle for improper purposes" such as "scandal, libel or harassment" if publicly disclosed. *See Racies v. Quincy Bioscience, LLC*, No. 15-cv-00292-HSG, 2017 WL 6405612, at *1 (N.D. Cal. Dec. 15, 2017); *Goodman v. Las Vegas Metro. Police Dept.*, No. 2:11-cv-01447-MMD-VCF, 2013 WL 5743638,

1  at *3 (D. Nev. Oct. 16, 2013).

2      8.    Pursuant to Civil Local Rule 79-5(f), it is the designating party's burden to provide the reasons for keeping the designated documents under seal by submitting a statement and/or declaration within seven days of this motion's filing. Plaintiffs take no position on whether the material referenced in ¶ 5 of this Motion should remain under seal.

    9.    Exhibits 1, 3, 5, 29, 33, 36, and 39 are subject to a previous request to file under seal (ECF No. 223), which the Court granted. ECF No. 282. Exhibits 2 and 21 are subject to a previous request to file under seal (ECF No. 269) that the Court has yet to rule on. Exhibits 10, 35, and 37 are likewise subject to a previous request to file under seal (ECF No. 271) that the Court has yet to rule on.

    10.    Pursuant to Civil Local Rule 79-5(f), it is the designating party's burden to provide the reasons for keeping the designated documents under seal by submitting a statement and/or declaration within seven days of this motion's filing. Plaintiffs take no position on whether the material should remain under seal.

    11.    Because Civil Local Rule 79-5(c) prohibits the sealing of a document by agreement of the parties, the parties are unable to enter into such a stipulation. See Civ. L. R. 7-11(a) (requiring explanation of lack of stipulation).

Dated: October 3, 2022

    /s/ Margaret MacLean
Vincent Briganti (*pro hac vice*)
Christian Levis (*pro hac vice*)
Margaret MacLean (*pro hac vice*)
Andrea Farah (*pro hac vice*)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: (914) 997-0500
Facsimile: (914) 997-0035
vbriganti@lowey.com
clevis@lowey.com
mmaclean@lowey.com
afarah@lowey.com

---

PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL AND TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED CASE NO. 19-cv-04286-BLF

4

Mark N. Todzo (Bar No. 168389)
Eric S. Somers (Bar No. 139050)
**LEXINGTON LAW GROUP**
503 Divisadero Street
San Francisco, CA 94117
Telephone: (415) 913-7800
Facsimile: (415) 759-4112
mtodzo@lexlawgroup.com.

Joseph P. Guglielmo (pro hac vice)
Erin Green Comite (pro hac vice)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169-1820
Telephone: (212) 223-6444
Facsimile: (212) 223-6334
jguglielmo@scott-scott.com
ecomite@scott-scott.com

John T. Jasnoch (Bar No. 281605)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
600 W. Broadway, Suite 3300
San Diego, CA 92101
Telephone: (619) 233-4565
Facsimile: (619) 233-0508
jjasnoch@scott-scott.com

*Attorneys for Plaintiffs*

---

PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL AND TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED CASE NO. 19-cv-04286-BLF
5