Bobbie J. Wilson, Bar No. 148317
BWilson@perkinscoie.com
Sunita Bali, Bar No. 274108
SBali@perkinscoie.com
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, California 94105
Telephone: +1.415.344.7000
Facsimile:  +1.415.344.7050

Attorneys for Defendants
ALPHABET INC. and GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE GOOGLE ASSISTANT PRIVACY LITIGATION | Case No. 5:19-cv-04286-BLF<br><br>**GOOGLE LLC AND ALPHABET INC.'S STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER DEFENDANTS' MATERIAL SHOULD BE SEALED (DKT. 304)**<br><br>Judge:  Hon. Beth Labson Freeman |

# STATEMENT

Pursuant to Civil Local Rules 7-11 and 79-5, Defendants Google LLC and Alphabet Inc. (collectively "Google") submit this Statement in support of Plaintiffs' Administrative Motion to Consider Whether Defendants' Material Should be Sealed. Dkt. 304. Google seeks an order to file under seal certain narrowly tailored redactions to Plaintiffs' Reply Brief in Support of Motion for Class Certification ("Reply," filed in public redacted form at Dkt. 303 and provisionally under seal with proposed redactions marked at Dkt. 304-3) and sealing certain Exhibits to the Declaration of Margaret MacLean in support of the Reply ("Declaration Exhibits," filed in public redacted form at Dkt. 303 and provisionally under seal at Dkt. 304, collectively with the Reply, "the Sealed Materials"). This Statement is supported by the Declaration of Hailey Crowel ("Crowel Decl."), filed concurrently.

Specifically, Google requests to seal these portions of the Reply and Declaration Exhibits:

| Dkt. or Ex. No. | Document | Portion(s) to Seal | Basis for Sealing Portion of Document |
|---|---|---|---|
| Dkt. 304-3 | Plaintiffs' Reply to Google's Motion for Class Certification<br><br>[Public version at Dkt. 303] | Highlighted portions on pages 2-6, 12-13 | Confidential and highly sensitive proprietary and commercial information about (1) the operation of Google Assistant; (2) business opportunities and risks; and (3) details of Google's understanding of the profits or losses associated with Google Assistant. *See* Crowel Decl. ¶ 5. Public disclosure of this information would cause harm to Google. *See id.* |
| Dkt. 304-13 (Decl. Ex. 29) | Declaration of F. Torres in Support of Plaintiffs' Motion for Class Certification<br><br>[Public version at Dkt. 303-30] | Highlighted portion on pages 9-10, 15, 20-21, 26, 30-36 | Sealed under this Court's Order at Dkt. 282 11:8-13 ("This highlighted portions reflect confidential and highly sensitive proprietary and commercial information about (1) the operation of Google Assistant and (2) details of Google's understanding of the profits or losses associated with Google Assistant."). |

And Google requests to seal these Declaration Exhibits in their entirety:

| Dkt. or Ex. No. | Document Identification or Bates Number | Basis for Sealing Document or Portion of Document |
|---|---|---|
| Dkt. 304-4 (Decl. Ex. 1) | Excerpts of deposition transcript of Terry Tai, dated June 30, 2020 [Public version at Dkt. 303-2] | Sealed under this Court's Order at Dkt. 282 10:26-11:1 ("This document contains confidential and highly sensitive proprietary and commercial information about the operation of Google Assistant."). |
| Dkt. 304-6 (Decl. Ex. 3) | GOOG-ASST-03034181 [Public version at Dkt. 303-4] | Sealed under this Court's Order at Dkt. 282 7:28-8:3 ("This document contains confidential and highly sensitive proprietary and commercial information about the operation of Google Assistant."). |
| Dkt. 304-7 (Decl. Ex. 4) | GOOG-ASST-00221071 [Public version at Dkt. 303-5] | Confidential and highly sensitive proprietary and commercial information about the operation of Google Assistant. *See* Crowel Decl. ¶ 5. Public disclosure of this information would cause harm to Google. *See id.* |
| Dkt. 304-8 (Decl. Ex. 5) | GOOG-ASST-03026521 [Public version at Dkt. 303-6] | Sealed under this Court's Order at Dkt. 282 7:21-24 ("This document contains confidential and highly sensitive proprietary and commercial information about the operation of Google Assistant."). |
| Dkt. 304-9 (Decl. Ex. 6) | GOOG-ASST-00027643 [Public version at Dkt. 303-7] | Confidential and highly sensitive proprietary and commercial information about the operation of Google Assistant. *See* Crowel Decl. ¶ 5. Public disclosure of this information would cause harm to Google. *See id.* |
| Dkt. 304-10 (Decl. Ex. 9) | GOOG-ASST-00238568 [Public version at Dkt. 303-10] | Confidential and highly sensitive proprietary and commercial information about the operation of Google Assistant. *See* Crowel Decl. ¶ 5. Public disclosure of this information would cause harm to Google. *See id.* |
| Dkt. 304-11 (Decl. Ex. 10) | GOOG-ASST-00213485 [Public version at Dkt. 303-11] | Confidential and highly sensitive proprietary and commercial information about the operation of Google Assistant. *See* Crowel Decl. ¶ 5. Public disclosure of this information would cause harm to Google. *See id.* |

| Dkt. or Ex. No. | Document Identification or Bates Number | Basis for Sealing Document or Portion of Document |
|---|---|---|
| Dkt. 304-14 (Decl. Ex. 30) | Excerpts of deposition of Fernando Torres, dated September 7, 2022<br><br>[Public version at Dkt. 303-31] | Confidential and highly sensitive proprietary and commercial information about details of Google's understanding of the profits or losses associated with Google Assistant. *See* Crowel Decl. ¶ 5. Public disclosure of this information would cause harm to Google. *See id.* |
| Dkt. 304-15 (Decl. Ex. 31) | Excerpts of deposition of Hailey Crowel, dated July 21, 2022<br><br>[Public version at Dkt. 303-32] | Confidential and highly sensitive proprietary and commercial information about details of Google's understanding of the profits or losses associated with Google Assistant. *See* Crowel Decl. ¶ 5. Public disclosure of this information would cause harm to Google. *See id.* |
| Dkt. 304-16 (Decl. Ex. 32) | GOOG-ASST-03045589<br><br>[Public version at Dkt. 303-33] | Confidential and highly sensitive proprietary and commercial information about details of Google's understanding of the profits or losses associated with Google Assistant. *See* Crowel Decl. ¶ 5. Public disclosure of this information would cause harm to Google. *See id.* |
| Dkt. 304-17 (Decl. Ex. 33) | GOOG-ASST-03045632<br><br>[Public version at Dkt. 303-34] | Sealed under this Court's Order at Dkt. 282 6:4-7 ("This document contains confidential and highly sensitive proprietary and commercial information about the profits or losses of Google Assistant."). |
| Dkt. 304-18 (Decl. Ex. 34) | Reply Report to the Expert Report of Jesse David, PhD by Fernando Torres<br><br>[Public version at Dkt. 303-35] | Confidential and highly sensitive proprietary and commercial information about details of Google's understanding of the profits or losses associated with Google Assistant. *See* Crowel Decl. ¶ 5. Public disclosure of this information would cause harm to Google. *See id.* |
| Dkt. 304-19 (Decl. Ex. 35) | GOOG-ASST-03026959<br><br>[Public version at Dkt. 303-36] | Subject to Administrative Motion to Seal at Dkt. 271.<br><br>Confidential and highly sensitive proprietary and commercial information about the operation of Google Assistant. *See* Crowel Decl. ¶ 5. Public disclosure of this information would cause harm to Google. *See id.* |

| Dkt. or Ex. No. | Document Identification or Bates Number | Basis for Sealing Document or Portion of Document |
|---|---|---|
| Dkt. 304-20 (Decl. Ex. 36) | GOOG-ASST-03026660  [Public version at Dkt. 303-37] | Subject to Administrative Motion to Seal at Dkt. 271.  Confidential and highly sensitive proprietary and commercial information about the operation of Google Assistant. *See* Crowel Decl. ¶ 5. Public disclosure of this information would cause harm to Google. *See id.* |
| Dkt. 304-21 (Decl. Ex. 37) | GOOG-ASST-03029199  [Public version at Dkt. 303-38] | Subject to Administrative Motion to Seal at Dkt. 271.  Confidential and highly sensitive proprietary and commercial information about the operation of Google Assistant. *See* Crowel Decl. ¶ 5. Public disclosure of this information would cause harm to Google. *See id.* |
| Dkt. 304-23 (Decl. Ex. 39) | Opening Expert Report of Rebecca Reed-Arthurs, Ph.D  [Public version at Dkt. 303-40] | Sealed under this Court's Order at Dkt. 282 11:14-20 (Document "reflects confidential and highly sensitive proprietary and commercial information about (1) the operation of Google Assistant' (2) business opportunities and risks; and (3) details of Google's understanding of the profits or losses associated with Google Assistant."). |

## LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to dispositive motions bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for*

*Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

However, "while protecting the public's interest in access to the courts, [courts] must remain mindful of the parties' right to access those same courts upon terms which will not unduly harm their competitive interest." *Apple Inc. v. Samsung Elecs. Co., Ltd*., 727 F.3d 1214, 1228–29 (Fed. Cir. 2013). Thus, courts find compelling reasons to seal information when, for example, the "'files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id*. (quoting *Nixon v. Warner Commc'ns, Inc*., 435 U.S. 589, 598 (1978)), or where court files may serve "as sources of business information that might harm a litigant's competitive standing," *Nixon*, 435 U.S. at 598-99. The compelling reasons standard is invoked "even if the dispositive motion, or its attachments, were previously filed under seal or protective order." *Kamakana*, 447 F.3d at 1179 (citing *Foltz*, 331 F.3d at 1136). This Court applies the compelling reasons standard to motions to seal documents relating to class certification. Dkt. 282 at 3 (collecting cases).

## ARGUMENT

Compelling reasons exist for sealing the Sealed Materials.

***First***, information about the operation of Google Assistant is sealable because, if disclosed, it would be a source of non-public technical and business information that competitors might use to harm Google's competitive standing. Crowel Dec. ¶ 5; *see*, *e.g*., *Darisse v. Nest Labs, Inc*., 2016 WL 11474174, at *1 (N.D. Cal. June 2, 2016) (sealing material on motion for class certification on finding that disclosure might harm competitive standing); *see also*, *e.g*., *Space Data Corp. v. Alphabet Inc*., 2018 WL 10455199, at *2 (N.D. Cal. Feb. 27, 2018) (Freeman, J.) ("*Space Data* ") (sealing "technical, business planning and financial information, disclosure of which could cause economic harm to Space Data and provide an unfair advantage to competitors" under compelling reasons standard).

***Second***, details of business opportunities and risks are sealable because they inform Google's decision-making process and business environment and therefore constitute "technical,

business planning and financial information, disclosure of which could cause economic harm to [Google] and provide an unfair advantage to competitors." *Space Data,* 2018 WL 10455199, at *2; *see also Darisse*, 2016 WL 11474174, at *1; Crowel Decl. ¶ 5.

**Third**, Google's understanding of the profits or losses associated with Google Assistant is sealable because it is "sensitive, confidential financial information, the disclosure of which would cause competitive and business harm to [Google] because a competitor might use it to, for example, gain insight into [Google's] margins, commercial strategies, and internal operating procedures." *City of Birmingham Relief & Ret. Sys. v. Hastings*, 2019 WL 3815720, at *1 (N.D. Cal. Mar. 4, 2019), redacted opinion issued, 2019 WL 3815722 (N.D. Cal. Feb. 13, 2019) (Freeman, J.) (applying compelling reasons standard); *see also, e.g.*, *Space Data*, 2018 WL 10455199, at *2; Crowel Decl. ¶ 5.

**Fourth**, the Sealed Materials are sealable because they are presented without context and in many cases were selected by Plaintiffs to present an incomplete and misleading picture of Google business practices related to Google Assistant and the operation of Google Assistant. "[D]isclosure of this information without context could cause harm to Google by providing an incomplete and misleading picture of Google's practices and capabilities." *Adtrader, Inc. v. Google LLC*, 2020 WL 6389186, at *2 (N.D. Cal. Feb. 24, 2020) (Freeman, J.) (sealing information on this basis under compelling reasons standard); Crowel Decl. ¶ 5.

For the reasons identified above, there are compelling reasons for the Sealed Materials to be sealed.

Dated:  October 11, 2022            **Perkins Coie LLP**

By: /s/ *Sunita Bali*
    Bobbie J. Wilson, Bar No. 148317
    Sunita Bali, Bar No. 274108

Attorneys for Defendants Alphabet Inc. and Google LLC