Bobbie J. Wilson, Bar No. 148317
BWilson@perkinscoie.com
Sunita Bali, Bar No. 274108
SBali@perkinscoie.com
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, California 94105
Telephone: +1.415.344.7000
Facsimile:  +1.415.344.7050

Erin K. Earl, *pro hac vice*
EEarl@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: +1.206.359.8000
Facsimile:  +1.206.359.900

Attorneys for Defendants
Alphabet Inc. and Google LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE GOOGLE ASSISTANT PRIVACY LITIGATION | Case No. 5:19-CV-04286-BLF<br><br>**DEFENDANTS ALPHABET INC. AND GOOGLE LLC'S LOCAL RULE 7-3(d)(1) OBJECTION TO PLAINTIFFS' EVIDENCE SUBMITTED WITH REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION**<br><br>Date:     October 20, 2022<br>Time:     9:00 a.m.<br>Judge:    Hon. Beth Labson Freeman |

Under Northern District of California Local Civil Rule 7-3(d)(1), Defendants Google LLC and Alphabet Inc. (together, "Google") object to the new evidence submitted with Plaintiffs' Reply Memorandum in Support of Motion for Class Certification ("Reply"). *See* Dkt. 303. As this Court has recognized, "[n]ew evidence submitted as part of a reply is improper." *Sommers v. City of Santa Clara*, 516 F. Supp. 3d 967, 980 (N.D. Cal. Feb. 1, 2021) (citation omitted); *see also, e.g.*, *Rodgers v. Chevys Restaurants, LLC*, No. C13-03923 HRL, 2015 WL 909763, at *5 (N.D. Cal. Feb. 24, 2015) ("It is well accepted that raising of new issues and submission of new facts in [a] reply brief is improper.") (citation omitted). Accordingly, as discussed in more detail below, Google respectfully requests that the Court strike Exhibits 4, 6, and 34 to the Declaration of Margaret MacLean in Support of Plaintiffs' Reply, Dkt. 303-1 ("MacLean Reply Decl."), or provide Google an opportunity to respond to the new evidence. *See Rodgers*, 2015 WL 909763, at *5 ("A court may strike new evidence raised for the first time in a reply."); *Applied Materials, Inc. v. Demaray LLC*, No. 5:20-CV-05676-EJD, 2020 WL 8515132, at *1 (N.D. Cal. Dec. 16, 2020) (explaining that "[w]here new evidence is presented in a reply" the Court "should not consider the new evidence without giving the non-movant an opportunity to respond").

***Exhibits 4 and 6.*** For the first time with their Reply, Plaintiffs submitted Exhibit 4 (titled "Google Assistant at Home Final Research Report," GOOG-ASST-00221071), and Exhibit 6 (titled "Assistant - User Trust & Privacy Research," GOOG-ASST-00027643). Plaintiffs cite these documents to support their argument that putative class members' expectation of privacy is supposedly a common issue. Plaintiffs also made this argument in their opening brief but did not cite this evidence. *Compare* Reply at 3-7, *with* Dkt. 222-1 ("Motion" or "Mot.") at 18-19. Plaintiffs' attempt to prop up their expectation of privacy arguments with entirely new evidence in their Reply is plainly improper, and the Court should strike Exhibits 4 and 6.

***Exhibit 34.*** Plaintiffs also submitted the "Rebuttal Declaration of Fernando Torres" as Exhibit 34. Given the expert discovery schedule in this case, it was not objectionable for Plaintiffs to submit rebuttal expert reports with their Reply. *See, e.g.*, Dkt. 205. What renders Mr. Torres' rebuttal report improper "new evidence" under Local Civil Rule 7-3(d)(1) is that the report raises brand new opinions not included in Mr. Torres' original report, or in Plaintiffs' original Motion.

*See Docusign, Inc. v. Sertifi, Inc.*, 468 F. Supp. 2d 1305, 1307 (W.D. Wash. 2006) (granting motion to strike supplemental expert declaration submitted with reply brief and noting that the declaration "address[ed] issues which should have been addressed in the opening brief, and the new evidence is inappropriate for Reply"); *Oracle Am., Inc. v. Google Inc.*, No. C 10-03561 WHA, 2011 WL 5572835, at *3 (N.D. Cal. Nov. 15, 2011) (striking rebuttal expert report and explaining that the "party with the burden of proof on an issue" should not be permitted to engage in "sandbagging" by "sav[ing] its best points for reply, when it will have the last word, a common litigation tactic"); *cf.* Fed. R. Civ. P. 26(a)(2)(B)(i)-(iii) (requiring expert disclosures to include a "complete statement of all opinions the witness will express and the basis and reasons for them" as well as the "facts or data considered" and "any exhibits that will be used to summarize or support them").

Mr. Torres originally proposed a method for calculating breach of contract damages using a "price premium representing the difference between the market price of the promised device and service (i.e., with privacy protections), and that of the device and service delivered by Google (i.e., a set that records, shares, and uses Users' communications)." Dkt. 223-4, Ex. 57 at 7. To illustrate this calculation, Mr. Torres relied on a "basic supply-demand chart" without analyzing the supply of Google Assistant Enabled *Devices*. *See id.* at 20-22 n.47 (analyzing the supply "costs of providing Assistant *services* like Search results") (emphasis added). But Mr. Torres' rebuttal report presents an entirely different analysis, advancing a newfound theory that the market for Google Assistant Enabled Devices "is one of monopolistic competition" that "exhibits different supply side considerations from those applicable in" a "perfectly competitive market." *See* MacLean Reply Decl., Ex. 34 at 1. Mr. Torres' shift in opinion about the basic nature of the relevant market even caused him to redraw the supply-demand charts he previously included in his original report. *Compare id.* at Figs. 1-2, *with* Dkt. 223-4, Ex. 57 at Figs. 1-2.

Simply put, if Mr. Torres had an opinion on the nature of the market for Google Assistant Enabled Devices, the time for him to disclose that foundational opinion was in his original report, not in a "rebuttal" report submitted with Plaintiffs' reply brief. *See Matthew Enterprise, Inc. v. Chrysler Grp. LLC*, No. 13-CV-04236-BLF, 2016 WL 4272430, at *2 (N.D. Cal. Aug. 15, 2016)

(explaining that "[r]ebuttal expert testimony is limited to 'new unforeseen facts brought out in the other side's case'" and "cannot be used to advance new arguments," "new evidence," or "alternate theor[ies]") (citations omitted). Indeed, a "rebuttal report is not the time to change methodologies to account for noted deficiencies; instead, it is to respond to criticisms of such methodologies." *Id.* (citation omitted). While Mr. Torres casts his rebuttal report as responding to Google's expert's criticisms of his report, *see* MacLean Reply Decl., Ex. 34 at 1, his conclusion that the relevant market is "monopolistic" is not a rebuttal opinion but a brand new one. Accordingly, Plaintiffs' attempt to create a "battle of the experts as to whether the market for GAEDs exists in monopolistic competition (as Mr. Torres contends), or perfect competition (as Google's expert contends)," Reply at 11-12, by submitting new evidence with their reply should be rejected and Exhibit 34, or at least the portions that describe Mr. Torres' new opinion (pages 1-11), should be stricken.

For these reasons, Google respectfully requests that the Court strike Exhibits 4, 6, and 34 to the MacLean Reply Declaration, or provide Google an opportunity to respond to the new evidence.

Dated: October 11, 2022    **PERKINS COIE LLP**

By: /s/ Sunita Bali
Bobbie J. Wilson, Bar No. 148317
Sunita Bali, Bar No. 274108
Erin K. Earl, *pro hac vice*

Attorneys for Defendants
Alphabet Inc. and Google LLC