| | |
|---|---|
| Bobbie J. Wilson (SBN 148317)<br>BWilson@perkinscoie.com<br>Sunita Bali (SBN 274108)<br>SBali@perkinscoie.com<br>**PERKINS COIE LLP**<br>505 Howard Street, Suite 1000<br>San Francisco, California 94105<br>Telephone: 415.344.7000<br>Facsimile:  415.344.7050<br><br>*Attorneys for Defendants*<br>*GOOGLE LLC and ALPHABET INC.* | Vincent Briganti (*pro hac vice*)<br>Christian Levis (*pro hac vice*)<br>Margaret MacLean (*pro hac vice*)<br>Andrea Farah (*pro hac vice*)<br>**LOWEY DANNENBERG, P.C.**<br>44 South Broadway, Suite 1100<br>White Plains, NY 10601<br>Telephone: (914) 997-0500<br>vbriganti@lowey.com<br>clevis@lowey.com<br>mmaclean@lowey.com<br>afarah@lowey.com<br><br>*Attorneys for Plaintiffs*<br>*ASIF KUMANDAN, MELISSA SPURR,*<br>*And MELISSA SPURR, as guardian of*<br>*B.S., a minor, LOURDES GALVAN, and*<br>*ELEEANNA GALVAN* |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE GOOGLE ASSISTANT PRIVACY LITIGATION | Case No. 5:19-CV-04286-BLF<br><br>**JOINT STATUS REPORT PURSUANT TO ORDER RE JOINT DISCOVERY SUBMISSION (DKT. 278)** |

Pursuant to this Court's Order re Joint Discovery Submission, Dkt. 278 (the "Discovery Order"), Plaintiffs Asif Kumandan, Melissa Spurr, Melissa Spurr as guardian of B.S., a minor, Lourdes Galvan, and Eleeanna Galvan ("Plaintiffs") and Google LLC and Alphabet Inc. ("Defendants") (collectively, the "Parties") submit this joint status report. The parties have met and conferred in good faith and will continue to do so. With respect to the October 20 conference, if the Court elects not to vacate the hearing, we note that Judge Freeman issued an order today converting the October 20 hearings before her to Zoom, and therefore respectfully request that this Court do the same.

*Plaintiffs' Statement:*

Immediately upon receipt of the Discovery Order, Plaintiffs recognized that they would need assistance in developing an appropriate plan to yield statistically meaningful samples of the speech log data. Plaintiffs researched experts in this field, contacted several, and ultimately selected and retained an appropriate firm. On October 3, 2022, Plaintiffs disclosed to Google the identities and resumes of their experts, as well as the categories of "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" information they seek to disclose to those experts, pursuant to Section 7.4(a) of the Protective Order, Dkt. 104. Plaintiffs repeatedly explained to Google that advice from their experts will be critical in evaluating any proposal made by Google and in creating a proposal of their own, and asked that Google expedite the Protective Order's default 14-day period to object to the experts in view of the deadlines this Court has imposed. To date, Google still has not provided Plaintiffs with its position on their experts. Assuming Google does not object to the experts when the 14-day period expires (which will be Monday, October 17, 2022), they are available to participate in the October 20 conference via Zoom.

On October 7, 2022, Google's counsel provided Plaintiffs' counsel with its proposal for a plan to conduct the random sampling ordered by the Court. Even without input from their experts, it was obvious to Plaintiffs' counsel that the proposal was inadequate. For example, it proposed sampling data from just 7 individual days over the entire 7-year-long class period, and excluded all language settings other than U.S. English. Further, it did not contain sufficient detail for Plaintiffs to fully evaluate it. Plaintiffs sent back a number of questions via email all aimed at

understanding how Google had developed the proposal and the reasons underlying its choices. On October 11, 2022, the parties conferred by telephone to discuss these questions. Google's counsel indicated that it would take some of Plaintiffs' questions and concerns back to Google, and that it would endeavor at some point to provide more concrete numbers for aspects of its proposal that it had left in general terms, but did not commit to a timeframe in which it would provide further information (if any). Still, it was apparent that the parties fundamentally disagree on certain points. These include: (1) the appropriate time intervals at which to sample data; (2) whether Google's ultimate production will consist of samples of the underlying speech log data itself (as Plaintiffs contend the Court's order requires) or only of the number of queries in certain categories (as Google proposes); and (3) whether and to what extent Google can produce samples of the underlying data without violating user privacy.

**Defendants' Statement:**

As Plaintiffs acknowledge, on October 7, 2022, Google's counsel provided Plaintiffs' counsel with a proposal for "a plan for the random sampling of speech logs from various points in the class period to generate a statistically meaningful sample of relevant data."

Although certain details remained subject to ongoing analysis, Google's proposal reflected a thoughtful, good faith effort to balance "the technical challenges inherent in the identification and extraction of relevant data" from Google's systems, Discovery Order at 4, against the information Plaintiffs represented they needed in the Parties' previous briefing and conferences on these issues. Thus, for example, Google proposed sampling one date per year of the Class Period (on dates of Plaintiffs' choosing) as a starting point to address technological feasibility concerns related to sampling, filtering, or otherwise processing data without identifying a manageable starting corpus from billions of queries. And there are millions of queries on even a single day, so such an approach would still yield a large volume of data. Plaintiffs have yet to suggest an alternate date range or limiting proposal. Google also proposed providing the number of queries falling into certain categories, rather than the underlying content of user queries, because Plaintiffs previously represented that they were "not even seeking production of the actual contents of users' communications (which is all that the Stored Communications Act

1 | covers), but simply identification of instances in which Google Assistant made a recording
2 | without a hotword." Dkt. 240 at 2-4. Thus, Google's proposal was designed to provide the
3 | information it understood Plaintiffs to be seeking while addressing concerns about the privacy
4 | interests of Assistant users other than the named plaintiffs. And Google's proposal to limit the
5 | sample to the English (US) locale was because it understood that to be the scope of Plaintiffs'
6 | claims, given the varied implications on Plaintiffs' claims of incorporating other languages, and
7 | given that the named plaintiffs' own settings reflect English (US).

8 |     Google did not, however, take the position that its proposal, or any portion of its proposal,
9 | was a hard line; rather, it made clear that its proposal was designed to outline a potential
10 | framework for the sampling process to enable the Parties to engage in meaningful discussion,
11 | negotiations, and exchange of information. On October 11, 2022, Plaintiffs' counsel sent
12 | Google's counsel a list of questions regarding Google's proposal, and counsel met-and-conferred
13 | via telephone on that same date to discuss these questions and related issues. Google is now in the
14 | process of investigating answers to Plaintiffs' questions, which were only sent two days ago,
15 | shortly before the meet-and-confer session. Certainly, the Parties have taken different positions in
16 | negotiations—that is to be expected—but negotiations are ongoing and the parties have not
17 | reached an impasse on a single issue. To the contrary, the Parties agreed to further consider their
18 | positions in light of their October 11 meet and confer, including with respect to all the points on
19 | which Plaintiffs contend the parties "fundamentally disagree."

20 |     In the meantime, Plaintiffs have not provided any proposal or an alternative framework
21 | for discussion. Plaintiffs are free to propose alternate time intervals or date ranges, and to discuss
22 | alternatives for producing sample log data that take into consideration privacy concerns, including
23 | under the Stored Communications Act. Nothing in the Protective Order prevents Plaintiffs from
24 | retaining experts, consulting with those experts, or identifying the type of information their
25 | experts will need—it *solely* provides that Google has through October 17, 2022, to object to the
26 | disclosure of Google's "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY"
27 | information to these experts. Google is diligently reviewing Plaintiffs' disclosed experts—which
28 | Google learned of for the first time a mere ten days ago on October 3—and will provide its

position on these experts as soon as possible, and in no event later than October 17, the deadline set by the Protective Order. Plaintiffs' insinuation that Google's evaluation of their experts as contemplated by the Protective Order is preventing them from making their own sampling proposal or from continuing the Parties' ongoing meet-and-confer discussions on these issues ignores reality.

Google therefore disagrees that there are any points of disagreement that have ripened into disputes that are ready for presentation to and resolution by the Court. Although the Parties have made progress in negotiating a sampling procedure, many key details remain to be negotiated, and both sides have confirmed they remain open to many alternatives. Accordingly, Google's position is that it would be more efficient for the Parties to continue to meet and confer and submit a further joint status report in three weeks, on November 3, 2022, rather than appearing for a hearing on October 20, 2022, when the Parties may well be able to resolve among themselves many of the points of disagreement identified to date. That schedule still leaves ample time for the parties to complete the required sampling well before the December 16, 2022 deadline.

Dated:  October 13, 2022                    **PERKINS COIE LLP**

By: */s/ Sunita Bali*
Bobbie J. Wilson, Bar No. 148317
Sunita Bali, Bar No. 274108

Dated:  October 13, 2022                    **LOWEY DANNENBERG, P.C.**

By: */s/ Vincent Briganti*
Vincent Briganti (pro hac vice)
Christian Levis (pro hac vice)
Margaret MacLean (pro hac vice)
Andrea Farah (pro hac vice)