Bobbie J. Wilson, Bar No. 148317
BWilson@perkinscoie.com
Sunita Bali, Bar No. 274108
SBali@perkinscoie.com
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, California 94105
Telephone: +1.415.344.7000
Facsimile:  +1.415.344.7050

Erin K. Earl, *pro hac vice*
EEarl@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: +1.206.359.8000
Facsimile:  +1.206.359.900

Attorneys for Defendants
Alphabet Inc. and Google LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE GOOGLE ASSISTANT PRIVACY LITIGATION | Case No. 5:19-CV-04286-BLF<br><br>**DEFENDANTS ALPHABET INC. AND GOOGLE LLC'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE SURREPLY TO PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF MOTION FOR CLASS CERTIFICATION** |

Under Northern District of California Civil Local Rule 7-11, Defendants Alphabet Inc. and Google LLC (together, "Google") ask the Court for leave to file a surreply to Plaintiffs' Reply Memorandum in Support of Motion for Class Certification, Dkt. 303 ("Reply"). Plaintiffs' Reply raises wholly new arguments (1) that four of their five proposed class definitions should be further modified, and (2) in the alternative, that non-party Steven Spurr should be added as a new named plaintiff. *See* Reply at 14–15 & n.9. Google respectfully requests that the Court disregard these new arguments because they were raised for the first time on Reply. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007). But if the Court is inclined to consider Plaintiffs' new arguments, Google seeks leave to file a surreply to respond.

When a party "raises new argument or presents new evidence in a reply brief, a court may consider these matters only if the adverse party is given an opportunity to respond." *In re PersonalWeb Techs., LLC*, No. 18-MD-02834-BLF, 2019 WL 1975432, at *1 (N.D. Cal. Feb. 6, 2019) (citation omitted). Here, Plaintiffs have raised entirely new arguments in their Reply. As explained in more detail in the proposed surreply, Plaintiffs' Reply asks the Court to expand four of their five proposed class definitions to include users who enabled the Web & App Activity ("WAA") setting, even if they have not enabled the Voice and Audio Activity ("VAA") setting —whereas these class definitions in their original Motion for Class Certification are limited only to users who have enabled the VAA setting. *See* Reply at 14–15. Plaintiffs do so based on an apparent misconception of how the WAA and VAA settings operate, and Google must be permitted to set the record straight. *See PersonalWeb*, 2019 WL 1975432 at *1 (granting leave to file a surreply to allow a party to address the other's "misinterpret[ation]" of the evidence). In addition, changing the scope of these proposed classes introduces additional deficiencies in Plaintiffs' proof with respect to typicality, commonality, predominance, and superiority, and Google is entitled to address the new issues raised by the modified class definitions proposed in the Reply. *See Gold v. Lumber Liquidators, Inc.*, No. 14-CV-05373-TEH, 2017 WL 2688077, at *2 (N.D. Cal. June 22, 2017); *see also, e.g.*, *Garcia v. Schlumberger Lift Sols.*, No. 118-CV-01261-DAD-JLT, 2021 WL 1259737, at *3 (E.D. Cal. Apr. 6, 2021) ("[C]ourts have granted leave to file a sur-reply where modified class definitions are presented in reply briefs."), *report*

*and recommendation adopted*, No. 118-CV-01261-DAD-JLT, 2021 WL 5321669 (E.D. Cal. Nov. 16, 2021). And if the Court is inclined to consider Plaintiffs' new request to add non-party Steven Spurr as a named plaintiff in this case, notwithstanding that such request is made for the first time in a footnote in their Reply, *see* Reply at 14 n.9; Standing Order re: Civil Cases IV.F, Google similarly should be permitted to respond to that argument as well.

Because these are new *arguments*, not new *evidence*, Google seeks leave to file a surreply if the Court is inclined to consider them, rather than objecting under Local Rule 7-3(d)(1). *See, e.g.*, *Huawei Techs., Co. v. Samsung Elecs. Co.*, No. 3:16-CV-02787-WHO, 2019 WL 655279, at *2 n.2 (N.D. Cal. Feb. 17, 2019) (concluding it was "improper[]" to "object[] to some arguments rather than evidence" in an "objection under Civil Local Rule 7-3(d)(1)"). Google attaches its proposed surreply as Exhibit 1 to the Declaration of Sunita Bali ("Bali Decl."), filed concurrently with this motion. Plaintiffs oppose this request. Bali Decl. ¶ 3.

Dated:  October 13, 2022     **PERKINS COIE LLP**

By:/s/ Sunita Bali
Bobbie J. Wilson, Bar No. 148317
Sunita Bali, Bar No. 274108
Erin K. Earl, *pro hac vice*

Attorneys for Defendants
Alphabet Inc. and Google LLC