# EXHIBIT 1

Bobbie J. Wilson, Bar No. 148317
BWilson@perkinscoie.com
Sunita Bali, Bar No. 274108
SBali@perkinscoie.com
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, California 94105
Telephone: +1.415.344.7000
Facsimile: +1.415.344.7050

Erin K. Earl, *pro hac vice*
EEarl@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: +1.206.359.8000
Facsimile: +1.206.359.900

Attorneys for Defendants
Alphabet Inc. and Google LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE GOOGLE ASSISTANT PRIVACY LITIGATION | Case No. 5:19-CV-04286-BLF<br><br>**DEFENDANTS ALPHABET INC. AND GOOGLE LLC'S SURREPLY TO PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF MOTION FOR CLASS CERTIFICATION**<br><br>Date: October 20, 2022<br>Time: 9:00 a.m.<br>Judge: Hon. Beth Labson Freeman |

In a last-ditch effort to save their faulty class definitions, Plaintiffs propose reinventing them. Plaintiffs' Reply Memorandum in Support of Motion for Class Certification, Dkt. 303 ("Reply"), asks the Court to rewrite four of their five proposed class and subclass definitions to encompass users who enabled the Web & App Activity ("WAA") setting, even if they did *not* enable the Voice and Audio Activity ("VAA") setting; whereas Plaintiffs' opening Motion for Class Certification originally limited these proposed classes to users who have enabled VAA. *Compare* Reply at 14–15, *with* Mem. in Supp. of Mot. for Class Certification, Dkt. 202-01 ("Motion") at 1 n.4. But this change, which Plaintiffs erroneously attempt to characterize as fixing a scrivener's error, not only would further impermissibly expand their putative classes, but also is a material expansion that would introduce even more deficiencies in their class certification showing, by completely shifting this case away from what has always been the focus: Google's alleged collection, disclosure, and use of *audio recordings*. Plaintiffs' fallback argument seeking leave to add non-party Steven Spurr, husband of named Plaintiff Melissa Spurr and father of minor named Plaintiff B.S., as a putative class representative at this late stage fares no better. Simply put, Plaintiffs' attempted eleventh-hour revisions cannot save their Motion, which should be denied.

### A. Plaintiffs Should Not Be Permitted to Further Amend Their Class Definitions.

Google's Opposition established that Plaintiffs failed to show they are members of the classes they seek to represent—one of the most basic requirements of the class action device. *See* Opp. to Pls.' Mot. for Class Cert., Dkt. 268 ("Opp.") at 22–24; *see also Gen. Tel. Co. v. Falcon*, 457 U.S. 147, 156 (1982) (the Supreme Court has "repeatedly held" that "a class representative must be part of the class") (citations omitted). As relevant here, in their Motion, Plaintiffs originally sought to represent a Privacy Class, Privacy Disclosure Subclass, Privacy Use Subclass, and SCA Class that each depended on members' status as "Opted-In Users," defined as users "who have enabled Voice and Audio Activity." Mot. at 1 n.4. But this definition suffers from a glaring flaw: Plaintiffs themselves are not "Opted-In Users" under their own definition, given that VAA currently is disabled on *all* their Google accounts, rendering them atypical of the classes and subclasses relying on "Opted-In" status, in addition to several additional deficiencies.

-1-

5:19-CV-04286-BLF
DEFENDANTS' SURREPLY TO PLAINTIFFS' REPLY MEM. IN SUPP. OF MOT. FOR CLASS CERT.

*See* Opp. at 22–23; *see also, e.g.*, Decl. of Sunita Bali in Supp. of Defs.' Opp. to Mot. for Class Certification ("Bali Decl."), Ex. B, Dkts. 270-89 and 271-3 (summary exhibit).

Rather than assert that they somehow are typical class members (which would be impossible), Plaintiffs halfheartedly argue that their atypicality can be "cured by amending the Class definition." Reply at 14. Setting aside the fact that Plaintiffs *already* attempted to amend their original class definitions via their opening Motion, *see* Opp. at 9–10, their new request for further amendments is untimely, and their new proposed classes remain both vague and misguided.

First, Plaintiffs do not actually provide new definitions for the Privacy Class, Privacy Disclosure Subclass, Privacy Use Subclass, and SCA Class. Rather, the Reply implies they should be modified by changing the definition of "Opted-In" to mean "Users who have enabled" WAA instead of VAA, expanding these proposed classes to include users who have enabled the WAA setting, even if they have not enabled the VAA setting. *See* Reply at 14. But VAA is the *only* setting that controls whether Google saves users' Assistant audio recordings; WAA does not. *See* Opp. at 5 (citing Decl. of Nino Tasca, Dkt. 270-93 ¶ 5; Bali Decl., Ex. 38). Accordingly, for users that have enabled WAA but never enabled VAA, Google does not save—and thus cannot disclose or use—their Assistant audio recordings. Still, Plaintiffs' proposed Privacy Class (and in turn their proposed Privacy Disclosure and Privacy Use Subclasses) requires class members to "have a *recording* resulting from a False Accept associated with their Google account." Mot. at 1 (emphasis added). Their proposed SCA Class similarly requires that Google have "shared at least one *recording* [for that class member] with a human reviewer." *Id.* (emphasis added). Because users who have enabled WAA but never enabled VAA would have no such recordings in their Google account, it is not possible to discern whether Plaintiffs intended such users to be excluded from the putative class definitions (in which case the named Plaintiffs *still* are not members of the proposed classes) or intended some other, undefined modification. Plaintiffs' belated revisions thus are meaningless, undefined, or both.

Second, Plaintiffs describe the switch from VAA consent to WAA consent as "correct[ing] a minor error in the Class definition," Reply at 14, but this could not be farther from

-2-

5:19-CV-04286-BLF
DEFENDANTS' SURREPLY TO PLAINTIFFS' REPLY MEM. IN SUPP. OF MOT. FOR CLASS CERT.

the truth. There is nothing minor about this change. By expanding the proposed classes to include users without any audio recordings saved to their Google account, Plaintiffs appear to be trying to completely change their theory of the case. Plaintiffs' theory of liability has always been that "Google collects *audio recordings* of Google Assistant users in numerous instances where a hot word is never spoken," "discloses these *recordings* to subcontractors," and "uses these *recordings* for its own commercial and financial benefit, including to improve the speech recognition abilities of its Google Assistant Enabled Devices." Fourth Am. Compl., Dkt. 141 ("4AC") ¶ 7 (emphasis added). And the change also would dramatically expand the size of these putative classes. Plaintiffs acknowledge that VAA is a sub-setting under WAA, Reply at 14, meaning that the population of Assistant users who have WAA enabled is necessarily larger than the population that has both WAA and VAA enabled. This is particularly true since VAA has always been "off" by default. *See* Opp. at 5. Vastly expanding the proposed class to include users who never had audio recordings collected, used, or disclosed by Google would raise "a new claim for relief not alleged by Plaintiffs in their complaint," in a *reply brief* at class certification, which is impermissible. *Bee, Denning, Inc. v. Cap. All. Grp.*, 310 F.R.D. 614, 621 (S.D. Cal. 2015); *see also, e.g.*, *Rojas v. Bosch Solar Energy Corp.*, No. 18-CV-05841-BLF, 2022 WL 717567, at *3 (N.D. Cal. Mar. 9, 2022) (rejecting improper attempt "to certify a completely different class from that alleged in the complaint" (cleaned up)).

Third, Plaintiffs' modification request appears to rest on a misapprehension about the relationship between WAA, VAA, and Google's logging practices. Plaintiffs attempt to justify their belated modification because they contend their initial impression that VAA "was required to create . . . speech logs" was "inaccurate," and that in fact it is WAA that governs the creation of speech logs. Reply at 14. But Plaintiffs had it right the first time: speech logs are available only for users who enable VAA and choose to allow "Google to save their audio activity." Decl. of Nino Tasca, Dkt. 270-93 ¶ 5; *see* Decl. of Terry Tai, Dkt. 270-92 ¶¶ 7–8, 20–21; Dkts. 270-1, 270-2, 270-3, 270-4 (reflecting that the speech logs produced only show activity for the time period in which VAA was enabled on the Google account).

Finally, expanding four out of the five proposed classes to include users who have *no*

-3-

5:19-CV-04286-BLF
DEFENDANTS' SURREPLY TO PLAINTIFFS' REPLY MEM. IN SUPP. OF MOT. FOR CLASS CERT.

audio recordings saved to their Google accounts multiplies the already abundant reasons that these classes are not certifiable. Users who have no audio recordings saved to their Google account, like many of the named Plaintiffs, are not similarly situated to the users who do, creating further barriers to establishing typicality, commonality, and predominance. In the same Reply where Plaintiffs seek to expand their putative class definitions, they contend that "the conduct at issue in Plaintiffs' claims . . . is not just the occurrence of False Accepts, but Google's *recording, storage, and use of that audio*." Reply at 8 (emphasis added). Thus, Plaintiffs' proposed modified classes will sweep in users who plainly *have not* experienced that "conduct at issue" as well as users who may have. Moreover, Plaintiffs have not and cannot establish that users' privacy expectations related to audio recordings is uniform, Opp. at 12–15, let alone that such expectations are equivalent as between audio recordings and other types of data, such as transcripts. In addition, users who affirmatively chose to enable VAA and save audio recordings to their accounts, particularly those who affirmatively consented to *reenabling* the setting after Google disabled it for all users in August 2020, *id.* at 5, can be expected to have different expectations and views about what recording occurred than those who did not, *see, e.g.*, *id.* at 12–15. Worse, the manageability element of superiority also is fatally undermined by the inclusion of users who never had any recordings saved to their account, as "a human must listen to users' audio data to identify individual instances where the Assistant triggered without a hotword or manual activation," an exercise that plainly cannot occur where no recordings were ever made. *Id.* at 25.

For all these reasons, Plaintiffs' attempt to shift the focus of this case away from audio recordings should be rejected and their request to reinvent their class definitions denied.

### B. Plaintiffs' Request to Add Steven Spurr as a Named Plaintiff Should Be Denied.

Given that expanding their class definitions to cover users with only WAA enabled does them no good, Plaintiffs request in the alternative leave to amend their complaint to add Mr. Spurr as a named Plaintiff. Reply at 14 n.9. As a threshold matter, that Plaintiffs raise this issue in a footnote in their Reply distinguishes this case from their chosen authority, which considered a

-4-

5:19-CV-04286-BLF
DEFENDANTS' SURREPLY TO PLAINTIFFS' REPLY MEM. IN SUPP. OF MOT. FOR CLASS CERT.

properly noticed motion for leave to amend. *See Solis v. Regis Corp.*, No. C 05-03039 CRB, 2007 WL 1449801, at *1 (N.D. Cal. May 15, 2007). The Court should not entertain a request for relief that Plaintiffs failed to properly notice for consideration, particularly when raised only in a footnote. *See* Standing Order re: Civil Cases IV.F; *In re Google Assistant Privacy Litig.*, 546 F. Supp. 3d 945, 975 n.3 (N.D. Cal. 2021) (assuming the Court "did not need to caution parties not to raise dispositive arguments in footnotes" and citing cases).

More importantly, Plaintiffs' request also fails on the merits. The last day for Plaintiffs to seek leave to amend their pleadings has long since expired. *See, e.g.*, Dkt. 77 (April 2020 order setting the deadline to request leave to amend "60 Days from the Date of this Order" and months before class certification briefing). Plaintiffs make no attempt to explain why they could not have sought leave to add Mr. Spurr as a named plaintiff far sooner, particularly since his wife and daughter have been part of this case for three years. *See* Dkt. 1. On the other side of the ledger, Google would be severely prejudiced by the addition of Mr. Spurr as a named plaintiff. Although Google has taken some limited discovery from Mr. Spurr, it did so solely through the limited scope of his relationship to the named Plaintiffs, not as a possible class representative himself. If Plaintiffs' request to add Mr. Spurr were granted, Google would be entitled to more fulsome discovery about his eligibility to serve as a representative of one or more proposed classes before the Court decides whether to certify any of Plaintiffs' proposed classes. Accordingly, were Mr. Spurr added, the parties would have to engage in additional costly and time-consuming discovery, thereby delaying timely resolution of class certification, summary judgment, and this action—all because Plaintiffs decided to wait until their Reply to raise this issue. *Cf. Barraza v. C. R. Bard Inc.*, 322 F.R.D. 369, 375 n.4 (D. Ariz. 2017) (denying request to add new class representatives where "Plaintiffs had months to seek such amendments" and "[a]dding new Plaintiffs now would require the class discovery period . . . to start over, would prejudice Defendants, and would thwart the schedule the Court has sought to follow").

In short, the Court should not reward Plaintiffs for their lack of diligence, and their request to add Mr. Spurr as a class representative should be rejected.

-5-

5:19-CV-04286-BLF
DEFENDANTS' SURREPLY TO PLAINTIFFS' REPLY MEM. IN SUPP. OF MOT. FOR CLASS CERT.

| | | |
|---|---|---|
| 1 | Dated: October 13, 2022 | **PERKINS COIE LLP** |

By: /s/ Sunita Bali
    Bobbie J. Wilson, Bar No. 148317
    Sunita Bali, Bar No. 274108
    Erin K. Earl, *pro hac vice*

Attorneys for Defendants
Alphabet Inc. and Google LLC

-6-

5:19-CV-04286-BLF
DEFENDANTS' SURREPLY TO PLAINTIFFS' REPLY MEM. IN SUPP. OF MOT. FOR CLASS CERT.