# EXHIBIT A

| | |
|---|---|
| Erin Green Comite (*pro hac vice*)<br>**SCOTT+SCOTT**<br>**ATTORNEYS AT LAW LLP**<br>156 South Main Street<br>P.O. Box 192<br>Colchester, CT  06415<br>Telephone:  (860) 537-5537<br>Facsimile:   (860) 537-4432<br>ecomite@scott-scott.com | John T. Jasnoch (Bar No. 281605)<br>**SCOTT+SCOTT**<br>**ATTORNEYS AT LAW LLP**<br>600 W. Broadway, Suite 3300<br>San Diego, CA 92101<br>Telephone: (619) 233-4565<br>Facsimile: (619) 233-0508<br>jjasnoch@scott-scott.com |

Joseph P. Guglielmo (*pro hac vice*)
**SCOTT+SCOTT**
**ATTORNEYS AT LAW LLP**
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169-1820
Telephone: (212) 223-6444
Facsimile: (212) 223-6334
jguglielmo@scott-scott.com

*Attorneys for Plaintiffs*

[Additional counsel on signature page.]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE GOOGLE ASSISTANT PRIVACY LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Master Docket No.: 19-cv-04286-BLF<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANTS' OBJECTION TO REPLY EVIDENCE**<br><br>COMPLAINT FILED: July 25, 2019<br>Date:     October 20, 2022<br>Time:    9:00 a.m.<br>Dept.:    Courtroom 3-5[th] Floor<br>Judge:   Honorable Beth Labson Freeman |

**INTRODUCTION**

After the close of briefing on Plaintiffs' motion for class certification (ECF No. 222), Google filed a Local Rule 7-3(d)(1) Objection to Plaintiffs' Evidence Submitted with Reply in Support of Motion for Class Certification ("Objection to Reply Evidence") (ECF No. 308) and asks this Court to strike Plaintiffs' Reply Exhibits 4 and 6 (ECF Nos. 303-5, 303-7), two documents produced by Google, as well as the Reply Report to the Expert Report of Jesse David, Ph.D. of Plaintiffs' expert Fernando Torres ("Torres Reply Report") (ECF No. 303-35), which Plaintiffs have proffered in response to Google's previously undisclosed expert testimony of Dr. Jesse David and related arguments in Google's opposition to class certification (ECF Nos. 268, 270-85). *See* Objection to Reply Evidence at 1. Alternatively, Google requests that the Court allow Google an opportunity to respond to this evidence. *Id*. Google's contentions that Plaintiffs' Reply Exhibits 4 and 6 are improper and that the Torres Reply Report constitutes new evidence and opinions, however, are baseless. Plaintiffs' Reply Exhibits 4 and 6 are internal Google documents that directly respond to points Google raised in opposition to Plaintiffs' motion for class certification. Further, the Torres Reply Report is entirely related to explaining why the methodology proposed in Mr. Torres' opening declaration, Class Economic Damages Declaration of Fernando Torres ("Opening Class Economic Damages Declaration") (ECF No. 222-2, Ex. 57), is not susceptible to Dr. David's criticisms. In addition, Google already deposed Mr. Torres on the very subjects Google now seeks to exclude or respond to. That Google chose not to address Mr. Torres' testimony relating to the proposed methodology contained in his Opening Class Economic Damages Declaration is not a basis for striking the Torres Rebuttal Report or allowing a further response. Thus, Google's Objection should be overruled.

**ARGUMENT**

***Plaintiffs' Reply Exhibits 4 and 6.*** The Court has the discretion to consider new evidence presented on reply, particularly if the new evidence appears to be a reasonable response to the opposition. *See Edgen Murray Corp. v. Vortex Marine Constr., Inc.*, No. 18-CV-01444-EDL, 2018 WL 4203801, at *3 n.1 (N.D. Cal. June 27, 2018) (declining to strike reply declaration because the new evidence in the declaration was "filed to respond to [p]laintiff's opposition and is consistent with

1

the evidence and arguments presented in the original motion"); *Applied Materials, Inc. v. Demaray LLC*, No. 5:20-CV-05676-EJD, 2020 WL 7642869, at *1 n.1 (N.D. Cal. Dec. 23, 2020) (considering new evidence "because it responds to Applied's opposition and is consistent with the arguments and evidence presented in the moving papers"). Google objects to Plaintiffs' reliance on Plaintiffs' Reply Exhibits 4 and 6 to show that class members' expectation of privacy is a common issue. Objection to Reply Evidence at 1. However, Plaintiffs submitted these exhibits in direct response to Google's arguments in opposition to class certification. Thus, these exhibits are properly considered.

In their motion for class certification, Plaintiffs argue that common evidence will establish a reasonable expectation of privacy in the home – namely by defining "Google Home Devices" in the Privacy Class as "GAEDs for which the location is set to 'Home' or a location within 'Home,' such as 'Living Room' or 'Dining Room,'" and citing testimony of Google's Rule 30(b)(6) witness Mary Ioannidis and an internal email. ECF No. 222-1 at 1 n.5, 19. In its opposition to class certification, Google argues that this evidence is inadequate, in particular, to establish whether class member GAEDs are actually located in the home. ECF No. 268 at 13-15. And, in reply, Plaintiffs cite to Plaintiffs' Reply Exhibit 4 to show the results of Google's own research regarding smart speaker/display location, ECF No. 303 at 4 n.4, and cite Plaintiffs' Reply Exhibit 6 to re-emphasize the point Google's Rule 30(b)(6) witness testified about, as cited and quoted in the class certification motion.[1] ECF No. 303 at 5. Thus, the Court would be well within its discretion to consider these exhibits that are cited in order to directly respond to Google's arguments.

*Torres Reply Report.* Ultimately, "[r]ebuttal testimony is proper as long as it addresses the ***same subject matter*** that the initial experts address." *Perez v. State Farm Mut. Auto Ins. Co.*, No. C

---

[1]   Plaintiffs' Reply Exhibit 6 is ***the same exhibit*** as Ioannidis Exhibit 3, which is the subject of the Ioannides testimony Plaintiffs cite in their class certification motion. *See* Ex. 2 to the Declaration of Erin Green Comite, Ioannides Dep. Tr. at 272 ( ▓▓▓▓▓▓ (showing Ioannidis Exhibit 3 with same starting bates number as Plaintiffs' Reply Exhibit 6; *compare* Plaintiffs' Reply Exhibit 6 at GOOG-ASST-00027646 *with* ECF No. 222-1 at 19 (citing Ioannidis Tr. at 113:18-22) (top line of exhibit is the same as the Ioannidis testimony quoted in the class certification motion).

2
PLTFS' RESP. TO DEFS' OBJECTION TO REPLY EVIDENCE
Case No. 5:19-cv-04286-BLF

1  06-01962 JW, 2011 WL 8601203, at *8 (N.D. Cal. Dec. 7, 2011).[2]  Mr. Torres' explanation undermining Dr. David's flawed assumptions that underpin his criticisms of Mr. Torres' opening declaration unquestionably relates to the "same subject matter" as in Mr. Torres' opening declaration. Thus, the Torres Reply Report is properly considered, and Google's objection should be overruled.

Google contends that the Torres Reply Report "raises brand new opinions" from those stated in the Opening Class Economic Damages Declaration. Objection to Reply Evidence at 1; *see also id*. at 2 (citing Opening Class Economic Damages Declaration at 20-22, n.47). This is an overt mischaracterization of the Torres Reply Report. The Torres Reply Report's introduction could not be clearer that the Torres Reply Report is specifically responding to Dr. David's criticisms:



Torres Reply Report at 1; *see also id*. at 2 (stating Dr. David's supposedly perfectly competitive market is incorrect). The remainder of Mr. Torres' discussion explains why Mr. Torres' previously proposed methodology is appropriate despite Dr. David's faulty criticisms. *Id*. at 3-11.

Google complains that "Mr. Torres' rebuttal report presents an entirely different analysis,

---

[2]  Unless otherwise indicated, emphasis is added and citations are omitted.

advancing a newfound theory that the market for Google Assistant Enabled Devices 'is one of monopolistic competition' that 'exhibits different supply side considerations from those applicable in" a 'perfectly competitive market.'" Objection to Reply Evidence at 2. But Mr. Torres' Reply Report specifically relates back to Figures 1 and 2 and the accompanying discussion in the opening declaration, which effectively depict Mr. Torres' understanding of the market. *See* Opening Class Certification Economic Damages Declaration at 21. And Google deposed Mr. Torres, specifically questioning him about supply side considerations and monopolistic competition versus perfectly competitive markets. *See* Ex. 1 to the Declaration of Erin Green Comite (███████, Torres Dep. Tr. at 127:9-143:1. Upon lengthy examination regarding Figures 1 and 2 in his opening expert declaration, Mr. Torres readily testified that he believes ███████ *Id*. at 132:2-5 ("███████"); *id*. at 142:11-143:1 ("███████").

      The methodology proposed in the Opening Class Certification Economic Damages Declaration can be summarized as the following formula: "Damages = {percentage Price Premium} x {GHD $ Sales}." Opening Class Certification Economic Damages Declaration at 26. This remains Mr. Torres' proposed methodology, which he defends in the Torres Reply Report by explaining why Dr. David's criticisms are based on faulty assumptions. Courts routinely deny motions to strike reply declarations that are characterized by the opposing party as raising "new" evidence where, as here, they merely serve to respond to arguments raised in the opposition. *See, e.g.*, *In re MacBook Keyboard Litig*., No. 5:18-CV-02813-EJD, 2022 WL 1604753, at *7-8 (N.D. Cal. Jan. 25, 2022) (refusing to strike reply expert report); *Opticurrent, LLC v. Power Integrations, Inc.*, No. 17-CV-03597-WHO, 2018 WL 6727826, at *5 (N.D. Cal. Dec. 21, 2018) (finding "no basis to exclude the declaration when it discusses the same subject matter as in his original report"); *Tyson v. Oregon*

*Anesthesiology Group, P.C.*, CIV. No. 03-1192, 2008 WL 2371420, at *16 (D. Or. June 6, 2008) (holding that affidavit and declaration submitted with reply do not constitute "new evidence," because they "rebut arguments asserted by plaintiff—including assertions first raised by plaintiff in his opposition"); *Cook v. Champion Shipping AS*, 732 F. Supp. 2d 1029, 1038 n.2 (E.D. Cal. 2010) (denying motion to strike declarations submitted with reply where "the declarations respond to discrete issues raised by plaintiffs' in their opposition brief, and do not raise new facts or arguments").

These holdings recognize that the purpose of the rule against proffering "new evidence" on reply is to prevent a party from suffering prejudice by the introduction of new evidence to which it cannot respond. Google is not prejudiced merely because its opposition has been addressed and rebutted by Plaintiffs and their expert. Indeed, the rules governing motions practice are designed specifically to give Plaintiffs, as movants, this opportunity to reply.

## CONCLUSION

Because Google's Objections to Reply Evidence is without merit, Plaintiffs respectfully request that the Court overrule the objection and reject Google's request to strike Plaintiffs' Reply Exhibits 4 and 6 and the Torres Reply Report or to submit a further response.

Dated:  Colchester, Connecticut  
       October 14, 2022

Respectfully submitted,  
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**

*/s/* Erin Green Comite  
Erin Green Comite (pro hac vice)  
156 South Main Street  
P.O. Box 192  
Colchester, CT  06415  
Telephone:  (860) 537-5537  
Facsimile:   (860) 537-4432  
ecomite@scott-scott.com

Joseph P. Guglielmo (pro hac vice)  
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**  
The Helmsley Building  
230 Park Avenue, 17th Floor  
New York, NY 10169-1820  
Telephone: (212) 223-6444  
Facsimile: (212) 223-6334  
jguglielmo@scott-scott.com

John T. Jasnoch (Bar No. 281605)  
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**  
600 W. Broadway, Suite 3300

5

San Diego, CA 92101
Telephone: (619) 233-4565
Facsimile: (619) 233-0508
jjasnoch@scott-scott.com

Mark N. Todzo (Bar No. 168389)
Eric S. Somers (Bar No. 139050)
**LEXINGTON LAW GROUP**
503 Divisadero Street
San Francisco, CA 94117
Telephone: (415) 913-7800
Facsimile: (415) 759-4112
mtodzo@lexlawgroup.com.

Vincent Briganti (*pro hac vice*)
Christian Levis (*pro hac vice*)
Margaret MacLean (*pro hac vice*)
Andrea Farah (*pro hac vice*)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: (914) 997-0500
Facsimile: (914) 997-0035
vbriganti@lowey.com
clevis@lowey.com
mmaclean@lowey.com
afarah@lowey.com

*Attorneys for Plaintiffs*

6
PLTFS' RESP. TO DEFS' OBJECTION TO REPLY EVIDENCE
Case No. 5:19-cv-04286-BLF

## ATTESTATION

I, Erin Green Comite, am the ECF User whose identification and password are being used to file this Motion for Class Certification pursuant to Civil L.R. 5-1(i)(3), I attest under penalty of perjury that concurrence in this filing has been obtained from all counsel.

Dated: October 14, 2022

                                                /s/   Erin Green Comite
                                                   Erin Green Comite

# CERTIFICATE OF SERVICE

I hereby certify that on October 14, 2022, I electronically filed the foregoing using the CM/ECF system, which will send notification of such filing to all counsel of record registered in the CM/ECF system. I also caused a copy of the foregoing document to be served via email on counsel of record for all parties.

                                         /s/   Erin Green Comite
                                             Erin Green Comite

Erin Green Comite (*pro hac vice*)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
156 South Main Street
P.O. Box 192
Colchester, CT  06415
Telephone:  (860) 537-5537
Facsimile:   (860) 537-4432
ecomite@scott-scott.com

*Attorney for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE GOOGLE ASSISTANT PRIVACY LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Master Docket No.: 19-cv-04286-BLF<br><br>**DECLARATION OF ERIN GREEN COMITE IN SUPPORT OF PLAINTIFFS' RESPONSE TO DEFENDANTS' OBJECTION TO REPLY EVIDENCE**<br><br>COMPLAINT FILED: July 25, 2019<br>Date:   October 20, 2022<br>Time:  9:00 a.m.<br>Dept.: Courtroom 3-5th Floor<br>Judge: Honorable Beth Labson Freeman |

I, Erin Green Comite, declare as follows:

1. I am an attorney admitted to practice law in the State of Connecticut and an attorney at the law firm Scott+Scott Attorneys at Law LLP. I am admitted *pro hac vice* in the above-referenced matter. I have personal knowledge of the facts set forth herein and, if called upon as a witness, I could and would testify competently under oath thereto.

2. In support of their Response to Defendants' Objection to Reply Evidence, Plaintiffs submit true and correct copies of:

*Exhibit 1:* Excerpts from the Deposition Transcript of Fernando Torres, dated September 7, 2022; and

*Exhibit 2:* Index of Exhibits from the Deposition Transcript of Mary Ioannidis, dated May 6, 2022.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and was executed on October 14, 2022, in Colchester, Connecticut.

/s/ Erin Green Comite
Erin Green Comite

# EXHIBIT 1

To Be Filed Under Seal

# EXHIBIT 2

To Be Filed Under Seal