UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE GOOGLE ASSISTANT PRIVACY LITIGATION | Case No. 19-cv-04286-BLF (SVK)<br><br>**ORDER FOLLOWING STATUS REPORT**<br><br>Re: Dkt. Nos. 278, 311 |

  The Court is in receipt of the Parties' Joint Status Report (Dkt. 311) regarding the September 16, 2022 Order of this Court (Dkt. 278) to meet and confer to develop a plan for the sampling and production of relevant data. The Court is very concerned by the report of Defendant Google; its efforts to engage in good faith in accordance with the Court's Order are insufficient. Specifically, Google has dragged its feet in confirming it has no conflict with the expert Plaintiffs engaged specifically for this project. Dkt. 311 at 4. Google's "reliance" on the protective order in this case, which allows, under ordinary circumstances, fourteen days for objection or confirmation, is disingenuous. Counsel is well aware that this discovery is to be expedited, with production completed no later than December 16, 2022. Dkt. 278. Further, Google's initial "proffer" of a de minimis sampling plan is wholly inadequate, even for a claimed starting point. Dkt. 311 at 4.

  The Court notes that the Parties have jointly requested that the hearing be converted to a video proceeding; the Court is not inclined to grant this request. The Court intentionally ordered that a follow-up hearing on October 20, 2022, be in-person for just this circumstance: a failure to make meaningful progress. An in-person hearing, with the necessary technical personnel in addition to counsel in attendance to assist in formulating a workable sampling protocol under the direct supervision of the Court, is the most expedient means of ensuring compliance with an order of the Court. However, the Court is also aware that travel may be more burdensome for Plaintiffs

than Defendant, particularly in light of the class certification hearing being converted to a video proceeding.  Dkt. 309.  Accordingly, Plaintiffs are to inform Defendant and the Court **no later than 5 p.m. PDT on October 18, 2022,** as to whether they wish the hearing to be held by video or in person.  Finally, the Court welcomes the Parties' continuing effort to develop the requisite sampling plan, with the foregoing admonishments in mind.  Accordingly, if able to reach agreement, the Parties may submit a further joint status report **no later than 5 p.m. PDT on October 19, 2022**, outlining a sampling plan, and requesting that the hearing be vacated.

**SO ORDERED.**

Dated: October 17, 2022

SUSAN VAN KEULEN
United States Magistrate Judge