1  Bobbie J. Wilson, Bar No. 148317
   BWilson@perkinscoie.com
2  Sunita Bali, Bar No. 274108
   SBali@perkinscoie.com
3  PERKINS COIE LLP
   505 Howard Street, Suite 1000
4  San Francisco, California 94105
   Telephone: +1.415.344.7000
5  Facsimile:  +1.415.344.7050

6  Erin Katherine Earl (*pro hac vice*)
   Eearl@perkinscoie.com
7  PERKINS COIE LLP
   1201 Third Avenue, Suite 4900
8  Seattle, WA 98101-3099
   Telephone: +1.206.359.8510
9  Facsimile:  +1.206.359.9510

Attorneys for Defendants Alphabet Inc. and Google LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| In re Google Assistant Privacy Litigation, | Case No. 5:19-cv-04286-BLF<br><br>**DEFENDANTS' UNOPPOSED ADMINISTRATIVE MOTION TO SEAL COURTROOM FOR HEARING ON PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**<br><br>Date:  10/20/2022<br>Time:  9:00 a.m.<br>Judge: Hon. Beth Labson Freeman |
|---|---|

Pursuant to Civil Local Rule 7-11, Defendants Alphabet Inc. and Google LLC ("Google") respectfully move the Court to seal the courtroom during the hearing on Plaintiffs' Motion for Class Certification set for October 20, 2022 at 9:00 a.m ("Hearing"). The Hearing is to be held remotely. Dkt. No. 309. Google makes this request because it anticipates the parties' arguments will address and relate to Google's Protected Material, as defined by the Stipulated Protective Order. Dkt. No. 104 at §§ 2.2, 2.8, 2.15. Further, the Court has already found compelling reasons exist to seal portions of the parties' briefing and exhibits because they concern Google's confidential and commercial information about, *e.g.*, (1) the operation of Google Assistant; (2) business opportunities and risk; and (3) details of Google's understanding of the profits or losses associated with the Google Assistant ("Sealed Materials"). Dkt. Nos. 282 at 4; 318 at 2-4. Other similarly confidential and competitively sensitive information is provisionally under seal and subject to requests for sealing. *See* Dkt. Nos. 304 and 307.

Google has conferred with Plaintiffs about this request pursuant to section 12.6 of the Stipulated Protective Order, and as set forth in the Declaration of Erin Earl filed concurrently, Plaintiffs do not object.

**LEGAL STANDARD**

Courts have "broad latitude to grant protective orders to prevent disclosure of materials for many types of information." *Phillips ex rel. Estates of Bryd v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002). Further, it is settled that "courts have refused to permit" public access to files that serve "as sources of business information that might harm a litigant's competitive standing . . . ." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1228-29 (Fed. Cir. 2013) ("while protecting the public's interest in access to the courts, [courts] must remain mindful of the parties' right to access those same courts upon terms which will not unduly harm their competitive interest."). Parties seeking to seal judicial records relating to dispositive motions must show "compelling reasons" why particular material should be sealed. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016); *Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006).

# ARGUMENT

Google respectfully requests that the Hearing be sealed to avoid disclosure of the Sealed Material—which the Court has already sealed under the "compelling reasons" standard (Dkt. Nos. Dkt. Nos. 282 at 4; 318 at 2-4) and other similarly confidential and commercially sensitive information that is provisionally under seal. Although Google cannot predict the exact course of argument at the Hearing, Google anticipates that the parties will discuss, and the Court may inquire regarding, Sealed Material. Google therefore requests that the Court seal the Hearing from the public to avoid disclosure of confidential and commercially sensitive information would cause Google harm. Google proposes that the parties be granted leave to submit proposed revisions to the transcript of the hearing within thirty (30) days of the hearing, so that portions of the hearing that do not discuss the Sealed Material and other similarly confidential and commercially sensitive information that is provisionally under seal can be made publicly available.

For the foregoing reasons, Google respectfully requests that the Court issue an order sealing the courtroom for the Hearing on Plaintiffs' Motion for Class Certification.

Dated:  October 19, 2022                **PERKINS COIE LLP**

By: */s/ Erin Earl*
    Bobbie J. Wilson, Bar No. 148317
    Sunita Bali, Bar No. 274108
    Erin Earl (*pro hac vice*)

Attorneys for Defendants Alphabet Inc. and Google LLC