Bobbie J. Wilson, Bar No. 148317
BWilson@perkinscoie.com
Sunita Bali, Bar No. 274108
SBali@perkinscoie.com
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, California 94105
Telephone: +1.415.344.7000
Facsimile:  +1.415.344.7050

Erin Katherine Earl (*pro hac vice*)
Eearl@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: +1.206.359.8510
Facsimile:  +1.206.359.9510

Attorneys for Defendants Alphabet Inc. and Google LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re Google Assistant Privacy Litigation, | Case No. 5:19-cv-04286-BLF<br><br>**DEFENDANTS' UNOPPOSED ADMINISTRATIVE MOTION TO SEAL COURTROOM FOR STATUS CONFERENCE**<br><br>Date:     10/20/2022<br>Time:    1:30 p.m.<br>Judge:   Hon. Susan Van Keulen |

Pursuant to Civil Local Rule 7-11, Defendants Alphabet Inc. and Google LLC ("Google") respectfully move the Court to seal the courtroom during the Status Conference set for October 20, 2022 at 1:30 p.m ("Status Conference"). Dkt. No. 281. Google understands that the Status Conference is to be held remotely, as Plaintiffs have elected. Dkt. Nos. 311 and 314. Google makes this request because it anticipates the parties' arguments will address and relate to Google's Protected Material, as defined by the Stipulated Protective Order. Dkt. No. 104 at §§ 2.2, 2.8, 2.15 ("Protected Material"). Further, Google expects that the parties may address subject matter drawn from documents that have already been filed under seal or are subject to pending administrative motions to seal because they concern Google's confidential and technical information about the operation of Google Assistant ("Sealed Material"). *See*, *e.g.*, Dkt. Nos. 279; 282 at 4; 298; 318 at 2-4. Other similarly confidential and competitively sensitive information is provisionally under seal and subject to requests for sealing. *See* Dkt. Nos. 304 and 307.

Google has conferred with Plaintiffs about this request pursuant to section 12.6 of the Stipulated Protective Order and as required by Civil Local Rule 7-11(a), and as set forth in the Declaration of Erin Earl ("Earl Decl.") filed concurrently, Plaintiffs do not oppose this administrative motion. *Id*.

## LEGAL STANDARD

Courts have "broad latitude to grant protective orders to prevent disclosure of materials for many types of information." *Phillips ex rel. Estates of Bryd v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002). Further, it is settled that "courts have refused to permit" public access to files that serve "as sources of business information that might harm a litigant's competitive standing . . . ." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1228-29 (Fed. Cir. 2013) ("while protecting the public's interest in access to the courts, [courts] must remain mindful of the parties' right to access those same courts upon terms which will not unduly harm their competitive interest."). A "'good cause' showing under Rule 26(c) will suffice to keep sealed records attached to nondispositive motions." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir.

2006) (citing *Foltz v. State Farm Mutual Auto Insurance Company*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

## ARGUMENT

Google respectfully requests that the Status Conference be sealed to avoid disclosure of Sealed Material—much of which the Court has already sealed under the stricter "compelling reasons" standard (Dkt. Nos. Dkt. Nos. 282 at 4; 318 at 2-4) and Protected Material, which includes other similarly confidential and technically sensitive information that is provisionally under seal. *Kamakana*, 447 F.3d at 1180 (requiring only "good cause" to seal "records attached to nondispositive motions").

Although Google cannot predict the exact course of argument at the Status Conference, Google anticipates that the parties will discuss, and the Court may inquire regarding, Sealed Material and Protected Material. Google therefore requests that the Court seal the Status Conference from the public to avoid disclosure of confidential and technically sensitive information would cause Google harm. Google proposes that the parties be granted leave to submit proposed revisions to the transcript of the Status Conference within thirty (30) days of the Status Conference, so that portions of the Status Conference that do not discuss the Sealed Material or Protected Material, including similarly confidential and technically sensitive information that is provisionally under seal, can be made publicly available.

As noted above, Plaintiffs do not oppose this motion.

For the foregoing reasons, Google respectfully requests that the Court issue an order sealing the courtroom for the Status Conference.

Dated:  October 19, 2022          **PERKINS COIE LLP**

By: */s/ Erin Earl*
Bobbie J. Wilson, Bar No. 148317
Sunita Bali, Bar No. 274108
Erin Earl (*pro hac vice*)

-4-

1  Attorneys for Defendants Alphabet Inc. and
2  Google LLC
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Bobbie J. Wilson, Bar No. 148317
BWilson@perkinscoie.com
Sunita Bali, Bar No. 274108
SBali@perkinscoie.com
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, California 94105
Telephone: +1.415.344.7000
Facsimile: +1.415.344.7050

Erin Katherine Earl (*pro hac vice*)
Eearl@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: +1.206.359.8510
Facsimile: +1.206.359.9510

Attorneys for Defendants Alphabet Inc. and Google LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re Google Assistant Privacy Litigation, | Case No. 5:19-cv-04286-BLF<br><br>**DECLARATION OF ERIN EARL IN SUPPORT OF DEFENDANTS' UNOPPOSED ADMINISTRATIVE MOTION TO SEAL COURTROOM FOR STATUS CONFERENCE**<br><br>Date: 10/20/2022<br>Time: 1:30 p.m.<br>Judge: Hon. Susan Van Keulen |

-2-

# **DECLARATION OF ERIN EARL**

I, Erin Earl, declare as follows:

1. I am a Partner with the law firm of Perkins Coie LLP, which is counsel for defendants Google LLC and Alphabet Inc. (collectively "Google") in this matter. I have been admitted *pro hac vice* before the Court for this action. I have personal knowledge of the matters set forth herein and am competent to testify.

2. On October 19, 2022, counsel for Google conferred with counsel for Plaintiffs about sealing the Status Conference set for October 20, 2022 at 1:30 p.m. Plaintiffs' counsel stated that they do not oppose sealing the status conference.

I declare under penalty of perjury under the laws of the United States of America that the forgoing is true and correct.  Executed this 19th day of October 2022, in Seattle, Washington.

*/s/ Erin Earl*

Erin Earl

|   |   |   |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | | |
| 7 | | |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| 12 | IN RE GOOGLE ASSISTANT PRIVACY LITIGATION | Case No. 5:19-cv-04286-BLF<br><br>**[**~~PROPOSED~~**] ORDER GRANTING DEFENDANTS' UNOPPOSED ADMINISTRATIVE MOTION TO SEAL COURTROOM FOR STATUS CONFERENCE** |

Before the Court is Defendants Google LLC and Alphabet Inc.'s Unopposed Administrative Motion to Seal Courtroom for Status Conference ("Motion").

Having considered the Motion and the Declaration of Erin Earl filed in support, the Court hereby grants the Motion. The Status Conference set for October 20, 2022 at 1:30 p.m. shall be sealed.

**IT IS SO ORDERED.**

Dated:  October 20, 2022

By: _____
Hon. Susan Van Keulen
United States Magistrate Judge

-1-

[~~PROPOSED~~] ORDER
5:19-cv-04286-BLF