Vincent Briganti (*pro hac vice*)
Christian Levis (*pro hac vice*)
Margaret MacLean (*pro hac vice*)
Andrea Farah (*pro hac vice*)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: (914) 997-0500
Facsimile: (914) 997-0035
vbriganti@lowey.com
clevis@lowey.com
mmaclean@lowey.com
afarah@lowey.com

*Attorney for Plaintiffs*

[Additional counsel on signature page.]

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

| | |
|---|---|
| IN RE GOOGLE ASSISTANT PRIVACY LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No.: 19-cv-04286-BLF<br><br>**PLAINTIFFS' STATEMENT IN SUPPORT OF DEFENDANTS' ADMINISTRATION MOTION TO CONSIDER WHETHER PLAINTIFFS' MATERIAL SHOULD BE SEALED**<br><br>Judge: Hon. Beth Labson Freeman |

## STATEMENT

In accordance with this Court's October 17, 2022 Order Directing Plaintiffs to File Statement (ECF No. 317), and Civil Local Rules 7-11 and 79-5, Plaintiffs Melissa Spurr, on behalf of herself and minor B.S., Asif Kumandan, Eleeanna Galvan, and Lourdes Galvan (collectively "Plaintiffs") submit this statement in support of Defendants' Google LLC and Alphabet Inc. (collectively "Defendants") Administrative Motion to Consider Whether Plaintiffs' Materials Should be Sealed (ECF No. 269) (the "Motion"). Plaintiffs seek an order to maintain under seal certain narrowly tailored portions of Defendants' Opposition to Plaintiffs' Motion for Class Certification (ECF No. 269-1, filed provisionally under seal) and Exhibits filed in connection thereto (Exh. Nos. A-J, filed provisionally under seal) (collectively "the Exhibits or Exhibit __").

Plaintiffs respectfully request sealing of the following Exhibits:

| ECF/Exh. No. | Document | Portion(s) to Seal | Reason(s) for Sealing |
| --- | --- | --- | --- |
| Exhibit AA to Defendants' Administrative Motion to Consider Whether Plaintiffs' Materials Should be Sealed (ECF No. 269-1) | Defendants' Opposition to Plaintiffs' Motion for Class Certification | Highlighted portions that reference Plaintiffs' and non-parties Frank Aguiar and Steven Spurr's deposition testimony and documents | Contains references to materials that are Confidential or Highly Confidential |
| Exhibit A to Defendants' Administrative Motion to Consider Whether Plaintiffs' Materials Should be Sealed | SPURR000023 | Entirety | Contains material that is Confidential or Highly Confidential |
| Exhibit B to Defendants' Administrative Motion to Consider Whether Plaintiffs' Materials Should be Sealed | Lourdes Galvan's Responses and Objections to Defendants Google LLC and Alphabet Inc.'s Interrogatories, Set One | Highlighted portions of the Plaintiff Lourdes Galvan's Responses and Objections to Defendants Google LLC and Alphabet Inc.'s Interrogatories, Set One, filed provisionally under seal. [Proposed | Contains material that is Confidential or Highly Confidential |

| | | | |
|---|---|---|---|
| | | redactions on pages 3, 6.] | |
| Exhibit C to Defendants' Administrative Motion to Consider Whether Plaintiffs' Materials Should be Sealed | STEVE-SPURR000347 | Entirety | Contains material that is Confidential or Highly Confidential |
| Exhibit D to Defendants' Administrative Motion to Consider Whether Plaintiffs' Materials Should be Sealed | STEVE-SPURR000733 | Entirety | Contains material that is Confidential or Highly Confidential |
| Exhibit E to Defendants' Administrative Motion to Consider Whether Plaintiffs' Materials Should be Sealed | The excerpts of the transcript of the September 5, 2022 deposition of Frank Aguiar, filed provisionally under seal. | Entirety of excerpt | Contains material that is Confidential or Highly Confidential |
| Exhibit F to Defendants' Administrative Motion to Consider Whether Plaintiffs' Materials Should be Sealed | The excerpts of the transcript of the August 5, 2022 deposition of Eleeanna Galvan, filed provisionally under seal. | Entirety of excerpt | Contains material that is Confidential or Highly Confidential |
| Exhibit G to Defendants' Administrative Motion to Consider Whether Plaintiffs' Materials Should be Sealed | The excerpts of the transcript of the August 4, 2022 deposition of Lourdes Galvan, filed provisionally under seal. | Entirety of excerpt | Contains material that is Confidential or Highly Confidential |
| Exhibit H to Defendants' Administrative Motion to Consider Whether Plaintiffs' Materials Should be Sealed | The excerpts of the transcript of the August 4, 2022 deposition of Asif Kumandan, filed provisionally under seal. | Entirety of excerpt | Contains material that is Confidential or Highly Confidential |
| Exhibit I to | The excerpts of the | Entirety of excerpt | Contains material that is |

| | | | |
|---|---|---|---|
| Defendants' Administrative Motion to Consider Whether Plaintiffs' Materials Should be Sealed | transcript of the August 15, 2022 deposition of Melissa Spurr, filed provisionally under seal. | | Confidential or Highly Confidential |
| Exhibit J to Defendants' Administrative Motion to Consider Whether Plaintiffs' Materials Should be Sealed | The excerpts of the transcript of the September 6, 2022 deposition of Steven Spurr, filed provisionally under seal. | Entirety of excerpt | Contains material that is Confidential or Highly Confidential |

## I. LEGAL STANDARD

Where a party seeks to seal records attached to a dispositive motion, a "compelling reasons standard applies." *Pintos v. Pac. Creditors Ass'n.*, 605 F.3d 665, 677-78 (9th Cir. 2010) (internal quotation marks omitted). The materials that Plaintiffs seek to seal are filed in connection with Defendants' Opposition to Plaintiffs' Motion for Class Certification, which this District has held to the same sealing standard as dispositive motions. *See In re Google Inc. Gmail Litig.,* No. 13-MD-02430-LHK, 2014 WL 10537440, at *3 (N.D. Cal. Aug. 6, 2014). Accordingly, the "compelling reasons" standard applies. Under this standard, the party seeking sealing must show that "compelling reasons supported by specific factual findings . . . outweigh the general history of access and the public policies favoring disclosure." *Pintos*, 605 F.3d at 678 (internal quotation marks omitted). In making its determination, a court must "balance the competing interests of the public and the party seeking to seal judicial records." *In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012).

## II. ARGUMENT

### A. Spurr Documents and Galvan Interrogatory Response

Plaintiffs request sealing of Exhibits A-D to the Motion because they contains certain sensitive personally identifying information of Plaintiffs and non-party Steven Spurr. Namely, their email addresses and identifying device information, such as the device identification number for their Google Assistant devices and unique phone identification number (International Mobile

1  Equipment Identity (IMEI) number) associated with their mobile phone.

2  Courts in this circuit have routinely sealed similar information due to privacy concerns. *See e.g., Nursing Home Pension Fund v. Oracle Corp.*, No. C01-00988 MJJ, 2007 WL 3232267, at *2 (N.D. Cal. Nov. 1, 2007) ("The Ninth Circuit has found compelling reasons exist to keep personal information confidential to protect an individual's privacy interest and to prevent exposure to harm or identity theft."); *O'Connor v. Uber Techs., Inc.*, No. C-13-3826 EMC, 2015 WL 355496, at *3 (N.D. Cal. Jan. 27, 2015) (finding compelling reasons to redact email address for privacy concerns); *Darisse v. Nest Labs, Inc.*, No. 14-cv-01363-BLF, 2016 WL 11474174, at *2 (N.D. Cal. June 2, 2016) (finding compelling reasons to seal device serial numbers and Plaintiff's email address) (Freeman, J.). Here, Plaintiff Spurr and non-party Steven Spurr expose in their documents their email addresses and identifying device information, such as the device identification number for their Google Assistant devices and Plaintiff Galvan has exposed in her Interrogatory Response her email address and the IMEI number for her mobile phone. This information can be used, either individually or in combination with other personal information such as full name and other personally identifiable information, to perpetrate fraud and identity theft or for other improper purposes. Further, the revelation of their unique device identification numbers could allow for further tracking, data collection, or possible interference of her device. Moreover, the public has a "minimal interest" in having access to such private information about Plaintiff. *O'Connor*, 2015 WL 355496, at *3 ("the email address is not relevant to any of the issues in this litigation, nor would the public have any real interest in its disclosure"). Finally, the documents sought to be sealed are narrowly tailored to seek sealing of only those materials that Plaintiffs believe necessary to protect their private interests. *Darisse*, 2016 WL 11474174, at *2 ("references to [Plaintiff's] Nest serial number, IP, street, and email addresses . . . is narrowly tailored."). There is no less restrictive alternative to sealing because only documents containing the private information regarding Plaintiffs' and non-party Steven Spurr's email address and device identification number are sought to be sealed or redacted.

### B. Deposition Testimony

Plaintiffs respectfully request sealing of Plaintiffs' and non-parties Frank Aguiar and Steven Spurr deposition testimony designated as Confidential or Highly Confidential pursuant to the Stipulated Protective Order (ECF No. 104), as excerpted in Exhibits E-J to the Motion.

Courts in this Circuit have held that compelling reasons exist to seal deposition testimony where the public could use information contained therein as "a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Racies v. Quincy Bioscience, LLC*, No. 15-cv-00292-HSG, 2017 WL 6405612, at *1 (N.D. Cal. Dec. 15, 2017); *Goodman v. Las Vegas Metro. Police Dept.*, No. 2:11-cv-01447-MMD-VCF, 2013 WL 5743638, at *3 (D. Nev. Oct. 16, 2013). Here, the excerpts of Plaintiffs' and non-parties Frank Aguiar and Steven Spurr's deposition transcripts contain testimony regarding the contents of private conversations that occurred between Plaintiffs and unnamed class members or third parties that they had reason to believe would remain confidential and could be used "as a vehicle for improper purposes" such as "scandal, libel or harassment" if publicly disclosed. *Goodman v*, 2013 WL 5743638, at *3. In addition, the excerpts contain personally identifying information regarding Plaintiffs and unnamed class members, specifically their email addresses. As discussed *supra* at Section II.A, courts in this district routinely seal this confidential personally identifying information from public disclosure. Moreover, the public has a "minimal interest" in having access to such testimony and private information about Plaintiffs or non-parties. Finally, the request for sealing is narrowly tailored to seek sealing of only the excerpts Plaintiffs believe necessary to protect their private interests and the private interests of non-parties Frank Aguiar and Steven Spurr and there is no less restrictive alternative to sealing.

### CONCLUSION

For the reasons stated herein, there are compelling reasons for the Exhibits and references thereto contained in Defendants' Opposition to Plaintiffs' Motion for Class Certification to be sealed.

Dated: October 24, 2022        /s/ Margaret MacLean
Vincent Briganti (*pro hac vice*)
Christian Levis (*pro hac vice*)
Margaret MacLean (*pro hac vice*)
Andrea Farah (*pro hac vice*)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: (914) 997-0500
Facsimile: (914) 997-0035
vbriganti@lowey.com
clevis@lowey.com
mmaclean@lowey.com
afarah@lowey.com

Mark N. Todzo (Bar No. 168389)
Eric S. Somers (Bar No. 139050)
**LEXINGTON LAW GROUP**
503 Divisadero Street
San Francisco, CA 94117
Telephone: (415) 913-7800
Facsimile: (415) 759-4112
mtodzo@lexlawgroup.com.

Joseph P. Guglielmo (pro hac vice)
Erin Green Comite (pro hac vice)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169-1820
Telephone: (212) 223-6444
Facsimile: (212) 223-6334
jguglielmo@scott-scott.com
ecomite@scott-scott.com

John T. Jasnoch (Bar No. 281605)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
600 W. Broadway, Suite 3300
San Diego, CA 92101
Telephone: (619) 233-4565
Facsimile: (619) 233-0508
jjasnoch@scott-scott.com

*Attorneys for Plaintiffs*

---

PLAINTIFFS' STATEMENT IN SUPPORT OF DEFENDANTS' ADMINISTRATION MOTION TO CONSIDER WHETHER PLAINTIFFS' MATERIAL SHOULD BE SEALED
6