Bobbie J. Wilson, Bar No. 148317
BWilson@perkinscoie.com
Sunita Bali, Bar No. 274108
SBali@perkinscoie.com
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, California 94105
Telephone: +1.415.344.7000
Facsimile: +1.415.344.7050

Attorneys for Defendants
Google LLC and Alphabet Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE GOOGLE ASSISTANT PRIVACY LITIGATION | Case No. 5:19-cv-04286-BLF<br><br>**DEFENDANTS' FURTHER ADMINISTRATIVE MOTION TO FILE UNDER SEAL** |

Pursuant to Civil Local Rules 7-11 and 79-5 and to the Court's Order Granting in Part and Denying in Part Google's Administrative Motion to File Under Seal Portions of Its Opposition to Plaintiffs' Motion for Class Certification and Supporting Declarations and Exhibits (Dkt. 318, "Order," 14:8-11), Defendants Google LLC and Alphabet Inc. (collectively "Google") submit this Further Administrative Motion to File Under Seal ("Further Administrative Motion"). Google seeks an order to file under seal narrowly tailored redactions to certain discrete, sealable portions of Exhibits to its Administrative Motion to File Under Seal Portions of Its Opposition to Plaintiffs' Motion for Class Certification and Supporting Declarations and Exhibits ("First Administrative Motion") that were not sealed under the Court's Order. The Further Administrative Motion seeks sealing of narrowly tailored redactions to discrete, sealable portions

of Exhibits to the Declaration of Sunita Bali in support of Google's Opposition to Plaintiffs' Motion for Class Certification ("Redactions to Declaration Exhibits").

This Further Administrative Motion is supported by the Declaration of Hailey Crowel ("Crowel Decl.") filed concurrently.

Specifically, Google requests to seal these Redactions to Declaration Exhibits:

| Exh. No. | Document | Text to Be Sealed | Basis for Sealing Document or Portion of Document |
|---|---|---|---|
| Exhibit BG[1] to this Further Administrative Motion | Ex. 66 to the Declaration of Sunita Bali in Support of Defendants' Opposition to Plaintiffs' Motion for Class Certification | Text highlighted in yellow. | Confidential and highly sensitive proprietary and commercial information about the operation of Google Assistant. *See* Crowel Decl. ¶ 5. |
| Exhibit BH to this Further Administrative Motion | Ex. 67 to the Declaration of Sunita Bali in Support of Defendants' Opposition to Plaintiffs' Motion for Class Certification | Text highlighted in yellow. | Confidential and highly sensitive proprietary and commercial information about the operation of Google Assistant. *See* Crowel Decl. ¶ 5. |
| Exhibit BI to this Further Administrative Motion | Ex. 68 to the Declaration of Sunita Bali in Support of Defendants' Opposition to Plaintiffs' Motion for Class Certification | Text highlighted in yellow. | Confidential and highly sensitive proprietary and commercial information about (1) the operation of Google Assistant and (2) business opportunities and risks. *See* Crowel Decl. ¶ 5. |
| Exhibit BJ to this Further Administrative Motion | Ex. 69 to the Declaration of Sunita Bali in Support of Defendants' Opposition to Plaintiffs' Motion for Class Certification | Text highlighted in yellow. | Confidential and highly sensitive proprietary and commercial information about the operation of Google Assistant. *See* Crowel Decl. ¶ 5. |

---

[1] This Further Administrative Motion retains Exhibit Numbers from the First Administrative Motion (Dkt. 271).

| Exh. No. | Document | Text to Be Sealed | Basis for Sealing Document or Portion of Document |
|---|---|---|---|
| Exhibit BK to this Further Administrative Motion | Ex. 70 to the Declaration of Sunita Bali in Support of Defendants' Opposition to Plaintiffs' Motion for Class Certification | Text highlighted in yellow. | Confidential and highly sensitive proprietary and commercial information about (1) business opportunities and risks and (2) details of Google's understanding of the profits or losses associated with Google Assistant. *See* Crowel Decl. ¶ 5. |
| Exhibit BL to this Further Administrative Motion | Ex. 71 to the Declaration of Sunita Bali in Support of Defendants' Opposition to Plaintiffs' Motion for Class Certification | Text highlighted in yellow. | Confidential and highly sensitive proprietary and commercial information about (1) business opportunities and risks and (2) details of Google's understanding of the profits or losses associated with Google Assistant. *See* Crowel Decl. ¶ 5. |
| Exhibit BM to this Further Administrative Motion | Ex. 72 to the Declaration of Sunita Bali in Support of Defendants' Opposition to Plaintiffs' Motion for Class Certification | Text highlighted in yellow. | Confidential and highly sensitive proprietary and commercial information about (1) the operation of Google Assistant and (2) business opportunities and risks. *See* Crowel Decl. ¶ 5. |
| Exhibit BN to this Further Administrative Motion | Ex. 73 to the Declaration of Sunita Bali in Support of Defendants' Opposition to Plaintiffs' Motion for Class Certification | Text highlighted in yellow. | Confidential and highly sensitive proprietary and commercial information about the operation of Google Assistant. *See* Crowel Decl. ¶ 5. |
| Exhibit BO to this Further Administrative Motion | Ex. 74 to the Declaration of Sunita Bali in Support of Defendants' Opposition to Plaintiffs' Motion for Class Certification | Text highlighted in yellow. | Confidential and highly sensitive proprietary and commercial information about (1) the operation of Google Assistant and (2) business opportunities and risks. *See* Crowel Decl. ¶ 5. |

| Exh. No. | Document | Text to Be Sealed | Basis for Sealing Document or Portion of Document |
|---|---|---|---|
| Exhibit BP to this Further Administrative Motion | Ex. 75 to the Declaration of Sunita Bali in Support of Defendants' Opposition to Plaintiffs' Motion for Class Certification | Text highlighted in yellow. | Confidential and highly sensitive proprietary and commercial information about the operation of Google Assistant. *See* Crowel Decl. ¶ 5. |

## LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

However, "while protecting the public's interest in access to the courts, [courts] must remain mindful of the parties' right to access those same courts upon terms which will not unduly harm their competitive interest." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1228–29 (Fed. Cir. 2013).

## ARGUMENT

Compelling reasons exist for sealing the Redactions to Declaration Exhibits.

*First*, information about the operation of Google Assistant is sealable because, if disclosed, it would be a source of non-public technical and business information that competitors might use to harm Google's competitive standing. *See, e.g., Darisse v. Nest Labs, Inc.*, 2016 WL 11474174, at *1 (N.D. Cal. June 2, 2016) (sealing material on motion for class certification on

finding that disclosure might harm competitive standing); *see also*, *e.g.*, *Space Data Corp. v. Alphabet Inc.*, 2018 WL 10455199, at *2 (N.D. Cal. Feb. 27, 2018) (Freeman, J.) ("*Space Data*") (sealing "technical, business planning and financial information, disclosure of which could cause economic harm to Space Data and provide an unfair advantage to competitors" under compelling reasons standard).

*Second*, details of business opportunities and risks are sealable because they inform Google's decision-making process and business environment and therefore constitute "technical, business planning and financial information, disclosure of which could cause economic harm to [Google] and provide an unfair advantage to competitors." *Space Data*, 2018 WL 10455199, at *2; *see also Darisse*, 2016 WL 11474174, at *1.

*Third*, Google's understanding of the profits or losses associated with Google Assistant is sealable because it is "sensitive, confidential financial information, the disclosure of which would cause competitive and business harm to [Google] because a competitor might use it to, for example, gain insight into [Google's] margins, commercial strategies, and internal operating procedures." *City of Birmingham Relief & Ret. Sys. v. Hastings*, 2019 WL 3815720, at *1 (N.D. Cal. Mar. 4, 2019), *redacted opinion issued*, 2019 WL 3815722 (N.D. Cal. Feb. 13, 2019) (Freeman, J.) (applying compelling reasons standard); *see also*, *e.g.*, *Space Data*, 2018 WL 10455199, at *2.

For the reasons identified above, there are compelling reasons for the Redactions to Declaration Exhibits to be sealed. Google respectfully requests that the Court grant this Further Administrative Motion.

Dated: October 31, 2022         **PERKINS COIE LLP**

By: /s/ *Sunita Bali*
   Bobbie J. Wilson, Bar No. 148317
   Sunita Bali, Bar No. 274108

Attorneys for Defendants Google LLC and Alphabet Inc.