# EXHIBIT BT

ATTORNEYS EYES ONLY

```
1              UNITED STATES DISTRICT COURT
2            NORTHERN DISTRICT OF CALIFORNIA
3                    SAN JOSE DIVISION
4
5   _____
                                    )
6   IN RE GOOGLE ASSISTANT PRIVACY  ) Master Docket No.:
    LITIGATION                      ) 19-cv-04286-BLF
7   _____ )
8
9
10
11
12     ATTORNEYS' EYES ONLY UNDER THE PROTECTIVE ORDER
13         VIRTUAL VIDEOCONFERENCE VIDEO-RECORDED
14       DEPOSITION OF REBBECCA REED-ARTHURS, PH.D.
15
16             Wednesday, September 7, 2022
17     Remotely Testifying from Emeryville, California
18
19
20
21
22
23  Stenographically Reported By:
24  Hanna Kim, CLR, CSR No. 13083
25  Job No. 5410294
```

Page 1

ATTORNEYS EYES ONLY

1       UNITED STATES DISTRICT COURT
2       NORTHERN DISTRICT OF CALIFORNIA
3            SAN JOSE DIVISION
4
5  _____
                                  )
6  IN RE GOOGLE ASSISTANT PRIVACY  ) Master Docket No.:
   LITIGATION                      ) 19-cv-04286-BLF
7  _____ )
8
9
10
11
12          ATTORNEYS' EYES ONLY, virtual
13          videoconference video-recorded deposition
14          of REBBECCA REED-ARTHURS, PH.D., taken on
15          behalf of the Defendant, pursuant to the
16          stipulations of counsel thereof, on
17          Wednesday, September 7, 2022, beginning at
18          9:05 a.m., PDT, and concluding at
19          4:48 p.m., remotely testifying from San
20          Francisco, California, before Hanna Kim,
21          CLR, Certified Shorthand Reporter,
22          No. 13083.
23
24
25

Page 2

```
 1     REMOTE VIDEOCONFERENCE APPEARANCES OF COUNSEL:
 2
 3   For Plaintiffs:
 4         LOWEY DANNENBERG, P.C.
 5         BY:  ANDREA FARAH, ESQ.
 6         BY:  RADHIKA GUPTA, ESQ.
 7         BY:  ALESANDRA GRECO, ESQ.
 8         44 South Broadway, Suite 1100
 9         White Plains, New York 10601
10         914.997.0500
11         afarah@lowey.com
12         rgupta@lowey.com
13         agreco@lowey.com
14         -and-
15         SCOTT+SCOTT ATTORNEYS AT LAW LLP
16         BY:  ALEX OUTWATER, ESQ.
17         600 W. Broadway, Suite 3300
18         San Diego, California 92101
19         619.798.5318
20         aoutwater@scott-scott.com
21
22
23
24
25
```

Page 3

```
 1      REMOTE VIDEOCONFERENCE APPEARANCE OF COUNSEL:
 2
 3   For Defendants:
 4          PERKINS COIE LLP
 5          BY:  DANIELLE SIVALINGAM, ESQ.
 6          BY:  SUNITA BALI, ESQ.
 7          BY:  ERIN K. EARL, ESQ.
 8          1201 Third Avenue, Suite 4900
 9          Seattle, Washington 98101-3099
10          206.359.8510
11          dsivalingam@perkinscoie.com
12          sbali@perkinscoie.com
13          eearl@perkinscoie.com
14
15   Also Present:
16          JESSICA FRANCISCO, Videographer
17
18
19
20
21
22
23
24
25
```

ATTORNEYS EYES ONLY

```
 1                INDEX OF EXAMINATION
 2
 3   WITNESS:  REBBECCA REED-ARTHURS, PH.D.
 4
 5   EXAMINATION                                    PAGE
 6         BY MS. SIVALINGAM:                         11
 7         BY MS. FARAH:                             259
```

Page 5

```
 1   equilibrium prices are determined by both demand and
 2   supply.  Although, there are always special cases.
 3   And so, in every instance, it's necessary to
 4   consider the specific facts and circumstances in
 5   which you're applying it.                              04:24:34
 6       Q.   But what Allenby et al. is -- are
 7   contending is that conjoint surveys by themselves
 8   cannot form the basis for equilibrium from profit
 9   calculations; right?
10       A.   So, generally speaking, they're contending    04:24:54
11   that you need to consider other things.  However,
12   they do refer specifically to equilibrium concepts
13   and a consideration of, let's see, competing
14   products -- it's done, but also the equilibrium
15   concept.  So, yes, they are saying you need to         04:25:14
16   consider both sides.  That is correct.
17       Q.   The conjoint surveys, what they're saying
18   and my understanding is, that conjoints measure
19   willingness to pay, which is demand; right?
20       A.   Yes.  Choice based conjoint surveys           04:25:30
21   develop measures of the demand side of a market;
22   that is correct.
23       Q.   Not the supply side?
24       A.   There are separate supply side factors
25   that are often considered, though, I don't have --     04:25:44
```

Veritext Legal Solutions
866 299-5127

```
 1    again -- so one thing I want to point out is, this
 2    is in the context of the -- the patent space, the
 3    equilibrium profit changes.  The context to which                
 4    that might be applied may be different in consumer
 5    class action space, but, again, that's outside the      04:26:04
 6    scope of my analysis, and I haven't been asked to
 7    consider those particular factors.
 8         Q.   And also the --
 9              (Interruption in audio/video.)
10              THE COURT REPORTER:  Could you start that     04:26:17
11    over again, please.
12    BY MS. SIVALINGAM:
13         Q.   Also outside the scope of your analysis
14    would be measuring supply side factors; right?
15         A.   I have not, at this point, been asked to      04:26:23
16    measure supply side factors or to reach a conclusion
17    about, for example, equilibrium concepts or a change
18    in market price.
19         Q.   Okay.  Okay.
20              So looking to paragraph 124 of your           04:26:51
21    report, "To the extent -- you write, "To the extent
22    that the damages expert in this matter wishes to
23    consider the change in willingness to pay of the
24    marginal consumer instead of the average consumers,
25    there are at least two ways to perform such an          04:27:11
```