1  Bobbie J. Wilson, Bar No. 148317
   BWilson@perkinscoie.com
2  Sunita Bali, Bar No. 274108
   SBali@perkinscoie.com
3  PERKINS COIE LLP
   505 Howard Street, Suite 1000
4  San Francisco, California 94105
   Telephone: +1.415.344.7000
5  Facsimile:  +1.415.344.7050

6  Erin Katherine Earl (*pro hac vice*)
   Eearl@perkinscoie.com
7  PERKINS COIE LLP
   1201 Third Avenue, Suite 4900
8  Seattle, WA 98101-3099
   Telephone: +1.206.359.8510
9  Facsimile:  +1.206.359.9510

10

11  Attorneys for Defendants Alphabet Inc. and Google LLC

            UNITED STATES DISTRICT COURT
12
            NORTHERN DISTRICT OF CALIFORNIA
13
                SAN JOSE DIVISION
14

15

16

17  IN RE GOOGLE ASSISTANT PRIVACY          Case No. 5:19-cv-04286-BLF
    LITIGATION
18                                          **[PROPOSED] ORDER GRANTING
                                            DEFENDANTS' MOTION FOR RELIEF
19                                          FROM NON-DISPOSITIVE PRETRIAL
                                            ORDER OF MAGISTRATE JUDGE**
20
                                            Judge:    Hon. Beth L. Freeman
21

22

23

24

25

26

27

28

**[PROPOSED] ORDER**

The Court, having considered Google's Motion for Relief from Non-Dispositive Pretrial Order of Magistrate Judge ("Motion") and all other papers submitted in responses thereto, determines the portions of the pretrial discovery order regarding the random sampling of Google voice query data, Dkt. 331 (the "Sampling Order") that require Google to (1) produce and analyze queries other than hotword-initiated Assistant queries and (2) "turn over the entirety of each sampled query as reflected in the speech logs" are clearly erroneous and contrary to law. *See* Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A).

The Court therefore GRANTS Google's Motion and **MODIFIES** Paragraphs 3, 4, and 6 of the Sampling Order as follows (additions underlined, omissions stricken):

3.　　For each sample day, Google will provide the total number of <u>hotword-initiated Assistant</u> queries for that 24-hour day.

4.　　Google will provide raw data for a random sample of 0.5% of the <u>hotword-initiated Assistant</u> queries for each sample day. The random sample will be selected using a tool agreed upon by the Parties.

. . .

6.　　Google may anonymize the raw data before producing it to Plaintiffs. <u>Google can omit the contents of queries in the data produced to Plaintiffs.</u> ~~Because Google has not identified a way to automatically parse the preamble from other portions of a query, and because Plaintiffs dispute whether the preamble alone is adequate to determine a "false accept," Google must turn over the entirety of each sampled query as reflected in the speech logs.~~

**IT IS SO ORDERED.**

Date:_____　　　　　　　_____
　　　　　　　　　　　　　　　　　　Hon. Beth Labson Freeman
　　　　　　　　　　　　　　　　　　United States District Judge