Vincent Briganti (*pro hac vice*)
Christian Levis (*pro hac vice*)
Margaret MacLean (*pro hac vice*)
Andrea Farah (*pro hac vice*)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: (914) 997-0500
vbriganti@lowey.com
clevis@lowey.com
mmaclean@lowey.com
afarah@lowey.com

*Attorneys for Plaintiffs*
ASIF KUMANDAN, MELISSA SPURR,
and MELISSA SPURR, as guardian of
B.S., a minor

[Additional signature on the last page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE GOOGLE ASSISTANT PRIVACY LITIGATION | Case No. 5:19-cv-04286-BLF<br><br>**PLAINTIFFS' RESPONSE TO ORDER DIRECTING PARTIES TO ADVISE COURT REGARDING DEFENDANTS' MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE**<br><br>Judge: Honorable Beth Labson Freeman<br>Dept.: Courtroom 3 – 5th Floor |

The Court's November 4, 2022 Order (ECF No. 350) asks "whether [the Court] should postpone ruling on Google LLC and Alphabet, Inc.'s (collectively "Google") motion and stay Google's discovery obligations under the Magistrate Judge's order until after the Court rules on Plaintiffs' Motion for Class Certification on the basis that the outcome of Google's motion might be affected by the Court's class certification order." Plaintiffs' response is "no," for the following reasons:

In the context of the schedule in this case and the volume of data in question, a stay of Google's discovery obligations pending decision on class certification risks rendering the data at issue useless. Even with expert assistance, Plaintiffs will need significant time to process and analyze the approximately 40 million speech log queries Google has been ordered to produce. If production of the speech log queries is delayed, Plaintiffs will likely be unable to perform that analysis in time to use the data in summary judgment briefing during the first quarter of 2023 or to adequately prepare for trial in September 2023. For instance, Google's (now-terminated) motion for summary judgment argued that "the evidence shows that [False Accept] recordings are an infrequent and incidental effect of providing Assistant, rather than an intentional interception, and . . . [a]s a result, Plaintiffs' Wiretap Act and CIPA claims fail." ECF No. 245 at 1. Without the speech log data in hand, Plaintiffs would be hampered in responding to such an argument.

Notably, Google itself has not sought to avoid or stay its compliance with the December 16, 2022 deadline set by Magistrate Judge Van Keulen. Google would have been hard-pressed to show that Judge Van Keulen's order was "clearly erroneous or contrary to law," as required by Fed. R. Civ. P. 72(a), in setting a deadline for production that would enable Plaintiffs to make use of the enormously relevant data that they ***requested over two years ago***. Google's motion instead requests only that the Court "limit the queries sampled for each day to hotword-initiated Assistant queries" and "strike the requirement that Google 'turn over the entirety of each sampled query as reflected in the speech logs.'" Google's Motion for Relief from Non-Dispositive Pretrial Order of Magistrate Judge ("Google's Objection"), ECF No. 349, at 5, quoting Sampling Order, ECF No. 331. While

1

PLAINTIFFS' RESPONSE TO ORDER DIRECTING PARTIES TO ADVISE COURT
REGARDING DEFENDANTS' MOTION FOR RELIEF FROM NONDISPOSITIVE
PRETRIAL ORDER OF MAGISTRATE JUDGE                    CASE NO. 5:19-CV-04286-BLF

Plaintiffs maintain that Google is not entitled to that more limited relief either, which the parties already addressed and Judge Van Keulen rejected, they will gladly brief Google's motion if the Court so requests. But the larger point is that not even Google disputes Plaintiffs' entitlement to receive the speech log data by December 16, 2022.

Further, the speech log data will be relevant no matter whether the Court certifies one, two, or all three of the proposed classes. Each of the three classes asserts causes of action that would rely on the speech log data to prove their claims. *See* Plaintiffs' Chart of Common Questions, ECF No. 348-1, at 1 (Purchaser Class common questions include whether Google "surreptitiously record[ed] users' audio and then subsequently shar[ed] such audio with third parties"); *id.* at 2 (Privacy Class common questions include "whether Google surreptitiously collected Class Members' communications as a result of False Accepts"); *id.* at 5 (SCA Class common questions include "whether Google surreptitiously collected Class Members' communications as a result of False Accepts" and "whether Google disclosed illegally obtained audio to third parties."). Recognizing this, Judge Van Keulen expressly held that "[c]ompliance with this order ***is not dependent upon resolution of class certification.***" *See* ECF No. 278, at 5 n.5 (emphasis added). Accordingly, staying Google's production obligations pending resolution of class certification would not achieve any efficiencies for Google; it would only prejudice Plaintiffs.

Indeed, Plaintiffs have already suffered severe prejudice from Google's over-two-year-long delay in producing this data that Plaintiffs requested in their very first set of Requests for Production. Google's unjustifiable refusal to produce these documents led to extensive litigation, dragging well past Plaintiffs' class certification deadlines—when data relating to the amount and frequency of False Accepts and recordings being sent to human reviewers would have been at its most relevant. One of the compromise proposals Plaintiffs made during the parties' many meet and confers, in the interest of trying to avoid the prejudicial delay they ended up experiencing, was precisely what Google's Objection now requests: for Google to identify instances of False Accepts and recordings sent for human review without producing the actual contents of the recordings. *See*

2
PLAINTIFFS' RESPONSE TO ORDER DIRECTING PARTIES TO ADVISE COURT
REGARDING DEFENDANTS' MOTION FOR RELIEF FROM NONDISPOSITIVE
PRETRIAL ORDER OF MAGISTRATE JUDGE                    CASE NO. 5:19-CV-04286-BLF

Google's Objection at 3 (citing ECF Nos. 240 and 289). Google flatly refused and forced Plaintiffs to continue litigating. Having lost the gamble, it took in withholding documents and rejecting Plaintiffs' proposed compromises, it should not be permitted to delay any further.

Respectfully submitted,

Dated: November 10, 2022

/s/ Vincent Briganti
Vincent Briganti (*pro hac vice*)
Christian Levis (*pro hac vice*)
Margaret MacLean (*pro hac vice*)
Andrea Farah (*pro hac vice*)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: (914) 997-0500
Facsimile: (914) 997-0035
vbriganti@lowey.com
clevis@lowey.com
mmaclean@lowey.com
afarah@lowey.com

Mark N. Todzo (Bar No. 168389)
Eric S. Somers (Bar No. 139050)
**LEXINGTON LAW GROUP**
503 Divisadero Street
San Francisco, CA 94117
Telephone: (415) 913-7800
Facsimile: (415) 759-4112
mtodzo@lexlawgroup.com.

Joseph P. Guglielmo (*pro hac vice*)
Erin Green Comite (*pro hac vice*)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169-1820
Telephone: (212) 223-6444
Facsimile: (212) 223-6334
jguglielmo@scott-scott.com
ecomite@scott-scott.com

John T. Jasnoch (Bar No. 281605)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
600 W. Broadway, Suite 3300
San Diego, CA 92101
Telephone: (619) 233-4565

Facsimile: (619) 233-0508
jjasnoch@scott-scott.com

*Attorneys for Plaintiffs*

**CERTIFICATION**

      I HEREBY CERTIFY that on November 10, 2022, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

Dated: November 10, 2022　　　　　　　　　　　　　/s/ Margaret MacLean