Bobbie J. Wilson, Bar No. 148317
BWilson@perkinscoie.com
Sunita Bali, Bar No. 274108
SBali@perkinscoie.com
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, California 94105
Telephone: +1.415.344.7000
Facsimile: +1.415.344.7050

Erin K. Earl (*pro hac vice*)
Eearl@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: +1.206.359.8510
Facsimile: +1.206.359.9510

Attorneys for Defendants
ALPHABET INC. and GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE GOOGLE ASSISTANT PRIVACY LITIGATION | Case No. 5:19-cv-04286-BLF<br><br>**GOOGLE LLC AND ALPHABET INC.'S STATUS REPORT PURSUANT TO COURT'S ORDER (DKT. 331)**<br><br>Judge: Hon. Susan van Keulen |

Pursuant to the order of the Court dated October 20, 2022, Dkt. 331 ("Sampling Order"), Defendants Google LLC and Alphabet Inc. (collectively "Google") submit this status report, supported by the Declaration of Françoise Beaufays ("Beaufays Decl."), regarding "the progress of sampling and the rolling production" required by the Sampling Order.

Google has been working diligently to comply with the Sampling Order, including designing, reviewing, and writing the necessary code to perform the required sampling and analysis given the large volume and complexity of the data. In parallel, Google filed a Motion for Relief from Non-Dispositive Pretrial Order of Magistrate Judge, requesting that the Sampling Order be modified in certain respects. Dkt. 349. On November 4, 2022, Judge Beth Labson Freeman issued an order directing the parties to advise the court by November 10, 2022, "whether it should postpone ruling on Google's motion and stay Google's discovery obligations under the Magistrate Judge's order until after the Court rules on Plaintiffs' Motion for Class Certification." Dkt. 350. Although Google will timely respond to Judge Freeman's order, Google has continued diligently working towards complying with this Court's Sampling Order. A detailed description of Google's work to date is provided below.

**Overview of Google's Process Required to Perform Data Sampling**

As this Court is aware, Google's engineers have been engaged in developing a process for conducting the data sampling ordered by the Court in its Order re: Joint Discovery Submission, Dkt. 278, since well before the October 20, 2022 hearing. When Google submitted its sampling proposal to the Court, *see* Dkt. 322-01, its engineers intended to obtain the proposed sample using an internal tool similar to that used to collect and produce the speech logs for the Google Accounts identified by the named plaintiffs. That tool, however, is not capable of collecting the volume of data or performing the analyses required by the Sampling Order. Beaufays Decl. ¶¶ 3-4.

Complying with the Sampling Order, therefore, requires Google to use a custom-built tool, which in turn requires more upfront engineering work to design and write the necessary code. Performing the required data sampling, including the calculations of the total number of queries for each sampled day, using that custom tool specifically requires Google engineers to

(1) design the process and write the code to be used to collect and produce the sampled data; (2) obtain review and signoff on the design from engineers with specialized knowledge of each of the several systems involved; (3) implement the design; (4) test the implementation to confirm it conforms to the design and performs the sampling and analysis as required by the Sampling Order and agreed to by the parties; (5) run the code to pull the sample; and finally (6) address any runtime errors or bugs that may unexpectedly arise. *Id.* ¶¶ 5-6.

Google has been doing as much of this work as possible in parallel, and is willing to dedicate as many engineers and as much computing power as necessary to sample and produce data on a rolling basis, beginning as expeditiously as possible and finishing by the December 16, 2022 deadline. But the process of designing, writing, and reviewing the code is time consuming, and requires time investment from a limited set of specific engineers that already have the requisite knowledge of the data and systems involved. As recognized by well-established software project management principles, these processes cannot all be accelerated by simply adding more team members. *Id.* ¶ 7.[1]

Based on the current design and the work accomplished to date, described in more detail below and in the accompanying Beaufays Declaration, and assuming no unexpected technical difficulties arise, Google currently anticipates being in a position to provide the total number of queries for each sampled day and to make its first production of sampled data in late November or early December. Google will of course expedite this schedule to the extent it is possible to do so, and will continue to keep Plaintiffs and the Court apprised of Google's progress.

**Steps Implemented Since the Issuance of the Sampling Order**

Since immediately following the October 20, 2022 hearing, Google has been engaged in the engineering work required to comply with the Sampling Order. Specifically, Google's engineers have spent a substantial amount of time on the new design required by the increased

---

[1] *See, e.g.*, Frederick Brooks, The Mythical Man-Month: Essays on Software Engineering (1975); *see also* Wikipedia, *The Mythical Man-Month*, https://en.wikipedia.org/wiki/The_Mythical_Man-Month; Wikipedia, *Brooks's Law*, https://en.wikipedia.org/wiki/Brooks%27s_law.

volume of data to be produced. *Id.* ¶ 8. Under that design, the process for identifying and producing the requisite data sample will consist of at least the following steps (which are either completed or in progress):

| No. | Description | Status |
| --- | --- | --- |
| 1. | **Account Setup.** Create and configure the technical accounts necessary to run the code when implemented, including assigning machine resources and ensuring the accounts have the necessary permissions to be able to access all necessary data from all necessary systems. | Complete |
| 2. | **Stage 1.** Design, review, implement, test, and run the code that will (1) identify the pool of queries for each day selected by Plaintiffs; (2) identify the 0.5% data sample; and (3) extract basic metadata regarding the queries in the 0.5% data sample. | Design and initial exploratory implementation complete, undergoing further review and testing. |
| 3. | **Stage 2.** Design, review, implement, test, and run the code to access all necessary systems and extract all relevant speech log data for the 0.5% sampled queries. | Design, review, and initial exploratory implementation in progress. |
| 4. | **Stage 3.** Design, review, implement, test, and run the code to produce a human-readable version of the sampled data, including pseudonymizing the Google Account ID and converting the data into the production format. | Design in progress. |

| No. | Description | Status |
|---|---|---|
| 5. | **Stage 4:** Design, review, implement, test, and run the code to conduct the required analysis for each sampled data set, i.e., to calculate (1) the number of queries where the machine-generated transcript did not contain a hotword; (2) the number of queries that were sent to a human reviewer; and (3) the number of queries that were included in a dataset. | Design in progress. |

*Id.* ¶ 9.

While Google engineers have been working on designing and implementing these steps, Google also has been working to resolve any potential issues with Plaintiffs in advance of production. Plaintiffs have identified the 200 dates they selected (eight for each of the 25 quarters between Q3 2016 and Q3 2022). On November 8, 2022, after conducting the necessary engineering diligence, Google proposed to Plaintiffs: (1) a methodology to use to select the random sample of 0.5% of queries for each sample day; and (2) the production format for the sampled data. Plaintiffs have not yet responded to Google's proposals.

Dated: November 10, 2022                **Perkins Coie LLP**

By: /s/ Sunita Bali
Bobbie J. Wilson, Bar No. 148317
Sunita Bali, Bar No. 274108
Erin K. Earl (*pro hac vice*)

Attorneys for Defendants Alphabet Inc. and Google LLC