Bobbie J. Wilson, Bar No. 148317
BWilson@perkinscoie.com
Sunita Bali, Bar No. 274108
SBali@perkinscoie.com
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, California 94105
Telephone: +1.415.344.7000
Facsimile:  +1.415.344.7050

Erin K. Earl (*pro hac vice*)
Eearl@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: +1.206.359.8510
Facsimile:  +1.206.359.9510

Attorneys for Defendants
ALPHABET INC. and GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE GOOGLE ASSISTANT PRIVACY LITIGATION | Case No. 5:19-cv-04286-BLF<br><br>**DEFENDANTS ALPHABET INC. AND GOOGLE LLC'S RESPONSE TO COURT'S ORDER DIRECTING PARTIES TO ADVISE COURT REGARDING MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER**<br><br>Judge:    Hon. Beth L. Freeman |

Defendants Alphabet Inc. and Google LLC ("Google") submit this response to the Court's Order, requesting "that the parties advise the Court whether it should postpone ruling on Google's" Motion for Relief from Nondispositive Order of Magistrate Judge ("Motion for Relief"), Dkt. 349, "and stay Google's discovery obligations under the Magistrate Judge's order until after the Court rules on Plaintiffs' Motion for Class Certification (ECF No. 222) on the basis that the outcome of Google's motion might be affected by the Court's class certification order." Dkt. 350. Simply put, there is no doubt that the Court's forthcoming class certification order will affect the proper scope of any sampling of nonusers' speech log data. Thus, Google respectfully requests that the Court postpone ruling on Google's Motion for Relief and stay Google's obligations under the Sampling Order until after class certification is decided.

This Court has "wide discretion" to stay discovery "on a showing of good cause and reasonableness." *Application Pursuant to 28 U.S.C. §1782 by Nikon Corp. v. GlobalFoundries U.S., Inc.*, No. 17-MC-80071-BLF, 2017 WL 4224770, at *2 (N.D. Cal. Sept. 22, 2017) (Freeman, J.) (citation omitted); *see also* Fed. R. Civ. P. 26(b)(2)(C).

Here, good cause exists to stay Google's obligations under the Sampling Order until the Court rules on class certification and can consider Google's Motion for Relief with that order in mind. The Court's class certification order will provide helpful clarity on which, if any, of Plaintiffs' three remaining proposed classes will be certified, and to pursue which, if any, claims. *See* Dkt. 348-01 at 2 ("As discussed at the October 20, 2022 hearing, Plaintiffs are no longer pursuing the Privacy Use or Privacy Disclosure Subclasses."). For example, if the Court concludes that none of Plaintiffs' proposed classes meets the certification standard, that may well moot any need to sample *any* nonparties' speech log data, because no claims would be asserted on behalf of any class and Google has already produced speech logs for the accounts identified by the named Plaintiffs. Similarly, if the Court determines that only one of Plaintiffs' proposed classes can be certified, far narrower sampling may be appropriate. For example, if the Court certifies only the Purchaser Class (which is limited to "Google-Made Devices," *see* Dkt. 222-1 at 1 n.3) or the Privacy Class (which is limited to devices that enable users to set a "location," thereby excluding mobile phones and tablets, *see* Dkt. 270-93 ¶ 12), then there would be no need

for Google to sample queries made using excluded devices. Further, if the Court certifies only the "Purchaser Class" or the "SCA Class," despite Google's objections that both are defined more broadly than Plaintiffs' alleged claims because they are not limited to those who have experienced "false accepts," *see* Dkt. 268 at 9-10, there would be no need for Google to produce transcribed content of any queries because the presence of "false accepts" would have no bearing on class membership or possibly even the underlying claims, *see* Dkt. 303 at 1-2. The scope of sampling, including whether Google should be required to produce non-party users' full query content, are the precise issues presented in Google's Motion for Relief. These are just a few examples of how the Court's ruling on class certification will affect the issues raised in Google's Motion for Relief.

On the other side of the ledger, there is no pressing reason to charge forward prior to this Court's class certification ruling. *Johnson v. Martinez*, 131 F. App'x 546, 548 (9th Cir. 2005) (affirming granting motion to stay discovery where the opposing party "did not demonstrate how his failure to obtain the discovery he sought resulted in 'actual and substantial prejudice'") (citation omitted). First, Google has already explained why using the presence (or absence) of the hotword in the machine-generated transcripts reflected in speech logs, as ordered by the Magistrate Judge, is not a reliable method for estimating rates of false accepts as defined by Plaintiffs: the machine-generated transcript does not always accurately reflect what the user said and, for various reasons, does not always reflect the hotword even when it was spoken. *See* Dkt. 240 at 9-10. And Google has already produced the data in its possession, custody, and control, reflecting its best estimates of the rate of false accepts. *Id.* at 7-9. Second, Plaintiffs have argued that they need the sampled data to inform issues pertinent to class certification, including numerosity and ascertainability, Dkt. 218 at 1, but the record is already closed on Plaintiffs' class certification motion, and it is too late to supplement the record with whatever they may hope to glean from any sampling exercise. *See* Dkts. 222, 268, 303, 327. Finally, to the extent Plaintiffs argue that they need the results of the sampling to oppose Google's anticipated motion for summary judgment, that argument rings hollow since Plaintiffs waited until the last possible date to move to compel, and thus could not have used this data to oppose Google's original summary

judgment motion (which was terminated *sua sponte* by the Court) due to their own delay. More importantly, the current case schedule includes ample time for any production and analysis of the data following the Court's class certification order. Under the current schedule, which the Court recently noted "may be subject to modification," Dkt. 338 at 50:23-51:3, the hearing date for dispositive motions is April 27, 2023, and even with an extended briefing schedule (to be negotiated by the parties following the Court's class certification order, *id.* at 52:5-15), Google's motion would not be due until February, which is months away. In any event, the Court has discretion to continue the April 27 hearing date, and even the September 11, 2023 trial date, if necessary, to promote efficiency and conserve party and judicial resources. *See Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983) (explaining that a "trial court possesses the inherent power to control its own docket and calendar," particularly when it is the "efficient" and "fairest course for the parties") (citations omitted). Thus, the case schedule is not a barrier to the limited stay under consideration.

In sum, the Motion for Class Certification should be resolved before the Court addresses Google's Motion for Relief, or Google produces a sample of nonparties' speech logs. There is simply no reason to rush through the important considerations raised in Google's Motion for Relief, while the certifiability of Plaintiffs' proposed classes remains a looming question. Staying the Sampling Order until the Court clarifies which, if any, classes will be certified will promote efficiency and, more importantly, protect the privacy interests of millions of non-parties—the very same privacy interests Plaintiffs purport to champion through this lawsuit.

Dated: November 10, 2022            **Perkins Coie LLP**

                                    By: /s/ Sunita Bali
                                        Bobbie J. Wilson, Bar No. 148317
                                        Sunita Bali, Bar No. 274108
                                        Erin K. Earl (*pro hac vice*)

                                    Attorneys for Defendants Alphabet Inc. and Google LLC