1

2

3          **UNITED STATES DISTRICT COURT**

4          **NORTHERN DISTRICT OF CALIFORNIA**

5          **SAN JOSE DIVISION**

6

7    ASIF KUMANDAN, et al.,                    Case No.  19-cv-04286-BLF

8                        Plaintiffs,

9          v.                                  **ORDER GRANTING IN PART AND**
                                               **DENYING IN PART DEFENDANTS'**
10   GOOGLE LLC, et al.,                       **ADMINISTRATIVE MOTION TO**
                                               **CONSIDER WHETHER PLAINTIFFS'**
11                      Defendants.            **MATERIALS SHOULD BE SEALED**

12                                             [Re:  ECF No. 269]

13

14

15          Before the Court is Defendants Google LLC and Alphabet Inc.'s (collectively "Google")

16   administrative motion to consider whether Plaintiffs' materials should be sealed.  ECF No. 269

17   ("Motion").  The motion seeks to file under seal portions of Defendants' Opposition to Plaintiffs'

18   Motion for Class Certification ("Opposition") and supporting declarations and exhibits.  *See id.* at

19   1.  Plaintiffs filed a statement in support of Defendants' motion after being ordered to do so by the

20   Court.  *See* ECF No. 339 ("Statement").  The Court has considered the Motion and Statement.  For

21   the following reasons, the Motion is GRANTED IN PART AND DENIED IN PART.

22   **I.    LEGAL STANDARD**

23          "Historically, courts have recognized a 'general right to inspect and copy public records

24   and documents, including judicial records and documents.'"  *Kamakana v. City and Cnty. of*

25   *Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435

26   U.S. 589, 597 & n.7 (1978)).  Consequently, access to motions and their attachments that are

27   "more than tangentially related to the merits of a case" may be sealed only upon a showing of

28   "compelling reasons" for sealing.  *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092,

United States District Court
Northern District of California

1   1101–102 (9th Cir. 2016).   Filings that are only tangentially related to the merits may be sealed

2   upon a lesser showing of "good cause." *Id.* at 1097.

3          In addition, in this district, all parties requesting sealing must comply with Civil Local

4   Rule 79-5.  That rule requires that the moving party to provide "the reasons for keeping a

5   document under seal, including an explanation of: (i) the legitimate private or public interests that

6   warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive

7   alternative to sealing is not sufficient." Civ. L.R. 79-5(c)(1)(i).  The rule also requires the moving

8   party to provide "evidentiary support from declarations where necessary."

9   Civ. L.R. 79-5(c)(1)(ii).

## II.    DISCUSSION

11          This Court previously determined "that the compelling reasons standard applies to motions

12   to seal documents relating to class certification." *Adtrader, Inc. v. Google LLC*, No. 17-CV-

13   07082-BLF, 2020 WL 6391210, at *2 (N.D. Cal. Mar. 24, 2020).

14          Plaintiffs divide their request into two parts.  The first requests to seal documents produced

15   in the litigation and interrogatory responses, and the second requests to seal excerpts from

16   deposition transcripts.  The Court addresses each part in turn.

17          First, Plaintiffs request to seal certain documents produced in the litigation and

18   interrogatory responses.  To support their request, Plaintiffs rely on cases that have found

19   compelling reasons to seal home addresses, financial account information, email addresses, and

20   device serial numbers. *See Nursing Home Pension Fund v. Oracle Corp.*, No. C01-00988 MJJ,

21   2007 WL 3232267, at *2 (N.D. Cal. Nov. 1, 2007) (home address and financial account

22   information); *O'Connor v. Uber Techs., Inc.*, No. C-13-3826 EMC, 2015 WL 355496, at *3 (N.D.

23   Cal. Jan. 27, 2015) (email address); *Darisse v. Nest Labs, Inc.*, No. 14-CV-01363-BLF, 2016 WL

24   11474174 (N.D. Cal. June 2, 2016) (device serial number).  The Court agrees that such material is

25   sealable under the compelling reasons standard.  However, the Court finds that Plaintiffs have not

26   narrowly tailored their request to seal only this material in some exhibits and therefore denies

27   Plaintiffs' request as to those exhibits. *See* L.R. Civ. 79-5(c)(3) (request must be "narrowly

28   tailored to seal only the sealable material").  The Court grants Plaintiffs' request to seal as to the

*United States District Court*
*Northern District of California*

2

United States District Court
Northern District of California

exhibit that does have narrowly tailored redactions.  The Court's ruling on each exhibit is set forth below.

Second, Plaintiffs request to seal excerpts of Plaintiffs' and nonparties' deposition transcripts.  Plaintiffs request to seal this deposition testimony because it contains (1) material that "could be used as a vehicle for improper purposes" and (2) "personally identifying information . . . , specifically email addresses."  Statement 5.  Again, the Court finds that such information may be sealable but that Plaintiffs have failed to narrowly tailor their requests to this information.  Accordingly, the requests concerning the deposition excerpts are denied as set forth below.

| Exhibit No. & ECF No. | Document | Requested Portions to Seal | Ruling |
|---|---|---|---|
| Exhibit AA to Motion<br><br>ECF No. 269-1 | Defendants' Opposition to Plaintiffs' Motion for Class Certification | Highlighted portions that reference Plaintiffs' and non-parties Frank Aguiar and Steven Spurr's deposition testimony and documents | DENIED WITHOUT PREJUDICE as the Court cannot tell which portions of the exhibit Plaintiffs seek to seal. |
| Exhibit A to Motion<br><br>ECF No. 269-2 | SPURR000023 | Entirety | DENIED WITHOUT PREJUDICE as overbroad.  Plaintiffs have not narrowly tailored their sealing request to the personally identifying information (email addresses, device identification number, and IMEI number) that they argue is sealable. |
| Exhibit B to Motion<br><br>ECF No. 269-3 | Lourdes Galvan's Responses and Objections to Defendants Google LLC and Alphabet Inc's Interrogatories, Set 1 | Highlighted portions | GRANTED, as the material sought to be sealed reflects personally identifying information, including IMEI numbers and email addresses. |
| Exhibit C to Motion<br><br>ECF No. 269-4 | STEVE-SPURR000347 | Entirety | DENIED WITHOUT PREJUDICE as overbroad.  Plaintiffs have not narrowly tailored their sealing request to the personally identifying information, |

United States District Court
Northern District of California

| | | | |
|---|---|---|---|
| | | | including email address and street address, that they argue is sealable. |
| Exhibit D to Motion<br><br>ECF No. 269-5 | STEVE-SPURR000733 | Entirety | DENIED WITHOUT PREJUDICE as overbroad.  Plaintiffs have not narrowly tailored their sealing request to the personally identifying information, including email address, that they argue is sealable. |
| Exhibit E to Motion<br><br>ECF No. 269-6 | Excerpts of transcript of September 5, 2022, deposition of Frank Aguiar | Entirety | DENIED WITHOUT PREJUDICE as overbroad.<br>Plaintiffs have not narrowly tailored their sealing request to the material they argue is sealable, including material that could be used for "improper purposes" or personally identifying information. |
| Exhibit F to Motion<br><br>ECF No. 269-7 | Excerpts of transcript of August 5, 2022, deposition of Eleeanna Galvan | Entirety | DENIED WITHOUT PREJUDICE as overbroad.<br>Plaintiffs have not narrowly tailored their sealing request to the material they argue is sealable, including material that could be used for "improper purposes" or personally identifying information. |
| Exhibit G to Motion<br><br>ECF No. 269-8 | Excerpts of transcript of August 4, 2022, deposition of Lourdes Galvan | Entirety | DENIED WITHOUT PREJUDICE as overbroad.<br>Plaintiffs have not narrowly tailored their sealing request to the material they argue is sealable, including material that could be used for "improper purposes" or personally |

| | | | identifying information. |
|---|---|---|---|
| Exhibit H to Motion<br><br>ECF No. 269-9 | Excerpts of transcript of August 4, 2022, deposition of Asif Kumandan | Entirety | DENIED WITHOUT PREJUDICE as overbroad.<br>Plaintiffs have not narrowly tailored their sealing request to the material they argue is sealable, including material that could be used for "improper purposes" or personally identifying information. |
| Exhibit I to Motion<br><br>ECF No. 269-10 | Excerpts of transcript of August 15, 2022, deposition of Melissa Spurr | Entirety | DENIED WITHOUT PREJUDICE as overbroad.<br>Plaintiffs have not narrowly tailored their sealing request to the material they argue is sealable, including material that could be used for "improper purposes" or personally identifying information. |
| Exhibit J to Motion<br><br>ECF No. 269-11 | Excerpts of transcript of September 6, 2022, deposition of Steven Spurr | Entirety | DENIED WITHOUT PREJUDICE as overbroad.<br>Plaintiffs have not narrowly tailored their sealing request to the material they argue is sealable, including material that could be used for "improper purposes" or personally identifying information. |

As noted above, the requests the Court has denied are without prejudice. As ordered below, Plaintiffs will have an opportunity to narrowly tailor their requests and submit a further statement. The Court notes, however, that Plaintiffs' blanket statement that certain material could be used for "improper purposes" is too conclusory to justify sealing under the compelling reasons standard. To the extent Plaintiffs seek to seal material on this basis, they must identify some way in which the material sought to be sealed could be used for an improper purpose.

### III.    ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that the Defendants' Administrative Motion to Consider Whether Plaintiffs' Materials Should Be Sealed is GRANTED IN PART AND DENIED IN PART.

As to Exhibits AA, A, C, D, E, F, G, H, I, J, to the extent Plaintiffs wish to maintain their request to seal portions of these exhibits, they SHALL file a further statement and/or declaration in compliance with Civil Local Rule 79-5(f)(3) and SHALL submit these exhibits with proposed narrowly tailored redactions by **November 28, 2022**.  For Exhibit AA, Plaintiffs SHALL submit a version of the exhibit containing only their requested highlights.  If Plaintiffs no longer wish to seal any or a subset of these exhibits, they SHALL submit a statement indicating which exhibits they no longer wish to seal by **November 28, 2022.**

The Court hereby amends its order at ECF No. 318, which ordered Google to file a public redacted version of Exhibit AA within 10 days after the Court issues its order on this Motion. Google SHALL NOT file a public redacted version of Exhibit AA until the Court orders otherwise.

As to Exhibit B, the Court will offer guidance on filing a public redacted version after considering any further statement submitted by Plaintiffs concerning the other exhibits.

Dated: November 17, 2022

_____
BETH LABSON FREEMAN
United States District Judge