Vincent Briganti (*pro hac vice*)
Christian Levis (*pro hac vice*)
Margaret MacLean (*pro hac vice*)
Andrea Farah (*pro hac vice*)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: (914) 997-0500
vbriganti@lowey.com
clevis@lowey.com
mmaclean@lowey.com
afarah@lowey.com

*Attorneys for Plaintiffs*
ASIF KUMANDAN, MELISSA SPURR,
and MELISSA SPURR, as guardian of
B.S., a minor

[Additional signature on the last page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE GOOGLE ASSISTANT PRIVACY LITIGATION | Case No. 5:19-cv-04286-BLF<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE**<br><br>Judge: Honorable Beth Labson Freeman<br>Dept.: Courtroom 3 – 5th Floor |

Plaintiffs submit the following response to Defendants' Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge (ECF No. 349, "Google's Objection") pursuant to the Court's November 14, 2022 Order (ECF No. 354).

Nothing in the Magistrate Judge's carefully considered order (ECF No. 331, "Sampling Order") is "clearly erroneous or contrary to law," as Federal Rule of Civil Procedure 72(a) requires to set it aside or modify it. Specifically, the Sampling Order does not require Google to violate the Stored Communications Act ("SCA") because Google is expressly permitted to produce the speech log data pursuant to its own Privacy Policy, which allows the disclosure of such information to "[m]eet any applicable law, regulation, legal process," to "[e]nforce applicable Terms of Service, including investigation of potential violations," or "[p]rotect against harm to the rights of . . . users." Both the Sampling Order, which indisputably originates from a legal process, and Google's conduct that Plaintiffs allege is a violation of Google's Terms of Service (*see* Fourth Amended Complaint, ECF No. 141 at ¶¶ 197-99) fall squarely within this provision. And since this language appears in the Privacy Policy Google contends all Class Members agreed to (*see* ECF No. 56 at 10-11), Google already has permission to comply with the Sampling Order and does not need to separately obtain consent from each individual user prior to production. Additionally, Google can address any remaining privacy concerns by anonymizing the data such that the identity of users remains concealed—a method that Plaintiffs proposed months ago, and the Magistrate Judge adopted in the Sampling Order. As far as Google's argument that the Sampling Order requires it to produce irrelevant data by not limiting the sampled queries to "hotword-initiated Assistant queries," the opposite is true. Limiting the sampled queries as Google proposes would result in denying Plaintiffs *relevant* data. Accordingly, the Court should deny Google's Objection in full and enforce the Sampling Order as written.

## ARGUMENT

### A. The Sampling Order Does Not Require Google to Violate the Stored Communications Act And Is Therefore Not "Contrary to Law."

Federal Rule of Civil Procedure 72(a) allows for a non-dispositive order from a magistrate judge to be set aside or modified in limited circumstances where it is "clearly erroneous or contrary to law." Google does not argue that the Sampling Order is "clearly erroneous." Nor could it: the Magistrate Judge's well-reasoned order that Google must "turn over the entirety of each sampled query as reflected in the speech logs" (Sampling Order at 2) was the culmination of months of negotiations, briefing, and argument by the parties, including regarding Google's concern about exposing itself to SCA liability if ordered to comply with Plaintiffs' request. *See, e.g.,* ECF Nos. 217, 207. Consequently, Google must show that the Sampling Order is "contrary to law" to prevail on its motion. But it cannot do so.

Google has argued for the past two and a half years now that it did not violate the SCA by sending users' audio communications to human reviewers because all Google Assistant users consented to such disclosure by agreeing to its Privacy Policy. *See, e.g.*, Defendants' Motion to Dismiss Plaintiffs' Consolidated Amended Class Action Complaint, ECF No. 56 at 11 ("In short, all of the alleged disclosures were permitted under the Privacy Policy, and thus were done with Plaintiffs' consent."). While this Court has already correctly held that Google is wrong about that,[1] the Privacy Policy explicitly defines other circumstances in which Google may share users' personal information. Critically, one of those circumstances is "for legal reasons." Declaration of Sunita Bali, Ex. D, Google Privacy Policy, ECF No. 56-1, at 31. In this section, Google specifically tells users: "We will share personal information outside of Google if we have a good-faith belief that access, use, preservation, or disclosure of the information is reasonably necessary to:

- Meet any applicable law, regulation, legal process, or enforceable governmental request….
- Enforce applicable Terms of Service, including investigation of potential violations.
- Detect, prevent, or otherwise address fraud, security, or technical issues.

---

[1] *See* May 6, 2020 Order re Defendants' Motion to Dismiss, ECF No. 80, at 21 (explaining that the Privacy Policy's vague reference to sharing information with "affiliates and other trusted businesses or persons" for "external processing" "says nothing about the types of information that Defendants might send" to third parties and does not actually inform users "that such 'processing' might involve human reviewers listening to the audio.")

2
PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR RELIEF FROM
NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE   CASE NO. 5:19-CV-04286-BLF

- Protect against harm to the rights, property or safety of Google, our users, or the public as required or permitted by law." *Id.*

Clearly, Google's disclosure of the contents of users' queries pursuant to the Sampling Order would fall within the category of "meet[ing] any applicable…legal process," as would simply providing the information in the normal course of discovery if Plaintiffs had not been forced to file a motion to compel. The same paragraph also authorizes disclosure to "[e]nforce applicable Terms of Service, including investigation of potential violations," which is exactly what Plaintiffs allege and are attempting to do here on behalf of members of the Purchaser Class through their breach of contract and UCL claims. *See* Plaintiffs' Chart of Common Questions (ECF No. 348-1). Further, as the speech logs from Plaintiffs' accounts have shown, the contents of queries will demonstrate Google violated users' privacy by recording audio that was not intended for Google, and as such disclosure compelled by the Sampling Order is permitted to "protect against harm to the rights…of users," for instance by demonstrating the need for injunctive relief. *See* Fourth Amended Complaint ¶ 251. Google's attempt to use the SCA as a shield to protect itself from liability for the privacy violations it has *already committed* is exceptionally ironic in light of these provisions. But in any event, there is no question that the Privacy Policy makes clear that Google will disclose user information "for legal reasons" to "meet any applicable legal process," thus Google need not worry that it will be violating the SCA in complying with the Sampling Order. *See* Motion to Dismiss, ECF No. 56 ("[T]here is no liability [under the SCA] where one of the parties consents.") (citing *In re Facebook, Inc., Consumer Privacy User Profile Litig.*, 402 F. Supp. 3rd 767, 798 (N.D. Cal. 2019).

### B. Google Can Anonymize the Sampling Data, Further Avoiding Any Violation of the SCA

On top of the user consent to disclosure pursuant to court order that Google has obtained via its Privacy Policy, Google may address any residual concerns as the Sampling Order expressly invites it to: by replacing each user's unique GAIA ID with a new, anonymous unique identifier. Sampling Order at 1. Here, where the anonymization provided for in the Sampling Order would preclude identification of specific users or linking any user to the speech data (*e.g.*, by matching

3

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR RELIEF FROM
NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE    CASE NO. 5:19-CV-04286-BLF

that data to their GAIA ID), Google would not violate the SCA by producing the speech data to Plaintiffs in that anonymized form. *See Low v. LinkedIn Corp.*, 900 F. Supp. 2d 1010, 1017, 1021 (N.D. Cal. 2012) (finding plaintiffs alleged harm under the SCA where their anonymized data was disclosed because "third parties [could] theoretically de-anonymize a user's LinkedIn ID number").

In arguing to the contrary, Google mischaracterizes Plaintiffs' arguments. Plaintiffs have not "argued that anonymization is not sufficient to avoid liability under the SCA" entirely. *See* Google's Objection at 4. Rather, Plaintiffs argued, in the context of class certification, that Google's anonymization defense, which relied exclusively on a declaration about its *current practices*, failed because it provided no evidence that Google adequately anonymized the recordings sent to human reviewers *during the Class Period*. *See* ECF No. 303 at 2.

### C. Plaintiffs Will Suffer Prejudice If Google Is Permitted to Withhold the Contents of Queries.

Google is wrong to argue that "[o]n the other side of the ledger, Plaintiffs will gain nothing by reviewing the contents of non-parties' queries." Google's Objection at 5. Without the contents of the queries, Plaintiffs will struggle to rebut Google's arguments that the analysis of such content is required to determine whether the recording was intended for Google or sensitive enough to warrant protection. *See, e.g.,* ECF No. 270 (Google's opposition to Plaintiffs' motion for class certification) at 12 (describing evaluating Class Members' expectations of privacy in their communications as "fact-intensive" and "inherently individualized"), 14 ("The objective prong thus turns on the *specific context* of each alleged intercepted communication."); 15 ("Material variations include…whether the content was sensitive[.]").

Google readily admitted to the Magistrate Judge that it has been unable to find a way to partially redact the queries so as to leave only the "preamble" (the initial portion of the query that contains, or should contain, the hotword). *See* Oct. 20, 2022 Hearing Tr. at 56:12-22, 58:21-24, 61:5-9. Google is thus proposing to redact the *entire* query, such that Plaintiffs would not even be able to search for the hotword to identify false accepts, let alone to examine the full contents of the query itself. This would render the evidence largely useless, something the Magistrate Judge

recognized in ordering Google to produce the contents of the queries over its objection. *See* Oct. 20, 2022 Hearing Tr. at 60:9-11 ("[T]he conundrum here is we're talking about false accepts, and we're talking about whether certain words are in that query or not."); *id.* at 61:2-3 ("I mean, Plaintiffs have to be able to look and see if there's a hotword.").

Google's suggestion that Plaintiffs can simply rely on the analysis that the Sampling Order requires them to provide, identifying the number of queries in the sample meeting certain criteria (Google's Objection at 5), is plainly inadequate. Plaintiffs cannot be required to rely on Google's say-so with no opportunity to verify it for themselves or perform their own analyses.[2] That Plaintiffs once offered this option as a compromise, when the parties were at a very different stage of litigation, certainly does not bind Plaintiffs to accept it months after Google rejected it and lost.

### I.   The Sampling Order Does Not Require Google to Produce Irrelevant Data

The Magistrate Judge already considered — and denied — Google's request to "limit the queries sampled for each day to hotword-initiated Assistant queries." Google's Objection at 5. The Magistrate Judge did that after hearing from the Parties and their experts regarding competing proposals for sampling relevant queries. As Plaintiffs explained during the October 20 hearing, Google's proposed methodology of excluding queries based on the number of audio files was grossly underinclusive (*see* Oct. 20, 2022 Hearing Tr. at 34:4-21) and applying it would result in Google's withholding a great deal of relevant data. Rather than attempt to resolve this factual dispute between the parties, the Magistrate Judge correctly required Google to produce all the data in the first instance for the parties to make their competing arguments about the weight of that evidence to the trier of fact.[3]

---

[2] *See* Oct. 20, 2022 Hearing Tr. at 69:15-18 ("Google will run those calculations and provide those in addition to the raw data to Plaintiffs, and **Plaintiffs have the information. They can check it, and they can do whatever else they want with the data**.") (emphasis added).

[3] Additionally, the case Google cites, *U.S. Equal Emp. Opportunity Comm'n v. Chipotle Mexican Grill, Inc.,* No. 17-CV-05382-BLF, 2019 WL 3811890, at *4 (N.D. Cal. Aug.1, 2019) did not grant relief from the Magistrate's order based on evidence being "not relevant" to the case, as Defendants represent. Br. at 3. Instead, this Court expressly noted that it "does not reach EEOC's relevance argument," except for the extremely limited purpose of balancing of interests relating to the deliberative process privilege. *Id.* at *3.

Respectfully submitted,

Dated: November 23, 2022

/s/ *Vincent Briganti*

Vincent Briganti (*pro hac vice*)
Christian Levis (*pro hac vice*)
Margaret MacLean (*pro hac vice*)
Andrea Farah (*pro hac vice*)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: (914) 997-0500
Facsimile: (914) 997-0035
vbriganti@lowey.com
clevis@lowey.com
mmaclean@lowey.com
afarah@lowey.com

Mark N. Todzo (Bar No. 168389)
Eric S. Somers (Bar No. 139050)
**LEXINGTON LAW GROUP**
503 Divisadero Street
San Francisco, CA 94117
Telephone: (415) 913-7800
Facsimile: (415) 759-4112
mtodzo@lexlawgroup.com.

Joseph P. Guglielmo (*pro hac vice*)
Erin Green Comite (*pro hac vice*)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169-1820
Telephone: (212) 223-6444
Facsimile: (212) 223-6334
jguglielmo@scott-scott.com
ecomite@scott-scott.com

John T. Jasnoch (Bar No. 281605)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
600 W. Broadway, Suite 3300
San Diego, CA 92101
Telephone: (619) 233-4565
Facsimile: (619) 233-0508
jjasnoch@scott-scott.com

*Attorneys for Plaintiffs*

**CERTIFICATION**

I HEREBY CERTIFY that on November 23, 2022, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

Dated: November 23, 2022                                    /s/ Margaret MacLean