UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ASIF KUMANDAN, et al.,<br><br>   Plaintiffs,<br><br> v.<br><br>GOOGLE LLC, et al.,<br><br>   Defendants. | Case No. 19-cv-04286-BLF<br><br>**ORDER GRANTING PLAINTIFF'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED**<br><br>[Re: ECF No. 291] |

  Plaintiffs filed a motion to seal portions of their Opposition to Defendants' Motion for Reconsideration of Order Vacating Trial and Terminating Motion for Summary Judgment. Mot. ECF No. 291. The motion requests to seal portions of the Opposition that contain information Defendants Google LLC and Alphabet Inc. (together "Google") designated confidential under the court-approved protective order in this case. *Id.* at 1. Google filed a statement in support of Plaintiffs' request. Google Statement, ECF No. 302. For the reasons stated below, the Court GRANTS the motion.

**I. LEGAL STANDARD**

  "Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden

1  of overcoming the presumption with "compelling reasons" that outweigh the general history of
2  access and the public policies favoring disclosure.  *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d
3  1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.
4        However, "while protecting the public's interest in access to the courts, we must remain
5  mindful of the parties' right to access those same courts upon terms which will not unduly harm
6  their competitive interest."  *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1228–29 (Fed.
7  Cir. 2013).  Records attached to motions that are "not related, or only tangentially related, to the
8  merits of a case" therefore are not subject to the strong presumption of access.  *Ctr. for Auto*
9  *Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need
10 for access to court records attached only to non-dispositive motions because those documents are
11 often unrelated, or only tangentially related, to the underlying cause of action.").  Parties moving
12 to seal the documents attached to such motions must meet the lower "good cause" standard of
13 Rule 26(c).  *Kamakana*, 447 F.3d at 1179 (internal quotations and citations omitted).  This
14 standard requires a "particularized showing," *id.*, that "specific prejudice or harm will result" if the
15 information is disclosed.  *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206,
16 1210–11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c).  "Broad allegations of harm, unsubstantiated
17 by specific examples of articulated reasoning" will not suffice.  *Beckman Indus., Inc. v. Int'l Ins.*
18 *Co.*, 966 F.2d 470, 476 (9th Cir. 1992).   A protective order sealing the documents during
19 discovery may reflect the court's previous determination that good cause exists to keep the
20 documents sealed, *see Kamakana,* 447 F.3d at 1179–80, but a blanket protective order that allows
21 the parties to designate confidential documents does not provide sufficient judicial scrutiny to
22 determine whether each particular document should remain sealed.  *See* Civ. L.R. 79-5(d)(1)(A)
23 ("Reference to a stipulation or protective order that allows a party to designate certain documents
24 as confidential is not sufficient to establish that a document, or portions thereof, are sealable.").
25       In addition to making particularized showings of good cause, parties moving to seal
26 documents must comply with the procedures established by Civ. L.R. 79-5.  Pursuant to Civ. L.R.
27 79-5(b), a sealing order is appropriate only upon a request that establishes the document is
28 "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under

1  the law." "The request must be narrowly tailored to seek sealing only of sealable material, and
2  must conform with Civil L.R. 79-5(d)." Civ. L.R. 79-5(b). In part, Civ. L.R. 79-5(d) requires the
3  submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable
4  material" which "lists in table format each document or portion thereof that is sought to be
5  sealed," Civ. L.R. 79-5(d)(1)(b), and an "unredacted version of the document" that indicates "by
6  highlighting or other clear method, the portions of the document that have been omitted from the
7  redacted version." Civ. L.R. 79-5(d)(1)(d). "Within 4 days of the filing of the Administrative
8  Motion to File Under Seal, the Designating Party must file a declaration as required by subsection
9  79-5(d)(1)(A) establishing that all of the designated material is sealable." Civ. L.R. 79-5(e)(1).

## II. DISCUSSION

The "good cause" standard governs Plaintiffs' motion to seal. The motion concerns Plaintiffs' Opposition to Google's Motion for Reconsideration of Order Vacating Trial and Terminating Motion for Summary Judgment. *See* Mot. 1. Google's motion for reconsideration is "not related, or only tangentially related, to the merits of a case," and therefore a request to seal documents concerning that motion need only meet the lower "good cause" standard of Rule 26(c). *See Kamakana*, 447 F.3d at 1179.

Google has shown that good cause exists to seal the requested portions of Plaintiffs' Opposition to its Motion for Reconsideration. Google explains with a supporting declaration that the materials it seeks to seal contain highly sensitive proprietary and commercial information about the operation of Google Assistant; that disclosure of the material would result in competitive harm to Google; and that disclosure of the information would harm Google by presenting an incomplete and misleading picture of Google's practices and capabilities. Google Statement 2; *see also* Decl. of Nino Tasca ["Tasca Decl."], ECF No. 302-1. Upon review of the proposed redactions and Google's declaration, the Court is persuaded that Google has provided good cause to seal the materials and that the proposed redactions are narrowly tailored. Accordingly, the Court rules on the instant motion as follows:

//

//

//

| ECF No. | Document | Portions Sought to Be Sealed | Disposition |
|---|---|---|---|
| 291-3 | Plaintiffs' Opposition to Defendants' Motion for Reconsideration | Highlighted portions on pages 1 and 3-4. | GRANTED as the proposed redacted portions contain highly sensitive proprietary and technical information about the operation of Google Assistant. *See* Tasca Decl. ¶ 5. |

### III.   ORDER

For the foregoing reasons, Plaintiffs' motion at ECF 291 is GRANTED.  Plaintiffs shall file a redacted version of their Opposition submitted ECF No. 291-3 by no later than **January 13, 2023**.

Dated:  December 20, 2022

_____
BETH LABSON FREEMAN
United States District Judge