Vincent Briganti (*pro hac vice*)
Christian Levis (*pro hac vice*)
Margaret MacLean (*pro hac vice*)
Andrea Farah (*pro hac vice*)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: (914) 997-0500
Facsimile: (914) 997-0035
vbriganti@lowey.com
clevis@lowey.com
mmaclean@lowey.com
afarah@lowey.com

*Attorney for Plaintiffs*

[Additional counsel on signature page.]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE GOOGLE ASSISTANT PRIVACY LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No.: 19-cv-04286-BLF<br><br>**PLAINTIFFS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE RENEWED MOTION FOR CLASS CERTIFICATION**<br><br>Judge: Hon. Beth L. Freeman |

Pursuant to Civil Local Rule 7-11, Plaintiffs hereby submit this Administrative Motion for Leave to File Renewed Motion for Class Certification ("Renewed Certification Motion"). The Renewed Certification Motion would seek to certify a revised Privacy Class consisting of "all Opted-In Users of Google Home Devices who have a recording resulting from a False Accept associated with their Google account," just as Plaintiffs' original class certification motion did. However, the definition of "Opted-In Users" would be modified from "Users who have enabled Voice & Audio Activity" to "Users who have enabled Voice & Audio Activity and/or Web & App Activity."[1]  As set forth in detail below, the need for this modification arose from the fact that Google first disclosed evidence of Plaintiffs' status as "Opted-In Users" *after* Plaintiffs filed their opening brief in support of their motion for class certification. Accordingly, the proposed modification is consistent with the requirements of Rule 23 that class definitions track the evidence in the case. In denying certification of the Privacy Class, the Court left open the possibility that a privacy class with this revised class could possibly be certified, but did not indicate whether its ruling was with or without prejudice to Plaintiffs' ability to seek certification of the revised Privacy Class.  Accordingly, Plaintiffs hereby seek leave to file the Renewed Certification Motion.

I.     PROCEDURAL BACKGROUND

On July 18, 2022, Plaintiffs moved for Class Certification ("Certification Motion"). ECF No. 222. Plaintiffs defined the Privacy Class to be limited to "Opted-In Users," meaning users who have enabled the "Voice & Audio Activity" ("VAA") setting on their accounts. *See id.* at 1. This definition was based on the deposition testimony of Google witnesses, who confirmed that Google stores the audio and associated metadata of users who have VAA enabled. *See* ECF No. 222-2, Exhibit 47 ("Beaufays II Tr.") at 176:3-176:17 (testifying that Google logs the audio data and the metadata associated with the audio of a user who has "opt[ed] in" [to VAA]); ECF No. 222-2, Exhibit 54 ("Tasca Tr.") at 107:13-107:18 (audio of Hotword and query is saved for users opted in to VAA). By limiting the class to users who had opted into VAA, Plaintiffs intended to ensure that

---

[1] Plaintiffs do not seek any modifications to this Court's previous order certifying the Purchaser Class and denying certification of the SCA Class.

there would be records of each user's Assistant activity sufficient to demonstrate their membership in the class.

On August 17, 2022, Google filed its opposition to Plaintiffs' Certification Motion (ECF No. 268), in which Google submitted new evidence in the form of a declaration authored by Terry Tai ("Tai Decl."). Mr. Tai's declaration included and relied on seven previously unproduced spreadsheets (*see* ECF No. 270-92 (Exhibits 6-12 to the Declaration of S. Bali) ("Tai Exhibits")) that purportedly showed that VAA was never enabled on the accounts of Plaintiff E. Galvan, Melissa Spurr and B.S. (Tai Decl., ¶ 20). Promptly upon receipt of this brand-new evidence, Plaintiffs noticed Mr. Tai's deposition, which took place on October 13, 2022. Mr. Tai explained that Google maintains records of Assistant activity for users opted into the setting "Web & App Activity" ("WAA"), as well as VAA. Deposition Transcript of Terry Tai dated October 13, 2022 ("Tai III Tr.") at 35: 1—37:8. Users opted into WAA will have the text of their queries recorded (*id.* 36:10-15), while users who are also opted into VAA will have the audio files of their queries recorded as well (*id.* 35:12-23). All Plaintiffs here are opted into WAA. *Id.* 23:23-24:8; *see also* Tai Decl. ¶¶ 19-21; Tai Exhibits.

Plaintiffs therefore argued in their Reply—the first chance they had—that in light of this new evidence, they should be permitted to amend their definition of "Opted-In Users" to encompass those opted into WAA as well as VAA. This change would make Plaintiff Spurr a member of the Privacy Class. The Court denied Plaintiffs' request to modify the class definition as untimely on the grounds that "Plaintiffs first raised this proposal in their reply brief [and] Google has not been given an opportunity to meaningfully address the proposed amendment." Certification Order at 10 (citing to *Mazza v. Am. Honda Motor Co., Inc.*, 666 F.3d 581, 588 (9th Cir. 2012)). Accordingly, the Court denied certification of the Privacy Class on the ground that no named Plaintiff was a member of the class. *Id.* at 10-11.

## II.     ARGUMENT

As this Court observed in its Certification Order, the Court "has authority to exercise its

1   discretion to modify the class definition." Certification Order at 9. *See also Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982) ("Even after a certification order is entered, the judge remains free to modify it in the light of subsequent developments in the litigation."); *Williams v. City of Antioch*, No. C 08-02301 SBA, 2010 WL 3632197, at *7 (N.D. Cal. Sept. 2, 2010) ("[D]istrict courts have broad discretion to modify class definitions."). Doing so is consistent with the principles of Rule 23(c)(1), which empowers courts to modify, amend, or alter class definitions prior to final judgment so that the class certified (or proposed) comports with the evidence produced in the case. *See Ms. L. v. U.S Immigr. & Customs Enf't ("ICE")*, 330 F.R.D. 284, 292 (S.D. Cal. 2019) (granting motion to modify class definition when "[s]ubsequent developments have occurred here"). Granting leave to file a Renewed Certification Motion serves this goal of conforming the class definition to the evidence in the case, while addressing the Court's concerns about the lack of sufficient briefing and opportunity for Google to respond. The Court will be able to evaluate the certifiability of the proposed class based on a complete briefing record, in which Google will have a full and fair opportunity to respond to all of Plaintiffs' arguments.

Granting leave to file the Renewed Certification Motion further advances the established policy in this Circuit of resolving claims on the merits rather than on technicalities—a policy that is particularly powerful here where potential class members number in the millions. *Lyon v. U.S. Immigr. & Customs En''t*, 308 F.R.D. 203, 210 (N.D. Cal. 2015) ("[M]odifying the class will allow for more complete relief to the class and will avoid the 'cost, delay, and waste' of duplicative litigation."). Speech log evidence already in the record shows that Plaintiff Spurr, the proposed Privacy Class representative, suffered the same harm as other class members when Google recorded her without uttering a hotword. *See* ECF No. 245-1, Exhibit 34 to the Declaration of S. Bali in Support of Summary Judgment. Neither she nor the proposed Privacy Class should be denied relief based solely on the timing of Google's production of information regarding Plaintiffs' account settings.

Importantly, Google will not be prejudiced by Plaintiffs' filing of a Renewed Certification Motion. No new discovery is required now that Google has produced the needed information

regarding Plaintiffs' opt-in settings. Plaintiffs' Renewed Certification Motion would be limited in scope and strictly pertain to matters of which Google had long had notice. *See, e.g., In re TFT-LCD (Flat Panel) Antitrust Litig.*, 267 F.R.D. 583, 590–91 (N.D. Cal. 2010) (granting motion to modify class definitions where the proposed modifications "are minor, require no additional discovery, and cause no prejudice to defendants."). To avoid any delay in the case schedule, Plaintiffs would be prepared to file their Renewed Certification Motion within 14 days of receiving leave to do so.

### III.     CONCLUSION

For the reasons set forth herein, the Court should grant leave for Plaintiffs to file a Renewed Certification Motion modifying the definition of the Privacy Class.

Dated:  December 30, 2022

*Vincent Briganti*
Vincent Briganti (*pro hac vice*)
Christian Levis (*pro hac vice*)
Margaret MacLean (*pro hac vice*)
Andrea Farah (*pro hac vice*)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: (914) 997-0500
Facsimile: (914) 997-0035
vbriganti@lowey.com
clevis@lowey.com
mmaclean@lowey.com
afarah@lowey.com

Mark N. Todzo (Bar No. 168389)
Eric S. Somers (Bar No. 139050)
**LEXINGTON LAW GROUP**
503 Divisadero Street
San Francisco, CA 94117
Telephone: (415) 913-7800
Facsimile: (415) 759-4112
mtodzo@lexlawgroup.com.

Joseph P. Guglielmo (*pro hac vice*)
Erin Green Comite (*pro hac vice*)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**

The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169-1820
Telephone: (212) 223-6444
Facsimile: (212) 223-6334
jguglielmo@scott-scott.com
ecomite@scott-scott.com

John T. Jasnoch (Bar No. 281605)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
600 W. Broadway, Suite 3300
San Diego, CA 92101
Telephone: (619) 233-4565
Facsimile: (619) 233-0508
jjasnoch@scott-scott.com

*Attorneys for Plaintiffs*