Bobbie J. Wilson, Bar No. 148317
*BWilson@perkinscoie.com*
Sunita Bali, Bar No. 274108
*SBali@perkinscoie.com*
**PERKINS COIE LLP**
505 Howard Street, Suite 1000
San Francisco, California 94105
Telephone: +1.415.344.7000
Facsimile: +1.415.344.7050

Erin K. Earl (*pro hac vice*)
*EEarl@perkinscoie.com*
**PERKINS COIE LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: +1.206.359.8000
Facsimile: +1.206.359.9000

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE GOOGLE ASSISTANT PRIVACY LITIGATION | Case No. 5:19-cv-04286-BLF<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE RENEWED MOTION FOR CLASS CERTIFICATION**<br><br>Judge:   Hon. Beth Labson Freeman |

Plaintiffs' Administrative Motion for Leave to File Renewed Motion for Class Certification ("Motion" or "Mot.") (ECF No. 364) should be denied for three reasons. ***First***, the relief Plaintiffs seek is significant, and not appropriate for resolution on an administrative motion filed on the Friday afternoon before a holiday weekend. Administrative motions under Local Rule 7-11 are intended for "miscellaneous administrative matters" not governed by other rules or orders. ***Second***, Plaintiffs' Motion is effectively a motion for reconsideration, but Plaintiffs cannot point to any new facts, new law, or manifest error supporting reconsideration because they had all necessary information before they filed their initial class certification motion. ***Third***, Plaintiffs' Motion is also a motion for relief from the scheduling order, but Plaintiffs cannot show good cause for derailing the entire case schedule, just to give themselves a second bite at the class certification apple.

Plaintiffs are trying to use the summary administrative motion procedure as an end run around the strict requirements of motions for reconsideration and for relief from the scheduling order, based on their own failure to diligently analyze information they possessed for ***months if not years*** before they filed their class certification motion. The spreadsheets Plaintiffs point to as "new evidence" (Mot. 2:3-15) show the dates when WAA and VAA ("Web & App Activity" and "Voice & Audio Activity," respectively) were enabled on Plaintiffs' accounts ("Settings Documents"). Google supplemented its production to include that information once Plaintiffs filed their class certification motion modifying the class definitions in their Fourth Amended Complaint to rely on the Voice & Audio Activity setting. Equally important, the Settings Documents list ***Plaintiffs' own settings***, which reflect their own choices, and ***have always been readily accessible to Plaintiffs through their own Google accounts***. Indeed, Plaintiffs should have been aware of their own settings prior to filing this lawsuit, and certainly before moving for class certification, particularly if they intended to rely on those settings to determine class membership. Finally, Google witness deposition testimony, provided over the course of fact discovery and months before Plaintiffs filed their class certification motion, shows that Google's logs include transcripts reflecting Google's best estimate of users' Assistant queries where users have WAA enabled, but no audio is logged unless VAA is enabled.

Because Plaintiffs did not take these known facts into account, they sought to certify a Privacy Class that did not include any named Plaintiff. Their lack of diligence is no reason for the

Court to reconsider its order or grant them special briefing for a second class certification motion.

## I. BACKGROUND

Plaintiffs filed this litigation three-and-a-half years ago in July 2019. ECF No. 1. Since then, the deadline for Plaintiffs' class certification motion has been extended *five* times—four times by the parties' stipulation, ECF Nos. 123, 140, 149, 161, and once on Plaintiffs' motion over Google's objection, ECF No. 199. The trial date has been extended twice—from the initial date of April 11, 2022 to March 6, 2023, ECF No. 140, and then again to the currently scheduled date of September 8, 2023, ECF Nos. 267, 328. Google has produced over 3 million pages of documents, responded to numerous written discovery requests, and provided deposition testimony from 11 Google employees across 15 depositions. Bali Decl. ¶ 2.

In discovery, Google has disclosed information about the WAA setting, which controls whether Google logs users' activity on Google's services to their Google accounts, including transcripts of users' Assistant queries. *See, e.g.*, May 3, 2022 Tasca Dep. at 122:19-124:2, 128:7-10, 153:15-22, 166:10-16. VAA, a subsetting of WAA, controls whether Google logs users' audio data, including Assistant recordings, to their Google accounts. *See, e.g.*, May 3, 2022 Tasca Dep. at 84:13-90:14, 96:11-101:20, 122:7-124:2, 149:20-150:17. Users can access their WAA and VAA settings at any time in their Google accounts. Bali Decl. Ex. A, GOOG-ASST-00000065; *see* Aug. 4, 2022 Kumandan Dep. 111:9-13 (testifying that he has previously reviewed his Google Account settings).

Plaintiffs filed their class certification motion on July 18, 2022, seeking certification of a Privacy Class limited to "Opted-In [Users]," which they defined as "Users who have enabled Voice and Audio Activity." ECF No. 222-1 at 1-2. This class definition differed from the definition in the operative complaint, which was not limited based on users' settings. ECF No. 141 ¶ 140.[3] After seeing Plaintiffs' revised class definitions, Google produced the Settings Documents. Bali Decl. ¶ 4. The Settings Documents indicated that no Plaintiff was enrolled in VAA, and thus none were "Opted-In Users" or members of the Privacy Class. ECF No. 268 at 22-23. In their Reply, Plaintiff conceded as much, and asked the Court to modify the definition of the Privacy Class to include those with WAA enabled. They attributed this "error" to their "confounding [the] relationship"

between VAA and WAA. ECF No. 303 at 14. Because no Plaintiff is a member of the Privacy Class, the Court denied certification of that class. Order at 9-11.

## II. PLAINTIFFS' REQUEST TO RELITIGATE CLASS CERTIFICATION SHOULD NOT BE ADDRESSED THROUGH AN ADMINISTRATIVE MOTION

Plaintiffs style their request to relitigate class certification as an "Administrative Motion" under Local Rule 7-11. Mot. 1:1. But administrative motions are limited to "miscellaneous administrative matters, not otherwise governed by a federal statute, Federal Rule, local rule, or standing order of the assigned judge . . . such as motions to exceed otherwise applicable page limitations or motions to file documents under seal." Civil L.R. 7-11.

Plaintiffs' Motion does not fit that description, and it should be denied on that procedural basis alone. "A request that fails to comport with procedures set forth in a district court's local rules may be summarily denied." *Silverman v. City & Cty. of S.F.*, 2012 WL 6019309, at *1 (N.D. Cal. Dec. 3, 2012) (citing *Grove v. Wells Fargo Fin. Cal., Inc.*, 606 F.3d 577, 582 (9th Cir. 2010)). Courts in this district routinely deny substantive motions, like this one, improperly brought under the guise of seeking "administrative" relief. *See, e.g.*, *Harvey v. Morgan Stanley Smith Barney LLC*, 2019 WL 9441672 at *2 (N.D. Cal. Sept. 5, 2019) ("[a]n administrative motion is the incorrect vehicle for [a] motion" involving substantive issues).

## III. PLAINTIFFS CANNOT MEET THE STRICT REQUIREMENTS FOR RECONSIDERATION BECAUSE THERE ARE NO "NEW" FACTS

If the Court considers Plaintiffs' Motion at all, it should be treated as a motion for reconsideration. Plaintiffs are effectively asking this Court to reconsider its decision denying Plaintiffs' request to modify the class definition. Mot. 2:26-3:5. Thus, the Motion is subject to Civil L.R. 7-9's strict standard for motions for leave to file a motion for reconsideration. And there is no doubt that this strict standard applies to requests to relitigate class certification. *See, e.g.*, *Stemmelin v. Matterport, Inc.*, No. C 20-cv-04168, 2022 WL 4843089, at *1 (N.D. Cal. Oct. 3, 2022) (applying reconsideration standard to "serial motions for class certification"); *Williams v. Warner Music Grp. Corp.*, No. 18-CV-09691, 2021 WL 7448496, at *4 (C.D. Cal. Dec. 14, 2021) (applying reconsideration standard to motion for leave to file a renewed motion for class certification).

Reconsideration is an "extraordinary" remedy, *English v. Apple Inc*, No. 14-CV-01619, 2016

WL 1108929, at *2 (N.D. Cal. Mar. 22, 2016) (quoting *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003)), and courts look on motions to reconsider class certification orders with "disfavor," 3 Newberg and Rubenstein on Class Actions § 7:34 (6th ed.) ("Newberg"). Accordingly, such motions "rarely succeed." Newberg § 7:35. Plaintiffs must show that "a material difference in fact or law exists from that which was presented to the Court" and that "in the exercise of reasonable diligence [they] did not know such fact or law at the time of the interlocutory order." Civil L.R. 7-9(b). A plaintiff cannot bring a successive motion for class certification where they possessed the purportedly new evidence before filing the first motion. *See, e.g., Daniel F. v. Blue Shield of California*, No. 09-cv-02037, 2015 WL 3866212, at *5 (N.D. Cal. June 22, 2015) ("[D]eposition testimony that was available at the time of the original [class certification] motion [does not] qualif[y] [as] newly discovered evidence.").

      This rule dooms Plaintiffs' Motion: they had access to all the evidence they claim is new well before they filed. Plaintiffs complain that they did not have the Settings Documents that "showed that VAA was never enabled on the accounts of Plaintiff [*sic*] E. Galvan, Melissa Spurr and B.S. when they filed for class certification," Mot. at 2:5-8, but whether Plaintiffs had VAA enabled can readily be determined by looking at their Google settings in their Google account, *see* Aug. 4, 2022 Kumandan Dep. 111:9-13. The Settings Documents that Google produced merely reflect ***Plaintiffs' own settings***. Plaintiffs' claim that they did not have access to their own settings until Google filed its opposition to Plaintiffs' class certification motion defies logic.

      Nor can Plaintiffs claim that they did not learn that Google logs transcripts of Assistant queries when WAA is enabled but VAA is disabled until they deposed Terry Tai in October 2022. Mot. at 2:9-14. In fact, Nino Tasca, Google's designated 30(b)(6) witness, expressly testified on that exact point on May 3, 2022—over two months before Plaintiffs filed their class certification motion. May 3, 2022 Tasca Dep. 122:19-124:2.

      Plaintiffs had all the information they needed to craft whatever class definition they chose well before they sought certification. And Plaintiffs did not even try to show new law or manifest failure to consider material facts or law. Civil L.R. 7-9(b).

### IV. PLAINTIFFS CANNOT SHOW GOOD CAUSE FOR MODIFYING THE CASE SCHEDULE

There is another independently sufficient reason to deny Plaintiffs' Motion: Plaintiffs cannot show the "good cause" required to modify the scheduling order. Fed. R. Civ. P. 16(b)(4); *see also, e.g.*, *Stockinger v. Toyota Motor Sales, U.S.A., Inc.*, No. 17-CV-00035, 2020 WL 7314794, at *2-3 (C.D. Cal. Nov. 30, 2020). The current case schedule cannot accommodate a second motion for class certification without amendment, and allowing another class certification motion would delay dispositive motions and trial. ECF Nos. 328, 338.

As discussed above, Plaintiffs cannot show that they were diligent. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment. . . . [C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief"). In the context of serial class certification motions, "[a] party does not meet the good cause standard under Rule 16(b) if the relevant information . . . was available to it earlier in the litigation." *Stockinger*, 2020 WL 7314794, at *2, 4 (denying motion where "Plaintiffs' only justification for their proposed motion is that they have now narrowed their class based on evidence they previously had access to.").

For this reason also, Plaintiffs' Motion for Leave to Re-File Class Certification should be denied.

### V. CONCLUSION

For the reasons expressed above, Google respectfully requests that the Court deny Plaintiffs' Motion.

Dated: January 3, 2022                                            **PERKINS COIE LLP**

By: */s/ Sunita Bali*
Bobbie J. Wilson, Bar No. 148317
Sunita Bali, Bar No. 274108
Erin K. Earl (*pro hac vice*)