Vincent Briganti (*pro hac vice*)
Christian Levis (*pro hac vice*)
Margaret MacLean (*pro hac vice*)
Andrea Farah (*pro hac vice*)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: (914) 997-0500
vbriganti@lowey.com
clevis@lowey.com
mmaclean@lowey.com
afarah@lowey.com

*Attorneys for Plaintiffs*
ASIF KUMANDAN, MELISSA SPURR,
and MELISSA SPURR, as guardian of
B.S., a minor

[Additional signature on the last page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE GOOGLE ASSISTANT PRIVACY LITIGATION | Case No. 5:19-cv-04286-BLF<br><br>**PLAINTIFFS' RESPONSE TO ORDER REGARDING MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER**<br><br>Judge: Honorable Beth Labson Freeman<br>Dept.: Courtroom 3 – 5th Floor |

In accordance with the Court's December 16, 2022 Order Regarding Motion for Relief from Nondispositive Pretrial Order (ECF No. 362) directing the parties to provide briefing on "whether the scope of the Sampling Order [ECF No. 331] should be revisited by Judge van Keulen in light of the certification of only the Purchaser Class," Plaintiffs submit the following response:

No changes to the Sampling Order are needed in light of the Court's certification of only the Purchaser Class. This Court can and should proceed directly to ruling on the substance of Defendants' motion for relief from the Sampling Order, which is fully briefed. *See* ECF Nos. 349, 357. The speech log data to be produced under the Sampling Order is directly relevant to the common question the Court certified for the Purchaser Class: "Whether Google breached [its] promises by surreptitiously recording users' audio and then subsequently sharing such audio with third parties." Order on Class Certification (ECF No. 360) at 32. Specifically, the data will demonstrate whether and to what extent Google "surreptitiously record[ed] users' audio," by recording users in the absence of a hotword, and whether and to what extent Google "shar[ed] such audio with third parties," as reflected in the speech log Columns E and Z, indicating the content of users' communications and whether audio was sent for human review, respectively. *See* ECF No. 245-9, Exhibit 3 to Declaration of Sunita Bali in Support of Google's Motion for Summary Judgment. As described in Plaintiffs' prior response to Defendants' motion for relief from the Sampling Order, production of the entire contents of users' queries is necessary to accurately determine whether any given audio was recorded without users' consent. *See* ECF No. 357 at 4-5.

Though the Purchaser Class consists only of those individuals who purchased Google Assistant-enabled devices manufactured by Google itself (as opposed to third parties), Plaintiffs do not believe it is necessary or advisable to modify the Sampling Order to collect only speech log entries from owners of Google-manufactured devices. In crafting the Sampling Order, Magistrate Judge van Keulen heard argument from both parties on whether speech log data should be sampled on a per-day basis or a per-user basis. *See* Oct. 20, 2022 Hearing Tr. at 12-28. The Court selected the per-day approach based heavily on the difficulty and burden Google represented was associated

with searching by user. *See id.* at 12:17-21, 15:18-16:6, 27:11-13. Further, Google has already begun developing the code necessary to comply with the Sampling Order as originally written. *See* ECF No. 352 (Google's Nov. 10, 2022 status report on compliance with the Sampling Order). Not only would requiring Google to filter its data to collect only from owners of Google-manufactured devices increase the burden on Google, it would also unnecessarily delay the production of this data, in addition to risking having to re-do the sampling later on should the scope of the certified classes change for any reason (for example, if the Court were to grant Plaintiffs' motion for leave to file a renewed class certification motion modifying the definition of the Privacy Class (ECF No. 364). Plaintiffs would be able to perform their own filtering on the data to extract information related specifically to Google-manufactured devices to the extent needed. Accordingly, Plaintiffs respectfully submit that Magistrate Judge van Keulen need not revisit the Sampling Order, which should be enforced as written.

Dated: January 5, 2023

*/s/ Vincent Briganti*
Vincent Briganti (*pro hac vice*)
Christian Levis (*pro hac vice*)
Margaret MacLean (*pro hac vice*)
Andrea Farah (*pro hac vice*)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: (914) 997-0500
Facsimile: (914) 997-0035
vbriganti@lowey.com
clevis@lowey.com
mmaclean@lowey.com
afarah@lowey.com

Mark N. Todzo (Bar No. 168389)
Eric S. Somers (Bar No. 139050)
**LEXINGTON LAW GROUP**
503 Divisadero Street
San Francisco, CA 94117
Telephone: (415) 913-7800
Facsimile: (415) 759-4112
mtodzo@lexlawgroup.com.

Joseph P. Guglielmo (*pro hac vice*)
Erin Green Comite (*pro hac vice*)

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169-1820
Telephone: (212) 223-6444
Facsimile: (212) 223-6334
jguglielmo@scott-scott.com
ecomite@scott-scott.com

John T. Jasnoch (Bar No. 281605)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
600 W. Broadway, Suite 3300
San Diego, CA 92101
Telephone: (619) 233-4565
Facsimile: (619) 233-0508
jjasnoch@scott-scott.com

*Attorneys for Plaintiffs*

**CERTIFICATION**

I HEREBY CERTIFY that on January 5, 2023, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

Dated: January 5, 2023                                           */s/ Margaret MacLean*