Bobbie J. Wilson, Bar No. 148317
BWilson@perkinscoie.com
Sunita Bali, Bar No. 274108
SBali@perkinscoie.com
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, California 94105
Telephone: +1.415.344.7000
Facsimile:  +1.415.344.7050

Erin K. Earl (*pro hac vice*)
Eearl@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: +1.206.359.8510
Facsimile:  +1.206.359.9510

Attorneys for Defendants Alphabet Inc. and Google LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE GOOGLE ASSISTANT PRIVACY LITIGATION | Case No. 5:19-cv-04286-BLF<br><br>**DEFENDANTS ALPHABET INC. AND GOOGLE LLC'S RESPONSE TO COURT'S ORDER REGARDING MOTION FOR RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDER (DKT. 362)**<br><br>Judge:    Hon. Beth L. Freeman |

Defendants Alphabet Inc. and Google LLC ("Google") submit this response to the Court's Order requesting the parties to advise "whether the scope of the Sampling Order should be revisited by Judge van Keulen in light of the certification of only the Purchaser Class before this Court considers Google's Motion for Relief." Dkt. 362. In short, yes, the Sampling Order should be revisited by Judge van Keulen in light of this Court's class certification order. Because this Court only certified the Purchaser Class, and denied certification as to the Privacy and SCA Classes, there is no need for Google to produce a sample of roughly 40 million Assistant queries (including the content of those queries), which have nothing to do with the breach of contract and Unfair Competition Law claims asserted by the Purchaser Class.

Plaintiffs' stated reason for seeking production of vast amounts of Google's speech log data simply does not apply to the claims of the Purchaser Class. Plaintiffs were hoping that Google's speech log data would reveal the "rate, frequency, and total number of False Accepts" during the class period, because those issues are "relevant and central to Plaintiffs' claim *for violation of the Federal Wiretap Act . . . as well as their California privacy claims*." Dkt. 218 at 1 (emphasis added; citations omitted). Putting aside the fact that Google's speech logs will not provide the information Plaintiffs hope, the Court has now denied certification of the Privacy Class—the only class that could pursue such claims. *See* Dkt. 360 at 31-32. Thus, there is simply no justification for requiring Google to produce such a vast amount of private user data. Judge van Keulen should be given the opportunity to consider the scope of the Sampling Order in light of this Court's class certification order.

Plaintiffs may argue that there is no need for Judge van Keulen to reevaluate the scope of the Sampling Order because whether a user experienced a false accept or had a false accept disclosed to human reviewers remains relevant to the claims of the Purchaser Class. But the speech log data that Google has been ordered to produce will not identify whether members of the Purchaser Class experienced a false accept or had a false accept disclosed. The Purchaser Class is defined as "[a]ll users who purchased a Google-Made Device," Dkt. 360 at 31, and there is nothing in Google's speech logs that will show whether a particular user purchased a "Google-Made Device" (and thus is a member of that class), much less whether a purchaser experienced a

false accept or had a false accept disclosed.

Plaintiffs may also argue that reevaluation of the scope of the Sampling Order is unnecessary because they continue to maintain their individual privacy claims. But Judge van Keulen should be permitted to evaluate whether the production of millions of nonparties' Google Assistant queries (including the content of those queries) comports with the proportionality requirements of Rule 26(b), given this Court's denial of class certification with respect to those claims. A reevaluation of proportionality is particularly warranted given that Google has already produced Plaintiffs' speech log data, *see* Dkt. 278 at 2-3, as well as significant amounts of data reflecting its best estimates of the rate of false accepts, Dkt. 240 at 8-9. And, as Plaintiffs have already acknowledged, they can always review their own Assistant activity "through their MyActivity page." *See* Dkt. 222-1 at 3-4.

Judge van Keulen should also be permitted to revisit the SCA concerns raised by Google in light of this Court's guidance. For example, she should be given an opportunity to consider whether merely allowing Google to "anonymize the raw data before producing it to Plaintiffs," Dkt. 331 at 1-2, sufficiently addresses Google's SCA concerns, given this Court's finding that the SCA "protects users' privacy rights against mere disclosure of their communications . . . regardless [of] whether those communications reveal the user's identity," Dkt. 360 at 8 (citations and quotation marks omitted). Similarly, Judge van Keulen has not had an opportunity to consider Plaintiffs' newfound argument that Google can disclose the content of millions of nonparties' Assistant queries in response to Plaintiffs' discovery requests or the Sampling Order because users consented to such disclosure in Google's Privacy Policy. Dkt. 357 at 2-3. Not only is Plaintiffs' argument woefully misguided, but Plaintiffs did not make that argument before Judge van Keulen (despite numerous opportunities to do so), and it therefore could not have served as the basis for requiring Google to disclose the content of users' communications. In any event, before this Court considers Plaintiffs' new argument, Google should be given the opportunity to respond and Judge van Keulen should be given the opportunity to rule in the first instance.

In short, this Court's class certification order provides important clarity on the scope of this case and makes clear that the production of roughly 40 million Assistant queries, which have

1  nothing to do with the claims asserted by the Purchaser Class (the only certified class), is

2  unnecessary, not proportionate to the needs of the case, and runs afoul of the SCA. Judge van

3  Keulen should be given the opportunity to reevaluate the Sampling Order with the benefit of that

4  clarity, before this Court considers Google's Motion for Relief from Non-Dispositive Pretrial

5  Order.

6

7  Dated:  January 5, 2023                              **Perkins Coie LLP**

8                                                       By: */s/ Sunita Bali*
                                                            Bobbie J. Wilson, Bar No. 148317
9                                                           Sunita Bali, Bar No. 274108
                                                            Erin K. Earl (*pro hac vice*)
10

11                                                      Attorneys for Defendants Alphabet Inc. and
                                                        Google LLC
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5:19-cv-04286-BLF
RESPONSE TO COURT ORDER