Vincent Briganti (*pro hac vice*)
Christian Levis (*pro hac vice*)
Margaret MacLean (*pro hac vice*)
Andrea Farah (*pro hac vice*)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: (914) 997-0500
Facsimile: (914) 997-0035
vbriganti@lowey.com
clevis@lowey.com
mmaclean@lowey.com
afarah@lowey.com

*Attorney for Plaintiffs*

[Additional counsel on signature page.]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE GOOGLE ASSISTANT PRIVACY LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No.: 19-cv-04286-BLF<br><br>**JOINT REQUEST IN SUPPORT OF PROPOSED REDACTIONS TO CLASS CERTIFICATION ORDER**<br><br>Judge: Hon. Beth Labson Freeman |

## STATEMENT

In accordance with this Court's December 16, 2022 Order Directing Parties To Submit Joint Request For Any Proposed Redactions to Class Certification Order by January 6, 2023 (ECF No. 361), and Civil Local Rules 7-11 and 79-5, the Parties submit the following Joint Request, a Proposed Redacted Version of the Class Certification Order under seal with proposed redactions highlighted, and a Proposed Redacted Version of the Class Certification Order in the public docket with redactions applied:

| Page Number(s) | Line Number(s) | Reason(s) for Sealing |
|---|---|---|
| 6 | 23-24 | Confidential and highly sensitive technical information about the operation of Google Assistant. Substantially identical information sealed by Court's Order[1] (ECF No. 318 3:8-16) (permitting redaction of Ex. AA, Google Opposition to Motion for Class Certification). |
| 6 | 24-25 | Confidential and highly sensitive technical information about the operation of Google Assistant. Substantially identical information subject to Google's Statement in Support of Plaintiffs' Administrative Motion to Consider Whether Defendants' Material Should Be Sealed ("Statement," ECF No. 307) and Declaration of Hailey Crowel in Support ("Crowel Declaration," ECF No. 307-1). |
| 6-7 | 25-1 | Confidential and highly sensitive technical information about the operation of Google Assistant. Substantially identical information sealed by Court's Order at 3:8-16. |
| p. 7 | 22 | Confidential and highly sensitive technical information about the operation of Google Assistant. Substantially identical information sealed by Court's Order at 3:8-16. |
| p. 7 | 28 n. 3 | Plaintiff's personal email address |
| 8 | 5-6 | Confidential and highly sensitive technical information about the operation of Google Assistant. Substantially identical information sealed by Court's Order at 3:8-16. |

---

[1] Order Granting in Part and Denying in Part Google's Administrative Motion to File Under Seal Portions of Its Opposition to Plaintiffs' Motion for Class Certification and Supporting Declarations and Exhibits.

| 8 | 10 | Confidential and highly sensitive technical information about the operation of Google Assistant. Substantially identical information sealed by Court's Order at 3:8-16. |
| 9 | 6-7 | Confidential and highly sensitive technical information about the operation of Google Assistant. Substantially identical information sealed by Court's Order at 3:8-16. |
| 9 | 8 | Confidential and highly sensitive technical information about the operation of Google Assistant. Substantially identical information sealed by Court's Order at 3:8-16. |
| 9 | 9 | Confidential and highly sensitive technical information about the operation of Google Assistant. Substantially identical information sealed by Court's Order at 3:8-16. |

## I.   LEGAL STANDARD

Where a party seeks to seal records attached to a dispositive motion, a "compelling reasons standard applies." *Pintos v. Pac. Creditors Ass'n.*, 605 F.3d 665, 677-78 (9th Cir. 2010) (internal quotation marks omitted). The materials that Plaintiffs seek to seal are filed in connection with Judge Freeman's Order Directing Parties to Submit Joint Request For Any Proposed Redactions to Class Certification Order, which this District has held to the same sealing standard as dispositive motions. *See In re Google Inc. Gmail Litig.,* No. 13-MD-02430-LHK, 2014 WL 10537440, at *3 (N.D. Cal. Aug. 6, 2014). Accordingly, the "compelling reasons" standard applies. Under this standard, the party seeking sealing must show that "compelling reasons supported by specific factual findings . . . outweigh the general history of access and the public policies favoring disclosure." *Pintos*, 605 F.3d at 678 (internal quotation marks omitted). In making its determination, a court must "balance the competing interests of the public and the party seeking to seal judicial records." *In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012).

## II. ARGUMENT

### A. Plaintiff Melissa Spurr's Email Address

Plaintiffs request the redaction of Plaintiff Melissa Spurr's email address in footnote three on page seven of the Order because it contains sensitive, personally identifying information of Plaintiff Spurr: namely, her email address, which can be used to personally contact and identify her.

Courts in this Circuit have routinely sealed similar information due to privacy concerns. *See e.g., Nursing Home Pension Fund v. Oracle Corp.*, No. C01-00988 MJJ, 2007 WL 3232267, at *2 (N.D. Cal. Nov. 1, 2007) ("The Ninth Circuit has found compelling reasons exist to keep personal information confidential to protect an individual's privacy interest and to prevent exposure to harm or identity theft."); *O'Connor v. Uber Techs., Inc.*, No. C-13-3826 EMC, 2015 WL 355496, at *3 (N.D. Cal. Jan. 27, 2015) (finding compelling reasons to redact email address for privacy concerns); *Darisse v. Nest Labs, Inc.*, No. 14-cv-01363-BLF, 2016 WL 11474174, at *2 (N.D. Cal. June 2, 2016) (finding compelling reasons to seal device serial numbers and Plaintiff's email address) (Freeman, J.). Plaintiff Spurr's email address can be used, either individually or in combination with other personal information, to perpetrate fraud and identity theft or for other improper purposes. Further, the revelation of her unique email could allow for further tracking, or data collection. Moreover, the public has a "minimal interest" in having access to such private information about Plaintiff Spurr. *O'Connor*, 2015 WL 355496, at *3 ("the email address is not relevant to any of the issues in this litigation, nor would the public have any real interest in its disclosure"). Finally, the request to redact her email address is narrowly tailored to seal only those materials that Plaintiffs believe are necessary to protect her private interests. *Darisse*, 2016 WL 11474174, at *2 ("references to [Plaintiff's] Nest serial number, IP, street, and email addresses . . . is narrowly tailored.").

**B. Defendants' Confidential and Highly Sensitive Proprietary and Commercial Information About the Operation of Google Assistant.**

Defendants Google LLC and Alphabet Inc. ("Google") request narrow redactions of confidential and highly sensitive technical information about the operation of Google Assistant as described in the table above.

This Court and others in this district regularly find compelling reasons to seal non-public technical information that competitors might use to harm a party's competitive standing. *Darisse v. Nest Labs, Inc.*, 2016 WL 11474174, at *1 (N.D. Cal. June 2, 2016) (sealing material on motion for class certification on finding that disclosure might harm competitive standing); *see also*, *e.g.*, *Space Data Corp. v. Alphabet Inc.*, 2018 WL 10455199, at *2 (N.D. Cal. Feb. 27, 2018) (Freeman, J.) (sealing "technical, business planning and financial information, disclosure of which could cause economic harm to Space Data and provide an unfair advantage to competitors" under compelling reasons standard).

Further, as shown in the table above, the Court has already permitted redaction of highly sensitive technical information substantially identical to all but one of the redactions Google requests in its Order permitting Google's proposed redactions to its Opposition to Plaintiffs' Motion for Class Certification (ECF No. 318). Specifically, the Court found that:

> Google has met the "compelling reasons" standard for sealing technical information about the operation of Google Assistant … because release of the information would threaten Google's competitive interests. *See In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (ordering sealing where documents could be used "'as sources of business information that might harm a litigant's competitive standing'") (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)); *see also In re Koninklijke Philips Pat. Litig.*, No. 18-CV-01885-HSG, 2020 WL 1865294 (N.D. Cal. Apr. 13, 2020) (compelling reasons exist to seal information concerning "technical product operation"); *In re Qualcomm Litig.*, No. 3:17- CV-0108-GPC-MDD, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017).

Order 2:21-3:2 and 3:8-16.

Finally, as shown in the table above, for the narrow redaction of highly sensitive technical information at page 6, lines 24-25 of the Class Certification Order, Google has already sought to

seal substantially identical information in its Statement (ECF No. 307) and Crowel Declaration (ECF No. 307-1).

III. **CONCLUSION**

For the reasons stated herein, compelling reasons exist for the portions of the Class Certification Order referenced above to be redacted.

Dated: January 6, 2023
      /s/ Margaret MacLean
Vincent Briganti (*pro hac vice*)
Christian Levis (*pro hac vice*)
Margaret MacLean (*pro hac vice*)
Andrea Farah (*pro hac vice*)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: (914) 997-0500
Facsimile: (914) 997-0035
vbriganti@lowey.com
clevis@lowey.com
mmaclean@lowey.com
afarah@lowey.com

Mark N. Todzo (Bar No. 168389)
Eric S. Somers (Bar No. 139050)
**LEXINGTON LAW GROUP**
503 Divisadero Street
San Francisco, CA 94117
Telephone: (415) 913-7800
Facsimile: (415) 759-4112
mtodzo@lexlawgroup.com.

Joseph P. Guglielmo (pro hac vice)
Erin Green Comite (pro hac vice)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169-1820
Telephone: (212) 223-6444
Facsimile: (212) 223-6334
jguglielmo@scott-scott.com
ecomite@scott-scott.com

|   |   |   |
|---|---|---|
| 1 |   | John T. Jasnoch (Bar No. 281605) |
| 2 |   | **SCOTT+SCOTT ATTORNEYS AT LAW LLP**<br>600 W. Broadway, Suite 3300 |
| 3 |   | San Diego, CA 92101<br>Telephone: (619) 233-4565 |
| 4 |   | Facsimile: (619) 233-0508<br>jjasnoch@scott-scott.com |
| 5 |   | *Attorneys for Plaintiffs* |

Dated: January 6, 2023      **Perkins Coie LLP**

By: __/s/ Sunita Bali_____
Bobbie J. Wilson, Bar No. 148317
BWilson@perkinscoie.com
Sunita Bali, Bar No. 274108
SBali@perkinscoie.com
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, California 94105
Telephone:    +1.415.344.7000
Facsimile:     +1.415.344.7050

Erin K. Earl (pro hac vice)
Eearl@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone:    +1.206.359.8510
Facsimile:     +1.206.359.9510

*Attorneys for Defendants*

ALPHABET INC. and GOOGLE LLC

*The filer of this document attests that each of the other signatories has concurred to the filing of the document.*

JOINT STATEMENT IN SUPPORT OF PROPOSED REDACTIONS TO CLASS CERTIFICATION ORDER
6