**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| ASIF KUMANDAN, et al.,<br>　　　　Plaintiffs,<br>　　v.<br>GOOGLE LLC, et al.,<br>　　　　Defendants. | Case No. 19-cv-04286-BLF<br><br>**ORDER DENYING PLAINTIFFS' ADMINISTRATIVE REQUEST FOR LEAVE TO FILE RENEWED MOTION FOR CLASS CERTIFICATION**<br><br>[Re: ECF No. 364] |

Before the Court is Plaintiffs' Administrative Motion for Leave to File a Renewed Motion for Class Certification. Mot., ECF No. 364. Plaintiffs seek to submit a renewed motion for class certification in which they would move to certify a new class not considered by the Court in its order granting in part and denying in part their last motion for class certification. Google opposes Plaintiffs' motion. Opp'n, ECF No. 365.

**I.　BACKGROUND**

On July 18, 2022, Plaintiffs moved for class certification. *See* Class Cert. Mot., ECF No. 222. Plaintiffs sought certification of three classes and two subclasses. *Id.* at 1-2. Relevant to the present issue, Plaintiffs sought to certify a "Privacy Class" which they defined to be "All Opted-In Users of Google Home Devices who have a recording resulting from a False Accept associated with their Google account." *Id.* at 1. Plaintiffs defined "Opted-In" to mean "Users who have enabled Voice and Audio Activity [('VAA')]." *Id.* at 1 n.4. Plaintiffs' operative complaint did not include this class. *See* 4AC, ECF No. 141.

On August 17, 2022, Google filed its opposition to Plaintiffs' class certification motion. Class Cert. Opp'n, ECF No. 268. Google argued that the Privacy Class could not be certified because no named Plaintiff was a member. *Id.* at 22. Google supported its argument with a

1   declaration and spreadsheets showing that certain named Plaintiffs never enabled VAA and
2   therefore were not "Opted In" users under Plaintiffs' own definition.  *See* Mot. 2, Opp'n 1.
3       On October 3, 2022, Plaintiffs filed a reply in which they admitted error and asked the
4   Court to modify their class definition.  Class Cert. Reply 13-15, ECF No. 303.  Plaintiffs explained
5   that they had "confound[ed the] relationship between two settings in a user's Google
6   account: Voice & Audio Activity ('VAA') and Web & App Activity ('WAA')."  *Id.* at 14.
7   Plaintiffs did not propose a modified definition for their Privacy Class but stated that the named
8   Plaintiffs were all "users who have WAA enabled."  *Id.*
9       On December 16, 2022, the Court granted in part and denied in part Plaintiffs' motion for
10  class certification.  Class Cert. Order, ECF No. 360.  The Court declined to amend the definition
11  of Plaintiffs' Privacy Class because Plaintiffs first raised this proposal in their reply brief, thereby
12  denying Google the opportunity to address the proposed amendment, and Plaintiffs had not
13  presented the Court with sufficient information to assess whether the amendment would result in
14  classes that comply with the requirements of Federal Rule of Civil Procedure 23.  *Id.* at 9-10.  The
15  Court denied certification of the Privacy Class.  *Id.* at 10-11.

16  **II.     DISCUSSION**

17      Plaintiffs ask the court for permission to file a renewed motion for class certification.
18  Plaintiffs' renewed motion would seek to certify a new "Privacy Class," in which "Opted-In
19  Users" means "Users who have enabled Voice & Audio Activity and/or Web & App Activity."
20  Mot. 1.  Plaintiffs argue that this new definition "arose from the fact that Google first disclosed
21  evidence of Plaintiffs' status as 'Opted-In Users' after Plaintiffs filed their opening brief in
22  support of their motion for class certification."  *Id.*
23      Google counters that Plaintiffs' request is effectively a motion for reconsideration or a
24  motion for relief from the scheduling order and that Plaintiffs cannot show that they satisfy the
25  standard for either request.  Google notes that the purported "new evidence" Plaintiffs identify is
26  comprised of spreadsheets showing "Plaintiffs' own settings, which reflect their own choices, and
27  have always been readily accessible to Plaintiffs through their own Google accounts."  Opp'n 1.
28  Google argues that it supplemented its production to include these spreadsheets after Plaintiffs

1  filed their class certification motion modifying the class definitions in their Fourth Amended
2  Complaint. *Id.* Google further argues that Google witness deposition testimony provided over the
3  course of fact discovery and months before Plaintiffs filed their motion for class certification put
4  Plaintiffs on notice of the difference between the WAA and VAA settings. *Id.* Google contends
5  that Plaintiffs should not be granted the relief they request because it was their own lack of
6  diligence that resulted in their request to certify a Privacy Class that did not include any named
7  Plaintiff. *Id.* at 1-2.

8        In order to obtain the relief requested, Plaintiff would need to file a motion for leave to file
9  a Fifth Amended Complaint and renewed motion for class certification. Even assuming Plaintiff
10 could file both motions by February 1, 2023, it is unlikely the matter could be set for hearing
11 before June 2023 (the Court will not waive hearing on class certification). Although an order
12 could be filed shortly after the hearing, the notice period for the class could not reasonably be
13 concluded before trial on September 8, 2023.

14       Thus, Plaintiffs' motion is also a motion to modify the case schedule, and Plaintiffs have
15 not shown good cause. The Court notes that the initial scheduling order set for January 14, 2021
16 as the last date to file the class certification motion, which was two-and-a-half months later than
17 Plaintiffs requested. *See*, Joint Case Management Statement 12, ECF No. 67. Thereafter, the
18 deadline was extended five times and trial continued twice. Most recently, and over the objection
19 of Google, the Court sua sponte vacated the trial date because Plaintiff could not possibly
20 complete notice to class members before the then-scheduled March 6, 2023 trial.

21       The Court then reset trial to commence on September 8, 2023 and we are again back in the
22 same rut as before. If the newly proposed class is certified, notice and opt out cannot be
23 completed before trial. Plaintiffs have shown no good cause under Federal Rule of Civil
24 Procedure 16 or any diligence in investigating their claims. *See Dean v. Colgate*, 772 F. App'x
25 561, 562 (9th Cir. 2019).

26 //
27 //
28 //

3

**III. ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiffs' motion is denied.

Dated: January 6, 2023

BETH LABSON FREEMAN
United States District Judge