# EXHIBIT 3

**Google Arbitration Agreement - Devices and Related Accessories**

These additional terms apply if you are a user located in the United States.

1. **Generally**. It's in both of our interests to resolve disputes relating to your Google device or related accessories in the quickest and most cost-effective way, so if any dispute relating to your device or related accessories arises (regardless of the type of dispute, but subject to a few exceptions below), you and Google LLC ("Google") agree to resolve it through binding arbitration. Arbitration is less formal than a lawsuit in court and uses a neutral arbitrator instead of a judge or jury, but arbitrators can award the same damages and remedies that a court can award. This agreement to arbitrate is subject to and governed by the Federal Arbitration Act ("FAA") and is intended to be broadly interpreted. It includes, for example:

- any disputes regarding the performance or functionality of your Google device;
- any disputes regarding the design or features of your Google device;
- any disputes regarding updates, modifications, or upgrades to your Google device;
- any disputes based on the device warranty or based on device defects whether or not the device is under warranty;

and this agreement to arbitrate applies:

- whether your dispute is with Google, its subsidiaries, affiliates or parent company, or any suppliers or service providers involved with the device or related accessories, and their officers, directors, employees, agents and successors; and
- regardless of the legal theory on which you base your claim (such as breach of warranty, breach of contract, negligence, etc.).

For disputes or claims relating to your Google device or related accessories, this arbitration agreement supersedes any terms regarding dispute resolution in any other agreement between you and Google and contains the whole agreement between us with respect to disputes or claims relating to your Google device or related accessories.

2. **Exceptions**. However, you and Google: (a) may still bring an individual action in small claims court; (b) may still pursue an enforcement action through a federal, state, or local agency if that action is available; and (c) must file suit in court to address an intellectual property rights infringement claim (as set forth in Section 11 below). Also, nothing in this arbitration agreement bars either of us from bringing issues to the attention of federal, state, or local agencies.

3. **Rules**. The American Arbitration Association ("AAA") will administer the arbitration and will do so according to its Consumer Arbitration Rules (the "AAA Rules"). You can see the AAA Rules and filing forms online at www.adr.org.

4. **Process**. Here are the steps you and Google agree to follow:

• Send a written notice of the dispute to the other party by certified U.S. Mail or by Federal Express (or international equivalent) or, only if the other party hasn't provided a current physical address, then by electronic mail. Google's address for notice is:

>Google LLC
>
>Legal Department – Hardware Arbitration
>
>c/o Corporation Service Company
>
>2710 Gateway Oaks Drive, Suite 150N
>
>Sacramento, CA 95833

• The notice has to include, if available: (a) the name of the person making the claim, (b) the type of device or accessory, (c) the IMEI number or serial number of the device or accessory, (d) the email address used to register the device, (e) a description of the nature and basis of the claim, (f) the result that is desired (e.g., an amount of money), and (g) the Case Number(s) assigned by Google to track previous attempts to resolve the dispute, if there is one.

• We each agree to try to resolve the claim, but if we can't do that within 60 days after the notice is received, you or Google may initiate an arbitration proceeding by following the AAA Rules. Unless the parties agree otherwise, your demand for arbitration must be sent to Google's address for notice and entitled "Demand for Arbitration." Google will send demands for arbitration to you at the e-mail address provided in the notice of the dispute.

• During the arbitration, the amount of any settlement offer made by you or Google may not be disclosed to the arbitrator until after the arbitrator makes a final decision and award (if any).

• If you win in the arbitration and are awarded an amount that exceeds the last written settlement amount offered by Google before the arbitrator was appointed, Google will pay you: (i) the amount awarded by the arbitrator and (ii) your reasonable attorney's fees incurred during the arbitration proceedings.

5. **Fees and hearing location**. If you are the one who commences arbitration, Google will reimburse you for your payment of the filing fee, unless your claim is for more than $10,000, in which case the AAA Rules will determine who pays that fee. Unless the parties agree otherwise, any arbitration hearing will take place (at your option) in Santa Clara County or the county (or parish) of your current address. However, if the claim is for $10,000 or less, you may decide whether you want the arbitration to be conducted instead:

(a) only on the basis of documents or (b) through a telephone hearing. If the arbitrator decides that either the substance of your claim or the remedy you asked for is frivolous or brought for an improper purpose, then we'll use the AAA Rules to determine whether you or Google is responsible for the filing, administrative and arbitrator fees.

6. **No class actions**. By agreeing to arbitration, to the fullest extent legally permissible, we each may bring claims relating to your Google device only in our individual capacities and not in a class action. Also, to the fullest extent legally permissible, the arbitrator can't consolidate claims into a class proceeding either. The arbitrator may award injunctive relief only in favor of you, the individual party seeking relief, and only to the extent necessary to provide relief that is warranted by your individual claim, and not any remedy that affects other Google customers or users. However, if a court decides that applicable law precludes enforcement of any of this section's limitations as to a particular claim for relief, then that claim (and only that claim) must be severed from the arbitration and must be brought in the state or federal courts located in Santa Clara County, California, while the remaining claims (such as individual damages or restitution) will still be resolved through binding arbitration.

7. **Enforceability**. All issues in the dispute are for the arbitrator to decide, except that only state or federal courts as set forth in Section 11 may decide issues relating to the scope and enforceability of this arbitration agreement, whether a dispute can be arbitrated, or the interpretation of this arbitration agreement. Except as provided in Section 6, if any provision of this arbitration agreement is found unenforceable, that provision will be severed and the balance of the arbitration agreement will remain in full force and effect. If for some reason this entire arbitration agreement is found to be unenforceable, then it won't apply, and you and Google agree to resolve disputes in the state or federal courts as set forth in Section 11. Judgment on an arbitration award may be entered by any court having jurisdiction.

8. **Confidentiality**. We each agree to keep the arbitration proceedings, all information exchanged between us, and any settlement offers confidential, unless otherwise required by law or requested by law enforcement or any court or governmental body. A settlement offer may be disclosed to the arbitrator only if and after you have been awarded relief and it is necessary to determine your eligibility for the minimum recovery. We also each agree to maintain the arbitrator's award as confidential, but only to the extent necessary to protect either party's trade secrets or proprietary business information or to comply with a legal requirement mandating confidentiality. However, we may each disclose these matters, in confidence, to our respective accountants, auditors, and insurance providers.

9. **30-day return or opt-out period**. You have the right to return your device or opt out of

this arbitration agreement if you don't agree with the terms of this arbitration agreement, unless you previously agreed to an arbitration provision in connection with your purchase. If you decide to return your device, you must return it within 30 days of activating your device for the first time (unless a longer period is required by applicable law), unused, with the original packaging, to the seller from whom you purchased it, and you will receive a full refund. If you decide to keep your device but opt out of this arbitration agreement, you must do so by notifying Google within 30 days of activating your device for the first time (unless a longer period is required by applicable law) by following the instructions at **g.co/pixel/optout**. An opt-out notice does not revoke or otherwise affect any previous agreement between us.

10. **Future changes to arbitration agreement**. If Google makes any changes to this arbitration agreement (other than a change to Google's address for notice), you may reject any of those changes by notifying Google via webform as set forth in Section 9 within 30 days of the change. It is not necessary to submit a rejection of the future change if you properly opted out of arbitration upon purchase. By rejecting a future change, you are agreeing to arbitrate any dispute between us in accordance with the language of the last arbitration agreement that you accepted.

11. **Governing law and judicial forum for non-arbitrable disputes**. This arbitration agreement is governed by the FAA and (only to the extent not inconsistent with the substantive and procedural provisions of the FAA), the laws of the State of California, without regard to conflicts of laws principles. The arbitrator will not be bound by rulings in other arbitrations involving Google to which you are not a party. Other than claims that must be resolved through binding arbitration (or that may be brought in small claims court), any disputes relating to your device or related accessories (e.g. an intellectual property rights infringement claim under Section 2(c), a question as to the enforceability of this arbitration agreement under Section 7, or if the entire arbitration agreement is found to be unenforceable under Section 7) will be litigated exclusively in the federal or state courts of Santa Clara County, California; the parties consent to personal and exclusive jurisdiction in these courts.