Joseph P. Guglielmo (*pro hac vice*)
Erin Green Comite (*pro hac vice*)
**SCOTT+SCOTT**
**ATTORNEYS AT LAW LLP**
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169-1820
Telephone: (212) 223-6444
Facsimile: (212) 223-6334
jguglielmo@scott-scott.com
ecomite@scott-scott.com

John T. Jasnoch (Bar No. 281605)
**SCOTT+SCOTT**
**ATTORNEYS AT LAW LLP**
600 W. Broadway, Suite 3300
San Diego, CA 92101
Telephone: (619) 233-4565
Facsimile: (619) 233-0508
jjasnoch@scott-scott.com

Vincent Briganti (*pro hac vice*)
Christian Levis (*pro hac vice*)
Margaret MacLean (*pro hac vice*)
Andrea Farah (*pro hac vice*)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: (914) 997-0500
Facsimile: (914) 997-0035
vbriganti@lowey.com
clevis@lowey.com
mmaclean@lowey.com
afarah@lowey.com

*Attorneys for Plaintiffs and the Class*

[Additional counsel appear on signature page.]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| IN RE GOOGLE ASSISTANT PRIVACY LITIGATION | Case No. 5:19-CV-04286-BLF |
| | **PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR AN ORDER APPROVING CLASS NOTICE PLAN; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** |
| | Date:    June 1, 2023<br>Time:    9:00 a.m.<br>Judge:   Honorable Beth Labson Freeman |

# **TABLE OF CONTENTS**

NOTICE OF MOTION ..................................................................................................1

STATEMENT OF ISSUES TO BE DECIDED ...........................................................1

MEMORANDUM OF POINTS AND AUTHORITIES ..............................................1

I.     INTRODUCTION .........................................................................1

II.    ARGUMENT ...............................................................................3

       A.    Direct Notice ...................................................................4

       B.    Supplemental Notice .......................................................5

       C.    The Proposed Form and Content of the Notices Are Easy to Read
             and Understand, and Thus Comport with Rule 23 and Due Process ...........7

III.   THE COURT SHOULD ORDER GOOGLE TO COOPERATE IN
       PROVIDING CLASS NOTICE .....................................................9

IV.    CONCLUSION ............................................................................9

1

# TABLE OF AUTHORITIES

2

**Page(s)**

3

**Cases**

4

*Brewer v. Salyer*,
  No. 1:06cv1324 AWI DLB, 2010 WL 1558413 (E.D. Cal. April 19, 2010) ...........................4

5

6

*Briseno v. ConAgra Foods, Inc.*,
  844 F.3d 1121 (9th Cir. 2017) .......................................................................................3

7

*Browning v. Yahoo! Inc.*,
  No. C04-01463 HRL, 2006 WL 3826714 (N.D. Cal. Dec. 27, 2006) .......................................4

8

9

*Eisen v. Carlisle & Jacquelin*,
  417 U.S. 156 (1974)..............................................................................................3, 5

10

11

*Evans v. Linden Research, Inc.*,
  No. C-11-01078 DMR, 2013 WL 5781284 (N.D. Cal. Oct. 25, 2013) ...................................6

12

*Finkel v. Newbridge Sec. Corp.*,
  No. 13-60384-CIV, 2014 WL 3579695 (S.D. Fla. July 18, 2014) ...........................................9

13

14

*Flanagan v. Allstate Ins. Co.*,
  No. 01 C 1541, 2007 WL 3085903 (N.D. Ill. Oct. 18, 2007) ...................................................8

15

16

*In re Facebook Biometric Info. Priv. Litig.*,
  No. 15-CV-03747-JD, 2020 WL 4818608 (N.D. Cal. Aug. 19, 2020)...........................2, 4, 7

17

18

*In re Linkedin User Privacy Litig.*,
  309 F.R.D. 573 (N.D. Cal. 2015) .......................................................................................4

19

*In re Nissan Motor Corp. Antitrust Litig.*,
  552 F.2d 1088 (5th Cir. 1977) .......................................................................................9

20

21

*In re Wal-Mart Stores, Inc. Wage & Hour Litig*,
  06-02069 SBA, 2008 WL 1990806 (N.D. Cal. May 5, 2008).................................................8

22

*Johns v. Bayer Corp.*,
  Civil No. 09cv1935, 2013 WL 435201 (S.D. Cal. Feb. 1, 2013) ...........................................8

23

24

*Macarz v. Transworld Sys., Inc.*,
  201 F.R.D. 54 (D. Conn. 2001)............................................................................................4

25

26

*Officers for Just. v. Civ. Serv. Comm'n of City & Cnty. of San Francisco*,
  688 F.2d 615 (9th Cir. 1982) ...........................................................................................3, 5

27

*Oppenheimer Fund, Inc. v. Sanders*,
  437 U.S. 340 (1978)...............................................................................................9

28

*Phillips Petroleum Co. v. Shutts*,
    472 U.S. 797 (1985)....................................................................................................7

*Silber v. Mabon*,
    18 F.3d 1449 (9th Cir. 1994) ....................................................................................3

*Tadepalli v. Uber Techs., Inc.*,
    Case No. 15-cv-04348-MEJ, 2016 WL 1622881 (N.D. Cal. Apr. 25, 2016) ...........................6

*Victorino v. FCA US LLC*,
    Case No.: 16cv1617GPC(JLB), 2020 WL 5064295 (S.D. Cal. Aug. 27, 2020) .......................4

**Statutes, Rules & Regulations**

Fed. R. Civ. P. 23 ......................................................................................... *passim*

Fed. R. Civ. P. 23(b)(3)..............................................................................................8

Fed. R. Civ. P. 23(c)(2)(B) ....................................................................................3, 7

**Other Authorities**

Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide, Federal
    Judicial Center (2010), at 3, https://www.fjc.gov/sites/default/files/2012/NotCheck.pdf ......3, 8

*Proposed Amendments to Rules of Civil Procedure for the United States District Courts*,
    39 F.R.D. 69, 107 (1966) ...........................................................................................3

**NOTICE OF MOTION**

TO: ALL PARTIES AND THEIR ATTORNEYS OF RECORD

PLEASE TAKE NOTICE that on June 1, 2023 at 9:00 a.m. or on such other date deemed appropriate by the Court, before the Honorable Beth Labson Freeman, United States District Judge, at the United States District Court, Northern District of California, San Jose Courthouse, Courtroom 3 – 5th Floor, 280 South 1st Street, San Jose, CA 95113, Plaintiffs will move this Court for an order, pursuant to Federal Rule of Civil Procedure 23, approving the Class Notice Plan proposed herein (the "Notice Plan"). This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities in Support Thereof, the Declaration of Erin Green Comite ("Comite Decl."), the Declaration of Eric Schachter in Support of Plaintiffs' Motion for an Order Approving Class Notice Plan ("Schachter Decl."), and the [Proposed] Order filed herewith, all pleadings and papers filed herein, arguments of counsel, and any other matters properly before the Court.

**STATEMENT OF ISSUES TO BE DECIDED**

1.      Whether Plaintiffs' proposed Notice Plan should be approved.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

On December 16, 2023, the Court granted in part and denied in part Plaintiffs' motion for class certification, certifying the following Class:

Purchaser Class: All Users who purchased a Google-Made Device, where

- "Users" are individuals whose Gmail accounts were associated with at least one Google-Assistant Enabled Device during the class period [from May 18, 2016 to the present ("Class Period")]; [1]

- "Google Assistant Enabled Devices" are devices that come with Google Assistant preinstalled; and

- "Google-Made Devices" are Google Assistant Enabled Devices manufactured and sold by Google, including Google's own smart home speakers, Google

---

[1]      The Class Certification Order did not identify a class period. Plaintiffs propose using the class period identified in their Fourth Amended Consolidated Class Action Complaint ("Complaint") of May 18, 2016 to the present. ECF No. 141, ¶1. This class period is reflected in the proposed short and long form notices. *See* Schacter Decl., Exs. B-C.

1

Home, Home Mini, and Home Max; smart displays, Google Nest Hub, and Nest Hub Max; and its Pixel smartphones.

ECF No. 369-2 ("Class Certification Order") at 31-32.  Trial is currently set for September 11, 2023.  ECF No. 366, Hearing Tr. at 51:13-14.  Plaintiffs now respectfully request that the Court approve the following proposed Notice Plan pursuant to Rule 23, which consists of:

> 1.      Direct Notice:  by email sent directly to users of Google Made Device using email addresses to be provided by Defendant Alphabet Inc., and Google LLC ("Google");

> 2.      Supplemental Notice:  by targeted digital banner and newsfeed advertisements on popular digital networks and social media platforms; publication notice through *PR Newswire*; and a dedicated case website with an online opt-out option.[2]

The proposed Notice Plan satisfies Rule 23 and due process as it mirrors the "best practices for online notice" and is tailored to reach as many Class members as possible.  *See In re Facebook Biometric Info. Priv. Litig.*, No. 15-CV-03747-JD, 2020 WL 4818608, at *4 (N.D. Cal. Aug. 19, 2020) (approving "directed jewel notifications, notice via Facebook users' newsfeed channel, direct email notice, and a web page dedicated to the lawsuit"); Schachter Decl., ¶¶7-16, 19.

Following the Court's Class Certification Order, and to ensure that notice complies with due process and Rule 23, Plaintiffs solicited bids from three reputable class action administrators experienced in developing and implementing notice plans in complex class actions. Comite Decl., ¶3.  Plaintiffs ultimately retained A.B. Data, Ltd. ("A.B. Data" or "Notice Administrator"), with whom Plaintiffs worked to develop the proposed Notice Plan.  *Id*.  The proposed Notice Plan is detailed in the Schachter Declaration submitted with this Motion.  *See generally* Schachter Decl. Eric Schachter is a Senior Vice President at A.B. Data, who focuses on notice administration and has over 15 years of experience in designing and implementing legal notice programs.  *Id*., ¶2. The proposed Notice Plan is based on A.B. Data's experience designing notice plans for hundreds

---

[2]      The parties telephonically met and conferred and exchanged several emails regarding Plaintiffs' proposed Notice Plan.  *See* Comite Decl., ¶¶4-7.  As of the filing of this Motion, certain aspects of the proposed Notice Plan remain in dispute, as will be discussed below.

1   of high-volume class action cases and is crafted to provide the best notice practicable under the

2   circumstances of this case.  *Id.*, ¶¶3, 7, Ex. A.

3   **II.    ARGUMENT**

4          Rule 23 and due process require "the best notice that is practicable under the circumstances,

5   including individual notice to all members who can be identified through reasonable effort." Fed. R.

6   Civ. P. 23(c)(2)(B); *Briseno v. ConAgra Foods, Inc.,* 844 F.3d 1121, 1128-29 (9th Cir. 2017).  The

7   purpose of such notice is "to fulfill requirements of due process to which the class action procedure

8   is of course subject."  *Proposed Amendments to Rules of Civil Procedure for the United States*

9   *District Courts*, 39 F.R.D. 69, 107 (1966).  Due process requires that notice is "'reasonably

10  calculated, under all the circumstances, to apprise interested parties of the pendency of the action and

11  afford them an opportunity to present their objections.'" *Eisen v. Carlisle & Jacquelin,* 417 U.S.

12  156, 174 (1974).

13         While notice plans are not expected to reach every class member, *see Silber v. Mabon*, 18

14  F.3d 1449, 1453 (9th Cir. 1994), the Federal Judicial Center has concluded that a notice plan that

15  reaches at least 70% of the class is reasonable.  *See* Judges' Class Action Notice and Claims Process

16  Checklist   and   Plain   Language   Guide,   Federal   Judicial   Center   (2010),   at   3,

17  https://www.fjc.gov/sites/default/files/2012/NotCheck.pdf (last visited February 2, 2023).  That

18  being said, "[i]ndividual notice must be sent to all class members whose names and addresses may

19  be ascertained through reasonable effort." *Eisen*, 417 U.S. at 173.  And, "the class must be notified

20  of a proposed settlement in a manner that does not systematically leave any group without notice."

21  *Officers for Just. v. Civ. Serv. Comm'n of City & Cnty. of San Francisco*, 688 F.2d 615, 624 (9th

22  Cir. 1982).

23         The proposed Notice Plan has two main components:  (1) direct notice by email to users of

24  Google Made Devices; and (2) supplemental notice provided by targeted digital banner and

25  newsfeed advertisements on popular digital networks and social media platforms; publication

26  notice through *PR Newswire*; and a dedicated case website with an online opt-out option.  *See*

27  *generally* Schachter Decl.

28

1      **A.      Direct Notice**

2      Direct email notice is now commonplace and is particularly well-suited to this case, given

3  the online nature of Google's interactions with Class members.  *See In re Facebook Biometric*,

4  2020 WL 4818608, at *4 (approving direct email notice among other notice methods where the

5  "case raises an issue of digital privacy, the alleged violations happened online, and the class is

6  composed entirely of online users"); *Browning v. Yahoo! Inc.*, No. C04-01463 HRL, 2006 WL

7  3826714, at *8 (N.D. Cal. Dec. 27, 2006) (approving email notice because the class members'

8  "allegations arise from their visits to Defendants' Internet websites, demonstrating that [class

9  members] are familiar and comfortable with email and the Internet"); *In re Linkedin User Privacy*

10 *Litig.*, 309 F.R.D. 573, 586 (N.D. Cal. 2015) (approving notice plan that primarily called for direct

11 notice by email to addresses used by class members in connection with their accounts on

12 defendant's website).

13     The Notice Plan proposes that Google provide email addresses for all users of Google

14 Made Devices to the Notice Administrator.  Comite Decl., ¶¶4-7; Schachter Decl., ¶7.  The Notice

15 Administrator will then directly email the short-form notice to users of Google Made Devices to

16 notify them that they may be a Class member with specific information for determining class

17 membership.  Schacter Decl., ¶7, Ex. B.  While there are likely some users within this group that

18 did not purchase Google Made Devices themselves (*e.g.*, those who received them as a gift), given

19 the absence of data distinguishing these individuals from those who purchased devices directly,

20 notifying all Google Made Device users is the best practicable notice under the circumstances, as

21 it is reasonably calculated to reach a sufficient percentage of Class members without

22 systematically leaving out any one group in compliance with due process and Rule 23.  *See*

23 *Victorino v. FCA US LLC*, Case No.: 16cv1617GPC(JLB), 2020 WL 5064295, at *2–3 (S.D. Cal.

24 Aug. 27, 2020)( "[n]otice to a broader group than the class definition is acceptable as long as there

25 is some link or connection between the method of class notice and the class definition."); *see also*

26 *Macarz v. Transworld Sys., Inc.*, 201 F.R.D. 54, 61 (D. Conn. 2001) (notice to an overinclusive

27 list may be permitted if the list also contains all known class members); *Brewer v. Salyer*, No.

28

1:06cv1324 AWI DLB, 2010 WL 1558413, at *1 (E.D. Cal. April 19, 2010) (approving over-inclusive class as the best practicable notice under the circumstances); Schachter Decl., ¶7.

Google opposed this approach, informing Plaintiffs that it would only agree to direct notice by email to those individuals who purchased Google Made Devices directly from Google. Comite Decl., ¶¶6-7.  But this proposal, which focuses on a narrow subset of the Class and systematically omits the likely majority of individuals who purchased Google Made Devices from other sources (*e.g.*, Amazon, Best Buy, Walmart, Costco, AT&T, Verizon),[3] falls well short of what Rule 23 and due process require.  The deficiencies in this approach are only heightened in light of Google's failure to articulate any burden associated with providing email addresses for all Google Made Device users, as compared to its preferred subset.  Comite Decl., ¶8.  Indeed, the data Plaintiffs submitted with their class certification motion shows that Google can readily identify users of Google Made Devices as that information is associated with a user's Google Account.  *See* ECF No. 222-2 at 437, Ex. 31. The accessibility of this data combined with the fact that the burden of actually sending the notice will be borne by A.B. Data heavily weighs in favor of Plaintiffs' approach.  *See Eisen*, 417 U.S. at 173 ("[i]ndividual notice must be sent to all class members whose names and addresses may be ascertained through reasonable effort."); *Officers for Just.*, 688 F.2d at 624 ("the class must be notified of a proposed settlement in a manner that does not systematically leave any group without notice").  Google's proposal to notify only a select subset of the Class should be rejected.

**B.     Supplemental Notice**

In addition to direct notice, the Notice Administrator has designed a supplemental targeted online advertisement campaign to address any gaps that may exist between direct notice recipients and the Class.  Schachter Decl., ¶¶9-13.  Targeted digital banner and newsfeed advertisements will be placed on popular websites, applications, and social media platforms. *Id.*, ¶9.  A sample

---

[3]     Google has yet to provide any information about the percentage of devices purchased directly, so it remains unclear just how underinclusive its proposal is (*e.g.*, did only 10% of the Class purchase Google Made Devices from Google?).  Comite Decl., ¶8.

1   digital banner ad is attached as Exhibit D to the Schacter Declaration.  *Id*.  Because of the vast

2   reach of Google's online advertising network, which according to Google reaches over 90% of

3   Internet users worldwide, A.B. Data recommends using Google's ad platform, specifically Google

4   Display Networks, Google AdWords, and YouTube.[4]  *Id*.  Facebook and Instagram would also be

5   utilized.  *Id*.  The digital and social media ad campaign will run between 30 to 60 days to ensure

6   ample time to deliver the targeted impressions, which A.B. Data expects to be at least 25 million

7   impressions.  *Id*., ¶13.  The supplemental campaign also will include a digitally optimized press

8   release published on *PR Newswire's* US1 and Multi-cultural Newsline distribution lists as well as

9   the Notice Administrator's and *PR Newswire's* Twitter pages.  *Id*., ¶14.

10          In addition, each of the various forms of notice will direct Class members to a case-specific

11   website, which will be created and maintained by the Notice Administrator.  *Id*., ¶16.  The case

12   website will contain (among other things), a summary of the case, the long-form notice,

13   functionality for Class members to submit a request for exclusion online, all relevant documents,

14   important dates, and any pertinent updates concerning the case.  *Id*.  *See, e.g.*, *Tadepalli v. Uber*

15   *Techs., Inc.,* Case No. 15-cv-04348-MEJ, 2016 WL 1622881, at *3 (N.D. Cal. Apr. 25, 2016)

16   (email notice and a case-specific website); *Evans v. Linden Research, Inc.*, No. C-11-01078 DMR,

17   2013 WL 5781284, at *5 (N.D. Cal. Oct. 25, 2013) (email notice, thirty-day publication to

18   Facebook website, and case-specific website).  The Notice Administrator will also set up a toll-

19   free number through which Class members can access additional information, obtain contact

20   information for Class Counsel and the Notice Administrator, and leave a voicemail for a call back.

21   Schachter Decl., ¶15.

22

23   ――――――――――――――

[4]          Plaintiffs asked Google to confirm it will allow the Claims Administrator to effectuate the

24   supplemental notice plan through Google-owned advertising platforms.  Comite Decl., ¶9.

25   Plaintiffs did not receive a response.  *Id*.  Plaintiffs will continue their efforts to work with Google

26   regarding the details of the proposed supplemental notice advertising campaign.  *Id*.  Given the

27   coverage of Google's online advertising platforms, utilizing those platforms would be the best

28   notice practicable under the circumstances.  Schachter Decl., ¶9.

1       Taken together with Plaintiffs' proposal to provide direct email notice to Google Made

2   Devices users, Plaintiffs' supplemental notice plan is more than sufficient to ensure Class

3   members who cannot be contacted through direct email notice are reached.  *See, e.g.*, *See In re*

4   *Facebook Biometric* 2020 WL 4818608, at *4 (approving "directed jewel notifications, notice via

5   Facebook users' newsfeed channel, direct email notice, and a web page dedicated to the lawsuit");

6   Schachter Decl., ¶19.[5]

7       ### C.       The Proposed Form and Content of the Notices Are Easy to Read and Understand, and Thus Comport with Rule 23 and Due Process

8

9       Plaintiffs' proposed Notice Plan includes the text for (1) a proposed long-form notice that

10  will be posted on the dedicated case website, *see* Schacter Decl., Ex. C; (2) a short-form notice

11  that will be disseminated to Class members via e-mail notice, *see id.*, Ex B; and (3) a sample

12  digital banner ad, *see id.*, Ex. D.  The text of these forms of notice also satisfies Rule 23 and due

13  process with respect to their content.  Rule 23(c)(2)(B) requires that class notice include the

14  following:

15          [C]learly and concisely state in plain, easily understood language: (i) the nature of
            the action; (ii) the definition of the class certified; (iii) the class claims, issues, or
16          defenses; (iv) that a class member may enter an appearance through an attorney if
            the member so desires; (v) that the court will exclude from the class any member
17          who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii)
            the binding effect of a class judgment on members under Rule 23(c)(3).

18      Due process requires that class members "be provided with an opportunity to remove

19  [themselves] from the class by executing and returning an 'opt out' or 'request for exclusion' form

20  to the court." *Phillips Petroleum Co. v. Shutts,* 472 U.S. 797, 812 (1985). The short and long form

21  notices in the Notice Plan each satisfy these requirements.  They adequately describe this action,

22  identify the Class and its specific definition, and provide instructions on how to request exclusion

23

24  _____

[5]      If the Court does not approve direct email notice to all Google Made Device users for

25  whom Google has email addresses, and instead limits direct email notice to Google Made Device

26  users who purchased such a device directly from Google, A.B. Data can adjust the proposed

27  supplemental notice plan to increase the frequency and number of impressions of the advertising

28  to obtain greater notice coverage.  Schachter Decl., ¶13.

7

Plaintiffs' Motion for Order Approving Class Notice Plan & Memo. of Pts. and Auth.        Case No. 5:19-cv-04286-BLF

1   in clear, easy-to-read language that is understandable to the average Class member.  Moreover,

2   the proposed short-form and long-form notice are based upon the question-and-answer format

3   suggested by the Federal Judicial Center.  *See, e.g.*, Judges' Class Action Notice and Claims

4   Process Checklist and Plain Language Guide, Federal Judicial Center (2010), at 8-9,

5   https://www.fjc.gov/sites/default/files/2012/NotCheck.pdf (last visited February 2, 2023).

6          The form of Plaintiffs' proposed notices, which provide Class members with a 45 calendar

7   day opt-out period, which is based on and consistent with the Federal Judicial Center's notices,

8   satisfies the requirements of Rule 23 and due process. *See* Fed. R. Civ. P. 23(b)(3) advisory

9   committee note on 2003 amendments ("The Federal Judicial Center has created illustrative clear-

10  notice forms that provide a helpful starting point for actions similar to those described in the

11  forms."); *Johns v. Bayer Corp*., Civil No. 09cv1935 AJB(DHB), 2013 WL 435201, at *2 (S.D.

12  Cal. Feb. 1, 2013) (finding that "the form and information contained within the notice is based on

13  and consistent with the Federal Judicial Center's notices, and satisfy the requirements of Rule 23

14  and due process"); *In re Wal-Mart Stores, Inc. Wage & Hour Litig*., No. 06-02069 SBA, 2008

15  WL 1990806, at *7 (N.D. Cal. May 5, 2008) ("The inclusion of plaintiffs' concise yet informative

16  statement concerning Class Counsel's experience is consistent with Rule 23's notice

17  requirements. Indeed, plaintiffs' proposed language on Class Counsel's experience is identical to

18  the language employed in the Federal Judicial Center's 'Illustrative' Form of Class Action Notice

19  for Employment Discrimination cases."); *Flanagan v. Allstate Ins. Co*., No. 01 C 1541, 2007 WL

20  3085903, at *1 (N.D. Ill. Oct. 18, 2007) ("We begin by adopting, generally, defendant's template,

21  since it is taken directly from the Federal Justice Center's archive of sample Notice forms.").

22         Finally, Plaintiffs' Notice Plan includes deadlines for the notice to be disseminated as soon

23  as practical.  Within 14 calendar days of the entry of the order on this Motion, Google shall

24  produce to the Notice Administrator a list, in electronic form, of email addresses (the "Email

25  List").  Within 14 calendar days of its receipt of the Email List, the Notice Administrator will

26  commence dissemination of the email notice and targeted online advertising campaign, effectuate

27  publication notice, and create the case website (the "Notice Date").  Class members will have 45

28  calendar days from the Notice Date to submit Requests for Exclusion ("Exclusion Deadline") and

1  counsel for Plaintiffs and the Class will file all Exclusion Requests with the Court within 10

2  calendar days of the Exclusion Deadline.

3  **III.   THE COURT SHOULD ORDER GOOGLE TO COOPERATE IN PROVIDING CLASS NOTICE**

4

5  Finally, although Plaintiffs are hopeful that Google will work cooperatively in providing

6  email addresses for the dissemination of direct notice and allowing internet and social media

7  advertising on Google-controlled advertising platforms, it is worth noting that under Rule 23,

8  district courts may "order a defendant, rather than a representative plaintiff, to perform tasks other

9  than identification that are necessary to the sending of notice." *Oppenheimer Fund, Inc. v.*

10  *Sanders*, 437 U.S. 340, 354-56 (1978) (collecting cases); *Finkel v. Newbridge Sec. Corp.*, No. 13-

11  60384-CIV, 2014 WL 3579695, at *6 (S.D. Fla. July 18, 2014) ("once a class has been certified,

12  a court has the authority to direct that documents identifying class members be produced, even

13  without a discovery request"); *In re Nissan Motor Corp. Antitrust Litig.*, 552 F.2d 1088, 1098 (5th

14  Cir. 1977) (collecting cases and holding that "once a 23(b)(3) action has been certified, the name

15  and last known address of each class member known to the parties or capable of being identified

16  from business or public records available to them must be produced"). Here, in order to provide

17  the Class with the best notice practicable under the circumstances – and with little unnecessary

18  expense or burden – it is appropriate for the Court to exercise its discretion and order Google to

19  cooperate with Class notice by providing A.B. Data with the email addresses of all users of Google

20  Made Devices and allowing internet and social media advertising on Google-owned platforms.

**IV.   CONCLUSION**

21

22  For the reasons stated herein, Plaintiffs respectfully request that the Court grant Plaintiffs'

23  Motion and enter the proposed order submitted herewith.

24  Dated:  February 3, 2023                    Respectfully Submitted,

25                                              **SCOTT+SCOTT ATTORNEYS AT LAW LLP**

26                                              /s/ Erin Green Comite
                                               Joseph P. Guglielmo *(pro hac vice)*
27                                              Erin Green Comite *(pro hac vice)*
                                               The Helmsley Building
28                                              230 Park Avenue, 17th Floor
                                               New York, NY 10169-1820

9

1

2

3

Telephone: (212) 223-6444
Facsimile: (212) 223-6334
jguglielmo@scott-scott.com
ecomite@scott-scott.com

4

5

6

7

John T. Jasnoch (Bar No. 281605)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
600 W. Broadway, Suite 3300
San Diego, CA 92101
Telephone: (619) 233-4565
Facsimile: (619) 233-0508
jjasnoch@scott-scott.com

8

9

10

11

12

13

14

15

Vincent Briganti (*pro hac vice*)
Christian Levis (*pro hac vice*)
Margaret MacLean (*pro hac vice*)
Andrea Farah (*pro hac vice*)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: (914) 997-0500
Facsimile: (914) 997-0035
vbriganti@lowey.com
clevis@lowey.com
mmaclean@lowey.com
afarah@lowey.com

16

17

18

19

20

21

Mark N. Todzo (Bar No. 168389)
Eric S. Somers (Bar No. 139050)
**LEXINGTON LAW GROUP**
503 Divisadero Street
San Francisco, CA 94117
Telephone: (415) 913-7800
Facsimile: (415) 759-4112
mtodzo@lexlawgroup.com

22

*Attorneys for Plaintiffs and the Class*

23

24

25

26

27

28

10

1

## <u>CERTIFICATE OF SERVICE</u>

2   I hereby certify that on February 3, 2023, I caused the foregoing to be electronically filed

3 with the Clerk of the Court using the CM/ECF system, which will send notification of such filing

4 to the email addresses denoted on the Electronic Mail Notice List.

5

6         <u>    s/ *Erin Green Comite*            </u>

7         Erin Green Comite

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28