Joseph P. Guglielmo (*pro hac vice*)
Erin Green Comite (*pro hac vice*)
**SCOTT+SCOTT**
**ATTORNEYS AT LAW LLP**
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169-1820
Telephone: (212) 223-6444
Facsimile: (212) 223-6334
jguglielmo@scott-scott.com
ecomite@scott-scott.com

John T. Jasnoch (Bar No. 281605)
**SCOTT+SCOTT**
**ATTORNEYS AT LAW LLP**
600 W. Broadway, Suite 3300
San Diego, CA 92101
Telephone: (619) 233-4565
Facsimile: (619) 233-0508
jjasnoch@scott-scott.com

Vincent Briganti (*pro hac vice*)
Christian Levis (*pro hac vice*)
Margaret MacLean (*pro hac vice*)
Andrea Farah (*pro hac vice*)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: (914) 997-0500
Facsimile: (914) 997-0035
vbriganti@lowey.com
clevis@lowey.com
mmaclean@lowey.com
afarah@lowey.com

*Attorneys for Plaintiffs and the Class*

[Additional counsel appear on signature page.]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| IN RE GOOGLE ASSISTANT PRIVACY LITIGATION | Case No. 5:19-CV-04286-BLF |
| | **DECLARATION OF ERIN GREEN COMITE IN SUPPORT OF PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR AN ORDER APPROVING CLASS NOTICE PLAN** |
| | Date:    June 1, 2023 |
| | Time:    9:00 a.m. |
| | Judge:   Honorable Beth Labson Freeman |

I, ERIN GREEN COMITE, declare as follows:

1.      I am an attorney duly licensed to practice before all the courts of the State of Connecticut.  I am admitted *pro hac vice* before this Court.  I am a partner of the law firm Scott+Scott Attorneys at Law LLP and counsel of record for Plaintiffs and the certified Class (defined below) in the above-entitled action.  I submit this declaration in support of Plaintiffs' Notice of Motion and Motion for an Order Approving Class Notice Plan.  I have personal knowledge of the matters stated herein and, if called upon, I could and would competently testify thereto.

2.      On December 16, 2023, the Court granted in part and denied in part Plaintiffs' motion for class certification, certifying the following Class:

Purchaser Class: All Users who purchased a Google-Made Device, where:

- "Users" are individuals whose Gmail accounts were associated with at least one Google-Assistant Enabled Device during the class period [from May 18, 2016 to the present ("Class Period")];
- "Google Assistant Enabled Devices" are devices that come with Google Assistant preinstalled; and
- "Google-Made Devices" are Google Assistant Enabled Devices manufactured and sold by Google, including Google's own smart home speakers, Google Home, Home Mini, and Home Max; smart displays, Google Nest Hub, and Nest Hub Max; and its Pixel smartphones.

ECF No. 369-2 ("Class Certification Order") at 31-32. [1]  Trial is currently set for September 11, 2023.  ECF No. 366, Hearing Tr. at 51:13-14.

3.      Following the Court's Class Certification Order, and to ensure that notice complies with due process and Rule 23, Plaintiffs solicited bids from three reputable class action administrators experienced in developing and implementing notice plans in complex class actions. Plaintiffs ultimately retained A.B. Data, Ltd. ("A.B. Data" or "Notice Administrator"), and, with its assistance, developed the proposed Notice Plan.  The proposed Notice Plan is detailed in the

---

[1]      A class period was not identified in the Class Certification Order.  Plaintiffs thus propose to utilize the class period of May 18, 2016 to the present, as identified in Plaintiffs' Fourth Amended Consolidated Class Action Complaint ("Complaint").  ECF No. 141, ¶1.

Declaration of Eric Schachter in Support of Plaintiffs' Motion for an Order Approving Class Notice Plan ("Schachter Declaration") submitted concurrently herewith.

4. On January 10, 2023, to comply with the Court's order to meet and confer with Google regarding a proposed class notice plan, Class Certification Order at 32, I emailed Google's counsel requesting their availability for a meet and confer on January 11, 12, or 13. For consideration in advance of the meet and confer, I proposed in the email the following components for the class notice plan:

> (1) Direct Notice: Plaintiffs propose that the claims administrator use email addresses of Class Members provided by Google to email short-form notice to all Class Members. The short form notice in the email can include a link to a dedicated case website.

> (2) Publication and Social Media / Internet Media Campaign: Plaintiffs propose a targeted online advertising campaign to supplement direct notice, utilizing a digitally optimized press release published on PR Newswire and/or similar services and banner ads on platforms such as Google, Facebook, and/or LinkedIn.

> (3) Case Website and Toll-Free Number: Plaintiffs propose that each form of notice direct Class Members to a case-specific website, created and maintained by the claims administrator. The case website would contain, among other things, a summary of the case, long-form notice, functionality for Class Members to submit a request for exclusion online, all relevant documents, important dates, and updates. Plaintiffs also propose that the claims administrator set up a toll-free number through which Class Members can access additional information.

I also advised that "Plaintiffs will require Google to produce the email addresses of all users of Google-Made Devices[.]"

5. On January 12, 2023, I emailed Google's counsel drafts of the long and short form notices for Google's review and edit. As of the filing of this motion, Google has not provided any edits or comments regarding the long and short form notices, which are attached as Exhibits B and C to the Schachter Declaration.

6. On January 17, 2023, the parties telephonically met and conferred regarding Plaintiffs' proposed Notice Plan. One topic discussed was the scope of email addresses that Google would be willing to provide for direct email notice to be effectuated. Although Plaintiffs requested that Google provide email addresses of "all users of Google Made Devices," Google stated that Google can only identify those who purchased Google Made Devices directly from

Google and that it cannot identify those who purchased Google Made Devices from third-party retailers.  I stated I understood Google's position but that I would need to discuss it internally with my team.  After conferring with my team, I advised Google by email on January 24, 2023, that Plaintiffs believe that it would be more appropriate for Google to provide email addresses of all users of Google-Made Devices, as the certified class is not limited to those who purchased Google-Made Devices directly from Google.

7.      Despite continued email discussions, the parties have not resolved this dispute as of the filing of this motion.

8.      It is Plaintiffs' current understanding that Google has email addresses for all users of Google Made Devices.  *See* ECF No. 222-2 at 437, Ex. 31.  Google has articulated no burden in providing email addresses for Google Made Device users.  Despite its proposal to provide email addresses for only those who made a purchase of a Google Made Device directly from Google, Google has not provided any information to support what percentage of Google Made Device users purchased their devices directly from Google as compared to users of Google Made Devices.

9.      During the January 17, 2023 meet and confer, Plaintiffs asked Google to confirm whether it will allow the Notice Administrator to effectuate the supplemental notice plan through Google-owned advertising platforms.  Plaintiffs did not receive a response.  Plaintiffs will continue their efforts to work with Google regarding the details of the proposed supplemental notice advertising campaign.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed this 3rd day of February, 2023.

/s/ Erin Green Comite
Erin Green Comite