1

2

3                 **UNITED STATES DISTRICT COURT**

4               **NORTHERN DISTRICT OF CALIFORNIA**

5                        **SAN JOSE DIVISION**

6

7    ASIF KUMANDAN, et al.,              Case No.  19-cv-04286-BLF

8                    Plaintiffs,

9           v.                          **ORDER GRANTING IN PART AND
                                        DENYING IN PART MOTIONS TO**
10   GOOGLE LLC, et al.,                 **SEAL**

11                   Defendants.         [Re:  ECF Nos. 304, 345 358, 369]

12

13

14

15          Before the Court are several motions to seal materials submitted with the parties' briefing

16   on Plaintiff's motion for class certification.  *See* ECF Nos. 304, 345 358.  The parties also

17   submitted a request to seal portions of the Court's order on Plaintiffs' motion for class

18   certification.  *See* ECF No. 369.  For the reasons stated below, the motion at ECF No. 304 is

19   GRANTED IN PART AND DENIED IN PART without prejudice and the motions at ECF Nos.

20   345, 358, and 369 are GRANTED.

21   **I.    LEGAL STANDARD**

22          "Historically, courts have recognized a 'general right to inspect and copy public records

23   and documents, including judicial records and documents.'"  *Kamakana v. City and Cnty. Of*

24   *Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435

25   U.S. 589, 597 & n.7 (1978)).  Consequently, access to motions and their attachments that are

26   "more than tangentially related to the merits of a case" may be sealed only upon a showing of

27   "compelling reasons" for sealing.  *Ctr. For Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092,

28   1101–102 (9th Cir. 2016).  Filings that are only tangentially related to the merits may be sealed

*United States District Court
Northern District of California*

United States District Court
Northern District of California

1    upon a lesser showing of "good cause."  *Id.* at 1097.

2         In addition, in this district, all parties requesting sealing must comply with Civil Local

3    Rule 79-5.  That rule requires that the moving party to provide "the reasons for keeping a

4    document under seal, including an explanation of: (i) the legitimate private or public interests that

5    warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive

6    alternative to sealing is not sufficient."  Civ. L.R. 79-5©(1)(i).  The rule also requires the moving

7    party to provide "evidentiary support from declarations where necessary."  Civ. L.R. 79-5©(1)(ii).

## II.    DISCUSSION

9         This Court previously determined "that the compelling reasons standard applies to motions

10   to seal documents relating to class certification."  *Adtrader, Inc. v. Google LLC*, No. 17-CV-

11   07082-BLF, 2020 WL 6391210, at *2 (N.D. Cal. Mar. 24, 2020).

### A.    Plaintiffs' Motion to Seal and to Consider Whether Another Party's Material Should be Sealed (ECF No. 304)

13        Plaintiffs submitted a motion to seal materials submitted with their Reply Brief in Support

14   of Motion for Class Certification ("Reply").  *See* ECF No. 304.  The motion requests to seal

15   materials that both Plaintiffs and Google have designated confidential.  Google submitted a

16   statement in support.   ECF No. 307.

#### 1.  Plaintiffs' Requests

18        Plaintiffs request to seal two documents: (1) a document that is Bates stamped

19   SPURR000023 and (2) excerpts of the deposition of plaintiff Lourdes Galvan, dated August 4,

20   2022.  *See* ECF No. 304 ¶¶ 6-7.  Plaintiffs request is not narrowly tailored.  However, Plaintiffs

21   submitted a more narrowly tailored request regarding these documents at ECF Nos. 358-1 and

22   358-6.  As discussed below, in § II.C, the Court is granting that more narrowly tailored request.

23   The Court therefore grants Plaintiffs' request in part.  Specifically, the Court GRANTS to the

24   extent it is limited to the narrowly tailored redactions submitted at ECF Nos. 358-1 and 358-6.

#### 2.  Google's Requests

26        Google declares that the materials it seeks to seal contain "confidential and highly sensitive

27   proprietary and commercial information about (1) the operation of Google Assistant; (2)

1   competitively sensitive business opportunities and risks; and (3) details of Google's understanding

2   of the profits or losses associated with Google Assistant."  Crowel Decl. Supp. Admin. Mot. to

3   Consider Whether Defs.' Material Should be Sealed ¶ 5, ECF No. 307-1.  Google further declares

4   that disclosure of the information would cause Google competitive harm by giving competitors

5   insight into the development and operation of Google Assistant.  *Id.*

6        Courts in this district have found that compelling reasons exist to seal the information

7   Google requests to seal.  *See Finjan, Inc. v. Proofpoint, Inc.*, No. 13-CV-05808-HSG, 2016 WL

8   7911651, at *1 (N.D. Cal. Apr. 6, 2016) (finding "technical operation of [defendant's] products"

9   sealable under "compelling reasons" standard); *Exeltis USA Inc. v. First Databank, Inc.*, No. 17-

10  CV-04810-HSG, 2020 WL 2838812, at *1 (N.D. Cal. June 1, 2020) (noting that courts have found

11  "confidential business information" in the form of "business strategies" sealable under the

12  compelling reasons standard.); *Brown v. Brown*, No. CV 13-03318 SI, 2013 WL 12400041, at *1

13  (N.D. Cal. Dec. 30, 2013) (finding compelling reasons to seal information about "profits, losses,

14  income, investments, and expenses" when disclosure would harm party's competitive standing).

15  The Court agrees that such information is sealable and finds that Google has mostly narrowly

16  tailored its request to such information.  There are some instances in which Google has not

17  narrowly tailored its requests, however.  The Court therefore GRANTS IN PART and DENIES IN

18  PART Google's request to seal.  The Court has set forth its rulings on specific documents in the

19  table below.

20                 *   *   *

*United States District Court*
*Northern District of California*

| ECF No. | Document | Requested Portions to Seal | Ruling |
|---------|----------|----------------------------|--------|
| 304-3 | Plaintiffs' Reply to Google's Motion for Class Certification  [Public redacted version at ECF No. 303] | Highlighted portions on pages 2-6, 12-13 | GRANTED, as confidential and highly sensitive proprietary and commercial information about (1) the operation of Google Assistant; (2) business opportunities and risks; and (3) details of Google's understanding of the profits or losses associated with Google Assistant. |

| | | | No further action necessary, as a public redacted version of this document is filed at 303. |
|---|---|---|---|
| 304-4 | Excerpts of deposition transcript of Terry Tai, dated June 30, 2020 | Entirety | GRANTED.  Sealed under this Court's Order at ECF No. 282, at 7:28-8:3.  Excerpt contains confidential and highly sensitive proprietary and commercial information about the operation of Google Assistant.<br><br>No further action necessary. |
| 304-5 | SPURR00023-28 | Entirety | GRANTED IN PART.  The Court grants the request to the extent it is limited to the redactions proposed in ECF No. 358-1.<br><br>No further action necessary, as this order directs Plaintiffs to file a public redacted version of ECF No. 358-1. |
| 304-6 | GOOG-ASST-03034181 | Entirety | GRANTED. Sealed under this Court's order at ECF No. 282, at 7:28-8:3.  Contains confidential and highly sensitive proprietary and commercial information about the operation of Google Assistant.<br><br>No further action necessary. |
| 304-7 | GOOG-ASST-00221071 | Entirety | GRANTED, as confidential and highly sensitive proprietary information about the operation of Google Assistant.<br><br>No further action necessary. |
| 304-8 | GOOG-ASST-03026521 | Entirety | GRANTED. Sealed under this Court's order at ECF No. 282, at 7:21-24.  Contains confidential and highly sensitive proprietary and commercial information about the operation of Google Assistant.<br><br>No further action necessary. |
| 304-9 | GOOG-ASST-00027643 | Entirety | GRANTED, as confidential and |

United States District Court
Northern District of California

| | | | highly sensitive proprietary information about the operation of Google Assistant.<br><br>No further action necessary. |
|---|---|---|---|
| 304-10 | GOOG-ASST-00238568 | Entirety | GRANTED, as confidential and highly sensitive proprietary information about the operation of Google Assistant.<br><br>No further action necessary. |
| 304-11 | GOOG-ASST-00213485 | Entirety | GRANTED, as confidential and highly sensitive proprietary information about the operation of Google Assistant.<br><br>No further action necessary. |
| 304-12 | Excerpts of deposition of Lourdes Galvan, dated August 4, 2022 | Entirety | GRANTED IN PART. The Court GRANTS the request to the extent it is limited to the redactions proposed in ECF No. 358-6.<br><br>No further action necessary, as this order directs Plaintiffs to file a public redacted version of ECF No. 358-6. |
| 304-13 | Declaration of F. Torres in Support of Plaintiffs' Motion for Class Certification | Highlighted portion on pages 9-10, 15, 20-21, 26, 30-36 | GRANTED.  Sealed under this Court's Order at ECF No. 282, at 11:8-3 Highlighted portions reflect confidential and highly sensitive proprietary and commercial information about (1) the operation of Google Assistant and (2) details of Google's understanding of the profits or losses associated with Google Assistant.<br><br>No further action necessary, as a public redacted version is filed at 303-30. |
| 304-14 | Excerpts of deposition of Fernando Torres, dated September 7, 2022 | Entirety | GRANTED, as confidential and highly sensitive proprietary information about details of Google's understanding of the profits or losses associated with Google Assistant. |

United States District Court
Northern District of California

| | | | |
|---|---|---|---|
| | | | No further action necessary. |
| 304-15 | Excerpts of deposition of Hailey Crowel, dated July 21, 2022 | Entirety | GRANTED, as confidential and highly sensitive proprietary information about details of Google's understanding of the profits or losses associated with Google Assistant.<br><br>No further action necessary. |
| 304-16 | GOOG-ASST-03045589 | Entirety | GRANTED, as confidential and highly sensitive proprietary information about details of Google's understanding of the profits or losses associated with Google Assistant.<br><br>No further action necessary. |
| 304-17 | GOOG-ASST03045632 | Entirety | GRANTED. Sealed under this Court's order at ECF No. 282, 6:4-7. Contains confidential and highly sensitive proprietary and commercial information about the profits or losses of Google Assistant.<br><br>No further action necessary. |
| 304-18 | Reply Report to the Expert Report of Jesse David PhD by Fernando Torres | Entirety | DENIED without prejudice, as the request is not narrowly tailored.<br><br>Google shall file either a further motion to seal this document with more narrowly tailored redactions or a public unredacted version of this document by no later than March 3, 2023. |
| 304-19 | GOOG-ASST-03026959 | Entirety | GRANTED. Sealed under this Court's order at ECF No. 318, at 3:22-26. Contains confidential and highly sensitive proprietary and commercial information about the operation of Google Assistant.<br><br>No further action necessary. |
| 304-20 | GOOG-ASST-03029199 | Entirety | GRANTED. Sealed under this Court's order at ECF No. 318, at |

| | | | |
|---|---|---|---|
| | | | 3:27-4:3.  Contains confidential and highly sensitive proprietary and commercial information about the operation of Google Assistant.<br><br>No further action necessary. |
| 304-21 | GOOG-ASST-03029199 | Entirety | GRANTED.  Sealed under this Court's order at ECF No. 318, at 4:4-9.  Contains confidential and highly sensitive proprietary and commercial information about the operation of Google Assistant.<br><br>No further action necessary. |
| 304-22 | Expert Reply Report of Rebecca Reed-Arthurs Ph.D. | Entirety | DENIED without prejudice. Plaintiffs move to seal based on purported inclusion of material Google designated highly confidential, but Google does not request to seal any portion of this document.<br><br>Google shall file either a further motion to seal this document with narrowly tailored redactions or a public unredacted version of this document by no later than March 3, 2023. |
| 304-23 | Opening Expert Report of Rebecca Reed-Arthurs, Ph.D. | Entirety | GRANTED.  Sealed under this Court's order at ECF No. 282, at 11:14-20.  Document reflects confidential and highly sensitive proprietary and commercial information about (1) the operation of Google Assistant (2) business opportunities and risks; and (3) details of Google's understanding of the profits or losses associated with Google Assistant.<br><br>No further action necessary. |

**B.    Google's Further Administrative Motion to Seal (ECF No. 345)**

On October 17, 2022, the Court denied in part without prejudice Google's request to seal

certain documents submitted with its opposition to Plaintiffs' motion for class certification because some of the requests were not narrowly tailored.  *See* ECF No. 318.  Google submitted a further administrative motion to seal portions of these documents.  *See* ECF No. 345.  The Court now considers this request.

Google seeks to seal portions of deposition transcripts.  Google's request is now narrowly tailored to seal only the portions of these transcripts containing confidential and highly sensitive proprietary and commercial information about (1) the operation of Google Assistant; (2) competitively sensitive business opportunities and risks; and (3) details of Google's understanding of the profits or losses associated with Google Assistant.  *See* Decl. of Hailey Crowel Supp. Defs.' Further Admin. Mot to File Under Seal ¶ 5, ECF No. 345-1.  And Google has explained how disclosure of the information would cause Google competitive harm.  *See id.*  Courts in this district have found that compelling reasons exist to seal such information.  *See Finjan*, 2016 WL 7911651, at *1 (finding "technical operation of [defendant's] products" sealable under "compelling reasons" standard); *Exeltis*, 2020 WL 2838812, at *1 ("Courts have found that confidential business information in the form of . . . business strategies satisfies the compelling reasons standard." (internal quotation marks omitted)); *Brown*, 2013 WL 12400041, at *1 (finding compelling reasons to seal information about "profits, losses, income, investments, and expenses" when disclosure would harm party's competitive standing).

Accordingly, the Court GRANTS Google's motion to seal at ECF No. 345 as set forth in the following table.

| ECF No. | Document | Requested Portions to Seal | Ruling |
|---|---|---|---|
| 345-3 | Excerpts of Transcript of Deposition of Francoise Beaufays, dated April 12, 2022 | Highlighted Portions | GRANTED, as confidential and highly sensitive proprietary and commercial information about the operation of Google Assistant.

Google SHALL file a public redacted version of this document by no later than March 3, 2023. |

United States District Court
Northern District of California

United States District Court
Northern District of California

| 345-4 | Excerpts of Transcript of Deposition of Francoise Beaufays, dated April 22, 2022 | Highlighted Portions | GRANTED, as confidential and highly sensitive proprietary and commercial information about the operation of Google Assistant.<br><br>Google SHALL file a public redacted version of this document by no later than March 3, 2023. |
|---|---|---|---|
| 345-5 | Excerpts of Transcript of Deposition of Yair Cohen, dated July 15, 2022 | Highlighted Portions | GRANTED, as confidential and highly sensitive proprietary and commercial information about (1) the operation of Google Assistant and (2) business opportunities and risks.<br><br>Google SHALL file a public redacted version of this document by no later than March 3, 2023. |
| 345-6 | Excerpts of Transcript of Deposition of Alex Gruenstein, dated May 24, 2022 | Highlighted Portions | GRANTED, as confidential and highly sensitive proprietary and commercial information about the operation of Google Assistant.<br><br>Google SHALL file a public redacted version of this document by no later than March 3, 2023. |
| 345-7 | Excerpts of Transcript of Deposition of Hailey Crowel, dated July 21, 2022 | Highlighted Portions | GRANTED, as confidential and highly sensitive proprietary and commercial information about (1) business opportunities and risks and (2) details of Google's understanding of the profits or losses associated with Google Assistant.<br><br>Google SHALL file a public redacted version of this document by no later than March 3, 2023. |
| 345-8 | Excerpts of Transcript of Deposition of Hailey Crowel, dated August 10, 2022 | Highlighted Portions | GRANTED, as confidential and highly sensitive proprietary and commercial information about (1) business opportunities and risks and (2) details of Google's understanding of the profits or losses associated with Google Assistant. |

| | | | Google SHALL file a public redacted version of this document by no later than March 3, 2023. |
|---|---|---|---|
| 345-9 | Excerpts of Transcript of Deposition of Brian Horling, dated June 13, 2022 | Highlighted Portions | GRANTED, as confidential and highly sensitive proprietary and commercial information about (1) the operation of Google Assistant and (2) business opportunities and risks.<br><br>Google SHALL file a public redacted version of this document by no later than March 3, 2023. |
| 345-10 | Excerpts of Transcript of Deposition of Caroline Kenny, dated April 14, 2022 | Highlighted Portions | GRANTED, as confidential and highly sensitive proprietary and commercial information about the operation of Google Assistant.<br><br>Google SHALL file a public redacted version of this document by no later than March 3, 2023. |
| 345-11 | Excerpts of Transcript of Deposition of Ashwin Sunder, dated May 13, 2022 | Highlighted Portions | GRANTED, as confidential and highly sensitive proprietary and commercial information about (1) the operation of Google Assistant and (2) business opportunities and risks.<br><br>Google SHALL file a public redacted version of this document by no later than March 3, 2023. |
| 345-12 | Excerpts of Transcript of Deposition of Terry Tai, dated June 22, 2022 | Highlighted Portions | GRANTED, as confidential and highly sensitive proprietary and commercial information about the operation of Google Assistant.<br><br>Google SHALL file a public redacted version of this document by no later than March 3, 2023. |

**C.    Plaintiffs' Renewed Request to Seal Documents Submitted with Google's Opposition to Plaintiffs' Motion for Class Certification (ECF No. 358)**

On November 17, 2022, the Court denied without prejudice Plaintiffs' request to seal

certain documents Google submitted with its opposition to Plaintiffs' motion for class certification

United States District Court
Northern District of California

1  because the request was not narrowly tailored.  *See* ECF No. 356.  Plaintiffs subsequently

2  submitted a renewed request that is more narrowly tailored.  *See* ECF No. 358.  The Court now

3  considers this renewed request.

4        Plaintiffs request to seal portions of documents produced in the litigation and interrogatory

5  responses. The portions of the documents Plaintiffs seek to seal include email addresses, home

6  addresses, device identification numbers, and other similar information.  Courts in this district

7  have found that compelling reasons exist to seal such material.  *See Nursing Home Pension Fund*

8  *v. Oracle Corp.*, No. C01-00988 MJJ, 2007 WL 3232267, at *2 (N.D. Cal. Nov. 1, 2007) (home

9  address and financial account information); *O'Connor v. Uber Techs., Inc.*, No. C-13-3826 EMC,

10  2015 WL 355496, at *3 (N.D. Cal. Jan. 27, 2015) (email address); *Darisse v. Nest Labs, Inc.*, No.

11  14-CV-01363-BLF, 2016 WL 11474174 (N.D. Cal. June 2, 2016) (device serial number).  The

12  Court agrees that such material is sealable under the compelling reasons standard and finds that

13  Plaintiffs have now narrowly tailored their request.  Accordingly, the Court GRANTS Plaintiffs'

14  request to seal at ECF No. 358, as set forth in the following table.

15        The Court notes that its order at ECF No. 356 had also denied without prejudice Plaintiffs'

16  request to seal portions of Defendants' Opposition to Plaintiffs' Motion for Class Certification

17  ("Opposition").  *See* ECF No. 356, at 3:10-13.  Plaintiffs did not seek to seal any portions of the

18  Opposition in their renewed request.  The Court interprets this omission to mean that Plaintiffs no

19  longer seek to seal portions of the Opposition.  The Court previously granted Google's request to

20  seal portions of this document but instructed Google not to file a public redacted version until after

21  Plaintiffs had the opportunity to propose their own redactions.  *See* ECF No. 318, at 14:3-7.  The

22  Court therefore DIRECTS Google to file a public redacted version of the Opposition with the

23  redactions permitted in the Court's order at ECF No. 318.[1]

24

25

26

| ECF No. | Document | Requested Portions to Seal | Ruling |
|---|---|---|---|
| 358-1 | SPURR000023 | Highlighted | GRANTED, as sensitive |

27

28  _____
[1] Google's proposed redactions were submitted at ECF No. 271-2.

| | | | |
|---|---|---|---|
| | | Portions | personally identifying information.<br><br>Plaintiffs SHALL file a public redacted version of this document by no later than March 3, 2023. |
| 358-2 | STEVE-SPURR000347<br><br>(Exhibit 64 to the Declaration of Sunita Bali in support of Defendants' Opposition to Plaintiffs' Motion for Class Certification) | Highlighted Portions | GRANTED, as sensitive personally identifying information.<br><br>Plaintiffs SHALL file a public redacted version of this document by no later than March 3, 2023. |
| 358-3 | STEVE-SPURR000733 | Highlighted Portions | GRANTED, as sensitive personally identifying information.<br><br>Plaintiffs SHALL file a public redacted version of this document by no later than March 3, 2023. |
| 358-4 | Excerpts of Transcript of Deposition of Frank Aguiar, dated September 5, 2022 | Highlighted Portions | GRANTED, as sensitive personally identifying information.<br><br>Plaintiffs SHALL file a public redacted version of this document by no later than March 3, 2023. |
| 358-5 | Excerpts of Transcript of Deposition of Eleeanna Galvan, dated August 5, 2022 | Highlighted Portions | GRANTED, as sensitive personally identifying information.<br><br>Plaintiffs SHALL file a public redacted version of this document by no later than March 3, 2023. |
| 358-6 | Excerpts of Transcript of Deposition of Lourdes Galvan, dated August 4, 2022 | Highlighted Portions | GRANTED, as sensitive personally identifying information.<br><br>Plaintiffs SHALL file a public redacted version of this document by no later than March 3, 2023. |
| 358-7 | Excerpts of Transcript of Deposition of Melissa Spurr, dated August 15, 2022 | Highlighted Portions | GRANTED, as sensitive personally identifying information.<br><br>Plaintiffs SHALL file a public redacted version of this document |

| | | | by no later than March 3, 2023. |
|---|---|---|---|
| 358-8 | Excerpts of Transcript of Deposition of Steven Spurr, dated September 6, 2022 | Highlighted Portions | GRANTED, as sensitive personally identifying information. <br><br>Plaintiffs SHALL file a public redacted version of this document by no later than March 3, 2023. |

### D.     Joint Motion to Seal Portions of Order on Class Certification (ECF No. 369)

The parties submitted a Joint Request in Support of Proposed Redactions to Class Certification Order.  ECF No. 369.  Each party requests to seal certain portions of the Court's order on Plaintiffs' Motion for Class Certification.  The Court addresses each party's request in turn.

Plaintiffs request to seal Plaintiff Melissa Spurr's personal email address.  The Court finds compelling reasons exist to seal this email address, as it is not relevant to the litigation and the public has no real interest in its disclosure.  *See, e.g.*, *O'Connor*, 2015 WL 355496, at *3 (N.D. Cal. Jan. 27, 2015).

Google requests to seal certain excerpts of Class Certification Order that contain technical information about the operation of Google Assistant.  The Court finds that Google has met the compelling reasons standard for sealing this technical information because release of the information would threaten Google's competitive interests.  *See In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (ordering sealing where documents could be used "'as sources of business information that might harm a litigant's competitive standing'") (quoting *Nixon*, 435 U.S. at 598); *see also In re Koninklijke Philips Pat. Litig.*, No. 18-CV-01885-HSG, 2020 WL 1865294 (N.D. Cal. Apr. 13, 2020) (compelling reasons exist to seal information concerning "technical product operation").

The Court hereby GRANTS the parties' joint motion, as the parties have demonstrated compelling reasons to seal the portions of the order they respectively request to seal.  A public redacted version of the order has already been filed at ECF No. 369-2.  No further action is necessary.

//

1   //

2   **III.     ORDER**

3   For the reasons stated above, IT IS HEREBY ORDERED THAT:

4       1.   Plaintiffs' Motion to Seal and to Consider Whether Another Party's Material Should be

5          Sealed at ECF No. 304 is GRANTED IN PART and DENIED IN PART.  Google shall file

6          either a further motion to seal or public unredacted versions of ECF Nos. 304-18 & 304-22

7          consistent with the Court's direction in the table in § II.A of this order by no later than

8          **March 3, 2023**.

9       2.   Google's Administrative Motion to Seal at ECF No. 345 is GRANTED.  Google shall file

10         public redacted versions of the exhibits consistent with the Court's direction in the table

11         § II.B of this order by no later than **March 3, 2023**.

12      3.   Plaintiffs' renewed request to seal at ECF No. 358 is GRANTED.  Plaintiffs shall file

13         public redacted version of the exhibits consistent with the Court's direction in the table in

14         § II.C of this order by no later than **March 3, 2023**.

15      4.   The parties' Joint Motion to Seal Portions of Order on Class Certification at ECF No. 369

16         is GRANTED.

17      5.   Google SHALL file a public redacted version of the Opposition, which Google submitted

18         with proposed redactions at ECF No. 271-2, with the redactions permitted in the Court's

19         order at ECF No. 318.

20

21  Dated: February 22, 2023

22  _____

23  BETH LABSON FREEMAN
    United States District Judge