1  Bobbie J. Wilson, Bar No. 148317
   BWilson@perkinscoie.com
2  Sunita Bali, Bar No. 274108
   SBali@perkinscoie.com
3  PERKINS COIE LLP
4  505 Howard Street, Suite 1000
   San Francisco, California 94105
5  Telephone: +1.415.344.7000
   Facsimile:  +1.415.344.7050
6

7
   Attorneys for Defendants
8  Google LLC and Alphabet Inc.

9
                       UNITED STATES DISTRICT COURT
10
                      NORTHERN DISTRICT OF CALIFORNIA
11
                             SAN JOSE DIVISION
12

13

14  IN RE GOOGLE ASSISTANT PRIVACY          Case No. 5:19-cv-04286-BLF
    LITIGATION
15                                          **DEFENDANTS' FURTHER
                                            ADMINISTRATIVE MOTION TO FILE
16                                          UNDER SEAL**

17

18

19         Pursuant to Civil Local Rules 7-11 and 79-5 and to the Court's Order Granting in Part and

20  Denying in Part Motions to Seal (Dkt. 383, "Order"), Defendants Google LLC and Alphabet Inc.

21  (collectively "Google") submit this Further Administrative Motion to File Under Seal ("Further

22  Administrative Motion").

23         Google seeks an order permitting it to file under seal narrowly tailored redactions to

24  certain discrete, sealable portions of Exhibit 304-18 to the Administrative Motion to Consider

25  Whether Defendants' Motion Should Be Sealed (ECF 304, "First Administrative Motion") that

26  were not sealed under the Court's Order. Exhibit 304-18 to ECF 304 is attached to this First

27  Administrative Motion as Exhibit A and is the Reply Report to the Expert Report of Jesse David

28  PhD by Fernando Torres in support of Plaintiffs' Reply in Support of Motion for Class

Certification. The redactions Google seeks will be referred to as "Redactions to Torres Declaration." A public version of the Reply Report to the Expert Report of Jesse David PhD by Fernando Torres, with the proposed Redactions to Torres Declaration applied, is filed herewith as Exhibit B.

This Further Administrative Motion is supported by the Declaration of Hailey Crowel ("Crowel Decl.") filed concurrently.

Specifically, Google requests to seal these Redactions to Torres Declaration:

| Exh. No. | Document | Text to Be Sealed | Basis for Sealing Document or Portion of Document |
|---|---|---|---|
| Exhibit A to the Further Administrative Motion | Reply Report to the Expert Report of Jesse David PhD by Fernando Torres, ECF No. 304-18 | Highlighted portions of pages 13-14 | Confidential and highly sensitive proprietary and commercial information about details of Google's understanding of the profits or losses associated with Google Assistant. *See* ¶ 5 below. |

### LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (*quoting Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id*. (*quoting Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

However, "while protecting the public's interest in access to the courts, [courts] must remain mindful of the parties' right to access those same courts upon terms which will not unduly

harm their competitive interest." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1228–29 (Fed. Cir. 2013).

## ARGUMENT

Compelling reasons exist for sealing the Redactions to Torres Declaration because the redacted information relates to Google's understanding of the profits or losses associated with Google Assistant, which is "sensitive, confidential financial information, the disclosure of which would cause competitive and business harm to [Google] because a competitor might use it to, for example, gain insight into [Google's] margins, commercial strategies, and internal operating procedures." *City of Birmingham Relief & Ret. Sys. v. Hastings*, 2019 WL 3815720, at *1 (N.D. Cal. Mar. 4, 2019), *redacted opinion issued*, 2019 WL 3815722 (N.D. Cal. Feb. 13, 2019) (Freeman, J.) (applying compelling reasons standard).

For the reasons identified above, there are compelling reasons for the Redactions to Torres Declaration to be sealed. Google respectfully requests that the Court grant this Further Administrative Motion.

Dated: March 3, 2023                          **PERKINS COIE LLP**

By: /s/ *Sunita Bali*
      Bobbie J. Wilson, Bar No. 148317
      Sunita Bali, Bar No. 274108

Attorneys for Defendants Google LLC and Alphabet Inc.