EXHIBIT 6

ATTORNEYS EYES ONLY

Page 1

1          IN THE UNITED STATES DISTRICT COURT

2            NORTHERN DISTRICT OF CALIFORNIA

3                  SAN JOSE DIVISION

4

5                                    )

                                     )

6   IN RE GOOGLE ASSISTANT PRIVACY ) Master Docket No.

                                     ) 19-cv-04286-BLF

7   LITIGATION                       )

                                     )

8

9

10

11

12            *** ATTORNEYS' EYES ONLY ***

13        VIRTUAL VIDEOCONFERENCE VIDEO-RECORDED

14             DEPOSITION OF HAILEY CROWEL

15

16

                  Thursday, July 21, 2022

17

     Remotely Testifying from San Francisco, California

18

19

20

21

22

23

24   REPORTED BY:  RENEE HARRIS, CSR 14168, CCR, RPR

25

ATTORNEYS EYES ONLY

Page 2

1                IN THE UNITED STATES DISTRICT COURT

2                  NORTHERN DISTRICT OF CALIFORNIA

3                      SAN JOSE DIVISION

4

5

                                          )

6                                         )

   IN RE GOOGLE ASSISTANT PRIVACY ) Master Docket No.

7                                         ) 19-cv-04286-BLF

   LITIGATION                          )

8                                         )

9

10

11

12

13                   *** ATTORNEYS' EYES ONLY ***

14

15

16

17

18

19      Remote Video Deposition of HAILEY CROWEL,

20   commencing at 10:07 a.m., taken on behalf of

21   Plaintiffs, PDT, Thursday, July 21, 2022, before

22   Renee Harris, CSR No. 14168, New Jersey CRR

23   No. 30XI00241200, Registered Professional

24   Reporter.

25

ATTORNEYS EYES ONLY

Page 26

```
 1        A.  Yes, I do.
 2        Q.  And have you seen these interrogatory
 3   responses before?
 4        A.  Yes.
 5        Q.  Okay.  If you would go to page -- page 5
 6   of the document.  Let me know when you're there.
 7        A.  Yes, I'm there.
 8        Q.  There is a response No. 5, response to
 9   Interrogatory No. 5, and then a supplemental
10   response to Interrogatory No. 5.
11            Do you see that?
12        A.  Yes, I do.
13        Q.  Why did Google make supplemental
14   responses?
15            MS. EARL:  Objection.  Calls for
16        privileged information.
17            If you can testify as to your
18        understanding without disclosing any
19        information that may have been conveyed to
20        you by counsel, you may answer the question.
21            THE WITNESS:  My understanding is it was
22        clarification.
23     BY MR. JASNOCH:
24        Q.  Okay.  Going to the bottom of the
25   original response, it states, "Based on the
```

ATTORNEYS EYES ONLY

Page 27

```
 1    foregoing objections, Google will not respond to

 2    this interrogatory."

 3            Do you see that?  Page 5 --

 4       A.  Yes.

 5       Q.  -- page 5?

 6       A.  Yes, I see that.  Thank you.

 7       Q.  So there's a non-response originally, and

 8    then a supplemental response; is that fair to say?

 9       A.  Yes, that's my understanding from looking

10    at this document.

11       Q.  Going on to page 6.

12       A.  Okay.

13       Q.  It states -- it states on lines 8 to 9,

14    ████████████████████████████████████████████████

      ██

      ██

17            Do you see that?

18       A.  I do see that.

19       Q.  And is that an accurate sentence?

20       A.  Yes.

21    ████████████████████████████████████████████████

      ██

      ██

      ██

25       Q.  And same page, you see that there is an
```

ATTORNEYS EYES ONLY

Page 28

```
 1   Interrogatory No. 10 related to third-party

 2   vendors, a response, and then a supplemental

 3   response on the next page.

 4         Do you see that?

 5      A.  Yes, I do.

 6      Q.  And do you have personal knowledge of the

 7   third-party vendors and subcontractors?

 8      A.  Knowledge of them in what way?

 9      Q.  Knowledge of them sufficient to identify

10   them in these interrogatory responses?

11      A.  I'm familiar with all of the names

12   associated here
```

```
19      Q.  Going to -- did you author this response?

20      A.  No.

21      Q.  Excuse me.  Let me just -- let me just be

22   more precise.

23         Did you author the supplemental response

24   to Interrogatory No. 5?

25      A.  I provided input.
```

ATTORNEYS EYES ONLY

Page 29

```
 1        Q.   You provided input.
 2             But did you -- did you author the
 3   response?
 4             MS. EARL:  Objection to the extent it
 5        calls for attorney-client privileged
 6        information or attorney-client work product.
 7        You may answer the question of specifically
 8        whether you authored the response.
 9             THE WITNESS:  I did not directly author
10        the response.
11    BY MR. JASNOCH:
12        Q.   And what input did you provide to the
13   response?
14             MS. EARL:  Objection.  Calls for
15        attorney-client privileged information.  I
16        instruct the witness not to answer.
17             THE WITNESS:  I won't answer.
18    BY MR. JASNOCH:
19        Q.   What investigation -- scratch that.
20             Going to page 8, I guess it's page --
21   page 8 of the document, the verification.
22             Do you see that?
23        A.   Yes.
24        Q.   And is that your DocuSign there?
25        A.   Yes.
```

ATTORNEYS EYES ONLY

Page 37

1



ATTORNEYS EYES ONLY

Page 38



ATTORNEYS EYES ONLY

Page 39



ATTORNEYS EYES ONLY

**Page 40**



ATTORNEYS EYES ONLY

Page 68

1



ATTORNEYS EYES ONLY

Page 69



ATTORNEYS EYES ONLY

Page 70

8             MS. EARL:  Objection.  Lacks foundation.

9             THE WITNESS:  Insomuch as we work within

10        revenue finance to produce that figure, I

11        assume, but I do not know that there is some

12        way for them to query the data warehouse to

13        pull that.

14   BY MR. JASNOCH:

15        Q.  Going to the document ending in 39, or

16    the page ending in 39.

17        A.  One moment.  Okay.  Looks like it's

18    comments related to "Slide 7."

19        Q.  Correct.  Going to the fourth comment,

20    the discussion of ███████████

21        A.  Sure.

22        Q.  What does this comment mean?

23        A.  I mean, it was really --

24             MS. EARL:  Objection -- sorry.

25        Objection.  Lacks foundation.  Calls for

ATTORNEYS EYES ONLY

Page 98

1



ATTORNEYS EYES ONLY

6        MR. JASNOCH:  Okay.  I think we might be

7    done for the day.  If we can just take a

8    short five-minute break and come back on, I

9    think we can wrap up.

10       THE VIDEOGRAPHER:  Going off the record

11    at 1:29 p.m.

12       (Short break taken.)

13       THE VIDEOGRAPHER:  Going back on the

14    record at 1:38 p.m.

15       MR. JASNOCH:  Ms. Crowel, I have no

16    further questions but would reserve the

17    remainder of my time subject to any follow-up

18    questions if your counsel has anything to

19    ask.

20       MS. EARL:  Just -- just a few.

21                 EXAMINATION

22    BY MS. EARL:

ATTORNEYS EYES ONLY

**Page 100**

1    version.

2



ATTORNEYS EYES ONLY

**Page 101**



ATTORNEYS EYES ONLY

**Page 102**



13          MR. JASNOCH:   Object to form.   Leading.

14

ATTORNEYS EYES ONLY

**Page 103**

1    actuals.

20              MR. JASNOCH:   Objection to form.

23    BY MS. EARL:

24        Q.   Okay.   Can we take a look at Exhibit 6,

25    please.

ATTORNEYS EYES ONLY

**Page 104**



ATTORNEYS EYES ONLY

**Page 105**



24       Q.   Okay.   Can we turn to Exhibit 3, and then

25   can we turn to the page ending 09?

ATTORNEYS EYES ONLY

Page 106

1        A.   And this is the mid-year update; correct?

2        Q.   Correct.

3        A.   Okay.  Page 9, you said.

4        Q.   Not page 9, sorry.  The Bates number

5    ending 560.

6        A.   560.  Oh, you may have to redirect me.

7    So Exhibit 3,

11        A.   Apologies.  Okay.  Yep.  Got it.  And

12    ending in?

13        Q.   Ending in 5609.

14        A.   Okay.  Apologies.  Yeah.

15        Q.   What is this slide?

16

ATTORNEYS EYES ONLY

Page 107



1

2          MR. JASNOCH:   Objection.   Form.

3

12          MR. JASNOCH:   Objection to form.

13

20    BY MS. EARL:

21

ATTORNEYS EYES ONLY

**Page 108**



MR. JASNOCH:  Objection to form.

ATTORNEYS EYES ONLY

**Page 109**



1

4          MR. JASNOCH:   Objection to form.

5

14          MR. JASNOCH:   Objection to form.

15

19          MR. JASNOCH:   Objection to form.

20

23     BY MS. EARL:

24

ATTORNEYS EYES ONLY

Page 110



9        MR. JASNOCH:  Objection to form.

10        THE WITNESS:

17   BY MS. EARL:

18

25        MS. EARL:  Objection to form.

ATTORNEYS EYES ONLY

**Page 111**

1



19          MR. JASNOCH:  Objection to form.

20

ATTORNEYS EYES ONLY

**Page 112**



MR. JASNOCH:   Objection to form.

MR. JASNOCH:   Objection to form.

ATTORNEYS EYES ONLY

Page 113

1

10          MR. JASNOCH:  Objection.  Form.

11

16          MS. EARL:  All right.  I think -- I think

17     we might be done.  Can we take a quick break

18     so I can review my notes?

19          MR. JASNOCH:  Sure.

20          THE VIDEOGRAPHER:  Going off the record

21     at 1:57 p.m.

22          (Short break taken.)

23          THE VIDEOGRAPHER:  Going back on the

24     record at 2:00 p.m.

25          MS. EARL:  Nothing further from me.

ATTORNEYS EYES ONLY

Page 114

1          Thank you, Ms. Crowel.

2              MR. JASNOCH:  Nothing further from me.

3          Thank you, Ms. Crowel.

4              THE WITNESS:  You're welcome.

5              MS. EARL:  We will designate the

6          transcript at AEO.

7              THE VIDEOGRAPHER:  Thanks.  Renee,

8          Counsel, is it okay to conclude?

9              Okay.  Thanks.  We are off the record at

10         2:01 p.m., and this concludes today's

11         testimony given by Hailey Crowel.  The total

12         number of media used was three and will be

13         retained by Veritext Legal Solutions.  Thank

14         you.

15             (TIME NOTED:  2:01 p.m.)

16

17

18

19

20

21

22

23

24

25