UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ASIF KUMANDAN, et al., <br> Plaintiffs, <br> v. <br> GOOGLE LLC, et al., <br> Defendants. | Case No. 19-cv-04286-BLF <br><br> **ORDER GRANTING DEFENDANTS' FURTHER ADMINISTRATIVE MOTION TO SEAL** <br><br> [Re: ECF No. 384] |

Before the Court is Google's Further Administrative Motion to File Under Seal. *See* Mot., ECF No. 384. The motion requests to seal portions of one of Google's expert's reports. *See* Mot. at 1-2. The Court previously denied Google's request to seal the report because the request was not narrowly tailored. *See* ECF No. 383, at 6:16-21. For the reasons stated below, Google's further motion to seal is GRANTED.

**I.   LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and Cnty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Consequently, access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. For Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101-02 (9th Cir. 2016). Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause." *Id.* at 1097. In addition, in this district, all parties requesting sealing must comply with Civil Local Rule 79-5. That rule requires that the moving party to provide "the reasons for keeping a document under seal, including an explanation of: (i)

the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient." Civ. L.R. 79-5(c)(1)(i). The rule also requires the moving party to provide "evidentiary support from declarations where necessary." Civ. L.R. 79-5(c)(1)(ii).

## II.   DISCUSSION

This Court previously determined "that the compelling reasons standard applies to motions to seal documents relating to class certification." *Adtrader, Inc. v. Google LLC*, No. 17-CV07082-BLF, 2020 WL 6391210, at *2 (N.D. Cal. Mar. 24, 2020). Google seeks to seal portions of its expert Fernando Torres's Reply Report to the Expert Report of Jesse David PhD. Mot. at 2. Google submitted the expert report with its briefing on Plaintiffs' motion for class certification. *Id.* at 1-2. Accordingly, Google must demonstrate that compelling reasons exist to seal the portions of the document it seeks to seal.

Google argues that compelling reasons support its request to seal. Google declares that the portions of the report it seeks to seal contain confidential and highly sensitive proprietary and commercial information about the details of Google's understanding of the profits or losses associated with Google Assistant. Crowel Decl. ¶ 5, ECF No. 384-1. Google further declares that public disclosure of the information would result in significant competitive harm to Google by giving third parties insight into sensitive aspects of Google's development of Google Assistant and the financial implications of that development. *Id.* Courts in this district have routinely found compelling reasons to seal such information. *See, e.g.*, *Exeltis USA Inc. v. First Databank, Inc.*, No. 17- CV-04810-HSG, 2020 WL 2838812, at *1 (N.D. Cal. June 1, 2020) (noting that courts have found "confidential business information" in the form of "business strategies" sealable under the compelling reasons standard); *Brown v. Brown*, No. CV 13-03318 SI, 2013 WL 12400041, at *1 (N.D. Cal. Dec. 30, 2013) (finding compelling reasons to seal information about "profits, losses, income, investments, and expenses" when disclosure would harm party's competitive standing). The Court agrees that such information is sealable and finds that Google has narrowly tailored its request to seal such information. The Court therefore GRANTS Google's motion to seal as set forth in the following table:

| ECF No. | Document | Requested Portions to Seal | Ruling |
|---|---|---|---|
| 384-2 | Reply Report to the Expert Report of Jesse David PhD by Fernando Torres | Highlighted portions of pages 13-14 | GRANTED, as confidential and highly sensitive proprietary and commercial information about details of Google's understanding of the profits or losses associated with Google Assistant. |

### III.  ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Google's motion to seal is GRANTED.  No further action is necessary, as Google has submitted a public redacted version of the document at ECF No. 384-3.

Dated:  April 3, 2023

_____
BETH LABSON FREEMAN
United States District Judge