Pages 1 - 15

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Beth Labson Freeman, Judge

In re:                                    )
                                          )    **NO. 5:19-CV-4286-BLF**
GOOGLE ASSISTANT PRIVACY LITIGATION        )
                                          )
_____)


San Jose, California
Thursday, June 22, 2023

**TRANSCRIPT OF REMOTE ZOOM VIDEOCONFERENCE PROCEEDINGS**
**CASE MANAGEMENT CONFERENCE**

(APPEARANCES ON FOLLOWING PAGE)

TRANSCRIPTION SERVICE BY:    Dipti Patel, CET-997
                             Liberty Transcripts
                             7306 Danwood Drive
                             Austin, Texas 78759
                             (847) 848-4907

**APPEARANCES VIA ZOOM VIDEOCONFERENCE:**

For the Plaintiffs:
        LOWEY DANNENBERG, P.C.
        44 South Broadway, Suite 1100
        White Plains, New York 10601
    **BY: CHRISTIAN LEVIS, ATTORNEY AT LAW**

        Scott & Scott LLP
        156 South Main Street
        P.O. Box 192
        Colchester, Connecticut 06415
    **BY: ERIN COMITE, ATTORNEY AT LAW**

For the Defendants:
        PERKINS COIE, L.L.P.
        505 Howard Street, Suite 1000
        San Francisco, California 94105
    **BY: SAMUEL WILSON, ATTORNEY AT LAW**
    **SUNITA BALI, ATTORNEY AT LAW**

3

1  **Thursday - June 22, 2022**                                    **11:21 A.M.**
2                           **P R O C E E D I N G S**
3                                   ---o0o---
4       **THE COURT:** Good morning, everyone.  It seems like we're
5  still together on this case that's been going on for a long time.
6  Let's call the case and get your appearances.
7       **THE CLERK:** Calling Case 19-4286, In re Google Assistant
8  Privacy Litigation.  Counsel, please state your appearances.
9       **MR. LEVIS:** Christian Levis from Lowey Dannenberg on behalf
10 of plaintiffs.
11      **THE COURT:** Good morning.
12      **MS. BALI:** Good morning.  Sunita Bali for defendants.
13      **THE COURT:** Good morning.
14      **MR. WILSON:** Good morning.  Sam Wilson for defendants.
15      **THE COURT:** Good morning, Mr. Wilson.
16      Okay.  So you tried to settle.  It hasn't happened.
17 Hopefully, the door is still open on that.  But it looks like our
18 job today is to get the case back on track for trial.  Is that
19 right?
20      **MR. LEVIS:** Correct.
21      **MS. BALI:** That's correct.
22      **THE COURT:** Okay.  So I'm going to assume that your
23 discussion with Judge Van Keulen about the status of the sampling
24 issue is being taken care of and I don't need to address that.
25 Is that correct?

                                                                    4

1     **MS. BALI:** We currently don't have briefing deadlines.  When
2  Your Honor entered the last day we were in the middle --
3     **THE COURT:** Yes.
4     **MS. BALI:** -- of briefing some follow-up issues.  So it's
5  fine with Google whether if Your Honor wants to set new deadlines
6  or refer us to Judge Van Keulen to set new deadlines.
7     **THE COURT:** So I have referred all discovery to her so I
8  don't have to send a further referral.  You should, and I've
9  lifted the stay.  That's why we set this.  So I think you just
10 need to contact her and set up a briefing schedule and let her
11 handle that.  I don't need to do a further referral, okay?
12    **MS. BALI:** That's fine.
13    **THE COURT:** And I would assume, I did assume at the time
14 that I certified only a limited purchaser class that the sampling
15 order would be narrowed, but she'll make that decision.  I know
16 that will be Google's position.
17       I don't know, Mr. Levis, what your view on that will be, and
18 I'm not going to get in the middle of it, okay.  It's just that
19 she should review that.
20       So I then, I had fully briefed a class notice plan, and I
21 believe that, Ms. Bali, that you had filed the motion to compel
22 arbitration already.  Is that right?
23    **MS. BALI:** Correct.  And just a minor correction.  We had
24 filed our motion to compel arbitration and plaintiffs had filed
25 their motion for approval --

1      **THE COURT:** Yes.

2      **MS. BALI:** -- of class notice plan. But there have been no
3 subsequent briefing, so no oppositions or replies.

4      **THE COURT:** Okay. So in your statement that you gave me, it
5 looked like you actually may be planning to rebrief those because
6 you gave yourself a recommended deadline of July 21 to file the
7 motion to compel arbitration. Are you going to be reworking it?

8      **MS. BALI:** I mean no, but Your Honor terminated the motions
9 as moot subject to refiling. So --

10     **THE COURT:** Yes.

11     **MS. BALI:** -- we thought that that was Your Honor's
12 preference is that we refile the motion.

13     **THE COURT:** It is my preference that you refile it. But you
14 should file it -- I don't mind this deadline. It's always -- I
15 mean it's a month from now, but that's fine with me. I'm not
16 going to give you a hearing date here.

17     You can reserve a hearing date up to 14 days before you
18 actually file the motion, and the same with the class notice plan
19 when you're ready to file it, Mr. Levis. And obviously you want
20 to dust them off, look at them, make sure you don't want to tweak
21 them at all and you're welcome to do that.

22     And then once you get the hearing date, and that hearing
23 date I'm now setting in November. So if you file this in July, I
24 hope I'd hear it by the end of the year. So with that in mind, I
25 have -- my job is really to give you a new trial date. I would

1  like to get this case tried sooner than later.  And yet, I have
2  limited availability.  So I'm going to suggest some dates, but if
3  those aren't available, it will bump it a full year.
4      So I could, and this is just to get your reaction to it, I
5  could set your trial on September 23 of 2024 with your final
6  pretrial conference on August 1 of 2024.  But the last day I'd
7  hear summary judgment would be March 14 of 2024.  And I want to
8  be really clear that you will be briefing summary judgment while
9  I'm trying to decide the motion to compel arb and the notice
10 plan.
11     So I think that's very doable.  The arbitration would only
12 affect a portion of the class.
13     **MS. BALI:**  That's correct.
14     **THE COURT:**  And I don't believe you were -- I don't know
15 whether it's your intention, Mr. Levis, to withhold notice until
16 after I rule on the motion to compel arbitration.  It would make
17 sense.
18     **MR. LEVIS:**  Well, I think our intention is to notify the
19 class of -- that exists currently.  And while Your Honor is
20 deciding these motions, we think notice should be forwarde d to
21 everybody.
22     **THE COURT:**  Fine.  And then you would simply inform those
23 who have, if I compel to arbitration, those parties that have
24 arbitration clauses, then they just drop out of the class?
25     **MR. LEVIS:**  Yeah.  We'd have to see what Your Honor's ruling

1  was.  But I think that could -- we could notify them depending on
2  what you decide at a later date.
3       **THE COURT:**  Okay.  Well, that's all fine.
4       So under this proposed schedule, you would be filing your
5  motion for summary judgment no later than the end of January.
6  And you might have rulings.  I don't always even have a hearing
7  on motions to compel arbitration, so if we can pick it up
8  earlier, that would be fine.
9       Class notice plans I often have questions just about the
10 logistics, so I can't say I wouldn't.  But there are only so many
11 issues on arbitration that can be addressed.  And so I don't know
12 what yours will be like.  I'm not cancelling a hearing, so please
13 reserve a hearing date.  And once I read the fully briefed
14 motion, I'll decide.
15      So what's your -- Mr. Levis, what's your view of this
16 earlier trial date?
17      **MR. LEVIS:**  I think our view kind of consistent with what we
18 proposed for dispositive motions as well is to try and move the
19 case quickly.  I think we've been here for a while.  We don't
20 have an issue doing the work now as soon as we can advance
21 things.  We'd prefer the earliest date you have.
22      **THE COURT:**  Okay.  And, Ms. Bali, your view?
23      **MS. BALI:**  Yeah.  My only concern, Your Honor, is that I do
24 think it makes sense to wait until after Your Honor decides the
25 motion to compel arbitration before notice goes out since if not,

1  we'd be sending notice to a significant group of people that are
2  not even members of the class.  And so I don't see a reason to
3  rush that.  I think we should get clarity on the scope of the
4  class before we go through the exercise of sending notice out.
5      And I think that we also should space dispositive motions
6  out far enough so that notice can take place, the notice period
7  can run, opt-outs can run before Your Honor rules on summary
8  judgment.  So I think this schedule is going to be a little too
9  tight for the proper sequencing to occur, and so I would suggest
10 that we look -- I don't want to push things out unnecessarily.
11 So I'm happy to have a date that's not too far out, but I think
12 under this schedule, things are going to be tight.
13     **THE COURT:**  So I appreciate that.  And, Ms. Bali, I was
14 concerned about making it too tight and ultimately failing to
15 meet the schedule.  So my alternate for you, and again we're just
16 talking dates would be trial literally a year later September 22
17 of 2025 with your final pretrial conference on August 14 of 2025
18 and the summary judgment hearing on May 8 of 2025.
19     So I don't have anything in between.  I happen to have these
20 dates in 2024 because another case settled.  But the 2025 dates
21 are my next available dates.  I just -- I wouldn't give these
22 dates away generally, but your case has been around a long time
23 so I certainly want it to -- I want to get it to trial.
24     Mr. Levis, I am really concerned that we're sending out
25 notice and then if I send part of the class to arbitration, I

1   don't even know how many of your class members had arbitration
2   agreements, whether they're binding or not.
3       Have you done any estimate on that?  I mean the motion was
4   filed originally, so.
5       **MR. LEVIS:**  Sure.  We've had some discussions about this
6   with Google separately.  I think we have some idea.  I'll say
7   that where we're coming from in terms of the notice plan and why
8   we think it's important to notify the class members not only of
9   the class being certified but of the potential that there might
10  be arbitration so they can fully evaluate their claims is
11  something we're taking from consistent with what happened in the
12  Hill v. Xerox case that was before (indiscernible).
13      That was really the notice plan they followed there.  They
14  notified folks --
15      **THE COURT:**  I see.
16      **MR. LEVIS:**  -- while this motion was ongoing.  They informed
17  people that there was a class.  There was also a potential for
18  certain claims in arbitration, that way class members were
19  informed about what the options were and they could decide
20  whether or not they wanted to opt out or pursue things
21  separately.
22      That's where this is coming from, and that's why we think
23  that's the appropriate way to move forward.
24      **THE COURT:**  Okay.  So it would be your suggestion that I
25  hear and decide the notice plan motion before I even -- and let

10

1  you get going on notice before I decide the arbitration issue?
2      **MR. LEVIS:**  Yeah, or while it's going on in parallel.  I
3  think the schedule we proposed, we were going to submit briefing
4  on these issues at the same time to try and (indiscernible).
5      **THE COURT:**  That's what it looked like, yeah.
6      **MR. LEVIS:**  And then we would proceed with notice based on
7  the current class that Your Honor has.  and then if anything
8  changed, then we could deal with that later.  I'd also note
9  logistically that what we're talking about is really email
10 notice.  So it's relatively easy.  It's efficient.
11     **THE COURT:**  Okay.
12     **MR. LEVIS:**  Low cost.  We're not mailing out millions of
13 paper notices to people.  It should be a relatively easy process.
14     **THE COURT:**  What's your estimate of the size of the class?
15     **MR. LEVIS:**  There is some debate on that.  It's estimated to
16 be tens of millions of people I think is a fair estimate.
17     **THE COURT:**  Okay.
18     **MS. BALI:**  And notice to that size of a class is never easy,
19 Your Honor.  And I think we've got about half of the class that
20 we anticipate to be subject to some sort of arbitration agreement
21 or class action waiver.  So I think giving notice to twice as
22 many people when they may be subject to arbitration and out of
23 the class just doesn't make a ton of sense.
24     And I don't think the case that Counsel cited warrants
25 anything differently.  I think even in that case, folks who

1  agreed to arbitration were excluded from the class prior to
2  notice, and there's some other cases in this district that have
3  followed that same approach. So I think it's just I just don't
4  see a benefit, and it seems to be quite inefficient to do it that
5  way.
6      I know that kicking things out to September 2025 is not
7  ideal, but I do think that given the motions that we anticipate
8  filing and just the significance of the summary judgment motion
9  not only to the class but we've still got individual claims that
10 were not certified that would also have to be swept into summary
11 judgment.
12     And so I think that date will give us enough time to get all
13 that done.
14     **THE COURT:** So I'm not going to decide the issue on when the
15 notice goes out or not. Mr. Levis, until it's briefed, obviously.
16 I really appreciate knowing the parameters. It helps me to start
17 thinking about how this case could go forward.
18     So it's fine for you to brief these together and get your
19 hearing dates. I'm not going to control that. And if you meet
20 and confer and decide that you actually want separate hearing
21 dates, then you can just ask for separate hearing dates. Again,
22 I'm not going to dictate that you come in on the same date. And
23 each of you is filing a motion, so you can -- you'll make sure
24 that you pick a date that works.
25     I think it is wise to have a later trial date because if we

1  miss on the earlier date, then you're looking at 2026 by then.
2  So that would really be a shame. I think that this is going to
3  be complicated enough.
4  　　So let me then confirm that your trial date will be
5  September 22 of 2025. Your final pretrial conference will be on
6  August 14 of 2025 at 1:30 in the afternoon. And the last day
7  I'll hear summary judgment will be, and any other dispositive
8  motions, will be May 8 of 2025. That's the hearing date, not the
9  filing date.
10 　　And if there are -- well, I'm hoping that there aren't
11 cross-motions. But if each side is filing summary judgment, then
12 they must be cross-motions. It would be unusual for plaintiff to
13 file. I can't even imagine.
14 　　**MS. BALI:** Your Honor had already held that only Google can
15 file.
16 　　**THE COURT:** Okay.
17 　　**MS. BALI:** Because we had a previous deadline, so it will
18 just be a motion from Google.
19 　　**THE COURT:** Okay. Just Google. That's great.
20 　　You put in your schedule Daubert motions filed 180 days
21 before trial. I want to be really clear and I think I'm just
22 reminding you of this, I don't reserve your Daubert hearing
23 dates. If you wish to exclude expert testimony in opposition or
24 in regard to the summary judgment motion, all briefing on that
25 must be contained in the body of your motion or opposition. And

a separate Daubert motion will be ignored.

In terms of the Daubert motions, I don't set any deadline on when you set them, but you have to be able to secure a hearing date at least 60 days before trial. And if you call and there isn't such a date, then you're just out of luck. So the 180 days I'm not confirming that that is a safe date.

However, as you remember, my fail-safe is that you can submit Daubert motions as part of your motions in limine. So then you're limited to five pages per expert and only five in limine motions for all of your requests on in-limine motions. But, frankly, you know there are never really more than five good in limine motions that are worthy of filing, and you also know five pages is more than enough to get your point across on a Daubert motion.

So I think -- and then it's much later in the proceedings so that you -- if you really want to take the time to depose those experts closer to trial, you'll be able to do that.

Okay. Well, the case is complicated. Tell me this, I know you haven't settled the case, but what's your status with your mediator? Where are things left?

**MR. LEVIS:** Well, I mean we haven't really picked things up since then. I think we did have a good-faith effort of trying to work things out. Sometimes it just doesn't happen. I don't think anyone's necessarily closing the door on it. It just might not be the right time yet. I'm not sure.

**THE COURT:** Okay. So I think we'll move ahead toward trial. At the point that we have a summary judgment hearing, I will order you back to mediation so just keep that in mind. But, of course, that's now almost two years from now.

It's hard to keep the pressure on. I mean you have a trial date, and now that was coming up this fall and I really commend you and your clients in particular for really putting a big effort into resolution of the case. And my guess is that that will, you'll just cool that off for a little while and hopefully come back to the table.

All right. I think that takes care of everything we needed to address this morning. Is that right?

**MS. BALI:** That's correct, Your Honor.

**THE COURT:** Okay. Well, if it goes to trial, it won't be simple, but at least I think we know where we're headed.

Okay. If anything else arises where case management is helpful, please let me know. But, of course, I will be seeing you in a few months on these two motions.

**MS. BALI:** Thank you, Your Honor.

**MR. LEVIS:** Thank you.

**THE COURT:** Okay. Thank you all.

**THE CLERK:** This Court is adjourned.

(Proceedings adjourned at 11:39 a.m.)

---OOO---

**CERTIFICATE OF TRANSCRIBER**

I, DIPTI PATEL, certify that the foregoing is a true and correct transcript, to the best of my ability, of the above pages of the official electronic sound recording provided to me by the U.S. District Court for the Northern District of California of the proceedings take on the date and time previously stated in the above-entitled matter.

I further certify that I am neither counsel for, related to, nor employed by any of the parties to the action in which this hearing was taken.

I further certify that I am not financially nor otherwise interested in the outcome of the action.

*Dipti Patel*
_____

DIPTI PATEL, CET-997

LIBERTY TRANSCRIPTS                    Date: June 23, 2023