Bobbie J. Wilson, Bar No. 148317
BWilson@perkinscoie.com
Sunita Bali, Bar No. 274108
SBali@perkinscoie.com
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, California 94105
Telephone: +1.415.344.7000
Facsimile:  +1.415.344.7050

Erin K. Earl (*pro hac vice*)
EEarl@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000

Attorneys for Defendants
Alphabet Inc. and Google LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE GOOGLE ASSISTANT PRIVACY LITIGATION | Case No. 5:19-cv-04286-BLF<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION**<br><br>Date:     December 14, 2023<br>Time:    9:00 a.m.<br>Dept.:    Courtroom 3, 5th Floor<br>Judge:   Hon. Beth Labson Freeman |

## I. INTRODUCTION

As shown in Google's Motion to Compel Arbitration, a significant portion of the "Purchaser Class" agreed to a class action waiver and to have their claims resolved through arbitration. Plaintiffs attempt to cloud this straightforward showing through arguments that have no basis in fact or law. The Court should reject Plaintiffs' arguments and grant Google's Motion.

## II. ARGUMENT

### A. Google Did Not Waive Its Right to Arbitration

Plaintiffs argue that this is a "classic case of waiver." (Dkt. 399 at 1.) But this Court has *already* concluded "that Google has not waived its right to assert the [arbitration] agreements against unnamed class members." (Dkt. 360 at 28.) Nothing in Plaintiffs' opposition changes this conclusion or otherwise satisfies their burden to establish waiver. *See Armstrong v. Michaels Stores, Inc.*, 59 F.4th 1011, 1015 (9th Cir. 2023).

Plaintiffs make much of the Ninth Circuit's recent decision in *Hill v. Xerox Business Services, LLC*, 59 F. 4th 457 (9th Cir. 2023). But that case supports Google, not Plaintiffs: the court contrasted Xerox's waiver of its right to arbitrate under an earlier arbitration agreement with its *non-waiver* and reservation of the right to arbitrate under a later agreement, which it accomplished by "repeatedly asserting its right to arbitration," including (1) raising the arbitration agreement as an affirmative defense in its answer and (2) raising the arbitration agreement in opposing class certification. *Id.* at 470, 473. Google took those same steps here. (*See* Dkts. 154 and 268.) Thus, *Hill* only confirms that Google has not waived its right to arbitrate.

Nor did *Hill* modify the two longstanding elements for assessing waiver applied by the Ninth Circuit, which "remain[] good law": "(1) knowledge of an existing right to compel arbitration; and (2) intentional acts inconsistent with that existing right." *Hill*, 59 F. 4th at 460, 468. The mere fact that Google "had the relevant arbitration agreements in its possession" and reserved its right to compel arbitration in its answer does not support waiver. (*See* Dkt. 399 at 5.) *See Armstrong*, 59 F.4th at 1015 (concluding that the defendant did not waive its right to arbitrate where it "pleaded arbitration as an affirmative defense in its answers"); *Rushing v. Williams-Sonoma, Inc.*, No. 16-CV-01421-WHO, 2020 WL 6787135, at *3 (N.D. Cal. Oct. 8, 2020)

(noting that "asserting arbitration as an affirmative defense" is "consistent with [the] intent to move to compel after the possible certification of the class").

In the face of Google's express preservation of its right to arbitrate, Plaintiffs cannot point to any "intentional acts" that were "inconsistent with" that right. *Hill*, 59 F. 4th at 468. Plaintiffs claim that by litigating this case on their *individual* claims, Google has somehow waived its right to arbitrate as to the entire *Purchaser Class*. But that is not the law. *See Conde v. Open Door Mktg., LLC*, No. 15-cv-04080-KAW, 2017 WL 5172271, at *6 (N.D. Cal. Nov. 8, 2017) (concluding that a defendant "vigorously litigat[ing]" a case did not constitute waiver because it "would still have to defend a case against" plaintiffs "not subject to arbitration agreements"). Indeed, in *Hill*, the Ninth Circuit found waiver because the defendant acted inconsistent with an intent to arbitrate *class* claims. Specifically, it (1) attempted to "resolv[e] the *merits*" of "class members' . . . claims," (2) did not "attempt[] to reserve its arbitration right," (3) sought "extensive discovery on unnamed parties," (4) did not raise arbitration in opposing the motion for class certification, and (5) filed "a motion for partial summary judgment" targeting the claims of "unnamed class members," which "most clearly" evidenced waiver. *Id.* at 471-76. The Court contrasted these waiver-inducing actions with the defendant's conduct as to the later arbitration agreement, which the defendant "successfully preserved," including because the defendant (1) did not attempt to seek a merits determination of class claims, (2) "expressly and consistently" reserved "its arbitration right," (3) "excepted from its discovery requests" class members subject to the second agreement, and (4) asserted that the second arbitration agreement served "as a basis for denying class certification." *Id.* at 471-76, 481-82.

Here, Google clearly has not waived its right to arbitrate as to the Purchaser Class. Google did file multiple motions to dismiss and a motion for summary judgment, but only as to Plaintiffs' individual claims; they in no way asked the Court to decide the merits of the Purchaser Class claims. (*See, e.g.*, Dkt. 245 at 7-8 (describing the "Facts Relating to Individual Plaintiffs" as the basis for Google's summary judgment motion).) And Plaintiffs have not pointed to any "extensive discovery" by Google targeted toward absent class members' claims.

Nor can Plaintiffs show that Google made some "intentional decision not to move to

compel arbitration." *Armstrong*, 59 F.4th at 1015. To the contrary, Google *could not move to compel arbitration* sooner than it did. *See Hill*, 59 F. 4th at 469; *see also* Dkt. 360 at 28 (explaining "that a defendant cannot move to compel arbitration against unnamed class members prior to class certification"). The mere fact that the parties stated in their case management statement that this case was "not suitable for reference to binding arbitration" does not change this result. (Dkt. 67 at 11.) Indeed, that statement was true at the time, given that it was not clear which, if any, of the individual plaintiffs had agreed to arbitration, and Google could not move to compel arbitration as to the uncertified class claims. When Plaintiffs sought to certify their putative classes, Google immediately raised the issue of arbitration in its opposition. (*See* Dkt. 268 at 18-19.) Simply put, Plaintiffs have not met their burden to show waiver, nor can they because, as this Court has already concluded, there was no waiver here.

**B.     Google Has Met Its Burden to Prove Class Members Agreed to Arbitration**

Plaintiffs argue that because Google has not produced "signed arbitration agreement[s]" for each member of the Purchaser Class, it has not met its burden of proof. (Dkt. 399 at 7-8.) But Google need only prove that arbitration agreements apply by a "preponderance of the evidence." *Knutson v. Sirius XM Radio Inc.*, 771 F.3d 559, 565 (9th Cir. 2014). Google has met this burden. Google has shown that users "cannot complete the setup process" for certain Google Assistant devices without agreeing to the Google Device AA. (*See* Luu Decl. ¶¶ 3-13, 17-18.) Plaintiffs' suggestion that Google relies exclusively "on its product packaging to establish mutual consent," Dkt. 399 at 8, is simply wrong, as users are required to consent to arbitration to complete device setup. (*See* Luu Decl. ¶¶ 17-18.) And consumers who purchase devices through the online Google Store must agree to arbitration before completing their purchase. (*Id.* ¶¶ 22-25.)

In the face of this straightforward evidence, the burden is on Plaintiffs to prove some defense. *See, e.g.*, *Fish v. Tesla, Inc.*, No. SACV21060PSGJDEX, 2022 WL 1552137, at *4 (C.D. Cal. May 12, 2022) ("Absent any evidence from [the plaintiffs] to the contrary, the fact that they could not have completed their online orders without clicking the 'Place Order' button is sufficient to establish their assent" to arbitration.). They have not and cannot. Indeed, unlike the party opposing enforcement of the arbitration provision in the case Plaintiffs cite, Plaintiffs offer

absolutely no evidence to contradict Google's showing. *Cf. In re Uber Text Messaging*, No. 18-CV-02931-HSG, 2019 WL 2509337, at *7-9 (N.D. Cal. June 18, 2019) (noting that a "declaration (submitted under penalty of perjury)" created a "genuine dispute of fact" regarding the parties' agreement to arbitrate). Plaintiffs have provided no factual basis to avoid the obvious conclusion: many members of the Purchaser Class agreed to arbitrate their claims.

### C. The Purchaser Class Claims Are Covered by the Arbitration Agreements

Plaintiffs also claim that the Device AA and Sales Terms somehow "do not apply to the claims here." (Dkt. 399 at 8.) This is wrong. These agreements do not govern only "claims for breach of the Device AA or Sales Terms." (*Id.* at 9.) Instead, they broadly apply to any dispute "regarding the design, performance, features, or functionality of your Google Device," "regarding your use of your Google Device" (Device AA) or "related to your device" (Sales Terms). (Luu Decl., Ex. 5 at 1, Ex. 9 at 1, 11.) This plainly covers the claims of the Purchaser Class, who contend that they experienced a "common harm" because they "overpaid for [Google Assistant Enabled Devices] that did not possess the promised attributes." (*See* Dkt. 360 at 15.)

The California forum selection clause in the TOS underlying Plaintiffs' breach of contract claim does not change this result. Indeed, a "contract containing a forum selection clause supersedes an arbitration agreement" only where "the forum selection clause[] . . . sufficiently demonstrate[s] the parties' intent to do so." *Suski v. Coinbase, Inc.*, 55 F.4th 1227, 1230 (9th Cir. 2022) (citation omitted). But the forum selection clause in the TOS is silent as to whether it supersedes the Device AA and Sales Terms. And the Device AA and Sales Terms explicitly state that "[f]or disputes or claims relating to" devices, the Device AA and Sales Terms "supersede[] any terms regarding dispute resolution in any other agreement between you and Google and contains the whole agreement between us with respect to disputes or claims relating to your" device. (Luu Decl., Ex. 5 at 1, Ex. 9 at 11.) Thus, the agreement to arbitrate in the Device AA and Sales Terms plainly controls over the forum selection clause in Google's TOS.

### D. The Arbitration Provisions Are Not Unconscionable

The arbitration agreements are neither procedurally nor substantively unconscionable, much less both. *Kilgore v. KeyBank, Nat. Ass'n*, 718 F.3d 1052, 1058 (9th Cir. 2013) (requiring

both procedural and substantive unconscionability). As to procedural unconscionability, Google being "one of the world's largest companies" does not mean the contract is unconscionable or a contract of "adhesion." (Dkt. 399 at 10.) Indeed, the Ninth Circuit has repeatedly rejected this argument where, as here, the consumer can opt out. *See Mohamed v. Uber Techs., Inc.*, 848 F.3d 1201, 1211 (9th Cir. 2016) ("[A]n arbitration agreement is not adhesive if there is an opportunity to opt out of it."); *Cir. City Stores, Inc. v. Ahmed*, 283 F.3d 1198, 1199 (9th Cir. 2002) (same). Nor does the fact that members of the Purchaser Class agree to the Device AA after buying it constitute a "surprise" sufficient to show procedural unconscionability; again, the opt-out right prevents this finding. *Kilgore*, 718 F.3d at 1059 (rejecting procedural unconscionability where the "arbitration clause allows students to reject arbitration within sixty days of signing the Note").

Plaintiffs likewise have not shown substantive unconscionability. That some versions of the Device AA required the parties to keep arbitration proceedings confidential does not alone create substantive unconscionability. *See Morgan v. Xerox Corp.*, No. 2:13-CV-00409-TLN-AC, 2013 WL 2151656, at *6 (E.D. Cal. May 16, 2013); *see also Tompkins v. 23andMe, Inc.*, 840 F.3d 1016, 1023 (9th Cir. 2016) (explaining that substantively unconscionable terms are "unreasonably favorable to the more powerful party") (citations omitted). And Plaintiffs' "unilateral modifications" argument is simply wrong. To the contrary, both the Device AA and Sales Terms explicitly allow consumers to "reject any . . . changes by notifying Google." (*See* Luu Decl., Ex. 5 ¶ 10; Ex. 9 ¶ 23(j).) And even if they did not, a "unilateral modification clause does not make the arbitration provision itself unconscionable." *Tompkins*, 840 F.3d at 1033.

### III. CONCLUSION

Google respectfully requests that the Court grant its Motion.[1]

---

[1] Google respectfully apologizes that its opening brief inadvertently did not conform to this Court's standing order and assures the Court that this will not happen again.

| | | |
|---|---|---|
| 1 | Dated: September 1, 2023 | **PERKINS COIE LLP** |
| 2 | | |
| 3 | | By: _/s/ Sunita Bali_ |
| | | Bobbie J. Wilson, Bar No. 148317 |
| 4 | | Sunita Bali, Bar No. 274108 |
| | | Erin Earl (*pro hac vice*) |
| 5 | | Attorneys for Defendants |
| 6 | | Alphabet Inc. and Google LLC |