| | |
|---|---|
| Joseph P. Guglielmo *(pro hac vice)*<br>Erin Green Comite *(pro hac vice)*<br>**SCOTT+SCOTT**<br>**ATTORNEYS AT LAW LLP**<br>The Helmsley Building<br>230 Park Avenue, 17th Floor<br>New York, NY 10169-1820<br>Telephone: (212) 223-6444<br>Facsimile: (212) 223-6334<br>jguglielmo@scott-scott.com<br>ecomite@scott-scott.com | Vincent Briganti *(pro hac vice)*<br>Christian Levis *(pro hac vice)*<br>Margaret MacLean *(pro hac vice)*<br>Andrea Farah *(pro hac vice)*<br>**LOWEY DANNENBERG, P.C.**<br>44 South Broadway, Suite 1100<br>White Plains, NY 10601<br>Telephone: (914) 997-0500<br>Facsimile: (914) 997-0035<br>vbriganti@lowey.com<br>clevis@lowey.com<br>mmaclean@lowey.com<br>afarah@lowey.com |
| John T. Jasnoch (Bar No. 281605)<br>**SCOTT+SCOTT**<br>**ATTORNEYS AT LAW LLP**<br>600 W. Broadway, Suite 3300<br>San Diego, CA 92101<br>Telephone: (619) 233-4565<br>Facsimile: (619) 233-0508<br>jjasnoch@scott-scott.com | |

*Attorneys for Plaintiffs and the Class*

[Additional counsel appear on signature page.]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE GOOGLE ASSISTANT PRIVACY LITIGATION | Case No. 5:19-CV-04286-BLF<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR AN ORDER APPROVING CLASS NOTICE PLAN; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date:  February 8, 2024<br>Time:  9:00 a.m.<br>Judge:  Honorable Beth Labson Freeman |

# TABLE OF CONTENTS

NOTICE OF MOTION ........................................................................................................... 1

STATEMENT OF ISSUES TO BE DECIDED ..................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ......................................................... 1

    I.    INTRODUCTION ..................................................................................................... 1

    II.    ARGUMENT ............................................................................................................. 3

        A.    Direct Notice ................................................................................................. 3

        B.    Supplemental Notice ..................................................................................... 5

        C.    The Proposed Form and Content of the Notices Are Easy to Read and Understand, and Thus Comport with Rule 23 and Due Process ........... 6

    III.    CONCLUSION ......................................................................................................... 7

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Brewer v. Salyer*,
 No. 1:06cv1324 AWI DLB, 2010 WL 1558413 (E.D. Cal. April 19, 2010) ............................4

*Briseno v. ConAgra Foods, Inc.*,
 844 F.3d 1121 (9th Cir. 2017) ................................................................................................3

*Browning v. Yahoo! Inc.*,
 No. C04-01463 HRL, 2006 WL 3826714 (N.D. Cal. Dec. 27, 2006) .....................................4

*Eisen v. Carlisle & Jacquelin*,
 417 U.S. 156 (1974) ............................................................................................................3, 5

*Evans v. Linden Research, Inc.*,
 No. C-11-01078 DMR, 2013 WL 5781284 (N.D. Cal. Oct. 25, 2013) ...................................5

*Flanagan v. Allstate Ins. Co.*,
 No. 01 C 1541, 2007 WL 3085903 (N.D. Ill. Oct. 18, 2007) .................................................7

*In re Facebook Biometric Info. Priv. Litig.*,
 No. 15-CV-03747-JD, 2020 WL 4818608 (N.D. Cal. Aug. 19, 2020) ............................2, 3, 5

*In re Linkedin User Privacy Litig.*,
 309 F.R.D. 573 (N.D. Cal. 2015) ............................................................................................4

*In re Wal-Mart Stores, Inc. Wage & Hour Litig.*,
 06-02069 SBA, 2008 WL 1990806, at *7 (N.D. Cal. May 5, 2008) ......................................6

*Johns v. Bayer Corp.*,
 Civil No. 09cv1935 AJB(DHB), 2013 WL 435201 (S.D. Cal. Feb. 1, 2013) .........................6

*Macarz v. Transworld Sys., Inc.*,
 201 F.R.D. 54 (D. Conn. 2001) ...............................................................................................4

*Officers for Just. v. Civ. Serv. Comm'n of City & Cnty. of San Francisco*,
 688 F.2d 615 (9th Cir. 1982) ...............................................................................................3, 5

*Phillips Petroleum Co. v. Shutts*,
 472 U.S. 797 (1985) ................................................................................................................6

*Silber v. Mabon*,
 18 F.3d 1449 (9th Cir. 1994) ...................................................................................................3

*Tadepalli v. Uber Techs., Inc.*,
 Case No. 15-cv-04348-MEJ, 2016 WL 1622881 (N.D. Cal. Apr. 25, 2016) ..........................5

*Victorino v. FCA US LLC*,
    Case No.: 16cv1617GPC(JLB), 2020 WL 5064295 (S.D. Cal. Aug. 27, 2020) ........................4

**Statutes, Rules & Regulations**

Fed. R. Civ. P. 23 ................................................................................................................... *passim*

Fed. R. Civ. P. 23(b)(3) ....................................................................................................................6

Fed. R. Civ. P. 23(c)(2)(B) ...........................................................................................................3, 6

**Other Authorities**

*Proposed Amendments to Rules of Civil Procedure for the United States District
    Courts*,
    39 F.R.D. 69, 107 (1966) ............................................................................................................3

**NOTICE OF MOTION**

TO: ALL PARTIES AND THEIR ATTORNEYS OF RECORD

PLEASE TAKE NOTICE that on February 8, 2024 at 9:00 a.m. or on such other date deemed appropriate by the Court, before the Honorable Beth Labson Freeman, United States District Judge, at the United States District Court, Northern District of California, San Jose Courthouse, Courtroom 3 – 5th Floor, 280 South 1st Street, San Jose, CA 95113, Plaintiffs will move this Court for an order, pursuant to Federal Rule of Civil Procedure 23, approving the Class Notice Plan proposed herein (the "Notice Plan").  This Motion is based on this Notice of Motion and Motion for an Order Approving Class Notice Plan, the Memorandum of Points and Authorities in Support Thereof, the Declaration of Erin Green Comite ("Comite Decl."), the Declaration of Eric Schachter in Support of Plaintiffs' Motion for an Order Approving Class Notice Plan ("Schachter Decl."), and the [Proposed] Order filed herewith, all pleadings and papers filed herein, arguments of counsel, and any other matters properly before the Court.

**STATEMENT OF ISSUES TO BE DECIDED**

1. Whether Plaintiffs' proposed Notice Plan should be approved.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

On December 16, 2022, the Court granted in part and denied in part Plaintiffs' motion for class certification, certifying the following Class:

> Purchaser Class: All Users who purchased a Google-Made Device, where
> - "Users" are individuals whose Gmail accounts were associated with at least one Google-Assistant Enabled Device during the class period [from May 18, 2016 to December 16, 2022 ("Class Period")];[1]

---

[1] The Class Certification Order did not identify a class period.  Plaintiffs propose, and Google does not oppose, that the class period start on the date identified in their Fourth Amended Consolidated Class Action Complaint ("Complaint"), May 18, 2016 (ECF No. 141, ¶1), and end on the date of the Court's class certification order, December 16, 2022.  ECF No. 369-2.  This class period is reflected in the proposed short and long form notices.  Schacter Decl., Exs. B-C.

- "Google Assistant Enabled Devices" are devices that come with Google Assistant preinstalled; and
- "Google-Made Devices" are Google Assistant Enabled Devices manufactured and sold by Google, including Google's own smart home speakers, Google Home, Home Mini, and Home Max; smart displays, Google Nest Hub, and Nest Hub Max; and its Pixel smartphones.

ECF No. 369-2 ("Class Certification Order") at 31-32. Trial is currently set for September 22, 2025. ECF No. 393. Plaintiffs now respectfully request that the Court approve the following proposed Notice Plan pursuant to Rule 23. Defendants Alphabet Inc. and Google LLC ("Google") agree to the Notice Plan proposed herein, Comite Decl., ¶4, which consists of:

1. Direct Notice: by email sent directly to Users of Google Assistant on Google-Made Devices using email addresses to be provided by Google;

2. Supplemental Notice: publication notice through *PR Newswire* and a dedicated case website with an online opt-out option.

The proposed Notice Plan satisfies Rule 23 and due process as it is tailored to reach as many Class members as possible with the direct email notice feature and supporting supplemental notice. *See In re Facebook Biometric Info. Priv. Litig.*, No. 15-CV-03747-JD, 2020 WL 4818608, at *4 (N.D. Cal. Aug. 19, 2020) (approving, among other features, "direct email notice, and a web page dedicated to the lawsuit"); Schachter Decl., ¶¶7-11, 14.

Following the Court's Class Certification Order, and to ensure that notice complies with due process and Rule 23, Plaintiffs solicited bids from three reputable class action administrators experienced in developing and implementing notice plans in complex class actions. Comite Decl., ¶3. Plaintiffs ultimately retained A.B. Data, Ltd. ("A.B. Data" or "Notice Administrator"), with whom Plaintiffs worked to develop the proposed Notice Plan. *Id*. The proposed Notice Plan is detailed in the Schachter Declaration submitted with this Motion. *See generally* Schachter Decl. Eric Schachter is a Senior Vice President at A.B. Data, who focuses on notice administration and has over 15 years of experience in designing and implementing legal notice programs. *Id*., ¶2. The proposed Notice Plan is based on A.B. Data's experience designing notice plans for hundreds of high-volume class action cases and is crafted to provide the best notice practicable under the circumstances of this case. *Id*., ¶¶3, 6-7, 14, Ex. A.

## II. ARGUMENT

Rule 23 and due process require "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B); *Briseno v. ConAgra Foods, Inc.,* 844 F.3d 1121, 1128-29 (9th Cir. 2017). The purpose of such notice is "to fulfill requirements of due process to which the class action procedure is of course subject." *Proposed Amendments to Rules of Civil Procedure for the United States District Courts*, 39 F.R.D. 69, 107 (1966). Due process requires that notice is "'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 174 (1974).

While notice plans are not expected to reach every class member, *see Silber v. Mabon*, 18 F.3d 1449, 1453 (9th Cir. 1994), the Federal Judicial Center has concluded that a notice plan that reaches at least 70% of the class is reasonable. *See* Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide, Federal Judicial Center (2010), at 3, https://www.fjc.gov/sites/default/files/2012/NotCheck.pdf (last visited September 13, 2023) ("Judges' Class Action Notice and Claims Process Checklist"). That being said, "[i]ndividual notice must be sent to all class members whose names and addresses may be ascertained through reasonable effort." *Eisen*, 417 U.S. at 173. And, "the class must be notified of a proposed settlement in a manner that does not systematically leave any group without notice." *Officers for Just. v. Civ. Serv. Comm'n of City & Cnty. of San Francisco*, 688 F.2d 615, 624 (9th Cir. 1982).

The proposed Notice Plan has two main components: (1) direct notice by email to Users of Google Assistant on Google-Made Devices; and (2) supplemental notice provided by publication notice through *PR Newswire*; and a dedicated case website with an online opt-out option. *See generally* Schachter Decl.

### A. Direct Notice

Direct email notice is now commonplace and is particularly well-suited to this case, given the online nature of Google's interactions with Class members. *See Facebook Biometric*, 2020 WL 4818608, at *4 (approving direct email notice among other notice methods where the "case

1  raises an issue of digital privacy, the alleged violations happened online, and the class is composed
2  entirely of online users"); *Browning v. Yahoo! Inc.*, No. C04-01463 HRL, 2006 WL 3826714, at
3  *8 (N.D. Cal. Dec. 27, 2006) (approving email notice because the class members' "allegations
4  arise from their visits to Defendants' Internet websites, demonstrating that [class members] are
5  familiar and comfortable with email and the Internet"); *In re Linkedin User Privacy Litig.*, 309
6  F.R.D. 573, 586 (N.D. Cal. 2015) (approving notice plan that primarily called for direct notice by
7  email to addresses used by class members in connection with their accounts on defendant's
8  website).

9        The Notice Plan proposes that Google provide to the Notice Administrator a list of all
10  email addresses associated with Users of Google Assistant on Google-Made Devices, based on a
11  reasonable review of Google's business records.  Schachter Decl., ¶7.  The Notice Administrator
12  will then directly email the short-form notice to these Users to notify them that they may be a
13  Class member with specific information for determining class membership. *Id.*, ¶7, Ex. B.  While
14  there are likely some users within this group that did not purchase Google Made Devices
15  themselves (*e.g.*, those who received them as a gift), given the absence of data distinguishing
16  these individuals from those who purchased devices directly, notifying all Google Made Device
17  users is the best practicable notice under the circumstances, as it is reasonably calculated to reach
18  a sufficient percentage of Class members without systematically leaving out any one group in
19  compliance with due process and Rule 23. *See Victorino v. FCA US LLC*, Case No.:
20  16cv1617GPC(JLB), 2020 WL 5064295, at *2-3 (S.D. Cal. Aug. 27, 2020)( "[n]otice to a broader
21  group than the class definition is acceptable as long as there is some link or connection between
22  the method of class notice and the class definition."); *see also Macarz v. Transworld Sys., Inc.*,
23  201 F.R.D. 54, 61 (D. Conn. 2001) (notice to an overinclusive list may be permitted if the list also
24  contains all known class members); *Brewer v. Salyer*, No. 1:06cv1324 AWI DLB, 2010 WL
25  1558413, at *1 (E.D. Cal. April 19, 2010) (approving over-inclusive class as the best practicable
26  notice under the circumstances); Schachter Decl., ¶7.

27        Indeed, the data Plaintiffs submitted with their class certification motion shows that
28  Google can readily identify users of Google Made Devices as that information is associated with

1  a user's Google Account.  *See* ECF No. 222-2 at 437, Ex. 31. The accessibility of this data heavily
2  weighs in favor of Plaintiffs' proposed approach.  *See Eisen*, 417 U.S. at 173 ("[i]ndividual notice
3  must be sent to all class members whose names and addresses may be ascertained through
4  reasonable effort."); *Officers for Just*., 688 F.2d at 624 ("the class must be notified of a proposed
5  settlement in a manner that does not systematically leave any group without notice").

6  **B.  Supplemental Notice**

7  In addition to direct notice, the Notice Administrator has designed supplemental notice to
8  address any gaps that may exist between direct notice recipients and the Class.  Schachter Decl.,
9  ¶¶9-11.  The direct notice is designed to reach 100% of the Class because the number of device
10 users who will get direct notice is greater than the number of purchasers in the Class.  Thus, the
11 supplemental campaign is narrowly tailored to include a digitally optimized press release
12 published on *PR Newswire's* US1 and Multi-cultural Newsline distribution lists as well as the
13 Notice Administrator's and *PR Newswire's* Twitter pages.  *Id*., ¶9.  In addition, each of the various
14 forms of notice will direct Class members to a case-specific website, which will be created and
15 maintained by the Notice Administrator.  *Id*., ¶11.  The case website will contain (among other
16 things) a summary of the case, the long-form notice, functionality for Class members to submit a
17 request for exclusion online, all relevant documents, important dates, and any pertinent updates
18 concerning the case.  *Id.  See, e.g.*, *Tadepalli v. Uber Techs., Inc.,* Case No. 15-cv-04348-MEJ,
19 2016 WL 1622881, at *3 (N.D. Cal. Apr. 25, 2016) (email notice and a case-specific website);
20 *Evans v. Linden Research, Inc.*, No. C-11-01078 DMR, 2013 WL 5781284, at *5 (N.D. Cal. Oct.
21 25, 2013) (email notice, thirty-day publication to Facebook website, and case-specific website).
22 The Notice Administrator will also set up a toll-free number through which Class members can
23 access additional information, obtain contact information for Class Counsel and the Notice
24 Administrator, and leave a voicemail for a call back.  Schachter Decl., ¶10.

25 Taken together with Plaintiffs' proposal to provide direct email notice to Google Made
26 Devices users, Plaintiffs' supplemental notice plan is more than sufficient to ensure Class
27 members who cannot be contacted through direct email notice are reached.  *See, e.g*., *Facebook*
28

5
PLTFS' MOT. FOR ORDER APPROVING CLASS NOTICE PLAN & MEMO. OF PTS. AND AUTH.                    Case No. 5:19-cv-04286-BLF

*Biometric*, 2020 WL 4818608, at *4 (approving among other features "direct email notice, and a web page dedicated to the lawsuit"); Schachter Decl., ¶14.

### C. The Proposed Form and Content of the Notices Are Easy to Read and Understand, and Thus Comport with Rule 23 and Due Process

Plaintiffs' proposed Notice Plan includes the text for (1) a proposed long-form notice that will be posted on the dedicated case website, *see* Schacter Decl., Ex. C; and (2) a short-form notice that will be disseminated to Class members via e-mail notice, *see id.*, Ex B. The text of these forms of notice also satisfies Rule 23 and due process with respect to their content. Rule 23(c)(2)(B) requires that class notice include the following:

> [C]learly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

Due process requires that class members "be provided with an opportunity to remove [themselves] from the class by executing and returning an 'opt out' or 'request for exclusion' form to the court." *Phillips Petroleum Co. v. Shutts,* 472 U.S. 797, 812 (1985). The short and long form notices in the Notice Plan each satisfy these requirements. They adequately describe this action, identify the Class and its specific definition, and provide instructions on how to request exclusion in clear, easy-to-read language that is understandable to the average Class member. Moreover, the proposed short-form and long-form notice are based upon the question-and-answer format suggested by the Federal Judicial Center. *See, e.g.*, Judges' Class Action Notice and Claims Process Checklist, at 8-9.

The form of Plaintiffs' proposed notices, which would provide Class members with a 45-calendar day opt-out period, which is based on and consistent with the Federal Judicial Center's notices, satisfies the requirements of Rule 23 and due process. *See* Fed. R. Civ. P. 23(b)(3) advisory committee note on 2003 amendments ("The Federal Judicial Center has created illustrative clear-notice forms that provide a helpful starting point for actions similar to those described in the forms."); *Johns v. Bayer Corp.*, Civil No. 09cv1935 AJB(DHB), 2013 WL

1  435201, at *2 (S.D. Cal. Feb. 1, 2013) (finding that "the form and information contained within
2  the notice is based on and consistent with the Federal Judicial Center's notices, and satisfy the
3  requirements of Rule 23 and due process"); *In re Wal-Mart Stores, Inc. Wage & Hour Litig.*, No.
4  06-02069 SBA, 2008 WL 1990806, at *7 (N.D. Cal. May 5, 2008) ("The inclusion of plaintiffs'
5  concise yet informative statement concerning Class Counsel's experience is consistent with Rule
6  23's notice requirements. Indeed, plaintiffs' proposed language on Class Counsel's experience is
7  identical to the language employed in the Federal Judicial Center's 'Illustrative' Form of Class
8  Action Notice for Employment Discrimination cases."); *Flanagan v. Allstate Ins. Co.*, No. 01 C
9  1541, 2007 WL 3085903, at *1 (N.D. Ill. Oct. 18, 2007) ("We begin by adopting, generally,
10 defendant's template, since it is taken directly from the Federal Justice Center's archive of sample
11 Notice forms.").

12 Finally, Plaintiffs' Notice Plan includes deadlines for the notice to be disseminated as soon
13 as practical. Within 30 calendar days of the entry of the order on this Motion, Google shall
14 produce to the Notice Administrator a list, in electronic form, of email addresses (the "Email
15 List"). Within 21 calendar days of its receipt of the Email List, the Notice Administrator will
16 commence dissemination of the email notice, effectuate publication notice through *PR Newswire*,
17 and create the case website (the "Notice Date"). Class members will have 45 calendar days from
18 the Notice Date to submit Requests for Exclusion ("Exclusion Deadline") and counsel for
19 Plaintiffs and the Class will file all Exclusion Requests with the Court within 10 calendar days of
20 the Exclusion Deadline.

21 **III.   CONCLUSION**

22 For the reasons stated herein, Plaintiffs respectfully request that the Court grant Plaintiffs'
23 Motion and enter the proposed order submitted herewith.

25 Dated:  September 14, 2023                        Respectfully Submitted,

27                                                   **SCOTT+SCOTT ATTORNEYS AT LAW LLP**

28                                                   /s/ Erin Green Comite

7

Joseph P. Guglielmo (*pro hac vice*)
Erin Green Comite (*pro hac vice*)
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169-1820
Telephone: (212) 223-6444
Facsimile: (212) 223-6334
jguglielmo@scott-scott.com
ecomite@scott-scott.com

John T. Jasnoch (Bar No. 281605)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
600 W. Broadway, Suite 3300
San Diego, CA 92101
Telephone: (619) 233-4565
Facsimile: (619) 233-0508
jjasnoch@scott-scott.com

Vincent Briganti (*pro hac vice*)
Christian Levis (*pro hac vice*)
Margaret MacLean (*pro hac vice*)
Andrea Farah (*pro hac vice*)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: (914) 997-0500
Facsimile: (914) 997-0035
vbriganti@lowey.com
clevis@lowey.com
mmaclean@lowey.com
afarah@lowey.com

Mark N. Todzo (Bar No. 168389)
Patrick Carey (Bar No. 308623)
**LEXINGTON LAW GROUP**
503 Divisadero Street
San Francisco, CA 94117
Telephone: (415) 913-7800
Facsimile: (415) 759-4112
mtodzo@lexlawgroup.com
pcarey@lexlawgroup.com

*Attorneys for Plaintiffs and the Class*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 14, 2023, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

                                            s/ *Erin Green Comite*
                                            Erin Green Comite