Vincent Briganti (*pro hac vice*)
Christian Levis (*pro hac vice*)
Margaret MacLean (*pro hac vice*)
Andrea Farah (*pro hac vice*)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: (914) 997-0500
Facsimile: (914) 997-0035
vbriganti@lowey.com
clevis@lowey.com
mmaclean@lowey.com
afarah@lowey.com

*Attorney for Plaintiffs*

[Additional counsel on signature page.]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

IN RE GOOGLE ASSISTANT PRIVACY LITIGATION

This Document Relates to:

ALL ACTIONS

Case No.: 19-cv-04286-BLF

**PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSOLIDATE HEARING DATES**

Judge: Hon. Beth L. Freeman

Pursuant to Civil Local Rule 7-11, Plaintiffs hereby submit this Administrative Motion to consolidate the hearing dates for Google's Motion to Compel Arbitration (ECF No. 397, currently set for hearing on December 14, 2023) and Plaintiffs' Motion for Approval of Class Notice Plan (ECF No. 403, currently set for hearing on February 8, 2024), so that both motions may be heard together on December 14, 2023, or, alternatively, February 8, 2024. Plaintiffs met and conferred with Google prior to filing of the Administrative Motion. Google does not consent to Plaintiffs' filing of this Administrative Motion.

## I.   PROCEDURAL BACKGROUND

On February 1, 2023, Defendants moved to compel arbitration. ECF No. 377. On February 3, 2023, Plaintiffs moved for approval of their proposed class notice plan. ECF No. 378. On February 6, 2023—before the deadlines to respond to the motions to compel arbitration and for approval of the class notice plan—this Court granted the Parties' stipulation to stay the pending deadlines for 90 days pending mediation, and ordered that the trial and pretrial dates would be vacated and reset in the event the Parties did not settle. ECF No. 380. The Court then granted the Parties' stipulation to continue the temporary stay for an additional 30 days until June 7, 2023. ECF No. 389. The Court also clarified that Defendants' motion to compel arbitration and Plaintiffs' motion for approval of class notice plan were terminated without prejudice to refiling the motions if the mediation was not successful. ECF No. 389 at 6. The Parties participated in an all-day mediation on May 10, 2023 with mediator Randall Wulff, but did not reach an agreement.

The Parties then participated in a Case Management Conference with this Court on June 22, 2023. At that Case Management Conference, the Court set a new trial date of September 22, 2025, but did not enter any intermediate deadlines for refiling of the motion to compel arbitration and the motion for approval of the class notice plan.

On July 21, 2023, Google refiled its motion to compel arbitration, and obtained a hearing date of December 14, 2023. ECF No. 397. The Parties stipulated to a briefing schedule for Plaintiffs' opposition and Google's reply. ECF No. 400. Meanwhile, the Parties met and conferred several times

regarding Plaintiffs' proposed notice plan, and reached agreement on the method of notice and the contents of the proposed short and long form notices. Plaintiffs ultimately filed their Motion for Approval of the Class Notice Plan on September 14, 2023. ECF No. 403. At that time, the earliest available hearing date was February 8, 2024, and Plaintiffs therefore selected that date.

## II.     ARGUMENT

Consolidating the hearing dates for these two motions is administratively efficient for all parties and the Court. Beyond time and cost savings in preparing for, traveling to and attending one hearing instead of two, the subject matter of the two motions is connected. Plaintiffs' proposed notice to class members includes information about Google's pending arbitration motion and its potential impact on Class Members' rights depending on whether the Court grants or denies Google's motion. ECF No. 403-5 at 2. In particular, the notice advises potential Class Members that if the Court denies Google's motion, they will remain part of the Class (and thus unable to pursue their claims in arbitration) unless they timely opt out. *Id.* at 3-4 ("If the Court denies Google's [arbitration] motion, you will remain part of the Class unless you timely exclude yourself as described below."). Plaintiffs thus envision that the notice would be disseminated to potential Class Members before the Court rules on Google's motion to compel arbitration, so that potential Class Members can make an informed decision about whether to opt out. Most importantly, the Ninth Circuit (in accord with other Circuits) has stated that "[a] district court [cannot] compel nonparties to the case to arbitrate until after a class ha[s] been certified ***and the notice and opt-out period [are] complete***." *Hill v. Xerox Bus. Servs., LLC,* 59 F. 4th 457, 469 (9th Cir. 2023) (citing *In re JPMorgan Chase & Co.*, 916 F.3d 494, 503 n.19 (5th Cir. 2019) and *Gutierrez v. Wells Fargo Bank NA*, 889 F.3d 1230, 1238 (11th Cir. 2018)) (emphasis added). Hearing the two motions together will enable the Court to approve the notice plan first so that notice can be disseminated while the Court considers its decision on the motion to compel arbitration.

Despite this controlling authority regarding the timing of notice, Google maintains that its Motion to Compel Arbitration should be decided before notice is disseminated and opposes Plaintiffs' Motion for Approval of the Class Notice Plan solely on this basis. Discussion of this timing dispute will almost certainly come up during the December hearing on the Motion to Compel Arbitration, such that it would be more efficient simply to formally calendar both motions for the same date. If the Court hears both motions at the same time, including the Parties' respective positions on timing, it will be able to render its decisions on the two motions in the order it deems correct. While the Court could still hear Google's motion to compel arbitration in December and reserve decision on it until after it has heard Plaintiffs' motion to approve the class notice plan in February, if the Court ultimately agrees with Plaintiffs that notice should be disseminated first, the separate hearings will have unnecessarily delayed notice by two months. Plaintiffs thus respectfully submit that hearing the two motions together will yield the fairest and most efficient outcome for all.

## III. CONCLUSION

For the reasons set forth herein, the Court should advance the hearing date for Plaintiffs' Motion for Approval of the Class Notice Plan to December 14, 2023. If unfeasible, in the alternative, the Court should continue the hearing date for Google's Motion to Compel Arbitration to February 8, 2024.

Dated: September 21, 2023

/s/ *Margaret MacLean*

Vincent Briganti (*pro hac vice*)
Christian Levis (*pro hac vice*)
Margaret MacLean (*pro hac vice*)
Andrea Farah (*pro hac vice*)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: (914) 997-0500
Facsimile: (914) 997-0035

vbriganti@lowey.com
clevis@lowey.com
mmaclean@lowey.com
afarah@lowey.com

Mark N. Todzo (Bar No. 168389)
Patrick Carey (Bar No. 308623)
**LEXINGTON LAW GROUP**
503 Divisadero Street
San Francisco, CA 94117
Telephone: (415) 913-7800
Facsimile: (415) 759-4112
mtodzo@lexlawgroup.com

Joseph P. Guglielmo (*pro hac vice*)
Erin Green Comite (*pro hac vice*)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169-1820
Telephone: (212) 223-6444
Facsimile: (212) 223-6334
jguglielmo@scott-scott.com
ecomite@scott-scott.com

John T. Jasnoch (Bar No. 281605)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
600 W. Broadway, Suite 3300
San Diego, CA 92101
Telephone: (619) 233-4565
Facsimile: (619) 233-0508
jjasnoch@scott-scott.com

*Attorneys for Plaintiffs*