Bobbie J. Wilson, Bar No. 148317
BWilson@perkinscoie.com
Sunita Bali, Bar No. 274108
SBali@perkinscoie.com
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, California 94105
Telephone: +1.415.344.7000
Facsimile: +1.415.344.7050

Erin K. Earl (*pro hac vice*)
EEarl@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000

Attorneys for Defendants
Alphabet Inc. and Google LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE GOOGLE ASSISTANT PRIVACY LITIGATION | Case No. 5:19-cv-04286-BLF<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR AN ORDER APPROVING CLASS NOTICE PLAN**<br><br>Date: February 8, 2024<br>Time: 9:00 a.m.<br>Dept.: Courtroom 3, 5th Floor<br>Judge: Hon. Beth Labson Freeman |

## I. INTRODUCTION

Defendants Alphabet Inc. and Google LLC (collectively, "Google") respond to Plaintiffs' Motion for Order Approving Class Notice Plan, solely to inform the Court of its position regarding the timing of class notice. The parties have reached agreement on the structure of the notice plan, but do not agree on notice timing. Plaintiffs contend that class notice should be disseminated before the Court decides Google's pending Motion to Compel Arbitration (Dkt. 397). But the Court's ruling on Google's pending motion will determine whether a significant number of people will be excluded from the certified Purchaser Class and thus need not receive notice at all. The more prudent and efficient approach would be to provide notice after the Court rules on Google's Motion to Compel Arbitration, because there would be no need to send notice to individuals who may be excluded from the class, and because it would enable the parties to make the notices ultimately sent to class members more clear. To do as Plaintiffs suggest and provide notice to millions of individuals who may soon be excluded from the class, would be backwards, risk confusion, and waste resources.

The parties' dispute regarding the timing of notice may ultimately be a moot point because Google's Motion to Compel Arbitration will be heard on December 14, 2023—nearly two months before the hearing on Plaintiffs' Motion for Approval of Class Notice Plan. Google nonetheless briefs this issue for the Court because hearing dates do not necessarily determine when this Court will rule on each motion or the timing of class notice.

## II. ARGUMENT

### A. Clarifying the Scope of Class Membership Before Disseminating Notice Is More Efficient and Would Avoid the Risk of Class Member Confusion

Courts routinely delay class notice in cases where there are pending issues that could affect class membership, because providing "premature notice risks harm to class members who likely would be confused[.]" *Bally v. State Farm Life Ins. Co.*, 2020 WL 3035781, at *5 (N.D. Cal. June 5, 2020); *see also Whitman v. State Farm Life Ins. Co.*, 2021 WL 5824572, at *1 (W.D. Wash. Dec. 8, 2021) (collecting cases).

The risk of confusion warrants postponing class notice until after the Court decides

Google's pending Motion to Compel Arbitration. If notice is sent before the Court rules on Google's motion, the notice will go to a significant number of people who cannot be members of the class because they agreed to a class waiver and to arbitrate their claims. Sending notice to those people would "likely [ ] result in unnecessary costs and may result in multiple notices and thus create confusion for potential class members." *Tschudy v. J.C. Penney Corp., Inc.*, 2015 WL 5098446, at *6 (S.D. Cal. Aug. 28, 2015) (internal citation and quotation omitted); *In re Apple & ATTM Antitrust Litig.*, 2010 WL 11489069, at *3 (N.D. Cal. Sept. 15, 2010) (granting defendants' motion that has "the practical effect of . . . stay[ing] the dissemination of Class Notice to millions of consumers for a short time [because] a stay will avoid the possibility of the Class receiving two conflicting Notices [and] serves the public interest to avoid the risk of significantly confusing the class consumers.").

If Google's motion is granted, then a second notice would be required to advise those recipients who agreed to the applicable arbitration agreements that the Court has granted Google's motion and excluded them from the Purchaser Class. The more efficient route is to wait until after the Court rules on Google's motion, and if Google's motion is granted, simply exclude from the notice plan those persons who agreed to arbitrate their claims. *See* Dkt. 397 (requesting that class members who agreed to arbitration be excluded from the Purchaser Class); *see also Freitas v. Cricket Wireless LLC*, 2022 WL 1082014, at *3 (N.D. Cal. Apr. 11, 2022) (a successful motion to compel arbitration serves to "exclude from the class definition absent class members who are likely subject to arbitration"); *Woods v. Vector Marketing Corp.*, 2015 WL 5188682, at *16 (N.D. Cal. Sept. 4, 2015) (ordering the class definitions to be revised to exclude individuals who agreed to arbitration).

Moreover, the current draft short and long form notices inform class members of Google's pending Motion to Compel Arbitration, and explain that anyone who agreed to arbitration may be excluded from the class if Google's motion is granted but will remain in the class if Google's motion is denied unless they timely opt out. *See* Dkts. 403-4 at 1, 403-5 at 1-2. Rather than attempt to notify potential class members on how possible rulings on a pending motion may affect their rights, the Court should first rule on the motion so that the notices can be tailored to account

for that ruling. That will avoid the risk of causing "significant confusion [ ] to potential class members who would be uncertain whether they needed to opt out of the class or whether they were still included in the class action at all." *Willcox v. Lloyds TSB Bank, PLC*, 2016 WL 917893, at *7 (D. Haw. Mar. 7, 2016) (delaying class notice to avoid confusion); *see also Brown v. Wal-Mart Stores, Inc.*, 2012 WL 5818300, at *4 (N.D. Cal. Nov. 15, 2012) (delaying proposed class notice due to the "risk [of] generating confusion among class members" given the possibility that the court would "have to modify or decertify the class after notice has issued").

In response to these common-sense considerations, Plaintiffs contend that under the Ninth Circuit's decision in *Hill v. Xerox Bus. Servs., LLC*, the Court cannot rule on Google's Motion to Compel Arbitration before class notice is disseminated and class members are given an opportunity to opt out. *See* Dkt. 406 at 2. Plaintiffs are wrong. *Hill* merely stands for the unremarkable proposition that absent class members cannot be compelled to arbitration until the notice and opt out period is complete. *See* 59 F. 4th 457, 469 (9th Cir. 2023). But Google does not seek an order compelling absent class members to arbitration. Rather, Google merely seeks an order excluding them from the Purchaser Class, because as this Court has already observed, "anyone with a valid enforceable arbitration agreement can't be a member of the class." Oct. 20, 2022 Tr. of Proceedings at 6; *see also Freitas,* 2022 WL 1082014, at *3. In other words, Ninth Circuit authority does not preclude this Court from proceeding in an efficient and logical fashion.

**B.     No Prejudice Will Result From Google's Proposed Timing**

Finally, the rights of the Purchaser Class will not be affected, much less prejudiced, by Google's proposed timing. *See* Wright & Miller, 7AA Fed Prac. & Proc. Civ. § 1786 (3d ed.) (the "timing of [class] notice has little or no practical effect on the class members' ability to exclude themselves from the action, inasmuch as that is preserved until the date specified in the notice."). The timing of class notice is only prejudicial if it would "substantially impair[ ]" the class members' "right to enter the action," such as when "absentees are not notified of the suit's existence until shortly before a judgment is entered." *Id.*

Here, the dispositive motion deadline and trial date are set for May and September of **2025**, respectively. *See* Dkt. 393. Thus, delaying notice to allow the Court sufficient time to

decide Google's Motion to Compel Arbitration would still allow class members ample opportunity to opt out long before any dispositive motion is likely to be decided, or trial is set to commence.

Thus, Google's proposal would not result in any prejudice to class members.

### III.     CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court decide Google's motion to compel arbitration before notice is sent to the Purchaser Class.

Dated:  October 5, 2023                                    **PERKINS COIE LLP**

By: _____
Bobbie J. Wilson, Bar No. 148317
Sunita Bali, Bar No. 274108
Erin Earl (*pro hac vice*)

Attorneys for Defendants
Alphabet Inc. and Google LLC