Joseph P. Guglielmo (*pro hac vice*)
Erin Green Comite (*pro hac vice*)
**SCOTT+SCOTT**
**ATTORNEYS AT LAW LLP**
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169-1820
Telephone: (212) 223-6444
Facsimile: (212) 223-6334
jguglielmo@scott-scott.com
ecomite@scott-scott.com

John T. Jasnoch (Bar No. 281605)
**SCOTT+SCOTT**
**ATTORNEYS AT LAW LLP**
600 W. Broadway, Suite 3300
San Diego, CA 92101
Telephone: (619) 233-4565
Facsimile: (619) 233-0508
jjasnoch@scott-scott.com

Vincent Briganti (*pro hac vice*)
Christian Levis (*pro hac vice*)
Margaret MacLean (*pro hac vice*)
Andrea Farah (*pro hac vice*)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: (914) 997-0500
Facsimile: (914) 997-0035
vbriganti@lowey.com
clevis@lowey.com
mmaclean@lowey.com
afarah@lowey.com

*Attorneys for Plaintiffs and the Class*

[Additional counsel appear on signature page.]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE GOOGLE ASSISTANT PRIVACY LITIGATION | Case No. 5:19-CV-04286-BLF<br><br>**PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR AN ORDER APPROVING CLASS NOTICE PLAN**<br><br>Date: February 8, 2024<br>Time: 9:00 a.m.<br>Dept: Courtroom 3, 5th Floor<br>Judge: Honorable Beth Labson Freeman |

Plaintiffs respectfully submit this reply in further support of their Notice of Motion and Motion for an Order Approving Class Notice Plan (ECF No. 403) and in opposition to Google's Response to Plaintiffs' Motion for Approving Class Notice (ECF No. 409). Notably, Google does not oppose Plaintiffs' proposed class notice plan, which is "the best notice that is practicable under the circumstances," satisfying both Fed. R. Civ. P. 23 ("Rule 23") and due process requirements. Google only disputes the timing of class notice. As discussed below, Plaintiffs contend that the Court is required to order notice be disseminated to the certified Purchaser Class *prior to* any decision on Google's Motion to Compel Arbitration ("Motion to Compel Arbitration," ECF No. 397). Google contends that notice need not be given to "individuals who may soon be excluded from the class." ECF No. 409 at 1. But *Hill v. Xerox Business Servs., LLC*, 59 F. 4th 457 (9th Cir. 2023) controls. The Court simply cannot compel members of a certified class to arbitration prior to dissemination of class notice. *Id.* at 469. Accordingly, Plaintiffs respectfully request that the Court approve Plaintiffs' proposed class notice plan and order that notice be disseminated prior to the Court's decision of the Motion to Compel Arbitration.

**A.    The Class Notice Plan Satisfies Rule 23 and Due Process**

As set forth in Plaintiffs' opening brief (ECF No. 403), the class notice plan (the "Notice Plan") satisfies the requirements of both Fed. R. Civ. P. 23(c)(2)(B) and due process. Google does not dispute this in its opposition brief (ECF No. 409). The Notice Plan proposes direct notice via email to Users of Google Assistant on Google-Made Devices and supplemental notice through press releases, Twitter (n.k.a. X) posts, and a case-specific settlement website. ECF No. 403 at 3-5. The Notice Plan is the best practicable notice under the circumstances, as it is reasonably calculated to reach a sufficient percentage of Class members without systematically leaving out any one group in compliance with due process and *Id.* R. 23. The form of the proposed notices, which would provide Class members with a 45-calendar day opt-out period, is based on and consistent with the Federal Judicial Center's notices, and thus satisfies the requirements of Fed. R. Civ. P. 23 and due process. *Id.* R. 6-7. Google does not oppose any features of the Notice Plan other than the timing of the dissemination of notice, discussed below. ECF No. 409. Accordingly, Plaintiffs respectfully request that the Court approve the Notice Plan.

**B.     The Certified Class Must Be Afforded Notice and an Opportunity to Opt Out Prior to the Court's Ruling on Google's Motion to Compel Arbitration**

Ninth Circuit authority is clear. The Court cannot compel absent class members into arbitration before they have been notified that they are class members and been given an opportunity to opt out. *Hill v. Xerox Business Servs., LLC*, 59 F. 4th 457, 469 (9th Cir. 2023) ("the district court could not compel nonparties to the case to arbitrate until after a class had been certified and the notice and opt-out period were complete."); *see also In re. JPMorgan Chase & Co.*, 916 F.3d 494, 503 n. 19 (5th Cir. 2019) ("courts cannot compel individuals to arbitrate when they are yet to be identified and have not joined the suit."). Accordingly, the Court should order that class notice be disseminated now so that the Court can decide Google's Motion to Compel Arbitration as to whether any persons in the certified Class should be compelled to arbitration.[1]

In essence, Google's desire to delay class notice for the sake of "efficiency" and "clari[ty]" is a backhanded and improper effort to re-litigate the class definition, which must be rejected. *See, e.g., Friend v. Hertz Corp.,* No. C-07-5222 MMC, 2014 WL 4415988, at *2 (N.D. Cal. Sept. 8, 2014) ("[i]n the absence of subsequent developments warranting a revision" to a class certification order, "the Court ordinarily has little reason to revisit the issue of the propriety of its original determination"); *Hartman v. United Bank Card, Inc.*, 291 F.R.D. 591, 597 (W.D. Wash. 2013) ("[i]n the absence of materially changed or clarified circumstances . . . courts should not condone a series of rearguments on the class issues by either the proponent or the opponent of the class") (quoting Newberg on Class Actions §7:47). Google's contention that it "does not seek an order compelling absent class members to arbitration," but "merely seeks an order excluding them from the Purchaser Class" (ECF No. 409 at 3) is pure semantic gamesmanship. Indeed, Class members' constitutional due process rights and the Fed. R. Civ. P. 23 requirements cannot be thwarted because Google deems it more convenient to do so.

Google's cited cases are inapposite. ***First***, all these cases predate the Ninth Circuit's controlling 2023 decision, *Hill v. Xerox*, and its straightforward requirement that class notice must

---

[1]   Plaintiffs contend Google's Motion to Compel Arbitration must be denied. *See* Plaintiffs' Opposition to Defendants' Motion to Compel Arbitration (ECF No. 399).

1  precede compelled arbitration.  *Hill v. Xerox Business Servs., LLC*, 59 F. 4th at 469.  **Second**,
2  Google's cases present factually and procedurally distinct fact patterns that do not apply here.
3          Google's principal cases, *Bally v. State Farm Life Ins. Co.* and *Whitman v. State Farm Life
4  Ins. Co.*, both involved cases on interlocutory appeal in which the appellate courts would decide
5  issues relevant to whether a class should have been certified in the first place.  In *Bally*, the Ninth
6  Circuit would have to decide whether the district court should have considered the evidence on
7  which class certification was predicated and whether, under the facts alleged, the commonality and
8  superiority requirements of Fed. R. Civ. P. 23 could even be satisfied.  *Bally v. State Farm Life
9  Ins. Co.*, No. 18-cv-04954-CRB, 2020 WL 3035781, at *2-3 (N.D. Cal. June 5, 2020).  In *Whitman*,
10 the interlocutory appeal raised substantially identical issues.  *Whitman*, 3:19-cv-6025-BJR, 2021
11 WL 5824572, at *1 (W.D. Wash. Dec. 18. 2021).  The Bally court, which issued the more fulsome
12 decision, observed repeatedly that the appeal raised "serious questions going to the merits."  *Bally*,
13 2020 WL 3035781, at *4.  In other words, the appeals in those cases, if successful, would have
14 established that the cases were not susceptible to class resolution and should not have been certified
15 in the first place.  No such interlocutory appeal of the propriety of class certification exists here.
16         Other cases cited by Google are equally irrelevant to the present dispute.  The district court
17 in *Apple & ATTM Antitrust Litig., No*. C 07-05152 JW, 2010 WL 11489069 (N.D. Cal. Sept. 15,
18 2010), issued a general stay of all proceedings while an issue of first impression was addressed on
19 appeal, noting that the Ninth Circuit's decision would determine the ultimate existence and shape
20 of the class.  *Id.* at *3.  Similarly, in *Wilcox v. Lloyds TSB Bank, PLC*, the court issued a general
21 stay pending resolution of an appeal where "the type of notice" to the class was "dependent on
22 further action by the Ninth Circuit."  *Wilcox*, No. 13-00508 ACK-RLP, 2016 WL 917893, at *8
23 (D. Haw. Mar. 7, 2016).  The same circumstances applied in *Brown v. Wal-Mart Stores, Inc., No.:
24 5:09-CV-03339-EJD*, 2012 WL 5818300, at *5 (N.D. Cal. Nov. 15, 2012) (granting general stay).
25 Again, no appeal is pending and no circumstances supporting a general stay of the case exist here.
26         In *Tschudy v. J.C. Penney Corp.* (*KSC*), CASE NO. 11cv1011 JM (KSC), 2015 WL
27 5098446 (S.D. Cal. Aug. 28, 2015), the district court was concerned with confusing the class,
28 where, *inter alia*, a Ninth Circuit decision published after class certification would require

1  substantive changes to the class definition. *Id.*, at *3 (citing *Avilez v. Pinkerton Gov't Servs., Inc.*, 696 F. App'x 579 (9th Cir. 2015)).   *Woods v. Vector Mktg. Corp.*, No. C-14-0264 EMC, 2015 WL 5188682 (N.D. Cal. Sept. 4, 2015), is inapposite where the plaintiffs expressly excluded individuals subject to arbitration agreements in the class definitions that the plaintiffs proposed. *Id.* at *16. Finally, *Freitas v. Cricket Wireless L.L.C.*, where the district court concluded certain groups of absent class members could simply be excluded from a class definition without notice or an opportunity to be heard "because it is likely that they would be required to arbitrate," *Freitas*, No. C 19-7270 WHA, 2022 WL 1082014, at *10 (N.D. Cal. Apr. 11, 2022), pre-dates *Hill*, and thus, is no longer persuasive.

Here, no interlocutory appeal is pending and there has been no material subsequent development in the case or the legal landscape.  Notably, in its Motion to Compel Arbitration, Google argues that a "significant portion" of the Purchaser Class may be subject to arbitration clauses, thereby conceding that these individuals are Class members.  ECF No. 397 at 1.  The Motion to Compel Arbitration does not call into question the suitability of this case to proceed as a class action.  Accordingly, there is no danger that Class members will be confused about class action litigation that wasn't.  On the contrary, due process requires that notice be issued so Class members will know that their class claims are pending before this Court and further will be informed that their disputes may be resolved in a different forum depending on the terms and conditions to which they may have been subject. *Hill,* 59 F.4th at 469.

Accordingly, the Court should order dissemination of class notice prior to a decision on the Motion to Compel Arbitration.

Dated:  October 26, 2023                    Respectfully Submitted,

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**

  s/ *Erin Green Comite*
Joseph P. Guglielmo *(pro hac vice)*
Erin Green Comite *(pro hac vice)*
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169-1820

4

|     |     |
| --- | --- |
| 1   | Telephone: (212) 223-6444 |
|     | Facsimile:  (212) 223-6334 |
| 2   | jguglielmo@scott-scott.com |
|     | ecomite@scott-scott.com |
| 3   |     |
|     | John T. Jasnoch (Bar No. 281605) |
| 4   | **SCOTT+SCOTT ATTORNEYS AT LAW LLP** |
|     | 600 W. Broadway, Suite 3300 |
| 5   | San Diego, CA 92101 |
|     | Telephone: (619) 233-4565 |
| 6   | Facsimile:  (619) 233-0508 |
| 7   | jjasnoch@scott-scott.com |
| 8   |     |
|     | Vincent Briganti (*pro hac vice*) |
| 9   | Christian Levis (*pro hac vice*) |
|     | Margaret MacLean (*pro hac vice*) |
| 10  | Andrea Farah (*pro hac vice*) |
|     | **LOWEY DANNENBERG, P.C.** |
| 11  | 44 South Broadway, Suite 1100 |
|     | White Plains, NY 10601 |
| 12  | Telephone: (914) 997-0500 |
|     | Facsimile:  (914) 997-0035 |
| 13  | vbriganti@lowey.com |
| 14  | clevis@lowey.com |
|     | mmaclean@lowey.com |
| 15  | afarah@lowey.com |
| 16  |     |
|     | Mark N. Todzo (Bar No. 168389) |
| 17  | Patrick Carey (Bar No. 308623) |
|     | **LEXINGTON LAW GROUP** |
| 18  | 503 Divisadero Street |
|     | San Francisco, CA 94117 |
| 19  | Telephone: (415) 913-7800 |
|     | Facsimile:  (415) 759-4112 |
| 20  | mtodzo@lexlawgroup.com |
| 21  | pcarey@lexlawgroup.com |
| 22  | *Attorneys for Plaintiffs and the Class* |

**CERTIFICATE OF SERVICE**

I hereby certify that on October 26, 2023, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

        *s/ Erin Green Comite*
        Erin Green Comite