1          IN THE UNITED STATES DISTRICT COURT

2        FOR THE NORTHERN DISTRICT OF CALIFORNIA

3                  SAN JOSE DIVISION


4

5   IN RE GOOGLE ASSISTANT PRIVACY    )   CV-19-4286-BLF
    LITIGATION                        )
6                                     )   SAN JOSE, CALIFORNIA
                                      )
7                                     )   DECEMBER 14, 2023
                                      )
8                                     )   PAGES 1-21
                                      )
9                                     )
    _____  )
10

                 TRANSCRIPT OF PROCEEDINGS
11       BEFORE THE HONORABLE BETH LABSON FREEMAN
                UNITED STATES DISTRICT JUDGE
12

13   A P P E A R A N C E S:

14   FOR THE PLAINTIFFS:    **BY:  MARGARET C. MACLEAN**
                            LOWEY DANNENBERG, P.C.
15                          44 SOUTH BROADWAY, SUITE 1100
                            WHITE PLAINS, NY 10601
16

17   FOR THE PLAINTIFFS:    **BY:  ERIN GREEN COMITE**
                            SCOTT & SCOTT, LLP
18                          156 SOUTH MAIN STREET
                            COLCHESTER, CT 06415
19

20

21
                APPEARANCES CONTINUED ON THE NEXT PAGE
22

23   OFFICIAL COURT REPORTER:    SUMMER FISHER, CSR, CRR
                                 CERTIFICATE NUMBER 13185
24

25        PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY
               TRANSCRIPT PRODUCED WITH COMPUTER

```
 1    APPEARANCES CONTINUED:

 2    FOR THE DEFENDANT:      BY:  BOBBIE JEAN WILSON
                              PERKINS COIE LLP
 3                            505 HOWARD STREET, SUITE 1000
                              SAN FRANCISCO, CA 94105
 4

 5    ALSO PRESENT
      FOR THE DEFENDANT:      BY:  MAKESHA PATTERSON
 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
1            SAN JOSE, CALIFORNIA                 DECEMBER 14, 2023

2                        P R O C E E D I N G S

3       (COURT CONVENED AT 9:00 A.M.)

4            THE CLERK:  CLERK CALLING CASE 19-04286.  IN RE

5       GOOGLE ASSISTANT PRIVACY LITIGATION.

6            COUNSEL, IF YOU WOULD PLEASE STATE YOUR APPEARANCES.

7            MS. MACLEAN:  MARGARET MACLEAN FROM LOWEY DANNENBERG

8       FOR THE PLAINTIFFS.

9            GOOD MORNING, YOUR HONOR.

10            THE COURT:  GOOD MORNING.

11            MS. COMITE:  ERIN GREEN COMITE FOR THE PLAINTIFFS,

12       FROM SCOTT & SCOTT.

13            THE COURT:  TELL ME YOUR NAME AGAIN.

14            MS. COMITE:  SORRY.

15       ERIN COMITE WITH SCOTT & SCOTT.

16            THE COURT:  OH, I'VE GOT A DIFFERENT NAME WRITTEN

17       DOWN, THAT'S WHY I WAS CONFUSED.  IT'S NOT ERIN EARL?  I'M

18       CONFUSED, THAT'S ALL.  I JUST WANT TO KNOW YOUR NAME SO I CAN

19       ADDRESS YOU PROPERLY.

20            THE CLERK:  COUNSEL, IF YOU CAN TURN ON YOUR VIDEO.

21            THE COURT:  OH, IT'S NOT MS. -- OH, IT'S SOMEONE

22       SPEAKING WHO I'M NOT -- SORRY, MS. EARL.  I NEED -- IF YOU ARE

23       NOT ON VIDEO, THE HEARING IS OVER.

24            MS. EARL:  GOOD MORNING, YOUR HONOR.

25            THIS IS ERIN EARL.  I'M COUNSEL FOR DEFENDANTS.  I BELIEVE
```

1          MS. COMITE IS ANOTHER COUNSEL FOR PLAINTIFFS.

2               THE COURT:  OKAY.  WELL THEN SHE DOESN'T NEED TO BE

3     ON VIDEO IF SHE'S NOT ADDRESSING ORALLY.

4          AND MS. EARL, YOU ARE REPRESENTING GOOGLE?

5               MS. EARL:  COUNSEL FOR DEFENDANTS.  YES, YOUR HONOR.

6          AND I BELIEVE MY COLLEAGUE, MS. BOBBIE WILSON AND IN-HOUSE

7     COUNSEL FOR GOOGLE, MAKESHA PATTERSON ARE ALSO JOINING THE ZOOM

8     BUT NOT SPEAKING -- ADDRESSING THE COURT TODAY.

9               THE COURT:  GOOD.  THANK YOU.

10         ALL RIGHT.  THIS IS THE TIME SET FOR GOOGLE'S MOTION TO

11    COMPEL ARBITRATION.  AND TYPICALLY THESE MOTIONS ARE PRETTY

12    STRAIGHTFORWARD, BUT I THINK THERE IS A VERY CLOSE CALL ON THE

13    WAIVER ISSUE.

14         I THINK -- FRANKLY, I THINK THAT'S THE ONLY ISSUE WE NEED

15    TO ADDRESS ORALLY TODAY.  I KNOW THAT THE PLAINTIFFS HAVE

16    IDENTIFIED OTHER DEFICIENCIES WITH THE MOTION TO COMPEL

17    ARBITRATION.

18         I'M GLAD TO HEAR ARGUMENT ON THAT MS. MACLEAN, I DIDN'T

19    THINK THAT WAS AS STRONG, BUT I AM REALLY CONCERNED ABOUT THE

20    EXTENT OF THE LITIGATION DIRECTED TO THE OVERALL ISSUES IN THE

21    CASE THAT WOULD AFFECT THE VIABILITY OF THE CLASS CLAIMS, NOT

22    JUST THE INDIVIDUAL NAMED PLAINTIFFS.

23         FOUR MOTIONS TO DISMISS, A MOTION FOR SUMMARY JUDGEMENT, I

24    RECOGNIZE I STRUCK THAT BECAUSE WE HADN'T HAD CLASS

25    CERTIFICATION YET, BUT I'M JUST VERY CONCERNED THAT THIS MAY

1    ACTUALLY BE A WAIVER SITUATION AND WE ARE DEALING WITH THE HILL

2    V. XEROX CASE, ALTHOUGH IN THIS CIRCUMSTANCE, I'M NOT ACTUALLY

3    SURE THE ISSUE HERE IS SO NEW.  THE NEWIRTH CASE IS A 2019 CASE

4    BY THE NINTH CIRCUIT, I THINK SETTING OUT THE SAME ISSUES HERE

5    OF NOT PURSUING THE ARBITRATION ISSUE AS EARLY AS POSSIBLE.

6         AND I ALSO -- THE SUBSTANCE OF THE MOTION FOR SUMMARY

7    JUDGEMENT IS VERY CONCERNING TO ME IN TERMS OF SHOWING THE

8    DEFENDANT'S INTENT.

9         SO MS. EARL, THIS IS YOUR MOTION.  I WOULD LIKE TO HEAR

10   YOUR ARGUMENT FIRST.

11              MS. EARL:  THANK YOU, YOUR HONOR.

12        I WILL START WITH WAIVER SINCE THAT'S OBVIOUSLY THE MOST

13   PRESSING ON THE COURT'S MIND.

14        SO I THINK THERE ARE A COUPLE OF THINGS TO KEEP IN MIND

15   ABOUT THE MOTION TO COMPEL ARBITRATION THAT WE HAVE HERE, ONE

16   OF WHICH IS THAT GOOGLE COULD NOT HAVE MOVED TO COMPEL

17   ARBITRATION AS TO ABSENT CLASS MEMBERS ANY EARLIER THAN IT DID.

18              THE COURT:  I'M NOT SURE THAT'S ACCURATE UNDER THE

19   LAW, AND I THINK THE HILL COURT ADDRESSES THAT ISSUE.

20              MS. EARL:  I BELIEVE IF YOU LOOK AT HILL, YOU CAN SEE

21   THAT THERE ARE TWO DIFFERENT DISPUTE RESOLUTION CONTRACTS AT

22   ISSUE IN THAT CASE.

23              THE COURT:  YES.

24              MS. EARL:  SO ONE IS THE 2002 AGREEMENT, WHICH THE

25   COURT SAYS THE DEFENDANT WAIVED THE RIGHT TO ARBITRATE UNDER

1        THE 2002 AGREEMENT.

2            AND THEY SAY THERE'S ANOTHER AGREEMENT, THAT'S THE 2012

3    AGREEMENT, WHICH THE DISTRICT COURT HAD EXCLUDED INDIVIDUALS

4    WHO AGREED TO THAT AGREEMENT FROM THE SCOPE OF THE CERTIFIED

5    CLASS.

6            AND WHEN YOU READ THE BACKGROUND, WHAT THE DEFENDANT DID

7    WITH RESPECT TO THE 2012 AGREEMENT, WAS IT RAISED THAT ISSUE IN

8    ITS ANSWER, IT RAISED THAT SOME CLASS MEMBERS HAD AGREED TO

9    ARBITRATE IN ITS OPPOSITION TO CLASS CERTIFICATION, AND IT

10   DIDN'T -- NOTABLY, IT DID NOT SEEK SUMMARY JUDGEMENT AS TO

11   THOSE ABSENT CLASS MEMBERS.  IT SOUGHT SUMMARY JUDGEMENT AS TO

12   THE 2002 AGREEMENT.

13            THE COURT:  RIGHT.

14            MS. EARL:  AND SO IF YOU LOOK AT WHAT GOOGLE HAS DONE

15   HERE BEFORE CLASS CERTIFICATION, IT RAISED ITS RIGHT TO

16   ARBITRATE IN ITS ANSWER AS AN AFFIRMATIVE DEFENSE.  IT RAISED

17   THE FACT THAT MANY CLASS MEMBERS HAD AGREED TO THESE

18   ARBITRATION AGREEMENTS IN ITS OPPOSITION TO CLASS

19   CERTIFICATION, SEEKING TO HAVE THEM EXCLUDED FROM THE SCOPE OF

20   ANY CERTIFIED CLASS.  AND ITS MOTION FOR SUMMARY JUDGEMENT WAS

21   TAILORED TO THE INDIVIDUAL CIRCUMSTANCES OF THE NAMED

22   PLAINTIFFS.

23            AND SO BECAUSE IN THIS MOTION TO COMPEL ARBITRATION, THE

24   RELIEF THAT'S BEING REQUESTED IS THE EXCLUSION FROM THE

25   PURCHASER CLASS OF THOSE INDIVIDUALS WHO AGREED TO ONE OF THE

1      TWO ARBITRATION AGREEMENTS --

2              THE COURT:  RIGHT.  BUT IT'S SORT OF AN ODD

3      SITUATION, I'M NOT ACTUALLY COMPELLING ANYBODY TO ARBITRATION.

4          IF YOU WIN, I WOULD NOT COMPEL ANY INDIVIDUAL TO

5      ARBITRATION, I WOULD SIMPLY EXCLUDE THEM FROM THE CLASS; IS

6      THAT CORRECT?

7              MS. EARL:  THAT'S CORRECT.  THEY WOULD BE EXCLUDED

8      FROM THE CLASS, THEY WOULD NOT BE BOUND BY THAT DECISION.  IF

9      THEY THEN CAME LATER, THEY WOULD NOT BE PRECLUDED FROM ARGUING

10     THAT THERE WAS SOME INDIVIDUAL ISSUE WITH RESPECT TO THEIR

11     AGREEMENT TO ARBITRATE.

12         SO GIVEN ALL OF THAT, YOU KNOW, I THINK THERE'S -- I

13     STRUGGLE JUST HOW GOOGLE COULD HAVE WAIVED ITS ARGUMENTS WITH

14     RESPECT TO THESE AGREEMENTS.

15             THE COURT:  SO I CERTAINLY AGREE WITH YOU THAT YOU

16     RAISED THE ARBITRATION DEFENSE IN YOUR ANSWER, BUT THE ANSWER

17     WAS FILED YEARS INTO THE CASE.  YOU WEREN'T REQUIRED TO ANSWER

18     ANY SOONER BECAUSE WE HAD MULTIPLE ROUNDS OF MOTIONS TO

19     DISMISS, BUT THAT DISTINGUISHES THIS CASE FROM THE HILL CASE.

20         THE OTHER THING IS THAT AS MS. MACLEAN POINTS OUT, IN THE

21     INITIAL CASE MANAGEMENT CONFERENCE, YOU DID NOT RAISE THE

22     ARBITRATION ISSUE.

23             MS. EARL:  THAT IS TRUE.

24         I BELIEVE WHAT WAS SAID IN THE CMC STATEMENT IS THAT THE

25     PARTIES AGREE THIS CASE IS NOT SUITABLE FOR REFERENCE TO

```
 1        BINDING ARBITRATION, A SPECIAL MASTER, OR THE JUDICIAL PANEL ON

 2        MULTI-DISTRICT LITIGATION.

 3             AND THAT WAS TRUE AT THE TIME BECAUSE THERE WAS NO REASON

 4        TO BELIEVE THAT ANY OF THE NAMED PLAINTIFFS HAD AGREED TO ANY

 5        OF THESE ARBITRATION AGREEMENTS, WHICH ALSO I WOULD POINT OUT

 6        IF YOU LOOK AT THE DATES THAT THEY CAME INTO EFFECT, WE ARE

 7        VERY CLOSE TO THE DATES THAT THE LAWSUIT WAS FILED.

 8             THE COURT:  WELL THAT'S TRUE, AND OF COURSE THIS

 9        MOTION WOULD ONLY TRIM THE CLASS, IT WOULD NOT ELIMINATE IT.

10             MS. EARL:  EXACTLY.

11        SO GOOGLE HAD TO LITIGATE THE MERITS OF THE NAMED

12        PLAINTIFF'S CLAIMS, IRRESPECTIVE OF THE AGREEMENT OF ABSENT

13        CLASS MEMBERS TO ARBITRATE.

14             AND SO BECAUSE -- AND AGAIN, YOU KNOW, GOOGLE HAD A

15        DEADLINE TO MOVE FOR SUMMARY JUDGEMENT, IT HAD TO MOVE FOR

16        SUMMARY JUDGEMENT AS TO THOSE NAMED PLAINTIFF'S CLAIMS, WHICH

17        IS WHAT IT DID.

18             THE COURT:  WELL, BUT I'M LOOKING -- I ONLY HAVE A

19        COPY OF THE TABLE OF CONTENTS FROM YOUR MOTION FOR SUMMARY

20        JUDGEMENT.  BUT I THINK IT'S PERTINENT TO THE HILL CASE BECAUSE

21        YOU ARE NOT SIMPLY SEEKING TO DISMISS IN ANY OF THE NAMED

22        PLAINTIFF'S CLAIMS BECAUSE OF THEIR PARTICULAR FACTUAL

23        CIRCUMSTANCE.

24             SO EVEN IF I WERE TO AGREE WITH YOU THAT YOUR MOTIONS TO

25        DISMISS PERTAIN TO THE NAMED PLAINTIFFS AND THEIR PARTICULAR
```

1    CIRCUMSTANCES SO THAT HILL MIGHT NOT BE -- WAIVER ISSUE MIGHT

2    NOT BE APPLIED, WHEN I LOOK AT YOUR SUMMARY JUDGEMENT MOTION,

3    IT LOOKS TO ME AS THOUGH THAT'S EXACTLY WHAT YOU ARE DOING,

4    YOU'VE GONE BEYOND THE NAMED PLAINTIFFS AND YOU ARE SEEKING TO

5    DISMISS THE CLAIMS AS IT WOULD APPLY TO ABSENT CLASS MEMBERS.

6         AND THIS IS -- LET'S SEE, I THINK I EVEN NOTED WHEN YOU

7    FILED YOUR ANSWER, SOMEWHERE, I HAVE TOO MANY NOTES.

8         MS. EARL:  I BELIEVE THE ANSWER WAS FILED IN JANUARY

9    OF 2022, YOUR HONOR.

10         THE COURT:  RIGHT.  AND YOUR SUMMARY JUDGEMENT WAS

11    FILED IN AUGUST OF 2022.  SO CLEARLY BY JULY -- I'M SORRY,

12    JANUARY OF 2022, YOU KNEW THE ARBITRATION ISSUE WAS AVAILABLE

13    TO YOU, AND THEN EIGHT MONTHS LATER, AFTER THE CLOSE OF

14    DISCOVERY.  AND I RECOGNIZE THAT THERE WAS A CASE SCHEDULE, BUT

15    CASE SCHEDULES CAN BE CHANGED FOR GOOD CAUSE, YOU DON'T BRING A

16    MOTION TO COMPEL ARBITRATION, YOU RAISE THE ISSUE IN THE

17    OPPOSITION TO CLASS CERT, AND YOU HAVE THIS FULL-THROATED

18    MOTION FOR SUMMARY JUDGEMENT THAT WOULD AFFECT THE RIGHTS OF

19    THE ABSENT CLASS MEMBERS.

20         THAT'S WHERE I THINK YOU MAY FALL INTO THE HILL WAIVER

21    ISSUE.

22         MS. EARL:  FIRST OF ALL, YOUR HONOR, I THINK THERE'S

23    A DISTINCTION BETWEEN HILL AND OUR MOTION FOR SUMMARY

24    JUDGEMENT, IN THAT HILL, THE NAMED PLAINTIFF HAD NOT AGREED TO

25    EITHER ARBITRATION AGREEMENT, AND THE MOTION FOR SUMMARY

1    JUDGEMENT WAS PREMISED ON THE SAME CONTRACT AND WAS EXPLICITLY

2    CALLED OUT AS BEING -- SEEKING RELIEF AS TO THE ABSENT CLASS

3    MEMBERS; WHEREAS I BELIEVE IF YOU LOOK AT THE ACTUAL -- THE

4    FACTUAL BACKGROUND, THE DISCOVERY, THE EVIDENCE SUBMITTED IN

5    CONNECTION WITH GOOGLE'S MOTIONS FOR SUMMARY JUDGEMENT, IT WAS

6    TAILORED TOWARDS THE DEPOSITION TESTIMONY AND THE SPECIFIC

7    RECORDS RELATED TO THE NAMED PLAINTIFF'S CLAIMS.

8        THE COURT:  WELL I DON'T ACTUALLY SEE THAT THOUGH

9    WHEN I LOOK -- AND I DIDN'T READ YOUR FULL MOTION FOR SUMMARY

10   JUDGEMENT, I READ THIS FULL MOTION, THERE WAS ONLY SO MUCH

11   TIME, BUT I DON'T SEE THAT THESE ISSUES ARE SO TAILORED TO THE

12   INDIVIDUAL NAMED PLAINTIFFS'S PARTICULAR CIRCUMSTANCES.

13       MS. EARL:  I AGREE WITH YOU, YOUR HONOR, THAT THE

14   LEGAL ISSUES, JUST AS IN THE MOTION TO DISMISS, WOULD RELATE TO

15   THE CLAIMS, BUT THE EVIDENCE THAT WAS SUBMITTED IN CONNECTION

16   WITH THE MOTION FOR SUMMARY JUDGEMENT WAS SPECIFIC TO THE NAMED

17   PLAINTIFFS.

18       SO FOR EXAMPLE, THE RECORDS OF THE QUERIES THAT THEY MADE

19   THROUGH THEIR ASSISTANT DEVICES OR THEIR SPECIFIC DEPOSITION

20   TESTIMONY, LIKE THAT WAS THE EVIDENCE THAT THE MOTION RELIED

21   ON, AND THE RELIEF THAT WAS REQUESTED, I BELIEVE WAS THE

22   SUMMARY JUDGEMENT BEING GRANT AS TO THE NAMED PLAINTIFFS, IN

23   PART BECAUSE THERE WAS NO CLASS CERTIFIED, BUT GOOGLE COULD NOT

24   HAVE REQUESTED RELIEF AS TO ABSENT CLASS MEMBERS BECAUSE THEY

25   WEREN'T MEMBERS OF THE ACTION YET, WHICH IS ALSO WHY OUR

1    UNDERSTANDING HAD BEEN THAT GOOGLE COULD NOT HAVE MOVED TO

2    COMPEL ARBITRATION BEFORE ANY CLASS WAS CERTIFIED AS TO ABSENT

3    CLASS MEMBERS WHO ARE NOT YET PARTICIPANTS IN THE ACTION.

4         THE COURT:  OKAY.  AND THEN YOU ARE SAYING THAT BY

5    RAISING THE ISSUE AS IN OPPOSITION TO CLASS CERT, THAT WAS THE

6    EARLIEST TIME THAT YOU COULD HAVE RAISED THE ISSUE.

7         MS. EARL:  IN OPPOSITION TO CLASS CERT AND IN THE

8    ANSWER.

9         THE COURT:  OF COURSE, THE ANSWER.  THANK YOU.

10    OKAY.  ALL RIGHT.  ANYTHING ELSE YOU WOULD LIKE TO ADDRESS

11    BEFORE I TURN TO MS. MACLEAN?

12         MS. EARL:  JUST VERY BRIEFLY, YOUR HONOR.

13    YOU KNOW, OUR VIEW IS THAT BOTH THE GOOGLE SALES TERMS AND

14    THE DEVICE ARBITRATION AGREEMENT ARE VALID AND ENFORCEABLE

15    AGREEMENTS TO ARBITRATE THAT DO COVER THE BREACH OF CONTRACT

16    AND UCL CLAIMS OF THE PURCHASER CLASS, AND THEREFORE WE WOULD

17    ARGUE THERE HAS BEEN NO WAIVER AND THOSE AGREEMENTS SHOULD BE

18    ENFORCED.

19         THE COURT:  THANK YOU.

20    MS. MACLEAN, LET ME JUST START OUT BEFORE I HEAR YOUR

21    ARGUMENT, I KNOW IN THE ORDER ON CLASS CERTIFICATION THAT I

22    RULED THAT THERE WAS NO WAIVER; HOWEVER, I THINK THAT THE

23    BRIEFING ON THAT ISSUE WAS SCANT AND I AM GOING TO TAKE A NEW

24    LOOK AT IT.  I ESPECIALLY WANT TO LOOK AT IT UNDER THE HILL

25    CASE WHICH I DIDN'T HAVE THE BENEFIT OF AT THE TIME.

1    SO I DON'T WANT YOU TO -- YOU ARE CORRECT IN YOUR BRIEFING

2    THAT I -- OR I SAY MS. EARL WAS CORRECT THAT I ALREADY FOUND NO

3    WAIVER, BUT CLEARLY BY HOW ROBUST THIS BRIEFING IS, I THINK

4    EVERYONE DOES UNDERSTAND THAT THAT WAIVER ARGUMENT IS FRONT AND

5    CENTER.

6    SO WITH THAT, LET ME HEAR YOUR ARGUMENT.

7    MS. MACLEAN:  SURE.  THANK YOU, YOUR HONOR.

8    I THINK YOUR HONOR HAS ALREADY TOUCHED ON MANY OF MY BEST

9    ARGUMENTS, BUT A FEW THINGS THAT I WOULD RAISE.

10    FIRST OF ALL, THE FEBRUARY 2020 CASE MANAGEMENT STATEMENT,

11    MS. EARL MAKES AN ARGUMENT THAT THEY DIDN'T HAVE KNOWLEDGE OF

12    THE NAMED PLAINTIFF'S INDIVIDUAL ARBITRATION AGREEMENTS.

13    FIRST OF ALL, I DON'T THINK THAT THAT IS FACTUALLY

14    ACCURATE BECAUSE THEY HAD THE ABILITY IN THEIR OWN RECORDS TO

15    CHECK THE NAMED PLAINTIFF'S ARBITRATION AGREEMENTS.

16    BUT MORE TO THE POINT, THEY KNEW THAT PIXELS AND GOOGLE

17    HOMES WERE AN ISSUE IN THIS CASE, THAT HAD BEEN MADE CLEAR IN

18    THE INITIAL AND THE AMENDED COMPLAINT, AND THEY KNEW THAT THEY

19    HAD DEVICE ARBITRATION AGREEMENTS THAT THEY HAD PERSONALLY

20    DRAFTED COVERING PIXEL AND GOOGLE HOME.

21    SO THERE'S ABSOLUTELY NO REASON THAT GOOGLE COULD NOT HAVE

22    AND SHOULD NOT HAVE BEEN AWARE OF ITS RIGHT TO ARBITRATE AT

23    THAT TIME, INSTEAD IT AFFIRMATIVELY STATES THE CASE IS NOT

24    SUITABLE FOR ARBITRATION, IT STATES THAT IT INTENDS TO TAKE

25    DISCOVERY OF UNNAMED CLASS MEMBERS AND THAT IT TAKES LEGAL

1    RULINGS ON THE MERITS OF THE CLAIMS, EXACTLY AS YOUR HONOR

2    POINTED OUT, APPLICABLE TO ALL CLASS MEMBERS AND NOT JUST THE

3    NAMED PLAINTIFFS.

4         AND THAT DEEMED AS WELL WITH THE MOTION FOR SUMMARY

5    JUDGEMENT.  AS YOUR HONOR POINTED OUT, THERE WERE A NUMBER OF

6    ARGUMENTS IN THERE THAT WERE NOT SPECIFIC TO ANY NAMED

7    PLAINTIFF.  FOR EXAMPLE, GOOGLE ARGUED THAT IT HAD NO INTENT TO

8    INTERCEPT COMMUNICATIONS NOT INTENDED FOR THE ASSISTANT.  IT

9    CITED ITS OWN EVIDENCE, NOT JUST THE NAMED PLAINTIFF'S

10   EVIDENCE, BUT EVIDENCE OF ITS OWN CONDUCT AND ITS OWN PRACTICES

11   AT THAT TIME, AND SO I WOULD SAY THAT THAT IS PRECISELY WITHIN

12   THE HILL FRAMEWORK.

13        AND ANOTHER POINT TOO IS THAT THE PLAINTIFF KUMANDAN, AS

14   THEY NOW ADMIT IN THEIR BRIEFING, IS IN FACT AS COVERED BY THE

15   ARBITRATION AGREEMENT AS ANY OTHER CLASS MEMBER WITHOUT WAIVING

16   THEIR ARGUMENT THAT --

17             THE COURT:  NOT ENTIRELY.  HE HAS ONE DEVICE THAT'S

18    NOT COVERED.

19             MS. MACLEAN:  HE DOES, BUT THEY HAVE PLAINLY WAIVED

20    THEIR RIGHT TO PURSUE ARBITRATION AS TO THE DEVICE FOR WHICH HE

21    DOES.

22             THE COURT:  WELL THEY EXPRESSLY WAIVE THAT.

23             MS. MACLEAN:  YES, THAT'S CORRECT.

24        AND SO MY QUESTION IS HOW PLAINTIFFS WERE MEANT TO INTUIT

25   THAT THEY MEANT TO PRESERVE THEIR RIGHT AS TO THE CLASS MEMBERS

1    BUT NOT AS TO PLAINTIFF KUMANDAN.

2        PARTICULARLY WHEN YOU LOOK AT THEIR ANSWER, THEY -- IN THE

3    LAST SENTENCE OF THE AFFIRMATIVE DEFENSE, ON ARBITRATION THEY

4    WRITE, "GOOGLE RESERVES THE RIGHT TO COMPEL ARBITRATION OF

5    THESE CLAIMS UPON CONFIRMING PLAINTIFF'S AGREEMENT TO ONE OR

6    MORE APPLICABLE BINDING ARBITRATION AGREEMENTS."

7        THEY APPEAR TO HAVE DONE THAT.  THEY CONFIRM -- THEY HAVE

8    THEIR OWN DECLARANT HERE SAYING THEY CONFIRMED PLAINTIFF

9    KUMANDAN AGREED TO ARBITRATE, AND YET THEY HAVE GONE AND WAIVED

10   THAT CLAIM, AND IT'S NOT AT ALL CLEAR WHY EXACTLY THE SAME

11   SHOULDN'T GO FOR THE ABSENT CLASS MEMBERS.

12       SO AGAIN, YOUR HONOR, I THINK THIS IS THE TRUE WAIVER

13   SITUATION IN WHICH GOOGLE HAS NOT JUST SOUGHT REPEATED JUDICIAL

14   RESOLUTION OF THE MERITS OF ITS CLAIMS, SO ITS CERTAINLY DONE

15   THAT, BUT ALSO EXPRESSLY STATED THAT IT DID NOT INTEND TO

16   ARBITRATE, AND PLAINTIFFS HAVE JUSTLY RELIED ON THAT, AND IT'S

17   NOW SIMPLY TOO LATE.

18       THE COURT:  SO I NOTICE THAT, AND I GUESS IT WAS

19   CITED IN YOUR BRIEFS, I DON'T THINK I FOUND IT ON MY OWN, THAT

20   WITHIN A -- I THINK MAYBE THE DAY BEFORE HILL, OR IT MUST BE

21   THE DAY AFTER, LET ME GET THESE DATES RIGHT, BECAUSE IT

22   MATTERS, THE ARMSTRONG CASE WAS DECIDED OVER TEN DAYS AFTER THE

23   HILL CASE.  ARMSTRONG V. MICHAEL STORES 59 F.4TH, 1011, AND IT

24   WENT THE OTHER WAY BASED ON THOSE FACTS ACKNOWLEDGING HILL.

25       I DON'T KNOW WHETHER THAT'S CITED OR IF YOU FOUND IT, I

1    DON'T RECALL.  ARE YOU FAMILIAR WITH THAT CASE, MS. MACLEAN.

2            MS. MACLEAN:  I AM NOT, YOUR HONOR.  IF I HAD, I

3    WOULD HAVE CITED IT.

4        I WOULD SAY THE MAIN POINT I WANTED TO HIGHLIGHT WITH

5    XEROX IS THE ONE YOUR HONOR PICKED UP ON, IS JUST THE FACT THAT

6    PERHAPS THEIR MOTION TO COMPEL ARBITRATION MAY NOT HAVE BEEN

7    RIPE UNTIL LATER, DOESN'T MEAN THEY WEREN'T CAPABLE OF WAIVING

8    IT AT AN EARLIER TIME.

9            THE COURT:  RIGHT.  THAT'S WHAT HILL SAYS, YES,

10   BECAUSE WAIVER HAS TO DO WITH THE DEFENDANT'S CONDUCT.

11           MS. MACLEAN:  THAT'S THE MAIN IMPORT OF THE CASE.

12           THE COURT:  RIGHT, RIGHT.

13       THIS IS A VERY CLOSE CALL.  IT IS TROUBLING TO ME THAT

14   THIS CASE DATES BACK TO 2019, WE ARE JUST ABOUT AT THE CLOSE OF

15   2023, AND FULL-THROATED DISCOVERY HAS GONE BY.  AND EVEN IF I

16   DISREGARD THE MOTIONS TO DISMISS AS BEING FOCUSED ONLY ON THE

17   VIABILITY OF THE NAMED PLAINTIFFS'S CLAIMS AS OPPOSED TO CLASS

18   CLAIMS, THE EIGHT MONTHS BETWEEN THE ANSWER AND THE MOTION FOR

19   SUMMARY JUDGEMENT AND THE MOTION TO CERTIFY A CLASS IS REALLY

20   TROUBLING TO ME.  AS I SAY, IT'S NOT A CLEAR CASE.

21       MS. MACLEAN, DID YOU WANT TO ARGUE ANY OF THE OTHER ISSUES

22   ON -- I MEAN, THE UNCONSCIONABILITY ISSUE, WE HAVE SEEN MANY

23   TIMES, I DON'T ACTUALLY THINK THAT HAS LEGS, BUT I KNOW YOU HAD

24   AN ARGUMENT UNDER THE TERMS OF SERVICE.

25       PERSONALLY, IN REVIEWING IT, I FELT THAT WASN'T STRONG.  I

1    FEEL THAT THE TERMS OF SERVICE HAVE A FORUM SELECTION CLAUSE

2    AND DOES NOT EXPRESSLY DEVIATE FROM THE ARBITRATION PROVISION

3    IN THE DEVICE CONTRACT.  YOU ARE CLAIMING THAT ALL INJURY COMES

4    FROM OVERPAYING FOR THE DEVICE.  AND SO I THINK THE ARBITRATION

5    CLAUSE WOULD APPLY IF I DON'T FIND WAIVER, BUT I'M GLAD TO HEAR

6    YOUR ARGUMENT ON HOW I'VE MISCONSTRUED THAT.

7          MS. MACLEAN:  SURE, YOUR HONOR.

8          OBVIOUSLY I TAKE YOUR POINT.  SO WE HAVE HERE A SITUATION

9    WHERE THERE IS A CONTRACT THAT IS VERY DIRECTLY ON POINT THAT

10   IS SPECIFIC TO GOOGLE ASSISTANT AND WHERE THE PLAINTIFFS HAVE

11   BROUGHT CLAIMS SPECIFICALLY FOR BREACH OF THAT CONTRACT THAT

12   PROVIDES FOR JUDICIAL RESOLUTION OF THEIR CLAIMS, THAT DOES NOT

13   CITE WITHIN IT TO ANY OF THE DEVICE AGREEMENTS OR PUT ANY CLASS

14   MEMBER ON NOTICE THAT PERHAPS THEY MIGHT HAVE THE SAME CLAIM --

15   IF THEY USE THE ASSISTANT ON ONE DEVICE THAT THEY WOULD BE

16   LITIGATING IT, IF THEY USED IT ON ANOTHER DEVICE, THAT THEY

17   WOULD BE ARBITRATING IT.  AT A MINIMUM, IT IS NOT CLEAR TO A

18   REASONABLE CLASS MEMBER THAT THEY WOULD BE RELINQUISHING THE

19   RIGHT TO LITIGATION SET FORTH IN THE TERMS OF SERVICE SIMPLY BY

20   USING THAT SERVICE ON ONE DEVICE VERSUS ANOTHER.

21          THE COURT:  YEAH.  I DON'T ACTUALLY SEE THAT CLAUSE

22   AS GIVING A RIGHT TO LITIGATION, I THINK IT'S -- AND OTHER

23   CASES HAVE POINTED OUT THAT'S REALLY A FORUM SELECTION CLAUSE,

24   AND CLEARLY WE ARE IN COURT, AREN'T WE.

25          I MEAN, EVEN -- UNLESS A PARTY -- UNLESS A PLAINTIFF OR A

1    CONSUMER AGREES TO ARBITRATE, IT HAS TO GO TO COURT SOMEWHERE,

2    EITHER BY A PETITION TO COMPEL ARBITRATION OR BY AN AFFIRMATIVE

3    SUIT FILED BY THE CONSUMER THAT IS THEN ADDRESSED TO THE COURT

4    ON A MOTION TO COMPEL, AS WE HAVE HERE.

5        SO I ONLY SEE THAT AS A FORUM SELECTION CLAUSE.

6        MS. MACLEAN:  UNDERSTOOD, YOUR HONOR.

7        I MEAN, AGAIN, IT SAYS THE DISPUTES WILL BE RESOLVED

8    EXCLUSIVELY IN THE FEDERAL OR STATE COURTS, THAT COULD BE

9    JUDICIAL.  BUT IN ANY EVENT, YOUR HONOR, I THINK THE WAIVER

10   QUESTION IS BY FAR, AS YOU HIGHLIGHTED, THE MORE SALIENT.

11       THE COURT:  LET ME GO OVER A COUPLE OF THINGS,

12   BECAUSE AS I SAY, IT'S A CLOSE CALL.

13       SO IN THE EVENT THAT GOOGLE IS SUCCESSFUL HERE, AS I

14   MENTIONED EARLIER AND MS. EARL AGREED WITH ME, I'M NOT

15   COMPELLING ANYBODY TO ARBITRATION, AND EACH OF THE UNNAMED

16   CLASS MEMBERS IF THEY WERE CUT LOOSE FROM THE CLASS, WOULD EACH

17   INDIVIDUALLY HAVE THE RIGHT TO MAKE THE SAME ARGUMENTS ON THEIR

18   OWN BEHALF THAT ARBITRATION DOESN'T APPLY.  SO I WANT TO BE

19   REALLY CLEAR ON THAT.

20       I DON'T THINK I CAN JUST, ON MY OWN, MODIFY THE CLASS

21   DEFINITION, SO WE WOULD NEED A MECHANISM TO MAKE THAT

22   MODIFICATION.  I HATE TO REOPEN OR RECONSIDER THE CLASS

23   CERTIFICATION, THAT SEEMS TO BE A PANDORA'S BOX.

24       SO IF THE TWO OF YOU WOULD START THINKING ABOUT IT, DON'T

25   PUT A LOT OF EFFORT IN, BECAUSE MS. MACLEAN, I'M NOT SURE YOU

1    ARE LOSING ON THIS, BUT I'M JUST LOOKING FOR HOW WOULD WE

2    EFFICIENTLY MODIFY THE CLASS DEFINITION SO THAT NOTICE COULD GO

3    OUT.  BECAUSE THERE WILL BE A CLASS, I'VE CERTIFIED A CLASS, WE

4    ARE JUST TALKING ABOUT THE SCOPE OF IT.

5         AND SO ONCE THIS ORDER GOES OUT, I WILL HAVE SOME

6    INSTRUCTIONS FOR YOU.  IT MAY BE THAT I WILL JUST WANT A QUICK

7    CASE MANAGEMENT CONFERENCE SO WE CAN FURTHER DISCUSS IT, BUT I

8    JUST WANT YOU TO BE THINKING ABOUT IT AND THINKING ABOUT HOW WE

9    MODIFY, IF NECESSARY, OKAY?

10             MS. MACLEAN:  UNDERSTOOD, YOUR HONOR.

11             THE COURT:  OKAY.  I THINK THAT'S EVERYTHING.

12        YOU KNOW, WE NEED TO MOVE THIS CASE ALONG, SO I'M TRYING

13   TO GET THIS ORDER OUT.  I THINK YOU'VE BRIEFED IT REALLY WELL,

14   AND I JUST HAVE TO FIGURE OUT HOW I COME DOWN ON THE FACTS OF

15   THIS CASE, THE TOTALITY OF THESE FACTS UNDER HILL AND ARMSTRONG

16   AND NEWIRTH.

17        AS I SAY, I DON'T THINK HILL IS A BIG DEPARTURE, AND I

18   THINK HILL REALLY TELLS US WE NEED TO LOOK AT EACH CASE ON THE

19   CIRCUMSTANCES PRESENTED, BUT I'M JUST GOING TO HAVE TO CONTINUE

20   THINKING ABOUT IT.

21             MS. EARL:  YOUR HONOR, MAY I HAVE ONE MINUTE JUST TO

22   BRIEFLY RESPOND?

23             THE COURT:  OF COURSE.

24             MS. EARL:  I JUST WANTED TO DIRECT YOUR ATTENTION TO

25   THE CASE OF CONDE V. OPEN DOOR MARKETING, LLC, WHICH I BELIEVE

 1    WAS CITED IN OUR REPLY, WHICH RECOGNIZES THAT VIGOROUSLY

 2    LITIGATING A CASE AS TO THE ISSUES THAT WOULD NEED TO BE

 3    DECIDED IRRESPECTIVE OF ABSENT CLASS MEMBERS' AGREEMENTS TO

 4    ARBITRATE IS NOT WAIVER.

 5         AND I AGREE WITH YOU COMPLETELY, AND I GUESS THAT'S REALLY

 6    WHY I WAS WILLING TO SOMEWHAT IGNORE THE FOUR MOTIONS TO

 7    DISMISS.  BUT THE SUMMARY JUDGEMENT IS WHERE I'M KIND OF

 8    CAUGHT, AND THE TIME FRAME FROM THE ANSWER.

 9         SO I DO AGREE WITH YOU THAT CONDE IS IMPORTANT, AND I WILL

10    CERTAINLY REVIEW IT ONCE I FIGURE OUT WHERE WE ARE HERE.  SO

11    THANK YOU FOR RAISING THAT.

12         ANY OTHER LAST WORDS, MS. EARL?

13              MS. EARL:  NO, YOUR HONOR.

14    OH, JUST VERY BRIEFLY.  IN SOME OF THE OTHER CASES WHERE

15    DISTRICT COURTS HAVE GRANTED MOTIONS TO COMPEL ARBITRATION AND

16    MODIFY THE CLASS DEFINITIONS, I BELIEVE THERE HAVE BEEN

17    STIPULATED MOTIONS OR OTHER FORMS OF STIPULATED REQUESTS FOR

18    MODIFICATIONS TO THE CLASS DEFINITION, SO THAT IS SOMETHING WE

19    COULD --

20              THE COURT:  I WOULD CERTAINLY HOPE WE COULD DO THAT.

21         THAT WOULD BE MUCH MORE EFFICIENT, AND I WILL HOPE THAT MY

22    ORDER IS CLEAR ENOUGH THAT IT WOULD GIVE YOU THAT GUIDANCE.  SO

23    THAT'S FINE.

24         I THINK THAT'S EVERYTHING THEN THAT WE NEED HERE.

25         ALL RIGHT.  THANK YOU BOTH FOR DOING SUCH AN EXCELLENT JOB

1    ON THIS.

2              MS. MACLEAN:  THANK YOU, YOUR HONOR.

3              MS. EARL:  THANK YOU, YOUR HONOR.

4         (THE PROCEEDINGS WERE CONCLUDED AT 9:27 A.M.)

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1

2

3

4                    **<u>CERTIFICATE OF REPORTER</u>**

5

6

7

8          I, THE UNDERSIGNED OFFICIAL COURT

9    REPORTER OF THE UNITED STATES DISTRICT COURT FOR

10   THE NORTHERN DISTRICT OF CALIFORNIA, 280 SOUTH

11   FIRST STREET, SAN JOSE, CALIFORNIA, DO HEREBY

12   CERTIFY:

13          THAT THE FOREGOING TRANSCRIPT,

14   CERTIFICATE INCLUSIVE, IS A CORRECT TRANSCRIPT FROM

15   THE RECORD OF PROCEEDINGS IN THE ABOVE-ENTITLED

16   MATTER.

17

18

19

20

21

22

23

24   _____

25   SUMMER A. FISHER, CSR, CRR
     CERTIFICATE NUMBER 13185          DATED: 12/18/23