Vincent Briganti (*pro hac vice*)
Christian Levis (*pro hac vice*)
Margaret MacLean (*pro hac vice*)
Andrea Farah (*pro hac vice*)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: (914) 997-0500
Facsimile: (914) 997-0035
vbriganti@lowey.com
clevis@lowey.com
mmaclean@lowey.com
afarah@lowey.com

*Attorney for Plaintiffs*

[Additional counsel on signature page.]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE GOOGLE ASSISTANT PRIVACY LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No.: 19-cv-04286-BLF<br><br>**JOINT BRIEF REGARDING DISCOVERY DISPUTE**<br><br>Mag. Judge: Hon. Susan van Keulen |

Pursuant to paragraph 8 of Your Honor's Civil and Discovery Referral Matters Standing Order, Plaintiffs Asif Kumandan, Melissa Spurr, and Melissa Spurr, as guardian of B.S., a minor, Lourdes Galvan, Eleeanna Galvan ("Plaintiffs") and Defendants Google LLC and Alphabet Inc. ("Google," and along with Plaintiffs, the "Parties"), hereby jointly submit this brief in connection with a discovery dispute they are unable to resolve: whether the parties should renew briefing pursuant to the Court's January 24, 2023 order to submit supplemental information (ECF No. 375) ("Supplemental Briefing Order"), so the Court can determine if its October 20, 2022 order requiring Google to produce certain sampled data (ECF No. 331) should be modified in light of the class certification ruling issued on December 16, 2022 (ECF No. 360). *See also* ECF No. 370 (January 6, 2023 Order Regarding Motion for Relief from Non-Dispositive Pretrial Order).[1]

## I.    PLAINTIFFS' POSITION

Google refuses to comply with the Supplemental Briefing Order on the purported grounds that it is now somehow "too late"—despite the fact that the dispositive motion deadline for this case is **nearly a year away** in May 2025, and the trial date even further out in September 2025. The time gap between the expiration of the stay on the Supplemental Briefing Order and submission of this joint letter is not for lack of diligence. During that time, Google unsuccessfully moved to compel arbitration as to approximately half of the certified Purchaser Class, or 30 million potential users. It would not have been productive or efficient to engage in further litigation regarding sampling while that motion was pending, with such continued uncertainty as to the size and scope of the class. Also, during that time, the Parties attempted (and failed) to resolve the case via mediation on *three* separate occasions. Now that this third mediation attempt has failed, Google has no further basis to refuse to comply with the Supplemental Briefing Order. Ample time remains before next spring's dispositive motions deadline to complete the briefing and sampling process, especially since Google has already developed tools to extract the sampled data. Google does not even attempt to argue that it has been prejudiced by putting this dispute on hold pending its own

---

[1] Fact discovery closed on July 8, 2022, but was reopened for limited purposes (unrelated to the issue of sampling) between July 18, 2022, and October 3, 2022. There are 266 days remaining until trial.

arbitration motion and failed mediation attempts. It should not be permitted to evade its discovery obligations.

### A. Google Repeatedly Requested That the Sampling Discovery Be Delayed Pending the Parties' Attempts to Resolve the Case

On October 20, 2022, Magistrate Judge van Keulen ordered Google to produce a sample of users' speech log data. ECF No. 331 ("Sampling Order"). On November 14, 2022, the Court stayed Google's obligation to comply with the Sampling Order (ECF No. 355), until the Court could consider Google's motion for relief from the Sampling Order. ECF No. 349. On December 16, 2022, Judge Freeman granted in part and denied in part Plaintiffs' Motion for Class Certification and certified the "Purchaser Class." ECF No. 360 ("Class Certification Order"). On January 6, 2023, the Court terminated Google's motion for relief (ECF No. 349) as premature and—while the stay was still in place—instructed Magistrate Judge van Keulen to "revisit the Sampling Order in light of the scope of the Class Certification Order," reasoning that "***[t]he Sampling Order includes sampling of data collected through Google devices and third-party devices, [while the] certified class is limited to Users who purchased [devices manufactured and sold by Google and not by third parties.].***" ECF No. 370 at 2. Clearly, the Court was concerned about ordering sampling of audio of users who were not members of the certified Purchaser Class. *Id.* In response, on January 24, 2023, Magistrate Judge van Keulen ordered the Parties to submit supplemental information on the scope of sampling, to be completed by end of February 2023. *See generally* Supplemental Briefing Order, ECF No. 375.

Before the February 2023 deadlines to submit their supplemental briefs, the Parties agreed to pursue mediation. The Parties filed a stipulation to stay all case deadlines for 90 days, including the deadlines for complying with the Supplemental Briefing Order (ECF No. 379), which the Court entered on February 6, 2023. ECF No. 380. Subsequently, upon the Parties' stipulation (ECF No. 388), the Court extended the stay of all deadlines until June 7, 2023. ECF No. 389. On May 10, 2023, the Parties held a mediation with Randall Wulff. On May 31, 2023, the Parties advised the Court that their efforts to resolve the litigation had failed. ECF No. 390.

Following several months of discussion and planning, on February 27, 2024, the Parties

conducted a second round of mediation before JAMS mediator Hon. Jay C. Gandhi (Ret.). The Parties were again unable to resolve the litigation, which prompted Plaintiffs to reach out to Google on March 19, 2024, seeking to stipulate to a briefing schedule on the Supplemental Briefing Order. Google indicated that it would not voluntarily resume briefing regarding sampling and that Plaintiffs would need to bring the issue to the Court. Plaintiffs provided their portion of this joint letter and followed up with Google to request theirs. Google then confirmed availability for a third mediation attempt, and stated "I don't understand why Plaintiffs are seeking to revive this issue now, after not raising it for many months, given the upcoming mediation." The Parties agreed once again to defer bringing this dispute to the Court, participated in the third mediation session on May 20, 2024, and remained in active contact via the mediator up until early July 2024.[2]

### B. It Would Have Been Inefficient to Proceed with the Supplemental Briefing While the Arbitration Motion Was Pending Because Sampling Could Have Been Impacted If Half the Class Were Excluded

Prior to agreeing to mediate the first time, Google filed a belated Motion to Compel Arbitration on February 1, 2023, contending that "[a] significant portion of the 'Purchaser Class' agreed to arbitrate their claims on an individual basis," and therefore, "must be excluded" from the Purchaser Class. ECF No. 377 at 1-2, 15. When the parties informed the Court of their intent to mediate, the Court terminated Google's motion to compel arbitration and other then-existing deadlines without prejudice to refiling if mediation were unsuccessful. *See* ECF Nos. 379-80. After the failed mediation, the Court held a status conference on June 22, 2023 (ECF No. 393) and instructed the Parties to re-file their previously pending motions – Google's Motion to Compel Arbitration and Plaintiffs' motion to approve the class notice plan. ECF No. 396 at 4:20-5:24. The Court scheduled trial to start on September 22, 2025 with a hearing on dispositive motions on May 8, 2025. ECF No. 396 at 12:4-9. Also, during the June 22, 2023 status conference, the Court indicated that it would not set new deadlines for any sampling-related briefing, and that the Parties should "contact [Magistrate Judge Van Keulen] and set up a briefing schedule and let her handle

---

[2] During this time, the Parties did not request that the Court extend the stay previously imposed to allow time for mediation, as no case management deadlines were on the Court's calendar (other than for the dissemination of class notice) until mid-2025.

that," without providing any deadline or time limit on when that should happen. June 22, 2023 Hr'g Tr. at 4:10-11.

On July 21, 2023, Google re-filed its Motion to Compel Arbitration, renewing its argument that a significant portion of the Purchaser class must be excluded and forced to arbitrate. ECF No. 397 at 1-2. The Court denied Google's Motion to Compel Arbitration on January 23, 2024, finding that Google waived its right to compel arbitration. *See generally* ECF No. 420. Using Google's own estimates for this purpose, had Google succeeded in compelling arbitration, it would have cut the class size down by half. Plaintiffs contend that the class size is in fact much larger than Google claims it to be—but either way, a potential difference of tens of millions of class members would make it very difficult for the Court to accurately evaluate the arguments of burden and proportionality that Google will undoubtedly raise. The potential for disconnect between the scope of the sampling and the scope of the certified class was precisely the reason that the District Court ordered "revisit[ing of] the Sampling Order in light of the scope of the Class Certification Order." ***"The Sampling Order includes sampling of data collected through Google devices and third-party devices, [while the] certified class is limited to Users who purchased [devices manufactured and sold by Google and not by third parties.]."*** ECF No. 370 at 2. It simply made no sense to attempt to resolve the proper scope of data sampling without clarity on the scope of the class.

Indeed, as long as it benefited Google, Google itself argued that further proceedings would be inefficient until the size of the Purchaser Class was settled. For example, at the June 22, 2023 status conference, Google objected to class notice being disseminated before its Motion to Compel Arbitration was decided, arguing "we've got about half of the class that we anticipate to be subject to some sort of arbitration agreement or class action waiver. So I think giving notice to twice as many people when they may be subject to arbitration and out of the class just doesn't make a ton of sense. … I just don't see a benefit, and it seems to be quite inefficient to do it that way." ECF No. 396 at 10:19-11:5. Similarly, in opposing Plaintiffs' motion to approve the class notice plan and argument that class notice should not be delayed, Google advocated: "The more prudent and

efficient approach would be to provide notice after the Court rules on Google's Motion to Compel Arbitration, because there would be no need to send notice to individuals who may be excluded from the class, and because it would enable the parties to make the notices ultimately sent to class members more clear. To do as Plaintiffs suggest and provide notice to millions of individuals who may soon be excluded from the class, would be backwards, risk confusion, and waste resources." ECF No. 409 at 1. For Google now to claim that Plaintiffs demonstrated a lack of diligence by deferring litigation on sampling during the pendency of the arbitration motion is disingenuous.[3]

Google fails to offer a single argument as to why the time lag since the Supplemental Briefing Order would cause any prejudice or even inconvenience on Google's end. Notably, following the issuance of the Sampling Order, Google informed the Court in November 2022 Status Report (ECF No. 352) that it had designed and written the necessary code to perform the required sampling and analysis and that it anticipated "being in a position to provide the total number of queries for each sampled day and to make its first production of sampled data in late November or early December [of 2022]." *See id.* at 3. Thus, Google cannot now reasonably argue that any lapse of time operates to create any unexpected or additional burdens or expenses that Google has not already incurred as a result of the Sampling Order. Indeed, Google's arguments based in burden and complexity of the sampling task were heard by the Court and squarely addressed before sampling was ordered to take place:

> The Court takes Google at its word that [sampling] . . . presents a complex problem. Complexity by itself, however, does not necessarily outweigh the need for production of responsive data. The argument that there is not a readily accessible "perfect" data set that inarguably identifies False Accepts that were transferred to human reviewers is unavailing. Plaintiffs are entitled to responsive data. The admissibility, weight, and what conclusions the evidence at issue here does or does not support are arguments for the trial court.

*See* Hr'g Tr. dated September 16, 2022. Thus, Google's renewed arguments of burden and complexity should be rejected.

**RESOLUTION**: Plaintiffs propose that the Court re-issue the Supplemental Briefing

---

[3] Tellingly, the only cases Google cites for this proposition are inapposite patent cases governed by different rules.

Order, directing Google to file the ordered supplemental information within 14 days, and Plaintiffs to respond and file the ordered supplemental information within 28 days thereafter.

## II.     GOOGLE'S POSITION

Defendants oppose Plaintiffs' dilatory attempt to reopen the parties' long-dormant dispute regarding whether sampling of Defendants' speech log data is disproportionate to the needs of the case following Judge Freeman's order denying certification of the Privacy Class and the SCA Class in December 2022. Plaintiffs could have revived this issue with this Court when the stay in the matter was lifted in June 2023 — *i.e.,* **more than a year ago**. They failed to do so, and now, they attempt to justify their delay by arguing that timely raising the issue would have "made no sense" without further clarity regarding the size and scope of the class. But there is still no such clarity, as even Plaintiffs concede that the size of the Purchaser Class remains under dispute. Moreover, their post-hoc argument that it would have been "inefficient" to submit supplemental briefing during the pendency of Google's renewed motion to compel arbitration is inconsistent with Plaintiffs' prior position. Indeed, the parties' June 15, 2023 Joint Case Management Statement proposed deadlines for supplemental briefing on the sampling dispute **before** Google's renewed motion to compel arbitration would even be filed. ECF No. 392, at *2. Thus, Plaintiffs were certainly willing to litigate this dispute prior to resolution of Google's motion to compel arbitration. They just failed to do so.

And contrary to Plaintiffs' presumption that Google will not be prejudiced by their delay, engaging in large-scale data sampling, such as that requested by Plaintiffs here, requires an exorbitant amount of resources. And since late 2022, when Google was preparing to comply with the Court's prior order, resources have been redirected to other initiatives, and Google engineers have moved on to other projects or roles. As explained in Google's November 2022 Status Report, and the declaration of Francoise Beaufays submitted in support, "the process of designing, writing, and reviewing the code is time consuming, and requires time investment from a limited set of engineers that already have the requisite knowledge of the data and systems involved." ECF No. 352, at *2. Although Google had taken steps as of November 2022 towards compliance with the

Court's prior order, it is unrealistic for Plaintiffs to suggest that Google can simply pick up where it left off after almost two years have passed.

Plaintiffs should not be permitted to belatedly revive this issue now, more than two years after fact discovery closed in July 2022, and more than one year after Judge Freeman instructed Plaintiffs to raise this issue with this Court in June 2023.

### A. Plaintiffs abandoned the sampling dispute by failing to raise the supplemental briefing schedule with this Court in June 2023.

On October 20, 2022, this Court ordered Google to produce "sample sets" of Assistant and other user data, including approximately 40 million queries. ECF No. 331 ("Sampling Order"); *see also* ECF No. 346, Oct. 20, 2022 Hr'g Tr. at 48:11-15 ("Oct. 20, 2022 Hr'g Tr."). Google timely filed a Motion for Relief from the Sampling Order on the grounds that it was vastly overbroad, and that the disclosure of users' communications content runs afoul of nonparties' privacy interests, including under Plaintiffs' interpretation of the Stored Communications Act, 18 U.S.C. §§ 2701, *et seq*. ECF No. 349.

On January 6, 2023, Judge Freeman ordered that the "scope of the Sampling Order should be revisited" in light of the recent class certification order, in which the Court denied certification of Plaintiffs' Privacy and SCA classes. ECF No. 370. This Court subsequently ordered the parties to submit supplemental briefing "addressing the need for a sampling plan, modified or otherwise, in light of the class certification order." ECF No. 375. On February 6, 2023, the day before Google's deadline to file its supplemental brief, all case deadlines (including the supplemental briefing deadlines) were stayed for 90 days while the parties pursued mediation. ECF No. 380. The stay was later extended to June 7, 2023. ECF No. 389.

On June 15, 2023, roughly one week after the stay lifted, the parties submitted a Joint Case Management Statement to Judge Freeman proposing future case deadlines, including deadlines for supplemental briefing on the sampling issue: July 7, 2023, for Google's submission and July 21, 2023, for Plaintiffs' response. ECF No. 392. Notably, the proposed deadline for Google to file its renewed motion to compel arbitration was also July 21, 2023, when the parties' dispute over data

sampling would be fully briefed. *Id*. During the June 22, 2023 case management conference ("June 2023 Hearing"), Judge Freeman declined to order the proposed supplemental briefing deadlines, instead instructing the parties to "set up a briefing schedule" by contacting this Court, which is presiding over those issues. *See* Hr'g Tr. of CMC, ECF No. 396 at 3:22-4:16.

*Nothing* prevented Plaintiffs at that time from seeking a briefing schedule from this Court, consistent with Judge Freeman's instructions. The parties could easily have briefed the question of whether any data sampling was appropriate given that the Court had denied certification as to all but one of Plaintiffs' proposed classes. And if this Court thought that resolution of Google's motion to compel arbitration was pertinent to its decision on the sampling issue, this Court could have awaited a decision on that motion prior to issuing its order.

Plaintiffs' attempt to analogize to the issue of class notice falls flat. While it is obviously more efficient to know whether certain individuals will be excluded from the Purchaser Class before providing direct notice to such members (*see* ECF No. 409), sampling is distinct. As Google has repeatedly informed Plaintiffs, Google does not have a way of identifying all members of the Purchaser Class, as it does not have a record of purchases made from third party retailers, and thus cannot implement a sampling plan that is limited to the Purchaser Class.

At a minimum, Plaintiffs could have notified Defendants and this Court of their supposed view that supplemental briefing should be deferred until after Google's renewed motion to compel arbitration was resolved. But Plaintiffs chose not to raise the issue with this Court or with Defendants, leaving Defendants to conclude that Plaintiffs had abandoned the dispute. Now, more than a year after the stay lifted, and more than two years after fact discovery closed, Plaintiffs belatedly seek to revive the issue. The Court should deny Plaintiffs' request due to their own lack of diligence. *See Tan v. Quick Box, LLC*, 2023 WL 3997968, at *3-*4 (S.D. Cal. June 14, 2023) (finding that plaintiff's failure to act until eight months after stay lifted, and six months after raising the issue with the Court, "demonstrates a clear lack of diligence"); *KlausTech, Inc. v. Google, Inc.*, 2017 WL 4808558, at *5-*6 (N.D. Cal. Oct. 25, 2017) (finding that events during two-year discovery period "should have prompted [plaintiff] to conduct further targeted discovery," and its

failure to do so demonstrated a lack of diligence).

### B. Neither Google's renewed motion to compel arbitration nor the parties' multiple mediation efforts are good cause for Plaintiffs' delay.

Plaintiffs' newfound justifications for their failure to timely pursue the sampling issue before this Court are baseless.

*First*, Plaintiffs argue that they did not request further briefing on the sampling issue because it would have been "inefficient" to do so while Google's renewed motion to compel arbitration was pending. Simply put, this position is difficult to take seriously. Google first moved to compel arbitration in *February* 2023, which it had previewed in September 2022 when it argued that unnamed class members had agreed to individually arbitrate their claims. *See* ECF No. 268 at 18-19; ECF No. 377; *see also* ECF No. 360 at 28. Furthermore, Plaintiffs filed an agreed Case Management Conference Statement in June 2023 setting deadlines for supplemental briefing on the sampling issue to occur before Google's renewed motion to compel arbitration would be fully *briefed*, much less resolved. ECF No. 392 at 1-2. Thus, Plaintiffs' purported concerns about efficiency and judicial resources related to the timing of the resolution of the motion to compel arbitration are merely post-hoc justifications for failing to pursue the sampling briefing when they agreed to do so. And substantively, it is difficult to see how the resolution of Google's renewed motion to compel arbitration would have materially affected Plaintiffs' sampling arguments, given their position that the exercise is "not so much a matter of identifying class members" but rather "figuring out . . . the frequency of false accepts and of audio being sent to human reviewers." ECF No. 373 at 8:9-11.

*Second*, Plaintiffs claim that they did not seek supplemental briefing sooner because of the parties' mediation efforts. This too is no excuse. Judge Freeman instructed the parties to contact this Court for a supplemental briefing schedule on the sampling issue at the June 22, 2023 Status Conference, ECF No. 396, after the parties first mediated on May 10, 2023, and after the stay related to the parties' first mediation expired on June 7, 2023. ECF No. 392 at 1-2. Plaintiffs' references to the parties' subsequent meditations have nothing to do with their failure to heed

Judge Freeman's instructions in June 2023, since those mediations did not occur until February 27 and May 20, 2024, nor were further mediation efforts even discussed until November 2023, several months after the June 2023 Hearing.

**Third**, Plaintiffs' argument that Google would not be prejudiced by their eleventh-hour demand to renew briefing is meritless. Plaintiffs have already previewed their position that, despite their failure to certify most of their proposed classes, Google should be compelled to complete development of a custom-built tool and produce data relating to 40 million queries, as previously ordered. And they suggest that, based on Google's November 10, 2022 Status Report (ECF No. 352), Google should be poised to complete production of such data within the next one to two months. Plaintiffs are mistaken. Almost two years have passed since that Status Report was filed, and given Plaintiffs' failure to pursue the data sampling issue following Judge Freeman's instructions in June 2023, or even communicate with Google regarding if they planned to pursue the issue at all, and if so, when, no work has been done on this issue for some time. Google has redirected its resources to other initiatives, and engineers have moved on to other projects. It is unrealistic to suggest that this project can seamlessly pick back up where it left off, after nearly two years have passed. *See* ECF No. 352 at 2.

**RESOLUTION:** Google respectfully asks the Court to deny Plaintiffs' request for supplemental briefing on the sampling dispute they abandoned. If the Court nonetheless permits Plaintiffs to renew briefing on this dispute at this late stage, Google proposes that its submission of i) a chart that identifies categories, by bates ranges and general descriptions, including time frames, of all documents produced in this action that quantify or estimate false accepts and/or audio recordings sent to human reviewers for the relevant class period; and ii) a brief not to exceed 5 pages addressing the need for a sampling plan, modified or otherwise, in light of the class certification order, as set forth in the Court's prior Order, be due 14 days following any order requiring supplemental briefing, and that Plaintiffs' response be due 14 days (rather than 28 days) thereafter, consistent with the schedule in the Court's prior order and the parties' joint proposal in June 2023. *See* ECF Nos. 375, 392.

Dated: August 15, 2024

By: /s/Margaret MacLean

Vincent Briganti (*pro hac vice*)
Christian Levis (*pro hac vice*)
Margaret MacLean (*pro hac vice*)
Andrea Farah (*pro hac vice*)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: (914) 997-0500
Facsimile: (914) 997-0035
vbriganti@lowey.com
clevis@lowey.com
mmaclean@lowey.com
afarah@lowey.com

Joseph P. Guglielmo (*pro hac vice*)
Erin Green Comite (*pro hac vice*)
**SCOTT+SCOTT
ATTORNEYS AT LAW LLP**
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169-1820
Telephone: (212) 223-6444
Facsimile: (212) 223-6334
jguglielmo@scott-scott.com
ecomite@scott-scott.com

Hal D. Cunningham (Bar. No. 243048)
**SCOTT+SCOTT
ATTORNEYS AT LAW LLP**
600 W. Broadway, Suite 3300
San Diego, CA 92101
Telephone: (619) 233-4565
Facsimile: (619) 233-0508
hcunningham@scott-scott.com

Mark N. Todzo (Bar No. 168389)
Patrick Carey (Bar No. 308623)
**LEXINGTON LAW GROUP**
503 Divisadero Street
San Francisco, CA 94117
Telephone: (415) 913-7800
Facsimile: (415) 759-4112
mtodzo@lexlawgroup.com
pcarey@lexlawgroup.com

*Attorneys for Plaintiffs*

By: /s/ Sunita Bali

Bobbie J. Wilson (SBN 148317)
BWilson@perkinscoie.com
Sunita Bali (SBN 274108)
SBali@perkinscoie.com
**PERKINS COIE LLP**
505 Howard Street, Suite 1000
San Francisco, California 94105
Telephone: 415.344.7000
Facsimile: 415.344.7050

Erin K. Earl (pro hac vice)
EEarl@perkinscoie.com
**PERKINS COIE LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000

*Attorneys for Defendants*

# ATTESTATION

Pursuant to L.R. 5-1(i), I attest that concurrence in the filing of this document was obtained from the other signatories.

*/s/ Margaret MacLean*
Margaret MacLean