Bobbie J. Wilson, Bar No. 148317
BWilson@perkinscoie.com
Sunita Bali, Bar No. 274108
SBali@perkinscoie.com
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, California 94105
Telephone: +1.415.344.7000
Facsimile: +1.415.344.7050

Attorneys for Defendants
ALPHABET INC. and GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE GOOGLE ASSISTANT PRIVACY LITIGATION | Case No. 5:19-cv-04286-BLF<br><br>**GOOGLE LLC AND ALPHABET INC.'S STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER DEFENDANTS' MATERIAL SHOULD BE SEALED**<br><br>Judge:   Hon. Susan van Keulen |

**STATEMENT**

Pursuant to Civil Local Rules 7-11 and 79-5, Defendants Google LLC and Alphabet Inc. (collectively "Googled") submit this statement in support of Plaintiffs' Administrative Motion to Consider Whether Defendants' Material Should be Sealed (ECF 445). Google seeks an order to file under seal certain narrowly tailored redactions to Plaintiffs' Responses to Google's Exhibit Chart ("Responses," ECF 443-1) ("the Sealed Materials").

Specifically, Google requests to seal the following:

| Exh. No. | Document | Text to be Sealed |
|---|---|---|
| Exhibit A | Responses (ECF 443-1) | Yellow-highlighted portions. |

**LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

However, parties moving to seal the documents attached to non-dispositive motions need only meet the lower "good cause" standard of Rule 26(c). *Kamakana*, 447 F.3d at 1179 (internal quotations and citations omitted). This is because "while protecting the public's interest in access to the courts, [courts] must remain mindful of the parties' right to access those same courts upon terms which will not unduly harm their competitive interest." *Apple Inc. v. Samsung Elecs. Co.*,

*Ltd.*, 727 F.3d 1214, 1228–29 (Fed. Cir. 2013). Records attached to motions that are "not related, or only tangentially related, to the merits of a case" are therefore not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809 F.3d at 1099; *accord, e.g., Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action.").

## ARGUMENT

Good cause exists for sealing the Sealed Materials first two reasons:

First, the Sealed Materials are sealable because they contain information about the operation of Google Assistant that would, if disclosed, be a source of non-public technical and business information that competitors might use to harm Google's competitive standing. *See, e.g., Darisse v. Nest Labs, Inc.*, 2016 WL 11474174, at *1 (N.D. Cal. June 2, 2016) (sealing material on motion for class certification on finding that disclosure might harm competitive standing); *see also, e.g., Space Data Corp. v. Alphabet Inc.*, 2018 WL 10455199, at *2 (N.D. Cal. Feb. 27, 2018) (Freeman, J.) (sealing "technical, business planning and financial information, disclosure of which could cause economic harm to Space Data and provide an unfair advantage to competitors" under compelling reasons standard).

Second, the Sealed Materials are also sealable because they contain information about the operation of Google Assistant that is "confidential information regarding [Google's] research and development of its business." *Newmark Realty Cap., Inc. v. BGC Partners, Inc.*, 2018 WL 10701610, at *3 (N.D. Cal. Apr. 11, 2018) (Freeman, J.); *see also, e.g., Space Data*, 2018 WL 10455199, at *2 (sealing "technical, business planning and financial information, disclosure of which could cause economic harm to Space Data and provide an unfair advantage to competitors").

///

///

For the reasons identified above, there is good cause for the Sealed Materials to be sealed.

Dated: October 3, 2024

**PERKINS COIE LLP**

By: /s/ *Sunita Bali*
Bobbie J. Wilson, Bar No. 148317
Sunita Bali, Bar No. 274108

Attorneys for Defendants GOOGLE LLC and ALPHABET INC.

-3-