Bobbie J. Wilson, Bar No. 148317
BWilson@perkinscoie.com
Sunita Bali, Bar No. 274108
SBali@perkinscoie.com
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, California 94105
Telephone: +1.415.344.7000
Facsimile:  +1.415.344.7050

Erin K. Earl (*pro hac vice*)
EEarl@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000

Attorneys for Defendants
Alphabet Inc. and Google LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE GOOGLE ASSISTANT PRIVACY LITIGATION | Case No. 5:19-cv-04286-BLF-SVK<br><br>**DECLARATION OF SUNITA BALI IN SUPPORT OF DEFENDANTS' FURTHER STATEMENT ON DATA SAMPLING**<br><br>Dept.:    Courtroom 6, 4th Floor<br>Judge:   Hon. Susan van Keulen |

I, Sunita Bali, declare as follows:

1. I am a partner with the law firm of Perkins Coie LLP, and counsel of record for defendants Alphabet Inc. and Google LLC (collectively, "Google") in the above-entitled action. I am an attorney duly licensed to practice before all courts of the State of California. I have personal knowledge of the matters set forth herein and am competent to testify.

2. On October 10, 2024, my colleagues and I met and conferred with counsel for Plaintiffs to discuss whether the parties could reach agreement on the sample size, in accordance with the Court's instructions during the October 3, 2024 hearing. *See* Dkt. 449 (Minute Entry).

3. At the meet-and-confer, I proposed a sample size of 104,000 queries, captured by randomly selecting one sample day for each of the 26 quarters in the class period, and randomly selecting 4,000 queries per sample day. Plaintiffs rejected this proposal.

4. I asked Plaintiff's counsel to explain why they believe they need the sample to capture all possible languages and devices.

5. Plaintiffs' counsel responded that they knew from other discovery that the rate of false accepts varies by language and by device type, and thus the sample must be large enough to capture all of the different languages and devices.

6. I explained that approximately 98% of queries are in English (US) and approximately 1.3% of queries are in Spanish (US), thus two languages account for over 99% of all queries. Similarly, I explained that smart speakers, smart displays, and Pixel phones account for over 95% of all queries. Thus, a sample of the size proposed by Google will easily capture the languages and devices that account for the vast majority of queries. I further explained that there is no way to ensure that rare languages and device types will be captured using this sampling approach, even with a much larger sample size.

7. Nonetheless, Plaintiffs' counsel insisted on a sampling plan where no less than 100,000 queries are captured for each "pull" (i.e., each sample day). They further insisted on 8 sample days per quarter over 26 quarters, for a total sample size of 20,800,000. When I asked Plaintiffs' counsel how to reconcile their proposal with the Court's remarks during the October 3, 2024 hearing that sampling would be taken from one day per quarter, Plaintiffs' counsel opined

that this limitation was not done intentionally by the Court. Plaintiff's counsel also disagreed with my assessment that the Court expected the parties to propose a total sample size that was not in the millions.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on this 15th day of October 2024 in Oakland, California.

By: _/s/ Sunita Bali_
Sunita Bali