Vincent Briganti (*pro hac vice*)
Christian Levis (*pro hac vice*)
Margaret MacLean (*pro hac vice*)
Andrea Farah (*pro hac vice*)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: (914) 997-0500
Facsimile: (914) 997-0035
vbriganti@lowey.com
clevis@lowey.com
mmaclean@lowey.com
afarah@lowey.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| IN RE GOOGLE ASSISTANT PRIVACY LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Docket No.: 19-cv-04286-BLF-SVK<br><br>**PLAINTIFFS' STATEMENT IN SUPPORT OF THEIR SAMPLING PROPOSAL**<br><br>Mag. Judge: Hon. Susan van Keulen |
|---|---|

I.    SAMPLING PROPOSALS EXCHANGED BY THE PARTIES

In accordance with the Court's order dated October 4, 2024 (ECF No. 449), the Parties met and conferred on October 10, 2024. The Parties were in agreement that the sample should be compiled from queries (1) originating in the US, (2) from Google-made devices, (3) resulting from a voice trigger (as opposed to a button-press), and (4) redacted as per the discussion in the October 3, 2024 hearing. However, the Parties could not reach an agreement as to the number of queries that should be extracted for the data sampling:

A.    **Number of Days in a Quarter to Sample**

In the sampling order issued on October 20, 2022 (ECF No. 331), the Court ordered Google to extract queries for 8 days in each quarter of the Class Period (for a total of 25 quarters). This figure of 8 days was intended to account for variations in each quarter (due to, for example, holidays, weekends, and other major national events) that potentially impact the patterns and frequency with which individuals use Google Assistant. After the Parties' meet and confer, Plaintiffs maintain that 8 days selected by Plaintiffs per each of the 26 quarters in the Class Period is an appropriate number to ensure a balanced and diversified representation of the various calendar days in the Class Period. Plaintiffs' proposal therefore asks for a total of 208 days of data extraction.

Google's proposal to extract data from only one day in each of the 26 quarters is inadequate because that it will not capture a representative sample that accounts for changes between various calendar days, including weekdays, weekends, and holidays, nor any changes in seasonality. Such a small sample will also fail to accurately capture the False Accept rates that result from updates in Google's software, which is pushed to users frequently and causes changes in the performance of Google Assistant.

B.    **Number of Queries to Extract**

The sample size must be large enough to ensure that the various 50 device types and over 30 languages are represented. False Accept vary greatly across device types and/or languages. Despite that concern, Plaintiffs further reduced their proposal to 100,000 queries per sampled day (i.e., 8 days per 26 quarters), which would result in a sample size of 20.8 million queries for the

entirety of the Class Period. Indeed, the 20.8 million queries represent less than **0.02%** of the 90 billion queries that Google captured during the Class Period. If, alternatively, the Court found that only one day per quarter should be sampled (for a total of 26 quarters), Plaintiffs' proposal yields 2.6 million total queries for the Class Period.

Google's updated proposal of 100,000 total queries—collected from one day per quarter for 26 quarters is simply not sufficient to capture data representing the 50 device types and over 30 languages. Google's proposal of 100,000 queries would yield a mere 3,847 queries for each sampled day, representing about 0.01% of the number of queries Google received on a daily basis. The math is even more bleak when using 8 days per quarter, as it would mean Google is extracting 480 queries per day, ***or 0.0012% of daily queries***, which is even lower than Google's last proposal of extracting 500 queries that yielded a negative confidence score, indicating no confidence at all, and which the Court rightly rejected. Moreover, as Google argued in its sampling brief, Google has already agreed to a 500,000-query sample size. ECF No. 438 at 7 (arguing that the sample should be 500,000, consistent with what was ordered in *Lopez v. Apple*, *Inc*. No. 4:19-cv-04577-JSW (N.D. Cal.) ("*Apple* Action"). Thus, Google's bid for the sample size should start no lower than the 500,000 it itself proposed earlier.

Dated: October 15, 2024

/s/ *Andrea Farah*
Vincent Briganti (*pro hac vice*)
Christian Levis (*pro hac vice*)
Margaret MacLean (*pro hac vice*)
Andrea Farah (*pro hac vice*)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: (914) 997-0500
vbriganti@lowey.com
clevis@lowey.com
mmaclean@lowey.com
afarah@lowey.com

Joseph P. Guglielmo (*pro hac vice*)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
The Helmsley Building
230 Park Avenue, 24th Floor
New York, NY 10169-1820
Telephone: (212) 223-6444
jguglielmo@scott-scott.com

Erin Green Comite (*pro hac vice*)

| | |
|---|---|
| 1 | **SCOTT+SCOTT ATTORNEYS AT LAW LLP** |
| | 156 South Main Street |
| 2 | P.O. Box 192 |
| | Colchester, CT 06415 |
| 3 | Telephone: (860) 537-5537 |
| | ecomite@scott-scott.com |
| 4 | |
| | Mark N. Todzo (Bar No. 168389) |
| 5 | Patrick Carey (Bar No. 308623) |
| | **LEXINGTON LAW GROUP** |
| 6 | 503 Divisadero Street |
| | San Francisco, CA 94117 |
| 7 | Telephone: (415) 913-7800 |
| | mtodzo@lexlawgroup.com |
| 8 | |
| | *Attorneys for Plaintiffs* |

PLAINTIFFS' STATEMENT IN SUPPORT OF THEIR SAMPLING PROPOSAL        CASE NO. 19-cv-04286-BLF-SVK