Bobbie J. Wilson, Bar No. 148317
BWilson@perkinscoie.com
Sunita Bali, Bar No. 274108
SBali@perkinscoie.com
**PERKINS COIE LLP**
505 Howard Street, Suite 1000
San Francisco, California 94105-3204
Telephone: +1.415.344.7000
Facsimile: +1.415.344.7050

Erin K. Earl (*pro hac vice*)
EEarl@perkinscoie.com
**PERKINS COIE LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: +1.206.359.8000
Facsimile: +1.206.359.9000

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

IN RE GOOGLE ASSISTANT PRIVACY LITIGATION

Case No. 19-cv-04286-BLF-SVK

**GOOGLE'S MOTION TO ENFORCE ORDER APPROVING CLASS NOTICE PLAN AND REJECT MASS EXCLUSION REQUEST**

**DATE: JANUARY 23, 2025**
**TIME: 9:00 A.M.**
Judge: Hon. Beth Labson Freeman

**TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD**:

PLEASE TAKE NOTICE that on January 23, 2025, at 9:00 a.m., or as soon as the matter may be heard before the Honorable Beth Labson Freeman, United States District Judge, at the United States District Court, Northern District of California, San Jose Courthouse, Courtroom 3 – 5th Floor, 280 South 1st Street, San Jose, CA 95113, Defendants Alphabet Inc. and Google LLC (collectively, "Google"), will and hereby do move the Court to enforce its Order Granting Plaintiffs' Unopposed Motion for Approval of Class Notice Plan (the "Order") and to reject the exclusion request submitted on August 29, 2024, via a single letter from Labaton Keller Sucharow LLP on behalf of nearly 70,000 individuals whom they purport to represent (the "Mass Opt-Out"), because the Mass Opt-Out impermissibly seeks to opt out class members *en masse*, potentially violating their individual due process rights, and does not comply with the Court-approved opt-out procedures described in the long-form notice (the "Notice"). This Motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities in support thereof, the Declaration of Sunita Bali, and supporting exhibits, all filed concurrently herewith, all the records and pleadings on file in this action, and upon any oral or documentary evidence that may be presented at the hearing of this Motion. Google has conferred with Class Counsel, who do not take a position on the relief requested in this motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This Motion requests that this Court invalidate an attempt by law firm Labaton Keller Sucharow LLP ("Labaton") to opt out nearly 70,000 potential class members from the certified Purchaser Class, by merely emailing a letter to the class administrator. Labaton provided no evidence or other support for its mass opt-out request other than its own assertion that it has been retained by these individuals to pursue in arbitration claims related to their use of Google Assistant-enabled devices.

Labaton's mass exclusion request should be rejected for two reasons. *First*, deciding whether to opt out of a class action is an individualized due process right that cannot be exercised on a mass basis. Courts routinely emphasize the importance of obtaining each class member's

consent to opt out of a class action and deny opt out requests where a class representative or attorney purports to act on behalf of multiple class members without sufficient indicia of each individual's authorization and confirmation of intent to be excluded.

*Second*, the exclusion request did not adhere to the requirements set forth in the Court-approved long-form notice. That notice required opt-out requests to be submitted only by mail or through the case website. Moreover, if submitted by mail, the notice required that the opt-out request include the class member's signature. Similarly, the opt-out form on the case website required the class member's digital signature. Importantly, Labaton's letter did not contain any class member's signature or any other evidence showing that each of the 69,507 class members consented to Labaton submitting an opt-out request on their behalf. And when counsel for Google asked Labaton for evidence of each individual's consent to the opt-out request, Labaton declined to provide any.

Thus, in light of the significant due process concerns and Labaton's failure to adhere to the requirements for exclusion as set forth in the long form notice, Google respectfully requests that the Court enforce its Order Granting Plaintiffs' Unopposed Motion for Approval of Class Notice Plan (the "Order") and reject Labaton's attempt to bulk exclude nearly 70,000 individuals from the Purchaser Class.

## II. BACKGROUND

### 1. The Court Required Class Members to Opt Out in Accordance with the Procedures Described in the Notice.

On February 9, 2024, the Court-approved the Class Notice Plan (the "Notice Plan") and ordered that class members could exclude themselves from the certified Purchaser Class "by submitting a written request for exclusion as set forth in the Notice[.]" ECF No. 423, at 2:16-17. The Notice Plan included a long-form notice (the "Notice") that explained, among other things, how class members could exclude themselves from the class:

> **11. How do I exclude myself from the Class?**
>
> To exclude yourself from the Class, you must either send a request by mail or through the case website stating that you wish to be excluded from the Class in *In re Google Assistant Privacy Litigation*, Case No. 19-cv-04286. If you mail your Request for Exclusion, it must be postmarked no later than **September 9, 2024**, to:
>
> Google Assistant Privacy Class Action
> c/o A.B. Data, Ltd.
> P.O. Box 173001
> Milwaukee, WI 53217
> info@googleassistantprivacylitigation.com
>
> If you mail your Request for Exclusion, be sure to include your name, address, telephone number, and signature. To request exclusion through the case website, please visit www.googleassistantprivacylitigation.com and click on the Request for Exclusion tab. The Request for Exclusion must be submitted no later than **September 9, 2024**.

ECF No. 403-5. Specifically, the Notice provided that class members could "either send a request by mail or through the case website stating that you wish to be excluded." *Id*. An exclusion request sent by mail had to include the class member's "name, address, telephone number, ***and signature***" (emphasis added), and the online Request for Exclusion required similar information, including a digital signature. These requirements were designed to ensure that each excluded class member individually and knowingly excluded themselves from the class, given the serious ramifications of such exclusion.

**2. Labaton's Mass Exclusion Request Ignores the Notice's Requirements.**

On August 29, 2024, Labaton sent a letter and spreadsheet by email to info@googleassistantprivacylitigation.com, with a copy to Class Counsel (the "Mass Opt-Out"). Bali Decl., Exs. 1-2. Labaton did not copy counsel for Google or otherwise share the letter with Google. *Id*. ¶ 7. The letter claimed that the individuals identified in the attached spreadsheet had retained Labaton to "pursue claims relating to their use of Google Assistant-enabled devices in arbitration, including the claims for breach of contract and under California's Unfair Competition Law" being pursued by the Purchaser Class. *Id.*, Ex. 2. The letter then purported to "sign[] and submit[] these requests for exclusion" on behalf of those individuals. The spreadsheet contains a list of claim IDs, names, and email addresses for 69,507 individuals, but omits key information required by the Notice, including class members' address, telephone number, and signature. *Id.* ¶ 7. Three of the individuals included in Labaton's mass exclusion request separately submitted exclusion requests in compliance with the Notice's opt-out procedures. Google seeks no relief

with respect to these three individuals' exclusion requests.

Of the 143 exclusion requests that the Notice Administrator received (treating Labaton's Mass Opt-Out as a single, mass exclusion request), Labaton's Mass Opt-Out was the only request that did not comply with the procedures described in the Notice (the remainder were all submitted via the online portal). *See* ECF No. 440 at 3:16-19. Google first learned of the Mass Opt-Out from the Notice Administrator on September 18, 2024, nearly three weeks after the requests were made, when Google asked Class Counsel to provide information regarding exclusion requests in connection with the filing due to the Court on September 19, 2024. *See* Bali Decl ¶¶ 2-3. Google promptly sought additional detail from Class Counsel and the Notice Administrator, including a copy of Labaton's correspondence. *Id.*, Ex. 1. Google also asked for Class Counsel's position on whether the Mass Opt-Out constitutes valid exclusion requests under the Notice. *Id.* Surprisingly, Class Counsel responded that they "plan to take no position on the validity of the opt outs [because] the number of opt outs is not material, and thus, it would not be a benefit to the Class for Class Counsel to act on this." *Id.*, Ex. 2.

**3. There is No Evidence that the Individuals Referenced in the Mass Opt-Out Individually Consented to Exclude Themselves from the Class.**

Neither Labaton's letter nor the attached spreadsheet includes signatures or any other indicia of individualized consent from the nearly 70,000 identified individuals. Nor does the letter indicate whether Labaton had obtained each individual's consent to exclude themselves from the class or even whether Labaton had communicated with these individuals about this exclusion request at all. Further, Labaton declined to provide any evidence of individualized consent when asked by Google prior to filing this Motion. Bali Decl. ¶¶ 11–14. And although Labaton asserted that it represents "the 69,507 individuals identified in Exhibit A ('Claimants') in privacy claims stemming from the Claimants' use of Google Assistant-enabled devices," Google has received notice from other firms purporting to represent at least some of these same individuals with respect to similar claims. Bali Decl. ¶ 8. This provides additional reason to question Labaton's authority to act on behalf of these individuals.

Further, it is far from clear whether many of these 69,504 individuals actually entered into

any arbitration agreement with Google. Although Labaton purports to have been retained to represent these individuals to pursue claims against Google in arbitration, Bali Decl., Ex. 2, neither Labaton nor any of those individuals has ever provided any evidence that those specific individuals in fact entered into an arbitration agreement with Google, *id.* ¶ 9. *See, e.g., Wallrich v. Samsung Elecs. Am.*, 106 F.4th 609, 612 (7th Cir. 2024) (allegations are not sufficient to show an entitlement to arbitrate). Indeed, whether claims are subject to arbitration depends on a variety of factors, including the specific type of device used, when and where that device was purchased, and when it was activated. *See* ECF No. 397-1. If some or all of these individuals in fact never agreed to arbitrate with Google, opting out of the class could, as a practical matter, severely limit their options for pursuing their claims, given that arbitration may ultimately be unavailable to them. These concerns exemplify the importance of class members making an individual and informed decision regarding class participation, which there is serious reason to doubt happened here.

## III. LEGAL STANDARD

Courts have broad discretion to reject opt-out requests. *See Gulf Oil Co. v. Bernard*, 452 U.S. 89, 100 (1981) ("[A] district court has both the duty and the broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and parties."); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1025 (9th Cir. 1998) (explaining that Rule 23(d) of the Federal Rules of Civil Procedure "vests a district court with the authority and discretion to protect the interests and rights of class members"), *overruled on other grounds by Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011); *Moulton v. U.S. Steel Corp.*, 581 F.3d 344, 355 (6th Cir. 2009) (holding that "the district court appropriately exercised its power by requiring individually signed opt-out forms (and rejecting the attorney-signed forms)").

Google understands that Labaton may contest whether it has standing to bring this motion. Given that Fed. R. Civ. P. 23(d) gives the Court the authority "to safeguard generally the administering of justice and the integrity of the class certification process," *O'Connor v. Uber Techs., Inc.*, No. C-13-3826 EMC, 2014 WL 1760314, at *3 (N.D. Cal. May 2, 2014), and given that Class Counsel has decided not to bring this matter to the Court's attention or even take a

substantive position on the issue, Google is the only party that can raise the issue for the Court. And of course, as a party to the litigation, Google has a vested interest in the orderly conduct of the case and the enforceability of the Court's orders. *See, e.g., Ontiveros v. Safelite Fulfillment, Inc.*, No. CV 15-7118-DMG (RAOx), 2017 WL 6043078, at *3 (C.D. Cal. Oct. 16, 2017) (party to class action permitted to move under FRCP 23(d) for an order restricting defendant's ability to settle with putative class members).

## IV. ARGUMENT

The Court should reject the Mass Opt-Out because (1) there is serious concern that class members did not expressly consent to such exclusion, and thus their individual due process rights have been violated, and (2) the Mass Opt-Out does not comport with the exclusion procedures set forth in the Court-approved Notice, which were designed to protect those rights. Specifically, the emailed Mass Opt-Out does not include any physical or digital signatures from the identified individuals, or any other evidence showing that each class member individually consented to opt out of the class. These are not mere technical deficiencies—individual signatures (or some other evidence of individualized consent) are critical to protect both the class members' and Google's interests. Labaton's blanket statement that it represents the class members for purposes of pursuing claims in arbitration is not sufficient, particularly where Google has also received notice that other firms are representing some of those same claimants. Based on the information that has been shared with Google, there is legitimate concern regarding whether class members have actually consented to opt out of the class, or whether they are even aware that Labaton has requested exclusion on their behalf.

### A. Opting Out is an Individualized Due Process Right to be Exercised by Each Class Member Individually.

Class members have a due process right to opt out of a class. *See, e.g.*, *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985) (explaining that "due process requires at a minimum that an absent plaintiff be provided with an opportunity to remove himself from the class by executing and returning an 'opt out' or 'request for exclusion' form to the court."). Courts have routinely recognized that right as one held by each individual class member to be exercised individually.

*See, e.g.*, *Hanlon*, 150 F.3d at 1024 ("The right to participate, or to opt-out, is an individual one and should not be made by the class representative or the class counsel."); *In re Zurn Pex Plumbing Prods. Liab. Litig.*, No. 08-MDL-1958 ADM/AJB, 2012 WL 5055810, at *9 (D. Minn. Oct. 18, 2012) ("The decision to opt out of a class action settlement is an individual decision and may not be made . . . on a mass or representative basis."); *In re Nat'l Football League Players' Concussion Injury Litig.*, No. 2:12-md-02323-AB, 2019 WL 95917, at *5 (E.D. Pa. Jan. 3, 2019) ("The right to opt out of a class action is one that must be exercised individually," because "individual class members . . . have the right to intelligently and individually choose whether to continue in a suit as class members."); 1 McLaughlin on Class Actions § 5:78 (16th ed.) ("Due process requires that the right to opt out is an individual one which must knowingly be exercised on a class-member-by-class-member basis.").

Accordingly, attempts to exclude class members *en masse* or on a representative basis risk infringing on those class members' due process rights by usurping their right to make an informed, individualized decision as to whether to participate in the class action:

> There is no class action rule, statute, or case that allows a putative class plaintiff or counsel to exercise class rights en masse, either by making a class-wide objection or by attempting to effect a group-wide exclusion from an existing class. Indeed, to do so would infringe on the due process rights of the individual class members, who have the right to intelligently and individually choose whether to continue in a suit as class members.

*Hanlon*, 150 F.3d at 1024; *see also, e.g.*, *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 564-65 (9th Cir. 2019) (objector "had no right to [opt out] on behalf of anyone else"); *Sharp Farms v. Speaks*, 917 F.3d 276, 298-99 (4th Cir. 2019) (affirming district court's rejection of a classwide opt out because "the Due Process Clause prohibits classwide opt-outs"); 3 Newberg on Class Actions § 9:47 (5th ed.) ("[C]lass members' right to opt out is individual, and thus, a group cannot be opted out by a representative or attorney").

Consistent with these principles, courts frequently reject attempts by attorneys to exclude

their clients from a class action without evidence that each class member made an informed, individualized decision to opt out of the class. *See, e.g.*, *In re Diet Drugs (Phentermine, Fenfluramine, Dexfenfluramine) Prods. Liab. Litig.*, 282 F.3d 220, 241 (3d Cir. 2002) (affirming district court's order that "lawyers could not effect mass opt outs of all of their clients with the filing of a single notice" because "[o]pting out is an individual right and it must be exercised individually." (cleaned up)); *Larson v. AT&T Mobility LLC*, No. 07-5325 (JLL), 2009 WL 10689759, at *3 (D.N.J. Jan. 16, 2009) (rejecting an attempted mass opt-out given the "overwhelming amount of law denying mass opt-outs" on the grounds that they "violate the right of an individual to make the opt-out decision").

Here, Labaton has presented no evidence that each of the nearly 70,000 individuals on whose behalf they are purporting to request exclusion made an informed, individualized decision to exclude themselves. Google even gave Labaton an opportunity to provide any such evidence to Google before filing this Motion, but Labaton declined. Indeed, it is difficult to conceive how Labaton could have individually communicated with each of their purported roughly 70,000 clients on this important issue prior to sending their letter to the Notice Administrator. Labaton's letter does not address whether these individuals consented to the requested exclusion being sent on their behalf, whether they were even provided notice of the requested exclusion, or whether they even received the Class Notice (to the contrary, Labaton's letter asks the Notice Administrator to advise whether any of their "clients" are not on the list of class members). Other than the three individuals who separately submitted proper exclusion requests, there is no evidence to indicate that *any* (let alone each) of the nearly 70,000 individuals Labaton is attempting to opt out of the Purchaser Class made an informed, individualized decision to exclude themself. As a result, Labaton's Mass Opt-Out request should be rejected as it risks infringing on those individuals' due process rights.

**B. The Court Should Reject the Mass Opt-Out Because It Does Not Include the Information Required by the Court-Approved Notice.**

Recognizing the importance of individualized out-opt rights, it has become a "common and practical requirement" "that an opt out be signed by the class member, not the attorney, in

order to ensure that the exclusion was with the client's express consent." *In re Deepwater Horizon*, 819 F.3d 190, 197 (5th Cir. 2016) (cleaned up); *Hallie v. Wells Fargo Bank, N.A.*, No. 2:12-CV-00235-PPS-APR, 2015 WL 1914864, at *4 (N.D. Ind. Apr. 27, 2015) (personal signature requirement has become a "standard requirement in class actions"); *Bellows v. NCO Fin. Sys., Inc.*, No. 07-CV-1413 W (AJB), 2009 WL 10725745, at *4 (S.D. Cal. June 19, 2009), *report and recommendation adopted*, No. 07-CV-1413 W (CAB), 2009 WL 10725741 (S.D. Cal. July 13, 2009) (invalidating attorney's mass opt-out request in part because individual class members did not sign the requests).

Courts have discretion to reject exclusion requests that lack personal signatures from each class member seeking to be excluded. *See, e.g.*, *In re Deepwater Horizon*, 819 F.3d at 197 (affirming rejection of opt-out request as ineffective in part because the class member did not sign it); *Hallie*, 2015 WL 1914864, at *4 (rejecting unsigned opt out and explaining a personally signed opt-out request "is rational given the court's interest in avoiding mass or large sub-class opt outs"). This discretion extends to rejecting opt-out requests submitted by attorneys instead of class members. For example, in *Bellows*, the court invalidated an attorney's mass opt-out request on behalf of 62 of his clients, in part because the individual class members did not provide their signature because requiring a signature "insures that potential class members knowingly act with the intent to exclude themselves" and "protects against abuses by an attorney who without authority seeks to improperly interfere with a class action settlement." *Bellows*, 2009 WL 10725745, at *4; *see also, e.g.*, *Moulton*, 581 F.3d at 348, 355 (affirming rejection of attorney-signed opt-out forms for hundreds of class members because they lacked individual signatures); *In re Diet Drugs*, 282 F.3d at 241 (noting that "it was clearly within the court's discretion to turn away attempts by lawyers to opt out class members en masse"). And courts regularly reject mass opt out requests notwithstanding objections that obtaining individual signatures is too onerous. *See, e.g.*, *In re Syngenta Ag Mir 162 Corn Litigation*, No. 14-md-2591-JWL, 2018 WL 1726345, at *7 (D. Kan. Apr. 10, 2018) (rejecting argument that individual signature requirement was too onerous when an attorney represented around 9,000 class members because "[t]o ensure that those who actually may possess a potential claim are in fact the decision-makers, it is more than

reasonable to require that they take the very minimal effort required to sign and mail an opt out").

Here, the Notice required class members to provide, among other things, their address, telephone number, and either (1) a physical signature for exclusion requests sent by mail, or (2) a digital signature for exclusion requests submitted through the case website. Labaton's Mass Opt-Out provided none of this information. Instead, it simply stated, without evidence, that "Each Claimant has retained Labaton Keller Sucharow LLP to pursue claims . . . in arbitration" and "[a]s their attorneys, we are signing and submitting these requests for exclusion on Claimants' behalf[.]" Bali Decl., Ex. 2. That is not enough—the Notice's opt-out procedures were implemented to ensure that each class member individually consented to opt out of the class and, without them, it is impossible to determine whether each class member consented to such opt out request or is even aware that an opt out request has been submitted on their behalf. *See, e.g.*, *Reid v. I.C. Sys. Inc.*, 795 F. App'x 509, 511 (9th Cir. 2019) (the "mere fact that a person had participated in another suit or made a demand for payment, without more, does not . . . show that the person indicated an intent to opt-out of this settlement.").

## V. CONCLUSION

In short, the Mass Opt-Out impermissibly seeks to exclude nearly 70,000 potential class members *en masse* without any evidence of consent from each individual, and thus runs the risk of infringing on their due process rights. Moreover, the Mass opt Out does not comport with the opt out requirements set forth in the Notice, as it does not include class member's signatures, addresses, or telephone numbers. As a result, for the reasons stated above, Google respectfully requests that the Court enforce its Order and reject the Mass Opt-Out's purported exclusions.

Dated: November 1, 2024

**PERKINS COIE LLP**

By: *__/s/ Sunita Bali__*
Bobbie J. Wilson, Bar No. 148317
Sunita Bali, Bar No. 274108
Erin K. Earl (*pro hac vice*)

*Attorneys for Defendants*