Bobbie J. Wilson, Bar No. 148317
BWilson@perkinscoie.com
Sunita Bali, Bar No. 274108
SBali@perkinscoie.com
**PERKINS COIE LLP**
505 Howard Street, Suite 1000
San Francisco, California 94105-3204
Telephone: +1.415.344.7000
Facsimile:  +1.415.344.7050

Erin K. Earl (*pro hac vice*)
EEarl@perkinscoie.com
**PERKINS COIE LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: +1.206.359.8000
Facsimile:  +1.206.359.9000

*Attorneys for Defendants*
Alphabet Inc. and Google LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE GOOGLE ASSISTANT PRIVACY LITIGATION | Case No. 19-cv-04286-BLF-SVK<br><br>**DECLARATION OF SUNITA BALI IN SUPPORT OF GOOGLE'S MOTION TO ENFORCE ORDER APPROVING CLASS NOTICE PLAN AND TO REJECT MASS EXCLUSION REQUEST**<br><br>Mag. Judge:   Hon. Beth Labson Freeman |

## DECLARATION OF SUNITA BALI

I, Sunita Bali, declare as follows:

1.  I am an attorney licensed to practice before all courts of the State of California. I am a partner at the law firm Perkins Coie LLP, and counsel of record for defendants Alphabet Inc. and Google LLC (collectively, "Google") in the above-entitled action. I have personal knowledge of the matters set forth herein and, if called as a witness, could and would competently testify hereto.

2.  On September 18, 2024, my colleagues and I met and conferred with class counsel to discuss various issues related to this case.  During that call, we discussed the September 19 deadline for class counsel to file all exclusion requests, and I noted that I had not received any information from class counsel or the class administrator, A.B. Data, regarding the number of exclusions, and I requested that such information be shared with me.

3.  On that same date, A.B. Data provided us with a summary of the exclusions, and class counsel provided us with a draft declaration from A.B. Data that they were preparing to file with the Court on September 19.

4.  On September 19, after reviewing the summary of exclusions provided by A.B. Data, my colleague Erin Earl emailed class counsel Erin Comite to request that class counsel provide us with more information regarding the exclusion request submitted by the law firm Labaton Keller Sucharow LLP on behalf of 69,504 individuals.

5.  On that same date, Erin Comite informed us that "Labaton sent an email on August 29, 2024 to info@googleassistantprivacylitigation.com, with a letter and spreadsheet attached, cc'ing Class Counsel."

6.  On September 23, 2024, my colleague requested that Class Counsel provide a copy of the email, letter, and spreadsheet sent by Labaton on August 29, 2024.  She also asked for Class Counsel's position on the validity of the opt outs. A true and correct copy of the email exchange described in paragraphs 4–6 is attached hereto as **Exhibit 1**.

7.  On September 24, 2024, Ms. Comite provided us with a copy of the email, letter and spreadsheet sent by Labaton to A.B. Data and Class Counsel on August 29, 2024, and stated:

-1-
DECL. OF S. BALI ISO GOOGLE'S MOTION TO ENFORCE ORDER
APPROVING CLASS NOTICE PLAN AND TO REJECT MASS EXCLUSION REQUEST
19-cv-04286-BLF-SVK

"Class Counsel plan to take no position on the validity of the opt outs. Given the size of the Class, the number of opt outs is not material, and thus, it would not be a benefit to the Class for Class Counsel to act on this." A true and correct copy of Ms. Comite's email and the email attached thereto with its attachments (except the lengthy spreadsheet), is attached hereto as **Exhibit 2**. The attached spreadsheet contained a list of claim IDs, names, and email addresses for 69,507 individuals, but did not include address, telephone number, or signature. Labaton did not copy counsel for Google on the email or otherwise share the letter with Google.

8. Another law firm has informed Google that they represent some of the same individuals that Labaton purports to represent (and that are listed in the spreadsheet accompanying Labaton's mass out opt request), in connection with similar claims and allegations related to Google Assistant that have or may be brought in arbitration.

9. Google and Labaton dispute whether Labaton or the individuals they purport to represent in arbitration or pre-arbitration proceedings have provided sufficient evidence to establish that those individuals entered into an arbitration agreement with Google.

10. On October 23, 2024, I emailed Jonathan Waisnor, the Labaton attorney who sent the letter to A.B. Data, to provide notice that Google anticipated filing this motion and requesting that Labaton provide any "evidence that shows that these individuals each consented to Labaton opting out on their behalf."

11. Mr. Waisnor responded on October 24, 2024, questioning Google's "procedural basis" and standing to bring the motion. I responded on October 25, 2024, further clarifying the grounds for this motion, particularly that "Google has serious concerns that these nearly 70,000 class members did not actually evaluate whether to opt out of the class, and did not provide clear evidence of their consent for Labaton to opt out on their behalf" and that the opt out request "plainly does not comply with the exclusion process approved by the court as set forth in the long form notice, including because it does not provide the required contact information and is not signed by the individuals." That email concluded: "Based on your response, it appears as though you will not share information that may address these concerns, so we will proceed with filing our motion."

12. Mr. Waisnor responded later on October 25, 2024, continuing to contest Google's standing to bring this motion, seeking Class Counsel's position, and arguing that Google had "demand[ed] Labaton turn over to you information that you have articulated no basis for seeking."

13. I responded on October 30, 2024, that Class Counsel had confirmed they "will not take a substantive position on the validity of the mass opt-out request" so "Google must be the one to bring this issue to the Court's attention."

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on this 1st day of November 2024 in Oakland, California.

By: /s/ Sunita Bali
     Sunita Bali