Bobbie J. Wilson, Bar No. 148317
BWilson@perkinscoie.com
Sunita Bali, Bar No. 274108
SBali@perkinscoie.com
**PERKINS COIE LLP**
505 Howard Street, Suite 1000
San Francisco, CA  94105-3204
Telephone:  +1.415.344.7000
Facsimile:  +1.415.344.7050

Erin K. Earl (*pro hac vice*)
EEarl@perkinscoie.com
**PERKINS COIE LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: +1.206.359.8510
Facsimile: +1.206.359.9510

Attorneys for Defendants Alphabet Inc.
and Google LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE GOOGLE ASSISTANT PRIVACY LITIGATION | Case No. 5:19-cv-04286-BLF<br><br>**ADMINISTRATIVE MOTION FOR CLARIFICATION OF CLASS DEFINITION**<br><br>Judge:     Hon. Beth Labson Freeman |

Pursuant to Civil Local Rule 7-11 and Federal Rule of Civil Procedure 60, Defendants Google LLC and Alphabet Inc. (collectively, "Google") seek an order clarifying the definition and scope of the Purchaser Class, certified pursuant to the Court's Order Granting in Part and Denying in Part Plaintiffs' Motion for Class Certification (Dkt. 360) ("Class Certification Order"). In particular, Google seeks clarity regarding whether, in limiting the class definition to only those users who purchased devices "manufactured and sold by Google," Dkt. 360 at 31, the Purchaser Class is limited to those individuals who purchased devices *directly* from Google, or also includes those individuals who purchased devices from third parties.

## BACKGROUND

On December 16, 2022, the Court granted in part and denied in part Plaintiffs' Motion for Class Certification, certifying only the Plaintiffs' proposed "Purchaser Class," defined as:

All Users who purchased a Google-Made Device, where:

- "Users" are individuals whose Gmail accounts were associated with at least one Google-Assistant Enabled Device during the class period;
- "Google Assistant Enabled Devices" are devices that come with Google Assistant pre-installed; and
- "Google-Made Devices" are Google Assistant Enabled Devices **manufactured and sold** by Google, including Google's own smart home speakers, Google Home, Home Mini, and Home Max; smart displays, Google Nest Hub, and Nest Hub Max; and its Pixel smartphones.[1]

Dkt. 360 at 31 (emphasis added). The Court permitted the Purchaser Class to proceed on the breach of contract claim and UCL "unlawful" prong claims predicated on breach of contract and violation of California Business and Professions Code § 22576. *Id.* Among the common questions the Court certified were "[w]hether Google made uniform representations to Class Members in its contracts," "[w]hether Google breached those promises," and whether Google's breach caused

---

[1] The Court adopted verbatim the class definition proposed by Plaintiffs in their Motion to Certify Class. *Compare* Dkt. 360 at 31–32 *with* Dkt. 222 at 1.

members of the Purchaser Class to "over[pay] for GAEDs as a result of the price premium attributable to . . . Google's uniform, contractual promises of privacy." *See* Dkt. 360 at 32.

Until recently, Google understood the certified Purchaser Class to include all individuals who purchased in-scope devices, even if they purchased those devices from third parties including third-party retailers. Google came to this understanding because Plaintiffs have made clear that was their intended meaning, the class definition as worded is susceptible to that reading, and Kumandan (the sole representative of the Purchaser Class) purchased his device from third-party retailer Verizon. *See* Dkt. 268 at 9.

But during an October 3, 2024 discovery hearing before Magistrate Judge Susan van Keulen regarding an appropriate sampling protocol for the production of Google Assistant query log data, Judge van Keulen explained that, after reviewing the Class Certification Order and conferring with this Court, she understood the Purchaser Class to be limited to individuals who purchased their devices directly from Google. *See* Dkt. 450 (Oct. 3, 2024 Hr'g Tr.) at 6:12–20 (Judge van Keulen stating that she had "conferred with Judge Freeman" and understood the class definition to be "limited to devices that are manufactured and sold by Google to the class member"). As Judge van Keulen observed, this is the "plain and ordinary meaning of the class definition," and the broader interpretation of the Purchaser Class to also include anyone who purchased an in-scope device from a third party is a "very strained reading." *Id*. at 6:10–15.

There is currently a dispositive motion hearing date of May 8, 2025, with briefing to take place before then. It is important for Google to have clarity on the scope of the Purchaser Class before moving for summary judgment as to the claims being pursued on behalf of the Purchaser Class. Thus, on November 6, 2025, Google's counsel emailed Class Counsel to ask if they would stipulate to seeking clarification of the scope of the Purchaser Class. *See* Declaration of Sunita Bali ("Bali Decl.") ¶ 2. Over a week later, on November 14, Class Counsel responded by email to request a meet and confer. *Id.* ¶ 3. The parties met and conferred on that same date, and while Class Counsel acknowledged the comments made by Judge van Keulen, they would not confirm whether they would stipulate that clarification of the class definition is warranted. *Id*. On

November 18, Class Counsel emailed Google's counsel stating that they "cannot agree to stipulate that clarification of the class certification order is necessary." *Id.* ¶ 4.

## ARGUMENT

Under Federal Rule of Civil Procedure 60, a court may "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). "[T]he clarification process presumes some legitimate need supporting relief, such as the existence of ambiguity or confusion that can be corrected with further explanation." *See Michel v. Sumo Logic, Inc.*, No. 23-cv-03665-BLF, 2024 WL 3677290, at *1 (N.D. Cal. Aug. 5, 2024) (citation omitted).

Google requests that the Court clarify whether the Purchaser Class includes only those individuals who purchased in-scope devices *directly* from Google, or whether it also includes those who purchased such devices from third parties, including third-party retailers. As described in previous submissions, Google sells "Google-Made Devices" directly to consumers primarily through its online Google Store. But it also sells Google-Made Devices to third parties, including retailers like Verizon or Best Buy, who in turn sell those devices to consumers. The Purchaser Class certified by the Court is defined to include "Users who purchased a Google-Made Device," and "Google-Made Devices" are defined as "Google Assistant Enabled Devices manufactured and sold by Google . . . ." But the definition does not specify whether "sold by Google" means sold by Google directly to consumers, or sold by Google in any capacity (e.g., through third-party retailers). *Compare* Dkt. 360 at 31–32 *with* Dkt. 222 at 1.

Plaintiffs have made clear that they intended the Purchaser Class to capture anyone who purchased an in-scope device from any entity, and given that the Court adopted Plaintiffs' proposed class definition without change, Google has been operating based on that interpretation as well. But Google agrees with Judge van Keulen's comments at the recent discovery hearing that the "plain and ordinary" meaning of "manufactured and sold by Google" is manufactured and sold by Google directly to consumers. *See* Dkt. 450 (Oct. 3, 2024 Tr.) at 6:12–20. Indeed, interpreting "manufactured and sold by Google" to include devices sold through third parties, as Plaintiffs would have it, would render the phrase "sold by Google" superfluous, as it would

encompass all in-scope devices manufactured by Google regardless of how they were sold (there are no in-scope devices that Google manufactures but does not directly sell to consumers). Because the limitation in the definition of "Google-Made Device" to only those devices "sold by Google" should carry some meaning, it should be interpreted to limit the Purchaser Class to those individuals who purchased devices directly from Google.

The narrower meaning would also better fit the claims that the Purchaser Class was certified to pursue, namely breach of contract based on alleged breach of the Google Terms of Service and Privacy Policy, and violation of the Unfair Competition Law's "unlawful" prong predicated on alleged breach of contract and violation of California Business and Professions Code Section 22576. *See* Dkt. 360 at 31. A consumer who purchases a device from a third-party retailer enters into a separate purchase contract with that retailer, and typically does not even agree to Google's Terms of Service and Privacy Policy until setting up the device *after* purchase. Thus, it is difficult to imagine how such a purchase can provide the basis for breach of contract damages *against Google*, when the consumer's contract *with Google* has not yet been formed, much less breached, at the time of purchase. *See Troyk v. Farmers Group, Inc.*, 171 Cal. App. 4th 1305, 1352–53 (2009) (contract damages must be proximately caused by the defendant's breach of a contractual obligation); *see also Svenson v. Google Inc.*, 65 F. Supp. 3d 717, 724 (N.D. Cal. 2014) (Freeman, J.) (dismissing breach of contract claim against Google where the "only payment made was . . . to [a] third-party vendor" and plaintiff did not allege facts showing that she paid anything for Google's asserted privacy protections); *Hynh v. Quora, Inc.*, No. 18-CV-07597-BLF, 2019 WL 11502875, at *10 (N.D. Cal. Dec. 19, 2019) (Freeman, J.) (dismissing breach of contract claim for failure to allege "benefit of the bargain" damages because plaintiffs did not show that "they paid anything for the asserted privacy protections").

Plaintiffs may argue that the Court is required to maintain the broader class definition because that is what Plaintiffs intended, or that Google is somehow precluded from seeking clarification from the Court because it did not previously contest Plaintiffs' interpretation. Neither argument is persuasive. It is well established that the Court retains discretion to modify a class definition to resolve an ambiguity, and an ambiguity has arisen regarding the scope of the

Purchaser Class. *See Campbell v. Pricewaterhouse Coopers, LLP*, 253 F.R.D. 586, 593 (E.D. Cal. 2008), *adhered to*, 287 F.R.D. 615 (E.D. Cal. 2012). Moreover, what matters most is not the parties' interpretation of the class definition, but rather the Court's own understanding of the class that it certified, which is what Google is seeking to confirm through this Motion.

## CONCLUSION

In light of Judge van Keulen's comments at the October 3, 2024 discovery hearing, the inherent ambiguity in the Purchaser Class definition, and the need for clarity on this issue before Google moves for summary judgment as to the Purchaser Class's claims, Google respectfully requests that this Court issue an order clarifying the scope of the Purchaser Class.

DATED: November 18, 2024

**PERKINS COIE LLP**

By: */s/ Sunita Bali*
Bobbie J. Wilson, Bar No. 148317
Sunita Bali, Bar No. 274108
Erin K. Earl (*pro hac vice*)

Attorneys for Defendants Alphabet Inc. and Google LLC