Vincent Briganti (*pro hac vice*)
Christian Levis (*pro hac vice*)
Margaret MacLean (*pro hac vice*)
Andrea Farah (*pro hac vice*)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: (914) 997-0500
Facsimile: (914) 997-0035
vbriganti@lowey.com
clevis@lowey.com
mmaclean@lowey.com
afarah@lowey.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| IN RE GOOGLE ASSISTANT PRIVACY LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Docket No.: 19-cv-04286-BLF-SVK<br><br>**PLAINTIFFS' OPPOSITION TO GOOGLE'S ADMINISTRATIVE MOTION FOR CLARIFICATION OF CLASS DEFINITION** |

**INTRODUCTION**

Google's Motion reflects a belated attempt at reconsideration of the certification of the Purchaser Class that far exceeds the scope of Rule 60 and must be denied. Twenty-three months after this Court certified the Purchaser Class (ECF Nos. 360, 414), and after Class Notice has already gone out (ECF No. 423), Google now seeks to narrow the Class definition to include only those individuals who purchased their Google devices directly from the Google Store. This is not a "clarification," but a tactical rewrite of the Purchaser Class definition intended to exclude the majority of members who bought their devices from Google through third party retailers, such as Verizon or Best Buy. Google's sole justification for this drastic change: contextual comments at a discovery hearing related to data sampling (Transcript of Oct. 3, 2024 Hearing (ECF No. 449) ("Discovery Hearing") at 6:4-15). Google's Motion not only fails to identify a single, legitimate ambiguity in the Purchaser Class definition, it relies on arguments that Google never raised once during five years of litigation. Any purported need for "clarification" is discredited by Google's admission that it understood the Purchaser Class to include all devices Google "made and sold," regardless of where they were purchased. Mot. at 3. The Court should reject Google's attempt to change the course of litigation at this late stage.

**ARGUMENT**

**A.  The Purchaser Class Unambiguously Includes All Devices "Sold by Google"**

There is no basis for clarification of the Purchaser Class definition because there is no ambiguity or mistake to clarify. *See Mendoza v. Hyundai Motor Co., Ltd.*, No. 15-CV-01685-BLF, 2024 WL 189014, at *3 (N.D. Cal. Jan. 17, 2024) (denying motion for clarification of injunction that did not "include[] a mistake that requires correction or any ambiguity that requires clarification"). The plain language of the Purchaser Class definition includes all devices "sold by Google," without exception. ECF No. 222-1 at 1. This necessarily includes devices Google sold directly to consumers through its online Google Store, as well those devices Google sold through its other distribution channels, including (a) third party retailers like "Best Buy", "Target," or "Costco," (b) "telco" companies like "Verizon" or "AT&T," (c) "industry partnerships" and

others. *See* GOOG-ASST-03045688 (identifying distribution channels for GAED's including "third party" distributors, "online" stores, and "direct" sales); GOOG-ASST-00034266 (identifying companies "distributors," "industry partnerships," "retail" outlets, and "telco" companies included in Google's "distribution channels.").

It was not a mistake to include purchasers from Google's various distribution channels in the Purchaser Class. The Purchaser Class asserts a breach of contract claim and UCL violation based on common misrepresentations in Google's Terms of Service ("TOS") and/or its Privacy Policy. Order Granting in Part and Denying in Part Plaintiffs' Motion for Class Certification at 16 (ECF No. 414) ("Class Cert Order"). The TOS and Privacy Policy are not "purchase agreements" (*i.e.*, agreements that attach when someone buys a device from the Google Store), but rather are "use agreements" that apply to all "Users" of Google services. Class Cert Order at 31-32.[1] Accordingly, the TOS and Privacy Policy—like Google's misrepresentations in them—do not distinguish between Google devices based on where they are sold. This is also true for each of the common questions certified by the Court: "Whether Google made uniform representations to Class Members in its contracts" turns on the same common set of terms. (ECF No. 360 at 32). Likewise, "[w]hether Google breached those promises," and whether Google's breach caused Purchaser Class members to "over[pay] for GAEDs" (*id.*) are questions answered by common evidence about *Google*'s conduct unrelated to how Google distributed Class members' devices. ECF No. 348-1 at 2. Thus, Google's newly-proposed class definition does not "better fit the claims" (Mot. at 5) because it draws an artificial distinction between devices sold via the Google Store and other distribution channels, which was *never* a factor in the Court's class certification analysis. *See* Class Cert Order at 21.

**B. Google Always Understood this Case to be About All Devices "Sold by Google"**

Google's admission that it has always "understood" the Purchaser Class to include *all* Google-made devices regardless of how they were distributed further belies its Motion.

---

[1] Google submitted no evidence at class certification to support its new contention that some Purchaser Class members may not have agreed to the TOS and Privacy Policy. Mot at 5.

PLAINTIFFS' OPPOSITION TO GOOGLE'S ADMINISTRATIVE
MOTION FOR CLARIFICATION OF CLASS DEFINITION          CASE NO. 19-cv-04286-BLF-SVK

Throughout this case, Google has never argued that Plaintiffs' claims, the scope of discovery, the standing of the proposed Class Representatives, or the Purchaser Class definition should be limited to individuals who purchased Google-made devices directly from the Google Store despite knowing that several Plaintiffs owned Google devices distributed through third party retailers.[2]

Just the opposite, Google not only affirmatively sought discovery from Plaintiffs about "the seller from whom [their] device was purchased, the method of payment, and the price paid," (*see* RFP No. 2 at 5), it  produced documents reflecting its distributors and retail partners (*e.g.*, GOOG-ASST-00034266), sales and revenue documents accounting for Google's Home device sales to third party retailers (GOOG-ASST-03045689), financial review metrics reflecting contra revenue (*e.g.*, GOOG-ASST-03045664), and even provided a Rule 30(b)(6) corporate witness to testify that Google recognizes revenue from device sales at the time it places the devices with third-party retailers (Crowel Tr. at 18:14-24). These actions are inconsistent with Google's position in its Motion. As is Google's conduct at class certification, where it both recognized Plaintiff Kumandan as the Purchaser Class Representative (*see* Opposition to Class Cert, Ex. B, ECF No. 268-89 (Google's chart identifying Kumandan as class representative for the Purchaser Class)) and sought to use fact that he purchased Pixel phones from Verizon *affirmatively* to compel him to arbitration. *See* Motion to Compel Arbitration, ECF No. 397 (arguing that Kumandan agreed to arbitration provisions with Verizon that Google could enforce).

The record simply does not support the distinction Google now attempts to draw.  Like the common TOS that binds all members of the Purchaser Class, irrefutable evidence shows that Google Assistant is identical across all Google device types (*i.e.*, Google Pixel Pro phones, Google tablets, etc.) regardless of where such devices were purchased. Of the more than 3 million pages of documents produced and 14 witnesses deposed, not one has identified any difference in the way the Google Assistant performs depending on the channel through which it is distributed. Instead,

---

[2] *See* Kumandan Dep. Tr. at 65:11-19 (testifying he purchased his Google Pixel phone from a Verizon store); Lourdes Dep. Tr. at 47:10-21 (testifying that she purchased her Google "S8" phone from a T-Mobile store in Covina, California).

Google's documents demonstrate the uniformity in the way Google devices operate. *See, e.g.,* GOOG-ASST-00235633 (Google's data tracking Assistant reliability, number of false accepts rates, and usefulness); GOOG-ASST-00227579 (Google's presentation on False Accept rates calculated from speech logs across various product areas). This is even reflected in the Google Assistant speech log data itself, which Google admits does not distinguish queries made by purchasers, regardless of distribution channels. *See* Discovery Hearing Tr. at 9:17-20 (Google's counsel representing that "there is no way to narrow the speech logs to only the purchaser class, because there is no indication in the speech logs whether a particular query is associated with a purchaser").

Accordingly, Plaintiffs disseminated Class Notice to ***nearly 30 million individuals***, using a Google-generated list that ***was not limited*** based on whether the individuals purchased their Google devices from the Google Store. ECF No. 423. As with its failure to challenge the scope of the Purchaser Class definition previously, Google did not object to the notice plan on the grounds that it included individuals who acquired Google devices outside the Google Store. This weighs heavily against Google's Motion because changing the Class definition now would not only substantially prejudice Plaintiffs, who spent nearly $1 million on this notice process, but sow confusion among class members if the Class definition is changed. *See In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1080 (N.D. Cal. 2007) ("multiple notices to members of the class would likely confuse the class and cause plaintiffs to incur unnecessary expenses.").

**C. The Court's Statements at the Discovery Hearing Are Not a "Development" Warranting Clarification**

Google cannot backdoor its way into a motion for reconsideration based on Magistrate Judge Van Keulen's comments at a discovery hearing. Mot. at 5; *see Padgett v. Loventhal*, No. 5:04-CV-03946-EJD, 2015 WL 13753300, at *1 (N.D. Cal. May 13, 2015) ("A Motion for Clarification cannot be used as a vehicle to raise issues that should have either been raised in the original motion or through a proper motion for reconsideration."). As Magistrate Judge Van Keulen made clear, her discussion of data sampling was not intended to modify the Purchaser Class definition or affect the Court's class certification ruling. Discovery Hearing Tr. at 9:7-9.

("I'm not trying to undo anything here. Again, I'm trying to figure out what makes sense in terms of sampling"). This is not a new legal or factual development revealing an "inherent ambiguity" in the Purchaser Class definition, as Google contends (Mot. at 5), but a practical discussion intended to resolve a discovery dispute between the Parties. Indeed, Google itself admitted at the hearing that it is "[Google's] understanding that the class applied to, you know, **any** devices made by Google." *See* Discovery Hearing Tr. at 8:24-9:1. It cannot claim otherwise now.

## CONCLUSION

The Court should deny Google's Motion for the reasons set forth above.

Dated: November 22, 2024

/s/ *Christian Levis*

Vincent Briganti (*pro hac vice*)
Christian Levis (*pro hac vice*)
Margaret MacLean (*pro hac vice*)
Andrea Farah (*pro hac vice*)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: (914) 997-0500
vbriganti@lowey.com
clevis@lowey.com
mmaclean@lowey.com
afarah@lowey.com

Joseph P. Guglielmo (*pro hac vice*)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
The Helmsley Building
230 Park Avenue, 24th Floor
New York, NY 10169-1820
Telephone: (212) 223-6444
jguglielmo@scott-scott.com

Erin Green Comite (*pro hac vice*)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
156 South Main Street
P.O. Box 192
Colchester, CT 06415
Telephone: (860) 537-5537
ecomite@scott-scott.com

Mark N. Todzo (Bar No. 168389)
Patrick Carey (Bar No. 308623)
**LEXINGTON LAW GROUP**
503 Divisadero Street
San Francisco, CA 94117
Telephone: (415) 913-7800
mtodzo@lexlawgroup.com

*Attorneys for Plaintiffs and the Class*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PLAINTIFFS' OPPOSITION TO GOOGLE'S ADMINISTRATIVE
MOTION FOR CLARIFICATION OF CLASS DEFINITION                     CASE NO. 19-cv-04286-BLF-SVK