**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE GOOGLE ASSISTANT PRIVACY LITIGATION | Case No. 5:19-cv-04286-BLF<br><br>**ORDER DENYING ADMINISTRATIVE MOTION FOR CLARIFICATION OF CLASS DEFINITION**<br><br>[Re: ECF No. 461] |

On November 18, 2024, Defendants Alphabet Inc. and Google LLC (collectively, "Google") filed an Administrative Motion for Clarification of Class Definition. ECF No. 461 ("Mot."). Based on a comment by Magistrate Judge Susan van Keulen at an October 3, 2024 discovery hearing, Google "seeks clarity regarding whether . . . the Purchaser Class is limited to those individuals who purchased devices *directly* from Google, or also includes those individuals who purchased devices from third parties." Mot. at 1. Plaintiffs oppose the motion. ECF No. 462 ("Opp."). For the following reasons, the Court DENIES Google's motion.

**I.    BACKGROUND**

This dispute arises out of an order certifying a class of Plaintiffs in the above-captioned action. This Court issued its Order Granting in Part and Denying in Part Plaintiffs' Motion for Class Certification on December 16, 2022. ECF No. 360 (Public Redacted Order at ECF No. 414). The Court certified "a Purchaser Class led by [Asif] Kumandan" on breach of contract and certain Unfair Competition Law ("UCL") claims, defining the class as the following:

<u>Purchaser Class</u>:  All Users who purchased a Google-Made Device, where

- "Users" are individuals whose Gmail accounts were associated with at least one Google-Assistant Enabled Device during the class period;

- "Google Assistant Enabled Devices" are devices that come with Google Assistant pre-installed; and

- "Google-Made Devices" are Google Assistant Enabled Devices manufactured and sold by Google, including Google's own smart home speakers, Google Home, Home Mini, and Home Max; smart displays, Google Nest Hub, and Nest Hub Max; and its Pixel smartphones.

ECF No. 414 at 31–32.

The Parties thereafter proceeded on a common understanding of the class definition, *see* Mot. at 2, until an October 3, 2024 discovery hearing before Magistrate Judge Susan van Keulen. During that hearing, Judge van Keulen accurately conveyed that the undersigned had confirmed, during a conference about the class definition, that a plain reading of that definition would suggest that the class was limited to those individuals who had purchased their devices directly from Google. Oct. 3, 2024 Hr'g Tr., ECF No. 450, at 6:16–25. However, Judge van Keulen also informed the Parties that this statement was not intended to alter the adopted class definition. *See id.* at 9:7–8. Approximately six weeks later, Google filed the present Administrative Motion, seeking to clarify whether the common understanding under which the Parties had been operating for approximately two years was correct.

## II.      LEGAL STANDARD

Federal Rule of Civil Procedure 60 permits a court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). "[T]he clarification process presumes some legitimate need supporting relief, such as the existence of ambiguity or confusion that can be corrected with further explanation." *Mendoza v. Hyundai Motor Co., Ltd.*, No. 15-cv-01685, 2024 WL 189014, at *2 (N.D. Cal. Jan. 17, 2024) (quoting *Optronic Techs., Inc. v. Ningbo Sunny Elec. Co.*, No. 16-cv-06370, 2020 WL 3892869, at *1 (N.D. Cal. July 10, 2020)) (alteration in original).

## III.      ANALYSIS

In its motion, Google admits that "[u]ntil recently, [it] understood the certified Purchaser Class to include all individuals who purchased in-scope devices," since the class representative

1  purchased his device from a third-party retailer and Plaintiffs had "made clear that was [the]
2  intended meaning" of their class definition, which the Court had adopted at the class certification
3  stage. Mot. at 2. However, Google now argues that the "plain and ordinary" meaning of the
4  Purchaser Class definition is different, and that "[t]he narrower meaning would also better fit the
5  claims that the Purchaser Class was certified to pursue." *Id.* at 3–4. In response, Plaintiffs argue
6  that Google's motion is actually a "belated attempt at reconsideration of the certification of the
7  Purchaser Class" that endeavors to rewrite and narrow the class definition nearly two years after
8  certification. Opp. at 1. Plaintiffs also argue that the breach of contract claims in the certified
9  action are equally applicable to individuals who purchased from third-party retailers, since the
10 contracts in question "do not distinguish between Google devices based on where they are sold."
11 *Id.* at 2.

12  The Court agrees that Google's request is not an appropriate invocation of Rule 60. The
13 purpose of Rule 60 is to "correct . . . mistake[s]" made in a judgment, order, or accompanying
14 record. Yet the Parties have been operating without issue based on a common understanding of
15 the class definition for nearly two years. Google correctly notes that "the Court adopted Plaintiffs'
16 proposed class definition without change," and explains that Plaintiffs have consistently and
17 clearly expressed that the Purchaser Class "capture[s] anyone who purchased an in-scope device
18 from any entity." Mot. at 3. The Court granted Plaintiffs' Motion for Approval of Class Notice
19 Plan—which was based on the Parties' common understanding and was unopposed by Google—in
20 February 2024, ECF No. 423, and notice was effectuated this past summer, *see* ECF No. 430.
21 Based on the Parties' shared understanding of the class definition, Google generated a class notice
22 list of nearly 30 million individuals—which was not limited based on whether those individuals
23 purchased their devices directly from Google—and Plaintiffs have already disseminated the Class
24 Notice to that list of class members. *See* Opp. at 4.

25  Google's failure to object to the Class Notice Plan belies its present claim that there is
26 ambiguity or confusion inherent in the class definition. Indeed, Google seemed to understand the
27 Plaintiffs' proposed class definition at the class certification stage, seeing as the named plaintiff,
28 Asif Kumandan, purchased his device from a third-party retailer. *See* ECF No. 414 at 11 (noting

3

1  that Google had apparently conceded that Kumandan was a member of the Purchaser Class).
2  Google's Opposition to Plaintiffs' Motion for Class Certification did not argue that his
3  representation of the class on this basis was inappropriate.  *See* ECF No. 268 at 22.
4        In short, the Court agrees that Google's present motion is a belated effort to alter and
5  narrow a class definition that has been undisputed and in active use by the Parties for twenty-three
6  months.  The Court therefore DENIES the Administrative Motion for Clarification of Class
7  Definition.  That said, the Court does believe that a plain reading of the Purchaser Class definition,
8  as currently drafted, would appear to apply only to those individuals who purchased their devices
9  directly from Google, and that therefore Plaintiffs' drafted definition would benefit from a slight
10 revision for clarity.  The Court ORDERS the Parties to submit a stipulation updating the Purchaser
11 Class definition to align it with the Parties' conduct and common understanding, which may be
12 along the lines of the following:

> Purchaser Class:  All Users who purchased a Google-Made Device, where [. . .]
>
> - "Google-Made Devices" are Google Assistant Enabled Devices manufactured and sold by Google either directly or through third-party retailers, including . . .

**IT IS SO ORDERED.**

Dated:  December 2, 2024

_____
BETH LABSON FREEMAN
United States District Judge

4