UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE GOOGLE ASSISTANT PRIVACY LITIGATION | Case No. 19-CV-04286-BLF-SVK |

**ARBITRATION CLAIMANTS' OPPOSITION TO GOOGLE'S MOTION TO ENFORCE ORDER APPROVING CLASS NOTICE PLAN AND REJECT MASS EXCLUSION REQUEST**

**PRELIMINARY STATEMENT**

Arbitration Claimants are 69,507 individuals pursuing individual arbitration of claims related to their use of Google Assistant, including statutory wiretapping claims for which the Court denied class certification ("Arbitration Claimants"). Arbitration Claimants respectfully submit this opposition to Google's "Motion to Enforce Order Approving Class Notice Plan and Reject Mass Exclusion Request" (ECF No. 456, the "Motion").

Arbitration Claimants timely opted-out of the Purchaser Class through a submission to the notice administrator containing their names and contact information and signed by their counsel. This was all the information required by the Court's order. The order contains no prohibition on "mass" opt-outs. The order does not prohibit attorneys from submitting an opt-out request on their clients' behalf, in fact, it expressly permits opting out through an "authorized" representative. The order does not require Arbitration Claimants to provide additional "individualized evidence" (a subjective standard Google does not define or explain) of their intent to opt-out, nor does Google explain how Arbitration Claimants could provide such evidence without waiving attorney-client privilege. Notably, class counsel, the court-appointed fiduciary for the class, does not oppose the opt-out.

This is not the first time in this District a company has made a self-serving bid to impose burdensome opt-out requirements to bar individuals from seeking arbitration. Courts routinely reject such attempts even in cases where the opt-out comes with definite financial consequence – loss of entitlement to a share of a class action settlement. Here, there is no pending settlement, so Google is essentially asking the court to block Arbitration Claimants from pursuing their vested contractual right to individually arbitrate in exchange for an uncertain result as an absent member of a 30-plus million strong class. Google cannot cite a single case even remotely coming close to supporting this result.

Next is Google's head-spinning argument that it, not undersigned counsel or class counsel, is protecting the due process rights of Arbitration Claimants by forcing them to join a class action from which they opted-out. But due process *requires* the Court to permit individuals to opt-out of a class action if they elect to pursue individual claims. Due process requires advance notice of the opt-out procedures. Here, where there is no putative settlement, Arbitration Claimants have a compelling

right to pursue their individual claims in a single forum, arbitration, and there is no countervailing interest in burdening Arbitration Claimants and the notice administrator with additional requirements that serve only Google's interests in impeding the arbitrations.

Google's request is also untimely. In August 2023, Google knew that tens of thousands of Arbitration Claimants represented by undersigned counsel intended to individually and separately arbitrate their claims. It signed a tolling agreement with them, twice mediated with them separately from the class, and submitted to AAA's jurisdiction in tens of thousands of arbitrations. The Court should be skeptical of Google's tactical decision to raise issues with the opt-out requirements only once the arbitrations got underway, rather than prior to notice being sent.

Finally, the FAA also requires the denial of Google's motion. Google has submitted to arbitral jurisdiction with respect to thousands of claims filed by Arbitration Claimants. Google's decision to waive *its* right to compel *lead plaintiffs* to arbitration does not impair *Arbitration Claimants'* arbitration rights. For Arbitration Claimants, Google's arbitration clause remains valid, and requires Google to arbitrate "all disputes," including claims covered by the Purchaser Class definition. The fact that Google no longer finds arbitration convenient is not an excuse for this Court to impose burdensome opt-out requirements that serve no purpose beyond increasing administrative expenses.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The Court certified the Purchaser Class on December 16, 2022 (ECF Nos. 360, 414). On February 1, 2023, Google filed a motion to compel arbitration in this action (ECF No. 377). On January 23, 2024, the Court denied Google's motion to compel, without opining on the enforceability of Google's arbitration clause, because Google had waived the right to compel arbitration through its litigation conduct (ECF No. 420).

Arbitration Claimants are 69,507 individuals who have retained Labaton Keller Sucharow LLP ("Labaton") to represent them in pursuing arbitration claims against Google relating to their use of Google Assistant. *See* Declaration of Jonathan Waisnor (the "Waisnor Decl.," filed concurrently herewith) ¶1. While Arbitration Claimants are pursuing one claim in the arbitrations that overlaps with the claims still in this case (the Unfair Competition Law claim), the Arbitration Claimants are also bringing claims that this court did not certify for class adjudication, notably under the California

Invasion of Privacy ("CIPA") and Federal Wiretap Act claims. *Id.* ¶3. Beginning on August 10, 2023, Arbitration Claimants sent notice letters to Google indicating their intent to arbitrate. *Id.* ¶4 Ex. B. These letters explained the nature of the disputes with Google, listed each individual, and explained that Labaton represented the individuals, including Arbitration Claimants. *Id.* Google's counsel responded to the August 10, 2023 notice, and Labaton continued to provide Google with notices for additional individuals through August 15, 2024. *Id.* ¶¶5,7-8. Exs. C, E.

Arbitration Claimants and Google engaged in extensive negotiations in the hope of resolving the matters prior to arbitration. The parties first negotiated and signed a tolling agreement on October 4, 2023 (*id.* ¶6), and engaged in direct communications between counsel. The tolling agreement contemplated mediation of the claims. *Id.* Ex. D. The parties conducted two formal mediations before Hon. Jay Gandhi (Ret.) of JAMS, a skilled and highly respected mediator, on February 27, 2024 and May 20, 2024. *Id.* ¶9. Class counsel also attended these mediations, but class counsel and Labaton made separate mediation submissions, sat in separate rooms, and each paid a separate portion of the mediator's fee. *Id.* ¶10. Google raised no concern that Labaton was not authorized to negotiate or agree to a settlement on behalf of any Arbitration Claimant, presumably because it correctly understood that Labaton represents Arbitration Claimants and has authority to act on their behalf.

While all this was happening, the Court approved the Class Notice Plan on February 9, 2024 (ECF No. 423), and the ultimate opt-out deadline listed in the approved email notice to class members of September 9, 2024 (*see* ECF No. 440-1). Thus, Google knew that Arbitration Claimants were represented by Labaton, and intended to pursue individualized arbitration of their claims, long before either the deadline of February 8, 2024 to inform the court of disputes relating to the notice plan, or the September 9, 2024 opt-out deadline.

Arbitration Claimants and Google were ultimately unable to resolve their disputes through mediation. Waisnor Decl. ¶9. After the first mediation failed, certain Arbitration Claimants began filing demands for arbitration with AAA in batches beginning in April 2024. *Id.* ¶11. Pursuant to its mass arbitration rules, AAA assigned the pending arbitrations to a process arbitrator to determine certain threshold procedural issues before assigning the disputes to merits arbitrators. *Id.* ¶12. Presently, there are 10,383 arbitrations pending before the process arbitrator. *Id.* ¶11.

The court-approved long form class notice specified that class members could exclude themselves through either electronic or mailed opt-out requests. *See* ECF No. 422-1. Although the form has been removed from the class notice website, the form specifically permitted authorized individuals to submit opt-out requests on behalf of others. Waisnor Decl. ¶13.  Neither the court-approved Class Notice Plan, nor the approved long or short form notices, nor the email notice prohibited opt-outs submitted by attorneys, or submitted on behalf of multiple individuals at once. *See* ECF No. 422-1,2, ECF No. 423, ECF No 440-1.

Labaton communicated with its clients regarding this litigation and the opt-out process. Waisnor Decl. ¶16. Labaton was authorized to opt Arbitration Claimants out of the class on their behalf. *Id.* ¶17.  In accordance with the requirements of the class notice and the class notice website's form, on August 29, 2024, Labaton submitted an opt-out request on behalf of 69,507 Arbitration Claimants via mail and submission to the notice website email address. *Id*. ¶14, Exs. F, G. Arbitration Claimants' opt-out request listed each Arbitration Claimant's name and email addresses and explained that Labaton represented the Arbitration Claimants and was submitting the opt-out request on their behalf. *Id.* ¶15, Exs. A, F.  The notice administrator received Arbitration Claimants' opt-out request. *See* Declaration of Brian Devery of A.B. Data, ("Devery Decl."), ECF No. 440 ¶13,  Ex. D thereto, ECF No. 440-4.  At no point did any personnel from the notice administrator or class counsel suggest that there was any deficiency or other issue with Arbitration Claimants' opt-out request. Waisnor Decl. ¶18. Arbitration Claimants' names were listed in the notice administrator's September 19, 2024 submission including all opt-out requests it received prior to the September 9, 2024 deadline. *See* Devery Decl. ¶13,  Ex. D.

Despite this (and despite admittedly being aware of Arbitration Claimants' request to opt-out no later than September 18, 2024 (Motion at 4), Google's counsel raised no issue regarding Arbitration Claimants' opt-outs to Labaton until over a month later, on October 23, 2024.  Waisnor Decl., ¶19, Ex. H.  Google threatened to file a motion to "reject[]" Arbitration Claimants' opt-out requests, and also demanded that Labaton turn over "evidence that shows that these individuals each consented to Labaton opting out on their behalf." *Id.*  Given that Arbitration Claimants' opt-outs complied with the requirements in the class notice, had been accepted by the notice administrator,

and that Google was demanding access to attorney-client communications, Labaton refused Google's demand and inquired as to whether class counsel was taking any position on the motion. *Id.* ¶¶20-22. In response, Google admitted that class counsel had already declined to take a position, and filed this motion.

In an attempt to delay merits adjudication of Arbitration Claimants' arbitrations, Google requested that AAA's process arbitrator stay all of the arbitrations (including both Arbitration Claimants and individuals who did not opt-out of the Purchaser Class) pending this Court's decision on this motion. *Id.* ¶23. On November 25, 2025, the process arbitrator denied that request. *Id.* ¶24.

## ARGUMENT

### I.  Applicable Standard

As Google recognizes, class members possess "a due process right to opt out of a class." Motion at 6 (citing *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985)). This due process right "requires at a minimum that an absent plaintiff be provided with an opportunity to remove himself from the class." *Phillips,* 472 U.S. at 812. But it also requires that an absent plaintiff "receive notice plus an opportunity to be heard and participate in the litigation, *whether in person or through counsel.*" *Id.* (emphasis added).

### II. Arbitration Claimants Satisfied the Applicable Opt-Out Requirements.

As set forth in detail above and in the accompanying Declaration of Jonathan Waisnor, Arbitration Claimants satisfied the opt-out requirements by submitting a letter providing the required information – each Arbitration Claimant's name and email addresses, a statement that they wished to be excluded from the Purchaser Class, and the name, contact information and signature for Labaton, which submitted the opt-outs on Arbitration Claimants' behalf. Waisnor Decl., ¶¶14-15 Exs. F. This is entirely consistent with the Court's Notice Order, which requires only that "Exclusion Requests from the Class shall be made by submitting a written request for exclusion as set forth in the Notice and shall be postmarked or time-stamped (for online submissions) within 45 calendar days after the Notice Date," i.e., by September 9. ECF No. 423 at 2. For its part, the Long Form Notice states that the "Court will exclude any person who timely asks to be excluded," that "[t]o exclude yourself from the Class, you must either send a request by mail or through the case website stating that you wish to

be excluded from the Class" and that "[i]f you mail your Request for Exclusion, be sure to include your name, address, telephone number, and signature." ECF No. 422-1. The class notice website allowed individuals "authorized" to submit opt-out requests on class members' behalf (as Labaton did). Waisnor Decl., ¶13. No more was required.

Indeed, courts do not insist on strict compliance with technical opt-out requirements and routinely permit opt-outs where class counsel does not object. *See, e.g., Hanlon v. Chrysler Corp.* 150 F.3d 1011, 1024 (9th Cir. 1998) (filing a state court action constituted an opt-out notwithstanding noncompliance with court-ordered opt-out process); *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 565 (9th Cir. 2019) (same); *Abadilla v. Precigen, Inc.*, No. 20-cv-06936-BLF, 2023 U.S. Dist. LEXIS 199150, at *31 n.1 (N.D. Cal. Nov. 6, 2023) (Freeman, J.) (honoring "opt out requests [that] were technically improper due to their failure to include the number of shared [sic] purchased" where lead plaintiffs did not object). The fact that class counsel does not object to Arbitration Claimants opt-out is grounds to deny Google's Motion and honor Arbitration Claimants' opt-out.

Unable to fault the information Arbitration Claimants provided or the timeliness of their opt-out, Google demanded that Arbitration Claimants present additional, unspecified "evidence that" they "made an informed, individualized decision to exclude themselves." Waisnor Decl. ¶19, Ex. H. However, this would *violate*, rather than protect, Arbitration Claimants' statutory and due process rights. Burdensome opt-out requirements are the exception, not the rule. *See* Fed. R. Civ. P 23(c)(2)(B) (requiring that notice to class members in a 23(b)(3) class inform absent class members "that a class member may enter an appearance through an attorney if the member so desires," "that the court will exclude from the class any member who requests exclusion," and "the time and manner for requesting exclusion."); *see also, e.g., Hadley v. Kellogg Sales Co.*, No. 16-CV-04955-LHK, 2020 U.S. Dist. LEXIS 30193, at *22 (N.D. Cal. Feb. 20, 2020); *Smothers v. NorthStar Alarm Servs., LLC*, No. 2:17-cv-00548-KJM-KJN, 2019 WL 3080822, at *8 (C.D. Cal. July 15, 2019); *Newman v. AmeriCredit Fin. Servs., Inc.*, No. 11-cv-3041 DMS (BLM), 2014 WL 12789177, at *6 (S.D. Cal. Feb, 3, 2014). In addition to these statutory requirements, constitutional due process requires clear and complete notice of specific opt-out requirements. *Phillips,* 472 U.S. at 812.

The order and class notice plan contains no requirement that a person provide "evidence that" they "made an informed, individualized decision to exclude themselves," as Google suggests. Waisnor Decl., ¶19 Ex. H. Google cites no authority implying such a requirement generally. In fact, every case Google cites where courts have rejected opt-outs deals with attempts to carve out entire categories of *unnamed* individuals, always in the settlement context, and never involving individuals pursuing arbitrations governed by the FAA. In *Hanlon,* the Ninth Circuit rejected a putative class plaintiff's attempt to opt out on behalf of a subclass of unnamed individuals consisting of "all Georgia class members." 150 F.3d at 1011, 1024. The Court held that, "to allow representatives . . . to opt a class out *without the permission of individual class members*" would be impermissible – but here the Arbitration Claimants are individually represented by counsel and Labaton was authorized to opt Arbitration Claimants out on their behalf. *Id.* *In re Hyundai* was similar – a putative plaintiff sought to opt out an unnamed subclass of *all* Virginia class members. 926 F.3d at 564-65. Notably, both *Hanlon* and *In re Hyundai* still permitted the individual plaintiff who attempted this class opt-out to exclude themselves because "proceeding with his state class action . . . operated to exclude himself from the nationwide class" despite his not fulfilling formal opt-out requirements. 150 F.3d at 1024; *see* 926 F.3d at 565. Following the result in *Hanlon* and *In re Hyundai*, the act of retaining counsel, notifying Google of the intent to file arbitrations, and actually commencing arbitrations, should by itself be sufficient to effectuate the opt-out, especially here where there is no prejudice any party or pending settlement.

The three out-of-circuit cases cited by Google also involved opt-outs on behalf of a subclass or group representatives, not groups of named individuals. *See Sharp Farms v. Speaks*, 917 F.3d 276, 298 (4th Cir. 2019) (rejecting attempt by subclass "representatives to opt out the entire class" on a representative basis); *In re Diet Drugs Prods. Liab. Litig.*, 282 F.3d 220, 237-39 (3d Cir. 2002) (rejecting an attempt to opt out an unnamed subclass of Texas class members on a representative basis); *Larson v. AT&T Mobility LLC*, No. 07-5325 (JLL), 2009 U.S. Dist. LEXIS 140534, at *9-10 (D.N.J. Jan. 16, 2009) (rejecting attempt to opt out an entire state subclass on a representative basis). *In re Zurn Pex Plumbing Prods. Liab. Litig.*, No. 08-MDL-1958 ADM/AJB, 2012 U.S. Dist. LEXIS 149738 (D. Minn. Oct. 18, 2012) is likewise distinguishable, because there, opting-out of the

settlement would have resulted in absent class members giving up the right to "up to $100,000 for damage caused by each" allegedly defective plumbing fixture. *Id.* at *14-15. Where "opting out would be financially risky at best and economically irrational at worst . . . relatively burdensome procedures" such as individualized wet-ink signatures "would promote careful deliberation before class members made a choice that could haunt them financially. Here, the inverse is true." *Arena v. Intuit, Inc.*, No. 19-cv-02546-CRB, 2021 U.S. Dist. LEXIS 41994, at *37-38 (N.D. Cal. March 5, 2021) (denying preliminary approval of opt-out requirements that served primarily the purpose of burdening pending arbitrations). Here, requiring the individualized opt-outs suggested by Google does not contribute to participation in a class settlement. Instead, it creates potential barriers to Arbitration Claimants prosecuting their claims, including claims that are not even part of the Purchaser Class, in arbitration. Google has already attempted to delay the arbitrations by seeking a stay pending this Court's decisions on its motion. Waisnor Decl. ¶¶ 23-24.

Google also cites *In re National Football League Players' Concussion Injury Litig.*, No 2:12-md-02323-AB, 2019 U.S. Dist. LEXIS 652 (E.D. Pa. Jan. 3, 2019), a case with no application to this one. There, the spouse of an injured NFL player who had not herself opted out of a class settlement sought to bring an individual action, arguing that her husband's prior opt-out (which did not mention her claims) had the effect of opting out her claims as well. *Id.* at *14-15. The facts here clearly differ in numerous ways – most importantly, Arbitration Claimants' opt-out *was* timely, *did* include all Arbitration Claimants, and specified the opted-out claims. Waisnor Decl. ¶¶14-15, 17, Ex. F.

## III.  Rejection of Attorney-Signed Opt-Outs Contravenes Law and Common Sense.

In its attorney-signed-and-submitted motion accompanied by an attorney-signed-and-submitted declaration, Google argues that "opt-out requests submitted" or signed "by attorneys instead of class members" are "ineffective" or otherwise suspicious. Motion at 9. But Google provides no factual basis for its sudden "concerns" about the Arbitration Claimants' decisions, and certainly none that would warrant an individualized examination of privileged communications.

Essentially, Google argues that an absent class member, unlike any other party to an action, may not act through counsel or in tandem with other similarly situated parties. The authority Google relies upon does not actually support its argument. In *Moulton v. United States Steel Corp.*, 581 F.3d

344, 347-48 (6th Cir. 2009), the Sixth Circuit addressed a situation where an attorney, Donnelly Hadden, apparently sent a letter to hundreds of his firm's current or former clients (and perhaps to non-clients), regardless of whether they had retained him to pursue claims against the defendant or not.  The letter promised a higher settlement through an opt-out than they would otherwise receive in a class action, and stated that Haddon would presumptively opt-out any recipient of the letter who did not tell him not to do so, even if the recipient never retained Haddon to pursue their claim.  *Id.*  These "ethically questionable communications with litigants" provided a substantial and obvious basis to question whether the individuals Hadden purported to represent had made informed decisions (or were even Hadden's clients).  *Id.* at 353.  No such basis exists here.  Further, contrary to Google's assertion that the *Moulton* court "affirm[ed] rejection of attorney signed opt-out forms . . . because they lacked individual signatures," (Motion at 9), the *Moulton* District Court did not simply reject the alleged opt-outs.  Rather, it extended the opt-out period to allow Hadden's purported clients time to submit supplemental individual opt-outs, which many of them did.  *Id.  Bellows v. NCO Fin. Sys.*, No. 07-cv-1413W (AJB) 2009 U.S. Dist. LEXIS 133275, at *11-13 (S.D. Cal. June 19, 2009) is similar.  There, the attorney opt-out in question was marred by the fact that the attorney in question "had not consulted with any of his clients concerning the . . . class action settlement." *Id.* at *13.

The facts here are completely different from *Moulton* and *Bellows*.  Labaton was retained by each Arbitration Claimant prior to the opt-out deadline to pursue arbitrations, have communicated with Arbitration Claimants and was authorized to opt Arbitration Claimants out of the class on their behalf.  Waisnor Decl., ¶¶3, 16-17.  Google never disputed Labaton's authority to negotiate and represent Arbitration Claimants when it negotiated the tolling agreement, discussed potential settlement of their claims, or attended two mediations regarding Arbitration Claimants' disputes with it.  *Id*. ¶¶6, 9-10.  Google is currently participating in arbitral proceedings brought by thousands of Arbitration Claimants.  *Id.* ¶¶11-12.  And while there is no basis to make any inquiries into the privileged communications between Labaton and Arbitration Claimants, Labaton also did not opt-out every single individual it represents.  *Id.* ¶17.  Indeed, 1,416 Google Assistant users represented by Labaton did not opt-out of the Purchaser Class and were not included in the opt-out request.  *Id.*

### IV. The FAA Mandates Denial of Google's Motion.

Unlike the individuals at issue in the cases cited by Google, who sought to be excused from full merits settlements to pursue individual litigation, Arbitration Claimants here are seeking to be excused prior to merits adjudication in order to pursue their contractual and statutory rights to arbitrate – a critical difference. In *In re Piper Funds, Inc.*, 71 F.3d 298 (8th Cir. 1995), the Eighth Circuit reversed a decision that rejected an absent class member's attempt to opt-out of a class action in favor of arbitration where, just as Arbitration Claimants did here, the entity wishing to opt-out informed the court overseeing the class action of that wish through counsel. In so holding, the court specifically noted that, "[a]lthough the court supervising a class action has wide discretion to control a class action, including the opt-out process, that discretion must be exercised consistent with the policies and principles of the FAA when a class member with an immediate right to arbitrate its claim seeks to opt out." *Id.* at 304. Accordingly, an absent class member's "contractual and statutory right to arbitrate may not be sacrificed on the altar of efficient class action management." *Id.* at 303 (permitting opt-out of arbitrating party).

Indeed, a judge in this District recently excluded individuals who had notified the defendant of arbitration or formally initiated arbitration from a class action settlement *entirely*. *In re 23andMe, Inc. Cust. Data Sec. Breach Litig.*, No. 3:24-md-03098-EMC, U.S. Dist. Lexis 219622, *42-43 (N.D. Cal. Dec. 4, 2024). The court held at preliminary approval "there is a basic problem with including those who have opted to arbitrate in the class. If an individual has chosen to arbitrate, they have chosen not to litigate; including the individual in the class amounts would force them into litigation in derogation of their right to arbitrate." *Id*; *see also Arena*, 2021 U.S. Dist. LEXIS 41994.

The situation here is identical to that in *Piper* and *23andMe* in all relevant respects. Arbitration Claimants have an "immediate" right to arbitrate their claims. There is no "efficiency" to be gained by this Court rejecting the opt-out, ordering new opt-out procedures, or adjudicating the claims of individuals who do not wish to participate in the class action in parallel to their existing arbitrations. Indeed, this would force Arbitration Claimants into litigation "in derogation of their right to arbitrate." *Id.* This Court should respect Arbitration Claimants' decision to enforce their arbitration rights and opt-out of this class, and deny Google's Motion.

DATED: December 6, 2024

**LABATON KELLER SUCHAROW LLP**

_/s/ Jonathan Waisnor_
Jonathan Waisnor (Bar No. 345801)
Alexander F. Schlow (*pro hac vice forthcoming*)
Brandon Heitmann (*pro hac vice forthcoming*)
140 Broadway
New York, New York 10005
Tel.: (212) 907-0700
Fax: (212) 907-7039
jwaisnor@labaton.com
aschlow@labaton.com
bheitmann@labaton.com

*Counsel for Arbitration Claimants*