UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| IN RE GOOGLE ASSISTANT PRIVACY LITIGATION | Case No. 19-CV-04286-BLF-SVK |
|---|---|

**DECLARATION OF JONATHAN WAISNOR IN OPPOSITION TO GOOGLE'S MOTION TO ENFORCE ORDER APPROVING CLASS NOTICE PLAN AND TO REJECT MASS EXCLUSION REQUEST**

I, JONATHAN WAISNOR, declare as follows:

1. I am an attorney licensed to practice before the courts of the State of California. I am a partner with the firm Labaton Keller Sucharow LLP ("Labaton"). Labaton represents the 69,507 individuals listed in the attached **Exhibit A** ("Arbitration Claimants") and submitted opt-out requests on their behalf in the above titled class action, *In re Google Assistant Privacy Litigation*, Case No. 19-cv-04286-BLF-SVK.

2. I respectfully submit this Declaration in opposition to Alphabet Inc. and Google LLC's (collectively "Google") Motion to Enforce Order Approving Class Notice Plan and to Reject Mass Exclusion Request. This Declaration is based upon my personal knowledge and if called to testify, I could and would do so competently as to the matters set forth herein.

3. The Arbitration Claimants have individually retained Labaton to pursue claims against Google in arbitration stemming from privacy violations suffered through the use of Google Assistant. This includes claims under the Federal Wiretap Act, 18 U.S.C. §§2510-2523, California Invasion of Privacy Act, Cal. Pen. Code §§631-638, California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200-17210, California Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750-1759, other state wiretapping and consumer protection laws, for invasion of privacy, and for intrusion upon seclusion (the "Claims").

4. On August 10, 2023, my firm sent Google an initial notice letter to the notice address listed in Google's arbitration agreements as well as its registered agent, informing Google of the claims of 5,314 individuals who had individually retained Labaton to pursue the Claims. A true and correct copy of the August 10, 2023 notice letter is attached hereto as **Exhibit B.**

5. Google responded to this initial notice letter on August 25, 2023 and stated that "[Perkins Coie] represent[s] Google LLC and Alphabet Inc. ("Google") in connection with the issues raised in your letter of August 10, 2023." A true and correct copy of Google's August 25, 2023 letter is attached hereto as **Exhibit C.**

6. Following receipt of Google's August 25, 2023 letter, the parties conferred and agreed to enter into a tolling agreement that contemplated a global mediation involving Google and

Arbitration Claimants as well as an exchange of information on individuals who submitted notice letters. A true and correct copy of the tolling agreement is attached hereto as **Exhibit D.**

7. From time to time, and pursuant to this tolling agreement, my firm emailed additional notice letters to counsel for Google. Each of these letters included a list of individuals that had retained Labaton to represent them in the Claims, including:

(a) 8,537 individuals who provided notice on September 21, 2023;

(b) 21,051 individuals who provided notice on November 2, 2023;

(c) 14,688 individuals who provided notice on December 29, 2023;

(d) 7,807 individuals who provided notice on May 10, 2024;

(e) 13,793 individuals who provided notice on August 15, 2024.

8. Each letter included language that "[Labaton] represents" the individuals that the notice letter was on behalf of in connection with the Claims. A true and correct copy of the August 15, 2024 notice letter is attached hereto as **Exhibit E.**

9. Through discussions pursuant to the tolling agreement, the parties selected the Hon. Jay Gandhi (Ret.) of JAMS, to mediate the dispute. The parties conducted two separate mediation sessions with Judge Gandhi on February 27, 2024 and May 20, 2024, but the mediations did not result in the resolution of any Claims.

10. Class counsel also attended the mediations, however, for each session, the Arbitration Claimants paid separately a one-third share of the mediation fee and JAMS administrative costs. The Arbitration Claimants and the class mediated in separate rooms, and made separate initial submissions to the mediator.

11. After the Claims did not resolve at the February 27, 2024 mediation, Labaton began commencing individual arbitration proceedings before the American Arbitration Association ("AAA"). Since April 2024, Labaton, on behalf of 10,383 individuals, commenced individual arbitrations in two batches, one on April 19, 2024 and the other on October 21, 2024. Pursuant to AAA's rules and Google's arbitration agreements which prohibit consolidation or class arbitration, each case was commenced as an individual arbitration with a separate arbitration demand.

12. As set forth in AAA's Mass Arbitration Supplementary Rules, these cases have been assigned to a AAA process arbitrator to determine several threshold procedural issues before the assignment of merits arbitrators. Additional Arbitration Claimants intend to file arbitrations during the process arbitration proceedings.

13. The class notice permitted requests for exclusion to be submitted either electronically or through the mail. The online exclusion form located at https://www.googleassistantprivacylitigation.com/Online/Create has since been removed from the class notice website. The online exclusion form permitted submissions by persons "authorized" to submit requests for exclusion on behalf of class members.

14. On August 29, 2024, well before the September 9, 2024 deadline for exclusion requests, Labaton submitted opt-out requests on behalf of the Arbitration Claimants via mail to the notice administrator's offices at Google Assistant Privacy Class Action, c/o A.B. Data, Ltd., P.O. Box 173001, Milwaukee, WI 53217, and to the notice administrator at the email address available on the class website (the "Exclusion Notice"). A true and correct copy of the August 29, 2024 opt-out request letter is attached hereto as **Exhibit F**. A true and correct copy of the August 29, 2024 email is attached hereto as **Exhibit G.**

15. The Exclusion Notice contained each Arbitration Claimants' claim ID, name, and email addresses, as well as Labaton's address, phone number and my signature. *Id.*

16. Labaton communicates with its arbitration clients, including Arbitration Claimants, via the methods lawyers regularly use to communicate with their clients, including email, text message, and phone. Labaton also maintains a password protected client portal, Lantern, where clients can login securely to view information about their claim, answer questions, and upload and sign documents. The firm's communications with its arbitration clients regarding their claims, including communications with Arbitration Claimants regarding their opt-outs, are confidential and privileged.

17. Although Labaton was authorized to opt the 69,507 Arbitration Claimants listed in Exhibit A out of the class on their behalf, Labaton did not do so for all of the individuals Labaton

represents who are pursuing similar claims against Google. Indeed, 1,416 other individuals represented by Labaton with respect to the Claims did not elect to opt-out and were not included in the Exclusion Notice.

18. At no point did anyone from the notice administrator or class counsel's offices contact Labaton to suggest that they believed there was any issue or deficiency with the Exclusion Notice. In its September 19, 2024 submission to the Court (10 days after the exclusion deadline), the notice administrator included Arbitration Claimants' names in its list of individuals who requested exclusion.

19. On October 23, 2024, more than one month after the deadline for opt-out requests, counsel for Google emailed to inform me that Google anticipated filing a motion to "reject[] your mass opt out request" while also requesting Labaton provide "some evidence that shows that these individuals each consented to Labaton opting out on their behalf." A true and correct copy of the email thread with Google's counsel is attached hereto as **Exhibit H**.

20. I responded on October 24, 2024 questioning Google's timing and also asked for "any procedural basis" for such a motion "which would be a prerequisite to us determining whether there is any non-privileged information we can provide to moot any threatened motion." *Id.*

21. Google responded on October 25, 2024 reiterating its intention to file the motion and concluded that "it appears as though you will not share information that may address these concerns, so we will proceed with filing our motion." *Id.*

22. On October 30, 2024, Google also revealed that "Class Counsel has confirmed that it will not take a substantive position on the validity of the mass opt-out request. Accordingly, Google must be the one to bring this issue to the Court's attention." *Id.*

23. In initial scheduling proposals before the process arbitrator, Google requested that the process arbitrator stay all cases before AAA pending this Court's decision on Google's motion to reject the opt-outs.

24. On November 25, 2024, the process arbitrator rejected Google's request and ordered briefing on various issues raised by the parties with opening briefs due on December 17, 2024.

I affirm that the foregoing is true under penalty of perjury under the laws of the state of New York and the laws of the United States.

December 6, 2024                                  Respectfully submitted,

By: /s/ Jonathan D. Waisnor
Jonathan D. Waisnor
Labaton Keller Sucharow LLP
140 Broadway, 34th Fl.
New York, NY 10005
Tel: (212) 907-0700
Fax: (212) 818-0477
jwaisnor@labaton.com