# EXHIBIT H

| | |
|---|---|
| **From:** | Bali, Sunita (Perkins Coie) |
| **To:** | Waisnor, Jonathan; Heitmann, Brandon; Gardner, Jonathan; Schlow, Alexander F.; Kenny, Stephen V. |
| **Cc:** | Wilson, Bobbie J. (Perkins Coie); Earl, Erin K. (Perkins Coie); Joh, Elliott (Perkins Coie); Webster, Mallory (Perkins Coie); Thompson, Anna (Perkins Coie) |
| **Subject:** | RE: [EXTERNAL]Individual Claimants v. Google |
| **Date:** | Wednesday, October 30, 2024 6:26:26 PM |

Caution! This message was sent from outside your organization.　　Allow sender | Block sender | Report

Counsel:

Your latest email reflects a fundamental misunderstanding of Google's positions, as well as the applicable rules.

First, Google is not requesting that the two mass arbitrations (each of which is made up of individual claims by individual claimants) be converted into a class action or class arbitration, and is well aware of the class action waiver in its arbitration agreements. Rather, Google requests that the matters be assigned to a single process arbitrator to determine threshold issues that apply equally to both mass arbitrations, which will promote efficiency and avoid inconsistent rulings. Assignment to a single process arbitrator is particularly justified here because even though the two mass arbitrations were brought by two different law firms, they are brought on behalf of some of the very same claimants asserting substantively identical claims based on the same underlying facts. And it is beyond dispute that a process arbitrator has authority to decide whether "subsequently filed cases" may be deemed "part of the same mass arbitration." MA-6(c)(ix).

Neither *Lamps Plus* nor *Stolt-Nielsen* support your position. Those cases stand for the unremarkable proposition that a party cannot be forced into a class arbitration (i.e., an arbitration on behalf of a defined class, rather than individual claims brought by numerous individual claimants, coordinated or not) unless they agreed to it. S*ee Lamps Plus, Inc. v. Varela*, 587 U.S. 176, 178–79 (2019); *Stolt–Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 684 (2010). That plainly isn't what Google is requesting here.

We have asked the other firm if Google may share their information with you, but do not yet have a clear answer. In any event, we have not disclosed to either set of counsel the identity of the other firm or any arbitration claimant. But Google's review of both mass arbitrations shows that some claimants have filed a demand in each mass arbitration and therefore purport to be represented by both sets of counsel. So Google does not know with which firm—if either— those claimants have a lawyer-client relationship.

Second, Class Counsel has confirmed that it will not take a substantive position on the validity of the mass opt-out request. Accordingly, Google must be the one to bring this issue to the Court's attention. As a party to the litigation, Google has an interest in the orderly conduct of the case and in the enforceability of the Court's orders. We'll provide you a copy of the motion

once filed, and you're free to oppose it on standing grounds or any other basis you think is justified.

Regards,
Sunita

**Sunita Bali**
PARTNER

**Perkins Coie**
505 Howard Street Suite 1000
San Francisco, CA 94105-3204
+1.415.344.7065
sbali@perkinscoie.com
perkinscoie.com

---

**From:** Waisnor, Jonathan <JWaisnor@labaton.com>
**Sent:** Friday, October 25, 2024 4:17 PM
**To:** Bali, Sunita (SFO) <SBali@perkinscoie.com>; Heitmann, Brandon <BHeitmann@labaton.com>; Gardner, Jonathan <JGardner@labaton.com>; Schlow, Alexander F. <ASchlow@labaton.com>; Kenny, Stephen V. <SKenny@labaton.com>
**Cc:** Wilson, Bobbie J. (SFO) <BWilson@perkinscoie.com>; Earl, Erin K. (SEA) <EEarl@perkinscoie.com>; Joh, Elliott (SFO) <EJoh@perkinscoie.com>; Webster, Mallory (SEA) <MWebster@perkinscoie.com>; Thompson, Anna Kristine (SEA) <AnnaKThompson@perkinscoie.com>
**Subject:** Re: [EXTERNAL]Individual Claimants v. Google

Counsel,

Your email provides no justification for either your attempt to consolidate these matters or your threatened motion. With respect to consolidation, along with the reason outlined in my email below, which is that the AAA rules prohibit it, the very same arbitration agreement our clients are proceeding under and your client sought to enforce contains the following provision: "By agreeing to arbitration, to the fullest extent legally permissible, we each may bring claims relating to these Arbitration Terms and/or your Google Device *only in our individual capacities* and not in a class action. Also, to the fullest extent legally permissible, the arbitrator can't consolidate claims into a class proceeding either." As you are aware, the Supreme Court has held that even when an agreement is silent or even ambiguous as to consolidation procedures, an arbitration administrator may not impose them on the parties. *Lamps Plus, Inc. v. Varela* 139 S. Ct. 1407 (2019); *Stolt–Nielsen S.A. v. AnimalFeeds International Corp.* 559 U.S. 662 (2010).

Our concern is heightened because despite our request, you did not actually identify that other firm and your email suggests that they might not consent to have their identity disclosed to us. However, you previously represented to us that this other law firm asked that

we disclose the identity of our firm so they could "discuss potential coordination." It seems odd that they would not consent to disclosure if they were really interested in potential coordination.  Instead, it appears that neither firm is particularly interested in discussing even potential coordination, so there is no reason why the Claimants should be burdened with litigating issues of whether AAA can force them to "coordinate" with other individuals in a forum that expressly prohibits such consolidation absent party consent.  These issues have nothing to do with the merits of the claims.

Further, these proceedings are confidential.  You are not authorized to disclose or take any action that would tend to disclose the identities of our clients to lawyers who have no lawyer-client relationship with them.

As for the opt-out issue, we are unaware of any matter in which a class action defendant has successfully moved a court to reject opt-outs submitted by the exclusion deadline that does not involve a pending settlement.  I'm not even sure how Google would have standing to make such a motion, and your emails do not disclose whether you met and conferred with class counsel on your proposed motion and what, if anything, their position is on it, instead simply demanding we turn over to you information that you have articulated no basis for seeking.

Enjoy your weekend.

---

**From:** Bali, Sunita (Perkins Coie) <SBali@perkinscoie.com>
**Sent:** Friday, October 25, 2024 6:10 PM
**To:** Waisnor, Jonathan <JWaisnor@labaton.com>; Heitmann, Brandon <BHeitmann@labaton.com>; Gardner, Jonathan <JGardner@labaton.com>; Schlow, Alexander F. <ASchlow@labaton.com>; Kenny, Stephen V. <SKenny@labaton.com>
**Cc:** Wilson, Bobbie J. (Perkins Coie) <BWilson@perkinscoie.com>; Earl, Erin K. (Perkins Coie) <EEarl@perkinscoie.com>; Joh, Elliott (Perkins Coie) <EJoh@perkinscoie.com>; Webster, Mallory (Perkins Coie) <MWebster@perkinscoie.com>; Thompson, Anna (Perkins Coie) <AnnaKThompson@perkinscoie.com>
**Subject:** RE: [EXTERNAL]Individual Claimants v. Google


Counsel:


There is no legitimate reason for you to object to our sharing your contact information with the other firm, as shown by your request that we instead share their contact information with you. It is clear that coordination between the two firms is necessary to promote efficiency and avoid inconsistent results, as you are asserting the same claims based on the same alleged facts, and even purport to represent some of the same claimants. Indeed, it appears that the only reason you are objecting to Google sharing your contact information with the other firm is so that you can argue there is no coordination between counsel and that the two matters should not be treated as a single mass

arbitration. We continue to think coordination is appropriate. Thus, in the event the other firm also objects to our sharing their contact information with you, we will allow the AAA to manage next steps.

With respect to the opt-out issue, your August 29 letter was not included in the September 19 filing, nor did you copy us on that letter despite knowing of its implications in both the class case and the mass arbitration proceeding. Moreover, my Oct. 23 email to you clearly explains the basis of the motion. Google has serious concerns that these nearly 70,000 class members did not actually evaluate whether to opt out of the class, and did not provide clear evidence of their consent for Labaton to opt out on their behalf. Moreover, your letter plainly does not comply with the exclusion process approved by the court as set forth in the long form notice, including because it does not provide the required contact information and is not signed by the individuals. Based on your response, it appears as though you will not share information that may address these concerns, so we will proceed with filing our motion. Finally, your claim that Google is somehow attempting to delay merits arbitration by raising these legitimate issues is baseless and unsupported.

Sunita

**Sunita Bali**

**PARTNER**

**Perkins Coie**

505 Howard Street Suite 1000

San Francisco, CA 94105-3204

+1.415.344.7065

sbali@perkinscoie.com

perkinscoie.com

---

**From:** Waisnor, Jonathan <JWaisnor@labaton.com>
**Sent:** Thursday, October 24, 2024 10:41 AM
**To:** Bali, Sunita (SFO) <SBali@perkinscoie.com>; Heitmann, Brandon <BHeitmann@labaton.com>; Gardner, Jonathan <JGardner@labaton.com>; Schlow, Alexander F. <ASchlow@labaton.com>; Kenny, Stephen V. <SKenny@labaton.com>
**Cc:** Wilson, Bobbie J. (SFO) <BWilson@perkinscoie.com>; Earl, Erin K. (SEA) <EEarl@perkinscoie.com>; Joh, Elliott (SFO) <EJoh@perkinscoie.com>; Webster, Mallory (SEA) <MWebster@perkinscoie.com>; Thompson, Anna Kristine (SEA) <AnnaKThompson@perkinscoie.com>

**Subject:** RE: [EXTERNAL]Individual Claimants v. Google

Dear Counsel,

We were unaware of a second mass arbitration regarding "virtually identical" claims related to Google Assistant. As you may know, the AAA's mass arbitration rules provide that a mass arbitration is a case where "(a) twenty-five (25) or more similar demands for arbitration or a global request for mediation are filed against or on behalf of the same party or related parties; and (b) representation of the parties is *consistent or coordinated* across the cases." (emphasis added). MA-1(b). According to your email, the other law firm seems to also have been unaware of our mass arbitration and is seeking the disclosure of the name of our firm to "discuss potential coordination." Therefore, Google does not appear to have a good faith basis to request AAA consolidate the newly filed mass arbitration with our pending claims, since by its own admission, there is no "coordination" between representatives of the parties.

We do not give you permission to disclose the name of our firm to the other firm. Instead, please provide us with the name of the other firm and the number of claims in the other mass arbitration, and we will determine whether we would like to engage in a discussion regarding coordination. In the interim, we do not believe it is appropriate for Google to take further action to consolidate individual arbitration claims in violation of AAA rules and its own class action waiver. If we do not hear from you by COB EST tomorrow, we will assume that either you or the other firm does not want us to receive this information about the other pending arbitration claims.

As to your second paragraph, it appears that the opt-outs were disclosed to Google in the administrator's declaration of September 19, 2024. It is unclear why Google has waited over a month to raise this issue. Aside from whether the motion is timely, your email does not set forth any procedural basis for Google to make a motion rejecting opt-outs or why Google would have standing to make such a motion, which would be a prerequisite to us determining whether there is any non-privileged information we can provide to moot any threatened motion. As we have expressed to you, we are concerned about Google's continued attempts to delay merits adjudication of straightforward consumer arbitration claims. We will certainly object to any attempt to involve our clients in unnecessary and wasteful litigation regarding issues that Google has already raised in arbitration.

---

**From:** Bali, Sunita (Perkins Coie) <SBali@perkinscoie.com>
**Sent:** Wednesday, October 23, 2024 8:02 PM
**To:** Waisnor, Jonathan <JWaisnor@labaton.com>; Heitmann, Brandon <BHeitmann@labaton.com>; Gardner, Jonathan <JGardner@labaton.com>; Schlow, Alexander F. <ASchlow@labaton.com>; Kenny, Stephen V. <SKenny@labaton.com>
**Cc:** Wilson, Bobbie J. (Perkins Coie) <BWilson@perkinscoie.com>; Earl, Erin K. (Perkins Coie) <EEarl@perkinscoie.com>; Joh, Elliott (Perkins Coie) <EJoh@perkinscoie.com>; Webster, Mallory

(Perkins Coie) <MWebster@perkinscoie.com>; Thompson, Anna (Perkins Coie) <AnnaKThompson@perkinscoie.com>
**Subject:** [EXTERNAL]Individual Claimants v. Google

Counsel,

As you may know, a second firm has initiated a mass arbitration against Google asserting virtually identical claims to those being asserted by your firm related to Google Assistant. Google has requested that the AAA treat the two matters as a single mass arbitration, and assign both matters to a single process arbitrator. The second firm has asked us to disclose the identity of the other firm pursuing these claims, so that they may reach out to discuss potential coordination. Please let us know if you have any objection to our sharing your information with the second firm.

Additionally, we learned that on August 29, 2024, you sent a letter to the notice administrator in *In re Google Assistant Privacy Litig.*, Case. No. 19-cv-04286-BLF, purporting to opt out 69,507 individuals from the Purchaser Class certified in that case. Although we were not copied on that correspondence, we obtained a copy of your letter from class counsel. Google's position is that your letter is insufficient to effectuate a mass opt out of these 69,507 individuals from the Purchaser Class, both because there is no evidence that these individuals have authorized you to opt out on their behalf, and because your opt out request does not comport with the requirements set forth in the long form notice approved by the court. Thus, Google intends to move the court for an order rejecting your mass opt out request. However, if there is some evidence that shows that these individuals each consented to Labaton opting out on their behalf, please provide it no later than Monday. If we do not hear from you, we will assume that no such evidence exists and proceed with filing our motion.

Sunita

**Sunita Bali**

**PARTNER**

Perkins Coie

505 Howard Street Suite 1000

San Francisco, CA 94105-3204

+1.415.344.7065

sbali@perkinscoie.com

perkinscoie.com

NOTICE: This communication from Perkins Coie LLP may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

***Privilege and Confidentiality Notice*** This electronic message contains information that is (a) LEGALLY PRIVILEGED, PROPRIETARY IN NATURE, OR OTHERWISE PROTECTED BY LAW FROM DISCLOSURE, and (b) intended only for the use of the Addressee(s) named herein. If you are not the Addressee(s), or the person responsible for delivering this to the Addressee(s), you are hereby notified that reading, copying, or distributing this message is prohibited. If you have received this electronic mail message in error, please contact us immediately at 212-907-0700 and take the steps necessary to delete the message completely from your computer system. Thank you.

NOTICE: This communication from Perkins Coie LLP may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

***Privilege and Confidentiality Notice*** This electronic message contains information that is (a) LEGALLY PRIVILEGED, PROPRIETARY IN NATURE, OR OTHERWISE PROTECTED BY LAW FROM DISCLOSURE, and (b) intended only for the use of the Addressee(s) named herein. If you are not the Addressee(s), or the person responsible for delivering this to the Addressee(s), you are hereby notified that reading, copying, or distributing this message is prohibited. If you have received this electronic mail message in error, please contact us immediately at 212-907-0700 and take the steps necessary to delete the message completely from your computer system. Thank you.

NOTICE: This communication from Perkins Coie LLP may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.