Vincent Briganti (pro hac vice)
Christian Levis (pro hac vice)
Margaret MacLean (pro hac vice)
Andrea Farah (pro hac vice)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: (914) 997-0500
Facsimile: (914) 997-0035
vbriganti@lowey.com
clevis@lowey.com
mmaclean@lowey.com
afarah@lowey.com

*Counsel for Plaintiffs*
[Additional counsel on signature page.]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE GOOGLE ASSISTANT PRIVACY LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Master Docket No.: 19-cv-04286-BLF<br><br>**PLAINTIFFS' RESPONSE TO GOOGLE'S MOTION TO ENFORCE ORDER APPROVING CLASS NOTICE PLAN AND REJECT MASS EXCLUSION REQUEST**<br><br>COMPLAINT FILED: July 25, 2019<br>Date: January 23, 2025<br>Time: 9:00 A.M.<br>Dept.: Courtroom 3, 5th Floor<br>Judge: Honorable Beth Labson Freeman |

## I.   INTRODUCTION

Like Google's recently failed attempt to narrow the Purchaser Class nearly two years after certification, this Motion (ECF No. 456) is yet another gambit by Google to limit its liability via procedural gamesmanship. This time, Google seeks to extinguish the claims of approximately 70,000 individuals who initiated proceedings in arbitration (the "Arbitration Opt Outs") following the Court's class certification ruling. Google hopes to eliminate these individuals' claims (or at least delay their progress in arbitration) by challenging the opt-out process, forcing them into the Purchaser Class under the guise of protecting their due process rights. The Court should be wary of Google's interest in guarding the hen house. Google fails to identify a single violation of these individuals' due process rights to substantiate the "serious concern" (Mot. at 6) that purportedly prompted its Motion. There is no need for Google to "protect" the Arbitration Opt Outs. Class Counsel zealously represented them when they were part of the Purchaser Class, and they now have their own separate counsel.

Google's suggestion that it must protect the Arbitration Opt Outs' due process rights because Class Counsel failed to challenge their request for exclusion is meritless. The Arbitration Opt Outs reflect such a *de minimis* portion of the Purchaser Class (less than 0.1%) that they have no impact on this proceeding. Class Counsel properly exercised their discretion to avoid unnecessary motion practice that created no value for the Purchaser Class. Google's purported due process concerns are further undermined by the transparent motive for its Motion: avoiding tens of thousands of separate arbitrations against it. There can be no doubt that Google's efforts to force these individuals into the Purchaser Class is designed to serve its own interests—*e.g.,* by thwarting the pending arbitrations—and not to protect Class members' due process rights to pursue individual claims against it. To the extent that the Court finds that the Arbitration Opt Outs have not sufficiently demonstrated their intent to opt out, it should allow them additional time to do so.

## II.  BACKGROUND

The Court certified the Purchaser Class, consisting of at least 70 million individuals who purchased Google-made devices. ECF Nos. 360, 414. Google then moved to compel arbitration

1

against a "significant portion" of the Purchaser Class. ECF No. 377 at 6. The Court found that Google waived its right to compel Purchaser Class Members to arbitration by affirmatively litigating the case for four years, "after the parties have engaged in substantial motion practice, after completion of fact and expert discovery, and after the Court has certified a class." ECF No. 420 at 1. Class Notice was subsequently disseminated directly by email to nearly 30 million individuals using a list that Google provided and indirectly nationwide through publication notice. ECF No. 440, ¶¶ 4-7; *see also* ECF Nos. 440-1 to 440-3 (forms of email and publication notice provided to the Purchaser Class). The Class Notice, approved by the Court (ECF No. 423), informed potential class members of this class action as well as their ability to pursue individual claims against Google, either in court or through arbitration. ECF No. 440-1 at 2.

On August 29, 2024, counsel at Labaton Keller Sucharow LLP ("Labaton") notified the Claims Administrator and Class Counsel that approximately 69,504 individuals were opting out of the Purchaser Class, having "retained Labaton to pursue claims relating to their use of Google Assistant-enabled devices in arbitration, including the claims for breach of contract and under California's Unfair Competition Law" asserted by the Purchaser Class. *See* Declaration of Christian Levis at ¶ 1 ("Levis Decl."). Based on Class Counsel's estimates, these Arbitration Opt Outs account for less than 0.1% of the Purchaser Class. *Id.* [1]

## III. ARGUMENT

### A. The Court Should Reject Google's Effort to Avoid or Delay Arbitration

Google's Motion does not identify any deficiency in Class Counsel's representation of the Purchaser Class, Labaton's representation of the Arbitration Opt Outs, or any evidence that

---

[1] Google contacted Class Counsel by email on September 23, 2024 to request their position on the validity of Labaton's exclusion request under the terms of the Class Notice. *See* ECF No. 456-2. Class Counsel responded that they took no position because it would not benefit the Purchaser Class to act, given the *de minimis* percentage of class members seeking to exclude themselves. ECF No. 456-3. Google's motion presents no evidence to the contrary.

2

Arbitration Opt Outs are being deprived of their due process rights. The exclusion request here stands in stark contrast to the cases Google relies on where objectors attempted to exercise *other* persons' opt out rights by excluding an entire class or subclass from a settlement. *See, e.g.*, *Farms v. Speaks*, 917 F.3d 276, 298-99 (4th Cir. 2019) (rejecting "class-wide opt out"); *In re Diet Drugs*, 282 F.3d 220, 241 (3d Cir. 2002) (affirming denial of state-wide opt out). Google's purported concern for the rights of the Arbitration Opt Outs is further belied by the fact that, at all relevant times, the Arbitration Opt Outs have been represented by counsel responsible for safeguarding their interests. Class Counsel represented their interests zealously throughout years of litigation when they were part of the Purchaser Class. *See*, *e.g.*, ECF No. 414 at 19 (finding plaintiffs' counsel "qualified and able to litigate this case"). Labaton now represents them in pursuing claims against Google in arbitration. Tellingly, Google's Motion does not challenge the adequacy of Labaton's representation of the Arbitration Opt Outs in the arbitration proceedings, or Class Counsel's representation of those individuals while (and if) they were part of the Purchaser Class. Indeed, Google negotiated separately with Labaton on behalf of the Arbitration Opt Outs in two mediation sessions, simultaneously held with Class Counsel, earlier this year seeking a global resolution of this case. Levis Decl., ¶ 3. Google's sudden concern for the Arbitration Opt Outs' rights rings hollow.

### B. The Arbitration Opt Outs Have No Impact on Purchaser Class Members' Rights

Google's attempt to fault Class Counsel for not raising Arbitration Opt Outs with the Court (Mot. at 5-6) is equally meritless. Given that the Purchaser Class contains at least 70 million members, the Arbitration Opt Outs represent only a *de minimis* portion of the Class. Thus, these individuals' membership in the Purchaser Class does not materially impact this action or warrant motion practice. Class Counsel's decision not to litigate the propriety of the Arbitration Opt Outs is further supported by the fact that, unlike most of the cases Google relies on, there is no settlement pending here. While opt outs are often a concern in the settlement context because most agreements provide the defendant with a qualified right to terminate the agreement if opt outs exceed a specific threshold, no such risk exists in this case. *See, e.g.*, *Sanft v. Sims Grp. USA Corp.*, No. 19-CV-08154-JST, 2023 WL 6851992, at *5 (N.D. Cal. Oct. 16, 2023) (examining whether termination option triggered by the number of

3

class members who opt out rendered settlement unfair). Thus, there was no reason to challenge the Arbitration Opt Outs, for example, to protect relief already obtained for the Purchaser Class.

Defendants faced with mass arbitrations frequently deploy questionable procedural tactics to avoid facing the consumers they supposedly welcomed. *See, e.g.*, *Arena v. Intuit Inc.*, No. 19-CV-02546-CRB, 2021 WL 834253, at *4 (N.D. Cal. Mar. 5, 2021) (after compelling arbitration, Intuit sought to stop mass arbitrations by offering to pay $40 million to settle the class action); *Abernathy v. DoorDash, Inc.*, 438 F. Supp.3d 1062, 1064 (N.D. Cal. 2020) (after compelling arbitration, DoorDash pointed to "significant deficiencies" in arbitration claimants' filings to avoid paying $12 million in administrative fees to the AAA). Google's unwarranted Motion appears to be another such example.

### C. The Court Has a Broad Discretion to Allow the Arbitration Opt Outs to Provide Additional Evidence

Individuals have an undisputed right to opt out of class actions that seek monetary relief. *See Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 848 (1999) ("[B]efore an absent class member's right of action [is] extinguishable due process require[s] that the member 'receive notice plus an opportunity to be heard and participate in the litigation,' and ... 'at a minimum ... an absent plaintiff [must] be provided with an opportunity to remove himself from the class.'") (internal citations omitted). As Google's own authority recognizes, there is "considerable flexibility . . . in determining what constitutes an effective expression of a class member's desire to be excluded" from a class. *In re Deepwater Horizon*, 819 F.3d 190, 196 (5th Cir. 2016). The "key" question is "reasonableness," *i.e.*, whether the class members' actions indicating their desire to opt out were reasonable under the circumstances. *Id*. at 196 (collecting cases).[2] Google's Motion concedes as

---

[2] The cases Google relies on where opt out requests were rejected highlight this distinction as they involved unreasonable actions. *See, e.g.*, *Hallie v. Wells Fargo Bank, N.A.*, No. 2:12-CV-00235-PPS, 2015 WL 1914864, at *2 (N.D. Ind. Apr. 27, 2015) (settlement stated that "Requests for Exclusion" must "be personally signed by the Settlement Class Member requesting exclusion," but no one did); *Deepwater Horizon*, 819 F.3d at 197 (affirming district court's "refus[al] to treat [a] motion to sever as an opt out" in lieu of filing a request for exclusion.).

4

much and confirms its failure to identify any actual due process violation. *See* Mot. at 2 (indicating that an opt out may be appropriate with "sufficient indicia of each individual's authorization and confirmation of intent to be excluded"). For instance, while courts may require class members to individually sign opt-out forms either electronically or in hard copy, *see, e.g.*, *Cochran v. Kroger Co.*, No. 5:21-CV-01887, 2021 WL 8824962, at *3 (N.D. Cal. Nov. 5, 2021), courts may also accept other indicia of individualized intent to opt out. *See, e.g., Arena v. Intuit Inc.*, No. 19-CV-02546-CRB, 2021 WL 834253, at *4, 10 (N.D. Cal. Mar. 5, 2021) (invalidating opt out procedures requiring tens of thousands of arbitration claimants with ongoing individual arbitration claims against the defendant to submit hard copy, wet ink signatures as unnecessarily onerous); *Smith v. SEECO, Inc.*, No. 4:14-CV-00435 BSM, 2017 WL 4570804, at *6 (E.D. Ark. Jan. 18, 2017) (accepted exclusion requests included "[r]equest from lawyer with royalty owner/property/well information, supplemented with notarized statement from owner with stated intention to opt out."). To the extent the Court determines that the Arbitration Opt Outs have not sufficiently demonstrated their intent to be excluded from this action, the Court has the discretion to (and should) afford the Arbitration Opt Outs the opportunity to provide whatever further indicia that the Court may require. *See, e.g.*, *In re Centurylink Sales Pracs. & Sec. Litig.*, No. CV 17-2832, 2020 WL 3512807, at *4 (D. Minn. June 29, 2020) (extending deadline for law firm's arbitration clients to opt out in compliance with the Court's Preliminary Approval Order).

## IV.    CONCLUSION

The Court should reject Google's effort to avoid or delay the arbitrations for the reasons above.

Dated: December 6, 2024

/s/ *Christian Levis*
Vincent Briganti (*pro hac vice*)
Christian Levis (*pro hac vice*)
Margaret MacLean (*pro hac vice*)
Andrea Farah (*pro hac vice*)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: (914) 997-0500
vbriganti@lowey.com
clevis@lowey.com

5

mmaclean@lowey.com
afarah@lowey.com

Erin Green Comite (*pro hac vice*)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
156 South Main Street
P.O. Box 192
Colchester, CT 06415
Telephone: (860) 537-5537
ecomite@scott-scott.com

Joseph P. Guglielmo (*pro hac vice*)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
The Helmsley Building
230 Park Avenue, 24th Floor
New York, NY 10169-1820
Telephone: (212) 223-6444
jguglielmo@scott-scott.com

John T. Jasnoch (Bar No. 281605)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
600 W. Broadway, Suite 3300
San Diego, CA 92101
Telephone: (619) 233-4565
jjasnoch@scott-scott.com

Mark N. Todzo (Bar No. 168389)
**LEXINGTON LAW GROUP**
503 Divisadero Street
San Francisco, CA 94117
Telephone: (415) 913-7800
mtodzo@lexlawgroup.com

*Attorneys for Plaintiffs*

PLAINTIFFS' RESPONSE TO
GOOGLE'S MOTION TO ENFORCE CLASS NOTICE                    Case No. 5:19-cv-04286-BLF

## CERTIFICATE OF SERVICE

I hereby certify that on December 6, 2024, I electronically filed the foregoing Plaintiffs' Response to Google's Motion to Enforce Class Notice using the CM/ECF system, which will send notification of such filing to all counsel of record registered in the CM/ECF system. I also caused a copy of the foregoing document to be served via email on counsel of record for all parties.

/s/ *Christian Levis*
Christian Levis