Adam M. Apton (State Bar No. 316506)
**LEVI & KORSINSKY LLP**
1160 Battery Street East, Suite 100
San Francisco, CA 94111
Telephone: 415-373-1671
Facsimile: 212-363-7171
Email: aapton@zlk.com

*Counsel for Andrew Threat*

[Additional Counsel in Signature Block]

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| IN RE GOOGLE ASSISTANT PRIVACY LITIGATION | Case No.: 5:19-cv-04286-BLF-SVK <br><br> LEVI & KORSINSKY'S STATEMENT IN SUPPORT OF ARBITRATION CLAIMANTS' OPPOSITION TO GOOGLE'S MOTION TO ENFORCE ORDER APPROVING CLASS NOTICE PLAN AND REJECT MASS EXCLUSION REQUEST |

## PROCEDURAL BACKGROUND

Plaintiffs are represented by Lowey Dannenberg P.C., Lexington Law Group LLP, Scott & Scott LLP. Arbitration Claimants are represented by Labaton Keller Sucharow LLP ("Labaton"). The Court certified the Purchaser Class on December 16, 2022. On February 1, 2023, Google ("Defendants") filed a motion to compel arbitration. See *Motion to Compel Arbitration* (ECF No. 377). On January 23, 2024, the Court denied Defendant's motion to compel arbitration. See *Order Denying 397 Motion to Compel Arbitration* (ECF No. 420). On February 9, 2024, the Court approved the Class Action Notice Plan and ordered that class members could exclude themselves from the certified Purchaser Class, See *Order Granting Plaintiffs' Unopposed Motion for Approval of Class Action Plan* (Re: ECF 403,422) ("[e]xclusion requests from the Class by submitting a written request for exclusion as set forth in the Notice.)"

On November 1, 2024, Defendants filed a Motion to Enforce Order Approving Class Notice Plan and Reject Mass Exclusion Request through which they sought to "invalidate an attempt by law firm Labaton to opt out nearly 70,000 potential class members from the certified Purchaser Class." See *Motion to Enforce Order Approving Class Notice Plan and Reject Mass Exclusion Request* ("Court Approved Notice Plan") (ECF No. 456). Defendants argued: (i) deciding whether to opt out of class action is an individualized due process right that cannot be exercised on a mass basis; and (ii) the exclusion request by the Arbitration Claimants did not adhere to the requirements set forth in the Court approved long-from notice. *Id* at 2.

In response, on December 6, 2024, Arbitration Claimants filed their opposition to Defendants' Motion to Enforce Order Approving Class Notice Plan and Reject Mass Exclusion Request. See *Opposition/Response (Re: 456 Motion to Enforce Order Approving Class Notice Plan and Reject Mass Exclusion Request)* (ECF No.464). The Arbitration Claimants argued: (i) Claimants opted out of the Purchaser Class through a submission to the Notice Administrator in a timely

manner; (ii) the Court's order did not contain any prohibition on "mass opt-outs"; and (iii) due process requires that courts permit individuals to opt out if they elect to pursue individual arbitration. On January 9, 2025, Defendants responded to Arbitration Claimants' motion in opposition. See Reply *(Re: 456 Motion to Enforce Order Approving Class Notice Plan and Reject Mass Exclusion Request)* (ECF No. 468). Defendants reiterated that the Arbitration Claimants did not comply with the Court approved Notice, which required class members to individually sign or submit an online request for exclusion.

## ARBITRATION CLAIMANTS SHOULD BE ALLOWED TO PURSUE INDIVDIUAL ARBITRATION

Levi & Korsinsky, LLP represents 10,094 individuals—referred to as the ("LK Arbitration Claimants")—who are pursuing arbitration against Google for unlawful and intentional interception and recording of individuals' confidential communications without consent, followed by the unauthorized disclosure of those communications to third parties, from approximately May 18, 2016, to the present (the "Class Period"). These actions violate the Wiretap Act ("Wiretap Act") 18 U.S.C. § 2511(1)(a), (c), and (d), the Stored Communications Act ("SCA") 18 U.S.C. § 2702(a)(1), the California Invasion of Privacy Act ("CIPA"), Cal. Penal Code § 632, the California Constitution and common law, breach of contract, and other applicable state consumer statutes.

On November 1, 2023, we provided Google with a demand letter stating that 10,094 LK Arbitration Claimants intended to pursue individual arbitrations under the Google Device Terms[1] ("Terms") related to the claims referenced above. On November 11, 2023, December 20, 2023, and August 2, 2024, we provided Defendants with notice ("Notice") under the Terms on behalf of 711 LK Arbitration Claimants. On September 5, 2024, we filed individual arbitration claims for 121 LK

---

[1] Google Store Help: Google Arbitration Agreement — Devices, Related Accessories, and Related Subscription Services, GOOGLE, https://support.google.com/store/answer/9427031?hl=en (last visited January 17, 2025).

Arbitration Claimants, and another 540 on December 11, 2024, pursuant to the Terms with the American Arbitration Association ("AAA"). Our engagement with both Defendants and Claimants has been ongoing since November 2023 to present. Most recently, on January 17, 2025, the parties engaged in an administrative conference with Defendants and AAA to address administrative issues related to the appointment of a process arbitrator. The parties discussed, among other things, Defendants' right to file an answer in response to LK Arbitration Claimants' arbitration demand, and the associated timing.

At no point during the January 17 conference did Defendants' counsel relay their pending Motion to enforce the Court's order approving the class notice plan, nor did they raise the issue of the Court's ongoing consideration of Labaton's opposition to their motion to preclude nearly 70,000 potential class members from opting out of the certified class and pursuing individual arbitration. In fact, Defendants have not raised the class notice plan at any stage in our communications with them to this point.

We have reviewed the motion practice detailed in ECFs 360 through 468. We respectfully submit this filing in support of Labaton's opposition to Defendants' motion to reject the mass exclusion request, as reflected in ECF 464. The **10,094** Arbitration Claimants represented by Levi & Korsinsky should not be precluded from opting out of the defined class. Each LK Arbitration Claimant has provided us with a signed affirmation asserting their decision and intention to arbitrate their claims. LK Arbitration Claimants' affirmations and Notices to Defendant's all precede the Court approved notice plan. LK Arbitration Claimants should not be denied their rightful opportunity to pursue their claims through individual and binding arbitration provided for under Defendant's Terms. Defendants' Motion to Enforce the Court Approved Notice Plan and Reject Mass Exclusion Request effectively prevents the LK Arbitration Claimants from exercising their right to pursue arbitration, despite their prior intent and actions to do so.

| | |
|---|---|
| Dated: February 3, 2025 | **LEVI & KORSINSKY, LLP** |
| | By: */s/ Adam M. Apton* <br> Adam M. Apton (State Bar No. 316506) <br> 1160 Battery Street East, Suite 100 <br> San Francisco, CA 94111 <br> Telephone: 415-373-1671 <br> Facsimile: 212-363-7171 <br> Email: aapton@zlk.com |
| | Mark S. Reich <br> **LEVI & KORSINSKY, LLP** <br> 33 Whitehall Street, 17th Floor <br> New York, NY 10004 <br> Telephone: (212) 363-7500 <br> Facsimile: (212) 363-7171 <br> Email: mreich@zlk.com |
| | *Counsel for Andrew Threat* |