UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

IN RE GOOGLE ASSISTANT PRIVACY LITIGATION

Case No.  5:19-cv-04286-BLF

ORDER DENYING MOTION TO ENFORCE ORDER APPROVING CLASS NOTICE PLAN AND REJECT MASS EXCLUSION REQUEST

[Re:  ECF No. 456]

Before the Court is Defendants Google LLC and Alphabet Inc.'s (collectively, "Google" or "Defendants") Motion to Enforce Order Approving Class Notice Plan and Reject Mass Exclusion Request.  ECF No. 456 ("Mot.").  Labaton Keller Sucharow LLP ("Labaton"), counsel for 69,507 individuals pursuing arbitration claims against Google ("Arbitration Claimants"), filed an Opposition to Google's Motion to Enforce.  ECF No. 464 ("Opp.").  Google filed a Reply in support of its motion, ECF No. 468 ("Reply"), and the Court held a hearing on February 13, 2025, *see* ECF No. 477.

For the following reasons, the Court hereby DENIES Google's Motion to Enforce Order Approving Class Notice Plan and Reject Mass Exclusion Request (ECF No. 456).

## I.    BACKGROUND

The Court recites only the background information relevant to the present motion.  This is a class action proceeding related to Google Assistant-enabled devices.  *See* ECF No. 414 (Order Granting in Part and Denying in Part Plaintiffs' Motion for Class Certification).  On February 9, 2024, the Court approved Plaintiffs' Motion for an Order Approving Class Notice Plan (ECF No. 403).  ECF No. 423.  In approving the Class Notice Plan, the Court also approved the proposed Short-Form Notice and Long-Form Notice documents that would be provided to Class members.

United States District Court
Northern District of California

1    *See id.*; ECF No. 403-4 (short-form notice); ECF No. 403-5 (long-form notice).  Among other

2    things, both notices stated that Class members could exclude themselves from the Class by timely

3    requesting exclusion.  ECF No. 403-4 at 3; ECF No. 403-5 at 5.  The Short-Form Notice informed

4    recipients of the deadline for exclusion requests and directed them to the case website for

5    "[s]pecific instructions on how to request exclusion."  *See* ECF No. 403-4 at 3.  The Long-Form

6    Notice, which provided the specific instructions to which the Short-Form Notice referred, stated

7    that individuals could exclude themselves from the Class by "either send[ing] a request by mail or

8    through the case website stating that [they] wish to be excluded."  ECF No. 403-5 at 5.  Mailed

9    requests were instructed to include the sender's "name, address, telephone number, and signature,"

10   and requests received through the case website required the individual to fill out a Request for

11   Exclusion form.  *Id.*  The deadline for exclusion requests was ultimately set as September 9, 2024.

12        On August 29, 2024, Labaton emailed info@googleassistantprivacylitigation.com with a

13   letter stating that they "represent the 69,507 individuals identified" on an attached spreadsheet "in

14   privacy claims stemming from the Claimants' use of Google Assistant-enabled devices."

15   Declaration of Sunita Bali in Support of Google's Motion to Enforce Order Approving Class

16   Notice Plan and to Reject Mass Exclusion Request ("Bali Decl.") ¶ 5 & Ex. 2 at 4 (ECF No. 456-3

17   at 4).  The letter continued that "[e]ach Claimant has retained [Labaton] to pursue claims relating

18   to their use of Google Assistant-enabled devices in arbitration," and that therefore, "[a]s their

19   attorneys, [Labaton] [was] signing and submitting [their] requests for exclusion on Claimants'

20   behalf."  *Id.*, Ex. 2 at 4.

21        Google learned of Labaton's opt-out letter on September 18, 2024.  Bali Decl. ¶¶ 2–5.

22   After further investigation, including obtaining a copy of Labaton's email and learning that Class

23   Counsel took no position on it, Google proceeded to file the present motion on November 1, 2024.

24   *Id.* ¶¶ 4–7; ECF No. 456.

25   **II.    LEGAL STANDARD**

26        "[A] district court has both the duty and the broad authority to exercise control over a class

27   action and to enter appropriate orders governing the conduct of counsel and parties."  *Gulf Oil Co.*

28   *v. Bernard*, 452 U.S. 89, 100 (1981); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1025 (9th Cir.

1    1998).

2    **III.    DISCUSSION**

3         Google makes two overarching arguments in support of its motion, neither of which is

4    persuasive.  First, Google argues that "attempts to exclude class members *en masse* or on a

5    representative basis risk infringing on those class members' due process rights by usurping their

6    right to make an informed, individualized decision" about whether to opt out.  Mot. at 7.  Google

7    is particularly concerned that Labaton has failed to present evidence that all of the Arbitration

8    Claimants actually made informed, individual decisions to opt out of the Class.  *Id.* at 8.  Second,

9    Google argues that the mass opt-out letter should be rejected based on its failure to conform to the

10    instructions in the Long-Form Notice, which stated that opt-out requests should include a

11    signature.  *Id.* at 8–9.

12         In response to Google's first argument, Labaton counters that it would actually *violate* the

13    Arbitration Claimants' rights for the Court to reject the opt-out letter, because such an outcome

14    would negate their decisions to exclude themselves from the Class.  Opp. at 8–9.  Replying to

15    Google's second argument, Labaton says that "courts do not insist on strict compliance with

16    technical opt-out requirements and routinely permit opt-outs where class counsel does not object."

17    *Id.* at 6.

18         The Court has little hesitation in denying Google's motion.  First, "[d]ue process requires

19    . . . that an absent plaintiff be provided with an opportunity to remove himself from the class by

20    executing and returning an 'opt out' or 'request for exclusion' form to the court."  *Phillips*

21    *Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985).  The absent class members in this case

22    received precisely such a notice of the right to opt out of the Class.  Labaton's letter was submitted

23    in response to that notice, and Labaton has represented—both by supporting declaration and at the

24    hearing—that "[t]he Arbitration Claimants . . . individually retained Labaton to pursue claims

25    against Google," and further, that they authorized Labaton to opt them out of the Class.  *See*

26    Declaration of Jonathan Waisnor in Opposition to Google's Motion to Enforce Order Approving

27    Class Notice Plan and to Reject Mass Exclusion Request ("Waisnor Decl.") ¶¶ 3, 16–17.

28         That posture makes this dispute quite unlike several of the cases Google submits in support

United States District Court
Northern District of California

of its argument.  Those cases involved situations in which an objector or a named plaintiff of a putative class in a *separate* action purported to mass opt-out absent class members who would fall into that person's separate lawsuit's proposed class.  *E.g.*, *Hanlon*, 150 F.3d at 1024 ("[T]o allow representatives in variously asserted class actions to opt a class out without the permission of individual class members 'would lead to chaos in the management of class actions.'" (citations omitted)); *Sharp Farms v. Speaks*, 917 F.3d 276, 298 (4th Cir. 2019) (explaining that class representatives cannot opt out putative class members because due process "requires that class members be provided notice and an individual choice to proceed as a class member or to opt-out" (citation omitted)); *Larson v. AT&T Mobility LLC*, No. 07-cv-5325, 2009 WL 10689759, at *3 (D.N.J. Jan. 16, 2009) ("The Third Circuit has repeatedly upheld efforts by district courts enjoin state court plaintiff[s] from effecting mass opt-outs from federal actions." (citation omitted)).

Here, Labaton has represented under oath that each of the Arbitration Claimants *did* make an individualized decision to retain Labaton's legal services and to opt out from the Class in order to pursue claims in arbitration.  The Court sees no reason why the Arbitration Claimants may not act through their attorneys in executing those requests to opt out of the Class.  As the Court noted at the hearing, should it turn out that any of the Arbitration Claimants did *not* so retain and authorize Labaton, those individuals would have a malpractice remedy.  And for any opt-out claimant who does not have an arbitration agreement with Google, Labaton has confirmed that its representation will cover their pursuit of their claims in other judicial forums.  In short, the Court rejects Google's argument that accepting these opt-outs presents a due process issue.

Second, the Court concludes that Labaton's opt-out letter conformed adequately to the opt-out procedural requirements.  District courts have discretion to accept or reject opt-out requests that do not conform precisely to the exclusion request procedure.  *See In re Deepwater Horizon*, 819 F.3d 190, 195 (5th Cir. 2016) ("To the extent we have not spoken on the proper standard of review for a district court's determination of whether a member of a class action . . . has opted out of that class, we hold that review is for an abuse of discretion."); *In re Diet Drugs*, 282 F.3d 220, 241 (3d Cir. 2002); *Bellows v. NCO Fin. Sys., Inc.*, No. 07-cv-1413, 2009 WL 10725745, at *4 (S.D. Cal. June 19, 2009), *rep. and rec. adopted*, No. 07-cv-1413, 2009 WL

United States District Court
Northern District of California

United States District Court
Northern District of California

1   10725741 (S.D. Cal. July 13, 2009).  This means, of course, that a district court may either

2   "disregard certain hyper-technical violations" of the opt-out procedure in the "interests of justice,"

3   or, conversely, it may enforce adherence to those procedures where it believes necessary.  *In re*

4   *Centurylink Sales Pracs. & Sec. Litig.*, No. 17-cv-2832, 2020 WL 3512807, at *3 (D. Minn. June

5   29, 2020).  The district court in *In re Centurylink*, a case on which Google relies in its Reply brief,

6   exercised its discretion by rejecting attorney-signed opt-out requests, expressing various specific

7   concerns.  2020 WL 3512807, at *3.  For example, in that case "hundreds of clients both

8   appear[ed] on the opt-out list and ha[d] filed requests for recovery under the settlement."  *Id.*  And

9   there was concrete "evidence in the record indicat[ing] that [the law firm submitting the mass opt-

10  out] gave the same blanket advice to opt out to all 22,000 of its clients."  *Id.*  Accordingly, that

11  court decided to enforce the individual signature requirement and extended the opt-out deadline

12  for those 22,000 individuals so that they could submit compliant exclusion requests.  *Id.* at *4.

13       On the record before it, this Court determines that enforcing adherence to the individual

14  signature requirement is not necessary.  Specifically, common though that requirement may be, the

15  Court does not think such a technical detail should operate to defeat the Arbitration Claimants'

16  expressed intention to exclude themselves from a Class.  The Court will accept non-conforming

17  exclusion requests where there are sufficiently clear indicia of an intent to opt out.  *See, e.g.*,

18  *Abadilla v. Precigen, Inc.*, No. 20-cv-06936, 2023 WL 7305053, at *9 n.1 (N.D. Cal. Nov. 6,

19  2023).  For example, in *Hanlon*, an individual's decision to file a "state class action, in direct

20  contravention of the district court's injunction against such a proceeding, operated to exclude him

21  from the nationwide class" by demonstrating his intent to pursue a different avenue for relief.  150

22  F.3d at 1024.  Relying on Labaton's declaration, the Court finds that the Arbitration Claimants'

23  decisions to authorize retained counsel to opt out of the Class on their behalf so that they can

24  pursue arbitration clearly indicates an intent to exclude themselves from the Class.

25       In sum, although the Court acknowledges that the Arbitration Claimants' opt-out requests

26  did not adhere to the procedure laid out in the Long-Form Notice, the Court concludes that their

27  exclusion requests were nonetheless effective.  The Arbitration Claimants shall be excluded from

28  the Class.

**IV.    ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that Google's Motion to Enforce Order Approving Class Notice Plan and Reject Mass Exclusion Request (ECF No. 456) is DENIED.

**IT IS SO ORDERED.**

Dated:  February 14, 2025

_____
BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California

6