Bobbie J. Wilson, Bar No. 148317
BWilson@perkinscoie.com
Sunita Bali, Bar No. 274108
SBali@perkinscoie.com
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, California 94105
Telephone: +1.415.344.7000
Facsimile:  +1.415.344.7050

Erin K. Earl (*pro hac vice*)
EEarl@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000

Attorneys for Defendants
Alphabet Inc. and Google LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| IN RE GOOGLE ASSISTANT PRIVACY LITIGATION | Case No. 5:19-cv-04286-BLF-SVK<br><br>**DEFENDANTS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER PLAINTIFFS' MATERIALS SHOULD BE SEALED** |
|---|---|

1  Pursuant to Civil Local Rules 7-11 and 79-5(f), Defendants Google LLC and Alphabet
2  Inc. (collectively "Google") submit this Administrative Motion to Consider Whether Plaintiffs'
3  Materials Should Be Sealed ("Motion"). Google asks the Court to consider whether redactions to
4  materials (a) that Google has filed provisionally under seal in support of its Motion for Summary
5  Judgment and (b) that Plaintiffs have designated as CONFIDENTIAL or HIGHLY
6  CONFIDENTIAL – ATTORNEYS' EYES ONLY under the Stipulated Protective Order as
7  Modified by the Court, ECF No. 104, (the "Sealed Materials") should remain under seal.

8  Specifically, Google asks the Court to consider whether the following materials should be
9  filed under seal:

| Exhibit or ECF No. | Document | Portions to Seal | Reasons for Sealing |
|---|---|---|---|
| Exhibit A to this Motion. | Exhibit 15 to Bali Decl. in Support of Defendants' Motion for Summary Judgment. | Subject to proof provided by Plaintiffs. | Plaintiff Asif Kumandan designated his deposition transcript as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY. |
| Defendants' Motion for Summary Judgment | Exhibit A to Defendants' Administrative Motion to Seal | Yellow-highlighted material drawn from Kumandan Tr. at [line numbers for § III.F and other cites to Kumandan Tr.] | Plaintiff Asif Kumandan designated his deposition transcript as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY. |

20  "Historically, courts have recognized a 'general right to inspect and copy public records
21  and documents, including judicial records and documents.'" *Kamakana v. City & Cty. Of*
22  *Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435
23  U.S. 589, 597 & n. 7 (1978)). Accordingly, when considering a sealing request, "a 'strong
24  presumption in favor of access' is the starting point." *Id*. (quoting *Foltz v. State Farm Mut. Auto.*
25  *Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to
26  motions that are "more than tangentially related to the underlying cause of action" bear the
27  burden of overcoming the presumption with "compelling reasons" that outweigh the general
28  history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.,*

1 | 809 F.3d 1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

However, "while protecting the public's interest in access to the courts, [courts] must remain mindful of the parties' right to access those same courts upon terms which will not unduly harm their competitive interest." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1228–29 (Fed. Cir. 2013).

Under Civil L.R. 79-5(f)(3), "[w]ithin 7 days of [this] motion's filing, the Designating Party [i.e., Plaintiffs] must file a statement and/or declaration as described in subsection [79-5](c)." Google takes no position on whether the Sealed Materials should remain under seal.

Dated:  February 28, 2025                                **PERKINS COIE LLP**

By: ___/s/ *Sunita Bali*___
Bobbie J. Wilson, Bar No. 148317
Sunita Bali, Bar No. 274108
Erin Earl (*pro hac vice*)

Attorneys for Defendants
Alphabet Inc. and Google LLC