Exhibit 8 to Bali Declaration in Support of Motion for Summary Judgment

Mark N. Todzo (Bar No. 168389)
Eric S. Somers (Bar No. 139050)
**LEXINGTON LAW GROUP**
503 Divisadero Street
San Francisco, CA 94117
Telephone: 415-913-7800
Facsimile: 415-759-4112
mtodzo@lexlawgroup.com
esomers@lexlawgroup.com

*Attorney for Plaintiff*

[Additional counsel on signature page.]

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| IN RE GOOGLE ASSISTANT PRIVACY LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Master Docket No.: 19-cv-04286-BLF<br><br>**PLAINTIFF ASIF KUMANDAN'S RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF INTERROGATORIES** |
|---|---|

PROPOUNDING PARTIES: Defendants Google LLC and Alphabet Inc.

RESPONDING PARTY: Plaintiff Asif Kumandan

SET NO.: One (1)

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Rule 33-1 of the Civil Local Rules for the United States District Court for the Northern District of California ("N.D. Cal. Local Civil Rules"), and the Stipulation Regarding Case Management Deadlines, entered in this action on April 24, 2020, (ECF No. 79), Plaintiff Asif Kumandan, ("Plaintiff") by and through his undersigned counsel, hereby responds to Defendants' First Set of Interrogatories dated September 3, 2020 (the "Interrogatories").

Plaintiff reserves his right to move for a protective order on the grounds set forth herein or on any other basis. Plaintiff also expressly reserves the right to supplement, amend, and/or modify the General Objections, Objections to Definitions and Instructions, and the Specific Objections and Responses set forth herein. Plaintiff is willing to meet and confer with Defendants regarding any or all of the responses and objections set forth herein.

## GENERAL OBJECTIONS

The following General Objections apply to and are incorporated by reference in each and every response, whether or not specifically stated. In addition to the ensuing grounds for objection, Plaintiff reserves all other objections and rights concerning Defendants' Interrogatories and does not waive any objections or rights by virtue of this or any subsequent response.

1. Plaintiff objects to the Interrogatories to the extent that they purport to impose conditions, requirements or obligations inconsistent with or beyond those required or authorized by the Federal Rules or N.D. Cal. Local Civil Rules.

2. Plaintiff objects to the Interrogatories to the extent that they seek disclosure of information protected by privilege, including the attorney-client privilege, the work-product

doctrine, common interest privilege, the mediation privilege, or any other applicable privileges, immunities, or restrictions on discovery. Plaintiff will not provide any information protected from disclosure in response to the Requests. Inadvertent production or disclosure of any information shall not constitute a waiver of any such privilege, exemption, or protection, in accordance with the Protective Order.

3.    Plaintiff's Objections and Responses are based upon information presently known to Plaintiff. Plaintiff reserves the right to rely on any facts, documents, or other evidence that Plaintiff may discover to assert additional objections and to supplement or amend these responses or objections.

4.    Each of the above General Objections shall be deemed continuing and is incorporated into each of the specific responses set forth below whether or not specifically stated in response to each Interrogatory. Any failure to repeat all or any part of these objections in any specific response shall not constitute a waiver or relinquishment of such objection.

**OBJECTIONS TO INSTRUCTIONS**

1.    Plaintiff objects to the "Instructions" to the extent that they purport to impose conditions, requirements or obligations inconsistent with or beyond those required or authorized by the Federal Rules, N.D. Cal. Local Civil Rules, or the Order Re: Discovery of Electronically Stored information entered in this case on May 26, 2020 (ECF No. 85).

2.    Plaintiff objects to Instruction No. 9 as overly broad, unduly burdensome, and disproportional to the needs of the case to the extent it seeks the production of documents prior to November 18, 2015.

**OBJECTIONS TO DEFINITIONS**

1.    Plaintiff objects to the "Definitions" to the extent that they purport to impose conditions, requirements or obligations inconsistent with or beyond those required or authorized by

3

the Federal Rules, N.D. Cal. Local Civil Rules, or the Order Re: Discovery of Electronically Stored information entered in this case on May 26, 2020 (ECF No. 85).

2. Plaintiff objects to the definition "Google Account" as vague and ambiguous, including, but not limited to, use of the terms "or otherwise" and "Google's services." Plaintiff additionally objects to the definition "Google Account" as overbroad to the extent it purports to impose on Plaintiff any obligation to identify information which is in the possession of a third party.

3. Plaintiff objects to the definition "Communication" as vague and ambiguous, including, but not limited to, use of the term "transmission," "ideas," and "medium." Plaintiff additionally objects to the definition "Communication" as overbroad to the extent it purports to impose on Plaintiff any obligation to identify information which is in the possession of a third party.

4. Plaintiff objects to the definitions "You" and "Your" as overly broad, vague, ambiguous, and unduly burdensome to the extent it purports to impose on Plaintiff any obligation to identify information which is in the possession of a third party. Consistent with this objection, Plaintiff will interpret "You" and "Your" to mean Plaintiff Asif Kumandan.

5. Plaintiff objects to the definitions "concerning," "reflecting," "regarding," and "related to" as overly broad and ambiguous, and to the extent it requires the production of information disproportionate to the needs of this action.

6. By responding to the Interrogatories with a defined term, Plaintiff is not by implication agreeing with any such definition. Further, Plaintiff does not in any way adopt Defendants' purported definitions or words or phrases. Instead, Plaintiff will interpret Defendants' definitions as stated above in Plaintiff's Objections to Definitions.

**RESPONSES AND OBJECTIONS**

**INTERROGATORY NO. 1:**

Identify by IMEI, serial number, and/or another unique identifier, each and every GAED that You used to access the Assistant between May 18, 2016 and the present.

**RESPONSE TO INTERROGATORY NO. 1:**

Plaintiff objects to Interrogatory No. 1 as vague and ambiguous to the extent it includes undefined phrases, such as "another unique identifier" and "access" which are subject to multiple meanings and interpretations. Subject to and without waiving these objections, Plaintiff responds as follows:

Prior to July 2020, Plaintiff owned and used Google Pixel Phone. Plaintiff is unable to locate the serial number or another unique identifier for his Google Pixel Phone. Plaintiff currently owns and uses Google Pixel 4 Phone with the following MEID number: 35673110377908.

**INTERROGATORY NO. 2:**

Identify every Communication that You contend was recorded by a GAED without Your consent.

**RESPONSE TO INTERROGATORY NO. 2:**

Plaintiff objects to Interrogatory No. 2 as vague and ambiguous to the extent it includes undefined phrases, such as "contend," "recorded," and "consent," which are subject to multiple meanings and interpretations. Plaintiff additionally objects to Interrogatory No. 2 to the extent it seeks information already in Defendants' possession, custody, or control. Plaintiff further objects to Interrogatory No. 2 on the grounds that it seeks information outside Plaintiff's possession, custody or control. Plaintiff objects to Interrogatory No. 2 to the extent that it purports to require Plaintiff to provide legal conclusions or are predicated upon legal conclusions or arguments. Subject to and without waiving these objections, Plaintiffs refer Defendants to the audio files produced by Plaintiffs

as part of Plaintiffs' Responses and Objections to Defendants' First Set of Requests for Documents. At the minimum, the following audio files were made by Google without the utterance of a hot word or manual activation:

1. 2019-07-06_16_41_10_724_UTC
2. 2019-07-07_17_27_55_388_UTC
3. 2019-08-01_00_45_45_622_UTC
4. 2019-09-21_22_26_03_162_UTC
5. 2019-10-23_16_45_28_259_UTC
6. 2019-10-23_16_45_37_644_UTC
7. 2020-03-23_14_56_47_712_UTC

**INTERROGATORY NO. 3:**

For each Communication Identified in response to Interrogatory No. 2, describe Your location and the location of the GAED at the time of the Communication.

**RESPONSE TO INTERROGATORY NO. 3:**

Plaintiff objects to Interrogatory No. 3 as vague and ambiguous to the extent it includes undefined phrases, such as "location," which is subject to multiple meanings and interpretations. Plaintiff objects to the term "Communications" for the same reasons stated in Plaintiff's Objections to Definitions. Plaintiff further objects to Interrogatory No. 3 as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks discovery of documents that are irrelevant to the allegations asserted against Defendants. Subject to and without waiving these objections, Plaintiff responds as follows:

As stated in the Second Amended Consolidated Class Action Complaint (ECF No. 86) at ¶ 35, Plaintiff owned a Google Pixel smartphone with Google Assistant installed during the Class Period. Plaintiff carried the Pixel on his person throughout the day, in public, and in private areas

such as his home, which is where the recordings identified in the Response to Interrogatory No. 2 were made.

**INTERROGATORY NO. 4:**

For each Communication Identified in response to Interrogatory No. 2, identify the parties to the Communication.

**RESPONSE TO INTERROGATORY NO. 4:**

Plaintiff objects to Interrogatory No. 4 as vague and ambiguous to the extent it includes undefined phrases, such as "parties," which is subject to multiple meanings and interpretations. Plaintiff objects to Interrogatory No. 4 on the grounds that it seeks information outside Plaintiff's possession, custody or control. Plaintiff further objects to Interrogatory No. 4 as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks discovery of documents that are irrelevant to the allegations asserted against Defendants. Subject to and without waiving these objections, Plaintiff responds that the recorded conversations identified in Plaintiffs' response to Interrogatory No. 2 were between Plaintiff Kumandan and the immediate members of his family, including his spouse as well as other individuals, such as Plaintiff's friends.

**INTERROGATORY NO. 5:**

For each Communication Identified in response to Interrogatory No. 2, identify all targeted advertising You contend You received as a result of the alleged recording, including but not limited to describing the nature of the advertisement, the date on which You received the advertisement, and the website or other medium on which the advertisement was displayed to You.

**RESPONSE TO INTERROGATORY NO. 5:**

Plaintiff objects to Interrogatory No. 5 as vague and ambiguous to the extent it includes undefined phrases, such as "received," "nature of," "medium," and "displayed," which are subject to multiple meanings and interpretations. Plaintiff objects to Interrogatory No. 5 to the extent that it

7

purports to require Plaintiff to provide legal conclusions, are predicated upon legal conclusions or arguments, and/or prematurely seek expert discovery. Plaintiff objects to Interrogatory No. 5 on the grounds that it seeks information outside Plaintiff's possession, custody or control. Plaintiff further objects to Interrogatory No. 5 to the extent it purports to require Plaintiff to produce information available from a more convenient, less burdensome, or less expensive source, including Defendants themselves. Subject to and without waiving these objections, Plaintiff responds as follows:

Plaintiff Kumandan had a conversation with his wife beginning of the summer 2020 about having a barbecue. They discussed what barbecue sauce they had in their house. Shortly after the conversation took place, Plaintiff Kumandan was displayed an advertisement on his Instagram page that featured a barbecue sauce.

**INTERROGATORY NO. 6:**

Identify all Google Accounts with which You are associated.

**RESPONSE TO INTERROGATORY NO. 6:**

Plaintiff objects to the term "associated" as vague and ambiguous as that term is undefined can be subject to multiple interpretation and meanings. Plaintiff objects to Interrogatory No. 6 as overbroad, unduly burdensome, and not relevant to the claims and defenses asserted in this Action, nor reasonably calculated to lead to the discovery of admissible evidence, including to the extent it encompasses Google Accounts that are not used in connection with a Google Assistant Enabled Device or used to access Google Assistant. Plaintiff objects to Interrogatory No. 6 to the extent it seeks information already in Defendants' possession, custody, or control. Subject to and without waiving these objections, Plaintiff identifies the following:

1. asifkuma@gmail.com

**INTERROGATORY NO. 7:**

Identify each GAED linked to Your Google Account(s).

**RESPONSE TO INTERROGATORY NO. 7:**

Plaintiff objects to Interrogatory No. 7 as vague and ambiguous to the extent it includes undefined phrases, such as "linked," which is subject to multiple meanings and interpretations. Plaintiff objects to Interrogatory No. 7 as overbroad, unduly burdensome, and not relevant to the claims and defenses asserted in this Action, nor reasonably calculated to lead to the discovery of admissible evidence, including to the extent it encompasses GAEDs that are not used to access Google Assistant's voice recognition feature. Plaintiff objects to Interrogatory No. 7 as duplicative of Interrogatory No. 1. Plaintiff refers Defendants to his response to Interrogatory No. 1.

**INTERROGATORY NO. 8:**

Identify each Google Account linked to Your GAED(s).

**RESPONSE TO INTERROGATORY NO. 8:**

Plaintiff objects to Interrogatory No. 8 as vague and ambiguous to the extent it includes undefined phrases, such as "linked," which is subject to multiple meanings and interpretations. Plaintiff objects to Interrogatory No. 8 as overbroad, unduly burdensome, and not relevant to the claims and defenses asserted in this Action, nor reasonably calculated to lead to the discovery of admissible evidence, including to the extent it encompasses GAEDs that are not used to access Google Assistant's voice recognition feature. Plaintiff objects to Interrogatory No. 8 as duplicative of Interrogatory Nos. 1 and 7. Plaintiff refer Defendants to their response to Interrogatory No. 6. Subject to and without waiving these objections, Plaintiff identify the following:

1. asifkuma@gmail.com

**INTERROGATORY NO. 9:**

Identify all virtual assistants that you have interacted with other than the Assistant, including but not limited to Microsoft's Cortana, Apple's Siri, and Amazon's Alexa.

**RESPONSE TO INTERROGATORY NO. 9:**

Plaintiff objects to Interrogatory No. 9 as vague and ambiguous to the extent it includes undefined phrases, such as "virtual assistants," which is subject to multiple meanings and interpretations. Plaintiff further objects to Interrogatory No. 9 as overbroad and not relevant to the claims and defenses asserted in this Action, nor reasonably calculated to lead to the discovery of admissible evidence, including to the extent that it seeks information unrelated to the parties' claims or defenses asserted in this Action, specifically, to the extent it seeks information related to Plaintiff's use of virtual assistants that are not subject or part of this Action. Based on the foregoing objections, Plaintiff will not provide information responsive to Interrogatory No. 9.

**INTERROGATORY NO. 10:**

Identify each and every injury or element of damage that You suffered as a result of Defendants' actions as alleged in the Second Amended Complaint, including, as to each such element of injury or damage, the amount or other measure of such injury or damage, Your method for calculating such damage, and the date(s) on which You suffered such damage.

**RESPONSE TO INTERROGATORY NO. 10:**

Plaintiff objects to Interrogatory No. 10 as vague and ambiguous to the extent it includes undefined phrases, such as "virtual assistants," "injury," "damage," "actions," and "amount of other measure," which are subject to multiple meanings and interpretations. Plaintiff objects to Interrogatory No. 10 to the extent that it seeks disclosure of information protected by privilege, including the attorney-client privilege, the work-product doctrine, common interest privilege, the mediation privilege, or any other applicable privileges, immunities, or restrictions on discovery. Plaintiff objects to Interrogatory No. 10 to the extent that it purports to require Plaintiff to provide legal conclusions, are predicated upon legal conclusions or arguments, and/or prematurely seek expert discovery. Plaintiff will provide their damage analysis as required by, and in the time and

manner specified by, the applicable Federal and Local Civil Rules of this Court. Subject to and without waiving these objections, Plaintiff state as follows:

Plaintiff seeks to recover compensatory damages, costs and attorneys' fees and any other relief that the Court may deem just and proper. Plaintiff has not yet determined the full amount of compensatory damages resulting from Defendants' misconduct. The calculation of damages in this type of action required expert testimony. At the appropriate time, Plaintiff anticipates he will provide expert opinion(s) and testimony on damages in according with Fed. R. Civ. P. 26 and any applicable orders issued by the Court.

**INTERROGATORY NO. 11:**

Identify all facts that support Your contention, for example in paragraphs 56, 63, and 111-112 of the Second Amended Complaint, that Your Communications were disclosed to a third party.

**RESPONSE TO INTERROGATORY NO. 11:**

Plaintiff objects to Interrogatory No. 11 as vague and ambiguous to the extent it includes undefined phrases, such as "facts," "support," "disclosed," "third party," and "contention," which are subject to multiple meanings and interpretations. Plaintiff objects to Interrogatory No. 11 as a premature contention interrogatory that is inappropriate at this stage of the litigation. Plaintiff objects to Interrogatory No. 11 to the extent that it seeks disclosure of information protected by privilege, including the attorney-client privilege, the work-product doctrine, common interest privilege, the mediation privilege, or any other applicable privileges, immunities, or restrictions on discovery. Plaintiff objects to Interrogatory No. 11 to the extent it seeks information already in Defendants' possession, custody, or control. Additionally, Plaintiff further objects to Interrogatory No. 11 as unduly burdensome to the extent it seeks information that is outside Plaintiff's possession, custody, or control. Plaintiff objects to Interrogatory No. 11 to the extent that it purports to require Plaintiff to provide legal conclusions, are predicated upon legal conclusions or arguments, and/or

prematurely seek expert discovery.  Subject to and without waiving these objections, Plaintiff refers Defendants to the Second Amended Complaint.

**INTERROGATORY NO. 12:**

Identify all facts that support Your contention, for example in paragraphs 63 and 112 of the Second Amended Complaint, that Your Communications were used by Google to target advertisements to You.

**RESPONSE TO INTERROGATORY NO. 12:**

Plaintiff objects to Interrogatory No. 12 as vague and ambiguous to the extent it includes undefined phrases, such as "facts," "support," "contention," "used," and "target," which are subject to multiple meanings and interpretations. Plaintiff objects to Interrogatory No. 12 as a premature contention interrogatory that is inappropriate at this stage of the litigation. Plaintiff objects to Interrogatory No. 12 to the extent that it seeks disclosure of information protected by privilege, including the attorney-client privilege, the work-product doctrine, common interest privilege, the mediation privilege, or any other applicable privileges, immunities, or restrictions on discovery. Plaintiff objects to Interrogatory No. 12 to the extent it seeks information already in Defendants' possession, custody, or control. Additionally, Plaintiff further objects to Interrogatory No. 12 as unduly burdensome to the extent it seeks information that is outside Plaintiff's possession, custody, or control. Plaintiff objects to Interrogatory No. 12 to the extent that it purports to require Plaintiff to provide legal conclusions, are predicated upon legal conclusions or arguments, and/or prematurely seek expert discovery. Subject to and without waiving these objections, Plaintiff refers Defendants to the Second Amended Complaint.

Dated:  October 26, 2020

**LOWEY DANNENBERG, P.C.**

/s/ Andrea Farah
Vincent Briganti (*pro hac vice*)
Christian Levis (*pro hac vice*)
Andrea Farah (*pro hac vice*)

44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: (914) 997-0500
Facsimile:  (914) 997-0035
vbriganti@lowey.com
clevis@lowey.com
afarah@lowey.com

Mark N. Todzo (Bar No. 168389)
Eric S. Somers (Bar No. 139050)
**LEXINGTON LAW GROUP**
503 Divisadero Street
San Francisco, CA  94117
Telephone: (415) 913-7800
Facsimile:  (415) 759-4112
mtodzo@lexlawgroup.com

Joseph P. Guglielmo (*pro hac vice*)
Erin Green Comite (*pro hac vice*)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169-1820
Telephone: (212) 223-6444
Facsimile:  (212) 223-6334
jguglielmo@scott-scott.com
ecomite@scott-scott.com

John T. Jasnoch (Bar No. 281605)
Stephanie A. Hackett (Bar. No. 238655)
Hal C. Cunningham (Bar. No. 243048)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
600 W. Broadway
Suite 3300
San Diego, CA  92101
Telephone: (619) 233-4565
Facsimile:  (619) 233-0508
Jjasnoch@scott-scott.com
shackett@scott-scott.com
hcunningham@scott-scott.com

E. Kirk Wood (*pro hac vice* forthcoming)
**WOOD LAW FIRM**
P. O. Box 382434
Birmingham, AL 35238
Telephone:  (205) 612-0243
kirk@woodlawfirmllc.com

*Attorneys for Plaintiff*

13
PLAINTIFF ASIF KUMANDAN'S RESPONSES AND OBJECTIONS
TO DEFENDANTS' FIRST SET OF INTERROGATORIES
CASE NO. 5:19-CV-04286-BLF

## VERIFICATION

I, Asif Kumandan, am a plaintiff in *In Re Google Assistant Privacy Litigation*, No. 5:19-CV-04286. I am familiar with the contents of the Responses and Objections to Defendants Google LLC and Alphabet Inc.'s Interrogatories, Set One. The information supplied therein is based on my own personal knowledge and/or has been supplied by my attorneys or other agents and is therefore provided as required by law. The information contained in the foregoing document is true, except as to the matters which were provided by my attorneys or other agents, and, as to those matters, I am informed and believe that they are true.

I declare under penalty of perjury that the foregoing is true and correct.

DATED: 8/5/2022



DocuSigned by:
Asif Kumandan
78E633B2069C469...

Asif Kumandan

PLAINTIFF ASIF KUMANDAN'S VERIFICATION IN SUPPORT OF RESPONSES TO DEF'S REQUEST FOR INTERROGATORIES, SET ONE
CASE NO.: 5:19-CV-04286

1