Erin Green Comite (*pro hac vice*)
Joseph P. Guglielmo (*pro hac vice*)
Anja Rusi (*pro hac vice*)
SCOTT+SCOTT ATTORNEYS AT LAW LLP
The Helmsley Building
230 Park Avenue, 24th Floor
New York, NY 10169-1820
Telephone: (212) 223-6444
Facsimile: (212) 223-6334
ecomite@scott-scott.com
jguglielmo@scott-scott.com
arusi@scott-scott.com

*Attorneys for Plaintiffs*

[Additional counsel on signature page.]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE GOOGLE ASSISTANT PRIVACY LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Master Docket No.: 19-cv-04286-BLF<br><br>**PLAINTIFF ASIF KUMANDAN'S STATEMENT IN SUPPORT OF DEFENDANTS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER PLAINTIFF'S MATERIAL SHOULD BE SEALED**<br><br>Judge:  Honorable Beth Labson Freeman |

**STATEMENT**

Pursuant to Civil Local Rules 7-11 and 79-5, and this Court's Standing Order on Administrative Motion to File Under Seal, Plaintiff Asif Kumandan ("Plaintiff Kumandan") submits this statement in support of Defendants Google LLC and Alphabet Inc.'s (collectively, "Defendants") Administrative Motion to Consider Whether Plaintiffs' Materials Should Be Sealed (ECF No. 495). Plaintiff Kumandan seeks an order to file under seal certain narrowly tailored portions of Exhibit A to Defendants' Administrative Motion to Seal (ECF No. 494-4, filed provisionally under seal) ("the Exhibit").

Plaintiff Kumandan proposes narrowly tailored redactions, specifically, to his personal and work email addresses in the Exhibit, and respectfully requests sealing of the following designated lines in the referenced Exhibit:

| ECF/Ex. No. | Document | Portion(s) to Seal | Reason(s) for Sealing |
|---|---|---|---|
| Exhibit A to Defendants' Administrative Motion to Seal. (ECF No. 494-4) | Excerpts of the Deposition Transcript of Asif Kumandan | The email addresses in Kumandan Tr. at 108: 10, 13. | The material discloses personally identifying information of Plaintiff Asif Kumandan. |

## I. LEGAL STANDARD

The Court has inherent power to seal documents. *U. S. v. Shyrock*, 342 F.3d 948, 983 (9th Cir. 2003). Courts in the Ninth Circuit have applied the "'compelling reasons'" standard to dispositive motions. *Pintos v. Pac. Creditors Ass'n.*, 605 F.3d 665, 677-78 (9th Cir. 2010).[1] As the name suggests, the party seeking to seal "must 'articulate[] compelling reasons supported by specific factual findings' . . . that outweigh the general history of access and the public policies favoring disclosure[.]" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-1179 (9th Cir. 2006). The designated lines that Plaintiff Kumandan seeks to seal are contained in the Exhibit filed in connection with Defendants' Motion for Summary Judgment, and "[a] motion for summary

---

[1] Unless otherwise noted, citations are omitted.

judgment is by definition a dispositive motion." *Am. Auto. Ass'n of N. Cal., Nev., & Utah v. Gen. Motors LLC*, No. 17-cv-03874-LHK, 2019 WL 1206748, at *2 (N.D. Cal. Mar. 14, 2019). Accordingly, the "compelling reasons" standard applies. Under this standard, the party seeking sealing must show that "'compelling reasons supported by specific factual findings . . . outweigh the general history of access and the public policies favoring disclosure.'" *Pintos*, 605 F.3d at 678. In making its determination, a court must "balance the competing interests of the public and the party seeking to seal judicial records." *In re Midland Nat'l Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012).

Further, when a party seeks to seal a document because it has been designated as confidential by another party, the filing party must file an Administrative Motion to Consider Whether Another Party's Material Should Be Sealed. Civ. L.R. 79-5(f). In that case, the filing party need not satisfy the requirements of subsection (c)(1). Civ. L.R. 79-5(f)(1). Instead, the party who designated the material as confidential must, within seven days of the motion's filing, file a statement and/or declaration that meets the requirements of subsection (c)(1). Civ. L.R. 79-5(f)(3). A designating party's failure to file a statement or declaration may result in the unsealing of the provisionally sealed document without further notice to the designating party. *Id*. Any party can file a response to that declaration within four days. Civ. L.R. 79-5(f)(4).

## II.     ARGUMENT

Plaintiff Kumandan requests sealing of the identified portion of his deposition testimony designated as Highly Confidential pursuant to the Stipulated Protective Order (ECF No. 104). Specifically, Plaintiff Kumandan's deposition transcript contains personally identifying information, specifically his email addresses, which raises significant privacy concerns. Courts in this Circuit have consistently sealed such information due to privacy concerns. *See, e.g.*, *Nursing Home Pension Fund v. Oracle Corp.*, No. C01-00988 MJJ, 2007 WL 3232267, at *2 (N.D. Cal. Nov. 1, 2007) ("The Ninth Circuit has found compelling reasons exist to keep personal information confidential to protect an individual's privacy interest and to prevent exposure to harm or identity theft."); *O'Connor v. Uber Techs., Inc.*, No. C-13-3826 EMC, 2015 WL 355496, at *3 (N.D. Cal. Jan. 27, 2015) (finding compelling reasons to redact email address for privacy concerns); *Darisse*

*v. Nest Labs, Inc.*, No. 14-cv-01363-BLF, 2016 WL 11474174, at *2 (N.D. Cal. June 2, 2016) (finding compelling reasons to seal device serial numbers and plaintiff's email address) (Freeman, J.); *Benedict v. Hewlett-Packard Co.*, No. 13-CV-00119-BLF, 2016 WL 4943007, at *2 (N.D. Cal. Sept. 16, 2016) (applying the "compelling reasons" standard and granting motion to file under seal the parties' email addresses) (Freeman, J.).

Courts in this Circuit have held that compelling reasons exist to seal deposition testimony where the public could use information contained therein as "'a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets.'" *Racies v. Quincy Bioscience, LLC*, No. 15-cv-00292-HSG, 2017 WL 6405612, at *1 (N.D. Cal. Dec. 15, 2017); *Goodman v. Las Vegas Metro. Police Dept.*, No. 2:11-cv-01447, 2013 WL 5743638, at *3 (D. Nev. Oct. 16, 2013). Here, the excerpts of Plaintiff Kumandan's deposition transcript contain his personal and work email addresses that could be used "as a vehicle for improper purposes" such as "harassment" if publicly disclosed. *Goodman*, 2013 WL 5743638, at *3. The public also has a "minimal interest" in having access to such testimony and private information about Plaintiff Kumandan. *Uber Techs.*, 2015 WL 355496, at *3. Indeed, this Court previously granted an administrative motion to seal Plaintiff Kumandan's email address. ECF No. 181 at 3:3-12 (citing *Snapkeys, Ltd. v. Google LLC*, No. 19–CV–02658–LHK, 2021 WL 1951250, at *3 (N.D. Cal. May 14, 2021)). Finally, the request for sealing is narrowly tailored to seek sealing of only Plaintiff Kumandan's email addresses to protect his private interests, and there is no less restrictive alternative to sealing.

### III.   CONCLUSION

For the reasons stated herein, Plaintiff Kumandan respectfully requests that the designated lines in Google's Exhibit be sealed.

Dated:  March 7 , 2025                                  **SCOTT+SCOTT ATTORNEYS AT LAW LLP**

*/s/ Erin Green Comite*
Erin Green Comite (*pro hac vice*)
Joseph P. Guglielmo (*pro hac vice*)
Anja Rusi (*pro hac vice*)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
The Helmsley Building

230 Park Avenue, 24th Floor
New York, NY 10169-1820
Telephone: (212) 223-6444
Facsimile: (212) 223-6334
ecomite@scott-scott.com
jguglielmo@scott-scott.com
arusi@scott-scott.com

Vincent Briganti (*pro hac vice*)
Christian Levis (*pro hac vice*)
Margaret MacLean (*pro hac vice*)
Andrea Farah (*pro hac vice*)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: 914-997-0500
Facsimile:  914-997-0035
vbriganti@lowey.com
clevis@lowey.com
mmaclean@lowey.com
afarah@lowey.com

Mark N. Todzo (Bar No. 168389)
Patrick Carey (Bar No. 308623)
**LEXINGTON LAW GROUP**
503 Divisadero Street
San Francisco, CA 94117
Telephone: 415-913-7800
Facsimile:  415-759-4112
mtodzo@lexlawgroup.com
pcarey@lexlawgroup.com

*Attorneys for Plaintiffs*