UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE GOOGLE ASSISTANT PRIVACY LITIGATION | Case No. 5:19-cv-04286-BLF<br><br>**ORDER GRANTING DEFENDANTS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL; AND GRANTING IN PART AND DENYING IN PART DEFENDANTS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER PLAINTIFFS' MATERIALS SHOULD BE SEALED**<br><br>[Re: Dkt. Nos. 494, 495] |

Before the Court are two administrative motions filed in connection with Defendants Alphabet Inc. and Google LLC's (collectively, "Google") Motion for Summary Judgment:

1. Defendants' Administrative Motion to File Under Seal.  Dkt. No. 494.
2. Defendants' Administrative Motion to Consider Whether Plaintiffs' Materials Should Be Sealed.  Dkt. No. 495.

For the reasons described below, the Court rules as follows: the administrative motion at Dkt. No. 494 is GRANTED and the administrative motion at Dkt. No. 495 is GRANTED IN PART AND DENIED IN PART.

**I.   LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).  Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).  Parties seeking to seal judicial records relating to

motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1100–01 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

In addition, in this district, all parties requesting sealing must comply with Civil Local Rule 79-5. That rule requires, inter alia, the moving party to provide "the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient." Civ. L.R. 79-5(c)(1). Further, Civil Local Rule 79-5 requires the moving party to provide "evidentiary support from declarations where necessary." Civ. L.R. 79-5(c)(2). And the proposed order must be "narrowly tailored to seal only the sealable material." Civ. L.R. 79-5(c)(3).

When a party seeks to seal a document because it has been designated as confidential by another party, the filing party must file an Administrative Motion to Consider Whether Another Party's Material Should be Sealed. Civ. L.R. 79-5(f). In that case, the filing party need not satisfy the requirements of subsection (c)(1). Civ. L.R. 79-5(f)(1). Instead, the party who designated the material as confidential must, within seven days of the motion's filing, file a statement and/or declaration that meets the requirements of subsection (c)(1). Civ. L.R. 79-5(f)(3). A designating party's failure to file a statement or declaration may result in the unsealing of the provisionally sealed document without further notice to the designating party. *Id.* Any party can file a response to that declaration within four days. Civ. L.R. 79-5(f)(4).

## II.   DISCUSSION

### A.   Dkt. No. 494

Defendants filed the Administrative Motion to File Under Seal seeking to seal portions of the Motion for Summary Judgment brief and supporting documents. Defendants write that the materials should be sealed because they contain "highly confidential and competitively sensitive information consisting of specific technical information regarding the operation of Google Assistant." Dkt. No. 494 at 1. Defendants argue that compelling reasons exist for sealing the

1  identified materials because the information would, "if disclosed, be a source of non-public
2  'specific technical details' that competitors might use to harm Google's competitive standing." *Id.*
3  at 8 (quoting *Unicorn Energy GmbH v. Tesla Inc.*, No. 21-cv-07476, 2024 WL 1589477, at *2
4  (N.D. Cal. Apr. 10, 2024)).  Plaintiffs did not oppose Defendants' administrative motion.

The Court finds that compelling reasons exist to seal the portions of the documents identified by Defendants.  "Sources of business information that might harm a litigant's competitive strategy may also give rise to a compelling reason to seal, as may pricing, profit, and customer usage information kept confidential by a company that could be used to the company's competitive disadvantage." *Lawson v. Grubhub, Inc.*, No. 15-cv-05128, 2017 WL 2951608, at *9 (N.D. Cal. July 10, 2017) (internal alterations and citations omitted); *accord Finjan, Inc. v. Proofpoint, Inc.*, No. 13-cv-05808, 2016 WL 7911651, at *1 (N.D. Cal. Apr. 6, 2016) (granting sealing over "details regarding the technical operation" of a party's products).  The Court also finds that the request is narrowly tailored.  *See* Civ. L.R. 79-5(c)(3).

The Court's ruling is summarized below:

| Dkt. No. | Document | Portion(s) to Seal | Ruling |
|---|---|---|---|
| **494-3** | Google's Motion | Yellow-highlighted portions | Granted, as containing highly confidential and competitively sensitive specific technical information regarding the operation of Google Assistant. *See* Dkt. No. 494-2 ("Beaufays Sealing Decl.") ¶¶ 3-5. Public disclosure of this information would cause harm to Google. |
| **494-4** | Declaration of Françoise Beaufays in Support of Google's Motion | Yellow-highlighted portions | Granted, as containing highly confidential and competitively sensitive specific technical information regarding the operation of Google Assistant. This Court has already sealed substantial portions of the material Google seeks to seal in Ms. Beaufays' Declaration in its Order at Dkt. No. 318 (entered Oct. 17, 2022) (*see id.*, table entry regarding Exhibit BV).  *See* Beaufays Sealing Decl. ¶¶ 3-5.  Public disclosure of this information would cause harm to Google. |
| **494-5** | Declaration of Yair Cohen in Support of | Yellow-highlighted portions | Granted, as containing highly confidential and competitively sensitive specific technical information regarding the |

3

| | | | |
|---|---|---|---|
| | Google's Motion | | operation of Google Assistant.  This Court has already sealed substantial portions of the material Google seeks to seal in Mr. Cohen's Declaration in its Order at Dkt. No. 318 (entered Oct. 17, 2022) (*see id.*, table entry regarding Exhibit BX).  *See* Beaufays Sealing Decl. ¶¶ 3-5.  Public disclosure of this information would cause harm to Google. |
| **494-6** | Declaration of John Flynn in Support of Google's Motion | Yellow-highlighted portions | Granted, as containing highly confidential and competitively sensitive specific technical information regarding the operation of Google Assistant.  *See* Beaufays Sealing Decl. ¶¶ 3-5.  Public disclosure of this information would cause harm to Google. |
| **494-7** | Declaration of Terry Tai in Support of Google's Motion | Yellow-highlighted portions | Granted, as containing highly confidential and competitively sensitive specific technical information regarding the operation of Google Assistant.  This Court has already sealed substantial portions of the material Google seeks to seal in Mr. Tai's Declaration in its Order at Dkt. No. 318 (entered Oct. 17, 2022) (*see id.*, table entry regarding Exhibit BY).  *See* Beaufays Sealing Decl. ¶¶ 3-5.  Public disclosure of this information would cause harm to Google. |
| **494-8** | Exhibit 2 to Bali Decl. in Support of Motion | Entire exhibit (Summary of Kumandan audio files) | Granted, as containing highly confidential and competitively sensitive specific technical information regarding the operation of Google Assistant.  This Court has already sealed the material Google seeks to seal in Exhibit F in its Order at Dkt. No. 318 (entered Oct. 17, 2022) (*see id.*, table entry regarding Exhibit BD).  *See* Beaufays Sealing Decl. ¶¶ 3-5.  Public disclosure of this information would cause harm to Google. |
| **494-9** | Exhibit 3 to Bali Decl. in Support of Motion | Entire exhibit (GOOG-ASST03047492) | Granted, as containing highly confidential and competitively sensitive specific technical information regarding the operation of Google Assistant.  *See* Beaufays Sealing Decl. ¶¶ 3-5.  Public disclosure of this information would cause harm to Google. |
| **494-10** | Exhibit 4 to Bali Decl. in Support of Motion | Entire exhibit (GOOG-ASST03047494) | Granted, as containing highly confidential and competitively sensitive specific technical information regarding the operation of Google Assistant.  *See* Beaufays Sealing Decl. ¶¶ 3-5.  Public disclosure of this information would |

4

| | | | cause harm to Google. |
|---|---|---|---|
| **494-11** | Exhibit 5 to Bali Decl. in Support of Motion | Entire exhibit (GOOG-ASST03026660) | Granted, as containing highly confidential and competitively sensitive specific technical information regarding the operation of Google Assistant.  This Court has already sealed the material Google seeks to seal in Exhibit I in its Order at Dkt. No. 318 (entered Oct. 17, 2022) (*see id.*, table entry regarding Exhibit AD).  *See* Beaufays Sealing Decl. ¶¶ 3-5.  Public disclosure of this information would cause harm to Google. |
| **494-12** | Exhibit 6 to Bali Decl. in Support of Motion | Entire exhibit (GOOG-ASST03047471) | Granted, as containing highly confidential and competitively sensitive specific technical information regarding the operation of Google Assistant.  This Court has already sealed the material Google seeks to seal in Exhibit J in its Order at Dkt. No. 318 (entered Oct. 17, 2022) (*see id.*, table entry regarding Exhibit AI).  *See* Beaufays Sealing Decl. ¶¶ 3-5.  Public disclosure of this information would cause harm to Google. |
| **494-13** | Exhibit 7 to Bali Decl. in Support of Motion | Entire exhibit (GOOG-ASST03047340) | Granted, as containing highly confidential and competitively sensitive specific technical information regarding the operation of Google Assistant.  *See* Beaufays Sealing Decl. ¶¶ 3-5.  Public disclosure of this information would cause harm to Google. |
| **494-14** | Exhibit 9 to Bali Decl. in Support of Motion | Entire exhibit (GOOG-ASST03041951) | Granted, as containing highly confidential and competitively sensitive specific technical information regarding the operation of Google Assistant.  *See* Beaufays Sealing Decl. ¶¶ 3-5.  Public disclosure of this information would cause harm to Google. |
| **494-15** | Exhibit 10 to Bali Decl. in Support of Motion | Entire exhibit (GOOG-ASST00026645) | Granted, as containing highly confidential and competitively sensitive specific technical information regarding the operation of Google Assistant.  *See* Beaufays Sealing Decl. ¶¶ 3-5.  Public disclosure of this information would cause harm to Google. |
| **494-16** | Exhibit 13 to Bali Decl. in Support of Motion | Entire exhibit (GOOG-ASST03026891) | Granted, as containing highly confidential and competitively sensitive specific technical information regarding the operation of Google Assistant.  *See* Beaufays Sealing Decl. ¶¶ 3-5.  Public disclosure of this information would cause harm to Google. |

| | | | |
|---|---|---|---|
| **494-17** | Exhibit 14 to Bali Decl. in Support of Motion | Yellow-highlighted portions on pages 99 and later of Beaufays II Tr. | Granted, as containing highly confidential and competitively sensitive specific technical information regarding the operation of Google Assistant. This Court has already sealed portions of the material Google seeks to seal in Ms. Beaufays' April 22, 2022 deposition transcript in its Order at Dkt. No. 318 (entered Oct. 17, 2022) (*see id.*, table entry regarding Exhibit BH). *See* Beaufays Sealing Decl. ¶¶ 3-5. Public disclosure of this information would cause harm to Google. |
| **494-18** | Exhibit 16 to Bali Decl. in Support of Motion | Entire exhibit (Kenny Tr.) | Granted, as containing highly confidential and competitively sensitive specific technical information regarding the operation of Google Assistant. *See* Beaufays Sealing Decl. ¶¶ 3-5. Public disclosure of this information would cause harm to Google. |
| **494-19** | Exhibit 51 to Bali Decl. in Support of Motion | Entire exhibit (GOOG-ASST00250310) | Granted, as containing highly confidential and competitively sensitive specific technical information regarding the operation of Google Assistant. This Court has already sealed the material Google seeks to seal in Exhibit R in its Order at Dkt. No. 318 (entered Oct. 17, 2022) (*see id.*, table entry regarding Exhibit BE). *See* Beaufays Sealing Decl. ¶¶ 3-5. Public disclosure of this information would cause harm to Google. |
| **494-20** | Exhibit 52 to Bali Decl. in Support of Motion | Entire exhibit (GOOG-ASST00033108) | Granted, as containing highly confidential and competitively sensitive specific technical information regarding the operation of Google Assistant. *See* Beaufays Sealing Decl. ¶¶ 3-5. Public disclosure of this information would cause harm to Google. |
| **494-21** | Exhibit 53 to Bali Decl. in Support of Motion | Entire exhibit (GOOG-ASST00032174) | Granted, as containing highly confidential and competitively sensitive specific technical information regarding the operation of Google Assistant. *See* Beaufays Sealing Decl. ¶¶ 3-5. Public disclosure of this information would cause harm to Google. |
| **494-22** | Exhibit 54 to Bali Decl. in Support of Motion | Entire exhibit (GOOG-ASST00003516) | Granted, as containing highly confidential and competitively sensitive specific technical information regarding the operation of Google Assistant. *See* Beaufays Sealing Decl. ¶¶ 3-5. Public disclosure of this information would cause harm to Google. |

| | | | |
|---|---|---|---|
| **494-23** | Exhibit 55 to Bali Decl. in Support of Motion | Entire exhibit (GOOG-ASST02992224) | Granted, as containing highly confidential and competitively sensitive specific technical information regarding the operation of Google Assistant. *See* Beaufays Sealing Decl. ¶¶ 3-5. Public disclosure of this information would cause harm to Google. |
| **494-24** | Exhibit 56 to Bali Decl. in Support of Motion | Entire exhibit (Demonstrative regarding data sampling) | Granted, as containing highly confidential and competitively sensitive specific technical information regarding the operation of Google Assistant. *See* Beaufays Sealing Decl. ¶¶ 3-5. Public disclosure of this information would cause harm to Google. |

### B. Dkt. No. 495

Defendants filed the Administrative Motion to Consider Whether Plaintiffs' Materials Should Be Sealed in order to ask the Court to "consider whether redactions to materials (a) that Google has filed provisionally under seal in support of its Motion for Summary Judgment and (b) that Plaintiffs have designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY under the Stipulated Protective Order as Modified by the Court" should remain sealed. Dkt. No. 495 at 1. Plaintiff Asif Kumandan timely filed a statement in support of sealing. Dkt. No. 498. Plaintiff requests narrow redactions of his personal and work email addresses in the identified exhibit, arguing that "[c]ourts in this Circuit have consistently sealed such information due to privacy concerns." *Id.* at 1–2 (citing *Nursing Home Pension Fund v. Oracle Corp.*, No. 01-cv-00988, 2007 WL 3232267, at *2 (N.D. Cal. Nov. 1, 2007)). Plaintiff notes that his request for sealing is narrowly tailored. *Id.* at 3.

"The Ninth Circuit has found that compelling reasons exist to keep personal information confidential to protect an individual's privacy interest and to prevent exposure to harm or identity theft." *Nursing Home Pension Fund*, 2007 WL 3232267, at *2. Where the amount of information sought to be sealed is minimal and "has little or no relevance to any material issue" in the case, the "privacy interests in th[e] personal information outweigh[] the public's right to access." *Id.* Moreover, "'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might . . . become a vehicle for improper purposes,'" such as harassment. *See Racies v. Quincy Bioscience, LLC*, No. 15-cv-00292, 2017

WL 6405612, at *1 (N.D. Cal. Dec. 15, 2017).  Harassment is certainly a risk where an individual's personal email address is broadly released in a public filing.  The Court also finds that Plaintiff's request is narrowly tailored.  *See* Civ. L.R. 79-5(c)(3).

The Court's ruling is summarized below:

| Dkt. No. | Document | Portion(s) to Seal | Ruling |
| --- | --- | --- | --- |
| 495-2 | Excerpts of the deposition transcript of Asif Kumandan | The email addresses at Kumandan Tr. at 108:10, 108:13 | Granted, as the material identified in the previous column discloses personally identifying information of Plaintiff Asif Kumandan. The remainder of the transcript shall be unsealed, as Plaintiff does not seek to maintain the entire transcript under seal. |
| 494-3 | Defendants' Motion for Summary Judgment | Yellow-highlighted material drawn from Kumandan Tr. | Denied, as Plaintiff does not seek to maintain this material under seal. |

### III.    ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Dkt. No. 494 is GRANTED.

2. Dkt. No. 495 is GRANTED IN PART AND DENIED IN PART.

The parties SHALL refile public versions of each filing where the redactions and sealing granted by the Court are narrower than what was redacted in the current public versions by **April 10, 2025**.

**IT IS SO ORDERED.**

Dated:  March 28, 2025

_____
BETH LABSON FREEMAN
United States District Judge