Vincent Briganti (*pro hac vice*)
Christian Levis (*pro hac vice*)
Margaret MacLean (*pro hac vice*)
Andrea Farah (*pro hac vice*)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: (914) 997-0500
Facsimile: (914) 997-0035
vbriganti@lowey.com
clevis@lowey.com
mmaclean@lowey.com
afarah@lowey.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| IN RE GOOGLE ASSISTANT PRIVACY LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Docket No.: 19-cv-04286-BLF-SVK<br><br>**DECLARATION OF ASIF KUMANDAN**<br><br>Judge: Hon. Beth Labson Freeman |
|---|---|

I, ASIF KUMANDAN, declare as follows:

1. My name is Asif Kumandan and I am one of the Plaintiffs in this case. I have personal knowledge of the facts set forth herein and, if called upon as a witness, I could testify competently under oath thereto. I submit this Declaration in opposition to Google's Motion for summary judgment ("Motion" or "Mot.").

2. I was deposed on August 4, 2022, by counsel representing Defendant Google ("Counsel") in this case. During my deposition, I testified about the promises that I believe Google made and breached. I testified that "I expected a certain level of privacy in my daily use of [Google device] and it appears to me that this expectation of privacy I had was breached…. My general expectation was not to have my voice recorded or to have this device seemingly be listening to me at the times that it was." *See* Tr. at 39:21-40:7.

3. I also testified about my understanding that the Assistant should not record my audio without my knowledge, stating "I had an expectation or understanding that I had -- I had no belief that the phone would be recording me without me knowing about it and without me actively saying -- making a request of recording. It seems to me that's not the case, that there at least have been some times where a recording has taken place that I -- that I did not initiate and yeah, that makes me think differently about the phone." *Id*. at 93:13-25.

4. Having reviewed Google's Motion, I understand that Google contend that I consented to Google's collection of my data. I also understand that Google has made certain assertions about my understanding of Google's Privacy Policy, specifically that I did not interpret Google's policies as guaranteeing that the Assistant will only collect audio if I intentionally use the Assistant. Mot. at 6, 11, 19. I do not agree with Google's contentions.

5. During my deposition, Counsel asked me about my understanding of the phrase: "We collect information about your activity . . . The activity information we collect may include…Voice and audio information when you use audio." *See* Tr. at 199:18-22. I testified that the phrase "we collect information" is vague and not specific. *Id*. at 199:24-201:7. I also testified that I didn't know if there were other parts of Google's policies where Google specified that "[w]e

1  collect information" means that Google is actually recording the audio and that "we collect" seems "kind of vague to me." *Id*. at 200:20-201:3. It was in this context that I testified that "I don't think of this language as speaking to whether [the Assistant will] activate, like based on error or not error. I don't think about that when I look at this passage." *Id*. at 201:8-14.

6.  As I testified, I was not aware that the Assistant was listening to me. Nor was I aware that the Assistant recorded my conversations. I expected that the only parties to my conversations would be the "folks that I was speaking directly" (*id*. at 215:1-25) to the exclusion of others, including Google. Google's language that "We don't make any warranties about the content or features of the services, including their accuracy, reliability, availability" did not inform me that the Assistant could spontaneously trigger even when I did not intend to use it. I testified to that effect as well. *see* Tr. at 217:1-218:12.

7.  I further understand that Google asserts that I did not suffer any financial harm. Mot. at 20. I disagree with Google's statement. When asked to define "harm," I testified that I was harmed because "I had a level of privacy in using this device and that sort of trust was broken and what were to happen with the information? I don't know that I can speak to that. But I know that it was not a good feeling for me and sort of changed the way that I view these products." *See* Tr. at 182:4-14. I further testified that my recordings "taken without me knowing it and I imagine it's one of many, many recordings taken across whoever it may be, I don't know what happens with this information or how it gets used but I know that this was not something that I believe that I signed up for, yeah." *Id*. at 182:20-25. At no point during my deposition did Counsel ask me to put a monetary number on or ask for quantification of my harm.

8.  My Voice and Audio setting (VAA) was disabled by Google on August 4, 2020 as part of their VAA update process. I have not re-enabled the setting because at present, I do not think that Google's disclosures are adequate to inform users what information Google collects, when it collects it and how it uses that information. However, I would re-enable the VAA setting if Google fully disclosed its data practices and did not collect and share my voice and audio information and data when the Assistant is not in use.

\*\*\*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 20th day of March, 2025 in New York, New York.

s/ *Asif Kumandan*
Asif Kumandan (Mar 22, 2025 23:09 EDT)

Asif Kumandan