Bobbie J. Wilson, Bar No. 148317
BWilson@perkinscoie.com
Sunita Bali, Bar No. 274108
SBali@perkinscoie.com
Elliott Joh, Bar No. 264927
EJoh@perkinscoie.com
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, California 94105
Telephone: +1.415.344.7000
Facsimile:  +1.415.344.7050

Erin K. Earl (pro hac vice)
EEarl@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: +1.206.359.8000
Facsimile: +1.206.359.9000

Justin Potesta, Bar No. 314133
JPotesta@perkinscoie.com
PERKINS COIE LLP
405 Colorado Street, Suite 1700
Austin, TX 78701
Telephone: +1.737.256.6100
Facsimile: +1.737.256.6300

Attorneys for Defendants
ALPHABET INC. and GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE GOOGLE ASSISTANT PRIVACY LITIGATION | Case No. 5:19-cv-04286-BLF-SVK<br><br>**DEFENDANTS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER PLAINTIFFS' MATERIALS SHOULD BE SEALED** |

Pursuant to Civil Local Rules 7-11 and 79-5(f), Defendants Google LLC and Alphabet Inc. (collectively "Google") submit this Administrative Motion to Consider Whether Plaintiffs' Materials Should Be Sealed ("Administrative Motion"). Google asks the Court to consider whether redactions to materials (a) that Google has filed provisionally under seal in support of its Reply in Support of Google's Motion for Summary Judgment and (b) that Plaintiffs have designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY under the Stipulated Protective Order as Modified by the Court, ECF No. 104, (the "Sealed Materials") should remain under seal. This Administrative Motion is supported by the Declaration of Sunita Bali filed concurrently.

Specifically, Google asks the Court to consider whether the following materials should be filed under seal:

| Exhibit or ECF No. | Document | Portions to Seal | Reasons for Sealing |
|---|---|---|---|
| Exhibit A to this Motion. | Declaration of Rene Befurt in support of the Reply | Subject to proof provided by Plaintiffs. | Refers to material designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY by Plaintiffs. |

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id*. (quoting *Foltz v. State Farm Mut. Auto. Ins. Co*., 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

However, "while protecting the public's interest in access to the courts, [courts] must remain mindful of the parties' right to access those same courts upon terms which will not unduly

-2-

harm their competitive interest." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1228–29 (Fed. Cir. 2013).

Under Civil L.R. 79-5(f)(3), "[w]ithin 7 days of [this] motion's filing, the Designating Party [i.e., Plaintiffs] must file a statement and/or declaration as described in subsection [79-5](c)." Google takes no position on whether the Sealed Materials should remain under seal.

Dated: April 18, 2025

**PERKINS COIE LLP**

By:  */s/ Sunita Bali*
Bobbie J. Wilson, Bar No. 148317
Sunita Bali, Bar No. 274108
Erin Earl (*pro hac vice*)

Attorneys for Defendants
Alphabet Inc. and Google LLC

# CERTIFICATE OF SERVICE

I, Kate Rose, declare:

I am a citizen of the United States and employed by the firm of Perkins Coie LLP in Santa Clara County, California. I am over the age of eighteen years and not a party to the within-entitled action. On April 18, 2025, I caused to be served a true copy of the following documents

- **EXHIBIT A TO THIS MOTION: DECLARATION OF RENE BEFURT IN SUPPORT OF THE REPLY**

upon counsel as listed below via electronic mail:

vbriganti@lowey.com; agreco@lowey.com; afiorilla@lowey.com; afarah@lowey.com; arusi@scott-scott.com; amitra@scott-scott.com; clevis@lowey.com; ecomite@scott-scott.com; hcunningham@scott-scott.com; jjasnoch@scott-scott.com; jguglielmo@scott-scott.com; mmaclean@lowey.com; pcarey@lexlawgroup.com; rgupta@lowey.com; mtodzo@lexlawgroup.com

I declare under penalty of perjury that the foregoing is true and correct. Executed on April 18, 2025.

　　　　　　　　　　　　　　　　　　　　　　　　　*/s/ Kate Rose*
　　　　　　　　　　　　　　　　　　　　　　　　　Kate Rose

-1-

CASE NO. 5:19-CV-04286-BLF-SVK
DEFENDANTS' ADMIN. MOTION TO CONSIDER WHETHER