# EXHIBIT 1

John T. Jasnoch (Bar No. 281605)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
600 W. Broadway, Suite 3300
San Diego, CA 92101
Telephone: 619-233-4565
Facsimile: 619-233-0508
Email: jjasnoch@scott-scott.com

*Attorney for Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| IN RE GOOGLE ASSISTANT PRIVACY LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 5:19-cv-04286-BLF<br><br>**CLASS ACTION**<br><br><br>**PLAINTIFFS' RULE 26(a)(1)(A) INITIAL DISCLOSURES**<br><br>Judge: Beth L. Freeman<br>Dept.: Courtroom 3 – 5th Floor |

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A), Plaintiffs Asif Kumandan, Melissa Spurr, Melissa Spurr as Guardian of B.S., a minor, Lourdes Galvan, and Eleeanna Galvan ("Plaintiffs") hereby provide their initial disclosures to Defendants Alphabet Inc. and Google LLC ("Defendants" or "Google").  These disclosures are made without waiver of, and with reservation of, the following:

1.     All issues as to competency, relevance, undue burden, materiality, privilege, and admissibility of matters disclosed herein, and the subject matter thereof, as evidence for any purpose in any further proceeding in this action (including trial) and any other action;

2.     The right to object to any matters disclosed here, or their subject matter, on any grounds in any further proceedings in this action (including trial) and any other action;

3.     The right to object on any ground at any time to a demand or a request for further disclosures of matters identified here, including but not limited to, requests for documents, interrogatories, depositions, or other discovery proceedings involving or relating to the subject matter of this controversy; and

4.     These initial disclosures are made here without the benefit of formal discovery or Defendants' initial disclosures.  Plaintiffs have not completed their investigation of this case and these disclosures are based on information reasonably available to Plaintiffs.  Plaintiffs reserve the right, and these disclosures should not be construed to limit the ability of Plaintiffs, to introduce additional evidence or legal theories as such evidence and theories are uncovered and developed through the discovery process.  Plaintiffs further reserve the right to clarify, amend, modify, or supplement the information contained in these initial disclosures at any time before trial.

**Rule 26(a)(1)(A)(i):   The name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.**

Plaintiffs reserve the right to call all individuals identified by all other parties in their Initial Disclosures and to depose, and rely upon the testimony of, all such individuals in support of their claims.

Plaintiffs identify the following individuals who are likely to have discoverable information:

1

PLAINTIFFS' RULE 26(a)(1)(A) INITIAL DISCLOSURES
Case No. 5:19-cv-04286-BLF

| Name | Subject of Discoverable Information | Contact Information |
|---|---|---|
| Plaintiff Asif Kumandan | Asif Kumandan has knowledge of the claims he is asserting in this case, including his purchase of and/or interactions with a Google Assistant Enabled Device. | To be contacted through Plaintiffs' counsel. |
| Plaintiff Melissa Spurr | Melissa Spurr has knowledge of the claims she is asserting in this case, including her purchase of and/or interactions with a Google Assistant Enabled Device.  Melissa Spurr also has knowledge of the claims being asserted by B.S., a minor. | To be contacted through Plaintiffs' counsel. |
| Plaintiff Lourdes Galvan | Lourdes Gavlan has knowledge of the claims she is asserting in this case, including her purchase of and/or interactions with a Google Assistant Enabled Device. | To be contacted through Plaintiffs' counsel. |
| Plaintiff Eleeanna Galvan | Eleeanna Galvan has knowledge of the claims she is asserting in this case, including her purchase of and/or interactions with a Google Assistant Enabled Device. | To be contacted through Plaintiffs' counsel. |

Plaintiffs also contend, based on information and belief and the investigation of counsel, that at least the following categories of individuals known to them have discoverable information that Plaintiffs may use to support their claims and refute Defendants' defenses: (1) Defendants; (2) current and former employees or agents of Defendants, including, but not limited to, those working on the development, marketing, and/or improvement of Google Assistant Enabled Devices; (3) current and former employees or agents of third party contractors and subcontractors that received recordings and/or transcripts from Google Assistant Enabled Devices.

Plaintiffs' investigation of the facts and circumstances relating to this case is ongoing and other persons with discoverable information that Plaintiffs may use to support their claims or defenses in this action may be identified later in the litigation.  Other individuals may be necessary to authenticate documents if authentication cannot be agreed upon.  In such event, Plaintiffs will supplement this disclosure if, and when, appropriate under the Federal Rules of Civil Procedure.

**Rule 26(a)(1)(A)(ii): A copy – or a description by category and location – of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.**

Plaintiffs disclose the following documents in their possession, custody, or control that they may use to support their claims:

- Documents concerning Plaintiffs' purchases of and/or interactions with Google Assistant Enabled Devices.

Plaintiffs represent that most of the documents, electronically stored information, and tangible things that may be used in support of Plaintiffs' claims are uniquely within the knowledge, possession, custody, and/or control of Defendant. Plaintiffs may rely on documents produced by Defendants or third parties as production of documents are made through the discovery process. Plaintiffs additionally reserve the right to rely on information discovered from sources identified in Defendants' initial disclosures.

**Rule 26(a)(1)(A)(iii): A computation of each category of damages claimed by the disclosing party – who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.**

As set forth in the First Amended Complaint, Plaintiffs seek compensatory, consequential, and statutory damages, other monetary relief (including, but not limited to, disgorgement and restitution), equitable relief, and such other relief as the Court deems just and proper. To be able to calculate Plaintiffs' and the Classes' damages, Plaintiffs will require sales data from Google and Google authorized resellers to properly calculate the damages attributable to Google's conduct. The issue of compensatory damages and other monetary relief is subject to expert calculation and is properly a topic for expert discovery. Plaintiffs will provide a calculation of damages during expert discovery. Plaintiffs also plan to seek prejudgment interest, post-judgment interest, reasonable attorneys' fees, and reasonable costs and expenses, each of which cannot be computed at this point in time.

**Rule 26(a)(1)(A)(iv): Any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

Not applicable.

Dated: April 24, 2020

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**

 s/ John T. Jasnoch
John T. Jasnoch (Bar No. 281605)
Stephanie A. Hackett (Bar. No. 238655)
Hal C. Cunningham (Bar No. 243048)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
600 W. Broadway, Suite 3300
San Diego, CA 92101
Telephone: (619) 233-4565
Facsimile:  (619) 233-0508
jjasnoch@scott-scott.com
shackett@scott-scott.com
hcunningham@scott-scott.com

Joseph P. Guglielmo (*pro hac vice*)
Erin Green Comite (*pro hac vice*)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169-1820
Telephone: (212) 223-6444
Facsimile:  (212) 223-6334
jguglielmo@scott-scott.com
ecomite@scott-scott.com

Mark N. Todzo (Bar No. 168389)
Eric S. Somers (Bar No. 139050)
**LEXINGTON LAW GROUP**
503 Divisadero Street
San Francisco, CA  94117
Telephone: (415) 913-7800
Facsimile:  (415) 759-4112
mtodzo@lexlawgroup.com

Vincent Briganti (*pro hac vice*)
Christian Levis (*pro hac vice*)
Andrea Farah (*pro hac vice*)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: (914) 997-0500
Facsimile:  (914) 997-0035
vbriganti@lowey.com
clevis@lowey.com
afarah@lowey.com

E. Kirk Wood (*pro hac vice* forthcoming)
**WOOD LAW FIRM**
P. O. Box 382434

4
PLAINTIFFS' RULE 26(a)(1)(A) INITIAL DISCLOSURES
Case No. 5:19-cv-04286-BLF

Birmingham, AL 35238
Telephone: (205) 612-0243
kirk@woodlawfirmllc.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on April 24, 2020, I caused the foregoing to be served via electronic mail to the participants indicated on the attached Notice List.

Dated: April 24, 2020                    s/ John T. Jasnoch
                                         John T. Jasnoch

                                         *Attorney for Plaintiffs*

**NOTICE LIST**

Bobbie J. Wilson
  BWilson@perkinscoie.com
Sunita Bali
  SBali@perkinscoie.com
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, CA 94105

---

1

PLAINTIFFS' RULE 26(a)(1)(A) INITIAL DISCLOSURES
Case No. 5:19-cv-04286-BLF