# EXHIBIT 2

THIS DOCUMENT CONTAINS INFORMATION DESIGNATED
HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

Bobbie J. Wilson, Bar No. 148317
BWilson@perkinscoie.com
Sunita Bali, Bar No. 274108
SBali@perkinscoie.com
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, CA 94105-3204
Telephone: 415.344.7000
Facsimile: 415.344.7050

Attorneys for Defendants Alphabet Inc.
and Google LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE GOOGLE ASSISTANT PRIVACY LITIGATION, | Case No. 5:19-cv-04286-BLF<br><br>**DEFENDANTS ALPHABET INC. AND GOOGLE LLC'S SUPPLEMENTAL RESPONSES TO PLAINTIFFS' INTERROGATORY NOS. 5 AND 10**<br><br>Dept.:   Courtroom 3, 5th Floor<br>Judge:   Hon. Beth Labson Freeman |

**THE RESPONSES HEREIN ARE DESIGNATED AS <u>HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY</u> UNDER THE TERMS OF THE PROTECTIVE ORDER.**

THIS DOCUMENT CONTAINS INFORMATION DESIGNATED
HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

| | |
|---|---|
| PROPOUNDING PARTY: | PLAINTIFFS ASIF KUMANDAN, MELISSA SPURR, AND MELISSA SPURR, AS GUARDIAN OF B.S., A MINOR, LOURDES GALVAN, AND ELEEANNA GALVAN |
| RESPONDING PARTY: | DEFENDANTS ALPHABET INC. AND GOOGLE LLC |
| SET NO.: | ONE (1) |

Pursuant to Federal Rule of Civil Procedure 33 and Northern District of California, Civil Local Rule 33, Defendants ALPHABET INC. and GOOGLE LLC (collectively, "Google"), hereby supplement their Responses to Interrogatory Nos. 5 and 10 propounded by Plaintiffs ASIF KUMANDAN, MELISSA SPURR, and MELISSA SPURR, as Guardian of B.S., a minor, LOURDES GALVAN, and ELEEANNA GALVAN (collectively, "Plaintiffs"), as follows:

## PRELIMINARY STATEMENT

Discovery is not complete and Google's investigation is ongoing. Google reserves the right to further supplement or amend these Supplemental Responses as the case develops and more facts are obtained.

## OBJECTIONS TO DEFINITIONS

1.  Google objects to the definition of "Authorized Dealer" in Paragraph 3 as vague, ambiguous, and overbroad because the term appears to include retailers of third-party manufactured devices that may be used to access the Google Assistant. Google further objects to the definition as vague and ambiguous because it refers to "GAEDs", which is itself vague and ambiguous for the reasons stated below. Google will interpret this term to refer to retailers that Google has authorized to sell Google Assistant compatible devices, manufactured by Google, directly to consumers.

2.  Google objects to the definition of "GAED" in Paragraph 6 as vague and ambiguous, including because it cites to Paragraph 2 of the Fourth Amended Consolidated Class Action Complaint ("4AC") which does not include a definition of "GAED." Moreover, to the extent Plaintiffs intend to rely on the definition on "Google Assistant Enabled Devices" set forth in Paragraph 4 of the 4AC, Google objects to that definition as vague and ambiguous, overbroad,

THIS DOCUMENT CONTAINS INFORMATION DESIGNATED
HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

seeking information that is not relevant to the parties claims or defenses, and seeing information that is unduly burdensome and not proportionate to the needs of the case, because it incorporates devices that do not have the Assistant installed and do not otherwise operate the Assistant

3. Google objects to the definitions of "Identify" in Paragraphs 8-10 to the extent that those definitions impose obligations exceeding or differing from the requirements of Federal Rule of Civil Procedure 34, and seek information that is not relevant to the parties' claims or defenses and not proportional to the needs of the case. Google further objects to the definition of "Identify" in Paragraph 8 to the extent it seeks information that Google is legally or contractually prohibited from disclosing, and calls for information protected from discovery or disclosure by the rights of privacy guaranteed by California law, including the California Constitution, and other state or federal laws.

4. Google objects to the definition of "You" or "Your" in Paragraph 13 on grounds that it is vague, overly broad, unduly burdensome, and not proportional to the needs of the case, including because it defines "You" and "Your" to refer to Google's "directors, officers, employees, partners, representatives, advisors, agents, attorneys, associates, any other person acting on [Google's] behalf, and their subsidiaries, successors, affiliates and corporate parents (and any predecessors thereof)" although the Interrogatories are directed to Google. Google further objects to this definition to the extent that it purports to require Google to provide responses on behalf of entities other than Google or seeks to expand the scope of discovery by seeking information that is not currently within the possession, custody, or control of Google. Google interprets "You" or "Your" to refer to Defendants Google LLC and Alphabet Inc. and no other person or entity.

### OBJECTIONS TO THE RELEVANT TIME PERIOD

1. Google objects to the "Relevant Time Period" as beyond the scope set forth in the Order re: Discovery of Electronically Stored Information governing this case. Dkt. No. 85. Google will respond to the Interrogatories as seeking information from November 18, 2015 through the present.

THIS DOCUMENT CONTAINS INFORMATION DESIGNATED
HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

## OBJECTIONS TO INSTRUCTIONS

1. Google objects to the "Instructions" to the extent that they seek to impose any obligations exceeding or differing from the requirements of the Federal Rules of Civil Procedure, the applicable Local Rules, the Order re: Discovery of Electronically Stored Information (Dkt. No. 85), the Stipulated Protective Order as Modified by the Court (Dkt. No. 104), or any other applicable rules or orders.

2. Google objects to the Instruction in Paragraph 2 to the extent that it purports to require Google to provide responses on behalf of entities other than Google or seeks to expand the scope of discovery by seeking information that is not currently in the possession, custody, or control of Google.

## GENERAL OBJECTIONS

1. Each of the Supplemental Responses or objections to the First Set of Interrogatories is based on Google's understanding of each individual Interrogatory therein. To the extent that Plaintiffs assert an interpretation that is inconsistent with Google's understanding, Google reserves the right to supplement its objections and responses.

2. The subject matter of these Interrogatories is under continuing investigation and Google's discovery, investigation, and preparation for trial are not yet complete. Google expressly reserves the right to continue its discovery and investigation herein for facts, witnesses, and supplemental data that may reveal information that, if presently within its possession, custody or control, would have been included in these responses and objections. Google specifically reserves its right to present additional information at trial as may be disclosed through its continuing discovery and investigation.

3. Google's responses herein are made without in any way intending to waive, but on the contrary, expressly reserving all appropriate objections regarding the information produced, including without limitation objections concerning relevance, materiality, propriety, admissibility, foundation, and privilege, which may be raised at any subsequent hearing, proceeding, or trial of this or any other action. Google reserves the right to rely upon any information disclosed during

THIS DOCUMENT CONTAINS INFORMATION DESIGNATED
HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

discovery for any purpose, including as evidence at any subsequent proceeding, hearing, or at trial in this or any other matter.

### SUPPLEMENTAL RESPONSES TO INTERROGATORIES

Defendants expressly incorporate the above Objections as though set forth fully in response to each of the following individual Interrogatories, and to the extent that they are not raised in any particular response, Google does not waive those objections.

**INTERROGATORY NO. 5:**

Provide the total U.S. revenue Google generated from the sale of Google Assistant, the number of units sold, and the identity of Authorized Dealers and sellers who sold the GAEDs.

**RESPONSE TO INTERROGATORY NO. 5:**

Interrogatory No. 5 is unintelligible because it seeks information about "the number of units sold" in reference to the "Google Assistant" when, as Plaintiffs know, the Google Assistant is software that is offered to users for free. Order re Defs.' Mot. to Dismiss, Dkt. No. 80, at 37 (May 6, 2020). Google further objects to this Interrogatory on the grounds that it is vague and ambiguous, including its reference to "number of units sold" without defining "units," as to the undefined terms "total U.S. revenue" and "pre-installed," and as to the defined terms "Authorized Dealers" and "GAEDs." Google also objects to this Interrogatory because it seeks information that is not relevant to any parties claims and defenses, and is overly broad, unduly burdensome, and not proportional to the needs of the case, particularly given the highly sensitive and confidential nature of the information requested. Google further objects to this Interrogatory because it is compound in that it includes at least four distinct questions. Google also objects to this Interrogatory because it seeks information outside of Google's possession, custody or control. Google also objects to the extent that this Interrogatory is duplicative of Plaintiffs' Document Request Nos. 24 and 25.

Based on the foregoing objections, Google will not respond to this Interrogatory.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5:**

Subject to and without waiving the foregoing objections, Google responds as follows:

THIS DOCUMENT CONTAINS INFORMATION DESIGNATED
HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1. ■■■
2. ■■■
3. ■■■
4. ■■■
5. ■■■
6. ■■■
7. ■
8. ■■■
9. ■■■
10. ■■■
11. ■■■
12. ■■■
13. ■■■
14. ■

**INTERROGATORY NO. 10**:

Identify all third-party vendors, subcontractors, and/or other third parties acting with Your authorization or on Your behalf in connection with the analysis, processing, and/or review of users' audio recordings made by GAED, irrespective whether such recordings are made absent the utterance of a Hot Word or manual activation.

**RESPONSE TO INTERROGATORY NO. 10**:

Google objects to this Interrogatory as vague and ambiguous, including as to the undefined terms "third-party vendors, subcontractor, and/or other third parties," "in connection with," "analysis," and "processing," and the defined term "GAED." Google further objects to this Interrogatory because it is overly broad, unduly burdensome, and not proportional to the needs of the case, and because it seeks information that is not relevant to any parties' claims or defenses. Specifically, it seeks information related to Assistant user audio data that resulted from queries intended for Google, which are not at issue in this case. Google also objects to the extent this

THIS DOCUMENT CONTAINS INFORMATION DESIGNATED
HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

Interrogatory is duplicative of Plaintiffs' Interrogatory No. 19. Google objects to the extent that this Interrogatory seeks information that is protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.



**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 10:**



DATED: June 24, 2022

**PERKINS COIE LLP**

By: /s/ *Sunita Bali*
    Bobbie J. Wilson
    Sunita Bali

Attorneys for Defendants Alphabet Inc. and Google LLC

## Verification

I, Hailey Crowel, am a Finance Manager for Search and Assistant at Google LLC and am authorized to make this verification on behalf of Google LLC and Alphabet Inc. (collectively, "Defendants"). I have read Defendants' Supplemental Response to Plaintiffs' Interrogatory No. 5. To the best of my knowledge, the facts set forth in Supplemental Response to Plaintiffs' Interrogatory No. 5 are true and correct.

Executed in San Francisco, California on June 24, 2022.

DocuSigned by:

*Hailey Crowel*
EF4849C16EE54D3...

Hailey Crowel

# CERTIFICATE OF SERVICE

I, Lisa DeCosta, declare:

I am a citizen of the United States and employed in San Francisco County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 505 Howard Street, Suite 1000, San Francisco, California 94105. On June 24, 2022, I served a copy of the within document(s):

**Defendants' Supplemental Responses to Plaintiffs' Interrogatory Nos. 5 and 10, and Hailey Crowel's Verification of Defendants' Supplemental Response to Plaintiffs' Interrogatory No. 5**

☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, the United States mail at San Francisco, California addressed as set forth below.

☐ by placing the document(s) listed above in a sealed Federal Express envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Federal Express agent for delivery.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☒ by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

Vincent Briganti                                 *Counsel for Plaintiffs*
Andrea Farah
Radhika Gupta
Christian Levis
Amanda Grace Fiorilla
Margaret C. MacLean
Lowey Dannenberg, P.C.
44 South Broadway, Suite 1100
White Plains, NY 10601
vbriganti@lowey.com
afarah@lowey.com
rgupta@lowey.com
clevis@lowey.com
afiorilla@lowey.com
mmaclean@lowey.com

-2-

CERTIFICATE OF SERVICE
CASE NO. 5:19-CV-04286-BLF

147910923.1

| | |
|---|---|
| 1 | Mark N. Todzo |
| 2 | Eric Somers<br>Lexington Law Group, LLP |
| 3 | 503 Divisadero Street<br>San Francisco, CA 94117 |
| 4 | mtodzo@lexlawgroup.com<br>esomers@lexlawgroup.com |
| 5 | |
| 6 | John T. Jasnoch<br>Joseph P. Guglielmo |
| 7 | Erin Green Comite<br>Alex Martin Outwater |
| 8 | Scott+Scott, LLP<br>600 West Broadway, Suite 3300 |
| 9 | San Diego, CA 92101 |
| 10 | jjasnoch@scott-scott.com<br>jguglielmo@scott-scott.com |
| 11 | ecomite@scott-scott.com<br>aoutwater@scott-scott.com |
| 12 | |
| 13 | Seth Safier<br>Hayley Reynolds |
| 14 | Gutride Safier LLP<br>100 Pine Street, Suite 1250 San |
| 15 | Francisco, CA 94111<br>seth@gutridesafier.com |
| 16 | hayley@gutridesafier.com |

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on June 24, 2022, at San Francisco, California.

_____
Lisa DeCosta

-3-