1

2

3        **UNITED STATES DISTRICT COURT**

4        **NORTHERN DISTRICT OF CALIFORNIA**

5        **SAN JOSE DIVISION**

6

7    IN RE GOOGLE ASSISTANT PRIVACY                Case No.  5:19-cv-04286-BLF
     LITIGATION

8

9                                                   **ORDER REGARDING**
                                                    **ADMINISTRATIVE MOTIONS TO**
10                                                  **SEAL**

11                                                  [Re:  Dkt. Nos. 502, 506, 509, 512, 513]

12

13        Before the Court are three administrative motions filed in connection with Plaintiffs'

14   Opposition to Defendants' Motion for Summary Judgment (Dkt. No. 505) and Defendants

15   Alphabet Inc. and Google LLC's (collectively, "Google") Reply in Support of Motion for

16   Summary Judgment (Dkt. No. 514):

17        1.  Plaintiffs' Administrative Motion to Consider Whether Another Party's Material

18            Should Be Sealed, Dkt. No. 506,[1] and Defendants' Statement in Support of

19            Administrative Motion to Consider Whether Another Party's Material Should Be

20            Sealed, Dkt. No. 509;

21        2.  Defendants' Administrative Motion to File Under Seal, Dkt. No. 512; and

22        3.  Defendants' Administrative Motion to Consider Whether Another Party's Material

23            Should Be Sealed, Dkt. No. 513.

24        For the reasons described below, the Court rules as follows: the administrative motions at

25

26   _____
     [1] Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be
27   Sealed associated with Plaintiffs' Opposition to Defendants' Motion for Summary Judgment was
     originally filed as Dkt. No. 502.  After Plaintiffs' opposition brief was struck for failure to comply
     with the Court's standing orders, *see* Dkt. No. 503, Plaintiffs refiled the sealing motion alongside
28   the refiled opposition brief.  Accordingly, this Order also terminates Dkt. No. 502.

United States District Court
Northern District of California

1    Dkt. Nos. 506, 509, and 512 are GRANTED IN PART AND DENIED IN PART; and the

2    administrative motion at Dkt. No. 513 is DENIED.  The administrative motion at Dkt. No. 502 is

3    TERMINATED.

4    **I.    LEGAL STANDARD**

5        "Historically, courts have recognized a 'general right to inspect and copy public records

6    and documents, including judicial records and documents.'"  *Kamakana v. City & Cnty. of*

7    *Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435

8    U.S. 589, 597 & n.7 (1978)).  Accordingly, when considering a sealing request, "a 'strong

9    presumption in favor of access' is the starting point."  *Id.* (quoting *Foltz v. State Farm Mut. Auto.*

10   *Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).  Parties seeking to seal judicial records relating to

11   motions that are "more than tangentially related to the underlying cause of action" bear the burden

12   of overcoming the presumption with "compelling reasons" that outweigh the general history of

13   access and the public policies favoring disclosure.  *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d

14   1092, 1100–01 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

15       In addition, in this district, all parties requesting sealing must comply with Civil Local

16   Rule 79-5.  That rule requires, inter alia, the moving party to provide "the reasons for keeping a

17   document under seal, including an explanation of: (i) the legitimate private or public interests that

18   warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive

19   alternative to sealing is not sufficient."  Civ. L.R. 79-5(c)(1).  Further, Civil Local Rule 79-5

20   requires the moving party to provide "evidentiary support from declarations where necessary."

21   Civ. L.R. 79-5(c)(2).  And the proposed order must be "narrowly tailored to seal only the sealable

22   material."  Civ. L.R. 79-5(c)(3).

23       When a party seeks to seal a document because it has been designated as confidential by

24   another party, the filing party must file an Administrative Motion to Consider Whether Another

25   Party's Material Should be Sealed.  Civ. L.R. 79-5(f).  In that case, the filing party need not satisfy

26   the requirements of subsection (c)(1).  Civ. L.R. 79-5(f)(1).  Instead, the party who designated the

27   material as confidential must, within seven days of the motion's filing, file a statement and/or

28   declaration that meets the requirements of subsection (c)(1).  Civ. L.R. 79-5(f)(3).  A designating

United States District Court
Northern District of California

2

United States District Court
Northern District of California

1    party's failure to file a statement or declaration may result in the unsealing of the provisionally

2    sealed document without further notice to the designating party. *Id.* Any party can file a response

3    to that declaration within four days. Civ. L.R. 79-5(f)(4).

**II.    DISCUSSION**

    **A.  Dkt. Nos. 506 and 509**

6           Plaintiffs filed the Administrative Motion to Consider Whether Another Party's Material

7    Should Be Sealed, Dkt. No. 506, to "request the Court to consider whether certain materials that

8    Plaintiffs have filed provisionally under seal in support of Plaintiffs' Opposition to Defendants

9    Google LLC's and Alphabet Inc.'s [] Motion for Summary Judgment [] and that Google has

10   designated as 'Confidential' or 'Highly Confidential – Attorneys' Eyes Only' under the Stipulated

11   Protective Order as Modified by the Court, ECF No. 104, should remain under seal." Dkt. No.

12   506 at 1. Google timely filed a statement in support of sealing. Dkt. No. 509. Google requests

13   "certain narrowly tailored redactions to Defendants' Opposition to Google's Motion for Summary

14   Judgment [] and the declaration of Dr. Mary Beth Landrum," along with sealing of various

15   exhibits submitted in support of Plaintiffs' opposition brief. *Id.* at 1.

16          Google states that these materials "contain highly confidential and competitively sensitive

17   information consisting of specific technical information regarding the operation of Google

18   Assistant," *id.*, and argues that, if disclosed, they would "be a source of non-public 'specific

19   technical details' that competitors might use to harm Google's competitive standing," *id.* at 11

20   (citing *Unicorn Energy GmbH v. Tesla Inc.*, No. 21-cv-07476, 2024 WL 1589477, at *2 (N.D.

21   Cal. Apr. 10, 2024)). Google also argues that these materials "inform Google's decisionmaking

22   process and business environment and therefore constitute 'technical, business planning and

23   financial information, disclosure of which could cause economic harm to [Google] and provide an

24   unfair advantage to competitors.'" *Id.* (quoting *Space Data Corp. v. Alphabet Inc.*, No. 16-cv-

25   03260, 2018 WL 10455199, at *2 (N.D. Cal. Feb. 27, 2018)). Moreover, Google argues that its

26   "understanding of the profits or losses associated with Google Assistant is sealable because it is

27   'sensitive, confidential financial information, the disclosure of which would cause competitive and

28   business harm to [Google] because a competitor might use it to, for example, gain insight into

United States District Court
Northern District of California

1    [Google's] margins, commercial strategies, and internal operating procedures.'" *Id.* at 11–12

2    (quoting *City of Birmingham Relief & Ret. Sys. v. Hastings*, No. 18-cv-02107, 2019 WL 3815720,

3    at *1 (N.D. Cal. Mar. 4, 2019), *redacted opinion issued*, No. 18-cv-02107, 2019 WL 3815722

4    (N.D. Cal. Feb. 13, 2019)).

5            The Court finds that compelling reasons exist to seal the portions of the documents

6    identified by Google.  "Sources of business information that might harm a litigant's competitive

7    strategy may also give rise to a compelling reason to seal, as may pricing, profit, and customer

8    usage information kept confidential by a company that could be used to the company's

9    competitive disadvantage." *Lawson v. Grubhub, Inc.*, No. 15-cv-05128, 2017 WL 2951608, at *9

10   (N.D. Cal. July 10, 2017) (internal alterations and citations omitted); *accord Finjan, Inc. v.*

11   *Proofpoint, Inc.*, No. 13-cv-05808, 2016 WL 7911651, at *1 (N.D. Cal. Apr. 6, 2016) (granting

12   sealing over "details regarding the technical operation" of a party's products).  With the exception

13   of the requests denied as overbroad in the chart below, the Court also finds that the request is

14   narrowly tailored.  *See* Civ. L.R. 79-5(c)(3).

15           The Court's ruling is summarized below:

| Dkt. No. | Document | Portion(s) to Seal | Ruling |
|----------|----------|--------------------|--------|
| **509-3** | Plaintiffs' Opposition to Google's Motion for Summary Judgment | Yellow-highlighted portions | Granted, as containing competitively sensitive information regarding the operation, development, and use of Google Assistant, *see* Dkt. No. 509-1, Declaration of Françoise Beaufays in Support of Defendants' Statement in Support of Motion to Consider Whether Another Party's Material Should be Sealed ("Beaufays Sealing Decl.") ¶¶ 3–5, public disclosure of which could cause competitive harm to Google. |
| **509-4** | Declaration of Dr. Mary Beth Landrum filed in support of Opposition | Yellow-highlighted portions | Granted, as containing competitively sensitive information regarding the operation of Google Assistant, *see* Beaufays Sealing Decl. ¶¶ 3–5, public disclosure of which could cause competitive harm to Google. |
| **509-5** | Ex. 6 to Comite Decl. (GOOG-ASST-02989251) | Entire exhibit | Granted, as containing competitively sensitive information regarding the operation of Google Assistant, *see* Beaufays Sealing Decl. ¶¶ 3–5, public |

4

| | | | |
|---|---|---|---|
| | | | disclosure of which could cause competitive harm to Google. |
| **509-6** | Ex. 7 to Comite Decl. (GOOG-ASST-00256167) | Entire exhibit | Granted, as containing competitively sensitive information regarding the operation of Google Assistant, *see* Beaufays Sealing Decl. ¶¶ 3–5, public disclosure of which could cause competitive harm to Google. |
| **509-7** | Ex. 8 to Comite Decl. (GOOG-ASST-03044348) | Entire exhibit | Granted, as containing competitively sensitive information regarding the operation of Google Assistant, *see* Beaufays Sealing Decl. ¶¶ 3–5, public disclosure of which could cause competitive harm to Google. |
| **509-8** | Ex. 9 to Comite Decl. (GOOG-ASST-00217138) | Entire exhibit | Granted, as containing competitively sensitive information regarding the operation of Google Assistant, *see* Beaufays Sealing Decl. ¶¶ 3–5, public disclosure of which could cause competitive harm to Google. |
| **509-9** | Ex. 10 to Comite Decl. (GOOG-ASST-00035776) | Entire exhibit | Granted, as containing competitively sensitive information regarding the operation of Google Assistant, *see* Beaufays Sealing Decl. ¶¶ 3–5, public disclosure of which could cause competitive harm to Google. |
| **509-10** | Ex. 11 to Comite Decl. (GOOG-ASST-00213485) | Entire exhibit | Granted, as containing competitively sensitive information regarding the operation of Google Assistant, *see* Beaufays Sealing Decl. ¶¶ 3–5, public disclosure of which could cause competitive harm to Google. |
| **509-11** | Ex. 12 to Comite Decl. (GOOG-ASST-00240063) | Entire exhibit | Granted, as containing competitively sensitive information regarding the operation of Google Assistant, *see* Beaufays Sealing Decl. ¶¶ 3–5, public disclosure of which could cause competitive harm to Google. |
| **509-12** | Ex. 13 to Comite Decl. (GOOG-ASST-03044507) | Entire exhibit | Granted, as containing competitively sensitive information regarding the operation of Google Assistant, *see* Beaufays Sealing Decl. ¶¶ 3–5, public disclosure of which could cause competitive harm to Google. |
| **509-13** | Ex. 14 to Comite Decl. (GOOG-ASST-03026522) | Entire exhibit | Granted, as containing competitively sensitive information regarding the operation of Google Assistant, *see* Beaufays Sealing Decl. ¶¶ 3–5, public disclosure of which could cause competitive harm to Google. |
| **509-14** | Ex. 16 to Comite | Entire exhibit | Granted, as containing competitively |

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| | | | |
|---|---|---|---|
| | Decl. (GOOG-ASST-03045688) | | sensitive information regarding the operation of Google Assistant, *see* Beaufays Sealing Decl. ¶¶ 3–5, public disclosure of which could cause competitive harm to Google. |
| **509-15** | Ex. 17 to Comite Decl. (GOOG-ASST-00027319) | Entire exhibit | Granted, as containing competitively sensitive information regarding the operation of Google Assistant, *see* Beaufays Sealing Decl. ¶¶ 3–5, public disclosure of which could cause competitive harm to Google. |
| **509-16** | Ex. 18 to Comite Decl. (GOOG-ASST-03047418) | Entire exhibit | Granted, as containing competitively sensitive information regarding the operation of Google Assistant, *see* Beaufays Sealing Decl. ¶¶ 3–5, public disclosure of which could cause competitive harm to Google. |
| **509-17** | Ex. 19 to Comite Decl. (GOOG-ASST-03044728) | Entire exhibit | Granted, as containing competitively sensitive information regarding the operation of Google Assistant, *see* Beaufays Sealing Decl. ¶¶ 3–5, public disclosure of which could cause competitive harm to Google. |
| **509-18** | Ex. 20 to Comite Decl. (GOOG-ASST-00221071) | Entire exhibit | Granted, as containing competitively sensitive information regarding the operation of Google Assistant, *see* Beaufays Sealing Decl. ¶¶ 3–5, public disclosure of which could cause competitive harm to Google. |
| **509-19** | Ex. 21 to Comite Decl. (GOOG-ASST-00227579) | Entire exhibit | Granted, as containing competitively sensitive information regarding the operation of Google Assistant, *see* Beaufays Sealing Decl. ¶¶ 3–5, public disclosure of which could cause competitive harm to Google. |
| **509-20** | Ex. 22 to Comite Decl. (GOOG-ASST-03040755) | Entire exhibit | Granted, as containing competitively sensitive information regarding the operation of Google Assistant, *see* Beaufays Sealing Decl. ¶¶ 3–5, public disclosure of which could cause competitive harm to Google. |
| **509-21** | Ex. 23 to Comite Decl. (GOOG-ASST-03041788) | Entire exhibit | Granted, as containing competitively sensitive information regarding the operation of Google Assistant, *see* Beaufays Sealing Decl. ¶¶ 3–5, public disclosure of which could cause competitive harm to Google. |
| **509-22** | Ex. 24 to Comite Decl. (GOOG-ASST-03045632) | Entire exhibit | Granted, as containing competitively sensitive information regarding the operation of, and business strategy related to, Google Assistant, *see* Beaufays |

United States District Court
Northern District of California

| | | | Sealing Decl. ¶¶ 3–5, public disclosure of which could cause competitive harm to Google. |
|---|---|---|---|
| 509-23 | Ex. 25 to Comite Decl. (GOOG-ASST-00026645) | Entire exhibit | Granted, as containing competitively sensitive information regarding the development and operation of Google Assistant, *see* Beaufays Sealing Decl. ¶¶ 3–5, public disclosure of which could cause competitive harm to Google. |
| 509-24 | Ex. 26 to Comite Decl. (GOOG-ASST-00032089) | Entire exhibit | Granted, as containing competitively sensitive information regarding the operation of Google Assistant, *see* Beaufays Sealing Decl. ¶¶ 3–5, public disclosure of which could cause competitive harm to Google. |
| 509-25 | Ex. 27 to Comite Decl. (GOOG-ASST-03045589) | Entire exhibit | Granted, as containing competitively sensitive information regarding the operation of, and business strategy related to, Google Assistant, *see* Beaufays Sealing Decl. ¶¶ 3–5, public disclosure of which could cause competitive harm to Google. |
| 509-26 | Ex. 28 to Comite Decl. (GOOG-ASST-03045605) | Entire exhibit | Granted, as containing competitively sensitive information regarding the operation of, and business strategy related to, Google Assistant, *see* Beaufays Sealing Decl. ¶¶ 3–5, public disclosure of which could cause competitive harm to Google. |
| 509-27 | Ex. 29 to Comite Decl. (GOOG-ASST-0035810) | Entire exhibit | Granted, as containing competitively sensitive information regarding the operation of Google Assistant, *see* Beaufays Sealing Decl. ¶¶ 3–5, public disclosure of which could cause competitive harm to Google. |
| 509-28 | Ex. 30 to Comite Decl. (GOOG-ASST-02986841) | Entire exhibit | Granted, as containing competitively sensitive information regarding the operation of Google Assistant, *see* Beaufays Sealing Decl. ¶¶ 3–5, public disclosure of which could cause competitive harm to Google. |
| 509-29 | Ex. 31 to Comite Decl. (GOOG-ASST-00225700) | Entire exhibit | Granted, as containing competitively sensitive information regarding the operation of Google Assistant, *see* Beaufays Sealing Decl. ¶¶ 3–5, public disclosure of which could cause competitive harm to Google. |
| 509-30 | Ex. 32 to Comite Decl. (GOOG-ASST-02981845) | Entire exhibit | Granted, as containing competitively sensitive information regarding the operation of Google Assistant, *see* Beaufays Sealing Decl. ¶¶ 3–5, public |

| | | | disclosure of which could cause competitive harm to Google. |
|---|---|---|---|
| **509-31** | Ex. 33 to Comite Decl. (GOOG-ASST-02997124) | Entire exhibit | Granted, as containing competitively sensitive information regarding the operation of Google Assistant, *see* Beaufays Sealing Decl. ¶¶ 3–5, public disclosure of which could cause competitive harm to Google. |
| **509-32** | Ex. 34 to Comite Decl. (GOOG-ASST-02990091) | Entire exhibit | Granted, as containing competitively sensitive information regarding the operation and development of Google Assistant, *see* Beaufays Sealing Decl. ¶¶ 3–5, public disclosure of which could cause competitive harm to Google. |
| **509-33** | Ex. 35 to Comite Decl. (GOOG-ASST-00231856) | Entire exhibit | Granted, as containing competitively sensitive information regarding the operation of Google Assistant, *see* Beaufays Sealing Decl. ¶¶ 3–5, public disclosure of which could cause competitive harm to Google. |
| **509-34** | Ex. 36 to Comite Decl. (GOOG-ASST-00004768) | Entire exhibit | Granted, as containing competitively sensitive information regarding the operation of Google Assistant, *see* Beaufays Sealing Decl. ¶¶ 3–5, public disclosure of which could cause competitive harm to Google. |
| **509-35** | Ex. 37 to Comite Decl. (GOOG-ASST-00004907) | Entire exhibit | Granted, as containing competitively sensitive information regarding the operation of Google Assistant, *see* Beaufays Sealing Decl. ¶¶ 3–5, public disclosure of which could cause competitive harm to Google. |
| **509-36** | Ex. 38 to Comite Decl. (GOOG-ASST-03040456) | Entire exhibit | Granted, as containing competitively sensitive information regarding the operation of Google Assistant, *see* Beaufays Sealing Decl. ¶¶ 3–5, public disclosure of which could cause competitive harm to Google. |
| **509-37** | Ex. 39 to Comite Decl. (GOOG-ASST-03042934) | Entire exhibit | Granted, as containing competitively sensitive information regarding the operation of Google Assistant, *see* Beaufays Sealing Decl. ¶¶ 3–5, public disclosure of which could cause competitive harm to Google. |
| **509-38** | Ex. 40 to Comite Decl. (GOOG-ASST-00001883) | Entire exhibit | Granted, as containing competitively sensitive information regarding the operation of Google Assistant, *see* Beaufays Sealing Decl. ¶¶ 3–5, public disclosure of which could cause competitive harm to Google. |
| **509-39** | Ex. 41 to Comite | Entire exhibit | Granted, as containing competitively |

United States District Court
Northern District of California

| | | | |
|---|---|---|---|
| | Decl. (GOOG-ASST-00040926) | | sensitive information regarding the operation of Google Assistant, *see* Beaufays Sealing Decl. ¶¶ 3–5, public disclosure of which could cause competitive harm to Google. |
| **509-40** | Ex. 42 to Comite Decl. (GOOG-ASST-00227879) | Entire exhibit | Granted, as containing competitively sensitive information regarding the operation of Google Assistant, *see* Beaufays Sealing Decl. ¶¶ 3–5, public disclosure of which could cause competitive harm to Google. |
| **509-41** | Ex. 43 to Comite Decl. (excerpts of the deposition transcript of Francoise Beaufays, dated April 22, 2022) | Entire exhibit | Denied as overbroad. |
| **509-42** | Ex. 44 to Comite Decl. (excerpts of the deposition transcript of Bryan Horling, dated June 13, 2022) | Entire exhibit | Denied as overbroad. |
| **509-43** | Ex. 45 to Comite Decl. (excerpts of the deposition transcript of Caroline Kenny, dated April 14, 2022) | Entire exhibit | Denied as overbroad. |
| **509-44** | Ex. 46 to Comite Decl. (excerpts of the deposition transcript of Nino Tasca, dated May 3, 2022) | Entire exhibit | Denied as overbroad. |
| **509-45** | Ex. 48 to Comite Decl. (excerpts of the deposition transcript of Hailey Crowel, dated July 21, 2022) | Entire exhibit | Denied as overbroad. |
| **509-46** | Ex. 49 to Comite Decl. (excerpts of the deposition transcript of Hailey Crowel, dated August 10, 2022) | Yellow-highlighted portions | Granted, as containing competitively sensitive information regarding the operation of Google Assistant, *see* Beaufays Sealing Decl. ¶¶ 3–5, public disclosure of which could cause competitive harm to Google. |
| **509-47** | Ex. 50 to Comite Decl. (GOOG- | Entire exhibit | Granted, as containing competitively sensitive information regarding the |

9

| | | | |
|---|---|---|---|
| | ASST-00027643) | | operation of Google Assistant, *see* Beaufays Sealing Decl. ¶¶ 3–5, public disclosure of which could cause competitive harm to Google. |
| **509-48** | Ex. 51 to Comite Decl. (GOOG-ASST-00010672) | Entire exhibit | Granted, as containing competitively sensitive information regarding the operation of Google Assistant, *see* Beaufays Sealing Decl. ¶¶ 3–5, public disclosure of which could cause competitive harm to Google. |
| **509-49** | Ex. 52 to Comite Decl. (GOOG-ASST-00010035) | Entire exhibit | Granted, as containing competitively sensitive information regarding the operation of, and business strategy related to, Google Assistant, *see* Beaufays Sealing Decl. ¶¶ 3–5, public disclosure of which could cause competitive harm to Google. |
| **506-50** | Declaration of Rebecca Reed-Arthurs, Ph.D. ("Reed-Arthurs Declaration") | Entire exhibit | Denied, as Google did not file a statement in support of sealing this document. *See* Civ. L.R. 79-5(f)(3). |
| **506-50** | Ex. A to Reed-Arthurs Declaration | Entire exhibit | Denied, as Google did not file a statement in support of sealing this document. *See* Civ. L.R. 79-5(f)(3). |
| **506-50** | Ex. B to Reed-Arthurs Declaration | Entire exhibit | Denied, as Google did not file a statement in support of sealing this document. *See* Civ. L.R. 79-5(f)(3). |
| **506-50** | Ex. C to Reed-Arthurs Declaration | Entire exhibit | Denied, as Google did not file a statement in support of sealing this document. *See* Civ. L.R. 79-5(f)(3). |
| **506-50** | Ex. D to Reed-Arthurs Declaration | Entire exhibit | Denied, as Google did not file a statement in support of sealing this document. *See* Civ. L.R. 79-5(f)(3). |

## B.  Dkt. No. 512

Google submits the Administrative Motion to File Under Seal, Dkt. No. 512, seeking to maintain under seal "certain narrowly tailored redactions to Google's Reply in Support of its Motion for Summary Judgment." *Id.* at 1.  Google also seeks to maintain under seal redactions to the declaration of Françoise Beaufays in support of Google's Reply, and it requests to seal various exhibits submitted in support of the reply brief. *Id.*

Google states that these materials "contain highly confidential and competitively sensitive information consisting of specific technical information regarding the operation of Google Assistant," *id.*, and argues that, if disclosed, they would "be a source of non-public 'specific

1    technical details' that competitors might use to harm Google's competitive standing." *Id.* at 3

2    (citing *Unicorn Energy GmbH*, 2024 WL 1589477, at \*2).  Google also argues that these materials

3    "inform Google's decisionmaking process and business environment and therefore constitute

4    'technical, business planning and financial information, disclosure of which could cause economic

5    harm to [Google] and provide an unfair advantage to competitors.'" *Id.* (citing *Space Data*, 2018

6    WL 10455199, at \*2).  Moreover, Google argues that its "understanding of the profits or losses

7    associated with Google Assistant is sealable because it is 'sensitive, confidential financial

8    information, the disclosure of which would cause competitive and business harm to [Google]

9    because a competitor might use it to, for example, gain insight into [Google's] margins,

10   commercial strategies, and internal operating procedures.'" *Id.* at 3–4 (citing *City of Birmingham*

11   *Relief*, 2019 WL 3815720, at \*1).  Plaintiffs did not oppose Defendants' administrative motion.

12          The Court finds that compelling reasons exist to seal the portions of the documents

13   identified by Defendants.  "Sources of business information that might harm a litigant's

14   competitive strategy may also give rise to a compelling reason to seal, as may pricing, profit, and

15   customer usage information kept confidential by a company that could be used to the company's

16   competitive disadvantage." *Lawson v. Grubhub, Inc.*, No. 15-cv-05128, 2017 WL 2951608, at \*9

17   (N.D. Cal. July 10, 2017) (internal alterations and citations omitted); *accord Finjan, Inc. v.*

18   *Proofpoint, Inc.*, No. 13-cv-05808, 2016 WL 7911651, at \*1 (N.D. Cal. Apr. 6, 2016) (granting

19   sealing over "details regarding the technical operation" of a party's products).  With the exception

20   of the requests denied as overbroad in the chart below, the Court also finds that the request is

21   narrowly tailored.  *See* Civ. L.R. 79-5(c)(3).

22          The Court's ruling is summarized below:

| Dkt. No. | Document | Portion(s) to Seal | Ruling |
|---|---|---|---|
| **512-3** | Google's Reply Brief | Yellow-highlighted portions | Granted, as containing competitively sensitive information regarding the operation of, and business strategy related to, Google Assistant, *see* Dkt. No. 512-1, Declaration of Françoise Beaufays in Support of Defendants' Administrative Motion to File Under Seal ("Beaufays Sealing Decl. ISO Reply") ¶¶ 3–5, public |

United States District Court
Northern District of California

| | | | disclosure of which could cause competitive harm to Google. |
|---|---|---|---|
| 512-4 | Declaration of Françoise Beaufays in Support of Google's Reply | Yellow-highlighted portions | Granted, as containing competitively sensitive information regarding the operation of, and business strategy related to, Google Assistant, *see* Beaufays Sealing Decl. ISO Reply ¶¶ 3–5, public disclosure of which could cause competitive harm to Google. |
| 512-5 | Exhibit 2 to Bali Decl. in Support of Reply | Yellow-highlighted portions | Granted, as containing competitively sensitive information regarding the operation of, and business strategy related to, Google Assistant, *see* Beaufays Sealing Decl. ISO Reply ¶¶ 3–5, public disclosure of which could cause competitive harm to Google. |
| 512-6 | Exhibit 3 to Bali Decl. in Support of Reply | Entire exhibit (Excerpts of July 21, 2022 Deposition of Hailey Crowell) | Denied as overbroad. |
| 512-7 | Declaration of Jonathan Borck, PhD, in Support of Google's Reply | Entire exhibit | Denied as overbroad. |

## C. Dkt. No. 513

Defendants filed the Administrative Motion to Consider Whether Plaintiffs' Materials Should Be Sealed in order to ask the Court to "consider whether redactions to materials (a) that Google has filed provisionally under seal in support of its Reply in Support of Google's Motion for Summary Judgment and (b) that Plaintiffs have designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY under the Stipulated Protective Order as Modified by the Court" should remain sealed.  Dkt. No. 513 at 1.

Plaintiffs did not file a statement in support of sealing.  Accordingly, the Administrative Motion to Consider Whether Plaintiffs' Materials Should Be Sealed (Dkt. No. 513) is DENIED. *See* Civ. L.R. 79-5(f)(3).

## III.    ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

1.    Dkt. Nos. 506 and 509 are GRANTED IN PART AND DENIED IN PART.  Dkt. No.

12

United States District Court
Northern District of California

1    502 is TERMINATED.

2    2.  Dkt. No. 512 is GRANTED IN PART AND DENIED IN PART.

3    3.  Dkt. No. 513 is DENIED.

4    All denials are WITHOUT PREJUDICE.  Any refiled administrative motion or declaration

5    SHALL be filed no later than **August 5, 2025**.  The Parties SHALL refile public versions of each

6    filing where the redactions and sealing granted by the Court are narrower than what was redacted

7    in the current public versions by **August 5, 2025**, unless any Party is filing a renewed sealing

8    motion for any document in that filing.

9

10    **IT IS SO ORDERED.**

11

12    Dated:  July 22, 2025

13    _____
      BETH LABSON FREEMAN

14    United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

13