Bobbie J. Wilson, Bar No. 148317
BWilson@perkinscoie.com
Sunita Bali, Bar No. 274108
SBali@perkinscoie.com
Elliott Joh, Bar No. 264927
EJoh@perkinscoie.com
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, California 94105
Telephone: +1.415.344.7000
Facsimile:  +1.415.344.7050

Erin K. Earl (pro hac vice)
EEarl@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: +1.206.359.8000
Facsimile: +1.206.359.9000

Justin Potesta, Bar No. 314133
JPotesta@perkinscoie.com
PERKINS COIE LLP
405 Colorado Street, Suite 1700
Austin, TX 78701
Telephone: +1.737.256.6100
Facsimile: +1.737.256.6300

Attorneys for Defendants
ALPHABET INC. and GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE GOOGLE ASSISTANT PRIVACY LITIGATION | Case No. 5:19-cv-04286-BLF-SVK<br><br>**DEFENDANTS' RENEWED ADMINISTRATIVE MOTION TO FILE UNDER SEAL** |

1  Pursuant to Civil Local Rules 7-11 and 79-5, Defendants Google LLC and Alphabet Inc. (collectively "Google") submit this Renewed Administrative Motion to File Under Seal ("Administrative Motion") concerning certain narrowly tailored redactions to documents submitted in support of Plaintiffs' Opposition to Google's Motion for Summary Judgment ("Opposition") and Google's Reply in Support of its Motion for Summary Judgment ("Reply") that are the subject of the Court's July 22, 2025, Order Regarding Administrative Motions to Seal Re: Dkt. Nos. 502, 506, 509, 512, 513 ("Order," Dkt. No. 527).  The redacted portions of these documents are collectively referred to as "the Sealed Materials."

The Sealed Materials contain highly confidential and competitively sensitive information consisting of specific technical information regarding the operation of Google Assistant. This Statement is supported by the Declaration of Francoise Beaufays ("Beaufays Sealing Decl.") filed concurrently. Public versions of the documents subject to the Order, with the Sealed Materials redacted, are being filed concurrently with this Administrative Motion.

Specifically, Google requests to seal the following:

| Ex. No. | Document | Text to be Sealed | Basis for Redacting/Sealing Portion of Document |
|---|---|---|---|
| Ex. A to this Administrative Motion | Dkt. 509-41, Ex. 43 to Comite Decl. in Support of the Opposition ("Comite Decl.") (excerpts of the deposition transcript of Francoise Beaufays, dated April 22, 2022) | Yellow-highlighted portions. | Highly confidential and competitively sensitive specific technical information regarding the operation of Google Assistant. *See* Beaufays Sealing Decl. ¶¶ 3-5. Public disclosure of this information would cause harm to Google. |
| Ex. B to this Administrative Motion | Dkt. 509-42, Ex. 44 to Comite Decl. (excerpts of the deposition transcript of Bryan Horling, dated June 13, 2022) | Yellow-highlighted portions. | Highly confidential and competitively sensitive specific technical information regarding the operation of Google Assistant. *See* Beaufays Sealing Decl. ¶¶ 3-5. Public disclosure of this information would cause harm to Google. |

| Ex. No. | Document | Text to be Sealed | Basis for Redacting/Sealing Portion of Document |
|---|---|---|---|
| Ex. C to this Administrative Motion | Dkt. 509-43, Ex. 45 to Comite Decl. (excerpts of the deposition transcript of Caroline Kenny, dated April 14, 2022) | Yellow-highlighted portions. | Highly confidential and competitively sensitive specific technical information regarding the operation of Google Assistant. *See* Beaufays Sealing Decl. ¶¶ 3-5. Public disclosure of this information would cause harm to Google. |
| Ex. D to this Administrative Motion | Dkt. 509-44, Ex. 46 to Comite Decl. (excerpts of the deposition transcript of Nino Tasca, dated May 3, 2022) | Yellow-highlighted portions. | Highly confidential and competitively sensitive specific technical information regarding the operation of Google Assistant. *See* Beaufays Sealing Decl. ¶¶ 3-5. Public disclosure of this information would cause harm to Google. |
| Ex. E to this Administrative Motion | Dkt. 509-45, Ex. 48 to Comite Decl. (excerpts of the deposition transcript of Hailey Crowel, dated July 21, 2022) | Yellow-highlighted portions. | Highly confidential and competitively sensitive specific technical information regarding (1) business opportunities and risks of Google Assistant; and (2) details of Google's understanding of the profits or losses associated with Google Assistant. *See* Beaufays Sealing Decl. ¶¶ 3-5. Public disclosure of this information would cause harm to Google. |
| Ex. F to this Administrative Motion | Dkt. 512-6, Ex. 3 to Bali Decl. in Support of the Reply<br><br>(Excerpts of July 21, 2022 Deposition of Hailey Crowel) | Yellow-highlighted portions. | Highly confidential and competitively sensitive specific technical information regarding (1) business opportunities and risks of Google Assistant; and (2) details of Google's understanding of the profits or losses associated with Google Assistant. *See* Beaufays Sealing Decl. ¶¶ 3-5. Public disclosure of this information would cause harm to Google. |
| Ex. G to this Administrative Motion | Dkt. 512-7, Declaration of Jonathan Borck, PhD, in support of the Reply | Yellow-highlighted portions. | Highly confidential and competitively sensitive specific technical information regarding the operation of Google Assistant. *See* Beaufays Sealing Decl. ¶¶ 3-5. Public disclosure of this information would cause harm to Google. |

## LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id*. (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79. This stricter "compelling reasons" standard applies to sealing of documents filed with motions for summary judgment. *Laatz v. Zazzle, Inc.*, 2025 WL 405702, at *2 (N.D. Cal. Feb. 5, 2025) (Freeman, J.).

## ARGUMENT

Several compelling reasons, identified for each document in the table above and in the Beaufays Sealing Declaration, exist for sealing the Sealed Materials.

***First***, information about the operation of Google Assistant is sealable would, if disclosed, be a source of non-public "specific technical details" that competitors might use to harm Google's competitive standing. *See, e.g.*, *Unicorn Energy GmbH v. Tesla Inc.*, 2024 WL 1589477, at *2 (N.D. Cal. Apr. 10, 2024) (Freeman, J.) (sealing competitively sensitive "specific technical details regarding" movant's products filed in connection with motion for summary judgment); *accord, e.g.*, *Finjan, Inc. v. Proofpoint, Inc.*, 2016 WL 7911651, at *1 (N.D. Cal. Apr. 6, 2016) (finding "technical operation of [defendant's] products" sealable under "compelling reasons" standard); *Space Data Corp. v. Alphabet Inc.*, 2018 WL 10455199, at *2 (N.D. Cal. Feb. 27, 2018) (Freeman, J.) ("*Space Data*") (sealing "technical, business planning and financial information, disclosure of which could cause economic harm to Space Data and provide an unfair advantage to competitors" under compelling reasons standard).

1     *Second*, details of business opportunities and risks are sealable because they inform Google's decisionmaking process and business environment and therefore constitute "technical, business planning and financial information, disclosure of which could cause economic harm to [Google] and provide an unfair advantage to competitors." *Space Data*, 2018 WL 10455199, at *2.

    *Third*, Google's understanding of the profits or losses associated with Google Assistant is sealable because it is "sensitive, confidential financial information, the disclosure of which would cause competitive and business harm to [Google] because a competitor might use it to, for example, gain insight into [Google's] margins, commercial strategies, and internal operating procedures." *City of Birmingham Relief & Ret. Sys. v. Hastings*, 2019 WL 3815720, at *1 (N.D. Cal. Mar. 4, 2019), *redacted opinion issued*, 2019 WL 3815722 (N.D. Cal. Feb. 13, 2019) (Freeman, J.) (applying compelling reasons standard); *see also*, *e.g.*, *Space Data*, 2018 WL 10455199, at *2.

    For the reasons identified above, there are compelling reasons for the Sealed Materials to be sealed. Google respectfully requests that the Court grant the Administrative Motion.

Dated: August 5, 2025                              **PERKINS COIE LLP**

                                                     By:    */s/ Sunita Bali*
                                                               Bobbie J. Wilson, Bar No. 148317
                                                               Sunita Bali, Bar No. 274108
                                                                Elliott Joh, Bar No. 264927
                                                               Erin Earl (*pro hac vice*)
                                                               Justin Potesta, Bar No. 314133

                                                               Attorneys for Defendants
                                                               Alphabet Inc. and Google LLC

# CERTIFICATE OF SERVICE

I, Eric B. Evans, declare:

I am a citizen of the United States and a partner at the firm of Perkins Coie LLP in Santa Clara County, California. I am over the age of eighteen years and not a party to the within-entitled action. On August 5, 2025, I caused to be served a true copy of the following documents

- **EXHIBIT A TO THIS MOTION: DKT. 509-41, EX. 43 TO COMITE DECL. IN SUPPORT OF THE OPPOSITION ("COMITE DECL.") (EXCERPTS OF THE DEPOSITION TRANSCRIPT OF FRANCOISE BEAUFAYS, DATED APRIL 22, 2022)**
- **EXHIBIT B TO THIS MOTION: DKT. 509-42, EX. 44 TO COMITE DECL. (EXCERPTS OF THE DEPOSITION TRANSCRIPT OF BRYAN HORLING, DATED JUNE 13, 2022)**
- **EXHIBIT C TO THIS MOTION: DKT. 509-43, EX. 45 TO COMITE DECL. (EXCERPTS OF THE DEPOSITION TRANSCRIPT OF CAROLINE KENNY, DATED APRIL 14, 2022)**
- **EXHIBIT D TO THIS MOTION: DKT. 509-44, EX. 46 TO COMITE DECL. (EXCERPTS OF THE DEPOSITION TRANSCRIPT OF NINO TASCA, DATED MAY 3, 2022)**
- **EXHIBIT E TO THIS MOTION: DKT. 509-45, EX. 48 TO COMITE DECL. (EXCERPTS OF THE DEPOSITION TRANSCRIPT OF HAILEY CROWEL, DATED JULY 21, 2022)**
- **EXHIBIT F TO THISE MOTION: DKT. 512-6, EX. 3 TO BALI DECL. IN SUPPORT OF THE REPLY (EXCERPTS OF JULY 21, 2022 DEPOSITION OF HAILEY CROWELL)**
- **EXHIBIT G TO THISE MOTION: DKT. 512-7, DECLARATION OF JONATHAN BORCK, PHD, IN SUPPORT OF THE REPLY**

upon counsel as listed below via electronic mail:

vbriganti@lowey.com; agreco@lowey.com; afiorilla@lowey.com; afarah@lowey.com; arusi@scott-scott.com; amitra@scott-scott.com; clevis@lowey.com; ecomite@scott-scott.com; hcunningham@scott-scott.com; jjasnoch@scott-scott.com; jguglielmo@scott-scott.com; mmaclean@lowey.com; pcarey@lexlawgroup.com; rgupta@lowey.com; mtodzo@lexlawgroup.com

I declare under penalty of perjury that the foregoing is true and correct. Executed on August 5, 2025.

*/s/ Eric B. Evans*
Eric B. Evans