UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

IN RE GOOGLE ASSISTANT PRIVACY LITIGATION

Case No. 5:19-cv-04286-BLF

**ORDER GRANTING DEFENDANTS' RENEWED ADMINISTRATIVE MOTION TO FILE UNDER SEAL**

[Re: Dkt. No. 533]

Before the Court is Defendants' Renewed Administrative Motion to File Under Seal. Dkt. No. 533. For the following reasons, the Court GRANTS the motion.

**I.    LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1100–01 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

In addition, in this district, all parties requesting sealing must comply with Civil Local Rule 79-5. That rule requires, inter alia, the moving party to provide "the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that

1  warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive
2  alternative to sealing is not sufficient." Civ. L.R. 79-5(c)(1). Further, Civil Local Rule 79-5
3  requires the moving party to provide "evidentiary support from declarations where necessary."
4  Civ. L.R. 79-5(c)(2). And the proposed order must be "narrowly tailored to seal only the sealable
5  material." Civ. L.R. 79-5(c)(3).

**II.   DISCUSSION**

Google submits the Administrative Motion to File Under Seal, Dkt. No. 533, seeking to maintain under seal "certain narrowly tailored redactions to documents submitted in support of Plaintiff's Opposition to Google's Motion for Summary Judgment . . . and Google's Reply in Support of its Motion for Summary Judgment." *Id.* at 1.

Google states that these materials "contain highly confidential and competitively sensitive information consisting of specific technical information regarding the operation of Google Assistant," *id.*, and argues that, if disclosed, they would "be a source of non-public 'specific technical details' that competitors might use to harm Google's competitive standing." *Id.* at 3 (citing *Unicorn Energy GmbH v. Tesla Inc.*, No. 21-cv-07476, 2024 WL 1589477, at *2 (N.D. Cal. Apr. 10, 2024)). Google also argues that these materials "inform Google's decisionmaking process and business environment and therefore constitute 'technical, business planning and financial information, disclosure of which could cause economic harm to [Google] and provide an unfair advantage to competitors.'" *Id.* (citing *Space Data Corp. v. Alphabet Inc.*, No. 16-cv-03260, 2018 WL 10455199, at *2 (N.D. Cal. Feb. 27, 2018)). Moreover, Google argues that its "understanding of the profits or losses associated with Google Assistant is sealable because it is 'sensitive, confidential financial information, the disclosure of which would cause competitive and business harm to [Google] because a competitor might use it to, for example, gain insight into [Google's] margins, commercial strategies, and internal operating procedures.'" *Id.* at 3–4 (citing *City of Birmingham Relief & Ret. Sys. v. Hastings*, No. 18-cv-02107, 2019 WL 3815720, at *1 (N.D. Cal. Mar. 4, 2019)). Plaintiffs did not oppose Defendants' administrative motion.

The Court finds that compelling reasons exist to seal the portions of the documents identified by Defendants. "Sources of business information that might harm a litigant's

competitive strategy may also give rise to a compelling reason to seal, as may pricing, profit, and customer usage information kept confidential by a company that could be used to the company's competitive disadvantage." *Lawson v. Grubhub, Inc.*, No. 15-cv-05128, 2017 WL 2951608, at *9 (N.D. Cal. July 10, 2017) (internal alterations and citations omitted); *accord Finjan, Inc. v. Proofpoint, Inc.*, No. 13-cv-05808, 2016 WL 7911651, at *1 (N.D. Cal. Apr. 6, 2016) (granting sealing over "details regarding the technical operation" of a party's products). The Court also finds that the request is narrowly tailored. *See* Civ. L.R. 79-5(c)(3).

The Court's ruling is summarized below:

| Dkt. No. | Document | Portion(s) to Seal | Ruling |
|---|---|---|---|
| 533-2 | Dkt. 509-41, Ex. 43 to Comite Decl. in Support of the Opposition ("Comite Decl.") (excerpts of the deposition transcript of Francoise Beaufays, dated April 22, 2022) | Yellow-highlighted portions | Granted, as containing competitively sensitive information regarding the operation of, and business strategy related to, Google Assistant, *see* Dkt. No. 533-1, Declaration of Françoise Beaufays in Support of Defendants' Renewed Administrative Motion to File Under Seal ("Beaufays Sealing Decl.") ¶¶ 3–5, public disclosure of which could cause competitive harm to Google. |
| 533-3 | Dkt. 509-42, Ex. 44 to Comite Decl. (excerpts of the deposition transcript of Bryan Horling, dated June 13, 2022) | Yellow-highlighted portions | Granted, as containing competitively sensitive information regarding the operation of, and business strategy related to, Google Assistant, *see* Beaufays Sealing Decl. ¶¶ 3–5, public disclosure of which could cause competitive harm to Google. |
| 533-4 | Dkt. 509-43, Ex. 45 to Comite Decl. (excerpts of the deposition transcript of Caroline Kenny, dated April 14, 2022) | Yellow-highlighted portions | Granted, as containing competitively sensitive information regarding the operation of, and business strategy related to, Google Assistant, *see* Beaufays Sealing Decl. ¶¶ 3–5, public disclosure of which could cause competitive harm to Google. |
| 533-5 | Dkt. 509-44, Ex. 46 to Comite Decl. (excerpts of the deposition transcript of Nino Tasca, dated May 3, 2022) | Yellow-highlighted portions | Granted, as containing competitively sensitive information regarding the operation of, and business strategy related to, Google Assistant, *see* Beaufays Sealing Decl. ¶¶ 3–5, public disclosure of which could cause competitive harm to Google. |

| | | | |
|---|---|---|---|
| **533-6** | Dkt. 509-45, Ex. 48 to Comite Decl. (excerpts of the deposition transcript of Hailey Crowel, dated July 21, 2022) | Yellow-highlighted portions | Granted, as containing competitively sensitive information regarding the operation of, and business strategy related to, Google Assistant, *see* Beaufays Sealing Decl. ¶¶ 3–5, public disclosure of which could cause competitive harm to Google. |
| **533-7** | Dkt. 512-6, Ex. 3 to Bali Decl. in Support of the Reply (Excerpts of July 21, 2022 Deposition of Hailey Crowel) | Yellow-highlighted portions | Granted, as containing competitively sensitive information regarding the operation of, and business strategy related to, Google Assistant, *see* Beaufays Sealing Decl. ¶¶ 3–5, public disclosure of which could cause competitive harm to Google. |
| **533-8** | Dkt. 512-7, Declaration of Jonathan Borck, PhD, in support of the Reply | Yellow-highlighted portions | Granted, as containing competitively sensitive information regarding the operation of, and business strategy related to, Google Assistant, *see* Beaufays Sealing Decl. ¶¶ 3–5, public disclosure of which could cause competitive harm to Google. |

## III. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Defendants' Renewed Administrative Motion to File Under Seal, Dkt. No. 533, is GRANTED.

**IT IS SO ORDERED.**

Dated: August 18, 2025

_____
BETH LABSON FREEMAN
United States District Judge