| | |
|---|---|
| **From:** | M Marciniak |
| **To:** | CAND BLFpo; CRD BLF |
| **Cc:** | GoogleAssistantPrivacyClaim@labaton.com; info@labaton.com; media@labaton.com; arbitration@labaton.com; settlementquestions@labaton.com; info@googleassistantprivacylitigation.com; ecomite@scott-scott.com; clevis@lowey.com |
| **Subject:** | 19-4286 - In re Google Assistant Privacy Litigation (Fw: Your Google Assistant Settlement Claim) |
| **Date:** | Monday, November 24, 2025 1:45:11 PM |

**CAUTION - EXTERNAL:**

Honorable Judge Beth Labson Freeman,
Robert F. Peckham Federal Building & United States Courthouse
Office of the Clerk
Courtroom 3, 5th Floor
280 South 1st Street
San Jose, CA 95113

In re: 19-4286 - In re Google Assistant Privacy Litigation

Honorable Judge Beth Labson Freeman,

I do not write this letter lightly.

Your honor – Please be advised that an associate named Greg Getnick, representing himself as an attorney for Labaton Keller Sucharow, counsel representing the class, in which I am part of and the named law firm represents us, called me from telephone number (332)240-4401 at 1:09 p.m. CST, where I am located in Pensacola, Florida (Panhandle of Florida). The lasted approximately 5 minutes and 45 seconds. What state Mr. Greg Getnick (hereinafter, Greg) was in upon his call is unknown.

For the past couple of months, I have been spammed to sign the class action settlements offer via text message, and then by email after I emailed them an inquiry about their messaging and request (push) to sign (to Opt-in).

Grey, who supposedly is an associate counsel, could not provide me with any court, arbitration, clerk, counsel, or information whatsoever on who settled the case and case documents, orders, or progress, and after the call, I learned the court has assigned or there is an administrator with the appropriate website for the action being https://www.googleassistantprivacylitigation.com/Home/Contact , contact information and Court documents at https://www.googleassistantprivacylitigation.com/Home/CourtDocs and https://www.govinfo.gov/app/details/USCOURTS-cand-5_19-cv-04286/context.

The problem during the call is that, Greg, in a subtle manner attempted to coerce me into signing the Settlement Agreement by coercion thar involves intimidating behavior that instills fear of negative consequences to compel action because I asked a few questions to be well informed.

For example, I asked what jurisdiction was the case be heard in and he could not provide the information, and he also said that interpretation of any Florida law was applied in the case.

I then asked, "Where is Googles Headquartered Corporate Office?"
Greg answered, "I don't know. I believe California.'
I followed with another question and asked, "Where does Google operate its services?'
Greg's answer was, Everywhere, every state.

I then made comment, my point exactly, Google operates in every state in the Union and Florida has jurisdiction under Florida Statutes 540.08 because without my consent, my likeness cannot be used in any form of monetary value whatsoever, and Google monetized by data and likeness for corporate gain without my consent.

Herealso, In this very case, Google also violated Florida Statute as the law is outlined in Florida Statute § 934.03 and prohibits intercepting a wire, oral, or electronic communication unless all parties have given prior consent because Florida is a two-party consent state.

** I asked Greg, "Why shouldn't opt-out and pursue my own action since Florida law was not applied toward any settlement or argument that has violated me and many others with state laws that have more protection ?" And Greg was not much for explaining any information on the facts of the case other than the lure or a measly $119 to possible $150.

***Then, Greg said in retaliation that he would go ahead and remove me from the settlement case, which would violate my due process rights because THIS COURT MADE IT CRYSTAL CLEAR that there is an Exclusionary Form for those who wish to opt-out of the settlement that is submitted through a process and kept on record with clerk to protect those rights that THIS COURT PROTECTED BY ENSURING OPT-OUT was available for individual claims, which protects my right to recover damages from Google, and with use of Florida Law being applied as Google operates in our jurisdiction. And by removing my name from the class without my consent without following through the proper process created by this court, that I learned of after the call, would exclude me

from being a part of the action, however, seeking an opt-out individual claim that was made in a timely manner by the filing of this case, or I could be time barred because improperly removing a class member entirely would be as the member never existed and would or could be time barred from any future individual complaint.

I called Greg back and a message that informed him that I was contacting the court about the exclusionary form not being utilized.

Also, I stress, Greg appears to now, by cohesion, placing class members under duress to sign with spam text messages and emails because the smaller the class, the less they get paid in fees (I assume) as if class members counsel now represents Google as we are all left uninformed.

I also stress, without Florida law, and other states that may have protections like Florida being applied to any settlement to property pay for damages, and in a punitive manner, then any settlement does not reflect true representation of the class, as a whole.

Note here: I plan to copy this letter file on pacer to ensure the Clerk receives this communication so that her honor may read it and apply all its concerns.

Relied sought: Reprimand, at minimum or more, counsel and ensure my due process rights are no longer violated with the appropriate process of any exclusionary form to be submitted as I have not been well informed by counsel except by what appears to be cohesion to sign the Settlement for a measly $119-$150 that appears for counsel's intention to suck up the primary balance of any settlement for corporate or personal gain as malpractice with malice by counsel, and also time after the holidays to properly reply to this matter formally, by filing a motion or petition in pacer for the matter to be heard on what this arbitration has clearly overlooked as law since Google operates in every state, and each states laws would have to be applied to their individual circumstances and residence also a jurisdiction of law that must be applied for each and all.

Thank you for time regarding this urgent matter.

Respectfully submitted,

Michael Marciniak,
5780 West Shore Drive,
Pensacola, Florida 32526
(850)760-6492

memarciniak@live.com

Get [Outlook for Android](#)

##### attachment below #######

---

**From:** Labaton Keller Sucharow LLP <noreply@lks-lantern.com>
**Sent:** Wednesday, November 19, 2025 1:52:42 PM
**To:** Michael Marciniak <memarciniak@live.com>
**Subject:** Your Google Assistant Settlement Claim

Email Image

Dear Michael Marciniak,

**CONFIDENTIAL AND PRIVILEGED ATTORNEY-CLIENT COMMUNICATION**

**DO NOT SHARE WITH ANYONE OR ON ANY SOCIAL MEDIA**

Our records indicate that you have not yet signed your release to claim your Google Assistant Settlement award.

To claim your settlement, **you must agree to the Confidentiality Agreement below, review the Settlement Informational Packet, and sign the Settlement Release as soon as possible**.

**<u>Please read this Confidentiality Agreement carefully! By agreeing to this Confidentiality Agreement, you are making a binding commitment. Failure to comply with these binding obligations may result in you forfeiting any amounts you receive in this Settlement. Any questions about this Confidentiality Agreement should be directed to your attorneys at Labaton Keller Sucharow LLP.</u>**

The terms, conditions, and compensation described in the Settlement Agreement are highly confidential ("Confidential Information"). **You may not disclose Confidential Information to anyone other than your attorneys or financial advisors. This includes any discussion of the Settlement Agreement in any public forum, including social media, which is prohibited.**

Confidentiality is an essential part of the settlement. As more specifically described in the Settlement Agreement, the amount you receive in this Settlement will be subject to forfeiture if you disclose Confidential Information. Google will also be permitted to seek a court order requiring you to do (or refrain from doing) something, such as deleting or removing a public statement/social media post disclosing Confidential Information, as well as contact your attorneys or any relevant third party (including social media companies) to remedy a breach if you disclose Confidential Information.

**<u>By clicking this link to the Release, I agree to be bound by this confidentiality agreement.</u>**

**View & Sign Your Release**

Due to high traffic volume, you may experience issues accessing your release. If your release is not accessible, please wait up to 2 hours and try the link again.

Thank you for the privilege of representing you. Please contact us directly with any questions at 1-833-417-4903 or at GoogleAssistantPrivacyClaim@labaton.com.

Sincerely,

Obadele O. Davis
Associate
Labaton Keller Sucharow LLP
140 Broadway, 33rd Floor
New York, New York 10005
1-833-417-4903

**Confidentiality Notice**

This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, and disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.