Vincent Briganti (*pro hac vice*)
Christian Levis (*pro hac vice*)
Margaret MacLean (*pro hac vice*)
Andrea Farah (*pro hac vice*)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: (914) 997-0500
Facsimile: (914) 997-0035
vbriganti@lowey.com
clevis@lowey.com
mmaclean@lowey.com
afarah@lowey.com

*Attorneys for Plaintiffs*

[Additional counsel on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE GOOGLE ASSISTANT PRIVACY LITIGATION<br><br>This Document Relates to:<br><br> ALL ACTIONS | Case No. 5:19-cv-04286-BLF<br><br>**PLAINTIFFS' RESPONSE TO NOVEMBER 24 ORDER [ECF No. 538]**<br><br>Judge:  Hon. Beth Labson Freeman |

In response to the Court's November 24, 2025 order ("November 24 Order") (ECF No. 538), Class Counsel request that the Court order Labaton Keller Sucharow LLP ("LKS") to modify its description of the arbitration proceedings in subsequent communications to arbitration claimants by clearly referring to the arbitration proceeding as "Google Assistant Privacy Arbitration" to avoid further confusion. However, Class Counsel do not possess sufficient information to evaluate whether other remedial measures are warranted. The issues Mr. Marciniak raises do not affect this case, the schedule, or Plaintiffs' pending settlement with Google. Nevertheless, Class Counsel will ensure that any settlement-related notices in this action clearly distinguish this settlement from the arbitration claimants' settlements.

The Court ruled that the arbitration claimants that LKS represents are excluded from the certified Purchaser Class. ECF No. 486 at 5. The correspondence attached as Exhibit 1 to the Court's November 24 Order suggests that arbitration claimants are confused about the distinction between this class action and the settlement of the arbitrations. However, because Class Counsel are not involved in the arbitration, and are not privy to LKS's communication with the arbitration claimants, it is currently unclear whether this is an isolated incident of confusion or a prevalent issue affecting a significant number of individuals, such that other remedial measures are warranted (e.g., corrective notice to address such confusion). *See Masonek v. Wells Fargo Bank*, 2009 WL 10672345, at *3 (C.D. Cal. Dec. 21, 2009) (ordering curative notice where solicitation from a nonparty was confusing and encouraged absent class members to pursue individual actions). To the extent many arbitration claimants are confused, corrective notice to arbitration claimants to distinguish between this action and the LKS arbitration may be required. *See Wang v. Chinese Daily News, Inc.*, 623 F.3d 743, 756 (9th Cir. 2010), *cert. granted, judgment vacated on other grounds*, 565 U.S. 801 (2011) ("Rule 23(d) gives district courts the power to regulate the notice and opt out processes and to impose limitations when a party engages in behavior that threatens the fairness of the litigation."). However, Class Counsel lack sufficient information to make that determination, and therefore, take no position on whether a remedial action is warranted.

At a minimum, however, the Court should order LKS to modify its future communication with arbitration claimants to make clear that they are participating in arbitration proceedings, and

not this class action. For example, the caption of the arbitration reflected in the subject line is identical to the caption of this action. *See* ECF No. 538-1 at 1 (subject line: "19-4286 – In re Google Assistant Privacy Litigation"). The settlement agreement at the end of the email also refers to individuals' "Google Assistant Claim," without clarifying that this is a claim filed in an arbitration and not this class action. *Id*. at 5. As Mr. Marciniak's correspondence indicates, arbitration claimants who search on the internet for information about their claims are led to the class action notice website for this action.   Therefore, the Court should order LKS to clarify its future communications.

Class Counsel likewise will ensure that any settlement-related notices in this action clearly distinguish between this settlement and the arbitration settlements.

DATED:  December 2, 2025

By:    */s/ Christian Levis*
Vincent Briganti (*pro hac vice*)
Christian Levis (*pro hac vice*)
Margaret MacLean (*pro hac vice*)
Andrea Farah (*pro hac vice*)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: (914) 997-0500
Facsimile: (914) 997-0035
vbriganti@lowey.com
clevis@lowey.com
mmaclean@lowey.com
afarah@lowey.com

Erin Green Comite (*pro hac vice*)
Anja Rusi (*pro hac vice*)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
156 South Main Street
P.O. Box 192
Colchester, CT 06415
Telephone: (860) 537-5537
ecomite@scott-scott.com
arusi@scott-scott.com

Joseph P. Guglielmo (pro hac vice)
Anjori Mitra (pro hac vice)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
The Helmsley Building 230 Park Avenue, 24th Floor New York, NY 10169-1820
Telephone: (212) 223-6444
jguglielmo@scott-scott.com
amitra@scott-scott.com

Mark N. Todzo (Bar No. 168389)
Patrick Carey (Bar No. 308623)
**LEXINGTON LAW GROUP**
503 Divisadero Street San Francisco, CA
94117 Telephone: (415) 913-7800
mtodzo@lexlawgroup.com
pcarey@lexlawgroup.com

*Class Counsel*