

**Jonathan Waisnor**
**Partner**
**Labaton Keller Sucharow LLP**
140 Broadway
New York, New York 10005
212.907.0623
jwaisnor@labaton.com

December 8, 2025

**VIA EMAIL AND ECF**

Hon. Beth Labson Freeman
United States District Court
280 South 1st Street, Floor 5
San Jose, CA 95113

      Re: *In Re Google Assistant Privacy Litigation,* Case No. 19-cv-04286-BLF-SVK - Labaton Keller Sucharow LLP's Response to the Court's November 24, 2025 Order

Dear Judge Freeman,

As the Court is aware, undersigned counsel ("Labaton") represents tens of thousands of Google Assistant users (the "Labaton Arbitration Claimants" or "Claimants") who have noticed or initiated private arbitration claims regarding their Google Assistant Enabled Devices.  We write pursuant to the Court's November 24, 2025 Order ordering that Labaton "report to the Court what action, if any, the Court should take in response to" a letter by Michael Marciniak (the "November 24 Letter"). (Dkt. 538.)

First, Mr. Marciniak is one of the Claimants the Court excluded from the certified class on February 14, 2025. (Dkt. 486.) The November 24 Letter concerns Labaton's representation of Mr. Marciniak in connection with his private arbitration claims.[1]  As the Court confirmed on the record in February 2025, issues relating to the arbitration claims or Labaton's representation of Claimants in arbitration are not for this Court to determine. (Dkt. 485 at 11:11-18.)  While we apologize to the Court for any confusion, respectfully, Mr. Marciniak's request that Labaton be reprimanded or that the Court allow him to submit a request for exclusion directly to the clerk relate to Labaton's representation of him in connection with the arbitration claims and are not within the scope of this Court's jurisdiction over the certified class action.

Second, even if the November 24 Letter presented issues within the Court's jurisdiction, it misstates ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ As the Court is aware, the Labaton Arbitration Claimants attended a voluntary settlement conference with Google and with Magistrate Judge Westmore in May 2025 to discuss the resolution of their individual arbitrations against Google.  (Dkt. 518 ¶ 5.)  As the November 24 Letter reflects, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ In sum, while

---

[1] While Mr. Marciniak claims incorrectly that Labaton is counsel for the class, he also acknowledges that his claim is proceeding in arbitration.



December 8, 2025
Page 2

the November 24 Letter states that ███████████████████████████████████
████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████
████████████████████████████████

On November 24, 2025, about two hours before sending his letter to the Court, Mr. Marciniak spoke with a Labaton attorney. Labaton has reiterated to Mr. Marciniak that ██████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ As such, even if the Court had jurisdiction with respect to Mr. Marciniak's requests, there is no corrective action for this Court to order.

Labaton is also in receipt of Class Counsel's submission (Dkt. 541) on December 2 requesting that the Court order Labaton refer to arbitration proceedings as "Google Assistant Privacy Arbitration" in future communications to avoid further confusion. Although class counsel admits that it lacks sufficient information to make any informed judgments, it did not meet and confer with Labaton before filing its submission. If it had, it would have been told that the communication forwarded by Mr. Marciniak is an initial communication sent by Labaton to clients stressing ████████████████████████████████████████████████ In its communications with Claimants, Labaton clearly refers to arbitration proceedings as arbitration proceedings and informs Claimants that they are not participating in class action proceedings. In addition, as to Class Counsel's concern that Labaton used the caption of this class proceeding in its communications with its' clients about the Arbitration Settlement, Labaton did not. This case's docket number was inserted by Mr. Marciniak in his email to the Court, not Labaton. ██████████████████████████████████████████████████████████████████ and this class action because the parties have not filed a motion for preliminary approval yet, and class action settlements are public, not confidential. Last, Mr. Marciniak's concerns are not indicative of a broader issue with Labaton's communications as this appears to be an isolated incident. Though there is no jurisdiction for this Court to order corrective action, Labaton will edit the email subject line in future communications to read "Google Assistant Privacy Arbitration: [subject]."

---

[2] An unredacted copy of this communication will be provided separately to Mr. Marciniak contemporaneously with filing via email and sent to him by letter at the last address Labaton has on file for him.



December 8, 2025
Page 3

Otherwise, Labaton requests that the Court take no further action with respect to the November 24 Letter.

Sincerely,

*s/Jonathan Waisnor*

Jonathan D. Waisnor