UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE GOOGLE ASSISTANT PRIVACY LITIGATION | Case No. 19-cv-04286-BLF<br><br>**ORDER GRANTING JOINT REQUEST FOR PROPOSED REDACTIONS**<br><br>[Re: ECF No. 547] |

Labaton Keller Sucharow LLP ("Labaton") has filed a request to seal the attachment to this Court's December 15, 2025 Order Regarding Recent Correspondence. *See* ECF No. 545-1. Labaton represents that Counsel for Google and Plaintiffs have confirmed that they do not object to the sealing request. ECF No. 547 ("Mot.") at 1. For the reasons stated below, the Court GRANTS the motion, and the attachment shall remain under seal.

## I. LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

However, "while protecting the public's interest in access to the courts, we must remain mindful of the parties' right to access those same courts upon terms which will not unduly harm their competitive interest." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1228–29 (Fed. Cir. 2013). Records attached to motions that are "not related, or only tangentially related, to the merits of a case" therefore are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action."). Parties moving to seal the documents attached to such motions must meet the lower "good cause" standard of Rule 26(c). *Kamakana*, 447 F.3d at 1180. This standard requires a "particularized showing," *id.*, that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (internal quotations marks and citation omitted).

In addition to making particularized showings of good cause, parties moving to seal documents must comply with the procedures established by Civil Local Rule 79-5. That rule requires, *inter alia*, the moving party to provide "the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient." Civ. L.R. 79-5(c)(1). Civil Local Rule 79-5 requires the moving party to provide "evidentiary support from declarations where necessary." Civ. L.R. 79-5(c)(2). And the proposed order must be "narrowly tailored to seal only the sealable material." Civ. L.R. 79-5(c)(3).

**II.   DISCUSSION**

The "good cause" standard governs Labaton's motion to seal. The material Labaton seeks to seal is related to arbitration proceedings, which are "unrelated, or only tangentially related" to the merits of the case. *See Kamakana*, 447 F.3d at 1179. Accordingly, a request to seal documents concerning those proceedings need only meet the lower "good cause" standard of Rule

26(c).  *Id.* at 1179–80.

    Labaton has shown that good cause exists to seal the exhibit attached to the Court's Order. Labaton explains that the material it seeks to seal contains "confidential and privileged settlement discussions and communications," the disclosure of which would "cause harm to other Labaton Arbitration Claimants' claims per the terms of those settlement discussions and agreements." Mot. at 1–2.  Moreover, the attachment includes content that is "verbatim" repeated from "another document previously sealed in its entirety by the Court."  Mot. at 1; *see* ECF No. 546 (sealing, *inter alia*, ECF No. 538-1).

    Upon review of the attachment and Labaton's request, the Court is persuaded that Labaton has provided good cause to seal the attachment and that the proposed redactions are narrowly tailored.  Accordingly, the Court rules as follows:

| ECF No. | Document | Portion(s) Requested to Seal | Ruling |
| --- | --- | --- | --- |
| 545-1 | Exhibit to the Court's Order Regarding Recent Correspondence | Entire document | GRANTED as containing confidential information relating to settlement discussions, the disclosure of which could harm other arbitration claimants. |

### III. ORDER

    For the foregoing reasons, the request at ECF No. 547 is GRANTED.

Dated:  December 22, 2025

_____
BETH LABSON FREEMAN
United States District Judge

3