# EXHIBIT 1

**EXECUTION VERSION**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE GOOGLE ASSISTANT PRIVACY LITIGATION | Case No.: 19-cv-04286-BLF |
| This Document Relates to: | Judge: Hon. Beth Labson Freeman |
| ALL ACTIONS | |

**STIPULATION AND AGREEMENT OF SETTLEMENT**
**REDACTED VERSION**

**EXECUTION VERSION**

THIS STIPULATION AND AGREEMENT OF SETTLEMENT is made and entered into by and between Plaintiffs Asif Kumandan; Melissa Spurr individually and as guardian of B.S., a minor; Lourdes Galvan; and Eleeanna Galvan (collectively "Plaintiffs"), individually and on behalf of the Settlement Classes defined below; and Defendants Google LLC and Alphabet Inc. (collectively "Defendants" or "Google" and, with Plaintiffs, the "Parties") in the above-referenced action (the "Action") before the United States District Court for the Northern District of California (the "Court"). Subject to the approval of the Court and the terms and conditions expressly provided herein, this Stipulation is intended to fully, finally, and forever compromise, settle, release, resolve, discharge, and dismiss with prejudice the Action and all Released Claims against Defendants and the other Released Parties.

WHEREAS, on July 25, 2019, Plaintiffs Asif Kumandan and Melissa Spurr, individually and as guardian of B.S., filed a putative class action complaint against Defendants alleging privacy and other claims in connection with Google Assistant and certain Google Assistant enabled devices;

WHEREAS, on July 30, 2019, Plaintiffs Lourdes Galvan and Eleeanna Galvan filed a complaint against Defendants based on substantially the same facts;

WHEREAS, on September 25, 2019, the Court consolidated the two cases into this matter, captioned *In re Google Assistant Privacy Litigation*;

WHEREAS, on October 25, 2019, Plaintiffs filed a Consolidated Amended Class Action Complaint against Defendants;

WHEREAS, on August 7, 2020, plaintiffs Edward Brekhus ("Brekhus") and Jon Hernandez ("Hernandez") filed a complaint against Defendants, which the Court consolidated into this Action on September 10, 2020;

STIPULATION AND AGREEMENT OF SETTLEMENT                              CASE NO. 19-cv-04286-BLF

**EXECUTION VERSION**

WHEREAS, following Defendants' filing of several motions to dismiss, and Plaintiffs' filing of several amended consolidated complaints, Plaintiffs ultimately filed the Fourth Amended Consolidated Class Action Complaint ("Complaint") against Defendants on August 2, 2021, which remains the operative complaint;

WHEREAS, in the Complaint, Plaintiffs, on behalf of themselves and as representatives of proposed litigation classes, allege they were injured as a result of Defendants' alleged unlawful and intentional interception and recording of individuals' confidential communications using Google Assistant and Google Assistant Enabled Devices without their consent and subsequent unauthorized use and disclosure of those communications to third parties in violation of federal and state law;

WHEREAS, in the Complaint, Plaintiffs asserted the following claims against Defendants: (1) violation of the federal Wiretap Act, 18 U.S.C. § 2150, *et seq.*, (2) violation of the federal Stored Communications Act ("SCA"), 18 U.S.C. § 2702, *et seq.*, (3) violation of the California Invasion of Privacy Act ("CIPA"), Cal. Penal Code § 632, (4) intrusion upon seclusion, (5) invasion of privacy, (6) breach of contract, (7) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, *et seq.*, (8) violation of the Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750, *et seq.*, (9) common law fraud, deceit, and/or misrepresentation, and (10) relief under the federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*;

WHEREAS, on August 16, 2021, Defendants filed a motion to dismiss Brekhus' and Hernandez's claims for violation of the CLRA and for common law fraud, which was granted on January 11, 2022;

WHEREAS, on August 22, 2022, Defendants and plaintiffs Hernandez and Brekhus filed

**EXECUTION VERSION**

a stipulation for dismissal without prejudice as to their individual claims, which was granted by the Court on August 23, 2022;

WHEREAS, on July 18, 2022, Plaintiffs filed a motion for class certification seeking certification of three classes, namely a Purchaser Class, Privacy Class, and SCA Class, which Defendants opposed on September 13, 2022;

WHEREAS, on December 16, 2022, the Court certified the Purchaser Class to pursue claims for breach of contract and violations of the UCL's unlawful prong predicated on breach of contract and a violation of Cal. Bus. & Prof. Code § 22576 and denied certification as to the remainder of Plaintiffs' proposed classes;

WHEREAS, on February 28, 2025, Defendants moved for summary judgment on the Purchaser Class claims, which Plaintiffs opposed;

WHEREAS, during the course of litigation, counsel for the Parties engaged in arm's-length negotiations concerning the terms of a potential settlement, including multiple settlement conferences conducted before the Hon. Kandis A. Westmore and multiple private mediations conducted before the Hon. Jay Gandhi (Ret.) and Randall W. Wulff, and this Stipulation is the result of and embodies the terms and conditions of settlement reached during those negotiations;

WHEREAS, in light of the Parties' ongoing settlement negotiations, the Court continued the hearing on Google's motion for summary judgment to April 9, 2026, instructed Google to renotice its motion for summary judgment by March 5, 2026, if necessary, extended the stay of all case deadlines until January 25, 2026, and set a deadline of January 23, 2026 for Plaintiffs to file a motion for preliminary approval of class action settlement;

WHEREAS, Defendants have denied and continue to deny Plaintiffs' allegations, deny any and all purported wrongdoing in connection with the facts and claims that have been or could have

STIPULATION AND AGREEMENT OF SETTLEMENT                    CASE NO. 19-cv-04286-BLF

**EXECUTION VERSION**

been alleged against it in the Action, and assert that they have a number of valid defenses to Plaintiffs' claims;

WHEREAS, Plaintiffs, through their counsel, investigated the facts and law regarding the Action, and have concluded that resolving the claims against Defendants in exchange for payment of the Settlement Amount, according to the terms set forth below, is in the best interests of Plaintiffs and the Settlement Classes;

WHEREAS, Defendants, without acknowledging any fault or liability, and despite their belief in the merit of their defenses, have nevertheless agreed to enter into this Settlement to avoid the uncertainty, risk, expense, inconvenience, and distraction of burdensome and protracted litigation, and to obtain the release, order, and judgment contemplated by this Stipulation, and to put to rest with finality all claims that have been or could have been asserted against Defendants, as more particularly set out below;

WHEREAS, this Stipulation shall be for settlement purposes only, and nothing in this Stipulation shall constitute, be construed as, or be admissible in evidence as an admission of the validity of any claim or any fact alleged by Plaintiffs in this Action or in any other pending or subsequently filed action, or of any wrongdoing, fault, violation of law, or liability of any kind on the part of Defendants or admission by any of the Parties of the validity or lack thereof of any claim, allegation, or defense asserted in the Action or in any other action;

WHEREAS, the Parties preserve all arguments, defenses, and responses to all claims in the Action in the event this Settlement does not obtain final approval;

WHEREAS, the Parties have had a full opportunity to examine the facts and circumstances surrounding their respective decisions to accept the terms of this Stipulation and have not relied on any representations (or the lack thereof) made by any other Party concerning the facts and

**EXECUTION VERSION**

circumstances leading to this Stipulation;

NOW THEREFORE, in consideration of the foregoing, the terms and conditions set forth below, and other good and valuable consideration, it is agreed by and among the Parties that the claims of the Plaintiffs and the Settlement Classes be settled, compromised, and dismissed on the merits with prejudice as to the Released Parties, subject to Court approval pursuant to Fed. R. Civ. P. 23(e), on and subject to the terms and conditions set forth below.

**I.    DEFINITIONS**

As used in this Stipulation and any exhibits made a part hereof, the following terms shall have the meaning specified below:

1.1.    "Action" means *In re Google Assistant Privacy Litigation*, No. 5:19-cv-04286-BLF (N.D. Cal.).

1.2.    "Attorneys' Fees and Expense Award" means any portion of the Settlement Fund approved by the Court for payment to Class Counsel and Plaintiffs' Counsel, including such counsels' attorneys' fees, costs, litigation expenses and costs, and fees and expenses of experts (excluding Notice and Administration Expenses).

1.3.    "Authorized Claimant" means a Settling Class Member who submits to the Claims Administrator a timely and valid Claim Form that has been approved for payment from the Net Settlement Fund by the Claims Administrator.

1.4.    "Claim" means a Claim Form submitted to the Claims Administrator.

1.5.    "Claim Form" means the Proof of Claim and Release Form substantially in the form of Exhibit D, which is to be made available to Settlement Class Members in connection with notice of the Settlement.

STIPULATION AND AGREEMENT OF SETTLEMENT                    CASE NO. 19-cv-04286-BLF

**EXECUTION VERSION**

1

2          1.6.   "Claimant" means a person or who submits a Claim Form to the Claims

3      Administrator seeking to share in the proceeds of the Net Settlement Fund.

4          1.7.   "Claims Administrator" means A.B. Data, Ltd., which the Court previously

5      appointed as the notice administrator to supervise and administer notice of the previously certified

6      litigation class in this Action (ECF No. 423 ¶ 1) and is now proposed for appointment by the Court

7      to administer the Settlement and disseminate notice to the Settlement Classes, or any other claims

8      administrator otherwise appointed by the Court.

9          1.8.   "Claims Deadline" means the date by which all Claim Forms must be postmarked

10     or submitted electronically to be considered timely, and shall be set as a date no later than 112

11     calendar days following the Notice Date, subject to Court approval. The Claims Deadline shall be

12     clearly set forth in the order preliminarily approving the Settlement, as well as in the Notice and

13     the Claim Form.

14         1.9.   "Class Counsel" means Scott+Scott Attorneys at Law LLP and Lowey Dannenberg

15     LLP.

16         1.10.   "Complaint" means the Fourth Amended Consolidated Class Action Complaint

17     filed on August 2, 2021 (ECF No. 141).

18         1.11.   "Court" means the United States District Court for the Northern District of

19     California, the Honorable Beth Labson Freeman presiding.

20         1.12.   "Defendants" or "Google" means Google LLC and Alphabet Inc.

21         1.13.   "Defendants' Counsel" means Perkins Coie LLP.

22         1.14.   "Effective Date" with respect to the Settlement means the first business day

23     following the occurrence or waiver in writing of all the events and conditions specified in ¶ 11.1.

24

25

STIPULATION AND AGREEMENT OF SETTLEMENT                    CASE NO. 19-cv-04286-BLF

**EXECUTION VERSION**

1.15.   "Execution Date" means the latest date of the execution of this Agreement by all Parties.

1.16.   "Escrow Account" means the segregated and separate interest-bearing escrow account to be established by Class Counsel with the Escrow Agent (subject to judicial oversight) into which the Settlement Amount will be deposited for the benefit of Settling Class Members pursuant to the terms of this Agreement, and which will thereafter hold the assets of the Settlement Fund (subject to the making of such awards, payments, and distributions as authorized herein).

1.17.   "Escrow Agent" means Huntington National Bank or its duly appointed successor, or such other bank as may be agreed by the Parties and approved by the Court.

1.18.   "Escrow Agreement" means the escrow agreement between Class Counsel and the Escrow Agent setting forth the terms under which the Escrow Agent shall maintain the Escrow Account, which must be consistent with the terms of this Agreement.

1.19.   "Final Approval Hearing" means the hearing scheduled by the Court where the Parties will request that the Final Judgment be entered by the Court determining that (a) the Settlement is fair, reasonable, and adequate; (b) the plan of allocation is fair, reasonable, and adequate; and (c) Plaintiffs' and Class Counsel's Fee and Expense Application (as defined below), including Service Awards to Plaintiffs, is reasonable.

1.20.   "False Accept" is an instance where a Google Assistant Enabled Device records and transmits audio data to Google's servers because a Hot Word was detected although a Hot Word was not spoken.

1.21.   "Final Judgment" means the final judgment to be entered by the Court approving the Settlement of the Action in accordance with this Settlement Agreement after the Final Approval Hearing. The Final Judgment becomes "Final" one business day after the latest of the

**EXECUTION VERSION**

following events: (a) the date upon which the time expires for filing or noticing any appeal of the Court's Final Judgment approving the Settlement; (b) if there is any appeal or appeals, other than an appeal or appeals solely with respect to the Attorneys' Fees and Expense Award, the date of completion, in a manner that finally affirms and leaves in place the Final Judgment without any modification (except insofar as agreed upon by the Parties), of all proceedings arising out of the appeal or appeals (including, but not limited to, the expiration of all deadlines for notices of appeals, motions for reconsideration or petitions for review and/or *certiorari*, all proceedings ordered on remand, and all proceedings arising out of any subsequent appeal or appeals following decisions on remand); or (c) the date of final dismissal of any appeal of the final dismissal of any proceeding on *certiorari*.

1.22.    "Google Assistant Enabled Devices" are devices that come with Google Assistant pre-installed or on which Google Assistant can be downloaded.

1.23.    "Google-Made Devices" are Google Assistant Enabled Devices manufactured and sold by Google either directly or through third-party retailers, including Google's own smart home speakers, Google Home, Home Mini, and Home Max; smart displays, Google Nest Hub, and Nest Hub Max; and its Pixel smartphones.

1.24.    "Hot Word" is a word or phrase (such as "OK Google" or "Hey Google") which can be used to activate Google Assistant on certain Google Assistant Enabled Devices.

1.25.    "Household" is a group of individuals sharing a common abode.

1.26.    "Net Settlement Fund" means the Settlement Fund less: (a) Taxes and any Tax Expenses; (b) Attorneys' Fees and Expense Award authorized by the Court; (c) any fees of the Escrow Agent; (d) Notice and Administration Expenses as authorized by this Agreement; (e) any

**EXECUTION VERSION**

Service Awards authorized by the Court; and (f) any other fees and expenses authorized by the Court.

1.27.    "Notice" means the notices of this proposed Settlement and Final Approval Hearing, which are to be disseminated to the Settlement Class substantially in the manner set forth in this Settlement Agreement and approved by the Court, fulfilling the requirements of Due Process and Rule 23 of the Federal Rules of Civil Procedure, and are substantially in the form of Exhibits A (Email Notice), B (Reminder Notice), and C (long form Notice for Settlement Website) attached hereto.

1.28.    "Notice Date" means the date by which Notice begins being disseminated to the Settlement Classes, which shall be a date no later than forty-nine (49) calendar days after entry of the Preliminary Approval Order.

1.29.    "Notice and Administration Expenses" means the reasonable costs and expenses incurred by the court-approved Claims Administrator or other vendors that the Claims Administrator may utilize in connection with the notice and administration of the Settlement, including, but not limited to: (a) locating Settlement Class Members; (b) preparing, printing, mailing, or emailing, and publishing the notice; (c) establishing and maintaining any Settlement Website; (d) soliciting and assisting with the submission of Claim Forms; (e) processing Claim Forms, receiving Requests for Exclusion, and resolving any disputed Claims; (f) administering and distributing the Net Settlement Fund to Authorized Claimants; (g) performing administrative work related to unclaimed payments, (h) tax preparation expenses; (i) paying escrow fees and costs (if any); (j) reporting periodically to Class Counsel and Defendants' Counsel; and (k) preparing and providing any declarations or reports required by this Agreement or the Court. All such Notice and Administration Expenses shall be paid from the Settlement Fund.

**EXECUTION VERSION**

1.30.    "Objection/Exclusion Deadline" means the date by which a written objection to the Settlement or a Request for Exclusion by a person within the Settlement Classes must be made, which shall be designated as a date twenty-eight (28) calendar days prior to the Final Approval Hearing, or such other date as ordered by the Court.

1.31.    "Parties" means the undersigned parties to this Stipulation.

1.32.    "Person" means any individual, corporation, partnership, limited liability company or partnership, limited partnership, professional corporation, association, joint stock company, trust, estate, unincorporated association, government or any political subdivision or agency thereof, and any other type of legal or political entity, any representative, and, as applicable, his, her or its respective spouses, heirs, predecessors, successors-in-interest, representatives, and assigns.

1.33.    "Plaintiffs" means Asif Kumandan; Melissa Spurr, individually and as guardian of B.S., a minor; Lourdes Galvan; and Eleeanna Galvan.

1.34.    "Plaintiffs' Counsel" means Class Counsel and Plaintiffs' additional counsel, Mark N. Todzo of Lexington Law Group and E. Kirk Wood of Wood Law Firm.

1.35.    "Plan of Allocation" means the plan for allocating the Net Settlement Fund as set forth in Exhibit E attached hereto, or any alternate plan approved by the Court, whereby the Net Settlement Fund shall be distributed to Authorized Claimants.

1.36.    "Preliminary Approval" means that an order has been issued by the Court ("Preliminary Approval Order") in substantially the form set forth in Exhibit F, making each of the following rulings: (a) preliminarily approving the Agreement and finding that the Settlement is within the range of potential final approval as fair, reasonable, and adequate, (b) preliminarily certifying the Settlement Classes, for settlement purposes only; and (c) approving the form and

**EXECUTION VERSION**

manner of the Notice and directing that Notice be sent to the Settlement Classes, as further detailed in ¶¶ 8.1 & 9.1.

1.37.   "Released Claims" means any and all claims or causes of action, whether known or unknown (including "Unknown Claims"), arising from or related to the facts and circumstances alleged in any of the complaints filed in the Action, including all claims and causes of action that were asserted or that could have been asserted in the Action based on the conduct or omissions alleged. For the avoidance of doubt, Released Claims shall not include (a) any claims relating to the enforcement of this Stipulation; or (b) any claims of any Person that submits a timely and valid Request for Exclusion.

1.38.   "Released Parties" means Defendants, their past, present, and future parents, subsidiaries, affiliates, and their respective officers, directors, members, employees, agents, attorneys, representatives, predecessors, successors, assigns and transferees.

1.39.   "Request for Exclusion" means a request by a Settlement Class Member to exclude themselves from the Settlement Classes, as further detailed in ¶ 4.7.

1.40.   "Service Award" means the Court-approved monetary award for Plaintiffs paid from the Settlement Fund.

1.41.   "Settlement" means the resolution of this Action as against Defendants and the Released Parties in accordance with the terms and provisions of this Agreement.

1.42.   "Settlement Amount" means Sixty-Eight Million U.S. Dollars ($68,000,000) in cash, to be deposited into the Escrow Account pursuant to ¶ 2.1.

1.43.   "Settlement Classes" means the Purchaser Settlement Class and the Privacy Settlement Class.

**EXECUTION VERSION**

1.43.1. <u>Purchaser Settlement Class</u>: All Users who purchased a Google-Made Device during the Settlement Class Period.

1.43.2. <u>Privacy Settlement Class</u>: All Users of Google Assistant and members of their Households during the Settlement Class Period whose communications were recorded or otherwise obtained by Google Assistant as a result of a False Accept or whose communications were recorded or otherwise obtained by Google Assistant and disclosed to any third-party review vendor.

1.43.3. Excluded from the Settlement Classes are: (1) any Judge or Magistrate presiding over this Action, any members of their families, and the staff of such Judge or Magistrate; (2) Google, Google's subsidiaries, successors, predecessors, and any entity in which Google or its parent has a controlling interest and their current or former employees, officers, and directors; (3) Persons who properly execute and file a timely Request for Exclusion from the Settlement Classes; (4) Persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) any individual who previously opted out of the Purchaser Class, as identified at ECF No. 440-4, unless that individual elects to rejoin the Settlement Classes; (6) individuals who, prior to the Objection/Exclusion Deadline, both (A) file or serve a written arbitration demand, or provide written notice to Google of their intent to pursue arbitration against Google relating to the Released Claim, and (B) execute an individual release of their claims; (7) the legal representatives, successors, and assigns of any excluded Persons; and (8) Plaintiffs' counsel and Defendants' counsel.

1.44.   "Settlement Class Member" (or "Class Member") means any Person who falls within the definition of Settlement Classes.

STIPULATION AND AGREEMENT OF SETTLEMENT          CASE NO. 19-cv-04286-BLF

**EXECUTION VERSION**

1.45. "Settlement Class Period" means the period of May 18, 2016 through the date the Court grants Preliminary Approval of the Settlement (both days inclusive).

1.46. "Settlement Fund" means the account to be established by the Escrow Agent to hold the Settlement Amount and any interest earned thereon.

1.47. "Settlement Website" means the website created, launched, and maintained by the Claims Administrator, which will provide access to Settlement-related case documents, including this Agreement, the Notice, Claim Form, and other relevant documents.

1.48. "Settling Class Member" means any Settlement Class Member that does not submit a timely and valid Request for Exclusion.

1.49. "Stipulation" or "Settlement Agreement" or "Agreement" means this Stipulation and Agreement of Settlement.

1.50. "Tax Expenses" means expenses and costs incurred in connection with the operation and implementation of ¶ 5.2 (including, without limitation, expenses of tax attorneys and/or accountants, and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in ¶ 5.2).

1.51. "Taxes" means taxes (including any interest or penalties) arising with respect to the income earned on the Settlement Fund, including any taxes or tax detriments that may be imposed upon Defendants with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a qualified settlement fund for Federal or state income tax purposes.

1.52. "Unknown Claims" means (a) any Released Claims that Plaintiffs or any Settling Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which if known by him, her, or it, might have affected his, her, or its decision(s)

**EXECUTION VERSION**

with respect to the Settlement, including, but not limited to, the agreement to release the Released Parties or the Released Claims, and the decision not to object to the Settlement or seek exclusion from the Settlement Class. To the fullest extent permitted by law, with respect to any and all Released Claims, upon the Effective Date Plaintiffs and each of the Settling Class Members shall have, and shall be deemed to have, expressly waived and relinquished, by operation of the Final Judgment, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law that is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY**.

Plaintiffs and the Settling Class Members acknowledge that they may discover facts in addition to or different from those that any of them now knows or believes to be true related to the subject matter of the Released Claims, but Plaintiffs and each Settling Class Member upon the Effective Date shall have, and shall be deemed to have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, disclosed or undisclosed, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Parties acknowledge, and Settling Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for

STIPULATION AND AGREEMENT OF SETTLEMENT              CASE NO. 19-cv-04286-BLF

**EXECUTION VERSION**

and a material element of the Settlement.

1.53.   "Users" are individuals who reside in the United States or its territories whose Google accounts were associated with at least one Google Assistant Enabled Device during the Settlement Class Period.

## II.    SETTLEMENT CONSIDERATION AND ESCROW ACCOUNT

2.1    Defendants agree to pay the Settlement Amount, i.e., the total sum of Sixty-Eight Million United States Dollars and Zero Cents ($68,000,000.00), to create the Settlement Fund. The Settlement Fund represents the total extent of Defendants' monetary obligations under this Agreement, and neither Defendants nor any Released Parties shall have any obligation to make any further payments to the Settlement Fund or any financial responsibility or obligation relating to the Settlement beyond payment of the Settlement Amount.

2.2    No portion of the Settlement Fund shall revert back to or be refunded to Defendants after the Settlement becomes Final.

2.3    Within sixty (60) calendar days from the later of (a) the date the Court enters the Preliminary Approval Order, or (b) the date on which Class Counsel provides to Defendants' Counsel the wire instructions for the Escrow Account and an IRS Form W-9 (or other appropriate tax identification information), Defendants shall transfer into the Escrow Account $1,000,000 to cover the Claims Administrator's estimated Notice and Administration Expenses.

2.4    Within fifteen (15) calendar days after the Effective Date, Defendants shall deposit the remainder of the Settlement Amount into the Escrow Account.

2.5    The Settlement Fund shall be used to pay: (a) Taxes and any Tax Expenses, (b) any Attorneys' Fees and Expense Award authorized by the Court; (c) any fees of the Escrow Agent; (d) Notice and Administration Expenses as authorized by this Agreement; (e) any Service Awards

**EXECUTION VERSION**

to Plaintiffs authorized by the Court; and (f) other fees and expenses, if any, authorized by the Court. The balance of the Settlement Fund remaining after the above payments shall constitute the Net Settlement Fund, which shall be distributed to the Authorized Claimants in accordance with this Stipulation.

2.6     Any sums required to be held in escrow hereunder shall be held by the Escrow Agent, which shall be directed by Class Counsel (subject to the supervision of the Court and consistent with the Settlement Agreement) for the benefit of the Settlement Classes until the Effective Date. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall be subject to the jurisdiction of the Court until such time as the funds are distributed pursuant to the Settlement Agreement and/or any Court order or returned to Defendants upon termination of the Settlement. The Escrow Agent shall not disburse the Settlement Fund except: (a) as provided in this Agreement; (b) by an order of the Court; or (c) with the written agreement of counsel for the Parties. The Escrow Agent, without further approval of Defendants or the Court, may pay as incurred and from the Settlement Fund, all Notice and Administration Expenses, including any escrow fees and costs, and Taxes and Tax Expenses, subject only to the approval of Class Counsel. The remainder of the Settlement Fund shall not be distributed before the Effective Date occurs.

2.7     The Escrow Agent, at the direction of Class Counsel, shall invest all funds exclusively in eligible investments, meaning obligations or securities issued or guaranteed by the United States Government or any agency or instrumentality thereof, backed by the full faith and credit of the United States, or fully insured by the United States Government or an agency thereof, and including any mutual funds or similar funds invested solely in such obligations or securities, or deposit some or all of the funds into deposit account(s) that are fully insured by the Federal

STIPULATION AND AGREEMENT OF SETTLEMENT                    CASE NO. 19-cv-04286-BLF

**EXECUTION VERSION**

Deposit Insurance Corporation ("FDIC") in amounts that are up to the limit of FDIC insurance. The Escrow Agent (unless otherwise instructed by Class Counsel) shall reinvest the proceeds of these obligations or securities as they mature in similar instruments at their then-current market rates. Interest earned on the money deposited into the Escrow Account shall accrue to and be part of the Settlement Fund. The Released Parties shall have no responsibility for, interest in, or liability whatsoever with respect to investment decisions executed by the Escrow Agent. All costs and risks related to the investment of the Settlement Fund in accordance with the guidelines set forth in this paragraph shall be borne by the Settlement Fund.

2.8     In the event that the Court does not enter the Final Judgment or if for any other reason final approval of the Settlement does not occur, if successfully objected to, or successfully challenged on appeal, the remaining Settlement Fund (including accrued interest), less (a) any Administration Expenses actually incurred, and (b) any amounts and Taxes incurred or due and owing and payable from the Settlement Fund in accordance with this Agreement, shall be refunded to Defendants.

### III.    SCOPE AND EFFECT OF SETTLEMENT

3.1     The obligations incurred pursuant to this Agreement shall be a full and final disposition of: (a) the Action; and (b) any and all Released Claims as against the Released Parties.

3.2     Defendants' sole obligation under this Settlement is payment of the Settlement Amount as discussed in Section 2. Upon full payment of the Settlement Amount, Defendants shall have no further financial obligation under this Settlement. Under no circumstances will Defendants be responsible for any other costs, including any attorneys' fees and expenses, service awards, Taxes, escrow fees, or costs of class Notice and claims administration. Defendants do not agree to provide any injunctive or prospective relief.

STIPULATION AND AGREEMENT OF SETTLEMENT                    CASE NO. 19-cv-04286-BLF

**EXECUTION VERSION**

3.3    Upon the Effective Date of this Settlement, Plaintiffs and each Settling Class Member shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, waived, relinquished, and discharged, and shall forever be enjoined from prosecuting, all Released Claims against Released Parties, whether or not such Plaintiffs or Settling Class Member executes and delivers a Claim Form.

3.4    The releases provided in this Stipulation shall become effective immediately upon the occurrence of the Effective Date without the need for any further action, notice, condition, or event.

## IV.    NOTICE, CLAIMS ADMINISTRATION, AND DISTRIBUTION OF NET SETTLEMENT FUND

4.1    The Claims Administrator shall: (a) administer the issuance of Notice to the Settlement Classes in accordance with the terms of the Settlement Agreement, Preliminary Approval Order and any other orders of the Court; (b) determine the validity of Requests for Exclusion, (c) determine the validity of the Claim Forms submitted and calculate each Authorized Claimant's share of the Net Settlement Fund based on the Plan of Allocation; (d) administer the distribution of the Net Settlement Fund to Authorized Claimants; and (e) otherwise provide such claims administration services as are customary in settlements of this type, subject to such supervision of Class Counsel and the Court. The Claims Administrator shall be retained subject to the condition that it agrees to be subject to the jurisdiction of the Court. Upon receiving approval from the Court of the Notice plan, the Claims Administrator will implement the approved Notice plan.  Notice will be sent to those individuals who previously opted out of the Purchaser Class, as identified at ECF No. 440-4, and their counsel of record (if any), so that they may elect to rejoin the Settlement Classes.

**EXECUTION VERSION**

4.2     The Claims Administrator shall maintain reasonably detailed records of its activities under this Agreement. The Claims Administrator shall maintain all such records as are required by applicable laws in accordance with its normal business practices and such records shall be made available to Class Counsel upon request. The Claims Administrator shall also provide reports and other information to the Court as the Court may require.

4.3     Notice and Administration Expenses and any fees of the Escrow Agent shall be paid from the Settlement Fund. Before the Effective Date, Class Counsel may pay from the Settlement Fund all Notice and Administration Expenses and any fees of the Escrow Agent actually incurred, up to $1,000,000. After the Effective Date, without approval of Defendants or further order of the Court, Notice and Administration Expenses and any fees of the Escrow Agent may be paid as incurred, so long as there are sufficient funds in the Escrow Account. In no event shall Plaintiffs or Plaintiffs' Counsel be responsible for paying any amount for Notice and Administration Expenses or any fees of the Escrow Agent.

4.4     Within twenty-one (21) days from entry of the Preliminary Approval Order, Defendants shall, for purposes of facilitating the proposed notice plan, provide to the Claims Administrator a list of email addresses for Users who, based on a reasonable review of Defendants' records, are potential Settlement Class Members (the "Direct Notice List"). Defendants do not make any representations as to the accuracy or completeness of the Direct Notice List. The Claims Administrator shall keep strictly confidential the Direct Notice List, including email addresses or all persons appearing thereon, and shall not disclose it to any other person or entity under any circumstances, without prior express written consent from Defendants. The Direct Notice List may not be used by the Claims Administrator for any purpose other than disseminating and verifying the dissemination of the Notice in accordance with the terms and conditions of this Agreement, or

STIPULATION AND AGREEMENT OF SETTLEMENT                    CASE NO. 19-cv-04286-BLF

**EXECUTION VERSION**

otherwise effectuating the terms of the Settlement Agreement or the duties arising thereunder, including the provision of Notice of the Settlement.

4.5    The Notice shall be disseminated as follows:

(a) Email Notice by Claims Administrator. No later than the Notice Date, the Claims Administrator shall begin to send Notice (substantially in the form attached as Exhibit A), with a link to a Spanish language version, via email to each email address on the Direct Notice List. Any changes to this email Notice shall be subject to the approval of Class Counsel and Defendants' Counsel, which consent shall not be unreasonably withheld. Initial distribution of Notice to the Direct Notice List shall be complete by no later than forty-nine (49) calendar days after the Notice Date

(b) Reminder Notice. No later than seven (7) calendar days before the Claims Deadline, the Claims Administrator shall send a reminder notice (substantially in the form attached as Exhibit B), with a link to a Spanish language version, via email to each email address on the Direct Notice List from which it has not received a Claim or a Request for Exclusion. The Claims Administrator, pursuant to the Parties' approval, may send out more than one reminder notice if deemed necessary. Any changes to this reminder Notice shall be subject to the approval of Class Counsel and Defendants' Counsel, which consent shall not be unreasonably withheld.

(c) Settlement Website.  The Settlement Website will be in English and Spanish and shall be administered and maintained by the Claims Administrator. On or before the Notice Date, the Notice, any other relevant case-related documentation, including but not limited to the Complaint, Settlement Agreement, and the motion for Preliminary Approval of the Settlement, motion for final approval of the Settlement, and any motions for Attorneys'

**EXECUTION VERSION**

Fees and Expense Award or Service Awards, and a portal to allow Claimants the ability to file Claim Forms online, shall be posted to the Settlement Website. The content of the Settlement Website will be derived from the content of the long form Notice, attached as Exhibit C. The URL of the Settlement Website shall be the same as the URL of the website used to notify members of the certified litigation Purchaser Class. Any materials posted on the Settlement Website shall be subject to approval of Class Counsel and Defendants' Counsel, which consent shall not be unreasonably withheld.

(d) Toll-Free Number. The Claims Administrator will establish a toll-free telephone number where members of the Settlement Classes can receive instructions for accessing Settlement information and case documents.

(e) Digital and Social Media Notice.  The Claims Administrator may distribute a press release via PR Newswire US1 National Newswire substantially in the form of the Email Notice. *See* Exhibit A. The Claims Administrator also may engage in social media advertising, excluding Google-owned platforms. The press release and social media notice shall inform potential Settlement Class Members of the fact of the Settlement and that Settlement information is available on the Settlement Website. To the extent the social media notice will differ in substance from the Email Notice or long form Notice (Exhibits A & C), it will be subject to the approval of Class Counsel, Defendants' Counsel, and the Court.

(f) Supplemental Notice.  Following dissemination of Notice, the Parties may confer with the Claims Administrator to determine whether additional notice to some or all of the potential members of the Settlement Classes is warranted and cost effective. To the extent the form of supplemental notice will differ in substance from any other Court-approved form of

STIPULATION AND AGREEMENT OF SETTLEMENT                    CASE NO. 19-cv-04286-BLF

**EXECUTION VERSION**

notice, it will be subject to the approval of Class Counsel, Defendants' Counsel, and the Court.

4.6     Any Settling Class Member who intends to object to this Agreement, Class Counsel's request for an Attorneys' Fees and Expense Award, and/or Plaintiffs' request for Service Awards must present the objection in writing in a letter to the Court, which must include the following: (a) the objector's full name, address, telephone number, and email address; (b) the case name and number; (c) information or proof that shows that the objector is included in the one or both of the Settlement Classes (e.g., the unique ID from the email notice or the email address associated with the objector's Google Assistant Enabled Device); (d) all grounds for the objection, with factual and legal support for the stated objection, including any supporting materials; (e) a statement saying if the objection applies only to the objector, part of the Settlement Classes, or all Settlement Classes; (f) list of all cases in which the objector filed an objection within the past five years; and (g) the objector's personal signature in ink and the date of the signature.  Electronic signatures, including but not limited to signatures granted via DocuSign, will not be considered a personal signature and will be deemed invalid.  A parent or legal guardian must personally sign on behalf of an objecting Settling Class Member who is a minor under the age of 18.  If represented by counsel, the objecting Settling Class Member must also provide the full name, address, telephone number, and email address of his/her counsel in addition to the information set forth in (a) through (g) above, including a list of all cases in which the objector's lawyer filed an objection to a class action settlement within the past five years. A lawyer may not sign the objection on behalf of the objecting Settling Class Member.  If the objecting Settling Class Member and/or the objector's lawyer intends to appear at the Final Approval Hearing, he/she must so state in the written objection, and must also identify any witnesses he/she may call to testify at the Final

STIPULATION AND AGREEMENT OF SETTLEMENT                    CASE NO. 19-cv-04286-BLF

**EXECUTION VERSION**

Approval Hearing and all exhibits he/she intends to introduce into evidence at the Final Approval Hearing, which must also be attached to, or included with, the written objection. Any Settling Class Member who fails to timely file and serve a written objection in compliance with the provisions set forth herein and pursuant to this Agreement shall not be permitted to object to the approval of this Settlement Agreement at the Final Approval Hearing and shall be foreclosed from seeking any review of the Settlement Agreement or its terms by appeal or any other means.

4.7    A Settlement Class Member may individually request to be excluded from the Settlement Classes in writing by a postmarked request sent via U.S. Mail or submitted electronically via the exclusion request portal on the Settlement Website, on or before the Exclusion Deadline. In order to exercise the right to be excluded, a member of the Settlement Class must timely send via U.S. Mail or electronically submit via the exclusion request portal on the Settlement Website, a Request for Exclusion to the Claims Administrator providing: (a) his/her full name, address, telephone number, and email address; (b) the name and number of this case; (c) information or proof that shows that the individual is a member of one or both of the Settlement Classes (e.g., the unique ID from email notice he/she received or the email address associated with his/her Google Assistant Enabled Devices); (d) a statement that he/she wishes to be excluded from the Settlement Class; and (e) a handwritten, ink signature or signature submitted through the exclusion request portal on the Settlement Website and the date of the signature. A request to be excluded that is not electronically submitted or postmarked as required herein and within the time specified, shall be invalid and the person serving such a request shall be considered a member of the Settlement Class and shall be bound as Settling Class Members by the Agreement, if approved. The Request for Exclusion must be personally signed only by the person requesting exclusion (except for Requests for Exclusion by Settlement Class Members under the age of eighteen (18),

**EXECUTION VERSION**

which must be submitted and signed by the person's parent or legal guardian so long as the Request for Exclusion indicates that the request is being made by such Settlement Class Member's parent or legal guardian on behalf of the Settlement Class Member, and includes proof of such relationship). Settlement Class Members must submit their Requests for Exclusion individually. So called "mass" or "class" exclusions or opt outs, whether filed by third parties on behalf of a "mass" or "class" of Settlement Class Members or multiple Settlement Class Members where the exclusion request has not been personally signed by each and every individual Settlement Class Member, shall not be allowed. Electronic signatures, except those submitted through the exclusion request portal on the Settlement Website, including but not limited to signatures granted via DocuSign, will not be considered a personal signature and will be deemed invalid, and a lawyer may not sign an exclusion request on behalf of a Settlement Class Member.

4.8     If a Settlement Class Member both submits a Claim Form and a Request for Exclusion, the Request for Exclusion will be deemed invalid, and the person will be deemed a Settling Class Member.

4.9     A person cannot both object to and exclude themselves from this Settlement Agreement. Any Settlement Class Member who attempts to both object to and exclude themselves from this Settlement Agreement will be deemed to have excluded themselves (except if the Settlement Class Member submits a valid Claim Form) and will forfeit the right to object to the terms of this Settlement Agreement.

4.10     The Claims Administrator shall provide copies of all Requests for Exclusion and materials submitted therewith (including untimely requests and revocations of requests) to Class Counsel and Defendants' Counsel within three (3) business days of receipt. Within ten (10) business days after the Objection/Exclusion Deadline, the Claims Administrator shall provide to

STIPULATION AND AGREEMENT OF SETTLEMENT                    CASE NO. 19-cv-04286-BLF

**EXECUTION VERSION**

the Parties (a) a list of all persons who opted out by validly requesting exclusion and (b) each written Request for Exclusion, including both valid and invalid requests.

4.11    Defendants shall serve the notice required under the Class Action Fairness Act, 28 U.S.C. § 1715 *et seq*. ("CAFA"). Google shall, within ten (10) calendar days after Plaintiffs move for Preliminary Approval of this Settlement, notify the appropriate state and federal officials of this Settlement as required by CAFA and may request assistance from the Claims Administrator (i.e., a template CAFA notice and recipients mailing addresses) in doing so without additional cost to Google. Google shall also provide Class Counsel with a copy of such notice under CAFA and proof of its service.

4.12    The Released Parties shall have no role in, or any liability, interest in, obligation, or responsibility for, the dissemination of Notice (other than as provided in ¶¶ 4.4, 4.5, and 4.11 above) or the administration or distribution of the Settlement Fund, including with respect to: (a) any act, omission, or determination by Class Counsel, Plaintiffs' Counsel, the Escrow Agent, or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (b) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; or (c) the payment or withholding of any Taxes (including interest and penalties) and Tax Expenses.

4.13    Each Settling Class Member wishing to participate in the Settlement shall be required to submit to the Claims Administrator a Claim Form, either electronically via the Settlement Website on or before the Claims Deadline, or by U.S. Mail, postmarked on or before the Claims Deadline. The Claim Form shall be substantially in the form attached as Exhibit D, and shall require the Settlement Class Member submitting the form to provide the following: (a) full name; (b) current mailing address, telephone number, and email address; (c) their residence

STIPULATION AND AGREEMENT OF SETTLEMENT                CASE NO. 19-cv-04286-BLF

**EXECUTION VERSION**

address at the time the alleged claims were incurred; (d) for members of the Purchaser Settlement Class, the email address associated with his/her Google account, and for members of the Privacy Settlement Class, the email address for the Google account associated with the Google Assistant Enabled Device on which the Settlement Class Member's claim is based; (e) for members of the Purchaser Settlement Class, device type and the serial number for the applicable Google-Made Device; and (f) for members of the Privacy Settlement Class, the device type and model for the Google Assistant Enabled Device on which the Settlement Class Member's claim is based. Each Claim Form must be personally signed under penalty of perjury and must be supported by such documents as specified in the instructions contained in the Claim Form or otherwise given by the Claims Administrator. The bulk submission of Claim Forms by any claims aggregator or person or entity who claims to be an assignee of rights associated with any of the claims that were or could have been alleged in the Action will not be permitted. Notwithstanding the foregoing, attorneys acting on behalf of any individual who previously opted out of the certified litigation Purchaser Class, as identified at ECF No. 440-4, may submit a list of any such individuals to the Claims Administrator to opt those individuals back into the Settlement Classes so that their claims can be resolved through the Settlement. Any such individuals who opt back into the Settlement Classes must also submit a Claim Form as described in this ¶ 4.13 to participate in the Settlement.

4.14    Settling Class Members shall have until the Claims Deadline to submit a Claim Form. Any Settling Class Member who fails to submit a properly completed Clam Form within such period shall be forever barred from receiving any payments pursuant to this Stipulation or from the Net Settlement Fund (unless Class Counsel, in their discretion, deem such late submission to be a formal or technical defect and waive the lateness of the submission in the interest of achieving substantial justice, or unless by order the Court approves that Settling Class Member's

STIPULATION AND AGREEMENT OF SETTLEMENT                CASE NO. 19-cv-04286-BLF

**EXECUTION VERSION**

untimely submitted Claim Form), but will in all other respects be subject to the provisions of this Stipulation and the Final Judgment, including, without limitation, the release of the Released Claims and dismissal of the Action. Claim Forms shall be deemed to have been submitted on the date they are postmarked, or if submitted electronically, on the date they are actually received by the Claims Administrator.

4.15    Each Claim Form shall be submitted to and reviewed by the Claims Administrator. The Claims Administrator shall employ reasonable procedures to screen claims for abuse or fraud. The Claims Administrator shall determine, under the supervision of Class Counsel in accordance with this Stipulation and any applicable orders of the Court, the extent, if any, to which each claim shall be allowed.

4.16    The Claims Administrator will reject any claim that does not materially comply with the instructions on the Claim Form or provide full and complete information requested on the Claim Form; is not timely; is part of a bulk submission; is not submitted by a Settling Class Member; or is duplicative or fraudulent. To the extent any Claim Form contains curable deficiencies, the Claims Administrator shall inform the Claimant of the deficiency via email, or if no email address is available, by U.S. mail, and provide 21 calendar days to cure the deficiency. The Claims Administrator's determinations on the validity and eligibility of Claims shall be final. Settling Class Members may not appeal these determinations to the Court or other judicial body.

4.17    Without regard to whether a Claim Form is submitted or allowed, each Claimant who declines to be excluded from the Settlement Classes shall be deemed to have submitted to the jurisdiction of the Court with respect to such Claimant's claim, and such Claimant's claim will be subject to investigation and discovery from the Claimant under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to that Claimant's status

STIPULATION AND AGREEMENT OF SETTLEMENT                    CASE NO. 19-cv-04286-BLF

**EXECUTION VERSION**

as a Settling Class Member and the validity and amount of the Claimant's claim. No discovery shall be sought from Google or allowed on the merits of the Action or Settlement in connection with processing of Claim Forms.

4.18    Payment pursuant to this Stipulation shall be deemed final and conclusive against all Settling Class Members. All Settling Class Members whose claims are not approved by the Claims Administrator or the Court shall be barred from participating in distributions from the Net Settlement Fund, but shall otherwise be bound by all of the terms of the Final Judgment to be entered in the Action and the releases provided for in this Stipulation, and will be barred from bringing any action against the Released Parties arising out of or relating to the Released Claims.

4.19    For those Settling Class Members who submitted a valid Claim, a payment shall be transmitted to Settling Class Members within 60 calendar days after the Effective Date, or as soon as practicable thereafter.

4.20    If any balance remains in the Net Settlement Fund six (6) months after the date of the initial distribution the Net Settlement Fund (by reason of tax refunds, uncashed checks or otherwise), Class Counsel shall request the Claims Administrator, if economically feasible and reasonable, to reallocate such balance among those Authorized Claimants who have cashed their checks in an equitable fashion and consistent with the Plan of Allocation, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund for such redistribution. These redistributions shall be repeated until the remaining balance in the Net Settlement Fund is *de minimis*, or the funds from the last distribution remain in the Settlement Fund after an additional one-hundred and eighty (180) calendar days, whichever occurs first. Such remaining balance shall be donated to one or more 501(c)(3) non-profit organizations as *cy pres* recipients, as agreed upon by Class Counsel and Defendants' counsel and approved by the Court.

**EXECUTION VERSION**

4.21    No Person shall have any claim against any Released Parties (including any Defendants' Counsel), any Plaintiffs, Plaintiffs' Counsel, or the Claims Administrator, based on determinations or distributions made substantially in accordance with this Stipulation and the Settlement contained herein, the Plan of Allocation, or any orders of the Court.

## V.    TAX TREATMENT

5.1    The Parties agree that the Escrow Account is intended to be, and will be, an interest-bearing qualified settlement fund within the meaning of U.S. Department of Treasury Regulation §1.468B-1 (26 C.F.R. §1.468B-1). In addition, the Escrow Agent timely shall make such elections as necessary or advisable to carry out the provisions of this paragraph, including the "relation-back election" (as defined in 26 C.F.R. §1.468B-1(j)(2)) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Escrow Agent to prepare and deliver, in a timely and proper manner, the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

5.2    For the purpose of §468B of the Internal Revenue Code of 1986, as amended (26 U.S.C. §468B) and the regulations promulgated thereunder, the administrator of the qualified settlement fund shall be the Escrow Agent. The Escrow Agent, or the Claims Administrator on its behalf, shall timely and properly cause to be filed all informational and other tax returns necessary or advisable with respect to the qualified settlement fund (including without limitation applying for a taxpayer identification number for the qualified settlement fund and filing the returns described in 26 C.F.R. § 1.468B-2(k)). Such returns, as well as the election described in ¶ 5.1, shall be consistent with this Section 5 and, in all events, shall reflect that all taxes (including any

**EXECUTION VERSION**

1

2    estimated taxes, interest, or penalties) on the income earned by the qualified settlement fund shall

3    be deducted and paid from the Settlement Fund as described in ¶ 5.3.

4          5.3     Taxes and Tax Expenses may be paid as incurred, without further approval of

5    Defendants or further order of the Court. The Escrow Agent, or the Claims Administrator on its

6    behalf, shall be responsible for making provision for the payment from the qualified Settlement

7    Fund of all Taxes and Tax Expenses, if any, owed with respect to the Settlement Fund and for all

8    tax reporting, remittance, and/or withholding obligations, if any, for amounts distributed from it.

9    The Released Parties, Plaintiffs, Defendants' Counsel, and Plaintiffs' Counsel have no

10   responsibility or any liability for any Taxes and Tax Expenses owed by, or any tax reporting or

11   withholding obligations, if any, of the Settlement Fund. The Escrow Agent shall be obligated

12   (notwithstanding anything herein to the contrary) to withhold from distribution to Settling Class

13   Members any funds necessary to pay such amounts, including the establishment of adequate

14   reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be

15   withheld under Treasury Regulation §1.468B-2(1)(2)); Released Parties, Plaintiffs, Defendants'

16   Counsel, and Plaintiffs' Counsel are not responsible for the same nor shall they have any liability

17   therefor. The Parties agree to cooperate with the Escrow Agent, each other, and their tax attorneys

18   and accountants to the extent reasonably necessary to carry out the provisions of this Section 5.

19         5.4     Released Parties and Defendants' Counsel shall have no liability for or obligations

20   with regard to Taxes and Tax Expenses, including with respect to acts or omissions of the Claims

21   Administrator or its agents with respect thereto. The Escrow Agent, through the Settlement Fund,

22   shall indemnify and hold each Released Party and Defendants' Counsel harmless for any Taxes

23   and Tax Expenses (including, without limitation, taxes payable by reason of such indemnification).

24

25

**EXECUTION VERSION**

5.5     Plaintiffs and Plaintiffs' Counsel shall have no liability for or obligations with regard to Taxes and Tax Expenses. The Escrow Agent, through the Settlement Fund, shall indemnify and hold Plaintiffs and each of Plaintiffs' Counsel harmless for any Taxes and Tax Expenses (including, without limitation, taxes payable by reason of such indemnification).

## VI.    ALLOCATION OF NET SETTLEMENT FUND

6.1     The Claims Administrator shall determine each Authorized Claimant's share of the Net Settlement Fund based on the Plan of Allocation that is approved by the Court.

6.2     The Plan of Allocation is not a necessary term of this Stipulation, and it is not a condition of this Stipulation that any particular Plan of Allocation be approved. The Plan of Allocation has been prepared and proposed solely by Class Counsel and presented to Defendants for review and approval, which approval has not been unreasonably withheld, and will be presented to the Court for approval. The Plan of Allocation, and any changes thereto, is a matter separate and apart from the Settlement between the Parties, and any decision by the Court concerning the Plan of Allocation, or any changes thereto, and any appeal of any order relating thereto or reversal or modification thereof, shall not operate to, or be grounds to, terminate, modify or cancel, or affect the enforceability of, this Stipulation, or affect or delay the validity or finality of the Final Judgment approving the Settlement. The Net Settlement Fund shall be allocated to Authorized Claimants who submit valid Claim Forms. Depending on the total number of valid claims, the Plan of Allocation is subject to modification by Class Counsel, provided Defendants are given an opportunity to review and consent, which consent will not be unreasonably withheld, and any such modification is approved by the Court.

6.3     The administration process shall be conducted by the Claims Administrator in accordance with this Stipulation, the Plan of Allocation, and any orders that may be entered by the

**EXECUTION VERSION**

Court. No Claimant or Authorized Claimant shall have any claim against any Released Parties or Defendants' Counsel relating to distributions from the Settlement Fund.

6.4    No Authorized Claimant shall have any claim against Class Counsel, Plaintiffs' Counsel, or the Claims Administrator based on, or in any way relating to, the distributions from the Net Settlement Fund that have been made substantially in accordance with this Stipulation and any applicable orders of the Court.

## VII.    THE FEE AND EXPENSE APPLICATION

7.1    Class Counsel will submit an application to the Court (the "Fee and Expense Application") for an award of attorneys' fees and expenses no later than 35 days before the Objection/Exclusion Deadline, including for: (a) any and all attorneys' fees and payment of litigation costs and expenses incurred in connection with the investigation, filing, prosecution, and settlement of the Action, plus interest on such amounts awarded at the same rate as earned on the Settlement Fund until paid; and (b) Service Awards of up to $10,000 for each Plaintiff.

7.2    Any Attorneys' Fees and Expense Award shall be paid to Plaintiffs' Counsel by the Claims Administrator from the Settlement Fund within twenty-one (21) business days of: (a) an order granting such Attorneys' Fees and Expense Award, notwithstanding the existence of any timely filed objections thereto, or potential for appeal or collateral attack on the Settlement or any part thereof, (b) the submission of joint payment instructions to the Claims Administrator executed by all Class Counsel, or (c) the Effective Date, whichever is latest. Class Counsel shall thereafter be solely responsible for allocating the Attorneys' Fees and Expense Award among Plaintiffs' Counsel in a manner in which Class Counsel may agree or have agreed based on their assessment of the overall respective contributions of such counsel to the initiation, prosecution, and resolution of the Action. However, if and when, as a result of any appeal and/or further proceedings on

STIPULATION AND AGREEMENT OF SETTLEMENT                    CASE NO. 19-cv-04286-BLF

**EXECUTION VERSION**

remand, or successful collateral attack, the Attorneys' Fees and Expense Award is overturned or reduced, or if the Settlement is terminated or is not approved by the Court, or if there is an appeal and any order approving the Settlement does not become final and binding upon the Settlement Classes, then, within ten (10) business days of Google providing written notice that such event has occurred, each Plaintiffs' Counsel law firm that has received any fees or expenses shall refund to the Settlement Fund such funds previously paid to it, plus interest thereon at the same rate as earned on the Settlement Fund, in an amount consistent with such reversal or reduction. Each law firm that serves as Plaintiffs' Counsel, as a condition of receiving a portion of the Attorneys' Fees and Expense Award, on behalf of itself and each partner, shareholder, or member of it, agrees that the law firm and its partners, shareholders, and/or members are subject to the jurisdiction of the Court for purposes of enforcing the provisions of this ¶ 7.2.

7.3     The Released Parties and Defendants' Counsel shall have no responsibility for or liability with respect to any payment or allocation of the Attorneys' Fees and Expense Award. Defendants have not agreed to the amount of the Attorneys' Fees and Expense Award, or the allocation of the Attorneys' Fees and Expense Award, and reserve their right to object.

7.4     It is agreed that the procedure for and the allowance or disallowance by the Court of the Fee and Expense Application shall be considered by the Court separate and apart from its consideration of the fairness, reasonableness, and adequacy of the Settlement, and any order or proceeding relating to the Fee and Expense Application, and any appeal of any order relating thereto or reversal or modification thereof, shall not operate to, or be grounds to, terminate, modify, or cancel this Stipulation or affect or delay its finality, and shall have no effect on the terms of this Stipulation or on the validity or enforceability of this Settlement. The approval, finality, and

**EXECUTION VERSION**

effectiveness of the Settlement shall not be contingent on any award of attorneys' fees and expenses, or on any Service Awards to Plaintiffs.

## VIII.    THE PRELIMINARY APPROVAL ORDER

8.1    Plaintiffs will move for preliminary approval of this Settlement no later than 30 calendar days after the Execution Date, or as otherwise agreed by the Parties or ordered by the Court, and seek: (a) preliminary approval of the Settlement as set forth in this Stipulation; (b) the setting of deadlines for the notice program; (c) the setting of deadlines for Settlement Class Members to submit Claim Forms, requests for exclusion from the Settlement Classes (also known as "opt-out" requests), and file objections to the proposed Settlement, Plan of Allocation, and/or the Fee and Expense Application, including Service Awards to Plaintiffs; (d) the setting of the time, date, and location for Final Approval Hearing; (e) approval of Class Counsel's recommended Claims Administrator and Escrow Agent; and (f) approval of the form and content of the forms of notice. Plaintiffs will provide drafts of the motion for preliminary approval to Defendants' Counsel at least five (5) business days prior to the filing of the motion, unless otherwise agreed to by the Parties. The motion shall be written in a neutral manner that plainly states Plaintiffs' allegations and claims, while making clear that Defendants deny every allegation of wrongdoing and admit no liability. Defendants may provide comments regarding the motion, which Class Counsel will consider in good faith.

## IX.    SETTLEMENT CLASS CERTIFICATION

9.1    Solely for purposes of this Settlement, Defendants shall not oppose a request to: (i) certify the Settlement Classes for settlement purposes only, pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure; (ii) appoint Plaintiffs as representatives of the Settlement

STIPULATION AND AGREEMENT OF SETTLEMENT                    CASE NO. 19-cv-04286-BLF

**EXECUTION VERSION**

Classes; and (iii) appoint Class Counsel as class counsel pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

9.2    Defendants conditionally agree and consent to certification of the Settlement Classes for settlement purposes only, and within the context of this Stipulation only. If the Settlement, for any reason, does not become effective or is otherwise terminated, (a) the Parties reserve the right to assert any and all arguments for or objections and defenses to the certification of the Settlement Classes, to seek or oppose decertification of the Purchaser Class previously certified by the Court, and to raise on appeal any and all arguments or objections previously raised in connection with certification of the Purchaser Class; (b) neither this Stipulation, nor any Order or other action related to the Settlement shall be offered by any Person as evidence in support of or in opposition to a request to certify or maintain certification of a class for a purpose other than settlement; (c) the Settlement proposed herein shall become null and void and shall have no legal effect and may not be used as a substantive basis for any legal argument in court or in any court filings; and (d) the Parties will return to their respective positions existing immediately before entering into the Binding Settlement Term Sheet.

**X.    THE JUDGMENT**

10.1    Following the issuance of Notice, and no later than 14 days before the Claim Filing Deadline and Objection/Exclusion Deadline, Plaintiffs shall file with the Court a motion for final approval of the Settlement and entry of a Final Judgment. The Final Judgment will (among other things):

(a) find that the Court has personal jurisdiction over all Settling Class Members and that the Court has subject matter jurisdiction to approve the Agreement, including all Exhibits thereto;

**EXECUTION VERSION**

(b) approve the Settlement Agreement and the proposed Settlement as fair, reasonable, and adequate as to, and in the best interests of, the Settling Class Members;

(c) direct the Parties and their counsel to implement and consummate the Agreement according to its terms and provisions; and declare the Agreement to be binding, and have res judicata and preclusive effect, on all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiff and the Releasing Parties with respect to the Released Claims;

(d) find that the Notice implemented pursuant to the Agreement: (i) constitutes the best practicable notice under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, their right to object to the Settlement or exclude themselves from the Settlement Class, and to appear at the Final Approval Hearing; (iii) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) meets all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, and the rules of the Court;

(e) find that Plaintiffs and Class Counsel adequately represent the Settlement Classes for purposes of entering into and implementing the Agreement;

(f) dismiss the Action (including all individual claims and Settlement Classes claims presented thereby) on the merits and with prejudice, without fees or costs to any party except as provided in the Settlement Agreement;

(g) incorporate the Releases set forth above, make the Releases effective as of the Effective Date, and forever discharge the Released Parties from the Released Claims as set forth herein;

STIPULATION AND AGREEMENT OF SETTLEMENT                CASE NO. 19-cv-04286-BLF

**EXECUTION VERSION**

(h) permanently bar and enjoin all Settlement Class Members who have not properly sought exclusion from the Settlement Class from initiating, asserting, prosecuting, intervening in, or participating (as class members or otherwise) in, any lawsuit or other action in any jurisdiction based on the Released Claims;

(i) without affecting the finality of the Final Judgment for purposes of appeal, retain jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement and the Final Judgment, and for any other necessary purpose; and

(j) incorporate any other provisions, as the Court deems necessary and just.

10.2    Plaintiffs will provide drafts of the motion for final approval to Defendants' Counsel at least five (5) business days prior to the filing of the motion, unless otherwise agreed to by the Parties. The motion shall be written in a neutral manner that plainly states Plaintiffs' allegations and claims, while making clear that Defendants deny every allegation of wrongdoing and admit no liability. Defendants may provide comments regarding the motion, which Class Counsel will consider in good faith.

## XI.    EFFECTIVE DATE OF SETTLEMENT; TERMINATION

11.1    The Effective Date of the Settlement shall be the date on which all of the following events or conditions have occurred:

(a)    the Court has entered the Preliminary Approval Order in all material respects;

(b)    Defendants have not validly exercised their right (if applicable) to terminate the Settlement pursuant to ¶¶ 11.3 or 11.4, and their right (if applicable) to do so has expired in accordance with the terms of the Stipulation;

**EXECUTION VERSION**

(c)      Plaintiffs have not exercised their right (if applicable) to terminate the Settlement pursuant to ¶ 11.3, and their right (if applicable) to do so has expired in accordance with the terms of the Stipulation; and

(d)      the Court has entered the Final Judgment following issuance of notice to the Settlement Classes, that approves the Settlement, and such Final Judgment has become Final.

11.2    Upon the occurrence of all of the events and conditions referenced in ¶ 11.1, any obligation (if otherwise applicable) of the Escrow Agent to return any funds from the Settlement Fund to Defendants pursuant to ¶ 11.6 or any other provision of this Stipulation shall be absolutely and forever extinguished.

11.3    Defendants, or Plaintiffs, through their respective counsel, shall each, in their respective discretion, have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so ("Termination Notice") to all other counsel for the Parties within 14 calendar days of:

(a)      the Court's Final non-appealable refusal to enter the Preliminary Approval Order in any material respect;

(b)      the Court's Final non-appealable refusal to approve this Stipulation or any material part of it (except with respect to any decision by the Court concerning the Fee and Expense Application and Plan of Allocation);

(c)      the Court's Final non-appealable refusal to enter the Final Judgment in any material respect; or

STIPULATION AND AGREEMENT OF SETTLEMENT        CASE NO. 19-cv-04286-BLF

**EXECUTION VERSION**

(d)     the date on which the Final Judgment is modified or reversed in any material respect by a Court of Appeals or the United States Supreme Court and such modification or reversal has become Final.

11.4    If, prior to the Final Approval Hearing, (a) one or more Persons who otherwise would be Settlement Class Members have timely submitted a valid Request for Exclusion from the Settlement Classes in accordance with the provisions of this Agreement and the Preliminary Approval Order and the notice issued pursuant thereto, and who have not retracted their Request for Exclusion before the Final Approval Hearing; and (b) the number of such Persons who timely submitted valid Requests for Exclusion from the Settlement Classes exceeds ████ (the "Termination Threshold"), then Defendants, in their sole discretion, shall have the option to terminate this Stipulation and Settlement. Any individual claimants, including those that have filed actions, served demand letters, commenced arbitrations, or otherwise indicated their intent to pursue their claims individually that are known as of the date of Preliminary Approval, shall be excluded from the calculation of the Termination Threshold.  The Termination Threshold number shall be presented to the Court under seal.

11.4.1  The Claims Administrator shall provide copies of all Requests for Exclusion and materials submitted therewith (including untimely requests and revocations of requests) to Class Counsel and Defendants' Counsel in accordance with ¶ 4.10. The Claims Administrator shall provide to the Parties (a) a list of all persons who opted out by validly requesting exclusion and (b) each written Request for Exclusion, including both valid and invalid requests, in accordance with ¶ 4.10.

STIPULATION AND AGREEMENT OF SETTLEMENT                    CASE NO. 19-cv-04286-BLF

**EXECUTION VERSION**

11.4.2  Defendants shall be entitled to exercise their option to terminate under ¶ 11.4 by providing Class Counsel with written notice of their intent to terminate the Settlement at least seven (7) calendar days prior to the Final Approval Hearing. Such notification of termination shall effect an immediate termination of the Settlement Agreement.

11.4.3  Neither Party will solicit Settlement Class Members to opt out of the Settlement Classes.

11.4.4  Class Counsel shall, however, have the opportunity to seek retraction of any Request for Exclusion prior to the Final Approval Hearing by attempting to persuade any Settlement Class Members who have requested exclusion to retract their Request for Exclusion. If any such Settlement Class Members retracts his, her, or its Request for Exclusion, any Parties' counsel (as well as the Claims Administrator) who receives a copy of such retraction shall promptly notify counsel for all other Parties by email.  If Defendants have validly exercised their option to terminate the Settlement pursuant to ¶ 11.4 above, but sufficient Requests for Exclusion have been retracted such that the remaining Requests for Exclusion do not meet the Termination Threshold, then Defendants shall withdraw their notice of termination.

11.4.5  To retract a prior Request for Exclusion, a Settlement Class Member must provide to either Defendants' Counsel, Class Counsel, the Claims Administrator, or the Court, at least two business days prior to the Final Approval Hearing, a signed written statement stating his or her desire to retract or withdraw his or her Request for Exclusion.

**EXECUTION VERSION**

11.4.6 Any dispute among the Parties concerning the interpretation or application of provisions of ¶ 11.4 and its subparagraphs shall be presented to Judge Westmore, or another neutral agreed upon by the Parties, for resolution upon the application of any Party. Any disputes concerning the interpretation or application of ¶ 11.4 and its subparagraphs shall be submitted under seal to the Court.

11.5    If any Party is in material breach of the terms of this Agreement, any other Party, provided that it is in substantial compliance with the terms of this Agreement, may terminate this Agreement on notice to all of the Parties.

11.6    Except as otherwise provided herein, in the event that the Settlement is terminated in accordance with its terms, the Final Judgment is vacated, or the Effective Date fails to occur, then: (a) the Parties shall be deemed to have reverted to their respective statuses and positions in the Action prior to entering into the Binding Settlement Term Sheet, and the fact and terms of the Binding Settlement Term Sheet and Settlement shall not be admissible in any trial of the Action and, except as otherwise expressly provided, the Parties shall proceed in all respects as if the Binding Settlement Term Sheet, this Stipulation, and any related orders had not been entered; and (b) any portion of the Settlement Amount previously paid by or on behalf of Defendants, together with any interest earned thereon (and, if applicable, repayment of the Attorneys' Fees and Expense Award), less any actual Notice and Administration Expenses and Tax Expenses paid or incurred at such time and any Taxes paid or due, shall be returned within 10 business days after the date of the event causing termination to the Defendants, insurer, or other entity that contributed the funds.

11.7    If this Stipulation is terminated pursuant to its terms at the request of Defendants or the Plaintiffs, then the Escrow Agent or the Escrow Agent's designee shall: (a) apply for any

STIPULATION AND AGREEMENT OF SETTLEMENT                    CASE NO. 19-cv-04286-BLF

**EXECUTION VERSION**

tax refund owed to the Settlement Fund; and (b) pay the proceeds of any tax refund, after deduction of any fees and expenses incurred in connection with such refund application(s), to Defendants.

## XII.    MISCELLANEOUS PROVISIONS

12.1    The Parties acknowledge that it is their intent to consummate the Settlement contemplated by this Stipulation. The Settlement shall be the sole and exclusive remedy for any and all Released Claims of Settling Class Members. Upon entry of the Final Judgment, each Settling Class Member shall be barred from initiating, asserting, or prosecuting against Defendants any Released Claims. In the event any Settling Class Member attempts to prosecute an action involving or concerning any Released Claims in contravention of the Final Judgment and the Settlement Agreement, counsel for any of the Parties may forward the Settlement Agreement and the Final Judgment to such Settling Class Member and advise him, her, or it of the releases provided pursuant to the Settlement Agreement.

12.2    The Parties shall use their best efforts and take all necessary steps to consummate the Settlement contemplated herein, and the Parties and their respective counsel agree to cooperate reasonably with one another in seeking judicial approval of the Preliminary Approval Order, the Stipulation and the Settlement, and the entry of the Final Judgment, and to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final judicial approval of the Settlement and to effectuate and implement all terms and conditions of this Stipulation.

12.3    The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall also retain exclusive and continuing jurisdiction for purposes of, *inter alia*, entering orders relating to the Fee and Expense Application, the Plan of Allocation, and the enforcement of the terms of this Stipulation. The

**EXECUTION VERSION**

Parties agree to mediate any dispute or claim arising out of or relating to the enforcement of this Stipulation. In the event the Parties are unable to resolve any such dispute or claim through mediation, any party may seek relief from the Court.

12.4    The Parties agree that the Settlement Amount, and the other terms of the Settlement, were negotiated at arm's-length by experienced and competent legal counsel and in good faith by the Parties.

12.5    By executing this Stipulation, each of the Parties represents that they have the right, legal capacity, power, and authority to enter into this Stipulation and to perform their obligations hereunder, without requiring additional consent, approval, or authorization of any other person, board, entity, tribunal, or other regulatory or governmental authority.

12.6    Each Party represents and warrants that they have had the opportunity to be represented by counsel of their choice throughout the negotiations which preceded the execution of this Stipulation and in connection with the preparation and execution of this Stipulation, and that they have been afforded sufficient time and opportunity to review this Stipulation with counsel of their choice.

12.7    Each Party agrees that no representations, warranties, inducements, covenants, or promises of any kind or character have been made by any other Party or Released Party, or anyone else to induce the execution of this Stipulation except as expressly provided in this Stipulation, and that this Stipulation together with the Supplemental Agreement constitutes the entire agreement between the Parties.

12.7.1 Plaintiffs' Counsel represents (1) that they have not been retained by any other person or entity related to any claims against Defendants asserted in the Action, (2) that they have not been informed of any desire by any person to pursue a claim

STIPULATION AND AGREEMENT OF SETTLEMENT                    CASE NO. 19-cv-04286-BLF

**EXECUTION VERSION**

against Defendants related to the claims asserted in the Action, and (3) that they do not have any referral agreement or arrangement in place with any lawyer or firm related to potential claims against Defendants related to the claims asserted in the Action.

12.8    No amendment or modification of this Stipulation shall be effective unless in writing and signed by, or on behalf of, all of the Parties.

12.9    Whenever this Stipulation requires or contemplates that a Defendant shall or may give notice to Plaintiffs (or Class Counsel), or that Plaintiffs shall or may give notice to a Defendants (or Defendants' Counsel), unless otherwise specified such notice shall be provided by email and next business day express delivery service, as set forth below, to the below-listed counsel:

If to Plaintiffs or Class Counsel:

Erin Green Comite
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
The Helmsley Building
230 Park Avenue, 24th Floor
New York, NY 10169-1820
Telephone: (212) 223-6444
Facsimile:  (212) 223-6334
ecomite@scott-scott.com

Christian Levis
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: (914) 997-0500
Facsimile:  (914) 997-0035
clevis@lowey.com

If to Defendants or Defendants' Counsel:

Sunita Bali
**PERKINS COIE LLP**

STIPULATION AND AGREEMENT OF SETTLEMENT                    CASE NO. 19-cv-04286-BLF

**EXECUTION VERSION**

505 Howard Street, Suite 1000
San Francisco, CA 94105
Telephone: (415) 344-7000
sbali@perkinscoie.com

12.10   Except as otherwise provided herein, each Party shall bear its own costs. The Attorneys' Fees and Expense Award shall be paid only out of the Settlement Fund, and the Released Parties shall have no obligation with respect to the payment of said attorneys' fees and expenses.

12.11   Class Counsel, on behalf of the Settlement Classes, is expressly authorized to take all appropriate action required or permitted to be taken by the Settlement Classes pursuant to this Stipulation to effectuate its terms, and to enter into any written modifications or amendments to this Stipulation on behalf of the Settlement Classes.

12.12   This Stipulation shall be binding upon, and inure to the benefit of, the successors, assigns, executors, administrators, heirs, and representatives of the Parties. No assignment shall relieve any Party hereto of any obligations hereunder.

12.13   This Stipulation and the Supplemental Agreement shall be deemed to have been executed and delivered in the State of California, and shall be construed and enforced in accordance with, and governed by, the laws of the State of California without regard to the conflict of law rules of the State of California.

12.14   Plaintiffs, on behalf of themselves and each Settlement Class Member, as well as the other Parties, hereby irrevocably submit to the jurisdiction of the Court for any suit, action, proceeding, or dispute arising out of or relating to this Stipulation, the applicability of this Stipulation, or the enforcement of this Stipulation.

**EXECUTION VERSION**

12.15   The Parties acknowledge that each Party has participated jointly and equally in the negotiation and preparation of this Stipulation. In the event an ambiguity or question of intent or interpretation arises, such ambiguity or question shall not be construed against any Party, and no presumption or burden of proof shall arise from favoring or disfavoring any Party solely by virtue of the authorship of any of the provisions of this Stipulation, and instead this Stipulation shall be construed as if each Party participated equally in the drafting of all such provisions.

12.16   The Parties expressly acknowledge that nothing in this Stipulation, including payment into the Settlement Fund, constitutes an admission of liability by Defendants or an admission by Defendants as to the merits of any allegations made in this Action. All Parties hereto have entered into this Stipulation, and are entering into the Settlement, to avoid the costs and uncertainties of continued litigation. Defendants deny Plaintiffs' allegations and maintain that they have good and meritorious defenses to Plaintiffs' claims of liability and damages. No Party hereby makes any admission or concession as to the merits of the Action, liability, damages, or to the strength or accuracy of the opposing Party's positions. The Stipulation shall be for settlement purposes only, and nothing in the Stipulation shall constitute, be construed as, or be admissible in evidence as any admission of the validity of any claim or any fact alleged by Plaintiffs in this Action or in any other pending or subsequently filed action, or of any wrongdoing, fault, violation of law, or liability of any kind on the part of Defendants or admission by any of the Parties of the validity or lack thereof of any claim, allegation, or defense asserted in the Action or in any other action.

12.17   The Parties agree not to assert in any forum that the Action was brought or litigated by Plaintiffs (or any other Settling Class Member or their counsel), or defended by any Defendant (or any Person previously named as a defendant in this matter or their counsel), in bad faith or

STIPULATION AND AGREEMENT OF SETTLEMENT                CASE NO. 19-cv-04286-BLF

**EXECUTION VERSION**

without a reasonable basis, and further agree not to assert in any forum that any Party or their counsel violated any provision of Rule 11 of the Federal Rules of Civil Procedure, or any other similar statute, rule, or law, relating to the commencement, prosecution, maintenance, defense, litigation or settlement of the Action.

12.18   The headings in this Stipulation are used for purposes of convenience and ease of reference only and are not meant to have legal effect.

12.19   The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver by any other Party of such breach, nor shall it be deemed a waiver of any other breach of this Stipulation, including any prior or subsequent breach of this Stipulation. The provisions of this Stipulation may not be waived except by a writing signed by the affected Party or counsel for that Party. No failure or delay on the part of any Party in exercising any right, remedy, power, or privilege under this Stipulation shall operate as a waiver thereof or of any other right, remedy, power, or privilege of such Party under this Stipulation; nor shall any single or partial exercise of any right, remedy, power, or privilege under this Stipulation on the part of any Party operate as a waiver thereof or of any other right, remedy, power, or privilege of such Party under this Stipulation, or preclude further exercise thereof or the exercise of any other right, remedy, power, or privilege.

12.20   This Stipulation may be executed in one or more original, photocopied, PDF copies or facsimile counterparts, and facsimile, electronically imaged or scanned signatures shall have the same force and effect as original signatures, and the exchange of fully executed copies of this Stipulation may similarly be effectuated by emailed PDF to the email addresses shown below for the Parties' respective counsel. If executed in counterparts, this Stipulation shall not be binding until all Parties have signed and delivered a counterpart of this Stipulation whether by mail,

STIPULATION AND AGREEMENT OF SETTLEMENT                    CASE NO. 19-cv-04286-BLF

**EXECUTION VERSION**

facsimile, or electronic mail. All executed counterparts and each of them shall be deemed to be one and the same instrument. A copy of the complete set of executed counterparts of this Stipulation shall be electronically filed with the Court.

12.21   Except as otherwise provided herein, the terms of this Stipulation shall remain confidential until publicly filed with the Court for approval. Nothing in this ¶ 12.21 shall prohibit any Party from disclosing the Settlement Amount, or any other term of this Stipulation: (a) if either Party believes in good faith that the disclosure is required by law or other mandatory disclosure obligation; or (b) as reasonably necessary to their respective attorneys, accountants, tax advisors, insurers, investors, potential investors, or employees. In the event that the Stipulation must be produced in response to compulsory process, the Party subject to production shall notify the non-producing Party or Parties with sufficient time to allow that Party or Parties to object to production.

///

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

STIPULATION AND AGREEMENT OF SETTLEMENT                    CASE NO. 19-cv-04286-BLF

**EXECUTION VERSION**

1

2          IN WITNESS WHEREOF, the Parties, intending to be legally bound by this Stipulation,

3    have caused this Stipulation to be executed, by their duly authorized attorneys, as of January 22,

4    2026.

5    ***On Behalf of Plaintiffs individually and the***          ***On Behalf of Defendants Google LLC and***
     ***Proposed Settlement Classes***                            ***Alphabet Inc.***

6    /s/ _____                                 /s/ _Cassandra Knight_
                                                                  _____
7    Asif Kumandan, individually and as                           Cassandra Knight
     representative of the Settlement Classes                     Vice President of Litigation & Discovery on
                                                                  behalf of Google LLC and Alphabet, Inc.
8    /s/ _____

9    Melissa Spurr, individually and as guardian
     of B.S., a minor, and as representative of the
10   Settlement Classes

11   /s/ _____

12   Lourdes Galvan, individually and as
     representative of the Settlement Classes

13   /s/ _____

14   Eleeanna Galvan, individually and as
     representative of the Settlement Classes

15   /s/ _Erin Green Comite_                                      **Approved as to form and content:**

16   Erin Green Comite (*pro hac vice*)                           /s/ _____
     Joseph P. Guglielmo (*pro hac vice*)
17   **SCOTT+SCOTT**                                              Bobbie J. Wilson, Bar No. 148317
     **ATTORNEYS AT LAW LLP**                                     BWilson@perkinscoie.com
18   The Helmsley Building                                        Sunita Bali, Bar No. 274108
     230 Park Avenue, 24th Floor                                  SBali@perkinscoie.com
19   New York, NY 10169-1820                                      Elliott J. Joh, Bar No. 264927
     Telephone: (212) 223-6444                                    EJoh@perkinscoie.com
20   Facsimile:  (212) 223-6334                                   **PERKINS COIE LLP**
     ecomite@scott-scott.com                                      505 Howard Street, Suite 1000
21   jguglielmo@scott-scott.com                                   San Francisco, California 94105
                                                                  Telephone: +1.415.344.7000
22   Vincent Briganti (*pro hac vice*)                            Facsimile: +1.415.344.7050
     Christian Levis (*pro hac vice*)
23   Margaret MacLean (*pro hac vice*)                            Erin K. Earl (pro hac vice)
     Andrea Farah (*pro hac vice*)                                EEarl@perkinscoie.com
24   **LOWEY DANNENBERG, P.C.**                                   **PERKINS COIE LLP**
     44 South Broadway, Suite 1100                                1201 Third Avenue, Suite 4900
25                                                                Seattle, Washington 98101-3099

---
49

**EXECUTION VERSION**

White Plains, NY 10601
Telephone: (914) 997-0500
Facsimile:  (914) 997-0035
vbriganti@lowey.com
clevis@lowey.com
mmaclean@lowey.com
afarah@lowey.com

*Proposed Class Counsel and Attorneys for
Plaintiffs and the Proposed Settlement
Classes*

Mark N. Todzo (Bar No. 168389)
Patrick Carey (Bar No. 308623)
**LEXINGTON LAW GROUP**
503 Divisadero Street
San Francisco, CA  94117
Telephone: (415) 913-7800
Facsimile:  (415) 759-4112
mtodzo@lexlawgroup.com
pcarey@lexlawgroup.com

E. Kirk Wood (*pro hac vice* forthcoming)
**WOOD LAW FIRM**
P. O. Box 382434
Birmingham, AL 35238
Telephone: 205-612-0243
kirk@woodlawfirmllc.com

*Additional Counsel for Plaintiffs*

Telephone: +1.206.359.8000
Facsimile: +1.206.359.9000

Justin Potesta, Bar No. 314133
JPotesta@perkinscoie.com
**PERKINS COIE LLP**
405 Colorado Street, Suite 1700
Austin, TX 78701
Telephone: +1.737.256.6100
Facsimile: +1.737.256.6300

*Attorneys for Defendants
Alphabet Inc. and Google LLC*

50

**EXECUTION VERSION**

IN WITNESS WHEREOF, the Parties, intending to be legally bound by this Stipulation, have caused this Stipulation to be executed by each Party or its duly authorized attorneys as set forth below:

| | |
|---|---|
| ***On Behalf of Plaintiffs individually and the Proposed Settlement Classes*** | ***On Behalf of Defendants Google LLC and Alphabet Inc.*** |

*Asif Kumandan*
Asif Kumandan (Jan 22, 2026 12:05:51 EST)
_____
Asif Kumandan, individually and as
representative of the Settlement Classes

_____
Cassandra Knight
Vice President of Litigation & Discovery on
behalf of Google LLC and Alphabet, Inc.

_____
Melissa Spurr, individually and as guardian
of B.S., a minor, and as representative of the
Settlement Classes

_____
Lourdes Galvan, individually and as
representative of the Settlement Classes

_____
Eleeanna Galvan, individually and as
representative of the Settlement Classes

/s/
_____
Erin Green Comite (*pro hac vice*)
Joseph P. Guglielmo (*pro hac vice*)
**SCOTT+SCOTT**
**ATTORNEYS AT LAW LLP**
The Helmsley Building
230 Park Avenue, 24th Floor
New York, NY 10169-1820
Telephone: (212) 223-6444
Facsimile:  (212) 223-6334
ecomite@scott-scott.com
jguglielmo@scott-scott.com

Vincent Briganti (*pro hac vice*)
Christian Levis (*pro hac vice*)
Margaret MacLean (*pro hac vice*)
Andrea Farah (*pro hac vice*)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601

**Approved as to form and content:**

/s/
_____
Bobbie J. Wilson, Bar No. 148317
BWilson@perkinscoie.com
Sunita Bali, Bar No. 274108
SBali@perkinscoie.com
Elliott J. Joh, Bar No. 264927
EJoh@perkinscoie.com
**PERKINS COIE LLP**
505 Howard Street, Suite 1000
San Francisco, California 94105
Telephone: +1.415.344.7000
Facsimile: +1.415.344.7050

Erin K. Earl (pro hac vice)
EEarl@perkinscoie.com
**PERKINS COIE LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: +1.206.359.8000

STIPULATION AND AGREEMENT OF SETTLEMENT                    CASE NO. 19-cv-04286-BLF

**EXECUTION VERSION**

IN WITNESS WHEREOF, the Parties, intending to be legally bound by this Stipulation, have caused this Stipulation to be executed by each Party or its duly authorized attorneys as set forth below:

**On Behalf of Plaintiffs individually and the Proposed Settlement Classes**

**On Behalf of Defendants Google LLC and Alphabet Inc.**

_____
Asif Kumandan, individually and as representative of the Settlement Classes

_____
Cassandra Knight
Vice President of Litigation & Discovery on behalf of Google LLC and Alphabet, Inc.

_____
Melissa Spurr, individually and as guardian of B.S., a minor, and as representative of the Settlement Classes

_____
Lourdes Galvan, individually and as representative of the Settlement Classes

_____
Eleeanna Galvan, individually and as representative of the Settlement Classes

**Approved as to form and content:**

/s/
_____
Erin Green Comite (*pro hac vice*)
Joseph P. Guglielmo (*pro hac vice*)
**SCOTT+SCOTT**
**ATTORNEYS AT LAW LLP**
The Helmsley Building
230 Park Avenue, 24th Floor
New York, NY 10169-1820
Telephone: (212) 223-6444
Facsimile:  (212) 223-6334
ecomite@scott-scott.com
jguglielmo@scott-scott.com

/s/
_____
Bobbie J. Wilson, Bar No. 148317
BWilson@perkinscoie.com
Sunita Bali, Bar No. 274108
SBali@perkinscoie.com
Elliott J. Joh, Bar No. 264927
EJoh@perkinscoie.com
**PERKINS COIE LLP**
505 Howard Street, Suite 1000
San Francisco, California 94105
Telephone: +1.415.344.7000
Facsimile: +1.415.344.7050

Vincent Briganti (*pro hac vice*)
Christian Levis (*pro hac vice*)
Margaret MacLean (*pro hac vice*)
Andrea Farah (*pro hac vice*)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601

Erin K. Earl (pro hac vice)
EEarl@perkinscoie.com
**PERKINS COIE LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: +1.206.359.8000

STIPULATION AND AGREEMENT OF SETTLEMENT                    CASE NO. 19-cv-04286-BLF

EXECUTION VERSION

1

IN WITNESS WHEREOF, the Parties, intending to be legally bound by this Stipulation,

2

have caused this Stipulation to be executed by each Party or its duly authorized attorneys as set

3

forth below:

4

*On Behalf of Plaintiffs individually and the*
*Proposed Settlement Classes*

5

*On Behalf of Defendants Google LLC and*
*Alphabet Inc.*

6

_____
Asif Kumandan, individually and as
representative of the Settlement Classes

7

_____
Cassandra Knight
Vice President of Litigation & Discovery on
behalf of Google LLC and Alphabet, Inc.

8

_____
Melissa Spurr, individually and as guardian

9

of B.S., a minor, and as representative of the
Settlement Classes

10

11

Lourdes Galvan, individually and as
representative of the Settlement Classes

12

13

Eleeanna Galvan, individually and as
representative of the Settlement Classes

14

**Approved as to form and content:**

15

/s/ _____
Erin Green Comite (*pro hac vice*)
Joseph P. Guglielmo (*pro hac vice*)

16

/s/ _____
Bobbie J. Wilson, Bar No. 148317
BWilson@perkinscoie.com

**SCOTT+SCOTT**
**ATTORNEYS AT LAW LLP**

17

Sunita Bali, Bar No. 274108
SBali@perkinscoie.com
Elliott J. Joh, Bar No. 264927

The Helmsley Building
230 Park Avenue, 24th Floor

18

EJoh@perkinscoie.com
**PERKINS COIE LLP**

New York, NY 10169-1820
Telephone: (212) 223-6444

19

505 Howard Street, Suite 1000
San Francisco, California 94105

Facsimile: (212) 223-6334
ecomite@scott-scott.com

20

Telephone: +1.415.344.7000
Facsimile: +1.415.344.7050

jguglielmo@scott-scott.com

21

Vincent Briganti (*pro hac vice*)
Christian Levis (*pro hac vice*)

22

Erin K. Earl (*pro hac vice*)
EEarl@perkinscoie.com

Margaret MacLean (*pro hac vice*)
Andrea Farah (*pro hac vice*)

23

**PERKINS COIE LLP**
1201 Third Avenue, Suite 4900

**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100

Seattle, Washington 98101-3099
Telephone: +1.206.359.8000

24

White Plains, NY 10601

25

STIPULATION AND AGREEMENT OF SETTLEMENT                    CASE NO. 19-cv-04286-BLF

# EXHIBIT A

To:             [Class Member Email Address]
From:           info@googleassistantprivacylitigation.com
Subject:        Google Assistant Class Action Settlement

---

**If, between May 16, 2016 and [date of Preliminary Approval], (a) you purchased a Google-Made Device, or (b) your communications were recorded or otherwise obtained by Google Assistant as a result of a False Accept or disclosed to a third-party review vendor, you could be entitled to payment from a class action Settlement**

«First Name» «Last Name»
Unique ID: «Notice ID»
PIN: «Confirmation Code»

You may qualify to get a payment from a Settlement with Defendants Google LLC and Alphabet Inc. ("Google") in a class action lawsuit. The lawsuit claims Google violated the law and its own privacy policies with respect to the operation of Google Assistant. Google denies all of the allegations made in the lawsuit and that it did anything improper or unlawful. The Court has not made any determination as to who is right or whether Google did anything wrong.  The United States District Court for the Northern District of California approved this notice.

- **Am I included?**

Generally, you are included if you are a member of one or both Settlement Classes:

- You are a member of the *Purchaser Settlement Class* if you are a User who purchased a Google-Made Device in the United States or its territories between May 16, 2016 and [date of Preliminary Approval].

- You are a member of the *Privacy Settlement Class* if you are a User of Google Assistant or were a member of a User's Household between May 16, 2016 and [date of Preliminary Approval] and your communications were recorded or otherwise obtained by Google Assistant as a result of a False Accept or disclosed to any third-party review vendor.

  - "Users" are individuals who reside in the United States or its territories whose Google accounts were associated with at least one Google Assistant Enabled Device during the Class Period;

  - "Household" is a group of individuals sharing a common abode.

  - "Google Assistant Enabled Devices" are devices that come with Google Assistant pre-installed or on which Google Assistant can be downloaded;

- ▪ "Google-Made Devices" are Google Assistant Enabled Devices manufactured and sold by Google either directly or through third-party retailers, including Google's own smart home speakers (Google Home, Home Mini, and Home Max); smart displays (Google Nest Hub, and Nest Hub Max); and Pixel smartphones;

- ▪ "False Accept" is an instance where a Google Assistant Enabled Device records and transmits audio data to Google's servers because a Hot Word was detected although a Hot Word was not spoken; and

- ▪ "Hot Word" is a word or phrase (such as "OK Google" or "Hey Google") which can be used to activate Google Assistant on certain Google Assistant Enabled Devices.

Certain people are excluded from the Settlement Classes. The list of excluded individuals is available here.

If you are a member of one or both of the Settlement Classes, then you are eligible under the terms of the Settlement to submit a Claim Form to receive a payment if the Court approves the Settlement and it becomes final. You are not necessarily a member of either or both Settlement Classes simply because you received this notice; you could be a member of one (or none) of the Settlement Classes. Please read each definition carefully and refer to the additional information on the Settlement Website, **www.googleassistantprivacylitigation.com**, to determine whether you are a member of either or both Settlement Classes.

- ● **What does the Settlement provide?**

Google has agreed to pay $68,000,000 into a Settlement Fund. The Net Settlement Fund (that is, the Settlement Fund minus notice and administration costs, escrow fees, taxes, tax expenses, and any Court-approved attorneys' fees and expenses and service awards to Plaintiffs) will be used to pay Settlement Class Members who submit a valid and timely Claim Form.

- ● **What are the expected payments?**

At this time, it is unknown how much each Settlement Class Member who files a valid claim will receive. Money will be paid proportionally to eligible Settlement Class Members according to the proposed Plan of Allocation, which can be found here.

- ● **How do I file a claim?**

**To receive a payment, you must complete and timely submit a valid Claim Form by [date].** You may complete and submit an electronic Claim Form online at the Settlement Website, www.googleassistantprivacylitigation.com, or by mail to the address on the Claim Form postmarked by [date].  You can get a Claim Form at the Settlement Website or by calling 1-877-411-4704.

Claim Forms should be submitted individually by each Settling Class Member and not a third party, except for parents/guardians submitting a Claim Form on behalf of a minor Settling Class

Member. Claim Forms submitted *en masse* will be rejected. The Claim Form requires that you confirm or update your current contact information and confirm under oath that you are a member of one of both of the Settlement Classes.

You may use the Unique ID and PIN at the top of this email to complete your Claim Form and confirm and update your contact information.

If you do not complete and submit a valid Claim Form, you will not receive a payment.

- **What are my rights?**

If you are included in the Settlement and you do nothing, your rights will be affected, and you won't get a payment. If you previously timely submitted a request for exclusion from the previously certified purchaser class, you remain opted out of this Settlement unless you choose to opt back in, such as by filing a Claim Form by [**date**]. If you want to keep your right to sue or continue to sue Google for the claims in this case and don't want to be legally bound by the Court's decisions, and you did not exclude yourself from the previously certified purchaser class by the deadline of September 9, 2024, you must exclude yourself from the Settlement by [**date**]. If you stay in the Settlement (*i.e.*, do not exclude yourself), you may object to it, the Plan of Allocation, or the request for attorneys' fees and expenses and service awards by [**date**]. A copy of Class Counsel's Motion for an Attorneys' Fees and Expense Award and for Plaintiffs' Service Awards will be available at www.googleassistantprivacylitigation.com by [**date**].

The Court will hold a Final Approval Hearing on [**DATE**] to consider if it will approve the Settlement and a request for attorneys' fees up to one-third of the Settlement Fund, expenses up to $1,600,000, and service awards up to $10,000 for each named Plaintiff. The hearing will be held on [**date**], at [**time**], at the United States District Court for the Northern District of California, San Jose Courthouse, 280 South 1st Street, Courtroom 1 – 5th Floor, San Jose, CA 95113.

You may ask for permission for you or your own lawyer to appear and speak at the Final Approval Hearing – at your own cost – **but you do not have to do so**.

More information about your options is in the detailed notice available at **www.googleassistantprivacylitigation.com**, or you may contact the Claims Administrator with any questions:

Google Assistant Privacy Settlement
c/o A.B. Data, Ltd.
P.O. Box 170500
Milwaukee, WI 53217
info@googleassistantprivacylitigation.com
877-411-4704

You may also access the docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California at any of the Court's locations between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

PLEASE DO NOT CALL THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT

**BY ORDER OF THE U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA.**

To unsubscribe from this list, please click on the following link: <u>Unsubscribe</u>

# EXHIBIT B

**To:**          [Class Member Email Address]
**From:**        info@googleassistantprivacylitigation.com
**Subject:**     Google Assistant Class Action Settlement

# REMINDER

**If, between May 16, 2016 and [date of Preliminary Approval], (a) you purchased a Google-Made Device, or (b) your communications were recorded or otherwise obtained by Google Assistant as a result of a False Accept or disclosed to a third-party review vendor, you could be entitled to payment from a class action Settlement**

«First Name» «Last Name»
Unique ID: «Notice ID»
PIN: «Confirmation Code»

We previously sent you an email because records show you may be eligible for a payment from a Settlement with Defendants Google LLC and Alphabet Inc. ("Google"). **To get money from this Settlement, you must file a Claim**.  If you already filed your Claim, you do not need to take any action.

The deadline to file a claim is [**Month 00, 2026**].  Go to **www.GoogleAssistantPrivacyLitigation.com to file a Claim online.** You can also file a Claim by mail.

For more information or to file a claim:
**www.GoogleAssistantPrivacyLitigation.com**
**877-411-4704**

To unsubscribe from this list, please click on the following link: Unsubscribe

# EXHIBIT C

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

## UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

*A court authorized this Notice.  This is <u>not</u> a solicitation from a lawyer. You are <u>not</u> being sued.*

---

**If, between May 16, 2016 and [date of Preliminary Approval], (a) you purchased a Google-Made Device, or (b) your communications were recorded or otherwise obtained by Google Assistant as a result of a False Accept or disclosed to a third-party review vendor, you may be entitled to payment from a class action Settlement**

- There is a settlement in a class action lawsuit that claims Defendants Google LLC and Alphabet Inc. ("Google") violated the law and its own privacy policies with respect to the operation of Google Assistant. Google denies all of the allegations made in the lawsuit and that it did anything improper or unlawful.

- Generally, you are included in the Settlement if, between May 16, 2016 and [date of Preliminary Approval], (a) you purchased a Google-Made Device, or (b) your communications were recorded or otherwise obtained by Google Assistant as a result of a False Accept or disclosed to a third-party review vendor.[1] (*See* Questions 6-7 about who is and is not included.) If you qualify, you may be able to get money from this Settlement.

- You may have seen a previous notice that the Court certified a class of Google-Made Device purchasers ("Purchaser Class"). While Google-Made Device purchasers are included in this Settlement, the class period was extended to [date of Preliminary Approval] and the Settlement includes an additional Privacy Settlement Class. Please review this Notice carefully to determine whether you are part of one or both of the Settlement Classes and to understand your rights.

- A $68,000,000 Settlement Fund will pay money to Settlement Class Members, notice and administration costs, escrow fees, taxes and tax expenses, Court-approved attorneys' fees and expenses, and Court-approved service awards to the named Plaintiffs.

- **Your legal rights are affected whether you act or don't act. Please read this Notice carefully.**

---

[1] The terms of the Settlement are in the Stipulation and Agreement of Settlement, dated [DATE], which can be viewed at www.googleassistantprivacylitigation.com. All capitalized terms not defined in this Notice have the same meanings as in the Agreement.

| **SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS** | | |
|---|---|---|
| **Option** | **Explanation** | **Deadline** |
| Stay in the Settlement Class(es), Submit a Claim Form, and Receive a Payment | You must submit a valid Claim Form to receive a payment. This is the only way to get a payment. You will give up your rights to sue Google on your own for the claims in the lawsuit. | **[DATE]** |
| Rejoin the Settlement Classes (only for individuals who opted out of the litigation by the September 9, 2024 deadline) | If you previously opted out from this litigation by the deadline of September 9, 2024, based on the notice of the certified Purchaser Class, you remain opted out of this Settlement unless you take steps to opt back in, such as by filing a Claim Form. | **[DATE]** |
| Exclude Yourself | Get no payment.

This is the only option that allows you to keep your right to be part of any other lawsuit against Google about the claims in this lawsuit.

If you previously opted out from this litigation by the deadline of September 9, 2024, based on the notice of the certified Purchaser Class, you remain opted out of this Settlement and do not need to opt out again. | **[DATE]** |
| Object to the Settlement | You can write to the Court about why you like or do not like the Settlement. | **[DATE]** |
| Attend a Hearing | Ask to speak in Court about the fairness of the Settlement. | **[DATE]** |
| Do Nothing | Get no payment.  Give up your rights to sue Google about the claims in this lawsuit. | |

- These rights and options – **and the deadlines to exercise them** – are explained in this Notice.

- The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be made only if the Court approves the Settlement and after any appeals are resolved. Please be patient.

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION** — 5

1. Why did I get this Notice? — 5
2. What is this lawsuit about? — 5
3. What are Google Assistant Enabled and Google-Made Devices? — 5
4. What is a class action? — 6
5. Why is there a Settlement? — 6

**WHO IS IN THE SETTLEMENT?** — 6

6. Who is in the Settlement? — 6
7. Who is not included? — 6
8. What should I do if I am still not sure whether I am included? — 7

**THE SETTLEMENT BENEFITS** — 7

9. What does the Settlement provide? — 7
10. How much will my payment be? — 8
11. What happens if there are funds remaining after distribution? — 8
12. What am I giving up if I stay in the Settlement? — 8

**HOW TO GET A PAYMENT** — 9

13. How can I get a payment? — 9
14. How do Settlement Class Members who are minors (under the age of 18) file a claim? — 9
15. When will I get my payment? — 9
16. How can I verify or update my mailing address? — 9
17. Can I file a claim if I excluded myself previously? — 9

**THE LAWYERS REPRESENTING YOU** — 10

18. Do I have a lawyer in the case? — 10
19. Should I get my own lawyer? — 10
20. How will the lawyers be paid? — 10

**EXCLUDING YOURSELF FROM THE SETTLEMENT** — 11

21. How do I get out of the Settlement? — 11
22. If I exclude myself from the Settlement, can I still get a payment? — 11
23. If I don't exclude myself, can I sue Google for the same thing later? — 11
24. What happens if I opt out? — 12
25. If I excluded myself earlier, do I need to exclude myself again? — 12
26. How do I cancel my previous opt out request? — 12

**OBJECTING TO THE SETTLEMENT** — 12

27. How do I tell the Court if I do not like the Settlement? — 12
28. If I object to the Settlement, can I still file a claim? — 13
29. What is the difference between objecting and asking to be excluded? — 13

**THE COURT'S FINAL APPROVAL HEARING**    **14**

30.    When and where will the Court decide whether to approve the Settlement?    14

31.    Do I have to come to the Final Approval Hearing?    14

32.    May I speak at the Final Approval Hearing?    14

**IF YOU DO NOTHING**    **15**

33.    What happens if I do nothing at all?    15

**GETTING MORE INFORMATION**    **15**

34.    Are more details about the Settlement available?    15

35.    How do I get more information?    15

## BASIC INFORMATION

### 1.  Why did I get this Notice?

The Court authorized this notice because you have a right to know about a proposed Settlement, and your rights and options, before the Court decides whether to approve the Settlement. This Notice explains the lawsuit, the Settlement, and your legal rights. It also describes the available benefits, who is eligible to receive them, and how to get them. Your legal rights are affected whether you act or not.

Judge Beth Labson Freeman, of the United States District Court for the Northern District of California, is in charge of this case and will decide whether to approve the Settlement. This lawsuit is known as *In re Google Assistant Privacy Litigation*, No. 4:19-cv-04286. The people who sued are called the "Plaintiffs." Google is the "Defendant."

If you have questions, you can visit the website **www.googleassistantprivacylitigation.com**, call toll-free 1-877-411-4704, or write to the Claims Administrator at the address below for more information.

Google Assistant Privacy Settlement
c/o A.B. Data, Ltd.
P.O. Box 170500
Milwaukee, WI 53217
info@googleassistantprivacylitigation.com

### 2.  What is this lawsuit about?

The lawsuit alleges that Google Assistant can activate and record communications even when a user does not intentionally trigger Google Assistant with a Hot Word, like "Okay Google," or manually activate Google Assistant on their device. Plaintiffs refer to such instances as "False Accepts" and allege that Google wrongfully collects, uses, and discloses user audio recordings from False Accepts, including to improve the speech recognition abilities of Google Assistant. Plaintiffs claim Google's conduct violates individuals' privacy rights, constitutes a breach of the privacy assurances that Google makes to users in its Privacy Policy, and is an unlawful practice. Google denies all of Plaintiffs' allegations. The Court has not made any determination as to who is right or whether Google did anything wrong.

This Notice is only a summary. More detail is provided in the Settlement Agreement, available at **www.googleassistantprivacylitigation.com**.

### 3.  What are Google-Made Devices and Google Assistant Enabled Devices?

Google-Made Devices are devices manufactured and sold by Google either directly or through third-party retailers that come with Google Assistant pre-installed or on which Google Assistant can be downloaded, including Google's smart home speakers (Google Home, Home Mini, and

Home Max); smart displays (Google Nest Hub, and Google Nest Hub Max); and Pixel smartphones.

Google Assistant Enabled Devices include both Google-Made Devices and non-Google made devices that come with Google Assistant pre-installed or on which Google Assistant can be downloaded, such as smartphones, smart speakers, smart displays, or smart TVs with a microphone. Household devices, such as thermostats, vacuums, humidifiers, and other electronic tools and devices that are not equipped with a microphone or that do not have Google Assistant pre-installed and do not have the capability of having a Google Assistant application downloaded onto them are not considered Google Assistant Enabled Devices.

4. **What is a class action?**

In a class action, one or more people called "class representatives" sue on behalf of themselves and other people who have similar claims. These people together are a "class" or "class members." One court decides the issues for all class members, except for those people who exclude themselves from the class.

In this case, Asif Kumandan is the class representative for the Purchaser Settlement Class and Asif Kumandan, Melissa Spurr, Lourdes Galvan, and Eleeanna Galvan are the class representatives for the Privacy Settlement Class. (*See* Question 6.)

5. **Why is there a Settlement?**

The Court did not decide in favor of the Plaintiffs or Google. Instead, both sides agreed to a Settlement. That way, both sides avoid the costs and risks of a trial, and the Settlement Class Members will receive the benefits described in this notice, whereas they might otherwise get nothing. The proposed Settlement does not mean that any law was broken or that Google did anything wrong. The class representatives and their attorneys think the Settlement is best for all Settlement Class Members.

### WHO IS IN THE SETTLEMENT?

6. **Who is in the Settlement?**

You are included in this Settlement and are a Settlement Class Member if you are a member of one or both of the following Settlement Classes:

- You are a member of the *Purchaser Settlement Class* if you are a User who purchased a Google-Made Device in the United States or its territories between May 16, 2016 and [date of Preliminary Approval].

- You are a member of the *Privacy Settlement Class* if you are a User of Google Assistant or were a member of a User's Household between May 16, 2016 and [date of Preliminary Approval] and your communications were recorded or otherwise obtained by Google Assistant as a result of a False Accept or disclosed to any third-party review vendor.

- "Users" are individuals who reside in the United States or its territories whose Google accounts were associated with at least one Google Assistant Enabled Device during the Class Period;

- "Household" is a group of individuals sharing a common abode.

- "Google Assistant Enabled Devices" are devices that come with Google Assistant pre-installed or on which Google Assistant can be downloaded;

- "Google-Made Devices" are Google Assistant Enabled Devices manufactured and sold by Google either directly or through third-party retailers, including Google's own smart home speakers (Google Home, Home Mini, and Home Max); smart displays (Google Nest Hub, and Nest Hub Max); and its Pixel smartphones;

- "False Accept" is an instance where a Google Assistant Enabled Device records and transmits audio data to Google's servers because a Hot Word was detected although a Hot Word was not spoken; and

- "Hot Word" is a word or phrase (such as "OK Google" or "Hey Google") which can be used to activate Google Assistant on certain Google Assistant Enabled Devices.

7. **Who is not included?**

You are not included in this Settlement if you are:

- Any judge or magistrate presiding over this lawsuit, or any members of their families or staff;
- Google, Google's subsidiaries, successors, predecessors, and any entity in which Google or its parent has a controlling interest and their current or former employees, officers, and directors;
- A person who properly executes and files a timely Request for Exclusion from the Settlement Classes (*see* Question 21);
- A person whose claims in this matter have been finally adjudicated on the merits or otherwise released;
- Any individual who previously opted out of the certified Purchaser Class, as identified at ECF No. 440-4, unless you choose to rejoin the Settlement Classes (*see* Question 26);
- Any individual who, no later than [**EXCLUSION DEADLINE**], both (A) file or serve a written arbitration demand, or provide written notice to Google of their intent to pursue arbitration against Google relating to the Released Claims, and (B) execute an individual release of their claims;
- Any legal representatives, successors, and assigns of any excluded persons; and
- Plaintiffs' Counsel and Defendants' Counsel.

8. **What should I do if I am still not sure whether I am included?**

If you are still not sure whether you are included in the Settlement or have any other questions, you can visit the website **www.googleassistantprivacylitigation.com**, call toll-free 1-877-411-4704, or write to the Claims Administrator at the address below for more information.

Google Assistant Privacy Settlement
c/o A.B. Data, Ltd.
P.O. Box 170500
Milwaukee, WI 53217
info@googleassistantprivacylitigation.com

**THE SETTLEMENT BENEFITS**

9. **What does the Settlement provide?**

If the Settlement is approved and becomes final, money will be provided to eligible Settlement Class Members. Google will pay $68 million into a Settlement Fund.  The Settlement Fund will be used to pay:

- Notice and administration costs;
- Escrow fees;
- Taxes (and tax expenses);
- Attorneys' fees and expenses authorized by the Court;
- Service awards for each named Plaintiff authorized by the Court; and
- Timely and valid Claims made by eligible Settlement Class Members.

The Settlement Agreement, available at **www.googleassistantprivacylitigation.com**, has more information.

10. **How much will my payment be?**

At this time, it is unknown how much each Settlement Class Member who files a timely and valid claim will receive.

The Net Settlement Fund (that is, the Settlement fund minus notice and administration costs, escrow fees, taxes and taxes expenses, and any Court-approved attorneys' fees and expenses and service awards to the named Plaintiffs) will be used to pay eligible Settlement Class Members based on a Plan of Allocation. The Plan of Allocation has been filed with the Court and is available for review at **www.googleassistantprivacylitigation.com**.

The Net Settlement Fund will be divided proportionally among members of the Purchaser Settlement Class and Privacy Settlement Class who file timely and valid Claim Forms based on the number of points allocated per timely and valid Claim Form. Claimants who are members of the Purchaser Settlement Class will be assigned four (4) points for every eligible Google-Made

Device included in their Claim, up to a cap of three (3) Google-Made Devices. Claimants who are members of the Privacy Settlement Class will be assigned one (1) point.

Money will be paid proportionally based on the total number of points for each Claimant.

Each Settlement Class Member must submit an individual Claim, except that parents or legal guardians must submit a Claim Form for a member of the Settlement Classes who is under the age of 18 as of [**date**].

The final payment amounts will not be known until the Claims Administrator determines the total number of eligible Claimants and the total number of points reflected by their Claim Forms.

### 11. **What happens if there are funds remaining after distribution?**

If there are any funds remaining after all Settlement distributions are made, to the extent feasible, the Claims Administrator will send a second distribution to Authorized Claimants who cashed their initial distribution from the Net Settlement Fund. If it is not feasible to distribute the remaining funds among such Authorized Claimants, the remaining funds will be distributed to a non-profit organization approved by the Court. No remaining funds will be returned to Google.

### 12. **What am I giving up if I stay in the Settlement?**

Unless you exclude yourself (or excluded yourself from the previously certified purchaser class and do not elect to rejoin the Settlement Classes) (*see* Questions 21-26), you <u>cannot</u> sue, continue to sue, or be part of any other legal proceeding against Google about the claims in this lawsuit. All of the Court's decisions will bind you. The "Releases" section in the Settlement Agreement describes the legal claims that you give up if you remain in the Settlement.

The Settlement Agreement can be viewed at **www.googleassistantprivacylitigation.com**.

If you have any questions, you can talk to the lawyers listed in Question 18 for free, or you can talk to your own lawyer if you have questions about what this means.

### HOW TO GET A PAYMENT

### 13. **How can I get a payment?**

To ask for a payment, you must complete and submit a valid Claim Form by [**DATE**]. You can get a Claim Form at **www.googleassistantprivacylitigation.com** or by calling 1-877-411-4704.

If you received an email about this Settlement that included a Unique ID and PIN number, you should use these codes when you submit your Claim Form. If you did not receive an email and do not have a Unique ID and PIN number, you can still submit a Claim Form if you are a Settlement Class Member.

You must submit your Claim Form online at **www.googleassistantprivacylitigation.com** or by mail postmarked no later than [**DATE**].  Claims submitted by mail should be sent to:

Google Assistant Privacy Settlement
c/o A.B. Data, Ltd.
P.O. Box 170500
Milwaukee, WI 53217

Each Claim Form must be personally signed under penalty of perjury and must be supported by the information or documents specified in the instructions contained in the Claim Form or otherwise given by the Claims Administrator. The bulk submission of Claim Forms by any claims aggregator or person or entity who claims to be an assignee of rights associated with any of the claims that were or could have been alleged in the Action will not be permitted.

14. **How do Settlement Class Members who are minors (under the age of 18) file a claim?**

If a Settlement Class Member is a minor, their Claim must be submitted and signed by their parent or legal guardian. A minor is defined as a person who is under the age of 18 as of [Month 00, XXX].

15. **When will I get my payment?**

Authorized Claimants will receive their payments if the Court grants final approval to the Settlement and after any appeals are resolved. If there are appeals, resolving them can take time. Please be patient.

16. **How can I verify or update my contact information?**

If you change your mailing address or email address after you submit a Claim Form, it is your responsibility to give your updated contact information to the Claims Administrator. You can tell the Claims Administrator about changes to your contact information by calling 1-877-411-4704, emailing info@googleassistantprivacylitigation.com, or writing to:

Google Assistant Privacy Settlement
c/o A.B. Data, Ltd.
P.O. Box 170500
Milwaukee, WI 53217

17. **Can I file a claim if I excluded myself previously?**

It depends. If you excluded yourself from the previously certified purchaser class but now wish to file a claim as part of this Settlement, you must rejoin the Settlement Classes. If you do not rejoin the Settlement Classes, you are not included and cannot file a claim in this Settlement.

To rejoin the Settlement Classes, please submit a Claim Form as directed in Question 13. Submission of a Claim Form will withdraw your prior request for exclusion and cause you to rejoin the Settlement Classes.

## THE LAWYERS REPRESENTING YOU

### 18. **Do I have a lawyer in the case?**

Yes. The Court has appointed lawyers to represent you and the other Settlement Class Members. These lawyers are called Class Counsel. The following lawyers are lead counsel in representing the Settlement Classes:

| | |
|---|---|
| Erin Green Comite<br>Scott+Scott Attorneys at Law LLP<br>156 South Main Street<br>P.O. Box 192<br>Colchester, CT 06415 | Christian Levis<br>Lowey Dannenberg<br>44 South Broadway, Suite 1100<br>White Plains, NY 10601 |

You will not be charged for contacting these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 19. **Should I get my own lawyer?**

You do not need to hire your own lawyer because Class Counsel is working on your behalf. You may, however, hire your own lawyer to represent you if you wish. For example, you can ask your own lawyer to appear in Court if you want someone other than Class Counsel to speak for you. You may also appear for yourself without a lawyer. If you hire your own lawyer, you will have to pay for that lawyer on your own.

### 20. **How will the lawyers be paid?**

Plaintiffs' Counsel will ask the Court for an award of attorneys' fees of up to one-third of the Settlement Fund, expenses of up to $1,600,000, and up to $10,000 in service awards for each class representative for their work on behalf of the Settlement Classes.  The Court will determine these amounts. Any attorneys' fees, expenses, notice and administration costs, and service awards approved by the Court will be paid out of the Settlement Fund.

A copy of Plaintiffs' Counsel's Motion for Attorneys' Fees and Expenses and for Plaintiffs' Service Awards will be available at **www.googleassistantprivacylitigation.com** by [DATE].

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from the Settlement and you want to keep your right, if any, to sue Google on your own about the claims in this lawsuit, then you must take steps to get out of the Settlement. This is called excluding yourself from – or "opting out" – of the Settlement.

21. **How do I get out of the Settlement?**

To exclude yourself from the Settlement, you must send a request in writing by first-class U.S. mail, or electronically via the exclusion request portal on the Settlement Website.

Your Request for Exclusion must include:
- Your full name, address, telephone number, and email address;
- The case name and number: *In re Google Assistant Privacy Litigation,* No. 4:19-cv-04286;
- Information or proof that shows that you are member of one or both of the Settlement Classes (e.g., the unique ID from your email notice or the email address associated with your or your Household member's Google Assistant Enabled Devices);
- A statement that you would like to "opt out" or be excluded from the Settlement Classes; and
- Your handwritten signature in ink or signature submitted through the exclusion request portal on the Settlement Website and the date of your signature. Electronic signatures (including DocuSign signatures) will not be considered a personal signature and will be deemed invalid, except those submitted through the exclusion request portal on the Settlement Website). You must personally sign and date your Request for Exclusion; your lawyer (if applicable) may not sign on your behalf. However, a parent or legal guardian is allowed to sign on behalf of a minor who is opting out.

Your Request for Exclusion must either be submitted electronically via the exclusion request portal on the Settlement Website no later than [**DATE**] or be postmarked no later than [**DATE**], and sent via first-class U.S. mail to:

Google Assistant Privacy Settlement
c/o A.B. Data, Ltd.
P.O. Box 173001
Milwaukee, WI 53217

Each Request for Exclusion must be submitted individually. Requests for Exclusion on behalf of groups, including "mass" or "class" opt-outs, will not be permitted. Any Settlement Class Member who does not submit a timely and valid written request for exclusion will be bound by all Court proceedings, orders, and judgments, whether or not he, she, or it timely submits a Claim Form.

22. **If I exclude myself from the Settlement, can I still get a payment?**

No. You will not get a payment if you exclude yourself.

23. **If I don't exclude myself, can I sue Google for the same thing later?**

No. Unless you exclude yourself, you give up the right to sue Google for the claims this Settlement resolves. You must exclude yourself from the Settlement if you want to try to pursue your own lawsuit.

24. **What happens if I opt out?**

If you opt out of the Settlement or previously excluded yourself from the certified Purchaser Class and do not rejoin the Settlement Classes, you will not have any rights as a Settlement Class Member under this Settlement. You will not get a payment from the Settlement and will not be bound by any further orders or judgments in this case. Also, you will keep the right, if any, to sue Google on your own for claims in this lawsuit at your own expense.

If a Settlement Class Member who did not previously exclude themselves from the certified Purchaser Class submits both a Claim Form and a timely Request for Exclusion, the Settlement Class Member will be excluded from the Settlement and their Claim Form will be void and invalid, unless they ask to cancel their exclusion request.

25. **If I excluded myself earlier, do I need to exclude myself again?**

No. If you submitted a timely request to exclude yourself from the certified Purchaser Class in 2024, you will continue to be excluded from this Settlement unless you rejoin one or both of the Settlement Classes by submitting a valid and timely Claim Form.

26. **How do I cancel my previous opt out request?**

If you excluded yourself from certified Purchaser Class in 2024 but want to rejoin one or both of the Settlement Classes now, you can cancel your previous opt out (or exclusion) request. To do so, you may submit a valid and timely Claim Form by [**DATE**] in accordance with the instructions in Question 13.

## OBJECTING TO THE SETTLEMENT

27. **How do I tell the Court if I do not like the Settlement?**

If you are a Settlement Class Member, you have a right to object to or comment on any part of the proposed Settlement, Plan of Allocation, and/or the request for attorneys' fees and expenses and service awards. The Court will consider your views. You cannot ask the Court to order a different Settlement; the Court can only approve or reject the Settlement. If the Court does not approve the Settlement, no Settlement payments will be made, and the lawsuit will continue. If that is what you want to happen, you must object.

To object, you must send a letter to the Court saying that you object to the proposed Settlement in *In re Google Assistant Privacy Litigation,* No. 4:19-cv-04286.

Your objection letter must include:
- Your full name, address, telephone number, and email address;
- If you have a lawyer, your lawyer's full name, address, telephone number, and email address;
- The case name and number: *In re Google Assistant Privacy Litigation,* No. 4:19-cv-04286;

- Information or proof that shows that you are included in one or both of the Settlement Classes (e.g., the unique ID from your email notice or the email address associated with your or your Household member's Google Assistant Enabled Device);
- The reasons you object to the proposed Settlement, Plan of Allocation, and/or the request for attorneys' fees and expenses and service awards;
- Any documents or evidence that you think supports your objection;
- A statement saying if your objection applies only to you, part of the Settlement Classes, or all Settlement Classes;
- A list of all cases in which you or your lawyer filed an objection within the past five years;
- A statement of whether you and/or your lawyer intends to speak at the Final Approval Hearing;
- The identity of any witnesses you may call to testify at the Final Approval Hearing and all exhibits you intend to introduce at the Final Approval Hearing; and
- Your signature in ink and the date of your signature (electronic signatures, including but not limited to DocuSign, will not be considered personal signature and will be deemed invalid). You must personally sign and date your objection; your lawyer (if applicable) may not solely sign on your behalf. However, a parent or legal guardian is allowed to sign on behalf of a minor who is objecting.

If you are approved to file electronically through the Court's CM/ECF system, you can file the objection electronically at https://ecf.cand.uscourts.gov/. Otherwise, you can file the objection in person at any location of the United States District Court for the Northern District of California, or mail the objection by first-class U.S. mail, so that it is submitted electronically or postmarked no later than [**date**], to the following address:

| Court |
| :---: |
| Clerk of Court<br>United States District Court<br>Northern District of California<br>280 South 1st Street<br>San Jose, CA 95113 |

28. **If I object to the Settlement, can I still file a claim?**

Yes. If you are a Settlement Class Member, you may file a claim even if you object to, or comment on, the Settlement.

29. **What is the difference between objecting and asking to be excluded?**

Objecting is simply telling the Court that you do not like something about the Settlement. You can only object if you stay in the Settlement Classes. If you object to the Settlement, you can still submit a Claim Form as a Settlement Class Member.

Excluding yourself is telling the Court that you do not want to be a part of the Settlement. If you exclude yourself, you cannot receive a payment from the Settlement. If you exclude yourself, you cannot object to the Settlement, because it no longer affects you.

## THE COURT'S FINAL APPROVAL HEARING

### 30. When and where will the Court decide whether to approve the Settlement?

The Court will hold a Final Approval Hearing on [Month 00, 2026] at [0:00 x.m.] at the United States District Court for the Northern District of California, San Jose Courthouse, 280 South 1st Street, Courtroom 1 – 5th Floor,  San Jose, CA 95113.

At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them and listen to Settlement Class Members who have asked to speak at the hearing.

The Court may also decide whether and how much to award in attorneys' fees and expenses and service awards to the class representatives. After the hearing, the Court will decide whether to approve the Settlement. We do not know how long these decisions will take.

The Court may reschedule the Final Approval Hearing or change any of the deadlines described in this Notice. The Final Approval Hearing may be moved to a different date or time and may change without additional notice.

Be sure to check the website, **www.googleassistantprivacylitigation.com**, for updates.  You can also access the case docket via the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov.

### 31. Do I have to come to the Final Approval Hearing?

No. Class Counsel will answer any questions the Court may have. You may attend at your own expense if you wish. If you send an objection, you do not have to come to the Final Approval Hearing to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

### 32. May I speak at the Final Approval Hearing?

Yes. You may ask the Court for permission to speak at the Final Approval Hearing, either in person or through your own lawyer. If you appear through your own lawyer, you are responsible for hiring and paying that lawyer.

To do so, you (or your lawyer) must submit to the Court a notice that you intend to appear at the Final Approval Hearing in *In re Google Assistant Privacy Litigation,* No. 4:19-cv-04286.  If you (or your lawyer) intends to object to the Settlement at the Final Approval Hearing, you must follow the instructions in Question 27. If not, your notice of intent to appear should still include your full name, address, telephone number, email address, and signature, and if you have a lawyer, your lawyer's full name, address, telephone number, and email address. Your notice of intention to

appear must be postmarked no later than [**Month 00, 2026**] and sent to the Court's address listed in Question 27 or submitted through the Court's CM/ECF (if you are approved to do so) by 11:59 p.m. Pacific Time on **MONTH 00, 2026.**

## IF YOU DO NOTHING

### 33. **What happens if I do nothing at all?**

If you are a Settlement Class Member and you do nothing, you will not get any money from the Settlement.  You will be bound by the Court's decisions and the Settlement. You will give up your right to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Google for claims in this lawsuit. To receive a payment, you must complete and submit a Claim Form by [**Month 00, 2026**] (*see* Question 13).

If you timely submitted a request for exclusion from the certified Purchaser Class in 2024, you will continue to be excluded from this Settlement unless you rejoin one or both of the Settlement Classes, which you may do by submitting a valid and timely Claim Form by [**date**].

## GETTING MORE INFORMATION

### 34. **Are more details about the Settlement available?**

Yes. This Notice is only a summary. More details are in the Settlement Agreement and other case documents, available at **www.googleassistantprivacylitigation.com**.

You may also be able to get a copy of the Settlement Agreement and other Court documents by accessing the docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the Office of the Clerk, United States District Court for the Northern District of California at any of the Court's locations between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

PLEASE DO NOT CALL THE COURT OR THE COURT CLERK'S OFFICE ABOUT THIS SETTLEMENT.

### 35. **How do I get more information?**

The website, **www.googleassistantprivacylitigation.com**, has answers to questions about the Settlement and other information to help you determine whether you are eligible for a payment. You also may contact the Claims Administrator by writing to Google Assistant Privacy Settlement, c/o A.B. Data, Ltd., P.O. Box 170500, Milwaukee, WI 53217, emailing info@Googleassistantprivacylitigation.com, or calling the toll-free number 1-877-411-4704.

Class Counsel can be reached using the following contact information:

| Erin Green Comite<br>Scott+Scott Attorneys at Law LLP<br>156 South Main Street<br>P.O. Box 192<br>Colchester, CT 06415<br>Telephone: XXX XXX-XXX<br>Facsimile: (212) 223-6334<br>_____@scott-scott. | Christian Levis<br>Lowey Dannenberg, P.C.<br>44 South Broadway, Suite 1100<br>White Plains, NY 10601<br>Telephone: (914) 733-XXXX<br>Facsimile: (914) 997-0035<br>_____@lowey.com |
|---|---|

# EXHIBIT D

# GOOGLE ASSISTANT PRIVACY SETTLEMENT CLAIM FORM

## INSTRUCTIONS

This Claim Form should be filled out and submitted online or by mail if you received a notice of class action settlement and/or you believe you are a Settlement Class Member.

**You are a Settlement Class Member if you are a member of one or both of the following Settlement Classes:**

You are a member of the *Purchaser Settlement Class* if you are a User who purchased a Google-Made Device in the United States or its territories between May 16, 2016 and [date of Preliminary Approval].

You are a member of the *Privacy Settlement Class* if you are a User of Google Assistant or were a member of a User's Household between May 16, 2016 and [date of Preliminary Approval] and your communications were recorded or otherwise obtained by Google Assistant as a result of a False Accept or disclosed to any third-party review vendor.

- "Users" are individuals who reside in the United States or its territories whose Google accounts were associated with at least one Google Assistant Enabled Device during the Class Period;
- "Household" is a group of individuals sharing a common abode.
- "Google Assistant Enabled Devices" are devices that come with Google Assistant pre-installed or on which Google Assistant can be downloaded;
- "Google-Made Devices" are Google Assistant Enabled Devices manufactured and sold by Google either directly or through third-party retailers, including Google's own smart home speakers (Google Home, Home Mini, and Home Max); smart displays (Google Nest Hub, and Nest Hub Max); and its Pixel smartphones;
- "False Accept" is an instance where a Google Assistant Enabled Device records and transmits audio data to Google's servers because a Hot Word was detected although a Hot Word was not spoken; and
- "Hot Word" is a word or phrase (such as "OK Google" or "Hey Google") which can be used to activate Google Assistant on certain Google Assistant Enabled Devices.

**To be eligible for payment, you must submit a valid Claim no later than MONTH DAY YEAR.**

**How Do I Fill Out and Submit This Claim Form?**

If you believe you are eligible and would like to submit a Claim, you have two options: (1) complete and submit the online Claim Form at www.googleassistantprivacylitigation.com, or (2) complete a paper Claim Form and send it by first-class mail to:

Google Assistant Privacy Settlement
c/o A.B. Data, Ltd.
P.O. Box 170500
Milwaukee, WI 53217

Your Claim Form must be submitted online, or postmarked, by **MONTH DAY YEAR**. Please read and follow the instructions carefully. Make sure you include all the required information. If you do not provide complete and accurate information, your claim may be delayed or rejected.

**Communications about settlement payments will be digitally sent to you via email or mobile phone text.** Please provide a current, valid email address and mobile phone number on your Claim Form. If your contact

information changes after you submit your Claim Form, you <u>must</u> tell the Claims Administrator. Otherwise, you may not get your Settlement payment. The Claims Administrator will send you an email and/or mobile phone text when your Settlement payment is available. The email and/or mobile phone text will give you several digital payment options, such as PayPal, Amazon, or a virtual debit card, to immediately get your Settlement payment.

## Claimant Information

Please enter your (or if you are filing out the Claim Form for a minor, the Settlement Class Member's) information in the chart below.

If the Settlement Class Member is a minor, or person who is under the age of 18 as of [Month 00, 2026], a parent or legal guardian must fill out, sign, and submit this Claim Form on behalf of the minor.  To submit a claim on behalf of yourself and one or more minors, you must submit a separate Claim Form for each person.

**SETTLEMENT CLASS MEMBER NAME\***

*FIRST NAME, LAST NAME*

**PARENT/GUARDIAN NAME (FOR MINORS)**

*FIRST NAME, LAST NAME*

**CURRENT STREET ADDRESS\***                                      **APT**

**CITY\***                                          **STATE\***        **ZIP\***

**STREET ADDRESS AT TIME YOUR CLAIMS WERE INCURRED\***       **APT**

**CITY\***                                          **STATE\***        **ZIP\***

**SETTLEMENT CLASS MEMBER'S OR (IF MINOR) PARENT/GUARDIAN'S MOBILE PHONE NUMBER\***
(        )        -

**SETTLEMENT CLASS MEMBER'S OR (IF MINOR) PARENT/GUARDIAN'S CONTACT EMAIL ADDRESS\***

**VERIFY EMAIL ADDRESS\***

If you are a member of the Purchaser Settlement Class, provide the email address(es) for your Google account(s) associated with your purchased Google-Made Device(s) (if different from above).

**EMAIL ADDRESS ASSOCIATED WITH APPLICABLE GOOGLE-MADE DEVICE if different from above\***

If you are a member of the Privacy Settlement Class and you are a household member (i.e., not a User), provide the email address associated with the Google account of the User who maintains or maintained the Google Assistant Enabled Device in your household.

**NAME OF HOUSEHOLD MEMBER AND EMAIL ADDRESS ASSOCIATED WITH THEIR APPLICABLE GOOGLE ACCOUNT***

|  |
|---|

## CLAIM

**Purchaser Settlement Class:**

☐ Check this box if you would like to file a claim as part of the Purchaser Settlement Class. You are a member of the Purchaser Settlement Class if you are a User who purchased a Google-Made Device in the United States or its territories between May 16, 2016 and [date of Preliminary Approval].

You may make a claim for each Google-Made Device you purchased in the United States or its territories during the Class Period up to a maximum of 3 Google-Made Devices. Please provide the total number of devices claimed and provide the device model name, serial number, and proof of purchase for each claimed Google-Made Device below:

| Total Claimed | | Google-Made Device Model Name | Serial Number | Proof of Purchase |
|---|---|---|---|---|
| | *Example* | *Google Home* | *12345ABCDE* | *Google Store receipt* |
| | *Example* | *Google Pixel 2* | *98765432ZXA9* | *Best Buy receipt* |
| | 1. | | | |
| | 2. | | | |
| | 3. | | | |

If you are filing a claim as part of the Purchaser Settlement Class, you must submit proof of your purchase by uploading your documents online if you are submitting your Claim on the Settlement Website, or by attaching your documents with your Claim Form if you are submitting your Claim by first-class mail..

**Privacy Settlement Class:**

☐ Check this box if you would like to file a claim as part of the Privacy Settlement Class. You are a member of the Privacy Settlement Class if between May 16, 2016 and [date of Preliminary Approval], you were a User of a Google Assistant Enabled Device or were a member of a User's Household, and your communications were recorded or otherwise obtained by Google Assistant as a result of a False Accept or disclosed to any third-party review vendor.

Please select if you are the User or a member of the User's Household:

☐ User

☐ Household Member

Please provide the device type, model name, and serial number for the applicable Google Assistant Enabled Device in your Household below:

| Google Assistant Enabled Device Type | Google Assistant Enabled Device Model Name | Serial Number |
|---|---|---|
| *Ex. smart speaker* | *Ex. Google Home* | *Ex. 12345ABCDE* |

| | | |
|---|---|---|
| | | |

**As part of the claims review and audit process, you may be asked to provide additional proof to substantiate your claim. You do not need to provide additional proof with your Claim Form at this time. However, the Claims Administrator may ask you to provide additional documents to prove your claim during the review process.  If you are asked to provide additional proof and you do not, your claim may be rejected.**

**ATTESTATION AND CERTIFICATION**

Regardless of whether you are filing this claim as a member of the Purchaser Class or the Privacy Settlement Class, please confirm the following by putting a check mark in the boxes provided:

____    I attest that I (or my minor child) reside in the United States or its territories;

____    I (or the minor for whom I am submitting this claim) am/is a Settlement Class Member. I/they did not submit a request to exclude myself/themselves, or "opt out of," the Settlement.

____    I (or the minor for whom I am submitting this claim) confirm my/their intent to participate in the Settlement as a member of one or both Settlement Class(es), including if applicable by revoking any prior request to exclude myself/themselves from the certified Purchaser Class.

____    I/they agree to participate in the Settlement and be bound by the Settlement Agreement and all Court Orders in this lawsuit.

____    I understand, agree, and consent that the Claims Administrator and Settlement Class Counsel may contact me electronically via email and/or mobile phone (message & data rates may apply).

____    I agree to use my best efforts to provide more information related to my claim if the Claims Administrator asks me to do so.

If you are filing this claim as a member of the **Purchaser Settlement Class**, you are required to attest under penalty of perjury to each of the following statements as true.  Please confirm by putting a check mark in the boxes provided:

____    I attest that I (or my minor child) have or had a Google account that was associated with at least one Google-Made Device purchased by me (or my minor child).

If you are filing this claim as a member of the **Privacy Settlement Class**, you are required to attest under penalty of perjury to each of the following statements as true.  Please confirm by putting a check mark in the boxes provided:

____    I attest that, between May 16, 2016 and [date of Preliminary Approval], I (or my minor child) (select one of the following):
____ have or had a Google account that was associated with at least one Google Assistant Enabled Device in my Household; OR
____ was a Household member of a person that has or had a Google account that was associated with at least one Google Assistant Enabled Device in my Household.

____    I attest that, between May 16, 2016 and [date of Preliminary Approval], my (or my minor child's) communications were recorded or otherwise obtained by Google Assistant through the Google Assistant Enabled Device in my Household as a result of a False Accept or disclosed to any third-party review vendor.

**BY SIGNING BELOW, I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT ALL THE INFORMATION PROVIDED BY ME ON THIS CLAIM FORM IS TRUE**

**AND CORRECT, TO THE BEST OF MY KNOWLEDGE AND BELIEF.  I UNDERSTAND THAT MY CLAIM IS SUBJECT TO AUDIT, REVIEW, AND VALIDATION USING ALL AVAILABLE INFORMATION.**

**Signature (for minors, Signature of Parent/Guardian)\***            **DATE\***

_____            _____

# EXHIBIT E

1
2
3
4      **UNITED STATES DISTRICT COURT**
       **NORTHERN DISTRICT OF CALIFORNIA**
       **SAN JOSE DIVISION**
5
6                                                      Case No. 19-cv-04286-BLF
7      IN RE GOOGLE ASSISTANT PRIVACY
       LITIGATION
8      This Document Relates to:
9        ALL ACTIONS
10
11
12                           **PLAN OF ALLOCATION**
13
14
15
16
17
18
19
20
21
22
23
24
25

**ADMINISTRATIVE PROCEDURES**

1.      Subject to Court approval, the proceeds of the Net Settlement Fund will be paid to Authorized Claimants who submit valid Claim Forms by the Claims Deadline.[1] This section outlines the administrative procedures that will apply to determine eligibility.

2.      Each Settling Class Member who wishes to receive proceeds from the Net Settlement Fund must submit a Claim Form to provide pertinent information that will be used to determine their eligibility to receive a distribution from the Net Settlement Fund. Settling Class Members will also be asked to provide such data, documents, and other proof as may be required by the Claims Administrator to verify membership in the Purchaser Settlement Class and/or Privacy Settlement Class identified on the Claim Form. Each Claim Form must be signed under the penalty of perjury.

3.      Following receipt of each Claim Form, the Claims Administrator will display a confirmation number to the Claimant, which can be printed for their records.

4.      The Claims Administrator will review each Claim Form to determine whether the Claimant is a member of one or both of the Settlement Classes. Claims submitted by Claimants who are not members of at least one Settlement Class will be rejected.

5.      The Claims Administrator will review each Claim Form to determine whether the Claim Form has been submitted in accordance with the Settlement, this Plan of Allocation, Orders of the Court, and claim submission instructions, which will be available on the Settlement Website. The Claims Administrator may contact Settlement Class Members as needed to evaluate their Claims and may seek additional information or documentation to resolve any deficiencies identified after its initial Claim review. Claims that are not submitted in accordance with the

---

[1] All undefined capitalized terms have the meaning defined in the Stipulation and Agreement of Settlement ("Settlement Agreement"), dated January 22, 2026.

1    Settlement, this Plan of Allocation, Orders of the Court, and claim submission instructions, or that

2    are determined to have been fraudulently submitted, will be rejected.

3                                   **CALCULATION OF CLAIM AMOUNTS**

4          6.      Members of the Settlement Classes are eligible, under the Settlement, to receive a

5    portion of the Net Settlement Fund. A Claimant may be a member of the Purchaser Settlement

6    Class, the Privacy Settlement Class, or both, provided they meet the requirements for Class

7    membership defined in the Settlement Agreement.

8          7.      The Claims Administrator will calculate each Authorized Claimant's *pro rata*

9    share of the Net Settlement Fund as follows:

10               a.   First, the Claims Administrator will assign a point value to each claim

11                    ("Claim Value") using the following formula:

12                         i.   Purchaser Settlement Class Claims: each Purchaser Settlement Class

13                              member who submits a valid claim will be assigned a Claim Value of

14                              four (4) points for each eligible Google-Made Device that is part of

15                              their claim, up to a maximum cap of three (3) Google-Made Devices.

16                              For example, a Purchaser Settlement Class member who submits a

17                              valid claim for three Google-Made Devices will be assigned a

18                              Purchaser Settlement Class Claim Value of 12 points.

19                        ii.   Privacy Settlement Class Claims: each Privacy Settlement Class

20                              member who submits a valid claim will have a Claim Value of one (1)

21                              point assigned to their claim. The maximum Claim Value each Privacy

22                              Settlement Class member may receive for their Privacy Settlement

23                              Class claim is one (1) point.

24                       iii.   For Authorized Claimants who are members of both the Purchaser

25                              Settlement Class and Privacy Settlement Class and submit valid

2

claims, the Claims Administrator will add the point allocations of their valid claims together to determine the total Claim Value for each of those Authorized Claimants up to a maximum value of 13 points per Authorized Claimant.

b.  Next, the Claims Administrator will add the Claim Value of all valid claims submitted by members of both Settlement Classes. This will be the Total Aggregate Claim Amount.

c.  Finally, to calculate each Authorized Claimant's *pro rata* share of the Net Settlement Fund, the Claims Administrator will divide the Net Settlement Fund by the Total Aggregate Claim Amount to establish the per-point value, and will multiply each Authorized Claimant's total Claim Value by the per-point value to establish each Authorized Claimant's award.

## ALTERNATIVE MINIMUM PAYMENT

8.      In consultation with Class Counsel, the Claims Administrator will determine whether an alternative minimum payment should be paid to Authorized Claimants where it is reasonably determined that the cost of administering the claim would exceed the value of the claim. The alternative minimum payment amount would be a set amount for all such Authorized Claimants. Class Counsel will promptly notify Defendants' Counsel if an alternative minimum payment methodology will be used.

## UNCLAIMED PAYMENTS

9.      If a payment made according to paragraphs 7-8 and distributed to an Authorized Claimant via a check is not negotiated within ninety (90) days after the Claims Administrator has contacted, or made reasonable attempts to contact, the Authorized Claimant, the Authorized Claimant shall be deemed to have waived and released their claim for payment under the

3

1  Settlement Agreement. If an Authorized Claimant reasonably requests that a check be reissued,

2  the Claims Administrator shall reissue it.

3      10.     If a check to an Authorized Claimant is returned as undeliverable, the Claims

4  Administrator shall attempt to obtain a new mailing address for the Authorized Claimant and effect

5  a second mailing. If, after a second mailing, the check is again returned as undeliverable, or if the

6  Claims Administrator, after reasonable efforts, is unable to determine a second mailing address,

7  there is no obligation to take further efforts to distribute the check, and the Authorized Claimant

8  shall be deemed to have waived and released their claim for payment under the Settlement

9  Agreement.

10     11.     If a payment is made according to paragraphs 7-8 , distributed to the Authorized

11 Claimant electronically (including via ACH, if such means of payment is made available), but is

12 unable to be processed, the Claims Administrator shall make reasonable efforts to contact the

13 Authorized Claimant to correct the problem. If the Authorized Claimant does not provide a means

14 of payment within a reasonable amount of time or provides a means of payment that is unable to

15 be processed, there is no obligation to take further efforts to distribute the payment, and the

16 Authorized Claimant shall be deemed to have waived and released their claim for payment under

17 the Settlement Agreement.

18                          **RESIDUAL FUNDS**

19     12.     If, after the process outlined in paragraphs 7-11 is completed, there remain funds in

20 the Net Settlement Fund, consistent with Section 4.20 of the Settlement Agreement, Class Counsel

21 shall have the option to authorize a second distribution to Authorized Claimants who have claimed

22 their settlement payments, or if not administratively feasible, to petition the Court to distribute the

23 remaining funds to  one or more 501(c)(3) non-profit organizations as *cy pres* recipients, as agreed

24 upon by Class Counsel and Defendants' Counsel and approved by the Court.

25

**AUDITS**

13.    By submitting a Claim Form, a Settling Class Member agrees to furnish such additional information as the Claims Administrator may require. Further, by submitting a Claim Form, a Settling Class Member is swearing to the truth of the statements contained in it and, if applicable, the genuineness of the data and documents attached thereto, subject to penalty of perjury under the laws of the United States of America. The making of false statements or the submission of forged or fraudulent documentation will result in the rejection of a claim.

14.    The Claims Administrator may request any Settling Class Member, as deemed appropriate by the Claims Administrator, who submits a Claim Form to provide documentation to support any aspect of the claim submission. Even if the Settling Class Member attests to the truth and accuracy of the documentation and claim overall, the Claims Administrator may require specific documentary evidence to independently verify the details of the claim submission. Failure to comply with such an audit request will result in the rejection of the Claim.

15.    All decisions by the Claims Administrator with respect to the administration, processing, and determination of claims are final. To the extent the Claims Administrator rejects a Claim Form, either in whole or in part, for any reason other than failure of the fraud review, the Claimant will be advised in writing of the reasons for the rejection. Claims received and determined to be fraudulently submitted shall not be entitled to receive notice of rejection. All Claimants expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to the Claims Administrator's determination.

# EXHIBIT F

Vincent Briganti (*pro hac vice*)
Christian Levis (*pro hac vice*)
Margaret MacLean (*pro hac vice*)
Andrea Farah (*pro hac vice*)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: (914) 997-0500
Facsimile: (914) 997-0035
vbriganti@lowey.com
clevis@lowey.com
mmaclean@lowey.com
afarah@lowey.com

*Attorney for Plaintiffs*


[Additional counsel on signature page.]


**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE GOOGLE ASSISTANT PRIVACY LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No.: 19-cv-04286-BLF<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Judge: Hon. Beth Labson Freeman |

1    WHEREAS, Plaintiffs Asif Kumandan, Melissa Spurr, individually and as guardian of

2    B.S., a minor, Lourdes Galvan, and Eleeanna Galvan ("Plaintiffs") in the above-captioned class

3    action (the "Action"), individually and on behalf of the Settlement Classes defined below, and

4    Defendants Google LLC and Alphabet Inc. (collectively "Defendants" and, with Plaintiffs, the

5    "Parties") have entered into the Stipulation and Agreement of Settlement, dated as of January 22,

6    2026 (the "Settlement Agreement"), which is subject to review under Federal Rule of Civil

7    Procedure 23, and which sets forth the terms and conditions for the resolution, discharge, release,

8    settlement, and dismissal of the Action and all claims set forth therein upon and subject to the

9    terms and conditions hereof, and the Court having read and considered the Settlement Agreement,

10   and the related submissions, and finding that substantial and sufficient grounds exist for entering

11   this Order, and the Parties having consented to the entry of this Order;

12       WHEREAS, unless otherwise defined herein, all capitalized terms contained in this Order

13   shall have the same meanings as they have in the Settlement Agreement;

14       NOW, THEREFORE, IT IS HEREBY ORDERED that:

15                         **Preliminary Approval of the Settlement**

16   1.      The Settlement is hereby preliminarily approved as fair, reasonable, and adequate

17   such that notice thereof should be given to members of the Settlement Classes. The Court

18   preliminarily finds that: (a) the Stipulation resulted from good faith, arm's length negotiations

19   during which the Parties were represented by experienced counsel; and (b) the terms of the

20   proposed Settlement are sufficiently fair, reasonable, and adequate to warrant providing notice of

21   the Settlement to the Settlement Classes and the scheduling of a Final Approval Hearing to be held

22   following the issuance of such notice pursuant to Fed. R. Civ. P. Rule 23(e).

23                              **Final Approval Hearing**

24   2.      The Court hereby schedules the Final Approval Hearing, to be held before the

25   Court, on _____, 2026 at __:___ _.m. Pacific Time for the following purposes:

26       a.   to determine finally whether the requirements for class action treatment under Fed.

27            R. Civ. P. Rule 23 are satisfied;

28

---

1

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT                                    CASE NO. 19-cv-04286-BLF

1        b.   to determine finally whether the Settlement is fair, reasonable, and adequate, and

2              should be approved by the Court;

3        c.   to determine whether the Final Judgment as provided for in the Settlement

4              Agreement should be entered, dismissing the Action on the merits and with

5              prejudice and releasing the Released Claims as against the Released Parties, as set

6              forth in the Settlement Agreement;

7        d.   to determine whether the proposed Plan of Allocation for the distribution of the Net

8              Settlement Fund is fair and reasonable and should be approved by the Court;

9        e.   to consider Plaintiffs' Counsel's Fee and Expense Application, including Service

10             Awards to Plaintiffs;

11        f.   to consider any valid objections submitted to the Court or Requests for Exclusion,

12             as further provided for herein and in the accompanying notice; and

13        g.   to rule upon such other matters as the Court may deem appropriate.

14      3.     The Court also reserves the right to adjourn the Final Approval Hearing to a later

15 date or time without further notice to members of the Settlement Classes other than entry of an

16 Order on the Court's docket.  In such event, however, Class Counsel are directed to instruct the

17 Claims Administrator to post notice of any such adjournment on the Settlement Website to be

18 established by the Claims Administrator in this matter for the purposes of facilitating the

19 dissemination of notice and other information about this Action.

20      4.     At least fourteen (14) days before the Objection/Exclusion Deadline, Plaintiffs shall

21 file papers in support of the motion for final approval of the Settlement.

22      5.     At least thirty-five (35) days before the Objection/Exclusion Deadline, Plaintiffs

23 shall file papers in support of Plaintiffs' Counsel's Fees and Expense Application, including

24 Service Awards to Plaintiffs.

25      6.     At least fourteen (14) days before the Final Approval Hearing, Plaintiffs and/or

26 Defendants may file a response to any timely written objections received.

27

28

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT                     CASE NO. 19-cv-04286-BLF

7.     Class Counsel and Defendants' Counsel are hereby authorized to utilize all reasonable procedures in connection with the administration of the Settlement, which are not materially inconsistent with either this Order or the Settlement Agreement.

8.     Following the Final Approval Hearing, the Court reserves the right to approve the Settlement without modification, or with such modifications as the Parties may agree, without further notice, and to enter its Judgment approving the Settlement and dismissing the Action on the merits and with prejudice, regardless of whether it has approved the Plan of Allocation or the requested Attorneys' Fees and Expense Award or Service Awards to Plaintiffs.

**Certification of the Settlement Classes for Purposes of the Settlement Only**

9.     Under Federal Rule of Civil Procedure 23(a) and (b)(3), the Settlement Classes are preliminarily and conditionally certified for the purpose of Settlement only as follows:

**Purchaser Settlement Class**: All Users[1] who purchased a Google-Made Device[2] during the period between May 18, 2016 through the date the Court grants preliminary approval of the Settlement (both days inclusive) ("the Settlement Class Period.");

**Privacy Settlement Class**: All Users of Google Assistant and members of their Households[3] during the Settlement Class Period whose communications were recorded or otherwise obtained by Google Assistant as a result of a False Accept[4] or whose communications were recorded or otherwise obtained by Google Assistant and disclosed to any third-party review vendor.

---

[1] "Users" are individuals who reside in the United States or its territories whose Google accounts were associated with at least one Google Assistant Enabled Device during the Settlement Class Period. "Google Assistant Enabled Devices" are devices that come with Google Assistant pre-installed or on which Google Assistant can be downloaded.

[2] "Google-Made Devices" are Google Assistant Enabled Devices manufactured and sold by Google either directly or through third-party retailers, including Google's own smart home speakers, Google Home, Home Mini, and Home Max; smart displays, Google Nest Hub, and Nest Hub Max; and its Pixel smartphones.

[3] "Household" is individuals sharing a common abode as part of a single family unit of a User.

[4] "False Accept" is an instance where a Google Assistant Enabled Device records and transmits audio data to Google's servers because a Hot Word was detected although a Hot Word was not spoken. "Hot Word" is a word or phrase (such as "OK Google" or "Hey Google,") which can be used to activate Google Assistant on certain Google Assistant Enabled Devices.

3

1    Excluded from the Settlement Classes are: (1) any Judge or Magistrate presiding over this

2    Action, any members of their families, and the staff of such Judge or Magistrate; (2) Google,

3    Google's subsidiaries, successors, predecessors, and any entity in which Google or its parent has

4    a controlling interest and their current or former employees, officers, and directors; (3) Persons

5    who properly execute and file a timely Request for Exclusion from the Settlement Classes; (4)

6    Persons whose claims in this matter have been finally adjudicated on the merits or otherwise

7    released; (5) any individual who previously opted out of the Purchaser Class, as identified at ECF

8    No. 440-4, unless that individual elects to rejoin the Settlement Classes; (6) individuals who, prior

9    to the exclusion deadline, both (A) file or serve a written arbitration demand, or provide written

10    notice to Google of their intent to pursue arbitration against Google relating to the Released Claim,[5]

11    and (B) execute an individual release of their claims; (7) the legal representatives, successors, and

12    assigns of any excluded Persons; and (8) Plaintiffs' Counsel and Defendants' Counsel.

13    10.    This Court finds, preliminarily and for purposes of this Settlement only, that the

14    prerequisites for class certification under Fed. R. Civ. P. Rule 23(a) have been satisfied in that: (a)

15    the number of members of each Settlement Class is so numerous that joinder of all members of

16    each Settlement Class is impracticable; (b) there are common questions of law and fact with respect

17    to each Settlement Class; (c) the claims of the Plaintiffs are typical of the claims of the members

18    for each Settlement Class they seek to represent; (d) Plaintiffs and Class Counsel have and will

19    continue to fairly and adequately protect the interests of the Settlement Classes.  In addition, the

20    Court finds, preliminarily and for purposes of this Settlement only, that this Action satisfies the

21

22    _____

[5] "Released Claims" means any and all claims or causes of action, whether known or unknown
(including "Unknown Claims"), arising from or related to the facts and circumstances alleged in
any of the complaints filed in the Action, including all claims and causes of action that were
asserted or that could have been asserted in the Action based on the conduct or omissions alleged.
For the avoidance of doubt, Released Claims shall not include (a) any claims relating to the
enforcement of this Stipulation; or (b) any claims of any Person that submits a timely and valid
Request for Exclusion. "Unknown Claims" means (a) any Released Claims that Plaintiffs or any
Settling Class Member does not know or suspect to exist in his, her, or its favor at the time of the
release of such claims, which if known by him, her, or it, might have affected his, her, or its
decision(s) with respect to the Settlement, including, but not limited to, the agreement to release
the Released Parties or the Released Claims, and the decision not to object to the Settlement or
seek exclusion from the Settlement Class.

4

1  requirements for class certification under Fed. R. Civ. P. Rule 23(b)(3) in that common questions

2  of law and fact predominate over any questions affecting only individual members of each

3  Settlement Class, and a class action is superior to other available methods for fairly and efficiently

4  adjudicating the controversy among the Parties as to each Settlement Class.

5        11.    In so finding, the Court has considered each of the following additional factors

6  under Rule 23(b)(3) of the Fed. R. Civ. P. and finds that they also support conditional class

7  certification for purposes of this Settlement only, namely:

8        a.  the (lack of) interest of members of the class in individually controlling the prosecution

9          of separate actions;

10       b.  the extent and nature of any litigation concerning the controversy already begun by or

11         against class members;

12       c.  the desirability or undesirability of concentrating the litigation of the claims in the

13         particular forum; and

14       d.  the (lack of) difficulties likely to be encountered in managing a class action, given that

15         if the Settlement is approved, there will be no class action litigation as to the Parties for

16         the Court to manage.

17       12.    Pursuant to Fed. R. Civ. P. Rules 23(c)(1) and 23(g), preliminarily and for purposes

18 of the Settlement only, Plaintiff Kumandan is certified as the class representative for the Purchaser

19 Settlement Class, and Plaintiffs Kumandan, Melissa Spurr, Lourdes Galvan, and Eleeanna Galvan

20 are certified as the class representatives for the Privacy Settlement Class ("Class Representatives")

21 and Erin Green Comite of Scott+Scott Attorneys at Law LLP and Christian Levis of Lowey

22 Dannenberg LLP, together with their law firms, are appointed as Class Counsel for the Settlement

23 Classes.

24            **Appointment of Claims Administrator and Notice to Settlement Classes**

25       13.    The Court previously appointed A.B. Data, Ltd. ("A.B. Data") as the notice

26 administrator to supervise and administer notice of the previously certified litigation class.  ECF

27 No. 423 ¶1.  The Court now appoints A.B. Data to serve as the Claims Administrator for the

28 Settlement. A.B. Data shall supervise and administer the notice plan, establish and operate the

1  Settlement Website, administer the claims processes, distribute the Net Settlement Fund to

2  Authorized Claimants according to the processes and criteria set forth in the Settlement

3  Agreement, and perform any other duties that are reasonably necessary and/or provided for in the

4  Settlement Agreement. The Claims Administrator shall make all necessary efforts and precautions

5  to ensure the security and privacy of the Settlement Class Members' information and protect it

6  from loss, misuse, unauthorized access and disclosure, and to protect against any reasonably

7  anticipated threats or hazards to the security of information of Settlement Class Members; prevent

8  the use the information provided by Defendants or Class Counsel in connection with the Settlement

9  or the notice plan for any purposes other than providing notice or conducting claims administration

10  in this Action; and protect any information provided by Settlement Class Members from disclosure

11  to any third parties (i.e., persons other than the Parties, their counsel, or the Claims Administrator)

12  not assisting with notice and claims administration without advance consent from the Parties.

13        14.     All Notice and Administration Expenses shall be paid from the Settlement Fund as

14  contemplated by the Settlement Agreement.  Further, all Taxes and Tax Expenses may be paid as

15  incurred, without further order of the Court.

16        15.     The Court approves the Email Notice, Reminder Notice, Long Form Notice, and

17  Claim Form attached as Exhibits A through D to the Settlement Agreement, and finds that their

18  dissemination in the manner set forth in the Settlement Agreement and in the Declaration of Justin

19  Parks of A.B. Data ("Parks Declaration") substantially meets the requirements of Federal Rule of

20  Civil Procedure 23 and due process, constitutes the best notice practicable under the circumstances,

21  and is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the

22  pendency of the Action, the effect of the proposed Settlement (including the releases contained

23  therein), the anticipated Fee and Expense Application, including Service Awards to Plaintiffs, and

24  their rights to participate in, request exclusion from, or object to any aspect of the proposed

25  Settlement. Non-material modifications to Notice and the Claim Form may be made by the Claims

26  Administrator without further order of the Court, so long as they are approved by the Parties and

27  consistent in all material respects with the Settlement Agreement and this Order.

28

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT                                                    CASE NO. 19-cv-04286-BLF

16.     By no later than twenty-one (21) days from entry of this Order, Defendants shall, for purposes of facilitating the proposed notice plan, provide to the Claims Administrator a list of email addresses for Users who, based on a reasonable review of Defendants' records, are potential Settlement Class Members ("Direct Notice List"), as specified by the Settlement Agreement.

17.     Defendants will promptly file notice that they have notified the appropriate state and federal officials of this Settlement as required by the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. Defendants shall also provide Class Counsel with a copy of such CAFA notice and proof of its service.

18.     By no later than forty-nine (49) days from entry of this Order (the "Notice Date"), the Claims Administrator shall commence the transmission/publication of the Email Notice and Long Form Notice. The Claims Administrator shall also publish the Settlement Website pursuant to the terms of the Settlement Agreement and the Parks Declaration. The Settlement Website shall contain case-related documents including, but not limited to, the operative complaint and answer to that complaint, the Settlement Agreement, the Preliminary Approval Order, Plaintiffs' forthcoming motions for final approval and Fee and Expense Application, including Service Awards to Plaintiffs, a set of frequently asked questions and answers, information on how to submit an objection or Request for Exclusion from the Settlement, and contact information for the Class Administrator and Class Counsel.

19.     By no later than fourteen (14) days before the Final Approval Hearing, the Claims Administrator shall submit to the Court its declaration concerning the implementation of the notice plan and report of any Requests for Exclusion.

**Claim Submission**

20.     Members of the Settlement Classes who wish to make a claim must do so by submitting a Claim Form online or by mail no later than the Claims Deadline as described in the Long Form Notice and the Settlement Website. All Claim Forms must be submitted in accordance with the instructions contained in the Long Form Notice and the Claim Form. The Claims Administrator shall determine the eligibility of claims submitted and allocate the Net Settlement Amount in accordance with the Settlement Agreement and Plan of Allocation. The Claims

1    Administrator's determinations on the validity and eligibility of Claims shall be final; Settlement

2    Class Members may not appeal these determinations to the Court or other judicial body.

3        21.    To be eligible to participate in any recovery from the Net Settlement Fund, if the

4    Settlement becomes effective, each member of a Settlement Class must take the following actions

5    and be subject to the following conditions:

6        a.    Each Person claiming to be an Authorized Claimant shall be required to

7    submit to the Claims Administrator a completed Claim Form, personally signed under

8    penalty of perjury and accompanied by adequate information and documentation as

9    specified in the Claim Form, or by such other supporting documentation as is deemed

10   adequate by the Claims Administrator.  The signature of the Settlement Class Members'

11   attorney is not sufficient and electronic signatures, including DocuSign are similarly

12   invalid and will not be considered personal signatures (other than when submitted

13   electronically through the portal that the Claims Administrator designates for electronic

14   submission of Claim Forms);

15       b.    Except as otherwise ordered by the Court, all members of a Settlement Class

16   who fail to timely submit a Claim Form shall be forever barred from receiving any

17   payments pursuant to the Settlement Agreement and Settlement set forth therein, but will,

18   in all other respects, be subject to and bound by the provisions of the Settlement

19   Agreement, the releases contained therein, and the Judgment.   Notwithstanding the

20   foregoing, the Claims Administrator may, in its discretion: (i) accept for processing late

21   submitted Claims, so long as the distribution of the Net Settlement Fund to Authorized

22   Claimants is not materially delayed; and (ii) waive what the Claims Administrator deems

23   to be *de minimis* or technical defects in any Claim Form submitted.  No Person shall have

24   any claim against Plaintiffs, Class Counsel, Plaintiffs' Counsel, Defendants, Defendants'

25   Counsel, or the Claims Administrator by reason of any exercise of discretion with respect

26   to such late-submitted or technically deficient claims.

27       c.    Once the Claims Administrator has considered a timely submitted Claim

28   Form, it shall determine whether such claim is valid, deficient, or rejected.  To the extent

the Claims Administrator rejects a Claim Form, either in whole or in part, for any reason other than failure of the fraud review, the Claimant will be advised in writing of the reasons for the rejection. Claims received and determined to be fraudulently submitted shall not require a response or notice of rejection. To the extent any Claim Form contains curable deficiencies, the Claims Administrator shall inform the Claimant of the deficiency via email, or if no email address is available, by U.S. mail, and provide 21 calendar days to cure the deficiency.

d.    Each member of a Settlement Class shall submit to the jurisdiction of the Court with respect to the Claim submitted, and shall, upon the Effective Date, release all of their Released Claims against the Released Parties, as provided in the Settlement Agreement.  No discovery shall be allowed on the merits of the Action or the Settlement in connection with the processing of any Claim Form, nor shall any discovery from or of Defendants be allowed on any topic.

e.    The bulk submission of Claim Forms by any claims aggregator or person or entity who claims to be an assignee of rights associated with any of the claims that were or could have been alleged in the Action is not allowed.

22.    Members of a Settlement Class who do not submit a valid and timely Claim Form will be forever barred from receiving any payments from the Net Settlement Fund, but will in all other respects be subject to and bound by the terms of the Settlement Agreement and the Judgment, if entered and the Settlement becomes Effective, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against the Released Parties with respect to the Released Claims.

**Request for Exclusion**

23.    Any putative member of the Settlement Classes who seeks to be excluded from the Settlement must submit a written request for exclusion to the Claims Administrator by U.S. Mail, postmarked no later than the Objection/Exclusion Deadline, or submit electronically via the exclusion request portal on the Settlement Website by the Objection/Exclusion Deadline, as described in the Long Form Notice and the Settlement Website (a "Request for Exclusion"). The

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT                                          CASE NO. 19-cv-04286-BLF

1    written Request for Exclusion must be sent either by: (a) first-class U.S. mail with postage prepaid,

2    postmarked on or before the Objection/Exclusion Deadline; or (b) overnight delivery shown as

3    sent on or before the Objection/Exclusion Deadline, to the Claims Administrator:

4                            Google Assistant Privacy Settlement

5                               c/o A.B. Data, Ltd.

6                                P.O. Box 173001

7                               Milwaukee, WI 53217

8        24.    The Request for Exclusion must:

9            a.    Include the Settlement Class Member's name, address, telephone number,

10    email address, and information sufficient to verify that the Person is a member of one or

11    both of the Settlement Classes (e.g., the unique ID from email notice he/she received or the

12    email address associated with the Google Assistant Enabled Devices);

13            b.    Clearly identify the case name and number: *In re Google Assistant Privacy*

14    *Litigation*, No. 19-cv-04286-BLF (N.D. Cal.);

15            c.    Be personally signed in ink, or by electronic signature through the exclusion

16    request portal on the Settlement Website, and dated by the Settlement Class Member (the

17    signature of the Settlement Class Members' attorney is not sufficient and electronic

18    signatures, including DocuSign, except those submitted through the exclusion request

19    portal on the Settlement Website, are similarly invalid and will not be considered personal

20    signatures); and

21            d.    Make a clear request that the Person would like to "opt out" or be excluded,

22    by use of those or other words, clearly indicating a desire not to participate in the

23    Settlement.

24        25.    Members of any Settlement Class shall not be permitted to exclude other members

25    of any Settlement Class.  Moreover, group or class-wide exclusions shall not be permitted. A

26    Request for Exclusion must be submitted by each Settlement Class Member on an individual basis,

27    and personally signed by the person requesting exclusion (however a parent or legal guardian may

28

1    sign a Request for Exclusion on behalf of a Settlement Class Member who is a minor, so long as

2    he or she includes proof of such relationship).

3        26.    A Request for Exclusion that does not include all of the foregoing information, that

4    does not contain the proper signature, that is sent to an address other than the one designated above,

5    or that is not sent within the time specified shall be invalid; the Person filing such an invalid request

6    shall be a Settling Class Member and shall be bound by the Settlement, if the Settlement is

7    approved.

8        27.    Any Person who validly and timely requests exclusion from the Settlement shall

9    not be a Settlement Class Member; shall not be bound by the Settlement Agreement; shall not be

10   eligible to apply for or receive any benefit under the terms of the Settlement Agreement; and shall

11   not be entitled to submit an objection to the Settlement. If a Settlement Class Member both submits

12   a Claim Form and a timely Request for Exclusion, the Request for Exclusion will be deemed

13   invalid and the person will be deemed a Settling Class Member.

14       28.    Any Settlement Class Member who does not submit a valid and timely Request for

15   Exclusion shall be bound by the final judgment dismissing the Action on the merits with prejudice.

16                                      **Objections**

17       29.    Any Settlement Class Member who has not submitted a timely Request for

18   Exclusion and who wishes to object to the fairness, reasonableness, or adequacy of the Settlement,

19   proposed Plan of Allocation, Fee and Expense Application, or Service Awards must submit a

20   timely written objection to the Court that:

21       a.    Includes the full name, address, telephone number, and email address of the

22       objector and any counsel representing the objector;

23       b.    Clearly identifies the case name and number: *In re Google Assistant Privacy*

24       *Litigation*, No. 19-cv-04286-BLF (N.D. Cal.);

25       c.    Includes information sufficient to verify that the objector is a member of

26       one or both of the Settlement Classes (e.g., the unique ID from the email notice or the email

27       address associated with the Google Assistant Enabled Device);

28

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT                                    CASE NO. 19-cv-04286-BLF

d.    Includes a detailed statement of the grounds and evidence upon which the objection is based;

e.    States whether the objection applies only to the objector, part of the Settlement Classes, or all Settlement Classes;

f.    Includes a list of all cases in which the objector or his or her counsel has filed an objection within the past five years;

g.    Indicates whether the objector or his/her counsel intends to appear at the Final Approval Hearing, and identifies any witnesses to be called to testify or evidence to be presented at the hearing; and

h.    Is personally signed in ink and dated by the objector (the signature of the objector's attorney is not sufficient and electronic signatures, including DocuSign, are similarly invalid and will not be considered personal signatures).

30.    Objections must be submitted on or before the Objection/Exclusion Deadline as described in the Long Form Notice and the Settlement Website. If submitted through the Court's electronic filing system, objections must be submitted no later than 11:59 p.m. Pacific Time on the Objection/Exclusion Deadline. If submitted by U.S. Mail, objections must be postmarked by the Objection/Exclusion Deadline and mailed or delivered to the Clerk of Court, United States District Court for the Northern District of California, 280 South 1st Street, Room 2112, San Jose, CA 95113. If submitted in person, the objection can be filed at any location of the United States District Court for the Northern District of California on or before the Objection/Exclusion Deadline. The time stamp of the electronically filed objection and the date of the postmark/delivery on the envelope containing the written statement objecting to the Settlement will be the exclusive means used to determine whether an objection and/or intention to appear has been timely submitted. In the event a postmark is illegible or unavailable, the date of mailing will be deemed to be three days prior to the date that the Court either stamps the envelope as received or posts the objection on the electronic case docket, whichever is earlier.

31.    Any objector who timely submits an objection has the option to appear and request to be heard at the Final Approval Hearing, either in person or through the objector's counsel. Any

12

1    objector wishing to appear and be heard at the Final Approval Hearing must include a Notice of

2    Intention to Appear in the body of the objector's objection.  If an objector makes an objection

3    through an attorney, the objector shall be solely responsible for the objector's attorneys' fees and

4    expenses. Counsel for any objector seeking to appear at the Final Approval Hearing must enter a

5    Notice of Appearance no later than 14 calendar days before the Final Approval Hearing.

6         32.    Settlement Class Members who fail to submit timely written objections in the

7    manner specified above shall be deemed to have waived any objections and shall be foreclosed

8    from making any objection to the Settlement Agreement and the proposed Settlement by appearing

9    at the Final Approval Hearing, or through appeal, collateral attack, or otherwise. If a Settlement

10   Class Member does not submit a timely written objection, the Settlement Class Member will not

11   be able to participate in the Final Approval Hearing.

**Stay of Claims During Settlement Review Period**

13        33.    Pending final determination of whether the Settlement should be approved,

14   Plaintiffs, all members of any Settlement Class, and each of them, and anyone who acts or purports

15   to act on their behalf, shall not institute, commence, maintain, or prosecute, and are hereby barred

16   and enjoined from instituting, continuing, commencing, maintaining, or prosecuting, any action in

17   any court or tribunal that asserts Released Claims against any of the Released Parties, as is

18   necessary and appropriate in aid of the Court's continuing jurisdiction and authority. Unless and

19   until the Settlement Agreement is cancelled and terminated pursuant to its terms, all proceedings

20   in the Action, other than such proceedings as may be necessary to carry out the terms and

21   conditions of the Settlement, are hereby stayed and suspended until further order of the Court.

**Settlement Fund**

23        34.    To the extent they have not already done so, Class Counsel shall provide wire

24   instructions for the Escrow Account and an IRS Form W-9 for the Settlement Fund to Defendants'

25   Counsel within five business days of the date of this Order.  Within 60 calendar days from the later

26   of (a) the date the Court enters this Order, or (b) the date on which Class Counsel provides to

27   Defendants' Counsel the wire instructions for the Escrow Account and an IRS Form W-9 (or other

28   appropriate tax identification information), Defendants shall transfer into the Escrow Account

13

1   $1,000,000 of the Settlement Amount to cover the Claim's Administrator's reasonable, estimated

2   cost for Notice and Administration Expenses.

3       35.     Within 15 calendar days after the Effective Date, Google will deposit the remainder

4   of the Settlement Amount into the Escrow Account. If final approval is not granted for any reason,

5   the balance of the Escrow Account (including accrued interest), less (a) any Administration

6   Expenses actually incurred, and (b) any amounts and Taxes incurred or due and owing and payable

7   from the Settlement Fund in accordance with the Agreement, shall be returned to Defendants

8   within 10 business days.

9       36.     Huntington National Bank is appointed as the Escrow Agent.

10      37.     All funds held by the Escrow Agent shall be deemed to be in the custody of, and

11  subject to the jurisdiction of, the Court until such time as such funds are either distributed or

12  returned pursuant to the Settlement Agreement, the Plan of Allocation, and/or order of the Court.

13                      **Termination of the Settlement and Use of this Order**

14      38.     If the Settlement fails to become effective or is terminated in accordance with its

15  terms, or if the Judgment is not entered or is reversed or vacated on appeal, this Order shall be null

16  and void, the Settlement Agreement shall be deemed terminated, and the Parties shall return to

17  their positions without any prejudice, as provided for in the Settlement Agreement. The fact and

18  terms of this Order or the Settlement, all negotiations, discussions, drafts and proceedings in

19  connection with this Order or the Settlement, and any act performed or document signed in

20  connection with this Order or the Settlement, shall not, in this or any other Court, administrative

21  agency, arbitration forum, or other tribunal, constitute an admission, or evidence, or be deemed to

22  create any inference (a) of any acts of wrongdoing or lack of wrongdoing, (b) of any liability on

23  the part of Defendants to Plaintiffs, the Settlement Classes, or anyone else, (c) of any deficiency

24  of any claim or defense that has been or could have been asserted in this Action, (d) of any damages

25  or absence of damages suffered by Plaintiffs, the Settlement Classes, or anyone else, or (e) that

26  any benefits obtained by the Settlement Class under the Settlement represent the amount that could

27  or would have been recovered from Defendants in this Action if it were not settled at this time.

28  The fact and terms of this Order or the Settlement, and all negotiations, discussions, drafts, and

14

proceedings associated with this Order or the Settlement, including the Judgment and the release of the Released Claims provided for in the Settlement Agreement, shall not be offered or received in evidence or used for any other purpose in this or any other proceeding in any court, administrative agency, arbitration forum, or other tribunal, except as necessary to enforce the terms of this Order, the Judgment, and/or the Settlement.

**Settlement Schedule**

39.    The schedule of events referenced above should occur as follows:

| Event | Timing | Date |
|---|---|---|
| Google to Provide Direct Notice List | No later than 21 days after entry of the Preliminary Approval Order | |
| Notice to the Settlement Classes Commences ("Notice Date") | No later than 49 days after entry of the Preliminary Approval Order | |
| Deadline to File Plaintiffs' Motion for Attorneys' Fees and Expense Award and Service Awards | No later than 35 days before the Objection/Exclusion Deadline | |
| Deadline to File Plaintiffs' Motion for Final Approval of the Settlement | No later than 14 days before the Claim Filing Deadline and Objection/Exclusion Deadline | |
| Claims Filing Deadline | 112 days after Notice Date | |
| Objection/Exclusion Deadline | 112 days after Notice Date | |
| Deadline to File Claims Administrator's Declaration Concerning the Implementation of the Notice Plan and Report of any Requests for Exclusion | 10 business days after the Objection/Exclusion Deadline | |
| Final Approval Hearing | No sooner than 189 days after entry of the Preliminary Approval Order (at least 28 days after the Objection/Exclusion Deadline) | |

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT                                                              CASE NO. 19-cv-04286-BLF

1

2

3   **IT IS SO ORDERED.**

4

5   Dated: _____ 2026                    _/s/_____

6                                                    HON. BETH LABSON FREEMAN
                                                     UNITED STATES DISTRICT JUDGE
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT                                      CASE NO. 19-cv-04286-BLF