Vincent Briganti (*pro hac vice*)
Christian Levis (*pro hac vice*)
Margaret MacLean (*pro hac vice*)
Andrea Farah (*pro hac vice*)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: 914-997-0500
Facsimile:  914-997-0035
vbriganti@lowey.com
clevis@lowey.com
mmaclean@lowey.com
afarah@lowey.com

Erin Green Comite (*pro hac vice*)
Joseph P. Guglielmo (*pro hac vice*)
**SCOTT+SCOTT**
**ATTORNEYS AT LAW LLP**
The Helmsley Building
230 Park Avenue, 24th Floor
New York, NY 10169-1820
Telephone: 212-223-6444
Facsimile:  212-223-6334
ecomite@scott-scott.com
jguglielmo@scott-scott.com

*Additional Counsel for Plaintiffs on Signature Page*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE GOOGLE ASSISTANT PRIVACY LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Master Docket No.: 5:19-cv-04286-BLF<br><br>**PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL**<br><br>COMPLAINT FILED: July 25, 2019<br>Date:     March 19, 2026<br>Time:    9:00 A.M. PT<br>Dept.:   Courtroom 1-5th Floor<br>Judge:   Honorable Beth Labson Freeman |

Pursuant to Civil Local Rules 7-11 and 79-5(c), Plaintiffs file this Administrative Motion to Seal. This motion is supported by the accompanying Declaration of Erin Green Comite in Support of Plaintiffs' Administrative Motion to Seal ("Comite Decl.") dated January 23, 2026.

## I. INTRODUCTION

Pursuant to Civil L.R. 79-5(c), Plaintiffs move this Court to maintain under seal the Termination Threshold stated at ¶11.4 in the Settlement Agreement, filed in connection with Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement ("Preliminary Approval Motion") (ECF No. 549).[1] The Termination Threshold is the number of Requests for Exclusion that would trigger Defendants' right to terminate the Settlement. Comite Decl. ¶5.

The Settlement Agreement has been provisionally filed under seal as Exhibit A to the Comite Declaration. A public version of the Settlement Agreement, which is Exhibit 1 to the Preliminary Approval Joint Declaration, has been filed on the docket with the Termination Threshold redacted. ECF No. 549-2 at ¶11.4.

## II. LEGAL STANDARD

In evaluating a motion to seal documents filed in connection with a motion that is more than "tangentially related to the merits of the case," like a motion for preliminary approval, courts apply a "compelling reasons standard." *Thomas v. MagnaChip Semiconductor Corp.*, 2017 WL 4750628, at *4 (N.D. Cal. Oct. 20, 2017) (applying the compelling-reasons standard to plaintiffs' request to seal documents filed in connection with a motion for preliminary approval). Compelling reasons for sealing "exist when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.*

---

[1] Unless otherwise defined herein, capitalized terms have the meanings ascribed to them in the Stipulation and Agreement of Settlement ("Settlement Agreement"), attached as Exhibit 1 to the Joint Declaration of Christian Levis and Erin Green Comite in Support of Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement (the "Preliminary Approval Joint Declaration").

## III. DISCUSSION

Courts in this Circuit routinely find that "the threshold number of opt-out exclusions by class members[] must remain confidential" in order to "prevent third parties from utilizing it for the improper purpose of obstructing the settlement and obtaining higher payouts." *Id.*, at *5; *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 948 (9th Cir. 2015) (same); *In re Anthem, Inc. Data Breach Litig.*, 2017 WL 9614789, at *2 (N.D. Cal. Aug. 25, 2017) (granting motion to seal a similar provision to "prevent third parties from utilizing [this provision] for the improper purpose of obstructing the settlement and obtaining higher payouts"). The same is true here, where the Termination Threshold reveals the threshold number of opt-out exclusions necessary to terminate the Settlement Agreement. Comite Decl. ¶5. Should that number be revealed to the public, third parties may utilize it to obstruct the Settlement. *Id.* There is no less restrictive alternative to redacting the Termination Threshold that would prevent third parties from utilizing the information contained therein for improper purposes if revealed publicly. *Id.* ¶6.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request the Court maintain the Termination Threshold under seal.

Dated: January 23, 2026

Respectfully submitted:

*/s/* Erin Green Comite
Erin Green Comite (*pro hac vice*)
Joseph P. Guglielmo (*pro hac vice*)
**SCOTT+SCOTT**
**ATTORNEYS AT LAW LLP**
The Helmsley Building
230 Park Avenue, 24th Floor
New York, NY 10169-1820
Telephone: 212-223-6444
Facsimile: 212-223-6334
ecomite@scott-scott.com
jguglielmo@scott-scott.com

Vincent Briganti (*pro hac vice*)
Christian Levis (*pro hac vice*)
Margaret MacLean (*pro hac vice*)
Andrea Farah (*pro hac vice*)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100

White Plains, NY 10601
Telephone: 914-997-0500
Facsimile:  914-997-0035
vbriganti@lowey.com
clevis@lowey.com
mmaclean@lowey.com
afarah@lowey.com

Mark N. Todzo (Bar No. 168389)
Patrick Carey (Bar No. 308623)
**LEXINGTON LAW GROUP**
503 Divisadero Street
San Francisco, CA 94117
Telephone: 415-913-7800
Facsimile:  415-759-4112
mtodzo@lexlawgroup.com

*Attorneys for Plaintiffs*