UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE GOOGLE ASSISTANT PRIVACY LITIGATION | Case No. 5:19-cv-04286-BLF<br><br>**ORDER GRANTING PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL**<br><br>[Re: ECF. No. 550] |

Before the Court is Plaintiffs' Administrative Motion to Seal filed in connection with Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement. ECF No. 550 ("Mot."). The sealing motion is unopposed. For the reasons described below, Plaintiffs' Administrative Motion is GRANTED.

## I.  LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099–101 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–80.

In addition, in this district, all parties requesting sealing must comply with Civil Local

Rule 79-5. That rule requires, *inter alia*, the moving party to provide "the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient." Civil L.R. 79-5(c)(1). Civil Local Rule 79-5 requires the moving party to provide "evidentiary support from declarations where necessary." Civil L.R. 79-5(c)(2). And the proposed order must be "narrowly tailored to seal only the sealable material." Civil L.R. 79-5(c)(3).

## II.   DISCUSSION

Plaintiffs have filed this administrative motion to seal the Termination Threshold stated in the Settlement Agreement, which was filed in connection with Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement ("Preliminary Approval Motion"). Mot. at 1. Because the Termination Threshold reveals the threshold number of opt-out exclusions necessary to terminate the Settlement Agreement, Plaintiffs argue that, if made public, third parties may use that figure to "obstruct the Settlement." *Id.* at 2.

As the sealing request relates to a motion for preliminary approval of a class action settlement, which the Court finds is "more than tangentially related to the underlying cause[s] of action," the Court will apply the "compelling reasons" standard. *Ctr. for Auto Safety*, 809 F.3d at 1099–101. The Court finds that there are compelling reasons to keep the opt-out threshold number confidential in order to prevent third parties from using it for the improper purpose of obstructing the settlement and obtaining higher payouts. *In re Anthem, Inc. Data Breach Litig.*, No. 15-md-02617-LHK, 2017 WL 9614789, at *2 (N.D. Cal. Aug. 25, 2017); *see also In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 948 (9th Cir. 2015). The Court also finds that the request is narrowly tailored. *See* Civil L.R. 79-5(c)(3).

The Court's ruling is summarized below:

| Public ECF. No. / Sealed ECF. No. | Document | Portion(s) to Seal | Ruling |
|---|---|---|---|
| ECF No. 549-2 / ECF No. 550-3 | Class Action Settlement Agreement | Redacted words in ¶11.4 | GRANTED |

### III. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiffs' Administrative Motion to Seal, ECF No. 550, is GRANTED.

**IT IS SO ORDERED.**

Dated:  February 6, 2026

_____
BETH LABSON FREEMAN
United States District Judge