Vincent Briganti (*pro hac vice*)
Christian Levis (*pro hac vice*)
Margaret MacLean (*pro hac vice*)
Andrea Farah (*pro hac vice*)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: (914) 997-0500
Facsimile: (914) 997-0035
vbriganti@lowey.com
clevis@lowey.com
mmaclean@lowey.com
afarah@lowey.com

*Attorney for Plaintiffs*


[Additional counsel on signature page.]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE GOOGLE ASSISTANT PRIVACY LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No.: 19-cv-04286-BLF<br><br>[~~PROPOSED~~] **AMENDED ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Judge: Hon. Beth Labson Freeman |

WHEREAS, Plaintiffs Asif Kumandan, Melissa Spurr, individually and as guardian of B.S., a minor, Lourdes Galvan, and Eleeanna Galvan ("Plaintiffs") in the above-captioned class action (the "Action"), individually and on behalf of the Settlement Classes defined below, and Defendants Google LLC and Alphabet Inc. (collectively "Defendants" and, with Plaintiffs, the "Parties") have entered into the Stipulation and Agreement of Settlement, dated as of January 22, 2026 (the "Settlement Agreement"), which is subject to review under Federal Rule of Civil Procedure 23, and which sets forth the terms and conditions for the resolution, discharge, release, settlement, and dismissal of the Action and all claims set forth therein upon and subject to the terms and conditions hereof, and the Court having read and considered the Settlement Agreement, and the related submissions, and finding that substantial and sufficient grounds exist for entering this Order, and the Parties having consented to the entry of this Order;

WHEREAS, unless otherwise defined herein, all capitalized terms contained in this Order shall have the same meanings as they have in the Settlement Agreement;

NOW, THEREFORE, IT IS HEREBY ORDERED that:

### Preliminary Approval of the Settlement

1.      The Settlement is hereby preliminarily approved as fair, reasonable, and adequate such that notice thereof should be given to members of the Settlement Classes. The Court preliminarily finds that: (a) the Stipulation resulted from good faith, arm's length negotiations during which the Parties were represented by experienced counsel; and (b) the terms of the proposed Settlement are sufficiently fair, reasonable, and adequate to warrant providing notice of the Settlement to the Settlement Classes and the scheduling of a Final Approval Hearing to be held following the issuance of such notice pursuant to Fed. R. Civ. P. Rule 23(e).

### Final Approval Hearing

2.      The Court hereby schedules the Final Approval Hearing, to be held before the Court, on October 1, 2026 at 9:00 a.m. Pacific Time for the following purposes:

      a.   to determine finally whether the requirements for class action treatment under Fed. R. Civ. P. Rule 23 are satisfied;

    b.  to determine finally whether the Settlement is fair, reasonable, and adequate, and should be approved by the Court;

    c.  to determine whether the Final Judgment as provided for in the Settlement Agreement should be entered, dismissing the Action on the merits and with prejudice and releasing the Released Claims as against the Released Parties, as set forth in the Settlement Agreement;

    d.  to determine whether the proposed Plan of Allocation for the distribution of the Net Settlement Fund is fair and reasonable and should be approved by the Court;

    e.  to consider Plaintiffs' Counsel's Fee and Expense Application, including Service Awards to Plaintiffs;

    f.  to consider any valid objections submitted to the Court or Requests for Exclusion, as further provided for herein and in the accompanying notice; and

    g.  to rule upon such other matters as the Court may deem appropriate.

3.    The Court also reserves the right to adjourn the Final Approval Hearing to a later date or time without further notice to members of the Settlement Classes other than entry of an Order on the Court's docket.  In such event, however, Class Counsel are directed to instruct the Claims Administrator to post notice of any such adjournment on the Settlement Website to be established by the Claims Administrator in this matter for the purposes of facilitating the dissemination of notice and other information about this Action.

4.    At least fourteen (14) days before the Objection/Exclusion Deadline, Plaintiffs shall file papers in support of the motion for final approval of the Settlement.

5.    At least thirty-five (35) days before the Objection/Exclusion Deadline, Plaintiffs shall file papers in support of Plaintiffs' Counsel's Fees and Expense Application, including Service Awards to Plaintiffs.

6.    At least fourteen (14) days before the Final Approval Hearing, Plaintiffs and/or Defendants may file a response to any timely written objections received.

2

7.    Class Counsel and Defendants' Counsel are hereby authorized to utilize all reasonable procedures in connection with the administration of the Settlement, which are not materially inconsistent with either this Order or the Settlement Agreement.

8.    Following the Final Approval Hearing, the Court reserves the right to approve the Settlement without modification, or with such modifications as the Parties may agree, without further notice, and to enter its Judgment approving the Settlement and dismissing the Action on the merits and with prejudice, regardless of whether it has approved the Plan of Allocation or the requested Attorneys' Fees and Expense Award or Service Awards to Plaintiffs.

**Certification of the Settlement Classes for Purposes of the Settlement Only**

9.    Under Federal Rule of Civil Procedure 23(a) and (b)(3), the Settlement Classes are preliminarily and conditionally certified for the purpose of Settlement only as follows:

> **Purchaser Settlement Class**: All Users[1] who purchased a Google-Made Device[2] during the period between May 18, 2016 through the date the Court grants preliminary approval of the Settlement (both days inclusive) ("the Settlement Class Period.");

> **Privacy Settlement Class**: All Users of Google Assistant and members of their Households[3] during the Settlement Class Period whose communications were recorded or otherwise obtained by Google Assistant as a result of a False Accept[4] or whose communications were recorded or otherwise obtained by Google Assistant and disclosed to any third-party review vendor.

---

[1] "Users" are individuals who reside in the United States or its territories whose Google accounts were associated with at least one Google Assistant Enabled Device during the Settlement Class Period. "Google Assistant Enabled Devices" are devices that come with Google Assistant pre-installed or on which Google Assistant can be downloaded.

[2] "Google-Made Devices" are Google Assistant Enabled Devices manufactured and sold by Google either directly or through third-party retailers, including Google's own smart home speakers, Google Home, Home Mini, and Home Max; smart displays, Google Nest Hub, and Nest Hub Max; and its Pixel smartphones.

[3] "Household" is a group of individuals sharing a common abode.

[4] "False Accept" is an instance where a Google Assistant Enabled Device records and transmits audio data to Google's servers because a Hot Word was detected although a Hot Word was not spoken. "Hot Word" is a word or phrase (such as "OK Google" or "Hey Google,") which can be used to activate Google Assistant on certain Google Assistant Enabled Devices.

3

Excluded from the Settlement Classes are: (1) any Judge or Magistrate presiding over this Action, any members of their families, and the staff of such Judge or Magistrate; (2) Google, Google's subsidiaries, successors, predecessors, and any entity in which Google or its parent has a controlling interest and their current or former employees, officers, and directors; (3) Persons who properly execute and file a timely Request for Exclusion from the Settlement Classes; (4) Persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) any individual who previously opted out of the Purchaser Class, as identified at ECF No. 440-4, unless that individual elects to rejoin the Settlement Classes; (6) individuals who, prior to the exclusion deadline, both (A) file or serve a written arbitration demand, or provide written notice to Google of their intent to pursue arbitration against Google relating to the Released Claim,[5] and (B) execute an individual release of their claims; (7) the legal representatives, successors, and assigns of any excluded Persons; and (8) Plaintiffs' Counsel and Defendants' Counsel.

10.    This Court finds, preliminarily and for purposes of this Settlement only, that the prerequisites for class certification under Fed. R. Civ. P. Rule 23(a) have been satisfied in that: (a) the number of members of each Settlement Class is so numerous that joinder of all members of each Settlement Class is impracticable; (b) there are common questions of law and fact with respect to each Settlement Class; (c) the claims of the Plaintiffs are typical of the claims of the members for each Settlement Class they seek to represent; (d) Plaintiffs and Class Counsel have and will continue to fairly and adequately protect the interests of the Settlement Classes.  In addition, the

---

[5]  "Released Claims" means any and all claims or causes of action, whether known or unknown (including "Unknown Claims"), arising from or related to the facts and circumstances alleged in any of the complaints filed in the Action, including all claims and causes of action that were asserted or that could have been asserted in the Action based on the conduct or omissions alleged. For the avoidance of doubt, Released Claims shall not include (a) any claims relating to the enforcement of this Stipulation; or (b) any claims of any Person that submits a timely and valid Request for Exclusion. "Unknown Claims" means (a) any Released Claims that Plaintiffs or any Settling Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which if known by him, her, or it, might have affected his, her, or its decision(s) with respect to the Settlement, including, but not limited to, the agreement to release the Released Parties or the Released Claims, and the decision not to object to the Settlement or seek exclusion from the Settlement Class.

4

Court finds, preliminarily and for purposes of this Settlement only, that this Action satisfies the requirements for class certification under Fed. R. Civ. P. Rule 23(b)(3) in that common questions of law and fact predominate over any questions affecting only individual members of each Settlement Class, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy among the Parties as to each Settlement Class.

11.    In so finding, the Court has considered each of the following additional factors under Rule 23(b)(3) of the Fed. R. Civ. P. and finds that they also support conditional class certification for purposes of this Settlement only, namely:

a.   the (lack of) interest of members of the class in individually controlling the prosecution of separate actions;

b.   the extent and nature of any litigation concerning the controversy already begun by or against class members;

c.   the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

d.   the (lack of) difficulties likely to be encountered in managing a class action, given that if the Settlement is approved, there will be no class action litigation as to the Parties for the Court to manage.

12.    Pursuant to Fed. R. Civ. P. Rules 23(c)(1) and 23(g), preliminarily and for purposes of the Settlement only, Plaintiff Kumandan is certified as the class representative for the Purchaser Settlement Class, and Plaintiffs Kumandan, Melissa Spurr, Lourdes Galvan, and Eleeanna Galvan are certified as the class representatives for the Privacy Settlement Class ("Class Representatives") and Erin Green Comite of Scott+Scott Attorneys at Law LLP and Christian Levis of Lowey Dannenberg LLP, together with their law firms, are appointed as Class Counsel for the Settlement Classes.

**Appointment of Claims Administrator and Notice to Settlement Classes**

13.    The Court previously appointed A.B. Data, Ltd. ("A.B. Data") as the notice administrator to supervise and administer notice of the previously certified litigation class.  ECF No. 423 ¶1.  The Court now appoints A.B. Data to serve as the Claims Administrator for the

Settlement. A.B. Data shall supervise and administer the notice plan, establish and operate the Settlement Website, administer the claims processes, distribute the Net Settlement Fund to Authorized Claimants according to the processes and criteria set forth in the Settlement Agreement, and perform any other duties that are reasonably necessary and/or provided for in the Settlement Agreement. The Claims Administrator shall make all necessary efforts and precautions to ensure the security and privacy of the Settlement Class Members' information and protect it from loss, misuse, unauthorized access and disclosure, and to protect against any reasonably anticipated threats or hazards to the security of information of Settlement Class Members; prevent the use the information provided by Defendants or Class Counsel in connection with the Settlement or the notice plan for any purposes other than providing notice or conducting claims administration in this Action; and protect any information provided by Settlement Class Members from disclosure to any third parties (i.e., persons other than the Parties, their counsel, or the Claims Administrator) not assisting with notice and claims administration without advance consent from the Parties.

14. All Notice and Administration Expenses shall be paid from the Settlement Fund as contemplated by the Settlement Agreement. Further, all Taxes and Tax Expenses may be paid as incurred, without further order of the Court.

15. The Court approves the Email Notice, Reminder Notice, Long Form Notice, and Claim Form attached as Exhibits A through D to the Settlement Agreement, and finds that their dissemination in the manner set forth in the Settlement Agreement and in the Declaration of Justin Parks of A.B. Data ("Parks Declaration") substantially meets the requirements of Federal Rule of Civil Procedure 23 and due process, constitutes the best notice practicable under the circumstances, and is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, the effect of the proposed Settlement (including the releases contained therein), the anticipated Fee and Expense Application, including Service Awards to Plaintiffs, and their rights to participate in, request exclusion from, or object to any aspect of the proposed Settlement. Non-material modifications to Notice and the Claim Form may be made by the Claims Administrator without further order of the Court, so long as they are approved by the Parties and consistent in all material respects with the Settlement Agreement and this Order.

[PROPOSED] AMENDED ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT                                    CASE NO. 19-cv-04286-BLF

16. By no later than twenty-one (21) days from entry of this Order, Defendants shall, for purposes of facilitating the proposed notice plan, provide to the Claims Administrator a list of email addresses for Users who, based on a reasonable review of Defendants' records, are potential Settlement Class Members ("Direct Notice List"), as specified by the Settlement Agreement.

17. Defendants will promptly file notice that they have notified the appropriate state and federal officials of this Settlement as required by the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. Defendants shall also provide Class Counsel with a copy of such CAFA notice and proof of its service.

18. By no later than forty-nine (49) days from entry of this Order (the "Notice Date"), the Claims Administrator shall commence the transmission/publication of the Email Notice and Long Form Notice. The Claims Administrator shall also publish the Settlement Website pursuant to the terms of the Settlement Agreement and the Parks Declaration. The Settlement Website shall contain case-related documents including, but not limited to, the operative complaint and answer to that complaint, the Settlement Agreement, the Preliminary Approval Order, Plaintiffs' forthcoming motions for final approval and Fee and Expense Application, including Service Awards to Plaintiffs, a set of frequently asked questions and answers, information on how to submit an objection or Request for Exclusion from the Settlement, and contact information for the Class Administrator and Class Counsel.

19. By no later than fourteen (14) days before the Final Approval Hearing, the Claims Administrator shall submit to the Court its declaration concerning the implementation of the notice plan and report of any Requests for Exclusion.

## Claim Submission

20. Members of the Settlement Classes who wish to make a claim must do so by submitting a Claim Form online or by mail no later than the Claims Deadline as described in the Long Form Notice and the Settlement Website. All Claim Forms must be submitted in accordance with the instructions contained in the Long Form Notice and the Claim Form. The Claims Administrator shall determine the eligibility of claims submitted and allocate the Net Settlement Amount in accordance with the Settlement Agreement and Plan of Allocation. The Claims

Administrator's determinations on the validity and eligibility of Claims shall be final; Settlement Class Members may not appeal these determinations to the Court or other judicial body.

21.    To be eligible to participate in any recovery from the Net Settlement Fund, if the Settlement becomes effective, each member of a Settlement Class must take the following actions and be subject to the following conditions:

a.    Each Person claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Claim Form, personally signed under penalty of perjury and accompanied by adequate information and documentation as specified in the Claim Form, or by such other supporting documentation as is deemed adequate by the Claims Administrator.  The signature of the Settlement Class Members' attorney is not sufficient and electronic signatures, including DocuSign are similarly invalid and will not be considered personal signatures (other than when submitted electronically through the portal that the Claims Administrator designates for electronic submission of Claim Forms);

b.    Except as otherwise ordered by the Court, all members of a Settlement Class who fail to timely submit a Claim Form shall be forever barred from receiving any payments pursuant to the Settlement Agreement and Settlement set forth therein, but will, in all other respects, be subject to and bound by the provisions of the Settlement Agreement, the releases contained therein, and the Judgment.  Notwithstanding the foregoing, the Claims Administrator may, in its discretion: (i) accept for processing late submitted Claims, so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed; and (ii) waive what the Claims Administrator deems to be *de minimis* or technical defects in any Claim Form submitted.  No Person shall have any claim against Plaintiffs, Class Counsel, Plaintiffs' Counsel, Defendants, Defendants' Counsel, or the Claims Administrator by reason of any exercise of discretion with respect to such late-submitted or technically deficient claims.

c.    Once the Claims Administrator has considered a timely submitted Claim Form, it shall determine whether such claim is valid, deficient, or rejected.  To the extent

the Claims Administrator rejects a Claim Form, either in whole or in part, for any reason other than failure of the fraud review, the Claimant will be advised in writing of the reasons for the rejection. Claims received and determined to be fraudulently submitted shall not require a response or notice of rejection. To the extent any Claim Form contains curable deficiencies, the Claims Administrator shall inform the Claimant of the deficiency via email, or if no email address is available, by U.S. mail, and provide 21 calendar days to cure the deficiency.

d.    Each member of a Settlement Class shall submit to the jurisdiction of the Court with respect to the Claim submitted, and shall, upon the Effective Date, release all of their Released Claims against the Released Parties, as provided in the Settlement Agreement.  No discovery shall be allowed on the merits of the Action or the Settlement in connection with the processing of any Claim Form, nor shall any discovery from or of Defendants be allowed on any topic.

e.    The bulk submission of Claim Forms by any claims aggregator or person or entity who claims to be an assignee of rights associated with any of the claims that were or could have been alleged in the Action is not allowed.

22.    Members of a Settlement Class who do not submit a valid and timely Claim Form will be forever barred from receiving any payments from the Net Settlement Fund, but will in all other respects be subject to and bound by the terms of the Settlement Agreement and the Judgment, if entered and the Settlement becomes Effective, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against the Released Parties with respect to the Released Claims.

**Request for Exclusion**

23.    Any putative member of the Settlement Classes who seeks to be excluded from the Settlement must submit a written request for exclusion to the Claims Administrator by U.S. Mail, postmarked no later than the Objection/Exclusion Deadline, or submit electronically via the exclusion request portal on the Settlement Website by the Objection/Exclusion Deadline, as described in the Long Form Notice and the Settlement Website (a "Request for Exclusion"). The

[PROPOSED] AMENDED ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT                                    CASE NO. 19-cv-04286-BLF

written Request for Exclusion must be sent either by: (a) first-class U.S. mail with postage prepaid, postmarked on or before the Objection/Exclusion Deadline; or (b) overnight delivery shown as sent on or before the Objection/Exclusion Deadline, to the Claims Administrator:

Google Assistant Privacy Settlement

c/o A.B. Data, Ltd.

P.O. Box 173001

Milwaukee, WI 53217

24.     The Request for Exclusion must:

a.     Include the Settlement Class Member's name, address, telephone number, email address, and information sufficient to verify that the Person is a member of one or both of the Settlement Classes (e.g., the unique ID from email notice he/she received or the email address associated with the Google Assistant Enabled Devices);

b.     Clearly identify the case name and number: *In re Google Assistant Privacy Litigation*, No. 19-cv-04286-BLF (N.D. Cal.);

c.     Be personally signed in ink, or by electronic signature through the exclusion request portal on the Settlement Website, and dated by the Settlement Class Member (the signature of the Settlement Class Members' attorney is not sufficient and electronic signatures, including DocuSign, except those submitted through the exclusion request portal on the Settlement Website, are similarly invalid and will not be considered personal signatures); and

d.     Make a clear request that the Person would like to "opt out" or be excluded, by use of those or other words, clearly indicating a desire not to participate in the Settlement.

25.     Members of any Settlement Class shall not be permitted to exclude other members of any Settlement Class.  Moreover, group or class-wide exclusions shall not be permitted. A Request for Exclusion must be submitted by each Settlement Class Member on an individual basis, and personally signed by the person requesting exclusion (however a parent or legal guardian may

sign a Request for Exclusion on behalf of a Settlement Class Member who is a minor, so long as he or she includes proof of such relationship).

26. A Request for Exclusion that does not include all of the foregoing information, that does not contain the proper signature, that is sent to an address other than the one designated above, or that is not sent within the time specified shall be invalid; the Person filing such an invalid request shall be a Settling Class Member and shall be bound by the Settlement, if the Settlement is approved.

27. Any Person who validly and timely requests exclusion from the Settlement shall not be a Settlement Class Member; shall not be bound by the Settlement Agreement; shall not be eligible to apply for or receive any benefit under the terms of the Settlement Agreement; and shall not be entitled to submit an objection to the Settlement. If a Settlement Class Member both submits a Claim Form and a timely Request for Exclusion, the Request for Exclusion will be deemed invalid and the person will be deemed a Settling Class Member.

28. Any Settlement Class Member who does not submit a valid and timely Request for Exclusion shall be bound by the final judgment dismissing the Action on the merits with prejudice.

**Objections**

29. Any Settlement Class Member who has not submitted a timely Request for Exclusion and who wishes to object to the fairness, reasonableness, or adequacy of the Settlement, proposed Plan of Allocation, Fee and Expense Application, or Service Awards must submit a timely written objection to the Court that:

a. Includes the full name, address, telephone number, and email address of the objector and any counsel representing the objector;

b. Clearly identifies the case name and number: *In re Google Assistant Privacy Litigation*, No. 19-cv-04286-BLF (N.D. Cal.);

c. Includes information sufficient to verify that the objector is a member of one or both of the Settlement Classes (e.g., the unique ID from the email notice or the email address associated with the Google Assistant Enabled Device);

11

d.      Includes a detailed statement of the grounds and evidence upon which the objection is based;

e.      States whether the objection applies only to the objector, part of the Settlement Classes, or all Settlement Classes;

f.      Includes a list of all cases in which the objector or his or her counsel has filed an objection within the past five years;

g.      Indicates whether the objector or his/her counsel intends to appear at the Final Approval Hearing, and identifies any witnesses to be called to testify or evidence to be presented at the hearing; and

h.      Is personally signed in ink and dated by the objector (the signature of the objector's attorney is not sufficient and electronic signatures, including DocuSign, are similarly invalid and will not be considered personal signatures).

30.     Objections must be submitted on or before the Objection/Exclusion Deadline as described in the Long Form Notice and the Settlement Website. If submitted through the Court's electronic filing system, objections must be submitted no later than 11:59 p.m. Pacific Time on the Objection/Exclusion Deadline. If submitted by U.S. Mail, objections must be postmarked by the Objection/Exclusion Deadline and mailed or delivered to the Clerk of Court, United States District Court for the Northern District of California, 280 South 1st Street, Room 2112, San Jose, CA 95113. If submitted in person, the objection can be filed at any location of the United States District Court for the Northern District of California on or before the Objection/Exclusion Deadline.  The time stamp of the electronically filed objection and the date of the postmark/delivery on the envelope containing the written statement objecting to the Settlement will be the exclusive means used to determine whether an objection and/or intention to appear has been timely submitted. In the event a postmark is illegible or unavailable, the date of mailing will be deemed to be three days prior to the date that the Court either stamps the envelope as received or posts the objection on the electronic case docket, whichever is earlier.

31.     Any objector who timely submits an objection has the option to appear and request to be heard at the Final Approval Hearing, either in person or through the objector's counsel.  Any

12

objector wishing to appear and be heard at the Final Approval Hearing must include a Notice of Intention to Appear in the body of the objector's objection.  If an objector makes an objection through an attorney, the objector shall be solely responsible for the objector's attorneys' fees and expenses. Counsel for any objector seeking to appear at the Final Approval Hearing must enter a Notice of Appearance no later than 14 calendar days before the Final Approval Hearing.

32.    Settlement Class Members who fail to submit timely written objections in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objection to the Settlement Agreement and the proposed Settlement by appearing at the Final Approval Hearing, or through appeal, collateral attack, or otherwise. If a Settlement Class Member does not submit a timely written objection, the Settlement Class Member will not be able to participate in the Final Approval Hearing.

### Stay of Claims During Settlement Review Period

33.    Pending final determination of whether the Settlement should be approved, Plaintiffs, all members of any Settlement Class, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence, maintain, or prosecute, and are hereby barred and enjoined from instituting, continuing, commencing, maintaining, or prosecuting, any action in any court or tribunal that asserts Released Claims against any of the Released Parties, as is necessary and appropriate in aid of the Court's continuing jurisdiction and authority. Unless and until the Settlement Agreement is cancelled and terminated pursuant to its terms, all proceedings in the Action, other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement, are hereby stayed and suspended until further order of the Court.

### Settlement Fund

34.    To the extent they have not already done so, Class Counsel shall provide wire instructions for the Escrow Account and an IRS Form W-9 for the Settlement Fund to Defendants' Counsel within five business days of the date of this Order.  Within 60 calendar days from the later of (a) the date the Court enters this Order, or (b) the date on which Class Counsel provides to Defendants' Counsel the wire instructions for the Escrow Account and an IRS Form W-9 (or other appropriate tax identification information), Defendants shall transfer into the Escrow Account

$1,000,000 of the Settlement Amount to cover the Claim's Administrator's reasonable, estimated cost for Notice and Administration Expenses.

35.     Within 15 calendar days after the Effective Date, Google will deposit the remainder of the Settlement Amount into the Escrow Account. If final approval is not granted for any reason, the balance of the Escrow Account (including accrued interest), less (a) any Administration Expenses actually incurred, and (b) any amounts and Taxes incurred or due and owing and payable from the Settlement Fund in accordance with the Agreement, shall be returned to Defendants within 10 business days.

36.     Huntington National Bank is appointed as the Escrow Agent.

37.     All funds held by the Escrow Agent shall be deemed to be in the custody of, and subject to the jurisdiction of, the Court until such time as such funds are either distributed or returned pursuant to the Settlement Agreement, the Plan of Allocation, and/or order of the Court.

### Termination of the Settlement and Use of this Order

38.     If the Settlement fails to become effective or is terminated in accordance with its terms, or if the Judgment is not entered or is reversed or vacated on appeal, this Order shall be null and void, the Settlement Agreement shall be deemed terminated, and the Parties shall return to their positions without any prejudice, as provided for in the Settlement Agreement. The fact and terms of this Order or the Settlement, all negotiations, discussions, drafts and proceedings in connection with this Order or the Settlement, and any act performed or document signed in connection with this Order or the Settlement, shall not, in this or any other Court, administrative agency, arbitration forum, or other tribunal, constitute an admission, or evidence, or be deemed to create any inference (a) of any acts of wrongdoing or lack of wrongdoing, (b) of any liability on the part of Defendants to Plaintiffs, the Settlement Classes, or anyone else, (c) of any deficiency of any claim or defense that has been or could have been asserted in this Action, (d) of any damages or absence of damages suffered by Plaintiffs, the Settlement Classes, or anyone else, or (e) that any benefits obtained by the Settlement Class under the Settlement represent the amount that could or would have been recovered from Defendants in this Action if it were not settled at this time. The fact and terms of this Order or the Settlement, and all negotiations, discussions, drafts, and

14

proceedings associated with this Order or the Settlement, including the Judgment and the release of the Released Claims provided for in the Settlement Agreement, shall not be offered or received in evidence or used for any other purpose in this or any other proceeding in any court, administrative agency, arbitration forum, or other tribunal, except as necessary to enforce the terms of this Order, the Judgment, and/or the Settlement.

## Settlement Schedule

39.    The schedule of events referenced above should occur as follows:

| Event | Timing | Date |
| --- | --- | --- |
| Google to Provide Direct Notice List | No later than 21 days after entry of the Preliminary Approval Order | April 9, 2026 |
| Notice to the Settlement Classes Commences ("Notice Date") | No later than 49 days after entry of the Preliminary Approval Order | May 7, 2026 |
| Deadline to File Plaintiffs' Motion for Attorneys' Fees and Expense Award and Service Awards | No later than 35 days before the Objection/Exclusion Deadline | July 23, 2026 |
| Deadline to File Plaintiffs' Motion for Final Approval of the Settlement | No later than 14 days before the Claim Filing Deadline and Objection/Exclusion Deadline | August 13, 2026 |
| Claims Filing Deadline | 112 days after Notice Date | August 27, 2026 |
| Objection/Exclusion Deadline | 112 days after Notice Date | August 27, 2026 |
| Deadline to File Claims Administrator's Declaration Concerning the Implementation of the Notice Plan and Report of any Requests for Exclusion | No later than fourteen (14) days before the Final Approval Hearing | September 17, 2026 |
| Final Approval Hearing | No sooner than 189 days after entry of the Preliminary Approval Order (at least 28 days after the Objection/ Exclusion Deadline) | October 1, 2026 at 9:00 a.m. PT |

[PROPOSED] AMENDED ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT                    CASE NO. 19-cv-04286-BLF

**IT IS SO ORDERED.**

Dated: April 16, 2026

HON. BETH LABSON FREEMAN
UNITED STATES DISTRICT JUDGE

[PROPOSED] AMENDED ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT                    CASE NO. 19-cv-04286-BLF