Christian Levis (*pro hac vice*)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Tel.: 914-997-0500
Fax: 914-997-0035
clevis@lowey.com

*Counsel for Plaintiffs*

Erin Green Comite (*pro hac vice*)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
156 South Main Street
Colchester, CT 06415
Tel.: 860-537-5537
Fax: 860-537-4432
ecomite@scott-scott.com

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

IN RE GOOGLE ASSISTANT PRIVACY LITIGATION

This Document Relates to:

ALL ACTIONS

Master Docket No.: 5:19-cv-04286-BLF

**JOINT DECLARATION OF ERIN GREEN COMITE AND CHRISTIAN LEVIS IN SUPPORT OF PLAINTIFFS' COUNSEL'S MOTION FOR ATTORNEYS' FEES AND EXPENSES AND PLAINTIFFS' APPLICATION FOR SERVICE AWARDS**

COMPLAINT FILED: July 25, 2019
Date:    October 1, 2026
Time:    9:00 a.m. PT
Dept.:   Courtroom 1-5th Floor
Judge:   Honorable Beth Labson Freeman

We, Erin Green Comite and Christian Levis, declare under penalty of perjury pursuant to 28 U.S.C. §1746 as follows:

1.    I, Erin Green Comite, am a partner at the law firm of Scott+Scott Attorneys at Law LLP ("Scott+Scott").  I am admitted *pro hac vice* to this Court to represent Plaintiffs Asif Kumandan; Melissa Spurr, individually and as guardian of B.S., a minor; Lourdes Galvan; and Eleeanna Galvan (collectively, "Plaintiffs") in the above-captioned matter (the "Action").

2.    I, Christian Levis, am a partner at the law firm of Lowey Dannenberg, P.C. ("Lowey").  I am admitted *pro hac vice* to this Court to represent Plaintiffs in the Action.

3.    We respectfully submit this Joint Declaration in support of Plaintiffs' Counsel's Motion for Attorneys' Fees and Expenses and Plaintiffs' Application for Service Awards.  We have been actively involved in this case since before the Action was originally filed on July 25, 2019, and are familiar with the proceedings and have personal knowledge of the matters stated herein.

4.    Unless otherwise defined, capitalized terms have the same meaning as in the Stipulation and Agreement of Settlement dated January 22, 2026 (ECF No. 549-2) ("Settlement Agreement" or "SA").

## I.    OVERVIEW OF THE ACTION

5.    This Action arises from allegations that Defendants Google LLC and Alphabet Inc.'s (collectively, "Google") Google Assistant virtual voice assistant recorded and transmitted users' private communications without their knowledge or consent.  The initial complaints were filed in July 2019.

6.    The Action was vigorously contested at every stage, as discussed further below. Google is one of the most well-resourced technology companies in the world and retained premier defense counsel who contested every element of liability and damages throughout the litigation.

## II.    RISKS OF NONPAYMENT AND CONTINGENT NATURE OF REPRESENTATION

7.    Plaintiffs' Counsel prosecuted this Action for more than six years on a wholly contingent basis, advancing out-of-pocket costs of more than $1,000,000 and devoting more than

1

20,000 attorney and staff hours with no assurance of any recovery whatsoever. At the outset and throughout the litigation, there was a genuine risk that the classes would recover nothing.

8. The privacy-related classes were never certified, leaving those claims with little more than appellate-review value on a classwide basis. *See* ECF No. 414. The certified Purchaser Class faced a fully briefed motion for summary judgment. *See* ECF Nos. 496, 501, 505, 514.

9. With trial set for September 2025, Google's fully briefed motion for summary judgment remained pending. Google argued that the Purchaser Class could not prove most of the elements of its claims—including that there were no actionable promises, no breach of any promise, and no viable classwide damages methodology. *See* ECF No. 496.

10. Google also moved to compel nearly half of the certified Purchaser Class into arbitration. *See* ECF No. 397. Although the Court ultimately found that Google waived that defense, the risk of half the Class being compelled to arborization highlights the risks faced throughout the litigation. *See* ECF No. 420.

11. Data privacy is also a rapidly developing field of law. A single adverse ruling could have shifted the legal landscape on both liability and damages, sharply reducing—or altogether eliminating—the classwide recovery.

## III.    DAMAGES ANALYSIS

12. Plaintiffs' Counsel estimated that, even if the certified Purchaser Class prevailed at trial, classwide damages would range from approximately $120,000,000 (based on nominal damages of $1.00 per Google-Made Device) to $448,800,000 (based on a $3.74 price premium per device). Google disputed these amounts (and, indeed, *still* disputes them) because it contends that there are less than 120 million Google-Made Devices in the Class and that no Class members are entitled to any recovery. Nonetheless, using Plaintiffs' estimates, the Settlement recovers approximately $18 to $56 to each Purchaser Class Member and approximately $2 to $10 to each Privacy Class Member. *See* ECF No. 549-8 ¶52. This amounts to approximately 15.15% and 56.67% of the maximum classwide damages the Purchaser Class could recover at trial. Because the Privacy Class's claims were not certified and would not been tried absent a successful appeal

2

following the Purchase Class trial, those claims are not included in this estimate.

13.    If Google is ultimately correct, and the class size is smaller, then Settlement Class Members may receive a greater benefit than reflected above, as a smaller universe of devices should result in fewer claims and a higher pro rata recovery per Class Member.

## IV.    QUALITY AND SKILL OF PLAINTIFFS' COUNSEL'S WORK

14.    Plaintiffs' Counsel are experienced class-action litigators who efficiently litigated this case at a consistently high level for more than six years against premier defense counsel representing one of the world's largest companies.  *See* ECF Nos. 549-4, 549-5, 549-6, 549-7 (law firm resumes).  The quality of that work is evident at every stage of the case, as described below.

### A.    Pleadings

15.    Plaintiffs' Counsel drafted and refined the operative pleadings through four successive amendments over more than two years, consolidating multiple related actions into this single Action and sharpening Plaintiffs' factual allegations and legal theories at each stage.  From the initial complaints filed in July 2019 through the operative Fourth Amended Consolidated Class Action Complaint, Plaintiffs' claims withstood repeated motions to dismiss.  The Court's July 1, 2021 order granting in part and denying in part Google's Motion to Dismiss the Third Amended Complaint sustained the core of Plaintiffs' claims—including claims under the federal Wiretap Act, the California Invasion of Privacy Act, intrusion upon seclusion, invasion of privacy under the California Constitution, breach of contract, and the unfair prong of the California Unfair Competition Law ("UCL").  *See* ECF No. 138.  Pleading and preserving these novel privacy and consumer-protection theories against sophisticated defense challenges required substantial skill and reflects the high quality of Plaintiffs' Counsel's work.

### B.    Fact and Expert Discovery

16.    Plaintiffs' Counsel conducted nearly three years of hard-fought fact and expert discovery.  They served three sets of requests for production (totaling 57 requests), 26 interrogatories, and 82 requests for admission; reviewed and analyzed approximately three million pages of documents produced by Google; and engaged in more than 50 meet-and-confer sessions.

Plaintiffs' Counsel litigated numerous discovery disputes before Magistrate Judge van Keulen, including hard-fought disputes over Google's "False Accepts" data and the design of a complex sampling protocol. They served five Rule 45 subpoenas on third parties, and took or defended numerous depositions, including of 12 Google employees, a third-party witness, the four Plaintiffs plus two of Plaintiffs' family members, and the Parties' testifying experts, for whom Plaintiffs' Counsel prepared and defended two expert reports.

### C.    Class Certification

17.    Plaintiffs' Counsel briefed and won certification of the Purchaser Class on the breach-of-contract and unlawful-prong UCL claims—a significant achievement in a hotly contested consumer-privacy action. Securing a certified class materially strengthened the classwide settlement position.

18.    Plaintiffs' Counsel devoted hundreds of hours to Plaintiffs' motion for class certification, filed on July 18, 2022, conferring with experts regarding consumers' expectation of privacy and damages and retaining experts to analyze the technical contents of Google's document and data productions. After full briefing and a hearing on October 20, 2022, the Court, on December 16, 2022, granted certification in part—certifying the Purchaser Class while declining to certify the privacy-related classes. Plaintiffs' Counsel then developed and obtained approval of a comprehensive class-notice plan, under which the Court appointed A.B. Data, Ltd. as Notice Administrator and notice was disseminated to the certified Purchaser Class.

19.    Plaintiffs' Counsel also successfully defended the scope of the certified class: when Google moved, on November 18, 2024, to narrow the Purchaser Class definition to individuals who purchased devices manufactured and sold directly by Google, Plaintiffs' Counsel opposed the motion and the Court denied it, holding that the Purchaser Class consists of users of devices sold by Google as well as by third-party retailers.

### D.    Arbitration and Dispositive Motion Practice

20.    Plaintiffs' Counsel then prevailed on a pivotal motion, defeating Google's attempt to compel nearly half of the certified Purchaser Class into arbitration. Had Google prevailed, the

value of the Purchaser Class's claims would have been significantly reduced. Plaintiffs' Counsel also devoted significant resources to opposing Google's renewed motion for summary judgment, which remained pending when the Parties agreed to settle.

### E.    Settlement Negotiations

21.    The Settlement was the product of arm's-length negotiations conducted over an extended period and with the assistance of multiple respected neutrals. The parties participated in multiple mediations, including a mediation before Randy Wulff in May 2023, two full-day mediation sessions before the Honorable Jay Gandhi (Ret.) of JAMS in February and May 2024, and a settlement conference before Magistrate Judge Westmore in April 2025, before ultimately executing a binding term sheet and a comprehensive Settlement Agreement. That this hard-won result was achieved only after years of adversarial litigation and multiple rounds of supervised negotiation underscores both its fairness and the skill of the counsel who produced it.

## V.    LODESTAR CROSS CHECK

22.    Plaintiffs' Counsel have collectively devoted **20,371.60** hours to the prosecution of this Action, calculated at their current hourly rates, yielding an aggregate lodestar of **$22,477,337.50**. A firm-by-firm breakdown of hours, hourly rates, and lodestar for Lowey; Scott+Scott; the Lexington Law Group; and the Wood Law Firm, LLC is set forth in the accompanying declarations submitted by each firm, and is summarized here:

| Firm | Lodestar |
|---|---|
| Lowey Dannenberg, P.C. | $15,276,820.50 |
| Scott+Scott Attorneys at Law LLP | $6,507,316.00 |
| Lexington Law Group | $645,426.00 |
| Wood Law Firm, LLC | $47,775.00 |
| **TOTAL** | **$22,477,337.50** |

23.    The rates on which the lodestar was calculated are commensurate with those regularly charged by attorneys with comparable experience for complex litigation of this kind, and courts in this District and others have repeatedly approved rates at these levels. *See* Declaration of Daryl F. Scott of Scott+Scott Attorneys at Law LLP ¶¶6-8; Declaration of Christian Levis of Lowey Dannenberg, P.C. ¶¶4-5; Declaration of Mark Todzo of Lexington Law Group ¶¶4-5;

5

Declaration of Edward K. Wood of Wood Law Firm, LLC ¶5.

## VI.    LITIGATION EXPENSES

24.    Plaintiffs' Counsel seek reimbursement of litigation expenses of **$1,021,738.40**, representing costs reasonably and necessarily incurred over more than six years of litigation. These expenses include expert and consultant fees, mediation fees, electronic-discovery and document-hosting costs, the costs of distributing notice to the certified Purchaser Class following class certification, filing and service of process fees, transcript fees, court-reporter and videographer charges, photocopying, mailing costs, legal research, and travel.  A firm-by-firm breakdown of litigation expenses advanced by Plaintiffs' Counsel is set forth in the accompanying declarations submitted by each firm, and is summarized here:

| Firm | Expenses Advanced |
|------|------------------|
| Lowey Dannenberg, P.C. | $419,775.36 |
| Scott+Scott Attorneys at Law LLP | $94,413.12 |
| Lexington Law Group | $6,636.64 |
| Wood Law Firm, LLC | $9,138.22 |
| Litigation Fund | $491,775.06 |
| **TOTAL** | **$1,021,738.40** |

## VII.    SERVICE AWARDS

25.    Each of the four Plaintiffs—Asif Kumandan, Melissa Spurr, individually and as guardian of B.S., a minor, Lourdes Galvan, and Eleeanna Galvan—seek a service award of $10,000.  These awards are well earned.

26.    Each Plaintiff actively participated in the litigation over a period of years: they assisted in the investigation and preparation of the claims, responded to requests for production of documents and interrogatories, produced documents, sat for their depositions, consulted with counsel, and stayed apprised of the litigation and the Settlement, all in the interest of the Settlement Classes.  The specific contributions of each Plaintiff are detailed in their accompanying individual declarations.

27.    Collectively, the four service awards total $40,000—less than 0.06% of the $68,000,000 Settlement Fund—and will not meaningfully reduce the recovery available to the

Settlement Classes.

***

I declare, under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.  Executed on July 23, 2026, in Colchester, CT.


*/s/ Erin Green Comite*
Erin Green Comite

I declare, under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.  Executed on July 23, 2026, in White Plains, New York


*/s/ Christian Levis*
Christian Levis

JOINT DECLARATION OF ERIN GREEN COMITE AND CHRISTIAN LEVIS IN SUPPORT OF PLAINTIFFS' COUNSEL'S
MOTION FOR ATTORNEYS' FEES AND EXPENSES AND PLAINTIFFS' APPLICATION FOR SERVICE AWARDS
CASE NO. 5:19-CV-04286-BLF

## CERTIFICATE OF SERVICE

I hereby certify that on July 23, 2026 the foregoing document entitled JOINT DECLARATION OF ERIN GREEN COMITE AND CHRISTIAN LEVIS IN SUPPORT OF PLAINTIFFS' COUNSEL'S MOTION FOR ATTORNEYS' FEES AND EXPENSES AND PLAINTIFFS' APPLICATION FOR SERVICE AWARDS was filed electronically in the Court's ECF; thereby upon completion the ECF system automatically generated a "Notice of Electronic Filing" as service through CM/ECF to registered e-mail addresses of parties of record in this case.

*/s/ Erin Green Comite*
Erin Green Comite