**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE GOOGLE ASSISTANT PRIVACY LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Master Docket No.: 5:19-cv-04286-BLF<br><br>**DECLARATION OF CHRISTIAN LEVIS OF LOWEY DANNENBERG, P.C. IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND EXPENSES AND PLAINTIFFS' APPLICATION FOR SERVICE AWARDS**<br><br>COMPLAINT FILED: July 25, 2019<br>Date:   October 1, 2026<br>Time:   9:00 a.m. PT<br>Dept.:   Courtroom 1-5th Floor<br>Judge:   Honorable Beth Labson Freeman |

DECLARATION OF CHRISTIAN LEVIS OF LOWEY DANNENBERG P.C. IN SUPPORT OF PLAINTIFFS' COUNSEL'S MOTION FOR ATTORNEYS' FEES AND EXPENSES AND PLAINTIFFS' APPLICATION FOR SERVICE AWARDS                                         CASE NO. 5:19-CV-04286

I, Christian Levis, declare under penalty of perjury pursuant to 28 U.S.C. §1746 as follows:

1.    I am an attorney duly licensed to practice before the courts of the States of New York and New Jersey and admitted *pro hac vice* before this Court. I am a partner with the law firm Lowey Dannenberg, P.C. ("Lowey") and counsel of record for Plaintiffs Asif Kumandan, Melissa Spurr, individually and as guardian of B.S., a minor, Lourdes Galvan, and Eleeanna Galvan ("Plaintiffs"). I submit this declaration in support of Plaintiffs' Counsel's Motion for Attorneys' Fees and Expenses and Plaintiffs' Application for Service Awards ("Fee and Expense Application") filed concurrently herewith. I have personal knowledge of the matters stated herein and, if called upon, I could and would competently testify thereto.

2.    At all times relevant hereto, Lowey served as counsel for Plaintiffs and the proposed Settlement Class for purposes of the Settlement in the above-captioned action (the "Action"). In addition, Scott+Scott Attorneys at Law LLP ("Scott+Scott") and Lowey have been appointed Class Counsel for the Settlement Class in this Action. ECF No. 560 at 5. Unless otherwise defined, capitalized terms herein have the same meaning as in the Settlement Agreement between Plaintiffs and Google. *See* ECF No. 549-2.

3.    The statements herein are true to the best of my personal knowledge, information, and belief based upon the books and records of Lowey and information received from Lowey's attorneys and staff.

4.    The schedules attached as **Exhibit A** and **Exhibit B** summarize Lowey's hours and lodestar from inception of this Action to June 30, 2026, including a breakdown of the hours by category of work.  The total hours were determined by examining contemporaneous daily time records regularly prepared and maintained by Lowey attorneys and professional support staff. Lodestar calculations for the time incurred are based on the firm's current hourly rates. Lodestar figures do not include charges for expense items. Lowey time records were reviewed to confirm both the accuracy of the entries as well as the necessity for and reasonableness of the time expended in this litigation. As a result of this review, certain reductions were made to time and lodestar either in the exercise of billing judgment or to conform with the firm's practice. Time

1

spent by Lowey attorneys and staff who worked fewer than 20 hours on the case has been omitted from the lodestar calculation. The billing rate for first level document review has been capped at $425.

5.    The hourly rates for Lowey attorneys and other professional support staff used in this Action are the usual and customary hourly rates for their services in contingent and non-contingent matters, have been approved by other courts in similar matters, and are comparable to the prevailing market rates. *See e.g., Lopez v. Apple, Inc.*, No. 4:19-cv-04577, (N.D. Cal. Oct. 16, 2025), ECF No. 426 (approving fee award with Lowey's rates ranging from $425 and $1,650); *Fund Liquidation Holdings LLC v. UBS*, No. 1:15-cv-05844 (S.D.N.Y.), ECF No. 758 (May 6, 2024) (application reporting rates between $1,500 for partners and $300 for associates), ECF Nos. 768-769 (June 18, 2024) (granting final approval and fees); *In re European Government Bonds Antitrust Litig.*, No. 1:19-cv-2601 (S.D.N.Y.), ECF No. 423-3 (October 30, 2023) (application including attorney rates ranging from $365 to $1,395), ECF No. 487 (April 19, 2024) (approving attorneys' fees); *Hozza v. PrimoHoagies Franchising, Inc.*, No. 1:20-cv-04966 (D.N.J.), ECF No. 61 (November 10, 2022) (data breach class action; application reporting rates between $1,015 for partners and $430 for associates), ECF Nos. 70-71 (March 23, 2023) (granting final approval and fees); *see also Barrett v. Apple, Inc.*, No. 5:20-cv-04812-EJD (N.D. Cal. Apr. 3, 2015), ECF No. 296 (granting motion for attorneys' fees where hourly rates charged by attorneys ranged from $500 to $1,545).

6.    For personnel no longer employed by Lowey, the lodestar calculation is based on the billing rates for such personnel in his or her final year of employment.

7.    The time set forth in this Declaration does not include the hours Lowey will spend preparing this Motion, briefing arguments concerning final approval of the Settlement after June 30, 2026, communicating with Settlement Class members after June 30, 2026, preparing for and attending the Final Approval Hearing on October 1, 2026, and administering the Settlement, assuming it is approved by the Court.

8.    The services Lowey performed include, but are not limited to, the following:

DECLARATION OF CHRISTIAN LEVIS OF LOWEY DANNENBERG P.C. IN SUPPORT OF PLAINTIFFS' COUNSEL'S MOTION FOR ATTORNEYS' FEES AND EXPENSES AND PLAINTIFFS' APPLICATION FOR SERVICE AWARDS                                                                          CASE NO. 5:19-CV-04286

- Factual Investigation: Shortly after the news outlet *VRT* published a whistleblower's account detailing Google's surreptitious collection of information through its Google Assistant functionality, Lowey began their investigation into the conduct, which involved independently examining the factual bases for *VRT's* claims and conducting legal research on the applicable federal and state privacy laws that may have been violated. This was a multi-phased investigation, including the review of the public information and Google's privacy policies, and conversations with Plaintiffs Kumandan and Spurr.

- Pleadings & Pre-Answer Briefing: Lowey took an active role in researching the viability of various statutory and common law privacy claims as well as in drafting and revising the initial complaints and the consolidated and amended pleadings, through the Fourth Amended Consolidated Class Action Complaint. Lowey spent hundreds of additional hours developing oppositions to four rounds of motions to dismiss and analyzing the motion to dismiss decisions.

- Discovery & Depositions of Google: Throughout the litigation, Lowey played a central role in shaping and executing the discovery process. The firm drafted and revised the electronically stored information ("ESI") protocol and protective order that would govern the exchange of evidence, along with three sets of document requests, a set of interrogatories, two sets of Requests for Admission, and the deposition notices under Rules 30(b)(6) and 30(b)(1), as well as Rule 45 subpoenas directed to Google's third-party vendors. Lowey attorneys also negotiated the search terms governing Google's document production and devoted hundreds of hours to correspondence and meet-and-confer sessions with Google to resolve discovery disputes. When disputes could not be resolved informally, Lowey researched and drafted numerous joint discovery letters and supplemental briefing at the Court's request, and appeared before Magistrate Judge van Keulen to argue these issues at several hearings. Lowey also reviewed approximately three million pages produced by Google, preparing issue memoranda to synthesize key findings and identifying documents for use as deposition exhibits. The firm further prepared for and participated in multiple depositions of Google witnesses. Relatedly, Lowey led an extensive effort to negotiate a sampling protocol with Google aimed at identifying false accepts, working closely with experts to assess the

DECLARATION OF CHRISTIAN LEVIS OF LOWEY DANNENBERG P.C. IN SUPPORT OF PLAINTIFFS' COUNSEL'S MOTION FOR ATTORNEYS' FEES AND EXPENSES AND PLAINTIFFS' APPLICATION FOR SERVICE AWARDS                                           CASE NO. 5:19-CV-04286

sample's viability and analyzing the resulting data once produced. This work included a comprehensive review effort, spanning hundreds of additional hours, in which Lowey attorneys examined thousands of Google Assistant queries and the raw data Google produced under the sampling protocol.

- Discovery & Depositions of Plaintiffs: Lowey reviewed, analyzed, and drafted objections and responses to the document requests and interrogatories that Google served on Plaintiffs. Firm attorneys met with Plaintiffs Kumandan and Spurr to conduct forensic ESI document collection and discuss their respective responses to the document requests and interrogatories. Attorneys subsequently reviewed and produced documents responsive to Google's document requests in the possession, custody, and control of Plaintiffs Kumandan and Spurr and later prepared and defended Plaintiffs Kumandan and Spurr at their respective depositions.

- Google's Third-Party Discovery: Lowey drafted objections and responses to the subpoena that Google served on Plaintiff Spurr's spouse; produced responsive documents in the possession, custody and control of Plaintiff Spurr's spouse; and prepared and defended him at his deposition.

- Plaintiffs' Third-Party Discovery: After drafting and issuing multiple subpoenas, Lowey attorneys held meet-and-confers with subpoena recipients to negotiate the scope of the resulting document production; reviewed the documents produced by third parties; and deposed a third-party witness.

- Expert Work: Lowey closely worked with subject matter experts retained for class certification, motion for summary judgment and discovery. For example, Lowey spent hundreds of hours collaborating with experts to design a conjoint survey to quantify damages arising from Google's alleged misrepresentations as well as hundreds of additional hours with damages expert to construct a defensible damages model. Lowey also spent many hours conferring with experts to assist and analyze Google's sample containing hundreds of thousands of audio files and excel files containing raw data to measure false accepts.

- Class Certification and Class-Related Briefing: Lowey attorneys undertook substantial work in pursuit of class certification, beginning with research into the viability of certifying class claims under the Wiretap Act, the Stored Communications Act ("SCA"), and various privacy, breach of contract, and UCL causes of action. The firm reviewed documents to identify evidence supporting certification, then drafted the motion for class certification and the reply brief in support, efforts that culminated in the Court granting certification in part. Lowey attorneys also conferred with experts and revised expert reports to strengthen the certification record, and worked with the notice administrator to plan and disseminate class notice. Plaintiffs also devoted considerable time and resources to defending the class against Google's efforts to narrow or dismantle it. This included strategizing, researching, and drafting oppositions to Google's motion to compel arbitration, its motion to clarify the class definition, and its motion to invalidate the arbitration opt-outs—work that included traveling for an in-person hearing to oppose Google's attempt to remove Class Members through opt-outs. These efforts proved successful: the Court denied each of the forms of relief Google sought.

- Summary Judgment: Lowey researched, drafted, and revised Plaintiffs' opposition to Google's motion for summary judgment, prepared supporting declarations and exhibits, conferred with experts concerning summary judgment related issues, and revised the expert reports. The first summary judgment was denied without prejudice on the eve of when Plaintiffs' response was due. With respect to the second summary judgment motion, since the procedural posture had changed and Plaintiffs also had the benefit of the class certification decision, the scope of the arguments transformed. Attorneys invested hundreds of additional hours to research and draft Plaintiffs' opposition to the second summary judgment motion and traveled to San Jose to argue the summary judgment motion. The second summary judgment motion was terminated upon the Parties' agreement to settle the Action.

- Mediation & Settlement: Lowey drafted three separate mediation statements that analyzed the strengths and weaknesses of the case and calculated class-wide damages for each claim. The firm's attorneys participated in four in-person, all-day mediation sessions with three

5

different mediators, and held several follow-up sessions with Magistrate Judge Westmore and Google to negotiate the terms of the Settlement. Lowey reviewed and edited the draft Settlement Agreement and its exhibits, conferred with Plaintiffs regarding the Settlement Agreement's provisions, and drafted the motion for preliminary approval.

9.     I was directly involved in this case from the outset, from drafting the initial complaint through overseeing the day-to-day operations as it progressed. I devised the overall litigation strategy, led meet-and-confers with Google regarding discovery dispute, defended the deposition of Plaintiff Spurr and assisted with briefing on numerous discovery disputes. I worked on and argued Plaintiffs' motion for class certification, and contributed to the oppositions to Google's motions for summary judgment, to clarify class definition, to compel arbitration, and to invalidate arbitration opt outs. I worked closely with both our survey and damages experts on their reports and deposition preparation and deposed Google's damages expert. I participated in each mediation, revised Plaintiffs' mediation statements, and negotiated the settlement terms.

10.     From my firm, the following attorneys contributed substantial efforts that yielded the Settlement before the Court:

- **Partners**:
  - Vincent Briganti: As chairman of the firm, Mr. Briganti provided high-level strategic insight and guidance throughout the litigation. He assisted with settlement negotiations, including contributing to the mediation statements, and participated in one in-person mediation session along with multiple additional sessions conducted via videoconference. Mr. Briganti also provided advice concerning the provisions of the Term Sheet and Settlement Agreement.
  - Margaret MacLean: Ms. MacLean was involved in nearly every aspect of the litigation, drafting motions, participating in discovery, and leading the final mediation with Google. She also took an active role in negotiating the terms of the Term Sheet and settlement agreement.

6

DECLARATION OF CHRISTIAN LEVIS OF LOWEY DANNENBERG P.C. IN SUPPORT OF PLAINTIFFS' COUNSEL'S MOTION FOR ATTORNEYS' FEES AND EXPENSES AND PLAINTIFFS' APPLICATION FOR SERVICE AWARDS                                                                    CASE NO. 5:19-CV-04286

o <u>Andrea Farah</u>: Ms. Farah was involved in this case from inception, leading the firm's efforts on Google's motions to dismiss and arguing for Plaintiffs. She was extensively involved in discovery: deposing Google's witnesses, drafting RFPs, negotiating the ESI protocol and protective order, coordinating discovery for Plaintiffs Kumandan and Spurr, and defending the depositions of Plaintiff Kumandan and of third-party, Mr. Steven Spurr (Plaintiff Spurr's spouse). She also oversaw and negotiated third-party subpoenas, led the drafting of Plaintiffs' opposition to Google's summary judgment motion and Plaintiffs' class certification motion. Ms. Farah served as lead attorney on numerous discovery meet-and-confers, and spent hundreds of hours conferring with experts on Google's false accept sample. She also drafted and revised mediation statements, attended mediations, and helped negotiate the settlement terms.

- **Associates**:

  o <u>Radhika Gupta</u>: Ms. Gupta assisted in various discovery tasks, including drafting discovery responses, reviewing documents, and preparing memos highlighting key evidence. She identified and researched potential Google witnesses, drafted subpoenas and attended meet-and-confers with Google and third parties. She also prepared attorneys for depositions and oral arguments on the motions to dismiss, for class certification, and summary judgment. In addition, Ms. Gupta contributed legal research supporting Plaintiffs' class certification motion and their opposition to summary judgment. She also assisted in drafting settlement papers and related motion papers, including motion for preliminary approval and its accompanying exhibits.

  o <u>Alesandra Greco</u>: Ms. Greco also assisted with various discovery tasks such as performing first and second-level document review and assistance with deposition preparation. She attended meet-and-confers with Google and third parties regarding the scope of document productions and other discovery

7

disputes. She was one of the attorneys responsible for compiling the order of proof to help with class certification and summary judgment.

- o Noelle Forde: Ms. Forde assisted with deposition preparation and taking depositions of Google witnesses. Ms. Forde also took an active role in meeting experts and assisted with the preparation of Plaintiffs' expert reports relating to privacy and damages.

- o Rachel Kesten: Ms. Kesten prepared for and deposed one of Google's witnesses. Ms. Kesten also assisted with other discovery, including performing document review and compiling the order of proof. Among other work, Ms. Kesten provided legal and document citations for Plaintiffs' class certification motion.

- o John D'Amico: Mr. D'Amico primarily assisted with document review and prepared memoranda containing summaries of key documents.

11. The total time for which my firm is requesting an award of legal fees is **13,553.60** hours. The total loadstar value of these professional services is **$15,276,820.50**.

12. Attached as **Exhibit C** is a schedule of Lowey's expenses reasonably incurred in connection with this litigation for which reimbursement is requested. Expense items are billed separately, and such charges are not duplicated in the firm's current billing rates. Further, expense items do not contain any general overhead costs, and do not contain a surcharge over the amount paid to the corresponding vendor(s). The expenses items do not include Lowey's contributions to the litigation fund established for this case and held by Scott+Scott. The details of the expenses paid from the litigation fund are described in the Scott Decl. filed contemporaneously.

13. As detailed and categorized in **Exhibit C**, Lowey incurred a total of **$419,775.36** in expenses from inception through to present. The schedule is based upon expense records recorded in Lowey's books and records. These books and records are prepared from expense vouchers, check records, receipts, and other source materials.

8

14. These litigation expenses were reasonably and necessarily incurred in the prosecution of the Action, and therefore, this application for reimbursement of litigation expenses should be approved.

15. All Plaintiffs, including Plaintiff Kumandan and Plaintiff Spurr, have been actively involved in analyzing the risks of prosecution and observed first-hand the skillfulness of Plaintiffs' Counsel to prosecute the claims. Based upon Plaintiffs' Counsel's work and the result achieved, Plaintiffs affirmatively support Plaintiffs' Counsel' application for attorneys' fees and reimbursement of expenses. *See* Kumandan Decl.; Spurr Decl.; E. Galvan Decl.; L. Galvan Decl.

16. In addition, Plaintiffs request Service Awards of $10,000 each for Kumandan, Spurr, L. Galvan and E. Galvan which is reasonable given the time and effort expended by the Class Representatives. *See* Kumandan Decl.; Spurr Decl.; E. Galvan Decl.; L. Galvan Decl. The Class Notice informed Settlement Class that Plaintiffs may seek Service Awards of $10,000 each, totaling no more than $40,000.

***

I declare, under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.  Executed on July 23, 2026, in White Plains, New York.


*s/Christian Levis*
Christian Levis

9

DECLARATION OF CHRISTIAN LEVIS OF LOWEY DANNENBERG P.C. IN SUPPORT OF PLAINTIFFS' COUNSEL'S MOTION FOR ATTORNEYS' FEES AND EXPENSES AND PLAINTIFFS' APPLICATION FOR SERVICE AWARDS                                                    CASE NO. 5:19-CV-04286

**EXHIBIT A**

**LODESTAR SUMMARY – INCEPTION THROUGH JUNE 30, 2026**
**LOWEY DANNENBERG, P.C.**

| PROFESSIONAL | YEAR | ROLE | TOTAL HOURS | HOURLY RATE[1] | TOTAL LODESTAR AT HOURLY RATES |
|---|---|---|---|---|---|
| Geoffrey Horn | 1994 | S | 145.20 | $1,795.00 | $260,634.00 |
| Vincent Briganti | 1996 | S | 986.60 | $1,795.00 | $1,770,947.00 |
| Amanda Fiorilla | 2020 | P | 423.50 | $1,383.32 | $585,835.50 |
| Andrea Farah | 2014 | P | 3,104.40 | $1,385.50 | $4,301,150.00 |
| Christian Levis | 2012 | P | 1,196.20 | $1,395.00 | $1,668,699.00 |
| Margaret MacLean | 2008 | P | 1,537.90 | $1,395.00 | $2,145,370.50 |
| Sitso Bediako | 2008 | P | 128.00 | $1,395.00 | $178,560.00 |
| Anthony Christina | 2016 | SA | 38.60 | $895.00 | $34,547.00 |
| John D'Amico | 2000 | SA | 648.00 | $435.44 | $282,168.00 |
| Noelle Forde | 2017 | SA | 768.90 | $1,249.25 | $960,547.50 |
| Alesandra Greco | 2021 | A | 1,020.20 | $610.76 | $623,097.50 |
| Christopher DeVivo | 2022 | A | 30.50 | $490.00 | $14,945.00 |
| Craig Maider | 2018 | A | 64.50 | $485.00 | $31,282.50 |
| Henry Kusjanovic | 2013 | A | 312.10 | $430.00 | $134,203.00 |
| Ian Sloss | 2012 | A | 414.10 | $550.00 | $227,755.00 |

[1] The "Total Hourly Rate" for the following timekeepers reflects a blended rate due to the cap imposed for first-level document review work:

Amanda Fiorilla    $425 / $1,395

Andrea Farah   $425 / $1,395

Noelle Forde   $425 / $1,250

Radhika Gupta    $425 / $895

John D'Amico $425 / $895

Rachel Kesten $425 / $725

Yuanchen Lu   $425 / $725

Alesandra Greco    $425 / $675

10

| PROFESSIONAL | YEAR | ROLE | TOTAL HOURS | HOURLY RATE[1] | TOTAL LODESTAR AT HOURLY RATES |
|---|---|---|---|---|---|
| Rachel Kesten | 2019 | A | 692.50 | $683.50 | $473,322.50 |
| Radhika Gupta | 2022 | A | 1,365.80 | $858.28 | $1,172,242.00 |
| Richard Frank | 2011 | A | 97.10 | $400.00 | $38,840.00 |
| Vincent Cappucci | 2020 | A | 93.10 | $675.00 | $62,842.50 |
| Xin Huang | 2025 | A | 26.00 | $645.00 | $16,770.00 |
| Yuanchen Lu | 2022 | A | 399.30 | $666.70 | $266,212.50 |
| Katherine Vogel | | PL | 36.20 | $470.00 | $17,014.00 |
| Myra Fromholz | | PL | 24.90 | $395.00 | $9,835.50 |
| **TOTAL** | | | **13,553.60** | | **$15,276,820.50** |

Key:
Shareholder (S)
Partner (P)
Senior Associate (SA)
Associate (A)
Paralegal (PL)

DECLARATION OF CHRISTIAN LEVIS OF LOWEY DANNENBERG P.C. IN SUPPORT OF PLAINTIFFS' COUNSEL'S MOTION FOR ATTORNEYS' FEES AND EXPENSES AND PLAINTIFFS' APPLICATION FOR SERVICE AWARDS

CASE NO. 5:19-CV-04286

**EXHIBIT B**

**HOURS BY CATEGORY – INCEPTION THROUGH JUNE 30, 2026**
**LOWEY DANNENBERG, P.C.**

| Attorneys | Role | (1) | (2) | (3) | (4) | (5) | (6) | (7) | (8) | (9) | (10) | (11) | (12) | Total Hours |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Geoffrey Horn | S | - | 1.2 | - | 2.0 | 9.3 | 14.9 | 0.4 | 39.3 | 71.5 | 1.6 | - | 5.0 | 145.2 |
| Vincent Briganti | S | 7.1 | 76.0 | - | 14.6 | 144.3 | 93.5 | 24.0 | 404.3 | 222.8 | - | - | - | 986.6 |
| Amanda Fiorilla | P | 3.6 | 54.0 | 5.1 | 151.7 | 141.7 | 30.7 | 5.5 | 16.9 | 11.2 | - | 1.0 | 2.2 | 423.5 |
| Andrea Farah | P | 116.6 | 624.1 | 30.4 | 327.5 | 641.8 | 252.2 | 380.1 | 173.0 | 387.5 | 46.8 | 7.5 | 116.9 | 3,104.4 |
| Christian Levis | P | 5.4 | 38.3 | - | 142.6 | 244.1 | 161.6 | 110.4 | 330.4 | 93.9 | 33.5 | 5.9 | 30.1 | 1,196.2 |
| Margaret MacLean | P | - | 6.5 | - | 138.2 | 431.7 | 376.6 | 124.5 | 74.0 | 361.4 | 17.0 | - | 8.0 | 1,537.9 |
| Sitso Bediako | P | - | - | - | - | - | - | - | - | 128.0 | - | - | - | 128.0 |
| Anthony Christina | SA | 10.7 | 15.8 | - | - | 8.4 | - | - | - | 3.7 | - | - | - | 38.6 |
| John D'Amico | SA | - | - | 633.6 | - | 14.4 | - | - | - | - | - | - | - | 648.0 |
| Noelle Forde | SA | - | - | 0.7 | 132.6 | 200.7 | 297.8 | 1.1 | 67.4 | 57.5 | 0.7 | 1.2 | 9.2 | 768.9 |

DECLARATION OF CHRISTIAN LEVIS OF LOWEY DANNENBERG P.C. IN SUPPORT OF PLAINTIFFS' COUNSEL'S MOTION FOR ATTORNEYS' FEES AND EXPENSES AND PLAINTIFFS' APPLICATION FOR SERVICE AWARDS

CASE NO. 5:19-CV-04286

| | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Alesandra Greco | A | 22.0 | 5.0 | 262.2 | 109.7 | 183.2 | 251.5 | 105.9 | 49.0 | 15.9 | - | - | 15.9 | 1,020.2 |
| Christopher DeVivo | A | - | - | - | - | - | 30.5 | - | - | - | - | - | - | 30.5 |
| Craig Maider | A | - | 64.5 | - | - | - | - | - | - | - | - | - | - | 64.5 |
| Henry Kusjanovic | A | 36.4 | 225.1 | - | - | 46.5 | 1.9 | - | 1.2 | - | - | 1.0 | - | 312.1 |
| Ian Sloss | A | 211.0 | 123.5 | - | - | 79.6 | - | - | - | - | - | - | - | 414.1 |
| Rachel Kesten | A | - | - | 95.8 | 144.0 | 216.6 | 181.0 | 31.1 | 22.0 | - | - | 0.7 | 1.3 | 692.5 |
| Radhika Gupta | A | 158.4 | 67.6 | 106.7 | 89.4 | 279.7 | 168.7 | 323.1 | 71.2 | 97.5 | 2.0 | - | 1.5 | 1,365.8 |
| Richard Frank | A | - | - | 97.1 | - | - | - | - | - | - | - | - | - | 97.1 |
| Vincent Cappucci | A | 1.0 | - | - | - | - | 10.0 | - | 24.6 | 57.5 | - | - | - | 93.1 |
| Xin Huang | A | - | - | - | - | 14.0 | 12.0 | - | - | - | - | - | - | 26.0 |
| Yuanchen Lu | A | - | - | 77.6 | 23.1 | 68.4 | 120.0 | 65.0 | 7.4 | 36.7 | - | - | 1.3 | 399.3 |
| **SUBTOTAL:** | | 572.2 | 1,301.6 | 1,309.2 | 1,275.4 | 2,724.4 | 2,002.8 | 1,171.1 | 1,280.7 | 1,545.1 | 101.6 | 17.3 | 191.4 | 13,492.5 |

DECLARATION OF CHRISTIAN LEVIS OF LOWEY DANNENBERG P.C. IN SUPPORT OF PLAINTIFFS' COUNSEL'S MOTION FOR ATTORNEYS' FEES AND EXPENSES AND PLAINTIFFS' APPLICATION FOR SERVICE AWARDS

CASE NO. 5:19-CV-04286

| Non-Attorneys | Role | Hours by Category | | | | | | | | | | | | Total Hours |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | (1) | (2) | (3) | (4) | (5) | (6) | (7) | (8) | (9) | (10) | (11) | (12) | |
| Katherine Vogel | PL | 1.5 | 1.8 | - | 1.6 | 18.8 | 6.7 | 4.0 | - | - | 0.8 | - | 1.0 | 36.2 |
| Myra Fromholz | PL | 1.4 | 0.9 | - | 1.2 | 4.7 | 6.5 | - | 5.8 | 4.4 | - | - | - | 24.9 |
| SUBTOTAL: | | 2.9 | 2.7 | - | 2.8 | 23.5 | 13.2 | 4.0 | 5.8 | 4.4 | 0.8 | - | 1.0 | 61.1 |
| GRAND TOTALS: | | 575.1 | 1,304.3 | 1,309.2 | 1,278.2 | 2,747.9 | 2,016.0 | 1,175.1 | 1,286.5 | 1,549.5 | 102.4 | 17.3 | 192.4 | 13,553.6 |

Key:
(1) Investigation & Factual Research for Initial and Amended Complaints
(2) Initial & Amended Complaint Drafting and Motion to Dismiss Briefing
(3) Document Review
(4) Depositions (incl. prep)
(5) Other Discovery (incl. motion practice)
(6) Class Cert & Post-Class Cert Motions (Motions to Clarify Class Definition, Invalidate Arbitration Opt Outs, Compel Arbitration)
(7) Summary Judgment
(8) Litigation Strategy & Analysis
(9) Mediation, Settlement & Settlement Administration
(10) Trial (incl. prep)
(11) Client Communication
(12) Expert Work

DECLARATION OF CHRISTIAN LEVIS OF LOWEY DANNENBERG P.C. IN SUPPORT OF PLAINTIFFS' COUNSEL'S MOTION FOR ATTORNEYS' FEES AND EXPENSES AND PLAINTIFFS' APPLICATION FOR SERVICE AWARDS

CASE NO. 5:19-CV-04286

**EXHIBIT C**

**EXPENSE SUMMARY**
**LOWEY DANNENBERG, P.C.**

| EXPENSE CATEGORIES | AMOUNT |
|---|---|
| Court Costs/Filing Fees | $3,144.00 |
| Court Transcripts/Court Reporter Fees | $73,140.75 |
| Experts/Consultants[2] | $57,806.50 |
| Document Production | $178,466.44 |
| Postage, Mailing, FedEx, UPS, Fares & Messengers | $692.42 |
| Service of Process | $2,557.05 |
| Mediation Costs[3] | $29,637.46 |
| Computerized Research, Databases & Docket | $18,980.22 |
| Photocopies (In-House) | $3,441.20 |
| Long Distance/Conference Calls/Internet | $360.22 |
| Travel - Airfare, Lodging, Meals, Taxi | $51,549.10 |
| **Total** | **$419,775.36** |

[2] These expenses reflect payments to, among others, IPMetrics ($46,462.50), in addition to payments made from the litigation fund created for this case.

[3] These expenses reflect payments to JAMS made in addition to payments made from the litigation fund created for this case.