**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE GOOGLE ASSISTANT PRIVACY LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Master Docket No.: 5:19-cv-04286-BLF<br><br>**DECLARATION OF EDWARD K. WOOD OF WOOD LAW FIRM, LLC IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND EXPENSES AND PLAINTIFFS' APPLICATION FOR SERVICE AWARDS**<br><br>COMPLAINT FILED: July 25, 2019<br>Date:    October 1, 2026<br>Time:    9:00 a.m. PT<br>Dept.:    Courtroom 1-5th Floor<br>Judge:    Honorable Beth Labson Freeman |

DECLARATION OF EDWARD K. WOOD OF WOOD LAW FIRM, LLC IN SUPPORT OF PLAINTIFFS' COUNSEL'S MOTION FOR ATTORNEYS' FEES AND EXPENSES AND PLAINTIFFS' APPLICATION FOR SERVICE AWARDS
CASE NO. 5:19-CV-04286

I, Edward K. Wood, declare under penalty of perjury pursuant to 28 U.S.C. §1746 as follows:

1.    I am an attorney duly licensed to practice before the courts of Alabama, Florida, and the District of Columbia and admitted *pro hac vice* before this Court. I am the founder and managing partner of Wood Law Firm, LLC (the "Firm") and counsel of record for Plaintiffs Asif Kumandan, Melissa Spurr, individually and as guardian of B.S., a minor, Lourdes Galvan, and Eleeanna Galvan ("Plaintiffs"). I submit this declaration in support of Plaintiffs' Counsel's Motion for Attorneys' Fees and Expenses and Plaintiffs' Application for Service Awards filed concurrently herewith. I have personal knowledge of the matters stated herein and, if called upon, I could and would competently testify thereto.

2.    At all times relevant hereto, I served as one of Plaintiffs' Counsel in the Action. Unless otherwise defined, capitalized terms herein have the same meaning as in the Stipulation and Agreement of Settlement. ECF No. 549-2.

3.    The statements herein are true to the best of my personal knowledge, information, and belief based upon the books and records of the Firm and information I and my professional support staff provided.

4.    The schedules attached as **Exhibit A** and **Exhibit B** summarize the hours and lodestar of the Firm from inception of this Action to June 30, 2026, including a breakdown of the hours by category of work. The total hours were determined by examining contemporaneous daily time records regularly prepared and maintained by my Firm. Lodestar calculations for the time incurred are based on the Firm's current hourly rates and were prepared based upon daily time records that I and my professional support staff maintain at the Firm. Lodestar figures do not include charges for expense items. The Firm's time records have been reviewed to confirm both the accuracy of the entries as well as the necessity for and reasonableness of the time expended in this litigation. Time spent by my professional staff who worked fewer than 20 hours on the case has been omitted from the lodestar calculation.

1

5. The hourly rate for myself is the same as the usual and customary hourly rates used for my services in other contingent class action litigation and have been approved in this District and by other federal courts in similar actions. *See, e.g., Lopez v. Apple, Inc.*, No. 4:19-cv-04577 (N.D. Cal. Oct. 16, 2025), ECF No. 426 (additional plaintiffs' counsel); *In re Disposable Contact Lens*, No. 3:15-MD-2626, 2022 WL 22869368 (M.D. Fla. Oct. 12, 2022) (Plaintiffs' Steering Committee); *Galvez v. Touch-Tel U.S.A.*, No. 08-CV-5642, 2013 WL 12238943 (C.D. Cal. Oct. 9, 2013); *In re: TJX Retail Security Breach Litig.*, 584 F. Supp. 2d 395 (D. Mass. 2008) (Plaintiffs' Steering Committee).

6. The services the Firm performed include, but are not limited to, the following:

- Factual Investigation:  investigated the factual allegations in the initial and amended complaints, including multiple interviews with the Lourdes and Eleeanna Galvan ("Galvan Plaintiffs") regarding their respective experiences with Google Assistant; and conferred with co-counsel regarding the allegations regarding the Galvan Plaintiffs.

- Pleadings & Pre-Answer Briefing:  reviewed and analyzed the initial and amended complaints prior to filing, including discussions with the Galvan Plaintiffs to obtain their approval for filing.

- Discovery & Depositions of the Galvan Plaintiffs:  reviewed and analyzed the document requests and interrogatories that Google served on the Galvan Plaintiffs; reviewed and analyzed the Galvan Plaintiffs' objections and responses to Google's discovery; held numerous discussions with the Galvan Plaintiffs regarding their respective responses to the document requests and interrogatories; conferred several times with the Galvan Plaintiffs regarding the forensic ESI document collection and searching for specific types of documents and other materials requested in Google's document requests; held numerous conferences with co-counsel regarding discovery pertaining to the Galvan Plaintiffs; and met with the Galvan Plaintiffs to prepare them for their respective depositions.

- Mediation & Settlement:  conferred with co-counsel regarding the status of mediations

2

DECLARATION OF EDWARD K. WOOD OF WOOD LAW FIRM, LLC IN SUPPORT OF PLAINTIFFS' COUNSEL'S MOTION FOR ATTORNEYS' FEES AND EXPENSES AND PLAINTIFFS' APPLICATION FOR SERVICE AWARDS
CASE NO. 5:19-cv-04286

and settlement negotiations; evaluated settlement demands and counteroffers; reviewed and analyzed the Settlement Agreement and its exhibits; conferred with the Galvan Plaintiffs regarding the status of settlement negotiations, the Settlement Agreement's provisions, and obtaining their approval for the Settlement.

7.    I have been a licensed attorney since 1987 with a focus on class action and mass tort matters, many of which are multi-district matters. Representative current class action litigation matters include: *In re: Blue Cross Blue Shield Antitrust Litigation* (Plaintiffs' Local Facilitating Counsel; Plaintiffs' Steering Committee), and *In re: Generic Pharmaceuticals Pricing Antitrust Litigation*. Representative closed multi-district and class action matters include: *Lopez v. Apple, Inc.*, *In re: TikTok, Inc. Consumer Privacy Litigation*; *In re: TJX Retail Security Breach Litigation* (Plaintiffs' Steering Committee); *In re: Vioxx Products Liability Litigation*; *In re: Bausch & Lomb Contact Lens Solution Products Liability Litigation* (Plaintiffs' Steering Committee); *In re: Heparin Products Liability Litigation* (Plaintiffs' Steering Committee); *In re: Total Body Formula Products Liability Litigation* (Co-Lead and Liaison Counsel; Plaintiffs' Executive Committee); *In re: Countrywide Security Breach Litigation* (Plaintiffs' Steering Committee); *In re: Hydroxycut Marketing and Sales Practices Litigation*; *In re: Heartland Payment Systems, Inc. Customer Data Security Breach Litigation*; *Howerton, et al. v. Cargill, Inc.* (Truvia); *In re: Zappos.com, Inc., Customer Data Security Breach Litigation*; *In re: DePuy Orthopaedics, Inc. ASR Hip Implant Products Liability Litigation*; *In re: Stryker Rejuvenate and ABG II Hip Implant Products Liability Litigation*; *In re: Community Health Systems, Inc., Customer Security Data Breach Litigation* (Plaintiffs' Steering Committee); *In re: Local TV Advertising Antitrust Litigation*; and *In re: DePuy Orthopaedics, Inc., Pinnacle Hip Implant Products Liability Litigation*.

8.    The total time for which the Firm is requesting an award of legal fees is **63.7** hours. The total lodestar value of these professional services is **$47,775.00**.

9.    Attached as **Exhibit C** is a schedule of the Firm's expenses reasonably incurred in connection with this litigation for which reimbursement is requested.  The Firm incurred these unreimbursed expenses to cover the costs of *pro hac vice* and filing fees, telephone and facsimile

3

charges, case-specific supplies, and work-related transportation, lodging, and meal expenses for travel. Expense items are billed separately, and such charges are not duplicated in the Firm's current billing rates. Further, expense items do not contain any general overhead costs, and do not contain a surcharge over the amount paid to the corresponding vendor(s).

10.    As detailed and categorized in the schedule attached as **Exhibit C**, the Firm incurred a total of **$9,138.22** in expenses since the inception of the Action. The schedule is based upon expense records recorded in the Firm's books and records. These books and records are prepared from expense vouchers, check records, receipts, and other source materials.

11.    These litigation expenses were reasonably and necessarily incurred in the prosecution of the Action, and therefore, this application for reimbursement of litigation expenses should be approved.

***

I declare, under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct. Executed on July 23, 2026, in Birmingham, Alabama.

Edward K. Wood /w/ permission

Edward K. Wood

4

DECLARATION OF EDWARD K. WOOD OF WOOD LAW FIRM, LLC IN SUPPORT OF PLAINTIFFS'
COUNSEL'S MOTION FOR ATTORNEYS' FEES AND EXPENSES AND PLAINTIFFS' APPLICATION FOR
SERVICE AWARDS
CASE NO. 5:19-cv-04286

## EXHIBIT A

### LODESTAR SUMMARY – INCEPTION THROUGH JUNE 30, 2026
### WOOD LAW FIRM

| Professional | Status | Hourly Rate | Total Hours | Total Lodestar |
|---|---|---|---|---|
| E. Kirk Wood | P | $750 | 63.70 | $47,775.00 |
| **TOTAL** | | | **63.70** | **$47,775.00** |
| **Partner (P)** | | | | |

DECLARATION OF EDWARD K. WOOD OF WOOD LAW FIRM, LLC IN SUPPORT OF PLAINTIFFS'
COUNSEL'S MOTION FOR ATTORNEYS' FEES AND EXPENSES AND PLAINTIFFS' APPLICATION FOR
SERVICE AWARDS
CASE NO. 5:19-cv-04286

**EXHIBIT B**

**Firm Name: Wood Law Firm**
**Reporting Period Inception through June 30, 2026**

**Categories: 1.** Investigation & Factual Research for Initial and Amended Complaints; 2. Initial & Amended Complaint Drafting and Motion to Dismiss Briefing; 3. Document Review; **4.** Depositions ((incl. prep); **5.** Other Discovery (incl. motion Practice); 6. Class Cert & Post-Class Cert Motions (Motions to Clarify Class Definition, Invalidate Arbitration Opt Outs, Compel Arbitration); 7. Summary Judgment; 8. Litigation Strategy & Analysis; 9. Mediation, Settlement & Settlement Administration; 10. Trial (incl. prep); 11. Client Communication; 12. Expert Discovery

| Name | Status | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Current Hourly | Total Hours This Period | Lodestar This Period |
|------|--------|---|---|---|---|---|---|---|---|---|----|----|----|----------------|-------------------------|----------------------|
| E. Kirk Wood | P | 2.00 | 2.00 | | 13.70 | 24.70 | | | 7.80 | 13.50 | | | | $750 | 63.70 | $47,775.00 |
| TOTALS | | 2.00 | 2.00 | 0.00 | 13.70 | 24.70 | 0.00 | 0.00 | 7.80 | 13.50 | 0.00 | 0.00 | 0.00 | | 63.70 | $47,775.00 |

Partner (P)

## EXHIBIT C

## EXPENSE SUMMARY
## WOOD LAW FIRM

| EXPENSE CATEGORIES | AMOUNT |
|---|---|
| Travel - Airfare, Lodging, Meals, Taxi | $8,717.28 |
| Service, Filing & Other Fees | $353.69 |
| Telephone, Facsimile & Case-Specific Supplies | $67.25 |
| **TOTAL** | **$9,138.22** |