**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE GOOGLE ASSISTANT PRIVACY LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Master Docket No.: 5:19-cv-04286-BLF<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' COUNSEL'S MOTION FOR ATTORNEYS' FEES AND EXPENSES AND PLAINTIFFS' APPLICATION FOR SERVICE AWARDS**<br><br>COMPLAINT FILED: July 25, 2019<br>Date:    October 1, 2026<br>Time:    9:00 a.m. PT<br>Dept.:    Courtroom 1-5th Floor<br>Judge:    Honorable Beth Labson Freeman |

This matter came for a duly-noticed hearing on October 1, 2026 (the "Final Approval Hearing"), upon Plaintiffs' Counsel's Motion for Attorneys' Fees and Expenses and Plaintiffs' Application for Service Awards ("Fee and Expense Application") in the above-captioned Action.[1] The Court has considered the Fee and Expense Application and all supporting and other related materials, including the matters presented at the Final Approval Hearing.  Due and adequate notice of the settlement agreement (the "Settlement Agreement") between Plaintiffs and Defendants Google LLC and Alphabet Inc. (collectively "Defendants" or "Google" and, with Plaintiffs, the "Parties") having been given to the Settlement Class Members, the Final Approval Hearing having been held, and the Court having considered all papers filed and proceedings held herein, having found the Settlement of the Action to be fair, reasonable and adequate, and otherwise being fully informed in the premises and good cause appearing therefore,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.	This Court has personal jurisdiction over Plaintiffs Asif Kumandan, Melissa Spurr, individually and as guardian of B.S., a minor, Lourdes Galvan, and Eleeanna Galvan (collectively, Plaintiffs"), Google, and all Settlement Class Members who have not timely and validly requested exclusion, and subject matter jurisdiction over the Action to approve the Settlement Agreement and all exhibits attached thereto.

2.	Notice of the Fee and Expense Application was provided to potential Settlement Class Members in a reasonable manner, and such notice complies with Rule 23(h)(1) of the Federal Rules of Civil Procedure and due process requirements.

3.	The Court hereby awards Plaintiffs' Counsel attorneys' fees of $_____ (____% of the Settlement Amount), and litigation expenses of $_____, together with interest for the same time period and at the same rate as earned by the Settlement Fund until paid, which shall be paid out of the Settlement Fund.

---

[1]	Unless otherwise defined herein, all capitalized terms used herein have the meanings set forth and defined in the Stipulation and Agreement of Settlement dated January 22, 2026.  ECF No. 549-2.

4.      Class Counsel is hereby authorized to allocate the attorneys' fees among Plaintiffs' Counsel in a manner in which, in Class Counsel's judgment, reflects the contributions of such counsel to the institution, prosecution, and settlement of the Action.

5.      In making this award of attorneys' fees and payment of litigation expenses, the Court has considered and found that:

a.      the Settlement Agreement with Google has created a non-reversionary fund of $68,000,000.00 in cash;

b.      Plaintiffs' Counsel have devoted 20,371.60 hours with a combined lodestar of $22,477,337.50 to achieve the Settlement in this Action.  Having reviewed Plaintiffs' Counsel's Fee and Expense Application, the Court finds this attorneys' fees award to be fair, reasonable, and appropriate under applicable law and based upon the following factors: (1) the results obtained are a fair, adequate, and reasonable benefit to the Settlement Classes; (2) the fee award represents a multiplier of 1.01 on Plaintiffs' Counsel's lodestar; (3) there was a considerable risk that Plaintiffs' Counsel would recover nothing; and (4) the financial burden taken on by Plaintiffs' Counsel in litigating the case on a contingent basis warrants granting the award.

c.      The Settlement provides the Settlement Classes with substantial and meaningful financial relief.

d.      Settlement Class Members who submit valid Claim Forms will benefit from the Settlement reached because of the efforts of Plaintiffs' Counsel.

e.      Plaintiffs' Counsel has prosecuted the Action and achieved the Settlement with skill, perseverance, and diligent advocacy.

f.      Had Plaintiffs' Counsel not achieved the Settlement with Google, there would remain a significant risk that Plaintiffs and the Settlement Classes may have recovered less or nothing at all.

g.      The contingent nature, risks and complexity of the Action favor the attorneys' fee awarded above.

2

h.    Public policy considerations support the requested fee, as only a small number of firms have the requisite expertise and resources to successfully prosecute cases such as the Action.

i.    The amount of attorneys' fees awarded and expenses to be paid from the Settlement Fund is fair and reasonable in view of the applicable legal principles and the particular facts and circumstances of the Action.

j.    Plaintiffs' Counsel have incurred $1,021,738.40 in litigation expenses, which were reasonably incurred in the ordinary course of prosecuting this case and were necessary given the complex nature and scope of this Action.  The Court finds that Plaintiffs' Counsel are entitled to be reimbursed for these litigation expenses.

6.    Pursuant to the Settlement Agreement, the attorneys' fees and expense awards are independent of the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement.

7.    The attorneys' fees and payment of expenses awarded herein may be paid to Plaintiffs' Counsel from the Settlement Fund in accordance with the terms, conditions, and obligations of the Settlement Agreement, which terms, conditions, and obligations are incorporated herein.

8.    Further, Plaintiffs' dedication and efforts have conferred a significant benefit on Settlement Class Members.  Accordingly, the Court approves Plaintiffs' request for a Service Award of $_____ each to Plaintiffs Asif Kumandan, Melissa Spurr, Lourdes Galvan, and Eleeanna Galvan for their work in this Action, finding that such award is fair, reasonable, and adequate.

9.    These Service Awards are justified by: (1) the risk Plaintiffs faced in bringing this lawsuit, financial and otherwise; (2) the amount of time and effort spent on this Action by Plaintiffs, including active participation in discovery and case strategy; and (3) the benefits the Plaintiffs helped obtain for the Settlement Class Members under the Settlement.

10.    The Service Awards set forth in this Order shall be paid and distributed in

3

accordance with the terms of the Settlement.

11.    Without affecting the finality of this Order in any way, this Court hereby retains continuing jurisdiction over the Parties and the Settlement Class Members for all matters relating to this Action, including the administration, interpretation, effectuation, or enforcement of this Order.

**IT IS SO ORDERED.**

Date: _____    _____
                              HON. BETH LABSON FREEMAN
                              UNITED STATES DISTRICT JUDGE
                              NORTHERN DISTRICT OF CALIFORNIA

4