Vincent Briganti (*pro hac vice*)
Christian Levis (*pro hac vice*)
Margaret MacLean (*pro hac vice*)
Andrea Farah (*pro hac vice*)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: 914-997-0500
Facsimile: 914-997-0035
vbriganti@lowey.com
clevis@lowey.com
mmaclean@lowey.com
afarah@lowey.com

Erin Green Comite (*pro hac vice*)
Joseph P. Guglielmo (*pro hac vice*)
**SCOTT+SCOTT**
**ATTORNEYS AT LAW LLP**
The Helmsley Building
230 Park Avenue, 24th Floor
New York, NY 10169-1820
Telephone: 212-223-6444
Facsimile: 212-223-6334
ecomite@scott-scott.com
jguglielmo@scott-scott.com

*Additional Counsel for Plaintiffs*
*on Signature Page*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE GOOGLE ASSISTANT PRIVACY LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Master Docket No.: 5:19-cv-04286-BLF<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>COMPLAINT FILED: July 25, 2019<br>Date:  October 1, 2026<br>Time:  9:00 A.M. PT<br>Dept.:  Courtroom 1-5th Floor<br>Judge:  Honorable Beth Labson Freeman |

## NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on October 1, 2026, at 9:00 a.m. Pacific Time, or as soon thereafter as counsel may be heard by the Court, in Courtroom 1, 5th Floor of the United States District Court for the Northern District of California, 280 South 1st Street, San Jose, CA 95113, the Honorable Beth Labson Freeman presiding, Plaintiffs Asif Kumandan, Melissa Spurr, individually and as guardian of B.S., a minor, Lourdes Galvan, and Eleeanna Galvan ("Plaintiffs"), through their undersigned counsel and on behalf of the proposed Settlement Classes, move this Court, pursuant to Federal Rule of Civil Procedure 23, for entry of the Proposed Final Approval Order and Judgment, which among other things: (i) grants final approval of the Settlement Agreement with Defendants Google LLC and Alphabet Inc. (together, "Google") and the proposed Settlement, including the Plan of Allocation, and finds that both are fair, reasonable, and adequate; (ii) declares the Agreement to be binding, and to have res judicata and preclusive effect, on all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiffs and the Settling Class Members with respect to the Released Claims; (iii) grants final certification of the proposed Settlement Classes for the purposes of settlement only; (iv) finds that Plaintiffs and Class Counsel adequately represented the Settlement Classes; (v) finds that the Court-approved Notice was successfully implemented and satisfies the requirements of the Federal Rules of Civil Procedure and due process; and (vi) dismisses with prejudice Plaintiffs' and Settlement Class Members' Released Claims against Google.

The Motion for Final Approval of Class Action Settlement ("Motion") is based upon this Notice of Motion and Motion, the Memorandum of Law set forth below, the Joint Declaration of Erin Green Comite and Christian Levis in Support of Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement (ECF No. 549-1), the accompanying Declaration of Rochelle J. Teichmiller on Implementation of Notice Plan and the exhibits attached thereto, the pleadings and records on file in this Action, the proposed Final Approval Order and Judgment submitted herewith, and other such matters and argument as the Court may consider at the hearing of this Motion.  Google does not oppose this Motion.

On these grounds, Plaintiffs respectfully request that the Court grant Plaintiffs' Motion and enter the proposed Final Approval Order and Judgment.

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT
CASE NO. 5:19-cv-04286-BLF

## STATEMENT OF ISSUES TO BE DECIDED

1.    Whether the Court should grant final certification of the Settlement Classes under Federal Rules of Civil Procedure 23(a) and 23(b)(3);

2.    Whether the Court should grant final approval of the proposed Settlement and Plan of Allocation under Federal Rule of Civil Procedure 23(e)(2);

3.    Whether the Court-approved Notice plan was implemented and satisfies the requirements of the Federal Rules of Civil Procedure and due process; and

4.    Whether the Court should enter judgment dismissing with prejudice Plaintiffs' and Settlement Class Members' Released Claims against Google.

# TABLE OF CONTENTS

I.   INTRODUCTION ...............................................................................................1

II.  THE NOTICE PLAN HAS BEEN SUCCESSFULLY IMPLEMENTED ........................2

III. LEGAL STANDARD FOR FINAL APPROVAL .............................................................4

IV.  ARGUMENT ....................................................................................................4

    A.   The Court Should Certify the Settlement Classes.......................................................4

    B.   The Court Should Grant Final Approval of the Settlement ...................................6

        1.   The Rodriguez Factors Support Final Approval of the Settlement............. 7

            a.   The Strength of Plaintiffs' Case and the Risks Support Final Approval (Rodriguez Factors 1-3) .................................................. 7

            b.   The Extensive Discovery, Stage of the Proceedings, and Class Counsel's Views Support Final Approval (Rodriguez Factors 5-6) .................................................... 8

            c.   The Settlement Amount Supports Final Approval (Rodriguez Factor 4) ....................................................... 9

            d.   The Settlement Classes' Reaction to Date Supports Final Approval (Rodriguez Factors 7-8) ................................................. 11

        2.   The Rule 23(e)(2) Factors Have Been Satisfied ....................................... 11

            a.   The Settlement Is Procedurally Fair (Rule 23(e)(A)-(B))............. 11

            b.   The Settlement Is Substantively Fair (Rule 23(e)(2)(C)) ............. 12

            c.   The Settlement Treats Settlement Class Members Fairly (Rule 23(e)(2)(D)).................................................. 15

    C.   The Proposed Plan of Allocation Should Be Approved as Fair, Reasonable, and Adequate ...............................................................................17

    D.   The Court-Approved Notice Plan Satisfies Due Process and Rule 23 Requirements ...............................................................................18

    E.   The Objections to the Settlement Should Be Overruled.....................................19

V.   CONCLUSION................................................................................................21

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alvarez v. Sirius XM Radio Inc.*,
　2020 WL 7314793 (C.D. Cal. July 15, 2020)...........................................................................12

*Amchem Prods. Inc. v. Windsor*,
　521 U.S. 591 (1997)..................................................................................................................5

*Barrett v. Apple Inc.*,
　2024 WL 5339480 (N.D. Cal. Dec. 19, 2024).......................................................................5, 6

*Barrett v. Apple Inc.*,
　2025 WL 1002786 (N.D. Cal. Apr. 3, 2025) ...........................................................................14

*Carlotti v. ASUS Computer International*,
　2019 WL 6134910 (N.D. Cal. Nov. 19, 2019) ........................................................................19

*Churchill Vill., LLC v. Gen. Elec.*,
　361 F.3d 566 (9th Cir. 2004) ...................................................................................................11

*Cottle v. Plaid Inc.*,
　340 F.R.D. 356 (N.D. Cal. 2021)..........................................................................................6, 19

*Dexter's LLC v. Gruma Corp.*,
　2023 WL 8790268 (S.D. Cal. Dec. 19, 2023)............................................................................8

*Dixon v. Cushman & Wakefield W., Inc.*,
　2022 WL 1189883 (N.D. Cal. Apr. 21, 2022) ....................................................................10, 11

*Granados v. Hyatt Corp.*,
　2024 WL 3941828 (S.D. Cal. Aug. 26, 2024) .........................................................................16

*Grey Fox, LLC v. Plains All-Am. Pipeline, L.P.*,
　2024 WL 4267431 (C.D. Cal. Sept. 17, 2024) ........................................................................14

*Gutierrez v. Amplify Energy Corp.*,
　2023 WL 6370233 (C.D. Cal. Sept. 14, 2023) ........................................................................16

*Hanlon v. Chrysler Corp.*,
　150 F.3d 1011 (9th Cir. 1998) ...................................................................................................7

*In re Bluetooth Headset Prods. Liab. Litig.*,
　654 F.3d 935 (9th Cir. 2011) ...................................................................................................14

*In re California Gasoline Spot Mkt. Antitrust Litig.*,
　2025 WL 822665 (N.D. Cal. Mar. 14, 2025)...........................................................................18

i

*In re California Pizza Kitchen Data Breach Litig.*,
129 F.4th 667 (9th Cir. 2025) ...................................................................................................7

*In re Classmates.com Consol. Litig.*,
2010 WL 11684544 (W.D. Wash. Apr. 19, 2010)...................................................................19

*In re Facebook, Inc. Internet Tracking Litig.*,
2024 WL 700985 (9th Cir. Feb. 21, 2024) .............................................................................10

*In re Google Location Hist. Litig.*,
2024 WL 1975462 (N.D. Cal. May 3, 2024)...........................................................................17

*In re Google Referrer Header Priv. Litig.*,
2023 WL 6812545 (N.D. Cal. Oct. 16, 2023)...........................................................................5

*In re Hyundai & Kia Fuel Econ. Litig.*,
926 F.3d 539 (9th Cir. 2019) ....................................................................................................4

*In re Illumina, Inc. Sec. Litig.*,
2019 WL 6894075 (S.D. Cal. Dec. 18, 2019).........................................................................12

*In re LinkedIn User Priv. Litig.*,
309 F.R.D. 573 (N.D. Cal. 2015).............................................................................................14

*In re Lithium Ion Batteries Antitrust Litig.*,
2020 WL 7264559 (N.D. Cal. Dec. 10, 2020).............................................................5, 16, 18

*In re MacBook Keyboard Litig.*,
2023 WL 3688452 (N.D. Cal. May 25, 2023)...........................................................................9

*In re Mego Fin. Corp. Sec. Litig.*,
213 F.3d 454 (9th Cir. 2000) ....................................................................................................8

*In re Omnivision Techs., Inc.*,
559 F. Supp. 2d 1036 (N.D. Cal. 2008) .............................................................................17, 18

*In re Oracle Sec. Litig.*,
1994 WL 502054 (N.D. Cal. June 18, 1994)......................................................................16, 17

*In re TikTok, Inc., Consumer Priv. Litig.*,
617 F. Supp. 3d 904 (N.D. Ill. 2022) .................................................................................10, 14

*In re VNGR Bev., LLC Litig.*,
2025 WL 1489714 (N.D. Cal. May 23, 2025).........................................................................19

*In re Wells Fargo & Co. S'holder Derivative Litig.*,
445 F. Supp. 3d 508 (N.D. Cal. 2020) ....................................................................................14

*In re Xyrem (Sodium Oxybate) Antitrust Litig.*,
2025 WL 3004046 (N.D. Cal. Oct. 27, 2025).........................................................................16

ii

*Jenson v. First Tr. Corp.*,
  2008 WL 11338161 (C.D. Cal. June 9, 2008) ...................................................................16

*Katz-Lacabe v. Oracle Am., Inc.*,
  2024 WL 4804974 (N.D. Cal. Nov. 15, 2024) ..................................................................16

*Katz-Lacabe v. Oracle Am., Inc.*,
  2024 WL 7002057 (N.D. Cal. Nov. 15, 2024), *aff'd sub nom. Katz-Lacabe
  Oracle Am., Inc.*, 2026 WL 413182 (9th Cir. Feb. 13, 2026)....................................10

*Knapp v. Art.*
  283 F. Supp. 3d 823 (N.D. Cal. 2017) ................................................................................9

*Lane v. Facebook, Inc.*,
  696 F.3d 811 (9th Cir. 2012) .......................................................................................17, 18

*Lopez v. Apple, Inc.*,
  No. 4:19-cv-04577, ECF No. 429 ......................................................................................16

*Low v. Trump Univ.*,
  LLC, 246 F. Supp. 3d 1295 (S.D. Cal. 2017), *aff'd* 881 F.3d 1111 (9th Cir.
  2018) ....................................................................................................................................20

*Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*,
  221 F.R.D. 523 (C.D. Cal. 2004)..................................................................................9, 20

*Officers for Just. v. Civ. Serv. Comm'n of City & Cnty. of S.F.*,
  688 F.2d 615 (9th Cir. 1982) ..............................................................................................7

*Opperman v. Kong Techs., Inc.*,
  2017 WL 11676126 (N.D. Cal. July 6, 2017).................................................................19

*Pena v. Taylor Farms Pac., Inc.*,
  2021 WL 916257 (E.D. Cal. Mar. 10, 2021) ..................................................................11

*Perks v. Activehours, Inc.*,
  2021 WL 1146038 (N.D. Cal. Mar. 25, 2021).................................................................15

*Rodriguez v. West Publ'g Corp.*,
  563 F.3d 948 (9th Cir. 2009) .........................................................................................7, 10

*S.C. v. Buddi US LLC*,
  2024 WL 1459808 (C.D. Cal. Apr. 1, 2024) ....................................................................6

*Schneider v. Chipotle Mexican Grill, Inc.*,
  336 F.R.D. 588 (N.D. Cal. 2020)................................................................................11, 19

*Shahar v. Hotwire, Inc.*,
  2014 WL 12647737 (N.D. Cal. July 25, 2014)...............................................................19

iii

*Shay v. Apple, Inc.*,
    2024 WL 1184693 (S.D. Cal. Mar. 19, 2024) ..........................................................................13

*Stewart v. Apple Inc.*,
    2022 WL 3013122 (N.D. Cal. Feb. 17, 2022) ..........................................................................19

*Vizcaino v. Microsoft Corp.*,
    290 F.3d 1043 (9th Cir. 2002) ..............................................................................................14

**Statutes, Rules & Regulations**

Federal Rules of Civil Procedure
    Fed. R. Civ. P. 23(b)(3)(A)-(D) ...........................................................................................6
    Fed. R. Civ. P. 23(e)(1)........................................................................................................18
    Fed. R. Civ. P. 23(e)(2).............................................................................................4, 6, 11
    Fed. R. Civ. P. 23(e)(2)(D) .................................................................................................15
    Fed. R. Civ. P. 23(g)(1)........................................................................................................6
    Fed. R. Civ. P. 23(g)(1)(A)(i)-(iv) ......................................................................................6
    Fed. R. Civ. P. 23(g)(4)........................................................................................................6

**MEMORANDUM OF LAW**

## I.     INTRODUCTION

Plaintiffs Asif Kumandan, Melissa Spurr, individually and as guardian of B.S., a minor, Lourdes Galvan, and Eleeanna Galvan ("Plaintiffs") seek final approval of this Settlement with Defendants Google LLC and Alphabet Inc. (together, "Google"), consisting of a $68,000,000 non-reversionary common fund.[1]  The Settlement, if approved, will resolve claims relating to Google's alleged recording of individuals' communications using Google Assistant and Google Assistant Enabled Devices without their consent and the alleged use and disclosure of communications to third parties.  Google denies Plaintiffs' allegations, denies any wrongdoing or liability, and has agreed to the Settlement to avoid the uncertainty, risk, expense, inconvenience, and distraction of continued litigation.  On March 19, 2026, the Court preliminarily certified the proposed Settlement Classes, granted preliminary approval to the proposed Settlement and Plan of Allocation, and, among other things, ordered notice to be effectuated.  ECF No. 553, *as amended by* ECF No. 560.

The Settlement was reached after nearly six years of vigorous litigation and multiple mediations, including negotiations before several experienced mediators and, most recently, Magistrate Judge Kandis A. Westmore.  The Parties litigated this case aggressively at every stage, with Google contesting the pleadings, class certification, fact and expert discovery, and summary judgment.  Plaintiffs and Plaintiffs' Counsel had a thorough understanding of the strengths and weaknesses of the claims when the Settlement was negotiated, based on their extensive factual investigation, comprehensive discovery, including substantial document production and depositions, and the analysis of experts and consultants.

As demonstrated below, this Settlement is an excellent recovery for the Settlement Classes considering the substantial risks at summary judgment, trial, and appeal.  Based on an informed evaluation of the facts and governing legal principles, and their recognition of the substantial risk

---

[1]     Unless otherwise defined herein, capitalized terms have the same meanings as in the Stipulation and Agreement of Settlement ("Settlement Agreement," "Agreement," or "SA"). ECF No. 549-2.

and expense of continued litigation, Plaintiffs and Plaintiffs' Counsel respectfully submit that the proposed Settlement and Plan of Allocation are fair, reasonable, and adequate under Rule 23(e). Furthermore, the Court-approved Notice plan, implemented by the Court-appointed Claims Administrator, satisfies due process and Rule 23 requirements by adequately providing notice to the Settlement Classes.  Accordingly, Plaintiffs respectfully request that the Court enter the Proposed Final Approval Order and Judgment, which among other things: (i) grants final approval of the Settlement Agreement with Google and the proposed Settlement, including the Plan of Allocation, and finds that both are fair, reasonable, and adequate; (ii) declares the Agreement to be binding, and to have res judicata and preclusive effect, on all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiffs and the Settling Class Members with respect to the Released Claims; (iii) grants final certification of the proposed Settlement Classes for the purposes of settlement only; (iv) finds that Plaintiffs and Class Counsel adequately represented the Settlement Classes; (v) finds that the Court-approved Notice was successfully implemented and satisfies the requirements of the Federal Rules of Civil Procedure and due process; and (vi) dismisses with prejudice Plaintiffs' and Settlement Class Members' Released Claims against Google.

## II.    THE NOTICE PLAN HAS BEEN SUCCESSFULLY IMPLEMENTED

Since entry of the Preliminary Approval Order, the Court-approved Claims Administrator, A.B. Data Ltd. ("A.B. Data"), successfully implemented the Court-approved Notice plan.  Prior to implementing the Notice plan, Class Counsel edited the Email Notice to advise Settlement Class Members to read the long-form Notice and to add a link to the Settlement Website, consistent with the Court's instructions at the Preliminary Approval Hearing.  ECF No. 558, Prelim. Approval Hearing Tr. 37:7-11; Declaration of Rochelle J. Teichmiller ("Teichmiller Decl.") Ex. A.  Class Counsel also edited the Claim Form to add language to indicate that a Settlement Class Member's attestation was based on their "good faith belief" and to specify the options for the electronic forms of payment available.  ECF No. 558, Prelim. Approval Hearing Tr. 44:13-17, 47:16-25; Teichmiller Decl. Ex. E at 2, 5, 6.  A.B. Data then caused direct Email Notice to be sent to approximately 173,814,291 valid email addresses on the Direct Notice List provided by Google;

issued a press release; developed and managed a targeted digital and social media advertising campaign; created and maintained the Settlement Website, www.googleassistantprivacylitigation.com; created and managed a dedicated email inbox; and obtained and managed a toll-free telephone line. Teichmiller Decl. ¶¶5-7, 9-14, 16-18. As provided in the Court-approved Notice plan, A.B. Data also sent approximately 161,879,329 Reminder Notice emails to individuals who had not yet submitted claims. *Id*. ¶8.

Through the media campaign, digital banner and social media advertising appeared on various websites and social media via MSN Microsoft Network, Yahoo!, Facebook, Instagram, and other programmatic platforms and delivered 175,735,324 gross impressions, exceeding the 172,500,000 planned gross impressions, as detailed in the Parks Declaration. *Id*. ¶10. This media campaign generated over 472,680 clicks to the Settlement Website. *Id*. A.B. Data also distributed a news release, which was viewed more than 4,400 times and picked up by 426 online publications. *Id*. ¶14. The Settlement Website, which hosts the long-form Notice, the Settlement Agreement, the Preliminary Approval Order, Plaintiffs' Counsel's motion for attorneys' fees and expenses and Plaintiffs' Application for Service Awards, and other key documents and allows Settlement Class Members to file claims electronically, received approximately 5,193,744 visits by 1,959,763 unique users. *Id*. ¶16. This Motion also will be posted to the Settlement Website. *Id*. A.B. Data has received and responded to more than 3,729 emails, and the toll-free line has received more than 2,817 calls. *Id*. ¶¶17-18.

The Settlement Classes have responded positively. As of the date of this filing, A.B. Data has received 143 valid requests for exclusion, and two objections to the Settlement have been filed. *Id*. ¶¶19-20; ECF Nos. 561, 562-1.[2] The deadline for objecting to or excluding from the Settlement is August 27, 2026. To the extent any additional objections are filed and requests for exclusion are submitted, Plaintiffs will address them in their reply brief due September 17, 2026. The

---

[2] A third objection is limited to Plaintiffs' request for attorneys' fees, expenses, and service awards (ECF No. 563), which Plaintiffs addressed separately in their Fee Motion, ECF No. 566 at 10-11, and is also summarized in Section IV.B.2.b, below.

deadline for Settlement Class Members to submit a Claim Form is August 27, 2026. As of the date of this filing, A.B. Data has received 859,969 Claims, of which 859,252 were submitted online and 717 were submitted by mail. Teichmiller Decl. ¶24. Based on the current claim participation, an Alternative Minimum Payment ("AMP") is not expected to be necessary. *Id*. ¶25; ECF No. 549-2 Ex. E ¶8. Plaintiffs will report the final claims data, the applicable claims rate, and a final determination as to whether an AMP is necessary in their reply brief due September 17, 2026.

## III.   LEGAL STANDARD FOR FINAL APPROVAL

Final approval has three parts: first, the Court must certify the proposed settlement class; second, it must determine that the settlement is "fair, reasonable, and adequate"; and third, it must assess whether notice has been provided in a manner consistent with Rule 23 and due process. *See* Fed. R. Civ. P. 23(e)(2). As shown below, the Settlement satisfies each of these requirements.

## IV.   ARGUMENT

### A.   The Court Should Certify the Settlement Classes

On March 19, 2026, the Court provisionally certified the two Settlement Classes for settlement purposes under Rules 23(a) and (b)(3). ECF No. 553, *as amended by* ECF No. 560. Nothing has occurred to change that determination.

The Purchaser Settlement Class is materially the same as the litigation Purchaser Class already certified by the Court, differing only in that the Class Period extends through the date of preliminary approval. *Compare* ECF No. 560 ¶9 *with* ECF No. 440-1 (identifying the class period for the certified Purchaser Class as May 18, 2016, to December 16, 2022). The Court previously certified the litigation Purchaser Class under Rules 23(a) and (b)(3). ECF No. 414. For the reasons stated in the Preliminary Approval Order, and because the sole change is the extension of the Class Period to the date of preliminary approval, the Purchaser Settlement Class satisfies the same requirements and should be finally certified for settlement purposes.

Plaintiffs also seek to certify the proposed Privacy Settlement Class. Although the Court denied certification for Plaintiffs' proposed privacy and SCA classes during the litigation, that does not foreclose certification of the Privacy Settlement Class now, because "[t]he criteria for class certification are applied differently in litigation classes and settlement classes." *In re*

*Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 556 (9th Cir. 2019); *see also In re Lithium Ion Batteries Antitrust Litig.*, 2020 WL 7264559, at *10 (N.D. Cal. Dec. 10, 2020) (certifying a settlement class previously denied certification in the litigation).  This is especially true because the Court's prior ruling was based on factual issues pertaining to Plaintiffs' class membership (*see* ECF No. 414 at 9-10), which are no longer at issue in the Privacy Settlement Class.

The Privacy Settlement Class satisfies the Rule 23 requirements.  First, numerosity under Rule 23(a)(1) is plainly satisfied, as the Privacy Settlement Class includes millions of members. *See* PA Joint Decl. ¶55.[3]  Second, Rule 23(a)(2) commonality is met, as there are common questions including, *inter alia*: (a) whether Google Assistant Enabled Devices intercept and record individuals' confidential communications absent utterance of a Hot Word (e.g., "Hey Google"); (b) whether that practice violated state and federal privacy laws and the promises Plaintiffs allege Google made in its privacy policies and terms of service; and (c) whether Plaintiffs and Settlement Class Members sustained damages, and if so, the appropriate measure of damages or restitution. *See In re Google Referrer Header Priv. Litig.*, 2023 WL 6812545, at *4 (N.D. Cal. Oct. 16, 2023) (certifying settlement class); ECF No. 414 at 14-15, 32.  Third, Plaintiffs' claims are typical under Rule 23(a)(3) because they "all arise from the same nucleus of facts," *Barrett v. Apple Inc.*, 2024 WL 5339480, at *3 (N.D. Cal. Dec. 19, 2024)—Google's alleged recording of confidential communications without consent.  Fourth, adequacy under Rule 23(a)(4) is satisfied because neither Plaintiffs nor Class Counsel have any conflicts with the Settlement Classes, and both have vigorously prosecuted this Action.  PA Joint Decl. ¶¶45-52; ECF Nos. 566-6 ¶¶4-15, 566-7 ¶¶4-15, 566-8 ¶¶4-14, 566-9 ¶¶4-14.

The Rule 23(b)(3) predominance and superiority requirements are likewise satisfied. Predominance is met where the class is "sufficiently cohesive to warrant adjudication by representation." *Amchem Prods. Inc. v. Windsor*, 521 U.S. 591, 623 (1997).  The Privacy

---

[3]  Citations to the "PA Joint Decl." are to the Joint Declaration of Christian Levis and Erin Green Comite in Support of Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement.  ECF No. 549-1.

Settlement Class is sufficiently cohesive: all members are Users of Google Assistant Enabled Devices or members of their Household during the Settlement Class Period, and their claims turn on the same alleged conduct—communications recorded or otherwise obtained by Google Assistant as a result of a False Accept or disclosed to a third-party review vendor. *See S.C. v. Buddi US LLC*, 2024 WL 1459808, at *4 (C.D. Cal. Apr. 1, 2024); ECF No. 414 at 20-28. Superiority is also satisfied: managing these disputes in a single class action before a single judge is far preferable to millions of individual actions whose filing fees alone would likely exceed any potential individual recovery, leaving no adequate remedy. *See* Fed. R. Civ. P. 23(b)(3)(A)-(D); *Cottle v. Plaid Inc.*, 340 F.R.D. 356, 372 (N.D. Cal. 2021). Accordingly, final certification should be granted. *See, e.g.*, *Barrett*, 2024 WL 5339480, at *3 (certifying settlement class). The Court also should confirm the certification of Plaintiff Kumandan as the class representative for the Purchaser Settlement Class, and Plaintiffs Kumandan, Melissa Spurr, Lourdes Galvan, and Eleeanna Galvan as the class representatives for the Privacy Settlement Class. *See* ECF No. 560 ¶12.

Under Rule 23, "a court that certifies a class must appoint class counsel . . . [who] must fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1), (4). In making this determination, the Court considers proposed counsel's: (i) work in identifying or investigating the potential claim, (ii) experience in handling class actions, other complex litigation, and the types of claims asserted in the action, (iii) knowledge of the applicable law, and (iv) resources that it will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(A)(i)-(iv). Class Counsel for the Settlement Classes have extensive experience in prosecuting consumer privacy cases and other complex consumer class actions. *See* PA Joint Decl. ¶¶46-49; ECF Nos. 549-4 & 549-5. As a result of their zealous efforts and the efforts of the other Plaintiffs' Counsel, a substantial monetary recovery has been secured for members of the Settlement Classes. Accordingly, the Court should confirm the appointment of Mr. Levis and Ms. Comite as Class Counsel. *See* ECF No. 560 ¶12.

**B.    The Court Should Grant Final Approval of the Settlement**

Rule 23(e) permits a court to approve a settlement that will bind a class "only on finding that it is fair, reasonable, and adequate after considering" a number of factors. Fed. R. Civ. P.

23(e)(2); *see also Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998).  The court "may consider some or all" of the following factors: (1) the strength of plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement.  *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 963 (9th Cir. 2009);[4] *see also In re California Pizza Kitchen Data Breach Litig.*, 129 F.4th 667, 674 (9th Cir. 2025).  "The relative degree of importance to be attached to any particular factor" is case specific.  *Officers for Just. v. Civ. Serv. Comm'n of City & Cnty. of S.F.*, 688 F.2d 615, 625 (9th Cir. 1982).  This Court previously made a preliminary determination that the Settlement is fair, reasonable, and adequate.  ECF No. 553, *as amended by* ECF No. 560.  There is no reason to depart from that conclusion.

### 1.    The Rodriguez Factors Support Final Approval of the Settlement

#### a.    The Strength of Plaintiffs' Case and the Risks Support Final Approval (Rodriguez Factors 1-3)

Plaintiffs have long been confident that Google would be held liable if the case proceeded to trial in September 2025.  *See* ECF No. 396 at 12.  But confidence is not certainty, and the burden of proving both liability and damages would have rested squarely on Plaintiffs.  And Google equally believed in the strength of its defenses.  To reach a jury trial at all, Plaintiffs would have to defeat Google's motion for summary judgment (ECF Nos. 496, 514), which argued, among other things, that Google made no actionable promises, breached none, and that Plaintiff Kumandan had failed to offer a viable damages methodology.  *Id*.  Each of these arguments, if accepted, could have ended the case before trial.

The recovery available at trial was already constrained from the outset.  Because the Court denied certification of Plaintiffs' proposed privacy and SCA classes, the size of the class that could pursue claims at trial was substantially reduced from the start of the litigation, limiting the class members to which a recovery was available even if Plaintiff Kumandan prevailed.  The released

---

[4]    For convenience, these factors are referred to herein as the "*Rodriguez* Factors."

privacy and SCA claims faced their own obstacles to classwide recovery, notably, that they were never certified, and thus could only be revived by a lengthy post-trial appellate process. The Settlement secures a meaningful recovery, in particular, for privacy class members, who otherwise faced no recovery at all.

These risks are magnified by the reality that data-privacy law is continually developing to account for new technologies and facts, so a new decision could shift the legal landscape as to liability and damages. *See, e.g., Dexter's LLC v. Gruma Corp.*, 2023 WL 8790268, at *5 (S.D. Cal. Dec. 19, 2023) (finding risk of continued litigation favors approval of settlement given "the evolving legal landscape" of the law at issue in the case). Even a favorable verdict would not have ended the matter: any judgment would have been subject to appeal on novel and unsettled questions relating to privacy promises, and the certified Purchaser Class could have faced a renewed challenge to certification—each threatening years of additional delay or a reversal that would leave class members with nothing.

The Settlement eliminates these hazards. It spares the Settlement Classes the substantial risk, expense, and delay of trial and appeal, and it guarantees a recovery for all Settlement Class Members, including members who were not included in the certified Purchaser Class. Weighed against the very real possibility of a lesser recovery, or none, the risks Plaintiffs faced heading into summary judgment and trial strongly support final approval.

b. **The Extensive Discovery, Stage of the Proceedings, and Class Counsel's Views Support Final Approval (Rodriguez Factors 5-6)**

Courts also consider whether class counsel had sufficient information to make an "informed decision" about the merits. *See In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000). Discovery here was extensive and hard-fought over nearly three years. PA Joint Decl. ¶¶20-21; ECF No. 76 (commencement of discovery). Plaintiffs served three sets of Requests for Production (57 requests), one set of Interrogatories (26 requests), and two sets of Requests for Admission (82 requests), in response to which Google produced more than three million pages of documents. PA Joint Decl. ¶21. Plaintiffs further served five Rule 45 subpoenas on third parties and reviewed the hundreds of documents those parties produced. *Id*. ¶24. Plaintiffs' Counsel took

8

the Rule 30(b)(6) and 30(b)(1) depositions of twelve current or former Google employees and one third-party witness, and defended the depositions of the four Plaintiffs and two of their family members. *Id*. ¶25. Plaintiffs, in turn, responded to Google's document requests and interrogatories and produced their own documents. *Id*. ¶26. Plaintiffs' Counsel also worked extensively with testifying and consulting experts to analyze complex technological issues, model False Accept rates from Google's data, and develop damages models for each theory of recovery, ultimately serving two expert reports and defending those experts' depositions while deposing Google's two experts. *Id*. ¶27. The Action was litigated through class certification and briefing on summary judgment. ECF Nos. 496, 514. Plaintiffs and Plaintiffs' Counsel were therefore fully informed about the relevant facts when negotiating and entering the Settlement, which supports their view that the Settlement is fair, reasonable, and adequate. *Id*. ¶¶46-52; *see, e.g., In re MacBook Keyboard Litig.*, 2023 WL 3688452, at *9 (N.D. Cal. May 25, 2023) (years of extensive discovery supported final approval).

### c.    The Settlement Amount Supports Final Approval (Rodriguez Factor 4)

The determination of "the fairness, adequacy, and reasonableness of the amount offered in settlement is not a matter of applying a particular formula." *Knapp v. Art.com, Inc.*, 283 F. Supp. 3d 823, 832 (N.D. Cal. 2017) (citation modified). "'[I]t is the complete package taken as a whole, rather than the individual component parts, that must be examined for overall fairness,'" and "it is well-settled law that a proposed settlement may be acceptable even though it amounts to only a fraction of the potential recovery that might be available to the class members at trial." *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 527 (C.D. Cal. 2004) (alteration in original),

The Parties continue to disagree about the class size and recoverable damages. Based on Class Counsel's estimates, if the Purchaser Class succeeded at trial on its remaining claims, recoverable damages would range from approximately $120,000,000 (at $1.00 per Google-Made

9

Device) to $448,800,000 (applying a $3.74 price premium per device).[5] PA Joint Decl. ¶53. And because the privacy-related classes were not certified, no classwide recovery on those claims would be expected absent a successful appeal followed by a successful trial. *Id*. ¶54. Measured against that range, the $68,000,000 Settlement Fund represents between 15.15% and 56.67% of the estimated recoverable damages—an excellent result. *Id*. ¶53; *see Rodriguez*, 563 F.3d at 965 (ten percent of estimated damages was fair and reasonable); *Dixon v. Cushman & Wakefield W., Inc.*, 2022 WL 1189883, at *7 (N.D. Cal. Apr. 21, 2022) (approximately 8% of maximum recovery fair given the risks of continued litigation).

The recovery resulting from the Settlement, i.e., between $18-$56 (assuming they own one device) per Purchaser Settlement Class Member, and between $2-$10 for Privacy Settlement Class Members (*see* ECF No. 549-8 ¶52) is a comparable recovery to other actions involving similar claims. *See In re Facebook, Inc. Internet Tracking Litig.*, 2024 WL 700985, at *1 (9th Cir. Feb. 21, 2024) (no abuse of discretion in approving $90 million settlement on behalf of approximately 124 million individuals where estimated maximum damages were $900 million); *Katz-Lacabe v. Oracle Am., Inc.*, 2024 WL 7002057, at *3 (N.D. Cal. Nov. 15, 2024), *aff'd sub nom. Katz-Lacabe Oracle Am., Inc.*, 2026 WL 413182 (9th Cir. Feb. 13, 2026) (resolving data privacy class action involving statutory claims and over 220 million class members for $115 million); *In re TikTok, Inc., Consumer Priv. Litig.*, 617 F. Supp. 3d 904, 937-38 (N.D. Ill. 2022) (granting final approval to data privacy class action involving statutory claims and 89 million class members for $92 million). This factor supports final approval.

---

[5] As it did during the litigation, and as noted in the Motion for Preliminary approval, ECF No. 549 at 16 n.4, Google vehemently disputes Class Counsel's estimate of recoverable damages and the assumptions on which it is based, including Class Counsel's estimate of the number of devices sold and the amounts that Class Counsel claim the Purchaser Class could recover for each purchased Google-Made Device if they succeeded at trial (which Google contends they would not).

### d. The Settlement Classes' Reaction to Date Supports Final Approval (Rodriguez Factors 7-8)

The Court should also consider the reaction of the class. *Churchill Vill., LLC v. Gen. Elec.*, 361 F.3d 566, 577 (9th Cir. 2004). "'[T]he absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members.'" *Schneider v. Chipotle Mexican Grill, Inc.*, 336 F.R.D. 588, 598 (N.D. Cal. 2020) (alteration in original). The deadline to object to or request exclusion from the Settlement is August 27, 2026, and that period remains open. As of the date of this filing, despite a broad notice program reaching millions of individuals, A.B. Data has received 143 valid requests for exclusion, and only two objections to the Settlement have been filed. Teichmiller Decl. ¶¶19-20; ECF Nos. 561, 562-1; *see also* ECF No. 263 (objection directed solely to attorneys' fees). The two objections to the Settlement are addressed and refuted in §IV.E, *infra*. Plaintiffs will report the final exclusion and objection figures and respond to any further objections in their reply brief due September 17, 2026. Because the claims period likewise remains open through August 27, 2026, and claims are typically submitted in greatest volume near the deadline, Plaintiffs will report the final claims data and applicable claims rate in that same reply brief. *See* §II, *supra*. Finally, the fact that to date, no governmental entity has objected further supports approval. *See Dixon*, 2022 WL 1189883, at *8.

### 2. The Rule 23(e)(2) Factors Have Been Satisfied

Courts must also consider the four enumerated factors in Rule 23(e)(2) in approving a settlement, including any agreement required to be identified under Rule 23(e)(3). *See* Fed. R. Civ. P. 23(e)(2); *accord Pena v. Taylor Farms Pac., Inc.*, 2021 WL 916257, at *2-3 (E.D. Cal. Mar. 10, 2021). There is a significant overlap between the Ninth Circuit's factors and the Rule 23(e)(2) factors, and each supports approval of the Settlement. *Id*.

### a. The Settlement Is Procedurally Fair (Rule 23(e)(A)-(B))

The Settlement is procedurally fair under Rules 23(e)(2)(A) and (B), which require the Court to consider whether "the class representatives and class counsel have adequately represented the class" and whether "the proposal was negotiated at arm's length." Fed. R. Civ. P. 23(e)(2)(A)-(B). As discussed above, Plaintiffs' interests here are aligned with the Settlement Classes' interests

11

because they allege that they suffered the same injuries when Google allegedly recorded individuals' confidential communications using Google Assistant and Google Assistant Enabled Devices without their consent and used and disclosed their communications to third parties. *See* §IV.B., *supra*. Because Plaintiffs and the Settlement Classes suffered these alleged injuries as a result of Defendants' common course of conduct, Plaintiffs have an interest in vigorously pursuing the claims of the Settlement Classes. *Id.* Further, Plaintiffs' attorneys have extensive experience and have more than adequately met the obligations and responsibilities of Class Counsel, vigorously litigating the Action for nearly six years. PA Joint Decl. ¶¶11-35, 46-52; ECF Nos. 549-4, 549-5, 549-6, 549-7. The Settlement is also the result of extensive negotiations before multiple mediators and, most recently, Magistrate Judge Westmore. Id. ¶¶36-39. There can be no doubt that this Settlement was the product of arm's-length negotiation. *See In re Illumina, Inc. Sec. Litig.*, 2019 WL 6894075, at *5 (S.D. Cal. Dec. 18, 2019) ("'The assistance of an experienced mediator in the settlement process confirms that the settlement is non-collusive.'").

### b.     The Settlement Is Substantively Fair (Rule 23(e)(2)(C))

The relief itself is also substantively adequate under Rule 23(e)(2)(C), which requires the Court to assess whether the:

> relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3).

Fed. R. Civ. P. 23(e)(2)(C).

Rule 23(e)(2)(C)(i) overlaps with the *Rodriguez* factors discussed above. *See* §IV.B.1.a.-b., *supra*. As to Rule 23(e)(2)(C)(iv), there are no agreements that need to be disclosed under Rule 23(e)(3), and so, this factor is not at issue. PA Joint Decl. ¶57.

Regarding "the effectiveness of any proposed method of distributing relief to the class" under Rule 23(e)(2)(C)(ii), "[a] claims processing method should deter or defeat unjustified claims, but the court should be alert to whether the claims process is unduly demanding." *Alvarez v. Sirius XM Radio Inc.*, 2020 WL 7314793, at *6 (C.D. Cal. July 15, 2020) (citation modified). Here, Settlement Class Members are required to provide basic contact information, the email

address for the Google Account associated with the Google Assistant Enabled Device on which their claims are based, and to attest to several requirements of class membership; and members of the Purchaser Settlement Class are also required to provide the applicable device model type and serial numbers (which are readily available in their Google Accounts) and proof of purchase. Teichmiller Decl. Ex. E.  The Settling Class Member may log on to the Settlement Website, either with or without a unique claim identification number provided in the Email Notice, and submit a Claim, or may print the Claim Form from the Settlement Website and mail the completed Claim Form to the Claims Administrator.  Declaration of Justin Parks of A.B. Data in Support of Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement ("Parks PA Decl.") ¶¶13, 40, ECF No. 549-8.  Authorized Claimants can elect to receive their award automatically via direct electronic transfer, via ACH, Zelle, Venmo, PayPal, or check.  Teichmiller Decl. Ex. E at 2, 5; *see also* Parks PA Decl. ¶48.  Courts routinely uphold such processes, including proof-of-purchase requirements, as reasonable and not unduly demanding.  *Shay v. Apple, Inc.*, 2024 WL 1184693, at *9 (S.D. Cal. Mar. 19, 2024) (granting final approval and overruling objection to the requirement that class members submit proof of purchase with their claim, stating that "courts have generally upheld proof of purchase requirements in such class action settlements, as these requirements ensure that payment is properly made to individuals belonging to the settlement class" and noted that the proof of purchase requirement had prevented many fraudulent claims) (citation modified).

Regarding the Rule 23(e)(2)(C)(iii) factor, Plaintiffs' Counsel have filed a separate motion for an award of attorneys' fees consisting of one-third of the Settlement Fund.  ECF No. 566.  As set forth in that motion, the following considerations support the reasonableness of the requested fee under Ninth Circuit law.  Plaintiffs' Counsel have secured a $68 million cash settlement, amounting to between 15.15% and more than 50% of estimated recoverable damages, which is an excellent result.  Plaintiffs have also shown that there are significant risks in continued litigation, especially in light of the arguments Google raised in its motion for summary judgment attacking each element of Plaintiff Kumandan's and the Purchaser Class's claims.  *See* §IV.B.1.a, *supra*; *see also* ECF Nos. 496, 514.  The requested fee is consistent with market rates reflected in awards

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT
CASE NO. 5:19-cv-04286-BLF

made in similar cases.  *See, e.g., Grey Fox, LLC v. Plains All-Am. Pipeline, L.P.*, 2024 WL 4267431, at \*7 (C.D. Cal. Sept. 17, 2024) (awarding 33% of the $70 million settlement); *Barrett v. Apple Inc.*, 2025 WL 1002786, at \*2 (N.D. Cal. Apr. 3, 2025) (awarding 33.33% of $35 million settlement in consumer data privacy class action); *TikTok, Inc.,* , 617 F. Supp. 3d at 942, *appeal dismissed*, 2022 WL 19079999 (7th Cir. Oct. 12, 2022) (awarding 33% of $92 million settlement fund, noting "[t]he need to provide financial incentives for zealous and effective representation of consumers in legally and technologically complex data privacy cases such as this—especially in the age of pervasive social media—weighs in favor of granting the request").  Based on the lodestar set out in that motion, the requested fee reflects a multiplier of 1.01, well within the range commonly awarded in this Circuit.  *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1050-52 & n.6 (9th Cir. 2002) (multipliers commonly range from 1.0 to 4.0).

Moreover, the three objections to Plaintiffs' Counsel's fee request lack merit.  *See* ECF Nos. 561, 562-1, and 563.  While Plaintiffs' Counsel address these objections in the motion for attorneys' fees and expenses (ECF No. 566 at 10-11), Plaintiffs will summarize their response here, while the objections to the Settlement are addressed below in Section IV.E.  Joy Thomas (ECF No. 561) identifies no deficiency in any requested amount and offers no basis on which the Court could reduce it.  Melick Cook (ECF No. 563) likewise identifies no specific deficiency.  These objections therefore should be overruled.  *See, e.g.*, *In re LinkedIn User Priv. Litig.*, 309 F.R.D. 573, 592 (N.D. Cal. 2015) (finding objector had "not satisfied [his] burden" where he "simply assert[ed] that the requested fees are excessive . . . without offering any reasons"); *In re Wells Fargo & Co. S'holder Derivative Litig.*, 445 F. Supp. 3d 508, 533 (N.D. Cal. 2020) (rejecting objection to attorneys' fee where the objector described that request as "bloated," but made no specific complaint about it).  In addition, Joshua Keith Kirkley's objection (ECF No. 562-1) based on *In re Bluetooth* is not well-founded because no warning signs of collusion are present here: there is no "clear sailing" agreement, as Google has not agreed to refrain from opposing the fee; there is no "kicker" or reverter returning unawarded fees to Google; and the fee request is not disproportionate as the amount counsel receives is substantially less than the Settlement Classes. *See In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 947 (9th Cir. 2011).  Kirkley's

14

"recycled labor" charge fares no better.  As the lodestar cross-check confirms, Plaintiffs' Counsel seek a fee reflecting a multiplier of 1.01—essentially no premium over the value of the hours actually devoted to prosecuting this Action over more than six years.  A fee request that seeks no meaningful premium over time actually expended is the antithesis of the padded or duplicative billing the objection imagines.  *See* ECF No. 566 at 9-11.  Kirkley's fee objections also should be overruled.

          **c.**       **The Settlement Treats Settlement Class Members Fairly (Rule 23(e)(2)(D))**

Finally, under Rule 23(e)(2)(D), the Court must consider "whether 'the proposal treats class members equitably relative to each other.'"  *Perks v. Activehours, Inc.*, 2021 WL 1146038, at \*6 (N.D. Cal. Mar. 25, 2021) (citing Fed. R. Civ. P. 23(e)(2)(D)).  "Matters of concern could include whether the apportionment of relief among class members takes appropriate account of differences among their claims . . . ."  Fed. R. Civ. P. 23(e)(2)(D), 2018 Advisory Committee Notes; *see also* 4 William B. Rubenstein, Newberg on Class Actions §13:56 (5th ed. 2020) ("Put simply, the court's goal is to ensure that similarly situated class members are treated similarly and that dissimilarly situated class members are not arbitrarily treated as if they were similarly situated.").

The Settlement Classes' claims are valued relative to their strength in the litigation.  The breach-of-contract and UCL unlawful-prong claims of the certified litigation class of purchasers, which is substantially the same as the Purchaser Settlement Class, were the only claims allowed to proceed on a classwide basis.  *See generally* ECF No. 414.  The remaining privacy-related class claims, settled on behalf of the Privacy Settlement Class, were not allowed to proceed on a classwide basis.  *Id.*  Under the terms of the proposed Plan of Allocation, Claimants will be assigned points based on whether the individual is a member of the Purchaser Settlement Class (four points per Google Made Device purchased capped at three Google Made Devices for a maximum of 12 points), the Privacy Settlement Class (one point per claim), or both Settlement Classes (for a maximum of 13 points).  SA, Ex. E ¶¶7(a)(i)-(iii).  The Claims Administrator will divide the Net Settlement Fund by the Total Aggregate Claim Value to establish a point's value and multiply that by the Total Claim Value for each Authorized Claimant to determine their award.

15

*Id*. ¶¶7(b)-(c).  Courts have found that allocating settlement benefits among class members in this manner is equitable.  *See Lithium Ion Batteries*, 2020 WL 7264559, at *16 (finding it "appropriate for class members from non-repealer states to receive a limited recovery because, although their claims were relatively weak compared to repealer state class members, they were still active litigants in the case, and their claims were not finally foreclosed"); *In re Xyrem (Sodium Oxybate) Antitrust Litig.*, 2025 WL 3004046, at *4 (N.D. Cal. Oct. 27, 2025) (finding that class members were treated equitably where distribution "will be made on a *pro rata* basis according to the weighted value of the class member's claim with Xywav purchases and purchases made in non-repealer states weighing substantially less than Xyrem purchases in repealer states"); *Jenson v. First Tr. Corp.*, 2008 WL 11338161, at *10 (C.D. Cal. June 9, 2008) (approving distinctions in plan of allocation as reasonably reflecting likelihood of recovery of subgroups within the class); *In re Oracle Sec. Litig.*, 1994 WL 502054, at *2 (N.D. Cal. June 18, 1994) (approving plan "reasonably calculated to allow class members with more meritorious claims to recover a correspondingly larger portion of the settlement" based upon class counsel's appraisal of relative merits of subgroups).  While the Plan of Allocation treats the two Settlement Classes differently, it does so on reasonable and equitable grounds, and so, this factor also supports final approval. *See also* §IV.C., *infra*.

In addition, the Service Awards requested for Plaintiffs are presumptively reasonable and therefore do "not constitute inequitable treatment of class members."  *See Lopez v. Apple, Inc.*, No. 4:19-cv-04577, ECF No. 429 ¶8 (N.D. Cal. October 16, 2025) (granting request for $10,000 each class representative in substantially similar case); *Katz-Lacabe v. Oracle Am., Inc.*, 2024 WL 4804974, at *6 (N.D. Cal. Nov. 15, 2024) (finding the requested service awards of $10,000 each to class representatives is reasonable); *Granados v. Hyatt Corp.*, 2024 WL 3941828, at *10 (S.D. Cal. Aug. 26, 2024) (finding the requested $10,000 as service awards reasonable and noting "'[s]ervice awards of $7,500 or larger are often awarded in this Circuit'") (citing *Gutierrez v. Amplify Energy Corp.*, 2023 WL 6370233, at *8 (C.D. Cal. Sept. 14, 2023)).

Finally, to the extent any funds remain six months after the date of the initial distribution, and if economically feasible and reasonable, Class Counsel will authorize a second distribution in

an equitable fashion to Authorized Claimants who claimed their settlement payments, repeating this process until the remaining balance is *de minimis* or an additional one-hundred and eighty calendar days pass, whichever occurs first. SA §4.20. Only if any *de minimis* or remaining balance remains will the Parties meet and confer and submit one or more proposed *cy pres* recipients to the Court for approval, SA §4.20, consistent with the standard set forth in *Lane v. Facebook, Inc.*, 696 F.3d 811, 821-22 (9th Cir. 2012), and applied in *In re Google Location Hist. Litig.*, 2024 WL 1975462, at *7 (N.D. Cal. May 3, 2024). SA ¶4.20. Thus, this factor supports granting approval.

### C.    The Proposed Plan of Allocation Should Be Approved as Fair, Reasonable, and Adequate

"Approval of a plan of allocation of settlement proceeds in a class action is governed by the same standards of review applicable to approval of the settlement as a whole: the plan must be fair, reasonable and adequate." *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1045 (N.D. Cal. 2008) (citation modified). Allocation of the settlement funds based on the extent of class members' injuries or the strength of their claims on the merits represents a fair, reasonable, and adequate allocation. *Id.*; *see also Oracle*, 1994 WL 502054, at *1 ("A plan of allocation that reimburses class members based on the extent of their injuries is generally reasonable.").

Here, the Court previously certified a class of purchasers to pursue breach of contract and UCL unlawful prong claims. ECF No. 414 at 31. The privacy-related claims were not certified during litigation, and thus, would not have proceeded to trial on a classwide basis. Given the difference in relative strength of the Settlement Classes' respective claims, Class Counsel valued the Privacy Settlement Class's claims less than the Purchaser Settlement Class's claims for settlement purposes, given the nominal value of the Privacy Settlement Class's rights to seek appellate review of the Court's denial of class certification on the privacy-related claims. PA Joint Decl. ¶54. The relative value is also consistent with the approximately $4.00 per Google-Made Device purchased that was potentially available to the Purchaser Settlement Class had their claims succeeded at trial (*id.* ¶53), compared to the nominal value of the Privacy Settlement Class members' claims. Notably, based on the number of claims received to date, the option for determining an Alternative Minimum Payment amount provided in the Plan of Allocation (*see* ECF No. 549-2 Ex. E ¶8) will not be necessary, and the Court will be updated after the Claims

17

Period ends if it is determined to be necessary.  Teichmiller Decl. ¶25.  Thus, the Court should find this Plan of Allocation based on the relative merits of the claims to be fair, reasonable, and adequate.  *Omnivision*, 559 F. Supp. 2d at 1045 ("It is reasonable to allocate the settlement funds to class members based on the extent of their injuries or the strength of their claims on the merits."); *Lithium Ion Batteries*, 2020 WL 7264559, at *3, 7, 10, 18 (certifying settlement class that previously was denied certification during the litigation and approved plan of allocation based on relative strengths and risks of the claims).

### D.    The Court-Approved Notice Plan Satisfies Due Process and Rule 23 Requirements

Under Rule 23(e), the Court "must direct notice in a reasonable manner to all class members who would be bound by the proposal."  Fed. R. Civ. P. 23(e)(1).  Rule 23(c)(2)(B) requires "'the best notice that is practicable under the circumstances,'" but it does not require actual notice to every class member.  *In re California Gasoline Spot Mkt. Antitrust Litig.*, 2025 WL 822665, at *4 (N.D. Cal. Mar. 14, 2025).  The notice must describe "'the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard.'"  *Lane*, 696 F.3d at 826.

The Notice plan made all information required by Rule 23 and due process available to the Settlement Classes, as the Court found at preliminary approval.  ECF No. 553, *as amended by* ECF No. 560.  The Notice plan provided direct Email Notice to approximately 173,814,291 valid email addresses on the Direct Notice List provided by Google, an emailed Reminder Notice, a press release, a targeted digital and social media campaign delivering over 175,735,324 gross impressions, a dedicated Settlement Website, and toll-free telephone support.  Teichmiller Decl. ¶¶5-14, 16-18.  The Notice plan achieved an estimated reach of 75.2% of the target audience, consistent with the 70-95% reach standard reflected in the Federal Judicial Center's *Judges' Class Action Notice and Claims Process Checklist*.[6]  *Id*. ¶15 and n.2.  Courts have repeatedly approved

---

[6]    Available at https://www.fjc.gov/sites/default/files/2012/NotCheck.pdf (last accessed July 16, 2026).

similar plans, recognizing that email is the most reliable means of notice where, as here, Settlement Class Members provided an email address when registering to use a Google Assistant Enabled Device. *See In re Classmates.com Consol. Litig.*, 2010 WL 11684544, at *3 (W.D. Wash. Apr. 19, 2010) (granting preliminary approval and finding email notice "an excellent option here" where "every class member provided an e-mail address to [the defendant] in the process of registering as a user"); *Opperman v. Kong Techs., Inc.*, 2017 WL 11676126, at *5 (N.D. Cal. July 6, 2017) (approving the notice plan which will provide "email notice to every user who downloaded and registered for the app during the relevant time period"); *Shahar v. Hotwire, Inc.*, 2014 WL 12647737, at *2 (N.D. Cal. July 25, 2014) (recognizing the "direct e-mail notice" plan was "the best notice practicable under the circumstances"); *Stewart v. Apple Inc.*, 2022 WL 3013122, at *5 (N.D. Cal. Feb. 17, 2022) (same). *See also Cottle*, 340 F.R.D. at 367-68 (approving similar notice plan with direct email notice plus social media and digital advertising); *In re VNGR Bev., LLC Litig.*, 2025 WL 1489714, at *8 (N.D. Cal. May 23, 2025) (same); *Carlotti v. ASUS Computer International*, 2019 WL 6134910, at *3 (N.D. Cal. Nov. 19, 2019) (same).

### E.    The Objections to the Settlement Should Be Overruled

As discussed above, a comprehensive, Court-approved notice program reached millions of Settlement Class Members. With two weeks remaining until the Objection deadline passes, only two objections to the Settlement have been filed to date. ECF Nos. 561, 562-1. That negligible response reinforces the strong presumption that the Settlement is fair, reasonable, and adequate. *See Schneider*, 336 F.R.D. at 598. Neither objection identifies any defect that would justify withholding approval. The first, filed by pro se objector Joy Thomas, raises a general policy grievance regarding data privacy and does not challenge any term of the Settlement, the Plan of Allocation, or the fee request. ECF No. 561. The second, filed by pro se objector Joshua Keith Kirkley, largely restates the adequacy and fee arguments that the *Rodriguez* and Rule 23(e) factors rebut and rests on premises the record does not support. ECF No. 562-1. Both objections should be overruled.

Ms. Thomas objects on the general ground that mobile devices should not collect or share personal information, and she expresses frustration with the class-action process. ECF No. 561.

She does not contend that the Settlement is unfair, that the Plan of Allocation is inequitable, or that the requested fees are excessive, nor does she identify any term to be changed or propose any alternative. An objection that quarrels with the alleged conduct underlying the litigation—rather than the terms on which it is being resolved—provides no basis to deny approval. *See Low v. Trump Univ.*, LLC, 246 F. Supp. 3d 1295, 1303-04, n.6 (S.D. Cal. 2017), *aff'd* 881 F.3d 1111 (9th Cir. 2018) (overruling objection that did not comment substantively on the settlement). To the extent Ms. Thomas suggests that the per-member payment is too small, that concern is fully addressed above: the $68,000,000 Settlement Fund is an excellent result measured against the substantial risks of continued litigation, and the more modest recovery for the Privacy Settlement Class reflects that those claims were never certified for classwide treatment and would yield no classwide recovery absent a successful appeal and trial. *See* §IV.B.1.a & §IV.B.1.c, *supra*. Ms. Thomas' objection should be overruled.

Mr. Kirkley's principal contention—that the Settlement is inadequate because Privacy Settlement Class Members receive an estimated $2.00 to $10.00 while the released claims carry larger statutory damages—fails for the reasons set forth in Plaintiffs' fairness analysis above. "[I]t is well-settled law that a proposed settlement may be acceptable even though it amounts to only a fraction of the potential recovery that might be available to the class members at trial." *DIRECTV, Inc.*, 221 F.R.D. at 527. The Court measures the Settlement not against a hypothetical, fully successful trial but against the real risks, expense, and delay of continued litigation. *See* §IV.B.1.a & §IV.B.1.c, *supra*. Those risks were substantial here: the Court denied certification of the privacy and SCA classes, and Google moved for summary judgment attacking each element of the Purchaser Class's claims. *See* §IV.C.1.a, *supra*; ECF Nos. 496, 514. The $2.00-$10.00 figure Mr. Kirkley isolates is the recovery for the Privacy Settlement Class precisely because those claims were never certified and would have yielded nothing on a classwide basis absent a successful appeal followed by a successful trial; the Plan of Allocation's differential treatment of the two Settlement Classes is equitable for that very reason. *See* §IV.B.2.c & §IV.C, *supra*. Measured correctly, the $68,000,000 recovery represents between 15.15% and 56.67% of estimated recoverable damages—squarely within the range courts approve. *See* §IV.B.1.c, *supra*.

Mr. Kirkley's attack on the Settlement's supposed reliance on "illusory" disclosure changes and a "September 2026 Roadmap" misapprehends the Settlement. ECF No. 562-1. First, Plaintiffs are unaware of, and Mr. Kirkley never explains what, the purported "September 2026 Roadmap" is or how it bears on the Settlement. Second, there are no illusory benefits here: the consideration the Settlement provides to the Settlement Classes is a $68,000,000 non-reversionary common fund. SA ¶¶2.2, 3.2. Thus, neither is a basis to reject a settlement whose value to the Settlement Classes is the cash fund it creates.

Finally, Mr. Kirkley's request to stay final approval pending his own individual action, together with his requests that the Court appoint a "Technical Auditor" and order an "audit" of the class recovery, should be denied. ECF No. 562-1. Class Counsel could not locate the individual action Mr. Kirkley states that he filed; should Mr. Kirkley wish to pursue individual claims, his remedy is to exclude himself from the Settlement; his election to object instead does not entitle him to derail the relief negotiated for the Settlement Class as a whole. The Court evaluates the Settlement on the record before it under Rule 23(e), and nothing in that record supports the extraordinary relief Mr. Kirkley seeks or the delay it would impose on Settlement Classes that have waited nearly six years for recovery. Mr. Kirkley's objection should be overruled, and his motion to stay and the extraordinary relief he seeks should be denied.

## V.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court enter the proposed Final Approval Order and Judgment, which among other things: (i) grants final approval of the Settlement Agreement with Google and the proposed Settlement, including the Plan of Allocation, and finds that both are fair, reasonable, and adequate; (ii) declares the Agreement to be binding, and to have res judicata and preclusive effect, on all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiffs and the Settling Class Members with respect to the Released Claims; (iii) grants final certification of the proposed Settlement Classes for the purposes of settlement only; (iv) finds that Plaintiffs and Class Counsel adequately represented the Settlement Classes; (v) finds that the Court-approved Notice was successfully implemented and satisfies the requirements of the Federal Rules of Civil Procedure and due process; and (vi)

dismisses with prejudice Plaintiffs' and Settlement Class Members' Released Claims against Google.

Dated: August 13, 2026

Respectfully submitted:
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**

*/s/ Erin Green Comite*
Erin Green Comite (*pro hac vice*)
Joseph P. Guglielmo (*pro hac vice*)
The Helmsley Building
230 Park Avenue, 24th Floor
New York, NY 10169-1820
Telephone: 212-223-6444
Facsimile: 212-223-6334
ecomite@scott-scott.com
jguglielmo@scott-scott.com

Vincent Briganti (*pro hac vice*)
Christian Levis (*pro hac vice*)
Margaret MacLean (*pro hac vice*)
Andrea Farah (*pro hac vice*)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: 914-997-0500
Facsimile: 914-997-0035
vbriganti@lowey.com
clevis@lowey.com
mmaclean@lowey.com
afarah@lowey.com

Mark N. Todzo (Bar No. 168389)
Patrick Carey (Bar No. 308623)
**LEXINGTON LAW GROUP**
503 Divisadero Street
San Francisco, CA 94117
Telephone: 415-913-7800
Facsimile: 415-759-4112
mtodzo@lexlawgroup.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on August 13, 2026, the foregoing document entitled PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT was filed electronically in the Court's ECF; thereby upon completion the ECF system automatically generated a "Notice of Electronic Filing" as service through CM/ECF to registered e-mail addresses of parties of record in this case.

 /s/ *Erin Green Comite*
 Erin Green Comite

23