# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| IN RE GOOGLE ASSISTANT PRIVACY LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Master Docket No.: 5:19-cv-04286-BLF<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>COMPLAINT FILED: July 25, 2019<br>Date:     October 1, 2026<br>Time:     9:00 a.m. PT<br>Dept.:    Courtroom 1-5th Floor<br>Judge:   Honorable Beth Labson Freeman |

This matter came for a duly-noticed hearing on October 1, 2026 (the "Final Approval Hearing"), upon Plaintiffs' Motion for Final Approval of Class Action Settlement in the above-captioned Action to determine whether to approve the settlement between Plaintiffs Asif Kumandan, Melissa Spurr, individually and as guardian of B.S., a minor, Lourdes Galvan, and Eleeanna Galvan ("Plaintiffs") and Defendants Google LLC and Alphabet Inc. (collectively, "Defendants" or "Google" and, with Plaintiffs, the "Parties").[1]  The Court has considered Plaintiffs' Motion for Final Approval of Class Action Settlement and all supporting and other related materials, including the matters presented at the Final Approval Hearing, and otherwise being fully informed in the premises and good cause appearing therefore,

**IT IS HEREBY ORDERED THAT:**

1.      This Court has personal jurisdiction over the Parties and all Settling Class Members and subject matter jurisdiction over the Action to approve the Settlement Agreement and all Exhibits thereto.

2.      Plaintiffs' Motion for Final Approval of Class Action Settlement is GRANTED. The objections to the Settlement are OVERRULED.

3.      The Court finds that the Settlement Agreement and the Settlement, including the Settlement Amount of $68,000,000, are fair, reasonable, and adequate, are the product of arm's-length and informed negotiations, and treat all members of the Settlement Classes fairly in accordance with Rule 23 of the Federal Rules of Civil Procedure.

4.      The Parties and their counsel shall implement and consummate the Settlement Agreement according to its terms and provisions and consistent with this Order.

5.      The following Settlement Classes are finally certified under Federal Rules of Civil Procedure 23(a) and 23(b)(3) for settlement purposes:

---

[1]      Unless otherwise defined herein, all capitalized terms used herein have the meanings set forth and defined in the Stipulation and Agreement of Settlement dated January 22, 2026.  ECF No. 549-2.

1

**Purchaser Settlement Class**: All Users[2] who purchased a Google-Made Device[3] during the period between May 18, 2016 through March 19, 2026 (both days inclusive) ("the Settlement Class Period");

**Privacy Settlement Class**: All Users of Google Assistant and members of their Households[4] during the Settlement Class Period whose communications were recorded or otherwise obtained by Google Assistant as a result of a False Accept[5] or whose communications were recorded or otherwise obtained by Google Assistant and disclosed to any third-party review vendor.

Excluded from the Settlement Classes are: (1) any Judge or Magistrate presiding over this Action, any members of their families, and the staff of such Judge or Magistrate; (2) Google, Google's subsidiaries, successors, predecessors, and any entity in which Google or its parent has a controlling interest and their current or former employees,

---

[2]     "Users" are individuals who reside in the United States or its territories whose Google accounts were associated with at least one Google Assistant Enabled Device during the Settlement Class Period.  "Google Assistant Enabled Devices" are devices that come with Google Assistant pre-installed or on which Google Assistant can be downloaded.

[3]     "Google-Made Devices" are Google Assistant Enabled Devices manufactured and sold by Google either directly or through third-party retailers, including Google's own smart home speakers, Google Home, Home Mini, and Home Max; smart displays, Google Nest Hub, and Nest Hub Max; and its Pixel smartphones.

[4]     "Household" is individuals sharing a common abode as part of a single family unit of a User.

[5]     "False Accept" is an instance where a Google Assistant Enabled Device records and transmits audio data to Google's servers because a Hot Word was detected although a Hot Word was not spoken.  "Hot Word" is a word or phrase (such as "OK Google" or "Hey Google,") which can be used to activate Google Assistant on certain Google Assistant Enabled Devices.

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT
CASE NO. 5:19-cv-04286-BLF

officers, and directors; (3) Persons who have properly executed and filed a timely Request for Exclusion from the Settlement Classes; (4) Persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) any individual who previously opted out of the Purchaser Class, as identified at ECF No. 440-4, unless that individual has elected to rejoin the Settlement Classes; (6) individuals who, prior to the exclusion deadline, both (A) filed or served a written arbitration demand, or provided written notice to Google of their intent to pursue arbitration against Google relating to the Released Claims,[6] and (B) executed an individual release of their claims; (7) the legal representatives, successors, and assigns of any excluded Persons; and (8) Plaintiffs' Counsel and Defendants' Counsel.

6.    Also excluded from the Settlement Classes are those persons listed on **Exhibit A** hereto that the Court finds have timely and validly requested exclusion from the Settlement Classes in accordance with the Court's Preliminary Approval Order.  ECF No. 560 ¶¶23-26.

7.    The Court finds that the Notice implemented pursuant to the Agreement: (i) constitutes the best practicable notice under the circumstances; (ii) constitutes notice that is

---

[6]    "Released Claims" means any and all claims or causes of action, whether known or unknown (including "Unknown Claims"), arising from or related to the facts and circumstances alleged in any of the complaints filed in the Action, including all claims and causes of action that were asserted or that could have been asserted in the Action based on the conduct or omissions alleged.  For the avoidance of doubt, Released Claims shall not include (a) any claims relating to the enforcement of this Stipulation; or (b) any claims of any Person that submits a timely and valid Request for Exclusion.  "Unknown Claims" means any Released Claims that Plaintiffs or any Settling Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which if known by him, her, or it, might have affected his, her, or its decision(s) with respect to the Settlement, including, but not limited to, the agreement to release the Released Parties or the Released Claims, and the decision not to object to the Settlement or seek exclusion from the Settlement Class.

3

reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, their right to object to the Settlement or exclude themselves from the Settlement Classes, and to appear at the Final Approval Hearing; (iii) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) meets all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, and the rules of the Court.

8.    Pursuant to Federal Rule of Civil Procedure 23(g), the Court previously appointed Christian Levis of Lowey Dannenberg, P.C. and Erin Green Comite of Scott+Scott Attorneys at Law LLP, together with their law firms as Class Counsel to represent the Settlement Classes. ECF No. 560 ¶12. The Court finds that Plaintiffs and Class Counsel adequately represent the Settlement Classes for purposes of entering into and implementing the Agreement.

9.    Defendants shall deposit the remainder of the Settlement Amount into the Escrow Account in accordance with the terms of the Settlement Agreement and this Order.

10.    The Court finds that the Plan of Allocation is a fair and reasonable method to allocate the Net Settlement Fund among Settling Class Members, and the Claims Administrator is directed to administer the distribution of the Net Settlement Fund to Authorized Claimants in accordance with the terms of the Settlement Agreement, the Plan of Allocation, and this Order.

11.    If any balance remains in the Net Settlement Fund six (6) months after the date of the initial distribution of the Net Settlement Fund ("Residual"), Class Counsel shall request the Claims Administrator, if economically feasible and reasonable, to reallocate such Residual among those Authorized Claimants who have cashed their checks in an equitable fashion and consistent with the Plan of Allocation, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund for such redistribution. These redistributions shall be repeated until the Residual is *de minimis*, or the funds from the last distribution remain in the Settlement Fund after an additional one-hundred and eighty (180) calendar days, whichever occurs first.

12.    If such *de minimis* or remaining Residual exists, it shall be donated to one or more 501(c)(3) non-profit organizations as *cy pres* recipients. Class Counsel and Defendants' Counsel shall meet and confer to discuss a proposal to present to the Court regarding a *cy pres* distribution.

Class Counsel shall file a motion for approval of distribution to *cy pres* recipient(s) and shall explain "how those recipients are related to the subject matter of the lawsuit and the class members' claims" and shall "identify any relationship they or their counsel have with the proposed *cy pres* recipients" in compliance with Northern District of California Procedural Guidance for Class Action Settlements, Preliminary Approval ¶8.

13. Under no circumstances will any portion of the Settlement Fund revert back to or be refunded to Defendants after the Settlement becomes Final.

14. The Court declares that the Settlement Agreement is binding, and has res judicata and preclusive effect, on all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiffs and the Settling Class Members with respect to the Released Claims.

15. As of the Effective Date, Plaintiffs and each Settling Class Member shall be deemed to have, and by operation of this Order shall have, fully, finally, and forever released, waived, relinquished, and discharged, and shall forever be enjoined from prosecuting, all Released Claims against Released Parties, whether or not such Plaintiff or Settling Class Member executes and delivers a Claim Form.

16. As of the Effective Date, all Settlement Class Members who have not properly sought exclusion from the Settlement Classes are permanently barred and enjoined from initiating, asserting, prosecuting, intervening in, or participating (as class members or otherwise) in any lawsuit or other action in any jurisdiction based on the Released Claims.

17. As of the Effective Date, the Parties agree not to assert in any forum that the Action was brought or litigated by Plaintiffs (or any other Settling Class Member or their counsel), or defended by any Defendant (or any Person previously named as a defendant in this matter or their counsel), in bad faith or without a reasonable basis, and further agree not to assert in any forum that any Party or their counsel violated any provision of Rule 11 of the Federal Rules of Civil Procedure, or any other similar statute, rule, or law, relating to the commencement, prosecution, maintenance, defense, litigation or settlement of the Action.

18. The Court will address Plaintiffs' Counsel's Motion for Attorneys' Fees and Expenses and Plaintiffs' Application for Service Awards by separate order.

5

19.    The Court retains jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement and the Final Judgment, and for any other necessary purpose.

20.    The Court finds that final approval and judgment of dismissal with prejudice as to Google should be entered forthwith and further finds that there is no just reason for delay in the entry of this final approval order and judgment, as Final Judgment, in accordance with the Settlement Agreement.  Accordingly, the Clerk is DIRECTED to enter judgment, pursuant to Federal Rule of Civil Procedure 58.

**IT IS SO ORDERED.**

Date: _____        _____
                               HON. BETH LABSON FREEMAN
                               UNITED STATES DISTRICT JUDGE
                               NORTHERN DISTRICT OF CALIFORNIA