Erin Green Comite (*pro hac vice*)
Anja Rusi (*pro hac vice*)
**SCOTT+SCOTT**
**ATTORNEYS AT LAW LLP**
156 South Main Street
P.O. Box 192
Colchester, CT 06415
Telephone: (860) 537-5537
ecomite@scott-scott.com
arusi@scott-scott.com

Vincent Briganti (*pro hac vice*)
Christian Levis (*pro hac vice*)
Margaret MacLean (*pro hac vice*)
Andrea Farah (*pro hac vice*)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: (914) 997-0500
Facsimile: (914) 997-0035
vbriganti@lowey.com
clevis@lowey.com
mmaclean@lowey.com
afarah@lowey.com

*Attorneys for Plaintiffs*

[Additional counsel on signature page.]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| IN RE GOOGLE ASSISTANT PRIVACY LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 5:19-cv-04286-BLF<br><br>**PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br>Judge: Hon. Beth Labson Freeman |

Pursuant to Civil Local Rules 7-11 and 79-5(c), Plaintiffs respectfully file this Administrative Motion to File Under Seal ("Motion to Seal"), supported by the accompanying Declaration of Erin Green Comite ("Comite Sealing Decl."), dated September 17, 2026. Class Counsel conferred with counsel for Defendants, and Defendants do not oppose this motion. Comite Sealing Decl. ¶13.

## I. INTRODUCTION

Concurrently herewith, Plaintiffs file their Notice of Filing of Objection (ECF No. 572) (the "Notice of Filing"), placing on the record an objection to the Settlement that Settlement Class Member Heidi Davonne Brown sent to Class Counsel by email rather than filing with the Court. *Id.* ¶4. The objection, its four exhibits, and the six accompanying Claim Forms (the "Objection Materials") contain personal identifying information and private records of Ms. Brown's two children, of three non-party American Red Cross employees, and of Ms. Brown herself, none of which bears on whether the Settlement is fair, reasonable, and adequate. *Id.* ¶¶5-10. Plaintiffs therefore seek leave to: (a) redact Ms. Brown's telephone number, mailing addresses, and email addresses; (b) redact the contact information of three non-parties; (c) seal pages 2 through 7 of Ms. Brown's driving record; and (d) seal her children's education records. *Id.* ¶11. A redacted public version is filed as **Exhibit A** to the Notice of Filing; the unredacted version is filed under seal as **Exhibit 1** hereto. Civil L.R. 79-5(d); Comite Sealing Decl. ¶3.

## II. LEGAL STANDARD

The public has a general right of access to judicial records, *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006), and where the filing is more than "tangentially related to the merits of the case" the movant must show "compelling reasons" for secrecy. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1102 (9th Cir. 2016); *Thomas v. MagnaChip Semiconductor Corp.*, 2017 WL 4750628, at *4 (N.D. Cal. Oct. 20, 2017) (approval of a class settlement is such a matter). Compelling reasons exist where "court files might have become a vehicle for improper purposes." *Kamakana*, 447 F.3d at 1179. Plaintiffs apply that standard and satisfy it.

Courts in this District have applied this standard to precisely this kind of material. Recently, a court sealed exhibits submitted with a motion for final approval of a class action settlement because they "reveal confidential personal identification information implicating privacy interests of non-parties" and none was "material to the resolution of the motions addressed in" the order. *Taylor v. Google LLC*, 2026 WL 2464274, at *1 n.2 (N.D. Cal. Aug. 21, 2026); *accord In re Meta Pixel Tax Filing Cases Meta Platforms, Inc.*, 826 F. Supp. 3d 1217, 1238-39 (N.D. Cal. 2026) (redacting "personally identifiable information about plaintiffs and other users" where "the documents in question are irrelevant to the Court's decision"). Any request must nonetheless be "narrowly tailored to seal only the sealable material." Civil L.R. 79-5(c)(3).

## III. MATERIAL SOUGHT TO BE SEALED

In accordance with Section V of this Court's Standing Order Re Civil Cases, the materials for which sealing is sought, each filed under seal as Exhibit 1 hereto, are identified below.

| Ex. No. | Document | Portion(s) to Seal | Reason(s) for Sealing |
|---|---|---|---|
| Ex. 1 | Objection to Settlement | Pages 1- 2: Ms. Brown's telephone number, mailing address, and email address | Personal contact information of a putative class member; not material to resolution of motion for final approval of the Settlement. Comite Sealing Decl. ¶¶7, 11, 13. |
| Ex. 1 | Obj. Ex. 1 (Google Nest e-mail) | Ms. Brown's email address in the message header and footer | Personal contact information of a putative class member; not material to resolution of motion for final approval of the Settlement. Comite Sealing Decl. ¶7. |
| Ex. 1 | Obj. Ex. 2 (Red Cross email) | Email addresses of three Red Cross employees; sender's cell number; Ms. Brown's two electronic-mail addresses | Non-party contact information that is not material to resolution of motion for final approval of the Settlement or to the purpose for which the exhibit was submitted; personal contact information of a putative class member. Comite Sealing Decl. ¶8. |
| Ex. 1 | Obj. Ex. 3 (Indiana BMV driving record) | Pages 2-7 (page 1 remains public) | Private information related to putative class member's driving history and personal contact information that is not relevant to resolution of motion for final approval of the Settlement. Comite Sealing Decl. ¶9. |
| Ex. 1 | Obj. Ex. 4 (children's education records) | Entire exhibit (14 pages) | Education records of two non-parties, compiled while they were minors; protected content pervades every page; 20 |

| Ex. No. | Document | Portion(s) to Seal | Reason(s) for Sealing |
|---|---|---|---|
| | | | U.S.C. §1232g(b)(2); not relevant. Comite Sealing Decl. ¶10. |
| Ex. 1 | Claim Forms (six) | Ms. Brown's telephone number, mailing addresses, and email addresses | Personal contact information of a putative class member; not relevant to resolution of motion for final approval of the Settlement. Comite Sealing Decl. ¶¶7,11,13. |

## IV. ARGUMENT

### A. The Personal Contact Information Should Be Redacted

Ms. Brown's personal telephone number, residential mailing addresses, and personal email addresses appear on the face of the Objection, in Objection Exhibits 1 and 2, and in the contact fields of all six Claim Forms. Comite Sealing Decl. ¶7. Courts in this Circuit routinely find that compelling reasons exist to withhold exactly this category of personal data. *Corrales v. County of San Diego*, 2025 WL 2646160, at *2 (S.D. Cal. Sept. 15, 2025) (collecting cases sealing home addresses and financial account information). That the class notice required Ms. Brown to supply this information in order to object does not make its publication necessary: it is Plaintiffs, not Ms. Brown, who are placing a putative class member's personal information on the public docket, and in that posture the equities favor more privacy protection rather than less. The same reasoning supports redacting the work email addresses and cellular telephone number of the three American Red Cross employees who appear in Objection Exhibit 2 — strangers to this litigation whose contact details are not relevant to the point for which Ms. Brown offers that exhibit. *Id.* ¶8; *see J.T. v. City & Cnty. of S.F.*, 2025 WL 459366, at *2 (N.D. Cal. Jan. 16, 2025) (sealing data from which someone could "draw inferences or conclusions . . . that would unduly invade" a non-party's privacy).

### B. Objection Exhibits 3 and 4 Contain Private Information that Is Not Material to the Objection

Objection Exhibit 3 is a seven-page Indiana Bureau of Motor Vehicles driving record that Ms. Brown's own exhibit list describes as a "Driver license Record of Residences." Comite Sealing Decl. ¶9. Page 1 reflects the identifying header of the record, and Plaintiffs do not ask that

it be sealed. Pages 2 through 7 catalog in detail Ms. Brown's driving history and more than two decades of addresses—none of which will be "material to the resolution" of Plaintiffs' motion for final approval of the Settlement. *Taylor*, 2026 WL 2464274, at *1 n.2; *see Corrales*, 2025 WL 2646160, at *2.

Objection Exhibit 4 is fourteen pages of education records of Ms. Brown's two children, compiled while they were still minors: assessment scores, teacher notes and action plan, a transcript, health and immunization records, student identification numbers, dates of birth, home addresses, and photographic images of identity documents. Comite Sealing Decl. ¶10.[1] Such material is "largely protected from public disclosure by both federal and state law," reflecting FERPA, which conditions federal funding on an institution's not "releasing, or providing access to, any personally identifiable information in education records" absent consent or a judicial order. *Escondido Union High Sch. Dist. v. Aloy*, 2025 WL 486175, at *1 (S.D. Cal. Feb. 13, 2025) (citation modified); 20 U.S.C. §1232g(b)(2). Sealing this information in full is the narrowest available measure, because the protected content is the substance of every page: where such references are "too numerous to redact," courts seal the record entire. *Escondido*, 2025 WL 486175, at *1. Plaintiffs therefore replace Objection Exhibit 4 in the public version with a slip sheet reading "Exhibit Filed Under Seal."

### C. The Requested Relief Is Narrowly Tailored

Plaintiffs have heeded the instruction to "minimize the number of documents under seal" and to avoid sealing documents in their entirety. Civil L.R. 79-5(a); *see Meta Pixel*, 826 F. Supp. 3d at 1238 (denying as overbroad requests to seal exhibits "in their entirety, or to fully redact most pages"). Of seventy-four pages, Plaintiffs seek to seal twenty and to redact discrete identifiers on the balance; the objection, Ms. Brown's grounds for objecting, her identity as the objector, the

[1] The dates of birth of the children indicate that they are not minors (and were not minors at the time that the Objection was submitted). Comite Sealing Decl. ¶6. For this reason, Plaintiffs do not propose to redact the full names of the children under Federal Rule of Civil Procedure 5.2(a). *Id.*

names of her children, the substance of Exhibits 1and 2, and every other Claim Form entry would remain public. Comite Sealing Decl. ¶¶5, 11-12. Each category and its reason is identified above rather than left to the Court to infer. *Cf. Doe 1 v. Winters Joint Unified School District*, 2026 WL 1948327, at *1-2 (E.D. Cal. July 6, 2026). Plaintiffs have conferred with counsel for Defendants, who do not oppose redacting this information and filing it under seal. Comite Sealing Decl. ¶13. Plaintiffs therefore respectfully request that the Court grant this Motion to Seal and enter the accompanying [Proposed] Order.

Dated: September 17, 2026

Respectfully Submitted,

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**

By: /s/Erin Green Comite

Erin Green Comite (*pro hac vice*)
Anja Rusi (*pro hac vice*)
156 South Main Street
P.O. Box 192
Colchester, CT 06415
Tel.: (860) 537-5537
Fax: (860) 537-4432
ecomite@scott-scott.com
arusi@scott-scott.com

Joseph P. Guglielmo (*pro hac vice*)
The Helmsley Building
230 Park Avenue, 24th Floor
New York, NY 10169-1820
Tel.: 212-223-6444
Fax: 212-223-6334
jguglielmo@scott-scott.com

Vincent Briganti (*pro hac vice*)
Christian Levis (*pro hac vice*)
Margaret MacLean (*pro hac vice*)
Andrea Farah (*pro hac vice*)
LOWEY DANNENBERG, P.C.
44 South Broadway, Suite 1100
White Plains, NY 10601
Tel.: (914) 997-0500
Fax: (914) 997-0035 vbriganti@lowey.com
clevis@lowey.com
mmaclean@lowey.com
afarah@lowey.com

Mark N. Todzo (Bar No. 168389)
Patrick Carey (Bar No. 308623)
LEXINGTON LAW GROUP
503 Divisadero Street

San Francisco, CA 94117
Tel.: 415-913-7800
Fax: 415-759-4112
mtodzo@lexlawgroup.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I, Erin Green Comite, certify that on September 17, 2026, the foregoing document was filed electronically in the Court's ECF; thereby upon completion the ECF system automatically generated a "Notice of Electronic Filing" as service through CM/ECF to registered e-mail addresses of parties of record in this case.

/s/ *Erin Green Comite*
Erin Green Comite