Erin Green Comite (*pro hac vice*)
Anja Rusi (*pro hac vice*)
**SCOTT+SCOTT**
**ATTORNEYS AT LAW LLP**
156 South Main Street
P.O. Box 192
Colchester, CT 06415
Telephone: (860) 537-5537
ecomite@scott-scott.com
arusi@scott-scott.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| IN RE GOOGLE ASSISTANT PRIVACY LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 5:19-cv-04286-BLF<br><br>**DECLARATION OF ERIN GREEN COMITE IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Judge: Hon. Beth Labson Freeman |

I, Erin Green Comite, hereby declare under penalty of perjury pursuant to 28 U.S.C. §1746 as follows:

1. I am an attorney duly licensed to practice law in the State of Connecticut and admitted to practice pro hac vice in this matter before this Court. I am a partner at the law firm of Scott+Scott Attorneys at Law LLP, counsel of record for Plaintiffs, and Court-appointed Class Counsel for the Settlement Classes in the above-captioned action. Unless otherwise defined herein, capitalized terms have the meanings ascribed to them in the Stipulation and Agreement of Settlement.

2. I have personal knowledge of the facts set forth herein and, if called upon as a witness, I could testify competently under oath thereto.

3. I submit this declaration in support of Plaintiffs' Administrative Motion to File Under Seal ("Motion to Seal"), filed concurrently herewith. Pursuant to Civil Local Rule 79-5(d), a complete and unredacted copy of an objection to the Settlement and related materials, described below, is filed under seal as Exhibit 1 to the Motion to Seal. A redacted, public version is filed as Exhibit A to Plaintiffs' Notice of Filing of Objection (ECF No. 572) (the "Notice of Filing").

4. On or about September 4, 2026, Class Counsel received by email a document captioned *Objection to Settlement* (the "Objection") from Heidi Davonne Brown, who identifies herself therein as a member of the Settlement Class. With the Objection, Ms. Brown included Objection Exhibits 1 through 4 and six completed Claim Forms (collectively, with the Objection, the "Objection Materials"). The Objection was not filed with the Clerk of Court and does not appear on the docket. Class Counsel therefore will file the Objection Materials so that the Objection may be considered by the Court in connection with Plaintiffs' motion for final approval of the Settlement (ECF No. 567) and the Final Approval Hearing.

5. I have reviewed the Objection Materials in their entirety. They comprise seventy-four pages and contain substantial personal identifying information and private records belonging to Ms. Brown and to individuals who are not parties to this action. None of the information for

which Plaintiffs seek sealing bears on whether the Settlement is fair, reasonable, and adequate, on the Plan of Allocation, or on the requests for attorneys' fees, expenses, and service awards.

6. **Ms. Brown's children.** Page 2 of the Objection identifies Ms. Brown's two children by their full names as prospective witnesses. The same two names appear on the face of two of the six Claim Forms, which Ms. Brown submitted on their behalf and signed in the space designated for the signature of a parent or guardian of a minor. The education records submitted as Objection Exhibit 4 state dates of birth that demonstrate that both children had reached the age of eighteen before the Objection was submitted. Plaintiffs accordingly do not seek to redact their names under Federal Rule of Civil Procedure 5.2(a). Both remain non-parties to this action, and the education records described below were compiled while they were minors.

7. **Ms. Brown's contact information.** Ms. Brown's personal telephone number appears in the signature block on page 2 of the Objection and in the "Mobile Phone Number" field of each of the six Claim Forms. Her residential mailing address appears on pages 1 and 2 of the Objection and in the "Current Street Address" field of five of the Claim Forms, and a second, earlier residential address appears in the "Street Address at Time Your Claims Were Incurred" field. Her personal email addresses appear on page 2 of the Objection, in the header and footer of Objection Exhibit 1, in the header and body of Objection Exhibit 2, and in the contact, verification, and Google-account fields of the Claim Forms—in several instances as both a struck-through entry and its handwritten replacement. Ms. Brown remains identified by name as the objector in the public version, and none of these identifiers is necessary to the Court's consideration of her Objection.

8. **Non-party contact information (Objection Exhibit 2).** Exhibit 2 to the Objection is a July 15, 2026 email message sent to Ms. Brown by an employee of the American Red Cross and copied to two of that employee's colleagues. The message header and signature block disclose the work email addresses of all three individuals and one individual's cellular telephone number. None of the three is a party to, or has any apparent connection with, this litigation. Ms. Brown appears to offer the exhibit to show that a Google email account formerly associated with her

remained on file with a third party; the identifiers I have described are not necessary to that purpose or to the resolution of Plaintiffs' motion for final approval of the Settlement. Ms. Brown's own email addresses also appear in the message header and in the body of the message.

9. **Driving record (Objection Exhibit 3).** Exhibit 3 to the Objection is a seven-page official driving record for Ms. Brown obtained from the Indiana Bureau of Motor Vehicles. Ms. Brown's exhibit list describes it as a "Driver license Record of Residences." The first page reflects the identifying header of the record. Pages 2 through 7 set forth her detailed driving history and more than two decades of mailing and legal addresses. The pages submitted are pages 1 through 7 of a nine-page printout. That material is private and is not relevant to any issue before the Court.

10. **Education records (Objection Exhibit 4).** Exhibit 4 to the Objection consists of fourteen pages of education records for Ms. Brown's two children, compiled while they were minors and drawn from several Indiana school corporations. The records include standardized assessment reports and scale scores; teacher notes and action plan; a school transcript reflecting course grades and attendance; health and immunization records; diagnostic test results; student identification numbers; dates of birth; successive home addresses; and photographic images of identity documents, including what appear to be a birth certificate and a state identification card. The Objection does not explain what these records are offered to prove, and Ms. Brown's exhibit list describes them only as "Children school record." Because the protected content appears on every page, Plaintiffs replace Objection Exhibit 4 in the public version with a slip sheet reading "Exhibit Filed Under Seal" and propose to maintain this exhibit entirely under seal.

11. Plaintiffs seek sealing of the following: (a) Ms. Brown's telephone number, mailing addresses, and email addresses, wherever they appear; b) the email addresses and cellular telephone number of the three American Red Cross employees in Objection Exhibit 2; (c) pages 2 through 7 of Objection Exhibit 3; and (d) Objection Exhibit 4 in its entirety. Twenty of the seventy-four pages are therefore withheld in full; the balance is public but for the identifiers described above. No sealing is sought as to the substance of Exhibit 1 or Exhibit 2 to the Objection,

as to the text of the Objection other than those identifiers, or as to any entry on any Claim Form other than those identifiers.

12. I am aware of no less restrictive alternative that would adequately protect these interests. As to the discrete identifiers, redaction is itself the least restrictive measure available. As to Objection Exhibits 3 and 4, the privacy interest attaches to the substance of the records rather than to isolated identifiers within them, and redaction of individual fields would leave the sensitive content exposed; sealing pages 2 through 7 of Objection Exhibit 3 and the whole of Objection Exhibit 4 is therefore the narrowest measure that protects the interests at stake.

13. I have conferred with counsel for Defendants regarding the relief sought in the Motion to Seal, and Defendants do not oppose this motion.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and was executed on September 17, 2026, in Colchester, Connecticut.

DATED: September 17, 2026

/s/ Erin Green Comite
Erin Green Comite