United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

ASIF KUMANDAN, et al.,

Plaintiffs,

v.

GOOGLE LLC, et al.,

Defendants.

Case No. 19-cv-04286-BLF

**ORDER GRANTING MOTION TO SEAL**

[Re: ECF No. 573]

Plaintiffs moved to seal identifying information and private records contained in an objection of Settlement Class Member Heidi Davonne Brown. *See* ECF No. 573 ("Mot."). Plaintiffs filed the objection on Ms. Brown's behalf because Ms. Brown sent her objection to Plaintiffs by email rather than filing it on the public docket. *See* Mot. at 1 (citing ECF No. 572).

Access to motions and related filings that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101-02 (9th Cir. 2016). Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause." *Id.* at 1097. The compelling reasons standard governs here. *See Thomas v. MagnaChip Semiconductor Corp.*, 2017 WL 4750628, at *4 (N.D. Cal. Oct. 20, 2017).

The Court finds that Plaintiffs have shown "compelling reasons" for sealing the requested information. The information sought to be sealed includes Ms. Brown's personal information (e.g., contact information) and private records of hers (e.g., driving records) and her children (e.g., school transcripts). *See In re Meta Pixel Tax Filing Cases Meta Platforms, Inc.*, 826 F. Supp. 3d 1217, 1238-39 (N.D. Cal. 2026) (redacting "personally identifiable information about plaintiffs and other users" where "the documents in question are irrelevant to the Court's decision"); *Activision Publ'g,*

United States District Court
Northern District of California

*Inc. v. EngineOwning UG*, 2023 WL 2347134, at *1 (C.D. Cal. Feb. 27, 2023) ("[C]ompelling reasons exist to keep personal information confidential to protect an individual's privacy interest and to prevent exposure to harm or identity theft.").

Accordingly, the motion to seal is GRANTED. The following materials, filed under seal as Exhibit 1 to the Motion to Seal, shall be maintained under seal, and the corresponding portions of Exhibit A to Plaintiffs' Notice of Filing of Objection (ECF No. 572) shall remain redacted in the public record:

| **Document** | **Portion to be Sealed** |
|---|---|
| Objection to Settlement | Pages 1-2: Ms. Brown's telephone number, mailing address, and email address |
| Exhibits 1 and 2 to the Objection | Ms. Brown's email addresses; the email addresses and cellular telephone number of the American Red Cross employees |
| Exhibit 3 to the Objection | Pages 2 through 7 |
| Exhibit 4 to the Objection | The exhibit in its entirety, replaced in the public version by a slip sheet reading EXHIBIT FILED UNDER SEAL" |
| Claim Forms (six) | Ms. Brown's telephone number, mailing addresses, and email addresses |

**IT IS SO ORDERED.**

Dated: November 4, 2026

BETH LABSON FREEMAN
United States District Judge